# Exhibit E

SUM-100

# AMENDED SUMMONS
## (CITACION JUDICIAL)

*5670372*
(SOLO PARA USO DE LA CORTE)
FILED
ALAMEDA COUNTY
APR 2 6 2007
CLERK OF THE SUPERIOR COURT
By
Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
US Bank National Association, dba US Bank, and Does One Through Twenty Five inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
Ann Ross, Dennis Ramos, Maurita Prasad, and Kelly Smith, individually and on behalf of all others similarly situated,

**You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.**

**There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.**

***Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.***

***Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.***

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda County Superior Court
Rene' C. Davidson Courthouse
1225 Fallon Street

CASE NUMBER: *(Número del Caso):* RG07319452

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shelby Clark, Cal. Bar No. 203606 1498 SE Tech Center Place, Suite 290 Vancouver, Washington 98683
Telephone: (360) 567-2551

DATE: *(Fecha)* APR 2 5 2007 PAT S. SWEETEN Clerk, by *(Secretario)* Sasha Perry, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: US Bank National Association, dba US Bank

under:
- ☐ CCP 416.10 (corporation)
- ☐ CCP 416.20 (defunct corporation)
- ☑ CCP 416.40 (association or partnership)
- ☐ CCP 416.60 (minor)
- ☐ CCP 416.70 (conservatee)
- ☐ CCP 416.90 (authorized person)
- ☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

# Exhibit F

JUDITH DROZ KEYES (CA State Bar No. 66408)
STUART W. MILLER (CA State Bar No. 127766)
KATHLEEN D. POOLE (CA State Bar No. 228815)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
jkeyes@dwt.com
stuartmiller@dwt.com

Attorneys for Defendant
US BANK NATIONAL ASSOCIATION

ENDORSED
FILED
ALAMEDA COUNTY
JUN 6 2007
CLERK OF THE SUPERIOR COURT
By Carolyn Lemos, Deputy

DAVIS WRIGHT TREMAINE LLP

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| Ann Ross, Dennis Ramos, Maurita Prasad, and Kelly Smith, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>US Bank National Association, dba US Bank, and DOES One through TWENTY-FIVE inclusive,<br><br>Defendants. | Case No. RG07319452<br><br>**ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT** |

Defendant US BANK NATIONAL ASSOCIATION ("Defendant") answers and responds to the First Amended Class Action Complaint ("Complaint") filed by Plaintiffs Ann Ross, Dennis Ramos, Maurita Prasad, and Kelly Smith ("Plaintiffs") as follows:

GENERAL DENIAL

Under the provisions of Section 431.30 of the California Code of Civil Procedure, Defendant denies each and every and all of the allegations of the Complaint, and denies that Plaintiffs sustained damages in the sum or sums alleged, or in any other sum, or at all.

SEPARATE AND ADDITIONAL DEFENSES

Defendant alleges the following separate and additional defenses:

FIRST SEPARATE AND ADDITIONAL DEFENSE
(Failure to State Cause of Action)

1. The Complaint, and each cause of action therein, fails to state facts sufficient to constitute a cause of action against Defendant.

SECOND SEPARATE AND ADDITIONAL DEFENSE
(Statute of Limitations)

2. Each of Plaintiffs' causes of action is barred, in whole or in part, by applicable limitations periods, including but not limited to those limitations periods asserted in California Code of Civil Procedure Sections 337, 338(a) and (c), and 340(a); California Labor Code Section 203; Oregon Revised Statutes Sections 12.130, 12.080, 12.110(3), 12.080(4), and 12.080(1); California Business and Professions Code Section 17208; the Washington Minimum Wage Act and Revised Code of Washington Sections 4.16.130, 4.16.080(2), and 4.16.080(3); and 29 U.S.C. section 216(b).

THIRD SEPARATE AND ADDITIONAL DEFENSE
(Abstention)

3. Each of Plaintiffs' causes of action should be stayed, in whole or in part, by the doctrine of abstention, as multiple actions asserting virtually identical claims are pending in various fora in Oregon.

FOURTH SEPARATE AND ADDITIONAL DEFENSE
(No Late Payment Claim Under Washington Law)

4. Plaintiffs' eighth cause of action is barred in part because no such cause of action can be stated under Washington law.

