1  JUDITH DROZ KEYES (CA State Bar No. 66408)
   STUART W. MILLER (CA State Bar No. 127766)
2  KATHLEEN D. POOLE (CA State Bar No. 228815)
   DAVIS WRIGHT TREMAINE LLP
3  505 Montgomery Street, Suite 800
   San Francisco, California  94111-6533
4  Telephone:    (415) 276-6500
   Facsimile:    (415) 276-6599
5  jkeyes@dwt.com
   stuartmiller@dwt.com

6  Attorneys for Defendant
7  U.S. BANK NATIONAL ASSOCIATION

8

9              IN THE UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                  SAN FRANCISCO DIVISION

12  ANN ROSS, DENNIS RAMOS, MAURITA    )  Case No. C 07-2951 SI
    PRASAD, and KELLY SMITH, individually and )
13  on behalf of all others similarly situated,  )  **MEMORANDUM OF POINTS AND**
                                       )  **AUTHORITIES IN SUPPORT OF THE**
14                                     )  **MOTION BY DEFENDANT US BANK**
                   Plaintiffs,         )  **TO DISMISS OR, IN THE**
15                                     )  **ALTERNATIVE, TO STAY ACTION; TO**
          v.                           )  **DISMISS WASHINGTON LAW AND**
16                                     )  **CALIFORNIA LOST TIME DEDUCTION**
                                       )  **CLAIMS; AND FOR JUDGMENT ON**
17  U.S. BANK NATIONAL ASSOCIATION dba )  **CONVERSION AND OREGON LAW**
    U.S. BANK,                         )  **MEAL PERIOD CLAIMS**
18                                     )
                                       )  [Fed. R. Civ. P. 12(b)(1) and 12(c); *Colorado*
19                 Defendant.          )  *River* doctrine]
                                       )
20                                     )  Date:         September 21, 2007
                                       )  Time:         9:00 a.m.
21                                     )  Department:   10
                                       )  Before the Hon. Susan B. Illston
22                                     )
                                       )
23                                     )  [Notice of Motion and Motion, Declaration of
                                       )  Christopher McCracken, and Proposed Order
24                                     )  filed concurrently herewith]
25  _____)

26

27

28

DAVIS WRIGHT TREMAINE LLP

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................. 1

II.   STATEMENT OF FACTS .................................................................................. 2

      A.    The Complaint ........................................................................................ 2

            1.    Procedural Background ................................................................ 2

            2.    Allegations .................................................................................... 2

      B.    Cases against U.S. Bank Pending in Oregon ........................................ 4

            1.    *McElmurry* .................................................................................. 4

            2.    *Lowdermilk* ................................................................................. 5

            3.    *Tate* ............................................................................................ 5

III.  MOTION TO DISMISS UNDER *COLORADO RIVER* ................................... 6

      A.    This Action Should Be Dismissed Under the *Colorado River* Doctrine .................. 6

            1.    The *Colorado River* Standard ..................................................... 6

            2.    The Facts Support Dismissal of the Complaint in Deference to the *McElmurry* Federal Court ........................................................ 7

                  a.    This Case is Substantially Similar to *McElmurry* ............. 7

                  b.    *Colorado River* Criteria Favor Dismissal ......................... 8

                  c.    Plaintiffs' Conduct Raises an Inference of Forum Shopping ........... 9

            3.    The Two Oregon State Court Cases Further Warrant Dismissal of the Complaint. ....................................................... 9

                  a.    *Ross* is Substantially Similar to *Lowdermilk* and *Tate* ...... 9

                  b.    All *Colorado River* Criteria Support Dismissal ................ 10

      B.    If Not Dismissed, This Complaint Should Be Stayed, All or in Part ................... 10

IV.   AT A MINIMUM, ASPECTS OF THE COMPLAINT SHOULD BE RESOLVED UNDER RULES 12(B)(1) AND 12(C) .................................. 11

      A.    Rule 12(b)(1) Requires Dismissal of the Washington Law Claims and the California Lost Time Deduction Claim ........................................ 11

      B.    Rule 12(c) Requires Judgment for U.S. Bank on the Conversion and Oregon Meal Pay Claims ........................................................ 12

DAVIS WRIGHT TREMAINE LLP

1.  Judgment Should Be Entered for U.S. Bank on the Conversion
    Claim ......................................................................................................... 13

2.  Judgment Should Be Entered for U.S. Bank on the Oregon Law
    Meal Period Claim ...................................................................................... 14

V.  CONCLUSION ............................................................................................................... 14

DAVIS WRIGHT TREMAINE LLP

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Allen v. Wright,*
   468 U.S. 737 (1984) ................................................................................................ 12

*Attwood v. Mendocino Coast Dist. Hospital,*
   886 F.2d 241 (9th Cir. 1989) ................................................................................ 10

*BART Associates, Inc. v. United States,*
   1999 U.S. Dist. LEXIS 8472 (D. Or. 1999) ......................................................... 14

*Baxter v. King,*
   81 Cal. App. 192 (1927) ........................................................................................ 13

*Casey v. Lewis,*
   4 F.3d 1516 (9th Cir. 1993) ................................................................................... 12

*Church of Scientology of California v. United States Department of the Army,*
   611 F.2d 738 (9th Cir. 1979) ................................................................................ 10

*Colorado River Water Conservation District, et al. v. United States,*
   424 U.S. 800 (1976) ........................................................................................ passim

