IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

KERI MCELMURRY and KAREN
MRAZEK individually, and on behalf of
All Similarly Situated,

        Plaintiffs,                            CV 04-642-HU

        v.

                                                                   ORDER

US BANK NATIONAL ASSOCIATION,
and its affiliates and subsidiaries, DOES 1-25,

        Defendants.

HAGGERTY, Judge:

In his Findings and Recommendation (Doc. #50) in this action, Magistrate Judge Hubel recommended granting in part and denying in part defendant's Rule 12 motions (Doc. #13), denying plaintiffs' Motion for Notice (Doc. #4), and denying defendant's Motions to Strike as moot (Docs. #18, 40). Plaintiffs filed objections, and the case was referred to this court on September 13, 2004.

1    - ORDER

The matter is now before the court pursuant to 28 U.S.C. §636(b)(1)(B) and Fed. R. Civ. P. 72(b). When either party objects to a Magistrate Judge's Findings and Recommendation on a dispositive motion, the district court makes a *de novo* determination of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). A decision to certify a class is considered a dispositive motion for purposes of Rule 72. *Sheffield v. Orius Corp.*, 211 F.R.D. 411 (D. Or. 2002). Accordingly, the court reviews the Magistrate Judge's decision *de novo*. For the reasons stated below, the court adopts the Magistrate's Findings and Recommendation in its entirety.

**BACKGROUND**

Plaintiffs Keri McElmurry and Karen Mrazek bring this Fair Labor Standards Action (FLSA) suit on behalf of all similarly situated plaintiffs and against US Bank National Association and its affiliates and subsidiaries and Does 1-25.[1] Plaintiffs seek to present this case as a collective action under 29 U.S.C. § 216(b). Plaintiffs moved for an order that notice be sent to the putative opt-in collective action members and for an order allowing the equitable tolling of the statute of limitations for the putative class members during the pendency of the notice process. The Magistrate Judge recommended denying these motions because plaintiffs failed to show that they are similarly situated to the putative class.

In their Complaint plaintiffs asserted four claims for relief. The only claims relevant to this court's inquiry are the claims for alleged unpaid paid overtime and one for alleged unpaid minimum wage. The Complaint states in part:

---

[1] In the Findings and Recommendation, Magistrate Judge Hubel recommended granting defendant's motion to dismiss defendants Does 1-25. Plaintiffs do not object this recommendation.

2    - ORDER

> [plaintiffs bring these ] claims on their own behalf and on behalf of
> all employees who, in the three years prior to the filing of the
> complaint, worked weeks without receiving compensation equal
> to the minimum wage for all hours worked and/or worked hours
> in excess of 40 hours per week and who were not compensated
> 1 1/2 times their regular hourly rate, and who have filed or will
> file in this Court consent to being a party Plaintiffs [sic].

Compl. at ¶ 23.

Plaintiffs allege that defendant has a "rounding down" policy in which non-exempt hourly employees were instructed to round their hours worked to the closest tenth of an hour on their weekly time reports. According to plaintiffs, this results in employees under-reporting their actual hours worked, a lack of overtime being paid to some employees, and being paid less than the federal minimum wage.

Defendant requires that employees complete a weekly time report. The form that plaintiffs used contains a conversion chart instructing employees to convert minutes worked to tenths of an hour. Plaintiffs contend that this format results in a loss of reportable work time. Plaintiffs limited their notice request to those putative class members who were required to complete this particular form. Employees in approximately twenty states used at least four different weekly time reports during the relevant time period. The differing time reports have various conversion charts. The report used by plaintiffs instructed the employees to record "In" and "Out" times, rounded to the nearest tenth of an hour. One variant of this report includes the same instructions but lacks a conversion chart. Two other versions of the report lack instructions concerning rounding to the nearest tenth, but do have conversion charts. Some of the reports also contain different conversion charts. Accordingly, during the relevant time period, there was no uniformity in how employees recorded their hours and correspondingly, whether they were consistently underpaid or overpaid.

As thoroughly explained in the Findings and Recommendation, if an employee who used the same time report that plaintiffs used made no adjustment to the actual time he or she reported to work, left for lunch, returned from lunch, and left for the day, and only used the conversion chart to adjust the total daily hours worked, the employee either would calculate an accurate work time or would record down. However, some employees may have used the conversion chart when calculating beginning, lunch out, lunch in, and work ending times as well as total hours worked. This could have resulted in the employee rounding up, rounding down, or not rounding at all. Accordingly, the Magistrate Judge concluded that plaintiffs were unable to meet their burden of proving that the putative class members were similarly situated.

**DISCUSSION**

Plaintiffs object to the Magistrate Judge's recommendation to deny plaintiff's motion to establish an opt-in class under 29 U.S.C. § 216(b) and to toll the statute of limitations during the notice period.

