UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KERI MCELMURRY and KAREN
MRAZEK individually, and on behalf of
All Similarly Situated,

        Plaintiffs,

v.

US BANK NATIONAL ASSOCIATION,
and its affiliates and subsidiaries,

        Defendants.

CV 04-642-HU

ORDER

HAGGERTY, Chief Judge:

    In his Findings and Recommendation dated July 29, 2005 (Doc. #159) (hereinafter "FR1"), Magistrate Judge Hubel recommended denying plaintiffs' Renewed Motion for Notice (Doc. #90), denying plaintiffs' Motion to Toll the Statute as moot (Doc. #90), and denying in part

1  - ORDER

as moot and granting in part Defendants' Motion to Strike (Docs. #107, #120). In a second Findings and Recommendation dated August 24, 2005 (Doc. #187) (hereinafter "FR2"), Magistrate Judge Hubel recommended granting defendants' Motion to Dismiss Plaintiffs' Minimum Wage Claim (Doc. #123). Plaintiffs filed objections to both Findings and Recommendations. FR1 was referred to this court on August 31, 2005 and FR2 was referred to this court on September 27, 2005.

The matter is now before the court pursuant to 28 U.S.C. §636(b)(1)(B) and Fed. R. Civ. P. 72(b). When either party objects to a Magistrate Judge's Findings and Recommendation on a dispositive motion, the district court makes a *de novo* determination of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). A decision to certify a class is considered a dispositive motion for purposes of Rule 72. *Sheffield v. Orius Corp.*, 211 F.R.D. 411 (D. Or. 2002). Accordingly, the court reviewed both of the Magistrate Judge's decisions *de novo*. For the reasons below, the court adopts both FR1 and FR2 in their entirety, except for the portion of FR1 rendered moot by the decision in FR2.

## BACKGROUND

Plaintiffs Keri McElmurry and Karen Mrazek bring this Fair Labor Standards Action (FLSA) suit on behalf of all similarly situated plaintiffs and against US Bank National Association and its affiliates and subsidiaries. Plaintiffs seek to present this case as a collective action under 29 U.S.C. § 216(b). In May 2004 plaintiffs moved for an order that notice be sent to the putative opt-in collective action members and for an order allowing the equitable tolling of the statute of limitations for the putative class members during the pendency of the notice process. The Magistrate Judge recommended denying those motions because plaintiffs failed to

2   - ORDER

show that they are similarly situated to the putative class. The court adopted the Findings and Recommendation in an order dated October 1, 2004. After discovery, plaintiffs filed a Renewed Motion for Notice and Tolling on April 18, 2005, and FR1 recommended denying the motions because plaintiffs again failed to show that they are similarly situated to the putative class. Defendants filed a Motion to Dismiss Plaintiffs' Minimum Wage Claim on June 14, 2005. On August 24, 2005 FR2 recommended granting the motion because it was impossible for plaintiffs to show a FLSA minimum wage violation.

A comprehensive description of the use of defendants' time sheets and conversion table which allegedly resulted in the overtime and minimum wage violations was included in the Findings and Recommendations and this court's Order of October 1, 2004 and need not be duplicated here. Plaintiffs assert that the FLSA incorporates the state minimum wage rate if it is higher than the federal minimum wage. They further contend that the FLSA calculates minimum wage violations on a per hour basis. Thus, plaintiffs argue, the reduction of compensable time caused by the conversion chart resulted in a minimum wage violation.

## DISCUSSION

Plaintiffs object to FR1's recommendation to deny plaintiffs' motion to establish an opt-in class under 29 U.S.C. § 216(b) and to toll the statute of limitations during the notice period. Plaintiffs also object to the FR2's recommendation to grant defendants' motion to dismiss the minimum wage claim. Because portions of FR1 are rendered moot by this court's adoption of FR2, the objections to FR2 are discussed first.

1.   FR2: Motion to Dismiss Plaintiffs' Minimum Wage Claim

Generally, dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is proper when it appears to a certainty that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. *Gibson v. United States*, 781 F.2d 1334, 1337 (9th Cir. 1986). For the purpose of the motion to dismiss, the complaint must be liberally construed in favor of the plaintiff and its allegations accepted as true. *Buckey v. County of Los Angeles*, 968 F.2d 791, 793-94 (9th Cir. 1992). Legal conclusions cast in the form of factual allegations need not be construed as true in consideration of a Rule 12(b)(6) motion. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003), *cert. denied*, 125 S. Ct. 865 (2005).

Plaintiffs' first and third objections are similar, disputing the finding that the FLSA does not incorporate a state's minimum wage and does not require an employer to pay the greater of the then-prevailing federal minimum wage or the appropriate state minimum wage. Plaintiffs offer no authority for these objections.

The FLSA requires employers to pay employees a federal minimum wage as follows:

> (a) Employees engaged in commerce; home workers in Puerto Rico and Virgin Islands; employees in American Samoa; seamen on American vessels; agricultural employees
>
> Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:
>
>> (1) except as otherwise provided in this section, not less than $4.25 an hour during the period ending on September 30, 1996, not less than $4.75 an hour during the year beginning on October 1, 1996, and not less than $5.15 an hour beginning September 1, 1997. . . .

