ENTERED
MAR 2 9 2006
IN REGISTER BY RRM

FILED
06 MAR 29 AM 11:00
CIRCUIT COURT FOR MULTNOMAH COUNTY

**CIRCUIT COURT OF OREGON**

**COUNTY OF MULTNOMAH**

0603-03335

**WILLENE LOWDERMILK,** individually, and on behalf of all other persons similarly situated,

Plaintiff,

**vs.**

**U.S. BANK NATIONAL ASSOCIATION,** dba **U.S. BANK,**

Defendant.

**No.** 03335

**CLASS ACTION ALLEGATION COMPLAINT**
(Wage Claim, Penalties)

**JURY TRIAL DEMANDED**

**NOT SUBJECT TO MANDATORY ARBITRATION.**

**THE AGGREGATE OF CLAIMS DOES NOT EXCEED 5 MILLION DOLLARS**

## I. PRELIMINARY STATEMENT

1.

This is an action to recover unpaid wages and penalty wages for all former employees of Defendant, **U.S. Bank National Association** (hereafter, "U.S. Bank") who worked for US Bank as hourly employees in the past six years.

2.

U.S. Bank suffered and permitted Plaintiff and similarly situated class members to perform work for U.S. Bank for which U.S. Bank failed and refused to pay at their regular rate of pay.

3.

U.S. Bank failed to pay Plaintiff and other employees whose employment has ended,

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

all earned wages when required by ORS 652.140, entitling Plaintiff and all other similarly situated former employees in the class to penalty wages pursuant to ORS 652.150.

## II. JURISDICTION AND VENUE

4.

The aggregate total of the claims pled herein do not exceed five million dollars.

5.

U.S. Bank, at all material times herein, was doing business as "U.S. Bank National Association" in the State of Oregon.

## III. PARTIES

6.

At all material times, Plaintiff and all others similarly situated are past employees of U.S. Bank, in the State of Oregon, within the past six years are subject to Oregon wage and hour provisions.

## IV. COMMON ALLEGATIONS

7.

Common questions of fact and law exist as to all class members and predominate over any questions that affect only individual class members. The conduct at issue in this case affected Plaintiff and all purported class members.

8.

Based on information and belief, the members of the class exceeds 30 members, and that number will increase depending upon employee turnover.

9.

US Bank tracked hours worked by its employees in tenths of an hour. Defendant has

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

an express policy of rounding down the actual time worked by each hourly employee to the next lowest tenth of an hour. This policy consistently reduced the actual time worked by hourly employees, and resulted in the non-payment of wages, except when an hourly employee's actual time worked was precisely divisible by 1/10th of an hour.

10.

U.S. Bank also failed to pay Plaintiff and other similarly situated employees whose employment had ended all wages when required by ORS 652.140, entitling Plaintiff and all other similarly situated former employees in the class to penalty wages pursuant to ORS 652.150.

## V. CATEGORIES OF CLAIMS

11.
**(Unpaid Wages)**

Within six years prior to filing this complaint, U.S. Bank failed to pay Plaintiff, and other similarly situated class members, all their wages earned. As a result, those wages remain due and unpaid. Plaintiff and other similarly situated class members seek unpaid wages for the six year period preceding the filing of this class action lawsuit, plus penalty wages as provided by ORS 653.055 for those violations occurring with the three year period prior to the date of filing of the complaint in *Rivera v. U.S. Bank, Multnomah County Court Case #* 0305-05045.

12.
**(Late Payment of Wages upon Termination)**

Within the three years prior to the filing of this complaint, Defendant willfully failed to pay all wages to Plaintiff, and other former employees, upon termination of their employment, when those wages when due, as required by ORS 652.140, which entitles Plaintiff, and other former employees to penalty wages as provided by ORS 652.150.

///

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

## VI. CLASS ALLEGATION RELATING TO RULE 32 CLASS

**DEFINITION OF CLASS**

13.

Plaintiff seek class certification as follows, pursuant to ORCP 32.

14.

**(Unpaid Wages Class)**

For Plaintiff and all similarly situated class members who worked for U.S. Bank, within six years prior to the filing of this complaint, and were not paid all their wages earned and who have wages that remain due and unpaid.

15.

**(Late Payment Class)**

For Plaintiff and all similarly situated class members whose employment with the U.S. Bank ended within three years prior to the filing of this action and who did not receive all wages when due as required by ORS 652.140.

16.

**ORCP 32H NOTICE**

On or about February 17, 2006, Plaintiff, on behalf of themselves and all former U.S. Bank employees, pursuant to ORCP 32H, gave a pre-litigation notice to U.S. Bank and demanded that U.S. Bank immediately cure its failure to pay wages as required by Oregon law, and pay all amounts due within 30 days after notice.

17.

