IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| WILLENE LOWDERMILK, individually, and on behalf of all other persons similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>U.S. BANK NATIONAL ASSOCIATION, dba US Bank,<br><br>　　　　　　　Defendant. | No. 0603-03335<br><br>MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL CLASS ACTION CERTIFICATION AS TO CLAIM NO. 1<br><br>(ORCP 32C) |

## I. BACKGROUND

Plaintiff has filed multiple claims for relief to recover unpaid wages and penalty wages for all present and former employees of Defendant, **US BANK NATIONAL ASSOCIATION** (hereafter, "US Bank"). This certification motion addresses Plaintiff's first claim for relief only. A later motion will address the second claim for relief for the late payment of wages at termination.

Plaintiff's first claim for relief alleges that US Bank tracked hours worked by its employees in minutes, but converted the minutes worked each day to 1/10 of an hour for calculating wages. Defendant's written policy was to round down or truncate the actual time worked by each hourly employee to the next lowest tenth of an hour. Defendant's head of payroll, Tom Christon, admitted that he created the conversion chart and put in on the Weekly

Page 1 -   Memorandum in Support of Plaintiff's Motion for Partial Class Action Certification as to Claim No. 1 (ORCP 32C).

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

Time Report. (Ex. H 89:8-13).[1] He also admitted that the chart worked to reduce wages. *Id.* at 209:21 - 210:24. *See also* deposition of Rhonda Tingle (Ex. J at 32:17-21). Tom Christon further stated that the conversion chart was converted into an Excel format, which used a formula to do the rounding. Christon depo. 108:6-10 (Ex. H). By automating the rounding, US Bank can ensure conformity with the Bank's rounding practice. Plaintiff alleges that by following this policy Defendant consistently reduced the actual time worked by hourly employees, resulting in the non-payment of wages.

## II. Summary of Factual Exhibits

Plaintiff has submitted substantial evidence of Defendant's policy and practice of truncating time. First, Plaintiff have attached documents as Exhibit D which were produced by Defendant in the *Rivera et al v. US Bank* class action suit. Mult. Co. Case # 0305-05045. Second, Plaintiffs have attached as Exhibit C is a summary of documents contained in Exhibit D. Third, Plaintiff has attached as Exhibit B Plaintiff Lowdermilk's "Weekly Time Reports" evidencing that the truncation policy was used to her detriment in the same fashion as was done to the other class members. *See also*, Exhibit A. Fourth, Plaintiff has attached multiple deposition testimony from Defendant's officers and employees including the head of payroll, Tom Christon, who admits to creating the truncation chart, and testifies that the truncation chart pulls wages from the employee and further that those truncated wages are never re-paid. Christon depo. 209:21 - 210:24 (Ex.H). *See also*, exhibits I, J, and K. Fifth, Plaintiffs rely upon the testimony of Tom Christon, head of payroll, who admits that Defendant had implemented an electronic version of the weekly time report and that the truncation continues even today. Sixth, Plaintiffs rely upon deposition testimony of multiple US Bank employees and the declaration of Britt Halliday (Ex. G), a former manager of the Defendant for the fact

---

[1] All exhibits referenced herein are attached to the declaration of David A. Schuck in support of Plaintiff's motions for partial class certification and partial summary judgment.

Page 2 -   Memorandum in Support of Plaintiff's Motion for Partial Class Action Certification as to Claim No. 1 (ORCP 32C).

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

1  that all of the documents were produced in discovery in the *Rivera et al v. US Bank* case to
2  prove that the Weekly Time Reports are business records of the Defendant, and further that
3  the Weekly Time Reports are used to calculate the amount of wages due.

### III. ARGUMENT

Plaintiff has brought each of her claims in the form of a class action. ORCP 32C requires this Court to "determine by order whether and with respect to what claims or issues" this case may proceed as a class action. In order for this Court to certify Plaintiff's claim for class action treatment, Plaintiff's claim must meet the requirements of ORCP 32A and ORCP 32B. ORCP 32C requires the court to determine class status "as soon as practicable."

**A. Plaintiff meets the requirements of ORCP 32A**

The relevant portion of ORCP 32A specifies the requirements Plaintiff must establish to certify a class:

> 32A. Requirements for Class Action. One or more members of the class may sue or be sued as representative parties on behalf of all only if:
>
> A(1)  The class is so numerous that joinder of all members is impracticable;
>
> A(2)  There are questions of law or fact common to the class;
>
> A(3)  The claims or defenses of the representative parties are typical of the claims or defenses of the class;
>
> A(4)  The representative parties will fairly and adequately protect the interests of the class;
>
> A(5)  The representative parities have complied with the prelitigation notice provisions of section H.

