JUDITH DROZ KEYES (CA State Bar No. 66408)
STUART W. MILLER (CA State Bar No. 127766)
KATHLEEN D. POOLE (CA State Bar No. 228815)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-6533
Telephone:   (415) 276-6500
Facsimile:    (415) 276-6599
jkeyes@dwt.com
stuartmiller@dwt.com

Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANN ROSS, DENNIS RAMOS, MAURITA PRASAD, and KELLY SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION, dba US BANK,<br><br>Defendant. | Case No. C 07-2951SI<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* MOTION BY DEFENDANT US BANK NATIONAL ASSOCIATION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE**<br><br>[Civil L.R. 7-10 and 16-2(d)]<br><br>[*Ex Parte* Motion, Declaration of Judith Droz Keyes, and Proposed Order filed concurrently herewith]<br><br>CMC Date:   October 21, 2007<br>Before the Hon. Susan Illston |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* MOTION
FOR RELIEF FROM CASE MANAGEMENT SCHEDULE
Case No. C 07-2951SI

SFO 372340v2 0023784-000227

## INTRODUCTION

Pursuant to the Order Setting Case Management Conference issued by this Court on July 5, 2007 ("CMC Order") and Civil Local Rules for the Northern District of California ("Local Rules") 7-10 and 16-2 (d), defendant U.S. Bank National Association ("U.S. Bank") moves *ex parte* to request that the Initial Case Management Conference ("Initial CMC") be continued from October 12, 2007 to November 9, 2007 or any date thereafter that would allow this Court to decide U.S. Bank's Motion to Dismiss or, in the Alternative, Stay Action; To Dismiss Washington Law and California Lost Time Deduction Claims; and for Judgment on Conversion and Oregon Law Meal Period Claims ("Motion to Dismiss") before the Initial Case Management Conference and related deadlines. U.S. Bank also moves that any related case management and disclosure deadlines under the Local Rules, Federal Rules of Civil Procedure ("Federal Rules"), Standing Order for All Judges of the Northern District of California ("Standing Order"), and the CMC Order be continued accordingly.

Good cause exists for this continuance. The Local Rules, Federal Rules, Standing Order, and CMC Order create extensive requirements for the parties to meet in the weeks preceding the Initial CMC. Due to the Court's continuance of the hearing for the Motion to Dismiss, that hearing is now scheduled on the same day as the Initial CMC. Continuing the Initial CMC will avoid the parties and the Court from having to spend time and resources on case management matters that could prove unnecessary if the Court grants the Motion to Dismiss in whole or in part.

## FACTS

This case was filed in Alameda County Superior Court on April 6, 2007. On June 7, 2007, it was removed to the U.S. District Court for the Northern District of California, and was assigned to the Honorable Charles Breyer. On July 5, 2007, upon Administrative Motion by U.S. Bank, this Court ordered that this action be transferred to this Court for all purposes. On that same day, this Court ordered that the Initial CMC be set for October 12, 2007 at 2 p.m.

On August 16, 2007, U.S. Bank filed its Motion to Dismiss this action under the *Colorado River* doctrine, as it is duplicative of previously filed actions pending in the state and federal courts of Oregon. The Motion to Dismiss also seeks dismissal of all Washington law claims; the

1

tenth cause of action for conversion; the seventh cause of action for unpaid meal periods under Oregon law; and the fourth cause of action for lost-time deductions under California law. Thus, depending on the Court's ruling, the Motion to Dismiss could result in this action being dismissed, stayed, or narrowed.

The Motion to Dismiss was originally noticed and set for hearing on September 21, 2007. On August 22, 2007, this Court issued an Order *sua sponte* continuing that hearing until October 12, 2007 at 9:00 a.m.– the same day as the Initial CMC.

