**BAILEY PINNEY, PC**
1498 SE Tech Center Place, Suite 290
Vancouver, Washington 98683
Telephone: (360) 567-2551
Fax: (360) 567-3331
**JOSE R. MATA**, Cal Bar No. 83724, OSB 80305
E-Mail: JMata@wagelawyer.com
**SHELBY L. CLARK**, Cal.Bar No. 203606, OSB No. 06049
E-Mail: Sclark@wagelawyer.com
**DAVID A. SCHUCK**, Pro Hac Vice, OSB No. 99356, WSB No. 37285
E-Mail: Dschuck@wagelawyer.com

**BONNIE MAC FARLANE**, Cal. Bar No. 161526
720 Howe Avenue, Suite 113
Sacramento, CA  95825
Telephone:  (800) 230-5528
Fax:  (800) 230-5866
E-Mail:  BMacFarlane@wagelawyer.com

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ann Ross, Dennis Ramos, Maurita Prasad, and Kelly Smith, individually and on behalf of all others similarly situated,, <br><br> Plaintiffs, <br><br> vs. <br><br> US Bank National Association, <br><br> Defendant. | Case No. C 07-02951 SI <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE** <br><br> CMC Date:       October 21, 2007 <br><br> Hon.  Susan Illston |

## INTRODUCTION

Granting US Bank National Association's ("US Bank's") motion to postpone the Case Management Conference hearing date and associated pre-hearing dates would unduly delay this case and will deprive claimants under the Fair Labor Standards Act ("FLSA") of their remedies.  US Bank is unlikely to prevail in the motion to dismiss or to stay this case.  Thus, there is no substantial likelihood

of avoiding the waste of the Court's or the parties' time and resources. The *Ex Parte* Motion for Relief from Case Management Schedule (the "*Ex Parte* Motion") should be denied.

## LEGAL STANDARD

US Bank fails to state the proper legal standard for evaluating its motion and does not satisfy that standard. A recent case from the Eastern District of California clearly lays out the issues:

> Motions to stay discovery may be granted upon a showing of good cause by the moving party or where "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed R. Civ. P. 26(c)(4), *GTE Wireless, Inc. V. Qualcomm, Inc.*, 192 F.R.D. 284, 285-86 (S.D. Cal. 2000). Generally, however, such motions are disfavored because discovery stays may interfere with judicial efficiency and cause unnecessary litigation in the future. *O'Neal v. NCO Fin. Sys. Inc.*, 2006 US Dist. LEXIS 83505 at 5 (S.D. Cal.. 2006).

*Qwest Communs. Corp. v. Herakles, LLC*, 2007 U.S. Dist. LEXIS 57757 at *4-5 (August 28, 2007).

## ANALYSIS

Plaintiffs' case is strong and it will survive US Bank's Motion to Dismiss, or in the Alternative, to Stay Action; to Dismiss Washington Law and California Lost Time Deduction Claims; and for Judgment on Conversion and Oregon Law Meal Period Claims ("US Bank's Motion to Dismiss"). Moreover, should the Court identify any errors in their complaint (which was pled for and filed in state court), Plaintiffs can remedy any errors by amendment.

US Bank cannot rely on *McElmurry v. US National Bank Association*, District of Oregon, Case No. CV-04-642-HU ("*McElmurry*") as a basis for dismissing or staying the present case under *Colorado River*. The *McElmurry* court denied the plainitffs' motion to certify a collective action, and held that opt-ins are not permissible and that no new plaintiffs can be joined. Thus, the Plaintiffs here are unable to obtain redress in *McElmurry*, and a stay or dismissal based on that case would be inappropriate. Moreover, the Oregon state cases upon which US Bank relies for its *Colorado River* argument (*Lowdermilk* and *Tate*) pertain only to Oregon and would not result in a *Colorado River* stay for California claimants. Neither *Lowdermilk* nor *Tate* includes FLSA claims, and neither case covers the period since it was filed – on or about March 29, 2006, and July 12, 2006, respectively. The balance of US Bank's Motion to Dismiss is equally flawed.

Because the claims of FLSA claimants are not tolled until they have filed opt-in forms, and

because discovery is needed to obtain the names and addresses of potential claimants, granting the *Ex Parte* Motion will leave the statute of limitations running on those claims. If the Court grants the *Ex Parte* motion it should therefore also issue an order tolling the statute of limitations for FLSA claims in this case.

Granting US Bank's *Ex Parte* Motion will unduly delay a case that has already languished since April 6 of this year. Plaintiffs have been unable to conduct active discovery of US Bank's records and personnel due to the restrictions of Fed. R. Civ. P. 26(d). US Bank is well aware of the scope and nature of Plaintiffs' intended discovery, having been served with discovery requests in the state case before US Bank removed it to federal court. Those requests included such specific matters as particular columns (identified by column header) in particular databases (identified by name). US Bank has also had ample time to investigate Plaintiffs' claims and ascertain the documents and individuals within its control who are relevant to this case.

US Bank notes that it filed the *Ex Parte* Motion "as soon as was practicable after receiving notice that the Court had continued the hearing on its Motion to Dismiss." That hearing was pushed back from September 21 to October 12, 2007. Yet the September 21 date was itself under US Bank's control, and was established at the time when US Bank's Motion to Dismiss was filed – on August 16, 2007. US Bank took more than two months after it removed the case to federal court (on June 7, 2007) to file a motion to dismiss, two months during which Plaintiffs were unable to initiate formal discovery. Now it seeks to further delay proceeding with the case on the ground that proceeding with case management "could prove unnecessary."

Dated: August 31, 2007            Bailey Pinney, PC


By ___/s/_____
Shelby L. Clark
Attorneys for Plaintiffs