FIFTH SEPARATE AND ADDITIONAL DEFENSE
(No Late Payment Claim Under Oregon Law)

5. Plaintiffs' eighth cause of action is barred in part because it fails to meet the requirements of Oregon law, as Plaintiffs may not recover penalties in excess of 100% of allegedly

DAVIS WRIGHT TREMAINE LLP

underpaid wages because Plaintiffs failed to send Defendant written notice of non-payment, and Defendant has not willfully violated ORS 652.150 or 652.145 one or more times in the time period covered by Plaintiffs' Complaint.

SIXTH SEPARATE AND ADDITIONAL DEFENSE
(Duplicative Actions Pending)

6. Each of Plaintiffs' causes of action is barred, in whole or in part, because there are other actions pending seeking relief identical or substantially identical to that requested in the Complaint.

SEVENTH SEPARATE AND ADDITIONAL DEFENSE
(No Willfulness)

7. Plaintiffs' first, second, third, fourth, and eighth causes of action are barred, in whole or in part, because Defendant's conduct was not "willful" as defined under the Fair Labor Standards Act or relevant state law.

EIGHTH SEPARATE AND ADDITIONAL DEFENSE
(Failure to Exhaust Administrative Remedies)

8. Plaintiffs' claims under the Private Attorneys General Act of 2004, Labor Code section 2698 *et seq.*, are barred in whole or in part because Plaintiffs have failed to exhaust the administrative remedies provided therein.

NINTH SEPARATE AND ADDITIONAL DEFENSE
(No Class or Collective Action)

9. Each of Plaintiffs' causes of action is barred to the extent that it seeks relief in a representative capacity or as a class action or as a collective action under the Fair Labor Standards Act, as Plaintiffs cannot establish the numerosity, existence and predominance of common questions of law and fact, typicality, superiority, convenience, or adequacy of representation necessary to sustain a class action.

TENTH SEPARATE AND ADDITIONAL DEFENSE
(Inconvenient Forum)

10. Each of Plaintiffs' causes of action is barred, as a more convenient forum exists

to litigate the claims asserted in the Complaint.

ELEVENTH SEPARATE AND ADDITIONAL DEFENSE
(No Conversion Claim)

11. Plaintiffs' tenth cause of action is barred, in whole or in part, as Plaintiffs cannot state a claim for conversion of wages under applicable state law.

TWELFTH SEPARATE AND ADDITIONAL DEFENSE
(Waiver)

12. Each of Plaintiffs' causes of action is barred, in whole or in part, to the extent Plaintiffs or putative class members waived those claims by entering into releases with Defendant upon termination of their employment or in connection with other disputes or circumstances.

THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE
(Laches)

13. Each of Plaintiffs' causes of action is barred, in whole or in part, by the doctrine of laches.

FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE
(Estoppel)

14. Each of Plaintiffs' causes of action is barred, in whole or in part, by the doctrine of estoppel.

FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE
(Good Faith)

15. Plaintiffs' first, second, third, fourth, fifth, eighth, tenth, eleventh, and twelfth causes of action are barred, in whole or in part, because Defendant acted reasonably and in good faith at all times based on all relevant facts and circumstances known by it at the time Defendant so acted.

SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE
(Exemption)

16. Plaintiffs' first, second, fourth, fifth, sixth, seventh, eighth, tenth, eleventh, and twelfth causes of action are barred, in whole or in part, because Plaintiffs were exempt from state

and federal overtime provisions during their employment with Defendant.

SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE
(Reduction of any Recovery)

17. Any recovery by Plaintiffs or by putative class members on the first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, and twelfth causes of action must be reduced, in whole or in part, by such amounts they received in overpayments including, but not limited to, payments for time recorded but not actually worked, for upward rounding of time, or for overpayments upon or following the end of the employment relationship.

EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE
(No Damage)

18. Plaintiffs' claim for damages is barred, in whole or in part, as Plaintiffs have failed to state a claim for any damages.

NINETEENTH SEPARATE AND ADDITIONAL DEFENSE
(No Punitive Damages)

19. Plaintiffs' claim for punitive damages is barred, in whole or in part, because Plaintiffs cannot state a claim for punitive damages.

TWENTIETH SEPARATE AND ADDITIONAL DEFENSE
(Penalties/Punitive Damages Excessive)

20. To the extent that the Complaint seeks penalties or punitive damages, it violates Defendant's right to protection from "excessive fines" under Article 1, Section 17 of the California Constitution, and it violates Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 7 of the California Constitution and under applicable state law.

TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE
(No Attorney Fees Under Oregon Law)

21. Plaintiffs' claim for attorney fees under ORS section 652.200 is barred to the extent that Plaintiffs or putative class members willfully violated their employment contracts, and/or failed to provide notice of their claim.

TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE
(No Liquidated Damages)

22. Plaintiffs' claim for liquidated damages is barred in whole or in part, as Plaintiffs fail to meet the requirements under the Fair Labor Standards Act, and California Labor Code Sections 1194 and 1194.2 do not authorize an award of liquidated damages for alleged unpaid overtime.

TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE
(Penalties Unjust, Arbitrary and Oppressive, or Confiscatory)

23. Plaintiffs' claim for penalties pursuant to the Private Attorneys General Act of 2004, California Labor Code section 2698 *et seq.*, is barred in whole or in part because such penalties would result in an award that is unjust, arbitrary and oppressive, or confiscatory.

TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE
(No Private Right of Action for Meal and Rest Break Violations)

24. Plaintiffs' sixth and seventh causes of action are barred in part because no private right of action exists for meal or rest break violations under applicable state law.

TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE
(Federal Jurisdiction)

25. Plaintiffs' claims provide a basis for federal court jurisdiction, and Defendants will pursue removal of this action to the Northern District of California.

TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE
(Lack of Particularity)

26. Plaintiffs have failed to state their claims with sufficient particularity to permit Defendant to raise all appropriate defenses, and Defendant reserves the right to add further defenses as the bases for Plaintiffs' purported claims become known.

//

//

//

//

**PRAYER**

WHEREFORE, Defendant US BANK NATIONAL ASSOCIATION prays:

1. That Plaintiffs take nothing by way of their Complaint;

2. That Defendant be awarded judgment in its favor and against Plaintiffs;

3. That Defendant be awarded its costs of suit incurred herein and reasonable attorneys' fees, and is entitled to recover its attorney fees under ORS 653.055, ORS 652.615; and

4. That Defendant have such other relief as the Court may deem just and proper.

DATED this 6th day of June 2007.

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: ____________________
Stuart W. Miller
Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION

DAVIS WRIGHT TREMAINE LLP

PROOF OF SERVICE

I, Pamela S. Baron, declare under penalty of perjury under the laws of the State of California that the following is true and correct:

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, 505 Montgomery St, Suite 800, San Francisco, California 94111-6533.

On June 6th, 2007, I served the documents listed below by the following means:

☒ I enclosed a true and correct copy of said documents in an envelope and placed them for collection and mailing with the United States Post Office on June 6th, 2007 following the ordinary business practice. *(Indicated on the attached address list by an* [M] *next to the address)*

☐ I enclosed a true and correct copy of said document in an envelope, and consigned it for delivery by Federal Express on June , 2007.

I am readily familiar with my firm's practice for collection and processing of correspondence for delivery in the manner indicated above, to wit, that correspondence will be deposited for collection in the above-described manner this same day in the ordinary course of business.

**ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT**

Executed on June 6th, 2007, at San Francisco, California.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Pamela S. Baron

Pamela S. Baron

DAVIS WRIGHT TREMAINE LLP

# SERVICE LIST

Key: [M] **Delivery by Mail** [FD] Delivery by Federal Express [H] Delivery by Hand
[F] Delivery by Facsimile [FM] Delivery by Facsimile and Mail

**[M]** Shelby Clark
Lisa Sloman
Bailey, Pinney PC
1498 SE Tech Center Place, Suite 290
Vancouver, Washington 98683

Tele: (360) 567-2551
Fax: (360) 567-3331

Attorneys for Plaintiff

DAVIS WRIGHT TREMAINE LLP

ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT 9
Case No. RG07319452