*Crawford v. Bell,*
   599 F.2d 890 (9th Cir. 1979) ................................................................................ 11

*Gafur v. Legacy Good Samaritan Hospital and Medical Center,*
   ___ P.3d. ____ .......................................................................................................... 14

*Gintz v. Jack in the Box, Inc.,*
   No. C 06-02857, 2006 U.S. Dist. LEXIS 88987 (N.D. Cal. Nov. 28, 2006) .................. passim

*Haigler v. Donnelly,*
   18 Cal. 2d 674 (1941) ............................................................................................ 13

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,*
   896 F.2d 1542 (9th Cir. 1989) .............................................................................. 13

*Interstate Material Corp. v. City of Chicago,*
   847 F. 2d 1285 (7th Cir. 1988) ............................................................................... 6

*Kokkonen v. Guardian Life Ins. Co. of America,*
   511 U.S. 375 (1994) ............................................................................................... 12

*Landis v. North American Co.,*
   299 U.S. 248 (1936) ................................................................................................. 6

DAVIS WRIGHT TREMAINE LLP

iii

DAVIS WRIGHT TREMAINE LLP

*M+W Zander, U.S. Operations, Inc. v. Scott Co.*,
  78 P.3d 118 (Or. App. 2003) ...................................................................................10

*Michelson v. Hamada*,
  29 Cal. App. 4th 1566 (1994) .................................................................................13

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983) .....................................................................................................7

*Nakash v. Marciano*,
  882 F.2d 1411 (9th Cir. 1989) .............................................................................6, 7

*Romine v. Compuserve Corporation*,
  160 F. 3d 337 (6th Cir. 1998) .................................................................................7

*Seattle-First Nat'l Bank v. Schriber*,
  625 P.2d 1370 (Or. App. 1981) .............................................................................10

*Steelman v. All Continent Corp.*,
  301 U.S. 278 (1937) .................................................................................................6

*Stevens v. Harper*,
  213 F. R. D. 358 (E.D. Cal. 2002) ........................................................................11

*Stock West, Inc. v. Confederated Tribes of the Colville Reservation*,
  873 F.2d 1221 (9th Cir. 1989) ...............................................................................12

*Strigliabotti v. Franklin Resources, Inc.*,
  398 F. Supp. 2d 1094 (N.D. Cal. 2005)..................................................................13

*Westview Invs., Ltd. v. U.S. Bank*,
  138 P.3d 638 (Wash. App. 2006) ...........................................................................14

*Williams v. The Boeing Company*,
  2005 U.S. Dist. LEXIS 27491 (2005) ....................................................................12


**STATUTES**

29 U.S.C. sections 206 *et seq.* ......................................................................................1

ORS 653.010 ...................................................................................................................14

Wash. Rev. Code § 49.12.020 .........................................................................................12


**OTHER AUTHORITIES**

C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4247 (2d ed. 1988) ..........6

iv

Federal Rule of Civil Procedure 23 ........................................................................5

Federal Rule of Civil Procedure 12(b)(1) ...........................................................11

Federal Rule of Civil Procedure 12(c) .......................................................12, 13, 14

DAVIS WRIGHT TREMAINE LLP

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
Case No. C 07-2951 SI

SFO 370673v12 0023784-000227

# I.    INTRODUCTION

Plaintiffs Ann Ross, Dennis Ramos, Maurita Prasad, and Kelly Smith ("Plaintiffs") assert various wage/hour claims against Defendant U.S. Bank National Association ("U.S. Bank") on behalf of themselves and two putative classes: "All California, Oregon, and Washington U.S. Bank employees and former employees who were not fully and timely compensated for all hours worked," and "All California, Oregon, and Washington U.S. Bank employees and former employees whom Defendant owes statutory remedies for labor code violations." (First Amended Complaint ("Complaint" or "*Ross* Complaint") ¶ 36). The claims are asserted under the laws of the states of California, Oregon, and Washington and under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. sections 206 *et seq*.

The Complaint is the seventh wage/hour class action lawsuit filed by Plaintiffs' counsel, Bailey, Pinney P.C. ("Bailey Pinney"),[1] against U.S. Bank.[2] Three of the earlier-filed lawsuits are currently pending in trial courts and involve claims that overlap one or more of the claims in the Complaint: one is in the U.S. District Court for the District of Oregon, and the other two are in Oregon state courts. U.S. Bank respectfully requests that, pursuant to the *Colorado River* doctrine, the Court dismiss this Complaint in its entirety or, in the alternative, stay these proceedings until the substantially similar claims pending in Oregon are resolved.

Additionally, the Complaint is facially defective in four respects: (1) none of the Plaintiffs worked in the state of Washington, and they therefore lack standing to assert claims under Washington state law; (2) neither of the California Plaintiffs is alleged to have suffered the challenged "lost time" deduction, and they therefore lack standing to assert that claim under California law; (3) the courts of California, Washington, and Oregon have all declared that conversion claims of the sort asserted here cannot be brought; and (4) there is no private right of action under Oregon law for missed meal periods. U.S. Bank therefore requests that, should the Complaint not be dismissed under *Colorado River*, under Federal Rules of Civil Procedure

---

[1] Bailey Pinney is apparently "Bailey, Pinney PC" in California and "Bailey Pinney & Associates LLC" in Oregon. The mailing address, web address, and principals are the same. *See* www.wagelawyer.com.

[2] If the withdrawn complaint that was the forerunner to this Complaint is counted (see *infra* at Section II.1.a), this is the eighth wage/hour lawsuit filed by Bailey Pinney against U.S. Bank.

DAVIS WRIGHT TREMAINE LLP

12(b)(1) and 12(c), the Court dismiss all of the Washington law claims and the lost time deduction claim under California law, and enter judgment in U.S. Bank's favor on the conversion claim and the meal period claim under Oregon law.

## II.    STATEMENT OF FACTS

### A.    The Complaint

#### 1.    Procedural Background

On March 14, 2007, Plaintiffs filed a complaint against U.S. Bank in the U.S. District Court for the Northern District of California. That complaint was assigned to this Court and given Case No. C 07 1485 SI. Plaintiffs dismissed that complaint the following day. On April 6, 2007, the same Plaintiffs initiated a virtually identical action in Alameda County Superior Court. That complaint was amended on April 26, 2007, and thereafter was served. On June 7, 2007, U.S. Bank removed that complaint to the U.S. District Court for the Northern District of California, where it was assigned to the Honorable Charles Breyer. On June 21, 2007, U.S. Bank filed an Administrative Motion to Consider Whether Cases Should be Related because Plaintiffs' conduct raised an inference of judge-shopping. By Order dated July 5, 2007, this Court deemed the cases related, and the Complaint was reassigned to this Court for all purposes.

#### 2.    Allegations

While there are contradictions and ambiguities in the Complaint, U.S. Bank understands Plaintiffs to assert the following wage/hour causes of action:

(1)    failure to pay wages to non-exempt ("hourly") employees for all time worked due to a rounding practice allegedly improper under California, Oregon and Washington law ("rounding claim");

(2)    failure to pay minimum wages to hourly employees as required by California, Oregon, and Washington law and the FLSA ("minimum wage claim");

(3)    failure to pay overtime wages to hourly employees who worked overtime as required by California, Oregon, and Washington law and the FLSA ("overtime claim");

DAVIS WRIGHT TREMAINE LLP

(4)     failure to pay overtime wages to employees in the position of Sales and Service Manager who were allegedly improperly classified as exempt under Oregon and Washington law and the FLSA ("SSM misclassification claim");

(5)     improper deduction for "lost time" under California and Oregon law ("lost time deduction claim");

(6)     failure to provide rest periods under California, Oregon, and Washington law ("rest period claim");

(7)     failure to provide meal periods under California, Oregon, and Washington law ("meal period claim");

(8)     failure to timely pay all wages due to employees on termination under California, Oregon, and Washington law ("termination pay claim");

(9)     breach of implied contract by virtue of the violation of wage/hour law, under California, Oregon, and Washington contract law ("breach of contract claim");

(10)    conversion by virtue of allegedly failing to properly pay employees as alleged in the other causes of action, in violation of California, Oregon, and Washington tort law ("conversion claim");

(11)    failure to provide accurate itemized wage statements in violation of California law ("statement claim"); and

(12)    engaging in unfair business practices by virtue of the violation of California wage/hour laws as alleged in the other causes of action ("17200 claim").

A chart summarizing these claims is attached as Appendix A.

The Complaint avers that U.S. Bank employed the Plaintiffs as follows: Ann Ross as an hourly employee in California from September 2005 to May 2006; Maurita Prasad as an hourly employee in California from December 8, 2003 to January 17, 2005; Dennis Ramos as an hourly employee in Oregon from 2000 to December 2005; and Kelly Smith as an hourly employee and, for a period, as an SSM, in Oregon from 1997 through 2006. Complaint, ¶¶ 5-8, 16. There is no allegation that any of the Plaintiffs worked in Washington, there is no allegation that Plaintiff Smith or any of the allegedly misclassified SSMs worked in California, and there is no allegation

DAVIS WRIGHT TREMAINE LLP

3

1    that Plaintiffs Ross or Prasad (who did work in California) suffered the allegedly improper "lost

2    time" deduction.

3        **B.    Cases against U.S. Bank Pending in Oregon**

4        Before filing this action, Bailey Pinney filed six wage/hour class action lawsuits against

5    U.S. Bank in the state and federal courts of Oregon.  (*See* Declaration of Christopher McCracken

6    ("McCracken Decl.") at ¶2.)  Three of those lawsuits are directly relevant to this motion.[3]

7            **1.    *McElmurry***

8        Bailey Pinney filed *McElmurry and Mrazek v. U.S. Bank National Association*, Case No.

9    04-CV-00642 on May 11, 2004 in the U.S. District Court for the District of Oregon

10   ("*McElmurry*").  (McCracken Decl., Exhibit A.)  As amended, the *McElmurry* complaint asserts

11   four claims all of which are asserted in the *Ross* Complaint:  the rounding claim, the minimum

12   wage claim, the SSM misclassification claim, and the termination pay claim.  The first three

13   claims are asserted under federal law and the fourth under Oregon law.  The two classes the

14   plaintiffs have advocated in *McElmurry* consist of all hourly employees, and all SSMs, employed

15   by U.S. Bank in Oregon, Washington, and California from May 2001 to May 2004.  (*Id.*)  These

16   classes are effectively identical to the classes pled in the *Ross* Complaint.  And although the

17   plaintiffs alleged a different class period in *McElmurry,* that period nonetheless overlaps a portion

18   of the class period in *Ross*, and encompasses a portion of the employment of three of the four *Ross*

19   Plaintiffs.  (*Id.*)

20       Oregon Magistrate Judge Dennis J. Hubel and Oregon District Court Judge Ancer

21   Haggerty have denied all of the plaintiffs' motions to certify the classes, the latest denial having

22   been issued by Judge Haggerty on December 8, 2006.  (*Id.* at ¶4f, Exhibit F.)  Bailey Pinney filed

23   two appeals from these denials in the Ninth Circuit Court of Appeals.  (*Id.* at Exhibits G, J.)  One

24   appeal (involving the SSM class) is pending; the other (involving the hourly employee class) has

25   been denied as premature.  (*Id.* at ¶¶4g, 4i, Exhibit K.)  On February 22, 2007, Magistrate Judge

26

27   [3] A fourth lawsuit, *Rivera and Potter v. U.S. Bank National Association*, Multnomah County
     Circuit Court Case No. 0305-05045, filed in March 2003, is relevant with respect to that court's
     having granted summary judgment for U.S. Bank on the issue of there being no private right of
28   action for claims of missed meal periods.  (McCracken Decl.)  See Argument *infra* at Section
     V.B.2.

MEMORANDUM OF POINTS AND AUTHORITIES                                    SFO 370673v12 0023784-000227
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
Case No. C 07-2951 SI

DAVIS WRIGHT TREMAINE LLP

Hubel heard the named plaintiffs' (and one proposed opt-in claimant's) motions for summary

judgment as to their individual claims.  These motions were substantially denied by order dated

March 23, 2007.  (*Id.* at Exhibit M).[4]

### 2.    *Lowdermilk*

Bailey Pinney filed *Lowdermilk v. U.S. Bank National Association* on March 29, 2006, in

Multnomah County Oregon Circuit Court, Case No. 0603-03335 ("*Lowdermilk*").  (McCracken

Decl., Exhibit N.)  This complaint asserts two claims under Oregon law on behalf of all hourly

U.S. Bank employees in Oregon:  the rounding claim and the termination pay claim.  (*Id.*)  Both

claims are also asserted in the *Ross* Complaint.  *Lowdermilk* is being actively litigated.  The

plaintiffs' motion for class certification on the rounding claim was recently argued and a ruling is

pending.  (*Id.* at ¶6.)  Of particular note is that Plaintiff Ramos (one of the Plaintiffs in *Ross*)

submitted a declaration in support of the *Lowdermilk* certification motion.  (*Id.* at Exhibit P.)  The

*Lowdermilk* plaintiffs have argued that under the Oregon state equivalent of Rule 23 of the Federal

Rules of Civil Procedure, the best forum to litigate the rounding claim is Multnomah County,

Oregon - not the Northern District of California.  (*Id.* at Exhibit O.)  The *Lowdermilk* putative

class periods are from March 2000 for the rounding claim and March 2003 for the termination pay

claim, to March 2006, thus overlapping the employment of both Oregon Plaintiffs, Ramos and

Smith, the termination of the employment of Plaintiff Ramos, and a portion of the putative class

period asserted in *Ross*.  (*Id.* at Exhibit N.)

### 3.    *Tate*

Bailey Pinney filed *Tate v. U.S. Bank National Association* on July 10, 2006, in

Multnomah County Oregon Circuit Court, Case No. 0607-07188 ("*Tate*").  (McCracken Decl.,

Exhibit Q.)  This class action complaint asserts two Oregon law claims, both of which are also

asserted in the *Ross* Complaint:  the SSM misclassification claim and the termination pay claim.

(*Id.*)  This case is being actively litigated.  (*Id.* at ¶8.)  The putative class in *Tate* consists of all

SSMs employed by U.S. Bank in Oregon from July 2003 to July 2006, thus overlapping Plaintiff

DAVIS WRIGHT TREMAINE LLP

---

[4] The McCracken Declaration provides a more complete procedural summary of the *McElmurry* action.

1    Smith's employment as an SSM, the terminations of both Oregon Plaintiffs, Ramos and Smith,

2    and a portion of the putative class period asserted in the *Ross* Complaint.  (*Id.* at Exhibit Q.)

### III.    MOTION TO DISMISS UNDER *COLORADO RIVER*

### A.    This Action Should Be Dismissed Under the *Colorado River* Doctrine

#### 1.    The *Colorado River* Standard

6        The court may dismiss an action where the exercise of jurisdiction is inconsistent with the

7    principles of "wise judicial administration, . . . conservation of judicial resources and

8    comprehensive disposition of litigation."  *Colorado River Water Conservation District, et al. v.*

9    *United States*, 424 U.S. 800, 817 (1976) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*,

10   342 U.S. 180, 183 (1952)); *see also Steelman v. All Continent Corp.*, 301 U.S. 278 (1937); *Landis*

11   *v. North American Co.*, 299 U.S. 248, 254 (1936).[5]  The *Colorado River* doctrine applies equally

12   when the duplicated cases are in federal court or in state court.  *Colorado River*, 424 U.S. at 817

13   (jurisdiction principles "govern in situations involving the contemporaneous exercise of

14   concurrent jurisdictions . . . by federal courts or federal courts and state courts. . . .").

15       The threshold consideration for applying the *Colorado River* doctrine is whether the two

16   cases are "substantially similar."  "Substantial similarity" does not mean that the cases must be

17   identical.  *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989) ("We agree that exact

18   parallelism does not exist, but it is not required.  It is enough if the two actions are 'substantially

19   similar.'"); *see also Gintz v. Jack in the Box, Inc.*, No. C 06-02857, 2006 U.S. Dist. LEXIS 88987,

20   at *8-9 (N.D. Cal. Nov. 28, 2006) ("substantial similarity" existed even though cases were not

21   exactly parallel); *Interstate Material Corp. v. City of Chicago*, 847 F. 2d 1285, 1288 (7th Cir.

22   1988) (cases must be substantially similar, not identical).

23       Another important consideration is whether the plaintiffs filed the second action in "an

24   attempt to forum shop or avoid adverse rulings" by the first court.  *Nakash,* 882 F.2d at 1417 (the

25   plaintiffs' attempt to forum shop weighed "strongly in favor of abstention"; "[w]e have no interest

26

27   _____

[5] Although the "*Colorado River* doctrine" is commonly referred to as an abstention doctrine, the Supreme Court has rejected this categorization.  *Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th

28   Cir. 1989) (citing 17A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4247, at 150-51 (2d ed. 1988).

DAVIS WRIGHT TREMAINE LLP

in encouraging this practice.") (internal citations omitted); *see also Gintz*, 2006 U.S. Dist. LEXIS 88987, at \*20 ("A court may also consider whether the federal plaintiff is engaged in "forum shopping" or seeking to avoid adverse State court rulings.").

In addition to these threshold considerations, *Colorado River* and its progeny create six factors to be considered. When, as here, "there is no *res* in the control of either court and the forums are equally convenient" those two factors become irrelevant to the analysis. *Nakash*, 882 F.2d at 1415, n.6. A third factor, whether federal or state law will control, becomes "less significant" if "the state and federal courts have concurrent jurisdiction over a claim." *Id.* at 1416 (citing *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 (1983)). Here, federal and state claims are involved in *Ross* and in *McElmurry*, and could have been asserted in *Lowdermilk* and *Tate*, so this factor is insignificant.

Of the remaining factors, "[a]void[ing] piecemeal litigation" is "paramount." *Romine v. Compuserve Corporation*, 160 F. 3d 337, 341 (6th Cir. 1998). An additional important consideration is the order in which the forums obtained jurisdiction. *Moses H. Cone*, 460 U.S. at 21 (the court must consider "how much progress has been made in the two actions"); *see also Romine*, 160 F. 3d at 341-42 ("[t]he state court proceeding has progressed considerably further . . . a fact that weighs strongly in favor of deferring" jurisdiction). Finally, whether the original forum adequately protects the parties' rights must be considered. *Nakash*, 882 F.2d at 1415 (citing *Colorado River*, 424 U.S. at 818 and *Moses H. Cone*, 460 U.S. at 25-26).

### 2.     The Facts Support Dismissal of the Complaint in Deference to the *McElmurry* Federal Court

All of the factors this Court should consider support dismissal of the Complaint in deference to the *McElmurry* case, now pending in the U.S. District Court in Oregon. These cases are substantially similar, the *Colorado River* factors are satisfied, and dismissal would discourage forum shopping.

### a.     This Case is Substantially Similar to *McElmurry*

The *Ross* Complaint and the *McElmurry* case are substantially similar. Both are wage/hour class actions. Adjudication of the central issues in *McElmurry* will substantially

DAVIS WRIGHT TREMAINE LLP

resolve the issues in *Ross*. The putative classes are virtually identical; while the *McElmurry* plaintiffs have most recently pursued class certification only on behalf of Oregon and Washington employees, both complaints allege classes covering employees in all three states: Oregon, California, and Washington. The putative class periods substantially overlap. Had the *McElmurry* plaintiffs elected to plead all of their claims under all applicable laws and to plead an open-ended class period, as the Plaintiffs in *Ross* have done, there would be complete overlap. Why they elected not to do so is irrelevant and the fact that they chose not to do so does not defeat the requirement of substantial similarity.

Indeed, the *McElmurry* and *Ross* cases are substantially similar in much the same way as were the cases in *Gintz*. *Gintz* also involved two wage/hour class complaints that pled the same central factual issues, and included overlapping but not identical legal claims, putative class members, and putative class periods. *Gintz,* 2006 U.S. Dist. LEXIS 88987, at *12-13 ("Because the State action class period overlaps with the class period in the federal action, California non-exempt night-shift workers. . . . are represented in both actions. For the above-mentioned reasons, the Court finds that the cases are substantially similar.").

### b. *Colorado River* Criteria Favor Dismissal

All the *Colorado River* criteria favor dismissal. As there is no *res* and the forums are equally convenient, these factors are satisfied. As both cases involve both federal and Oregon law, and the Oregon district court could assert jurisdiction over other states' laws as well, the prevailing law factor is insignificant.

Plaintiffs created piecemeal litigation by filing this Complaint instead of addressing their claims in *McElmurry*, as they could have done. *See Gintz,* at *14 ("By failing to bring all of her claims in her State court litigation, [Plaintiff's] actions create the kind of piecemeal litigation that the *Colorado River* doctrine was developed to prevent.").

There has been significant progress in *McElmurry*. The *McElmurry* complaint was filed almost three years before the *Ross* Complaint. There has been substantial discovery and Magistrate Judge Hubel and District Judge Haggerty have ruled on several motions. The *Ross* Complaint has not progressed beyond the initial stage.

DAVIS WRIGHT TREMAINE LLP

The rights of the parties and putative class members are as well-protected in the Oregon district court as they would be in this Court. Bailey Pinney represents the putative class members in both cases, and the determinative factual issues are identical. *See Gintz,* 2006 U.S. Dist. LEXIS 88987, at *18 (where claims of putative class members could be brought in earlier-filed action, and "the determinative factual issues are the same in both cases," the "court can adequately protect the parties' rights as to those claims.").

Hence, all of the *Colorado River* factors point toward dismissal of the Complaint.

### c.    Plaintiffs' Conduct Raises an Inference of Forum Shopping

The timing of the filing of the Complaint creates an inference that Plaintiffs are forum shopping. Plaintiffs filed the first complaint in this case (the one they withdrew prior to re-filing in Alameda County Superior Court) just two weeks after Magistrate Judge Hubel indicated he would deny a substantial portion of the *McElmurry* summary judgment motions (McCracken Decl. at Exhibit L) and shortly after Judge Haggerty denied their most recent class certification motion. (*Id*. at Exhibit F.) As in *Gintz,* Plaintiffs' inexplicable filing of this Complaint in the face of the already pending *McElmurry* case creates an inference that the adverse rulings in *McElmurry* were a motivating factor. *See Gintz*, 2006 U.S. Dist. LEXIS 88987, at *20 ("Because Plaintiffs have failed to provide a reason why all of their claims were not brought in State court, an inference could be drawn that [an] adverse ruling in the [pending action] instigated Plaintiffs' decision to file the federal action."). The inference of forum shopping weighs heavily in favor of dismissal.

### 3.    The Two Oregon State Court Cases Further Warrant Dismissal of the Complaint.

Like *McElmurry*, the two actions pending in Oregon state court, *Lowdermilk* and *Tate*, are substantially similar to the *Ross* Complaint. The *Colorado River* factors applied to these cases, as well as the inference of forum shopping, add even more weight to the logic of dismissing the *Ross* Complaint.

### a.    *Ross* is Substantially Similar to *Lowdermilk* and *Tate*

*Lowdermilk, Tate* and the *Ross* Complaint are all wage/hour class actions. The central claims in all three cases derive from U.S. Bank's alleged failure to properly pay its hourly

DAVIS WRIGHT TREMAINE LLP

9

employees and to properly classify its SSM employees.  The time periods covered by *Lowdermilk* and *Tate* overlap with *Ross*.  The putative classes overlap.  Both the Oregon Plaintiffs are within the putative classes alleged in *Lowdermilk* and *Tate*.  This "substantial similarity" supports dismissal.

### b.    All *Colorado River* Criteria Support Dismissal

The *Colorado River* criteria support dismissal.  Plaintiffs have caused piecemeal litigation by needlessly filing this action rather than asserting all of their claims in the Oregon state court actions.  Both of those actions have proceeded further than *Ross*.  *Lowdermilk* was filed almost a year before the *Ross* Complaint, and the court has already heard oral argument on the plaintiffs' class certification motion.  *Tate* was filed eight months before this Complaint, and the plaintiffs are actively seeking discovery.  The determinative factual issues are the same in all three cases, and the Oregon state courts have jurisdiction to adequately protect the rights of Plaintiffs and the putative class members.[6]

### B.    If Not Dismissed, This Complaint Should Be Stayed, All or in Part

Under *Colorado River*, the court has equal authority to dismiss or to stay an action. *Attwood v. Mendocino Coast Dist. Hospital*, 886 F.2d 241, 243 (9th Cir. 1989) (citing *Moses H. Cone,* 460 U.S. at 28).  When the first-filed case is in state court, "[s]tay is appropriate if there is a risk the state forum [could] turn out to be inadequate" and dismissal would preclude plaintiffs from "returning if necessary to federal court" to obtain complete relief.  *Id.* at 243-44 (quoting *Moses H. Cone,* 460 U.S. at 28).  As between district courts, "increasingly crowded federal dockets" and judicial efficiency mandate dismissal rather than a stay when deferral to the first-involved court is warranted.  *See Church of Scientology of California v. United States Department of the Army*, 611 F.2d 738, 750 (9th Cir. 1979) (upholding deferral by district court to another district court; "[w]e emphasize that the 'first to file' rule normally serves the purpose of promoting efficiency well and should not be disregarded lightly") (quoting *Crawford v. Bell,* 599 F.2d 890,

DAVIS WRIGHT TREMAINE LLP

---

[6] The Oregon state courts have jurisdiction to apply Oregon, California, and Washington state law and the FLSA.  *See M+W Zander, U.S. Operations, Inc. v. Scott Co.,* 78 P.3d 118 (Or. App. 2003) (applying California law); *see also Seattle-First Nat'l Bank v. Schriber*, 625 P.2d 1370 (Or. App. 1981) (applying Washington law).

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
Case No. C 07-2951 SI

SFO 370673v12 0023784-000227

893 (9th Cir. 1979)); *see also Crawford*, 599 F.2d at 893 (dismissing plaintiff's claims that were being litigated in another federal forum, as "increasing calendar congestion in the federal courts makes it imperative to avoid concurrent litigation whenever consistent with the rights of the parties").

Here, Plaintiffs' rights are adequately protected in the event of dismissal inasmuch as all their claims are within the jurisdiction of the *McElmurry* federal court and the *Lowdermilk* and *Tate* state courts. Nonetheless, should this Court conclude that the *McElmurry, Lowdermilk,* and *Tate* courts are unable to fully protect the Plaintiffs' rights inasmuch as the legal claims in the Complaint are not identical to the legal claims in the pending cases and the class periods are overlapping but not exactly the same, the Court may elect to dismiss the claims that are already stated in the pending cases and to stay the other claims pending the resolution of the common factual issues. *See Gintz,* 2006 U.S. Dist. LEXIS 88987 at *21 (staying federal claims made on behalf of California class members not covered by prior-filed case, and dismissing state law claims covered by that case).

## IV.    AT A MINIMUM, ASPECTS OF THE COMPLAINT SHOULD BE RESOLVED UNDER RULES 12(B)(1) AND 12(C)

In addition to dismissal of the Complaint in its entirety, U.S. Bank requests dismissal of the Washington state law claims and California lost time deduction claims, and judgment on Plaintiffs' claims for conversion and missed meal periods under Oregon law, under Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(c).

### A.    Rule 12(b)(1) Requires Dismissal of the Washington Law Claims and the California Lost Time Deduction Claim

All claims asserted under Washington law, and the California law lost time deduction claim, should be dismissed because the Plaintiffs lack standing to bring these claims. "The proper vehicle for contesting a court's subject matter jurisdiction, including the plaintiff's lack of standing, is Rule 12(b)(1)." *Stevens v. Harper*, 213 F. R. D. 358, 385, n2 (E.D. Cal. 2002) (internal cites omitted); *see also Allen v. Wright*, 468 U.S. 737, 752 (1984). Although the Defendant is the moving party, because Plaintiffs are the parties seeking to invoke the court's

DAVIS WRIGHT TREMAINE LLP

jurisdiction, Plaintiffs bear the burden of establishing subject matter jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

As alleged in the Complaint, the Plaintiffs are residents of Oregon and California.  No Plaintiff is a Washington resident.  No Plaintiff has worked in Washington.  Accordingly, Washington's employment laws did not regulate the employment of any of the Plaintiffs,[7] and the Plaintiffs therefore lack standing to bring claims under Washington law.

Similarly, neither of the California-employed Plaintiffs, Ross and Prasad, is alleged to have experienced the challenged lost-time deduction (See Complaint ¶¶ 5, 6, 85).  Accordingly, the Plaintiffs lack standing to bring this claim under California law.

In these respects, the Complaint fails to satisfy the "actual injury" component of the standing doctrine.  *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993).  Plaintiffs cannot establish standing by relying on proposed class members' alleged injuries.  *Williams v. The Boeing Company*, 2005 U.S. Dist. LEXIS 27491 (2005) (quoting *Casey,* 4 F.3d at 1519) ("[i]n the context of a class action, '[a]t least one [named] plaintiff must satisfy the actual injury component of standing in order to seek relief on behalf of himself or the class.'").

Accordingly, Plaintiffs' Washington law claims in the first, second, third, fourth, sixth, seventh, eighth, ninth and tenth causes of action, and Plaintiffs' California law claims in the fifth cause of action, should be dismissed.[8]

**B.    Rule 12(c) Requires Judgment for U.S. Bank on the Conversion and Oregon Meal Pay Claims**

Judgment should be entered in U.S. Bank's favor under Rule 12(c) on the claim of meal period violations under Oregon law, and on the tenth cause of action for conversion.  "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings

---

[7] See e.g. Wash. Rev. Code § 49.12.020, "It shall be unlawful to employ any person in any industry <u>within the state of Washington</u> at wages which are not adequate for their maintenance (emphasis added)."

[8] Washington law is not mentioned in the sixth and seventh causes of action, the rest period and meal period claims, respectively (Complaint ¶¶ 93-102); however, Washington employees are included in the sub-class definitions pertaining to these claims (Complaint ¶¶ 45 I and 45 J).

1    that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter

2    of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir.

3    1989). Although Rule 12(c) does not specifically authorize a motion for judgment on the

4    pleadings directed to less than the entire complaint, as a matter of practice, such motions are

5    permitted. *Strigliabotti v. Franklin Resources, Inc.,* 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005).

6            **1.      Judgment Should Be Entered for U.S. Bank on the Conversion Claim**

7            Plaintiffs' tenth cause of action alleges that by failing to pay them properly, U.S. Bank

8    converted Plaintiffs' property. Complaint ¶¶ 115, 119. This allegation is not a proper claim for

9    conversion under California, Oregon, or Washington law.

10           It is well settled in California that money cannot be the subject of a conversion claim

11   unless it is a definite and specific sum. *Baxter v. King*, 81 Cal. App. 192, 194 (1927); *see also*

12   *Haigler v. Donnelly*, 18 Cal. 2d 674, 681 (1941); *accord Michelson v. Hamada*, 29 Cal. App. 4th

13   1566, 1589 (1994). Where a specific sum is not identified, "the action is to be considered as one

14   upon contract or for debt and not for conversion." *Baxter*, 82 Cal. App. at 194.

15           Recognizing this basic principle of California law, the U.S. District Court for the Northern

16   District of California recently dismissed a conversion claim in a wage/hour class action much like

17   this one. *Wren v. RGIS Inventory Specialists*, slip copy, 2007 WL 295549, at *10 (N.D. Cal.

18   2007) ("Plaintiffs have not identified a specific sum that can be treated as property for the

19   purposes of a conversion claim. Therefore, Plaintiffs' claim for conversion under California law

20   fails."). Similarly, in *Vasquez v. Coast Valley Roofing Inc.*, slip copy, 2007 WL 1660972, *9

21   (E.D. Cal. 2007), the U.S. District Court for the Eastern District of California dismissed a

22   conversion claim for missed meal and rest periods, rejecting plaintiffs' arguments that "further

23   discovery w[ould] reveal the specific sum amount of wages that were converted by Defendant's

24   actions," and "[b]ecause such documents are in exclusive possession of Defendant, such sums are

25   'capable of identification.'" *Id.* at 9. There can be no doubt that the Complaint does not state a

26   proper claim for conversion under California law.

27           Nor can Plaintiffs plead a viable claim for conversion under Oregon law. "Oregon law

28   does not generally permit an action for conversion of money unless there is specific money

13

1   capable of identification 'or coins or notes that have been instructed to the defendant's care.'"

2   *BART Associates, Inc. v. United States*, 1999 U.S. Dist. LEXIS 8472, *34 (D. Or. 1999) (quoting

3   *Wood Indust. Corp. v. Rose*, 530 P. 2d 1245, 1247 (Or. 1975)).

4    The result is the same under Washington law. "[U]nless [money] was wrongfully received

5   by the party charged with conversion, or unless such party was under obligation to return the

6   specific money to the party claiming it," a conversion claim will not lie. *Westview Invs., Ltd. v.*

7   *U.S. Bank*, 138 P.3d 638, 646 (Wash. App. 2006) (quoting *PUD Util. Dist. No. 1 of Lewis County*

8   *v. Wash. Pub. Power Supply Sys.*, 705 P. 2d 1195 (Wash. 1985)).

9    As Plaintiffs cannot state a claim for conversion under California, Oregon, or Washington

10  law, Rule 12(c) requires that judgment be entered in U.S. Bank's favor on the tenth cause of action

11  in the Complaint.

12     **2. Judgment Should Be Entered for U.S. Bank on the Oregon Law Meal**

13       **Period Claim**

14   Under Oregon law, there is no private right of action for missed meal periods. *See Gafur*

15  *v. Legacy Good Samaritan Hospital and Medical Center*, ___ P.3d. ____; 213 Or. App. 343, 348

16  (Or. App. 2007) ("Neither [ORS 653.010 to 653.261] nor the rules promulgated to implement

17  them state that an employee is entitled to wages for meal breaks . . . Therefore the court did not err

18  in dismissing plaintiffs' claims based on entitlement to wages for unreceived meal breaks.").

19  Bailey Pinney has already lost on this issue in the *Rivera* action (See McCracken Decl. at Exhibit

20  R), and should not be permitted to try again in this Court.

21   Accordingly, judgment should be entered for U.S. Bank with respect to the seventh cause

22  of action under Oregon law.

23         **V. CONCLUSION**

24   Bailey Pinney has elected to sue U.S. Bank over and over again on behalf of the same

25  basic group of employees on basically the same issues. As their claims have not fared very well in

26  Oregon, they have now come to California. Adjudicating these substantially similar actions

27  simultaneously in this Court and in the Oregon courts, including the Oregon federal district court,

28  smacks of forum shopping, is wasteful of the courts' time and U.S. Bank's time, and is not

DAVIS WRIGHT TREMAINE LLP

14

1  necessary to protect anyone's interest.  In addition,  Plaintiffs have pled claims they have no

2  standing to assert and that are otherwise improper.  U.S. Bank respectfully requests that the Court

3  dismiss, or alternatively stay, this action in its entirety, and dismiss and/or enter judgment in U.S.

4  Bank's favor with respect to the improper claims.

5         DATED this 16th day of August 2007.

6                                              Respectfully submitted,

7                                              DAVIS WRIGHT TREMAINE LLP

8

9                                              By:  ____*/s/ Judith Droz Keyes*____

10                                                    Judith Droz Keyes
                                               Attorneys for Defendant
11                                             U.S. BANK NATIONAL ASSOCIATION

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP

MEMORANDUM OF POINTS AND AUTHORITIES                                SFO 370673v12 0023784-000227
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
Case No. C 07-2951 SI

**APPENDIX A**

| Cause of Action | Claim | Laws Allegedly Violated |
|---|---|---|
| 1 | Rounding | CA<br>OR<br>WA |
| 2 | Minimum Wage | CA<br>OR<br>WA<br>FLSA |
| 3 | Overtime (Hourly Employees) | CA<br>OR<br>WA<br>FLSA |
| 4 | SSM Misclassification | OR<br>WA<br>FLSA |
| 5 | Lost Time Deduction | CA<br>OR |
| 6 | Rest Period | CA<br>OR<br>WA |
| 7 | Meal Period | CA<br>OR<br>WA |
| 8 | Termination Pay | CA<br>OR<br>WA |
| 9 | Breach of Contract | CA<br>OR<br>WA |
| 10 | Conversion | CA<br>OR<br>WA |
| 11 | Wage Statement | CA |
| 12 | 17200 | CA |

DAVIS WRIGHT TREMAINE LLP