Section 16(b) of the FLSA provides in part:

> An action to recover the liability [for unpaid minimum wages, unpaid overtime compensation, etc] . . . may be maintained against any employer . . . by any one or more employees similarly situated. No employee shall be a party plaintiff to any action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

For purposes of participating in the action, FLSA cases differ from Fed. R. Civ. P. 23 class actions. A case certified as a Rule 23 class action covers all persons in the class unless they "opt out" of the case. Section 16(b) cases, on the other hand, apply only to those persons who "opt in" to the case. Section 16(b) fails to articulate a procedure for providing notice to other potential plaintiffs.

4    - ORDER

Thus, it is within the power of the district court to take an active role in the notice process. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989) (holding that in an Age Discrimination in Employment Act case intervention in the notice process is within the discretion of the district court). Before a district court determines whether to authorize notice to all potential plaintiffs, the court must decide whether the potential plaintiffs are "similarly situated" to the plaintiffs.

In the context of a FLSA suit, "similarly situated" persons must raise a similar legal issue as to coverage, exemption, or nonpayment of minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions. *See, e.g., Sheffield*, 211 F.R.D. at 413 (rejecting that putative class members were similarly situated, noting that "an action dominated by issues particular to individual plaintiffs can not be administered efficiently because individual issues predominate over collective concerns,"); *see also Dybach v. Florida Dep't of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).

Plaintiffs object to the Magistrate Judge's finding that an employee could interpret the weekly time sheet as to allow rounding up of start, lunch, and ending times, and that the conversion chart on the time report does not necessarily result in the underpayment or nonpayment of wages. The evidence in the record suggests that several employees using the same time report that plaintiffs used rounded their time up. There is no indication in the record that any employee was ever underpaid. Although a rounding policy or practice that consistently resulted in a rounding down of hours could violate the FLSA, rounding does not *per se* violate federal law. *See* 29 C.F.R. 785.48(b) (recognizing the use of "rounding" as a customary practice of recording employees' time and that it is presumed that "this arrangement averages out so that the employees are fully compensated for all the time they actually work").

5    - ORDER

Plaintiffs have failed to present evidence that any employee was compelled to round down or was ever underpaid. Because plaintiffs have not proven that defendant's practice resulted, "over a period of time, in failure to compensate the employees properly for all the time they have actually worked," 29 C.F.R. 785.48(b), the Magistrate Judge properly concluded that the rounding chart used by plaintiffs did not necessarily result in the nonpayment or underpayment of wages.

Plaintiffs next object to the Magistrate Judge's recommendation that class certification is inappropriate. The Magistrate Judge concluded that the determination of whether a putative plaintiff is similarly situated requires an individualized inquiry and in this case, review of several thousands of individual time reports. To be similarly situated to plaintiffs, putative class members must have suffered a similar loss, worked for defendant during the last three years, and used the same time report as plaintiffs. If the putative class members used the same time report as plaintiffs, then this use must be examined to determine whether they *consistently* used the same time report as plaintiffs, interpreted in the same manner as plaintiffs, and consistently rounded their hours down to their detriment. To resolve these inquiries each time report must be reviewed and calculated. Over 70,000 non-exempt employees worked for defendant during the last three years in 49 states. Because "each claim would require extensive consideration of individualized issues of liability and damages," class certification is inappropriate. *Sheffield*, 211 F.R.D. at 413.

Plaintiffs' third and fourth objections concern the Magistrate Judge's findings that the common facts between them and the putative class members are insufficient to show that any given member of the class was harmed by the rounding policy and that plaintiffs have failed to show a single course of action binding the putative class together. As stated previously, for a putative class member to be similarly situated to plaintiffs, the employee must be a non-exempt hourly employee who regularly used the weekly time report that plaintiffs used, whose hours required rounding, whose interpretation

6    - ORDER

of the conversion chart led them to regularly round down, and who used the conversion chart over a period of at least several weeks or months. This list of prerequisites is inherently individual and particular. Class certification in this case would cut against the concerns for judicial economy and uniform fact determinations that Section 16(b) was designed to create. Accordingly, the court adopts the Magistrate Judge's conclusion that plaintiffs failed to show that they are similarly situated to the putative class or that the class and plaintiffs are bound together by common questions of law and fact.

## CONCLUSION

For these reasons, Magistrate Judge Hubel's Findings and Recommendation (Doc. #50) is ADOPTED in its entirety. Defendant's Rule 12 motions (Doc. #13) is granted in part and denied in part. Plaintiffs' Motion for Notice (Doc. #4) is denied. Defendants' Motions to Strike (Docs. #18, 40) are denied as moot.

IT IS SO ORDERED.

Dated this __1__ day of October, 2004.

/s/Ancer L.Haggerty
ANCER L. HAGGERTY
United States District Judge

7    - ORDER