29 U.S.C. § 206(a). The federal minimum wage remains at the $5.15 hour rate. Plaintiffs allege minimum wage violations in the states of Oregon, Washington, and California, all of which have higher minimum wage rates than the federal government. Plaintiffs rely on 29 U.S.C. § 218(a) to support their contention that the FLSA incorporates these higher state minimum wages. This provision states:

> No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum workweek lower than the maximum workweek established under this chapter . . . . No provision of this chapter shall justify any employer in reducing a wage paid by him which is in excess of the applicable minimum wage under this chapter, or justify any employer in increasing hours of employment maintained by him which are shorter than the maximum hours applicable under this chapter.

*Id.* The analysis provided in FR2 on this issue is sound. Section 218(a) is a savings clause that allows for state and local enactment of higher minimum wage laws without federal preemption. *Williamson v. General Dynamics Corp.*, 208 F.3d 1144, 1150-51 (9th Cir. 2000) (noting "the FLSA contains a 'savings clause' that enables states and municipalities to enact more favorable wage, hour, and child labor legislation" and constitutes "evidence that Congress did not intend to preempt the entire field"). The plain language protects states that enact a higher minimum wage by establishing that compliance with a lower federal minimum wage does not justify noncompliance with a higher state minimum wage. Thus, compliance with the FLSA can still result in a violation of state law. The language does not extend so far as plaintiffs contend – that failure to pay the state minimum wage would be a violation of FLSA.

The analysis in FR2 acknowledged that there is no published Ninth Circuit authority on this issue, and cited a First Circuit opinion on the issue, *Cosme Nieves v. Deshler,* 786 F.2d 445, 452 (1st Cir. 1986), to support FR2's conclusions. Plaintiffs attempt to distinguish *Cosme* because the plaintiffs in that case were exempt from the Puerto Rico minimum wage law at issue, and the plaintiffs in this case are not exempt from state minimum wage laws. This distinction is irrelevant to the *Cosme* court's interpretation that § 218(a) does not incorporate state law. FR2 properly concluded that the FLSA does not incorporate higher state minimum wage laws.

Plaintiffs next object to the FR2's finding that the FLSA computes the minimum wage by the workweek and not by the hour. This court has reviewed the issue and agrees with FR2's legal analysis concluding that federal FLSA minimum wage violations are calculated by the workweek.

Plaintiff's final objection is to the finding that it is impossible for a plaintiff to state a federal minimum wage claim. Plaintiffs assert the Magistrate Judge applied improper law to the facts. Because the FLSA does not incorporate the state minimum wage and federal minimum wage violations are calculated on a workweek basis, this objection is without merit. The calculations provided within FR2 demonstrate that it is impossible for any claimant to earn less than $5.15 per hour within any given workweek. Accordingly, this court adopts FR2's conclusion that no plaintiff could state a claim for a federal minimum wage violation under the FLSA.

    2.    <u>FR1: Renewed Motion for Notice and Tolling</u>

Because this court has dismissed the minimum wage claim, the portion of FR1 which applies to that claim are moot. The other portions of FR1 and the objections raised by plaintiff are discussed below.

Section 16(b) of the FLSA provides in part:

> An action to recover the liability [for unpaid minimum wages, unpaid overtime compensation, etc] . . . may be maintained against any employer . . . by any one or more employees similarly situated. No employee shall be a party plaintiff to any action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

For purposes of participating in the action, FLSA cases differ from Fed. R. Civ. P. 23 class actions. A case certified as a Rule 23 class action covers all persons in the class unless they "opt out" of the case. Section 16(b) cases, on the other hand, apply only to those persons who "opt in" to the case. Section 16(b) fails to articulate a procedure for providing notice to other potential plaintiffs. It is within the power of the district court to take an active role in the notice process. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989) (holding that in an Age Discrimination in Employment Act case, intervention in the notice process is within the discretion of the court). Before a district court determines whether to authorize notice to all potential plaintiffs, the court must decide whether the potential plaintiffs are "similarly situated" to the plaintiffs.

In the context of a FLSA suit, "similarly situated" persons must raise a similar legal issue as to coverage, exemption, or nonpayment of minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions. *See, e.g., Sheffield*, 211 F.R.D. at 413 (rejecting that putative class members were similarly situated, noting that "an action dominated by issues particular to individual plaintiffs can not be administered efficiently because individual issues predominate over collective concerns,"); *see also Dybach v. Florida Dep't of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).

Plaintiffs object to the FR1's finding that defendants had a policy of rounding to the nearest tenth of an hour, and that an employee could interpret the weekly time sheet as to allow

7  - ORDER

rounding up of start, lunch, and ending times. Plaintiffs also assert these findings are "on the merits" and not appropriate at this stage in the litigation.

These findings are consistent with the Findings and Recommendation dated July 27, 2004, which was adopted by this court in the October 1, 2004 Order. The new arguments proffered by plaintiffs to overcome these previous findings is unpersuasive.

Plaintiff McElmurry testified that she rounded her start and stop times up and down, and most other time sheets in evidence reflect start and stop times that were likely rounded. There was no error in the conclusion that individuals using the disputed conversion chart probably rounded their time. This finding was necessary to evaluate whether all putative class members who used the conversion chart would be similarly situated. The evidence on the record shows that the only way to determine whether an employee is similarly situated is through an individual inquiry.

The only evidence in the record that any employee was underpaid is the computation of plaintiffs' experts, who based their statistics on the assumption that employees did not round their start and stop times. The evidence contained in the record does not support this assumption, and, in fact, undermines the findings of plaintiffs' experts.

It is undisputed that defendants' written policy was for employees to round to the nearest one-tenth of an hour. The weekly time sheets included this instruction, although some time sheets included an attached conversion chart that consistently rounded down. Plaintiffs submit that this conversion chart created a practice of "truncating" time despite defendants' stated policy of rounding to the nearest tenth. Plaintiffs also assert that this conversion chart constitutes a creative bookkeeping scheme which frustrates the goals and purposes of the FLSA.

The only evidence in the record of these allegations is the conversion chart and deposition testimony that the chart was attached to the time sheets of some employees, some of the time. Plaintiffs have failed to demonstrate that any employee consistently used the conversion chart, regularly rounded down, and as a result suffered a loss of overtime wages. FR1 properly concluded that the existence of the disputed conversion chart did not necessarily result in a general practice of nonpayment or underpayment of wages.

It is appropriate for the Magistrate Judge to review the evidence in the record to determine whether potential claimants are similarly situated to plaintiffs. *See, e.g., In re HealthSouth Corp. Sec. Litig.*, 213 F.R.D. 447, 456 (N.D. Ala. 2003) ("Although the trial court should not determine the merits of the plaintiffs' claim at this stage, the court can – and indeed should – consider the merits of the case to the degree necessary to determine whether the plaintiffs have met the requirements of Rule 23.") (citing *Love v. Turlington*, 733 F.2d 1562, 1564 (11th Cir. 1984)). To be similarly situated to plaintiffs, putative class members must have worked for defendant during the last three years, consistently used the disputed conversion chart, interpreted the chart in the same manner as plaintiffs, consistently rounded their hours down to their detriment, and as a result lost overtime compensation. Plaintiffs contend the Magistrate Judge imposed an improper burden on them to demonstrate this similarity. That objection is misguided. Plaintiffs "bear the burden of demonstrating a 'reasonable basis' for their claim of class-wide discrimination . . . ." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996) (citation omitted). The court adopts the conclusion that plaintiffs have not met this burden.

//

//

Plaintiffs also object FR1 concluding that plaintiffs must show the disputed conversion chart was used a majority of the time. A review of FR1 reveals that it did not impose such a requirement. This objection is overruled.

Plaintiffs next object to FR1's finding that identification of the class requires an excessive individual factual inquiry. This determination is consistent with the July 27, 2004 Findings and Recommendation and this court's Order of October 1, 2004. As FR1 properly concluded, the new evidence offered by plaintiff does not change the need for that individualized inquiry. To resolve these inquiries each time report must be reviewed and calculated. Because "each claim would require extensive consideration of individualized issues of liability and damages," class certification is inappropriate. *Sheffield*, 211 F.R.D. at 413.

Plaintiffs' final objection is to an "implicit" finding by FR1 that plaintiffs' ability to mechanically compute lost overtime does not support the granting of notice. Plaintiffs rely upon case law that emphasizes when there is a mechanical system for calculating damages, the fact that damages must be calculated individually should not preclude class determination. Plaintiffs are correct, and FR1 does not contradict this. FR1 noted that plaintiffs' database offers an expeditious method for calculating damages, but that it would not help with the initial determination of whether a putative class member is similarly situated to plaintiffs. That determination still requires an extensive, individualized, factual inquiry.

3.   <u>FR1: Motions to Strike</u>

No objections were filed against the Findings and Recommendations of Magistrate Judge Hubel concerning defendants' motions to strike. No clear error appears on the face of the record,

and the court adopts those recommendations to deny in part those motions as moot, and grant in part.

**CONCLUSION**

For these reasons, Magistrate Judge Hubel's Findings and Recommendation dated August 24, 2005 (Doc. #187) is ADOPTED in its entirety. Magistrate Judge Hubel's Findings and Recommendation dated July 29, 2005 (Doc. #159) is also ADOPTED in its entirety, except for the portion mooted by the August 24, 2005 Findings and Recommendation. Defendants' Motion to Dismiss Plaintiffs' Minimum Wage Claim (Doc. #123) is granted. Plaintiffs' Renewed Motion for Notice (Doc. #90) is denied and their Motion to Toll the Statute of Limitations is denied as moot. Defendants' Motions to Strike (Docs. #107, 120) are denied as moot, except for the part of the motion directed at Pinney's declaration (Doc. #107), which is granted.

IT IS SO ORDERED.

Dated this __7__ day of October, 2005.

/s/Ancer L. Haggerty
ANCER L. HAGGERTY
United States District Judge