Despite Plaintiff's request that U.S. Bank cure, U.S. Bank has failed and refused to cure its unlawful conduct, and has failed and refused to pay Plaintiff and all similarly situated class members, all unpaid wages and penalty wages due, and those wages and penalty wages remain due and unpaid.

\\\

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

**NUMEROSITY**

18.

U.S. Bancorp (NYSE: USB), with assets in excess of $209 billion, is the 6th largest financial services holding company in the United States. U.S. Bank operates 2,419 banking offices and 5,003 ATMs and provides a comprehensive line of banking, brokerage, insurance, investment, mortgage, trust and payment service products to consumers, businesses and institutions. U.S. Bancorp is the parent company of U.S. Bank. Based on information and belief, the members of the State wage and hour class exceeds 30 persons. This number may increase, depending upon the turnover rate for employees over the last three years.

**QUESTIONS OF LAW AND FACT**

19.

Common questions of fact and law exists as to all class and subclass members and predominate over any questions that affect only individual class members. The conduct at issue in this case affected all former U.S. Bank employees. Common questions include:

a Whether Plaintiff and class members are subject to Oregon State wage and hour statutes.

b Whether U.S. Bank had a policy of reducing the recorded hours worked by systematically rounding all time entries downward.

c Whether U.S. Bank failed to pay Plaintiff and similarly situated class members all wages after termination of their employment when those wages were due.

d Which remedies are available for the violations of State wage and hour laws.

**TYPICALITY**

20.

The claims of the named Plaintiff are typical of the claims of the members of the wage and hour class in that:

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

a. Plaintiff is a member of each of the classes.

b. Plaintiff's claims stem from the same practice or course of conduct that forms the basis of the class claims.

c. Plaintiff's claims are based upon the same legal and remedial theories as those of the class and involve similar factual circumstances.

d. There is no antagonism between the interests of the named Plaintiff and absent class members.

e. The injuries which Plaintiff suffered are similar to the injuries which class members have suffered.

**REPRESENTATION BY PLAINTIFF**

21.

The named Plaintiff will fairly and adequately represent the class in that:

a. There is no conflict between their claims and those of other class and subclass members.

b. Plaintiff has retained counsel who are skilled and experienced in wage and hour cases and in class actions and who will vigorously prosecute this litigation.

c. Plaintiff's claims are typical of the claims of class members (see paragraphs 19-20).

22.

Certification of Plaintiff's claims pursuant to ORCP 32 is appropriate because:

a. Common questions of law or fact predominate over questions affecting only individual members (see paragraphs 19-20).

b. The forum is convenient to the parties, class members, and potential witnesses; the class is specifically identifiable to facilitate provision of adequate notice;

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

and there will be no significant problems managing this case as a class action.

c. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual class members have minimal interest in controlling the prosecution of separate actions.

## VII. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

(Wage Claim; Statute of Limitations is Six Years Plus the Period Tolled by *Rivera v. U.S. Bank, Multnomah County Case No. # 0305-05045*, Unpaid Wages Class)

23.

Plaintiff re-alleges all previous paragraphs as though fully alleged herein.

24.

U.S. Bank recorded time worked by its hourly employees in segments of 1/10th of an hour (see exhibit #1).

25.

U.S. Bank had a policy that when an hourly employee's daily time was not directly divisible by 1/10th of an hour (six minutes), the employees actual time worked would be reduced to the next lower tenth of an hour. For example, if an hourly employee worked 4 hours and 15 minutes, that employees time would be reduced and recorded as 4.2 hours, or the equivalent of 4 hours and 12 minutes (see exhibit #1).

26.

U.S. Bank's policy consistently rounded the time hourly employees worked to the next lower tenth of an hour, and in no situation rounded the hours worked to the next higher tenth of an hour.

///

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

27.

U.S. Bank's policy systematically reduced the daily time recorded by its hourly employees' from one to five minutes per day, for each day the employee's actual time worked was not divisible by 1/10th of an hour.

28.

By rounding down the actual hours worked by its hourly employees, U.S. Bank failed to pay for all wages.

29.

Because U.S. Bank failed to pay all wages, as defined in ORS 653.010 (11), each employee affected by U.S. Bank's failure to pay all wages is entitled to recover the full amount of the unpaid wages under ORS 653.055.

30.

Those unpaid wages class members who worked and were not paid all wages when due are also entitled to penalty wages under ORS 653.055 as calculated by ORS 652.150.

31.

Plaintiff and similarly situated class members seek unpaid wages for the relevant statutory period, plus Plaintiff's costs and disbursements and attorney fees pursuant to ORS 652.200(2) and ORS 653.055.

**SECOND CLAIM FOR RELIEF**

(ORS 652.140 Late Payment, Penalty Wages, Statute of Limitations is Three Years Plus Tolling Period Under *Rivera v. U.S. Bank, Multnomah County Court Case No.* # 0305-05045 and *Belknap v. U.S. Bank, Multnomah County Court Case No.* # 0301-00042 )

32.

Plaintiff re-alleges all previous paragraphs as though fully alleged here.

///

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

33.

Plaintiff, and all members of the late payment class were employed by U.S. Bank, and their employment for U.S. Bank ended within the statutory period.

34.

At the time Plaintiff's, and late pay class members' employment ended, U.S. Bank failed to pay Plaintiff and late pay class members all wages when due, as required by ORS 652.140.

35.

U.S. Bank's failure to pay Plaintiff and late pay class members' wages when due was willful, and continued for a period of time to be determined after discovery is complete.

36.

Because of Defendant's willful failure to immediately make payment of Plaintiff's and late payment class members' wages when due, Plaintiff and late pay class members are due penalty wages under ORS 652.150, for the continuation of Plaintiff's and late pay class members' wages for up to 30 days, in amounts to be determined after discovery.

37.

Plaintiff has been required to bring this action on behalf of the late pay class members to recover penalty wages as provided by ORS 652.150.

38.

Because of U.S. Bank's failure to pay Plaintiff's and late pay class members wages within 48 hours after those wages were due and payable, Plaintiff and late pay class members are entitled to recover costs, disbursements and reasonable attorney fees, pursuant to ORS 652.200(2).

39.

Plaintiff seeks as damages for herself and all late pay class members whose employment ended within the statutory period and who were not paid all wages when required

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

by ORS 652.140, penalty wages pursuant to ORS 652.150, plus costs, disbursements and attorney fees, pursuant to ORS 652.200(2).

## PRAYER FOR RELIEF

WHEREFORE; Plaintiff and members of each class request the Court award such damages, in total less than five million dollars, as set forth above for unpaid wages, and penalty wages; award Plaintiff's attorney fees, costs and expenses of suit; order U.S. Bank to pay prejudgment and post judgment interest on all amounts due to Plaintiff as a result of this action; and order such further or alternative relief in favor of Plaintiff and all class members as the Court deems appropriate.

DATED: March 28, 2006

BAILEY PINNEY & ASSOCIATES, LLC

JAMES DANA PINNEY, OSB 75308
A. E. BAILEY, OSB 87157
Attorneys for Plaintiff

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

# WEEKLY TIME REPORT

**U.S. Bank**

EMPLOYEE ID (SSN): 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
LAST NAME: Louderwilk
FIRST: Willard
COMPANY-COST CENTER: 300-000-4558
WEEK ENDING DATE: 5/1/03

| DAY/DATE | BEGIN | LUNCH OUT | LUNCH IN | OTHER OUT | OTHER IN | WORK END | DAILY TOTALS WORKED | ABSENT |
|---|---|---|---|---|---|---|---|---|
| SUN 5/23 | | | | | | | | |
| MON 5/24 | 7:00 | | | | | 5:30 | 10 | |
| TUE 5/25 | 8:40 | | | | | 5:45 | 9.3 | |
| WED 5/26 | 8:40 | | | | | 5:30 | 10 | |
| THU 5/27 | | | | | | | | 8.0 |
| FRI 5/28 | 7:00 | | | | | 4:00 | 8.5 | |
| SAT 5/1 | | | | | | | | |

WEEK TOTAL: 37.7  8

## TOTALS FOR TIME REPORTING

| REGULAR (Hours Worked) | VACATION | PAID SICK | FUNERAL (Other Paid) | JURY (Other Paid) | HOLIDAY | TOTAL |
|---|---|---|---|---|---|---|
| 37.7 | | | | | | 37.7 |

Timekeeper: Record the following hours on the cost center's time system:
1. Total hours worked. Weekly Overtime is computed by the time system as follows: Hours worked + Holiday – 40 hours.
2. Paid time off. (For STD, Military, or Unpaid Leave; the employee should be placed on LOA through U-Connect.)
Maintain this time record in secure storage in your area for three years.

EMPLOYEE SIGNATURE: William Louderwilk
THIS TIME MUST BE REPORTED THROUGH THE APPROPRIATE TIME REPORTING SYSTEM FOR THE EMPLOYEE'S COST CENTER.

SUPERVISOR APPROVAL: Tony Ch_

**CONVERSION CHART**

| Minutes | 10ths |
|---|---|
| 0-5 | 0 |
| 6-11 | 0.1 |
| 12-17 | 0.2 |
| 18-23 | 0.3 |
| 24-29 | 0.4 |
| 30-35 | 0.5 |
| 36-41 | 0.6 |
| 42-47 | 0.7 |
| 48-53 | 0.8 |
| 54-59 | 0.9 |

USBP164837

EXHIBIT 1
Page 1