**A.1. Numerosity**

ORCP 32A(1) states that the proposed class must be "so numerous that joinder of all members is impracticable." Although there is no magic number or threshold for meeting this requirement, Courts have generally held that a class of 25 or more potential Plaintiff raises the

Page 3 -   Memorandum in Support of Plaintiff's Motion for Partial Class Action Certification as to Claim No. 1 (ORCP 32C).

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

presumption of numerosity. <u>Rodger v. Electronic Data Systems Corp.</u>, 160 FRD 532, 535 (EDNC 1995); <u>Becher v. Long Island Lighting Co.</u>, 164 FRD 144, 149 (EDNY 1996). Each of Plaintiff's claims meets the numerosity requirement.

### A.1.a. Defendant's practice, as alleged in Plaintiff's first claim for relief, affected more than 25 individuals

Plaintiff allege that US Bank tracked hours worked by its employees in minutes, but converted the minutes to 1/10 if an hour for calculating wages. Defendant's written policy was to convert the actual time worked by each hourly employee to the next lowest tenth of an hour (hereafter "truncation policy"). Defendant's truncation policy is evidenced in the conversion charts set out on the "Weekly Time Reports."[2] See Exs. B and D. There are 306 separate time sheets in Exhibit D alone evidencing that 2,032 minutes of time was stolen from US Bank's employees. See Ex. C page 7. At the current minimum wage of $7.50 per hour, Defendant saved $2,481.50. This savings was recognized by Defendant for the weekly equivalent of one (1) employee for the six year statutory period. Defendant has previously informed that it has approximately 180 branches in Oregon. Exhibit L.[3] Even if only one person hourly employee works at each branch, that makes no less than 180 class members, far exceeding the 25 required.

Proof of the alleged conduct can be found in by reviewing the documents produced by Defendant and attached to the declaration of David A. Schuck. See Ex. A, B, C and D. Below is a chart containing a few entries in exhibits C & D.

---

[2] Exemplars of Weekly Time Reports are attached to the declarations of David Schuck and Britt Halliday. Each of these declarations also shows that employees were affected by the policy. Finally, the declaration of Britt Halliday asserts that defendant used the rounded time from the Weekly Time Reports to calculate wages.

[3] In Rivera Defendant produced approximately 153,000 weekly time reports with the offending truncation conversion chart thereon. Schuck decl. ¶ 21.

Page 4 - Memorandum in Support of Plaintiff's Motion for Partial Class Action Certification as to Claim No. 1 (ORCP 32C).

| Bates # | Week Ending | Hours worked | Hours paid | Time not paid |
|---|---|---|---|---|
| USB 000335 | 1-25-03 | 31 hrs | 30 hrs 54 min | 6 minutes |
| USB 000351 | 2-1-03 | 38 hrs 30 min | 38 hrs 24 min | 6 minutes |
| USB 000995 | 5-9-03 | 22 hrs 45 min | 22 hrs 36 min | 6 minutes |
| USB 001783 | 4-19-03 | 38 hrs 35 min | 38 hrs 30 min | 5 minutes |

In each of the above examples, the Court can calculate from the documents provided by Defendant, that Defendant used the conversion chart to round the time the employee worked and cause the underpayment. For example, on January 21, 2003, Tina Poff worked from 8:30 to 5:45. (Ex D p. 18). She took an hour for lunch. *Id.* This equates to 8 hours and 15 minutes of work time. Yet Defendant, through use of its truncation policy, only paid Ms. Poff 8 hours and 12 minutes. The documents produced by Defendant demonstrate a practice affecting hundreds, if not thousands of employees. This is far more than the 25 similarly situated generally required to support certification of class. *Alsea Veneer, Inc. v. State*, 117 Or App 42; 843 P.2d 492 (1992) *rev'd on other grounds* 318 Or 33, 41 (1993), *Rodger v. Electronic Data Systems Corp.*, 160 FRD 532, 535 (EDNC 1995); *Becher v. Long Island Lighting Co.*, 164 FRD 144, 149 (EDNY 1996).

**A.2. Commonality**

ORCP 32A(2) requires that the class proponent demonstrate common questions of law and fact. However, all questions of law and fact do not need to be the same. In *Shea v Chicago Pneumatic Tool* Co., 164 Or. App. 198, 205-207 (1999) the Court discussed the fact that common question need not dominate the case, just need some issue that is best settled in class. *Id. See also* ORCP 32G. In light of the foregoing, we agree with plaintiffs that the fact that the trial court concluded that common questions of law and fact did not predominate the action as a whole does not mean that, as a matter of law, the trial court cannot certify an issue class. Under the terms of ORCP 32 B, predominance is one of a number of factors that the

Page 5 -    Memorandum in Support of Plaintiff's Motion for Partial Class Action Certification as to Claim No. 1 (ORCP 32C).

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

trial court must take into account in making a finding as to whether a class action is superior to other available methods of adjudicating the case. Again, we do not find defendants' citations to federal authority on the point to be helpful, particularly where, as here, the language of the Oregon rule is at odds with their holdings. Alsea Veneer, Inc. v. State, 117 Or App 42; 843 P.2d 492 (1992) *rev'd on other grounds* 318 Or 33, 41 (1993); *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1320 (9th Cir. 1982). Here, the Plaintiff and the potential class members were all subject to Oregon's wage and hour laws. Plaintiff and the potential class members were affected by consistent policies which resulted in Defendant's practices which Plaintiff alleges violate Oregon law. Common questions of fact, by claim, are listed as follows:

> A.2.a. <u>Common questions of fact: Unpaid wages claim (truncation)</u> (1) Did Defendant have a policy of truncating actual time worked downward. (2) Did Defendant's truncation policy create a practice which caused defendant to fail to pay all wages to class members. Commonality is supported by the fact that each of the weekly time reports submitted by Plaintiff, all have the express truncation conversion chart printed on the face of the document.

The documents submitted by Plaintiff evidence that facts supporting the claims of the named Plaintiff are common to the members of the class. Common questions of law also exist as to each claim brought by the class. Common legal questions are as follows:

> A.2.b. <u>Common questions of law</u> (1) Whether defendant's truncation policy violates Oregon law; (2) whether the truncated wages were due on payday under ORS 652.120 and ORS 653.010, (3) whether an employee who works more than 40 hours in a single workweek, and is affected by Defendant's truncation policy was denied overtime wages

Page 6 - Memorandum in Support of Plaintiff's Motion for Partial Class Action Certification as to Claim No. 1 (ORCP 32C).

under ORS 653.261; (4) whether Defendant's truncation policy creates time which class members were paid less than the minimum wage as required by ORS 653.025; (5) what remedies, penalties, and attorney fees are available to redress Defendant's conduct. ORS 652.150, ORS 652.200 and ORS 653.055.

Therefore, the legal questions in this case are identical for each putative class member, and the named Plaintiff, and Plaintiff meets the commonality requirement. On behalf of Defendant, Ms. Jo Westbury testified that the conversion chart was instructions to the employee, which the employee was required to follow. (Ex. K at 18:10 - 19:17). Use of the conversion chart to truncate the employee's time was common and required.

**A.3. Typicality - Defendant regularly testifies that the use of the truncation chart is systematic, and is required by policy.**

ORCP 32A(3) requires that the plaintiff establish that her claims are typical of the claims of the class as a whole. *Shea v. Chicago Pneumatic Tool Co.*, 164 Or App 198, 205 (1999). There is considerable practical overlap with the elements of commonality, typicality and adequacy of representation. *See generally* 5 Moore's Federal Practice §§ 23.23[1], 23.24 (1997). Plaintiff's claims are not just typical, they are based upon the identical laws and the identical truncation policy.

**A.4. Adequacy of representation**

ORCP 32A(4) requires that the class representatives must fairly and adequately protect the interests of the class. The crucial components of this element concern the competency of counsel and the lack of conflicts between the class representative and the class as a whole. *Alsea Veneer, Inc. v. State*, 117 Or App 42; 843 P.2d 492 (1992) *rev'd on other grounds* 318 Or 33, 41 (1993).

Here, Plaintiff's counsel limit their practice to wage and hour litigation and have

Page 7 - Memorandum in Support of Plaintiff's Motion for Partial Class Action Certification as to Claim No. 1 (ORCP 32C).

extensive experience prosecuting and managing class action cases (Decl. Pinney ¶ 4-13)

There is no conflict between the named Plaintiff, and the class members as a whole. First, the named Plaintiff is a member of each and every class claim brought. Second, the legal arguments regarding ORS 652.120, ORS 652.140, ORS 652.150, ORS 652.200, ORS 653.010, ORS 653.055, and ORS 653.261 are identical. Because the claims are the same, and the same legal arguments must be made for the named Plaintiff and each class member, there is no conflict between the named plaintiff and the class as a whole.

### A.5. Plaintiff sent notice pursuant to ORCP 32H

Plaintiff sent notice pursuant to ORCP 32H. (Ex N). Therefore, Plaintiff meets this requirement.

### B. This lawsuit is properly maintained as a class action

In addition to the requirements of ORCP 32A, the Court must also find that a class action is "superior to other available methods for the fair and efficient adjudication of the controversy." ORCP 32B. The statute then lists 8 "pertinent" matters to the court's finding of class action superiority. Not all of the 8 "pertinent" matters need to be met. For example, ORCP 32B "does not *require* predominance [of common questions of law or fact] as a *sine qua non* of certification of any class." *Shea v. Chicago Pneumantic Tool Co.*, 164 Or. App. 198, 207, (1999) (review denied 2000). Under ORCP 32B the matters are only "pertinent", not required. ORCP 32B is nearly identical to Rule 23(b). In *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1005 (11th Cir. 1997) (emphasis added), the Court ruled that "a class action may be maintained only when it satisfies all the requirements of Fed.R.Civ.P. 23(a) and at least one of the alternative requirements of Rule 23(b)." (emphasis added). Therefore, Plaintiff need not meet all the requirements of ORCP 32B. *Id.*

### B.1. Prosecution of separate actions is impractical

A class action suit may be maintained where this is risk of "inconsistent or varying

Page 8 -   Memorandum in Support of Plaintiff's Motion for Partial Class Action Certification as to Claim No. 1 (ORCP 32C).

adjudications," or the "adjudications with respect to members of the class which would as a practical matter be dispositive of the interests of the other members." ORCP 32B(1).

As stated above, Plaintiff estimates that the class for unpaid wages has over 900 class members in it. (180 branches * 5 employees per branch). This does not include all the employees in call centers and processing centers. Nor does it include turnover. However, even at 900 claims, if each of the 900 individuals brought separate cases, inevitably this would lead to inconsistent adjudications. Further, each individual Plaintiff/class member's legal issues are identical. Once the Court has rendered a decision on liability, the Plaintiff need only prove the amount of damages granted under the statute.

### B.2. Questions of law and fact common to class members dominate this case

Another method listed to determine if a class action lawsuit is superior to other methods is listed in ORCP 32B(3). It looks at the extent that "questions of law and fact" common to the class members "predominate over any questions affecting only individual members." ORCP 32B(3).

#### B.2.a. Common questions of fact

Plaintiff's claims for relief are dominated by specific factual questions. (1) Did Defendant improperly truncate employee time downward causing it to fail to pay all wages, minimum wages, and overtime wages. Once these questions of fact are determined, all remaining factual issues go to damages. It is well-established that individual questions with respect to damages will not defeat class certification. In *Alsea Veneer, Inc. v. State*, the Court stated: "The fact that damages may be different with respect to the individual policyholders, or even that some policyholders may not be entitled to damages, does not negate the existence of the common legal and factual issues concerning the consequences of the transfer on SAIF's dividend and premium administration." 117 Or App 42; 843 P.2d 492 (1992), *rev'd on other grounds* 318 Or 33, 41 (1993) (In reversing on other grounds, the Court specifically stated that

Page 9 -    Memorandum in Support of Plaintiff's Motion for Partial Class Action Certification as to Claim No. 1 (ORCP 32C).

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

the Appellate Court correctly ruled on the certification issue). The Court continued stating "We conclude that the proposed class satisfies the requirement of subparagraph (2)[commonality]." *Id.* Oregon Courts do not follow federal laws where the ORCP's differ or where our Appellate Courts have ruled on the same. *Shea v. Chicago Pneumatic Tool Co.*, 164 Ore. App. 198, 206 (1999). Therefore, differing damages is not relevant to certification of this class.

### B.2.b. Common questions of law

Common questions of law control each of the claims made by Plaintiff. Under Plaintiff's first claim for relief, the Court must determine whether the alleged truncation policy, if proven, violates Oregon's wage and hour laws. To do so, the Court will have to interpret ORS 652.120, CFR 785.48(b), and OAR 839-020-0115. If the Court rules in Plaintiff's favor, it must next decide whether Defendant's policy can cause a failure to pay overtime and minimum wages under ORS 653.025, ORS 653.261, and OAR 839-020-0030. Next it must determine what remedies are available under each claim. To do this, the Court must interpret, ORS 652.150, ORS 652.200, ORS 653.261, ORS 653.025 and ORS 653.055.

In order to certify this case as a class action, the Court need not determine whether the allegations, as alleged by Plaintiff, are violations of Oregon's laws. The Court need only determine that the elements of a class action, such as numerosity, commonality, typicality, adequacy of representation. If the elements of the class action are met, the Court should certify the case as a class action. If the Court later determines that the claims are not actionable under Oregon law, then all claims would be defeated. If the Court later determines that the claims are actionable under Oregon law, then all claims would prevail.

### B.3. Control of prosecution

ORCP B(4) looks at the "interest of members of the class in individually controlling the prosecution" of the case. There is very little reason for any single class member to want to

Page 10 - Memorandum in Support of Plaintiff's Motion for Partial Class Action Certification as to Claim No. 1 (ORCP 32C).

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

control the prosecution of this case. Unlike a discrimination claim, where strong feelings are involved, this case involves whether wages were paid, and whether defendant timely paid all wages upon termination. Thus, individual Plaintiff have very minimal interest in controlling the litigation, and each plaintiff can be adequately represented as a member of the class.

### B.4.  Desirability of proceeding as a class

As stated above, Plaintiff conservatively estimates that there are well over 900 class members covered by this lawsuit. To process and hear each case separately would be an inefficient use of limited judicial resources. Further, each claim would require mandatory Court supervised arbitration, each with the potential for trial *de novo*. The combining of the 900 plus small wage claim cases into a single class action is judicially efficient.

### B.5.  Multnomah County is a desirable location to concentrate litigation under ORCP 32B (6)

Multnomah County is a desirable location to concentrate the litigation. Defendant has 85 branch locations in the tri-county area, or 47.2% of the branch locations in Oregon.[4] Since almost half of the potential witnesses and claimants are concentrated in and around Multnomah County, it is desirable to concentrate the litigation here.

### C.  Defendant is estopped from stating that the rounding claim is not proper for certification.

In *Rivera v. US Bank*, both Judges Baldwin and Wyers certified the truncation claim for class action treatment. Therefore, Defendant is estopped from arguing that this claim should not be certified.

### CONCLUSION

The Court should certify this case as a class action suit. Plaintiff has met the

---

[4] Numbers derived from Defendant's yellow page advertisements with QuestDex Yellow Pages. There are 85 locations listed for the tri-county area. (Ex. O). Defendant has admitted that it has approximately 180 branches are located in the state. (Ex. L). Therefore, 85 / 180 = 47.2%

Page 11 -   Memorandum in Support of Plaintiff's Motion for Partial Class Action Certification as to Claim No. 1 (ORCP 32C).

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

requirements of ORCP 32A. First, Plaintiff has shown numerosity exists as to the claim for unpaid wages due to the truncation conversion chart. The smallest estimated class size being no smaller than 900 members. The documents submitted by Plaintiff on this claim alone far exceed the minimum 25 member requirement.

Second, Plaintiff has also shown that common questions of law or fact dominate this case. Plaintiff alleges that Defendant had the practice and procedure of truncating employee work time downward causing non-payment of wages. This is a common question of fact. Whether this truncation policy and practice violates Oregon laws are common questions of law. See ORS 652.120, 652.200, 653.010, 653.025, 653.055, 653.261, OAR 839-020-0030. All the laws reviewed by the Court in determining liability will be identical. Therefore, common questions of fact and law predominate over this case.

Third, due to Plaintiff's counsel's extensive experience with wage and hour cases, and experience with class action litigation, Plaintiff will be adequately represented because no disabling conflicts exists between class members and the named plaintiff.

Plaintiff has also met the requirements of ORCP 32B. Due to the nature of the case, and the large number of potential individual suits, it would be an inefficient use of judicial resources to hear each case individually, and there is a real risk of inconsistent adjudication. Further, there is little interest by individual class members to control the prosecution of this suit.

**WHEREFORE**, Plaintiff respectfully request this Court certify this case as a class action.

Date: September 1, 2006

By _____
DAVID A. SCHUCK, OSB 99356
Of Attorneys for Plaintiff

Page 12 -   Memorandum in Support of Plaintiff's Motion for Partial Class Action Certification as to Claim No. 1 (ORCP 32C).

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **Memorandum in Support of Motion for Partial Class Action Certification as to Claim No. 1( ORCP 32)** upon:

Christopher McCracken
Carol Bernick
Davis Wright Tremaine LLP
1300 SW Fifth Avenue, Ste. 2300
Portland, OR 97201

by the following indicated method or methods:

[X]   by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the person as shown above, the last-known office address of the person, and deposited with the United States Postal Service at Vancouver, Washington on the date set-forth below.

DATED:   September 1, 2006

_____
KAREN A. MOORE