On August 27, 2007, U.S. Bank's counsel Judith Droz Keyes spoke with Plaintiffs' counsel Shelby Clark and requested that Mr. Clark stipulate to continuing the Initial CMC until after the Motion to Dismiss had been decided. (*See* Declaration of Judith Droz Keyes ("Keyes Decl."), filed concurrently herewith, at ¶ 2.) Mr. Clark said he would consider the request. (*Id.* at ¶ 2.) Later that day, Mr. Clark responded via e-mail to Ms. Keyes stating "we won't be able to stipulate to postponing the CMC." (*Id.* at ¶ 3.) A true and correct copy of Mr. Clark's e-mail is attached to the Keyes Declaration as Exhibit A.

## **LEGAL STANDARD**

Local Rules 16-2(d) and 7-10 authorize this *ex parte* motion for relief from the case management schedule and continuance of the Initial CMC and related dates.[1] "[A] party may file an *ex parte* motion . . . only if a statute, Federal Rule, local rule or Standing Order authorizes the filing of an *ex parte* motion in the circumstances." (Local Rule 7-10.) *Ex parte* notice is implicitly authorized by this Court's CMC Order, which states that "[a]ny request to reschedule the [CMC and related dates] should be made in writing, and by stipulation, if possible, not less than ten days before the conference date." As this time period is substantially shorter than the

---

[1] Local Rule 16-2(d) provides that "[b]y serving and filing a motion with the assigned judge pursuant to Civil L.R. 7, a party . . . may seek relief from an obligation imposed by FRCivP 16 or 26 or the Order Setting Initial Case Management Conference," so long as the motion refers to 1) the circumstances supporting the request; 2) attempts to meet and confer with other parties, and the other parties' position on the motion; and 3) is accompanied by a proposed case management schedule. All of these elements are present in this Motion.

thirty-five day notice and motion period required by Local Rule 7-2(a), the CMC Order thus appears to contemplate that the CMC may be rescheduled by *ex parte* motion.[2]

This *ex parte* Motion complies with all procedural requirements. It is a "written request" that the Initial CMC be rescheduled; it has been made well over ten days in advance of the Initial CMC. U.S. Bank filed this *ex parte* Motion as soon as was practicable after receiving notice that the Court had continued the hearing on its Motion to Dismiss. In addition, U.S. Bank sought a stipulation from Plaintiff's counsel to continue the Initial CMC. Plaintiffs' counsel declined to stipulate.

U.S. Bank has "[g]ood cause" for seeking relief. The Motion to Dismiss, if granted, would eliminate or stay all or part of the claims at issue. The case management schedule imposed by the CMC Order, Local Rules, and Federal Rules may be rendered moot by this Court's decision. It would be unnecessarily burdensome for the parties to have to meet and confer to discuss the twenty procedural and factual points outlined in the Standing Order and to have to complete their Initial Disclosures, in an action that may be dismissed, stayed, or narrowed in its entirety a short time thereafter. (*See* CMC Order at pp. 1-2; *see also* Standing Order; Fed. R. Civ. P. 26(f).) In addition, the parties would be unable to meaningfully discuss case management issues before the Motion to Dismiss is decided, as the parties would not know which (if any) claims will remain after this Court has decided the Motion to Dismiss.

//
//
//
//
//

---

[2] Local Rule 7-10 also provides that "[t]he [*ex parte*] motion must include a citation to the statute, rule or order which permits the use of an *ex parte* motion to obtain the relief sought." This provision thus appears to authorize citation to this Court's CMC Order in support of this *ex parte* motion. Should this Court consider the CMC Order not to permit an *ex parte* motion under Local Rule 7-10, U.S. Bank respectfully requests that this Motion be treated as an Administrative Motion for Relief under Local Rule 7-11, which applies to "miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge." *See* Local Rule 7-11.

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* MOTION
FOR RELIEF FROM CASE MANAGEMENT SCHEDULE
Case No. C 07-2951SI

In light of the foregoing, U.S. Bank respectfully requests that the Court issue an Order continuing the Initial Case Management Conference until November 9, 2007 (or any date thereafter that would allow this Court sufficient time to decide the Motion to Dismiss), and continuing all other case management and disclosure requirements in accordance with the revised date for the Initial Case Management Conference.

DATED: August 29, 2007

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By:  */s/ Judith Droz Keyes*
      Judith Droz Keyes
Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION