**BAILEY PINNEY, PC**
1498 SE Tech Center Place, Suite 290
Vancouver, Washington 98683
Telephone: (360) 567-2551
Fax: (360) 567-3331
**A.E. BUD BAILEY**, Pro Hac Vice, OSB No. 87157, WSB No. 33917
E-Mail: Bbailey@wagelawyer.com
**JOSE R. MATA**, Cal Bar No. 83724
E-Mail: JMata@wagelawyer.com
**SHELBY L. CLARK**, Cal.Bar No. 203606
E-Mail: Sclark@wagelawyer.com

**BONNIE MAC FARLANE, Cal. Bar No. 161526**
720 Howe Avenue, Suite 113
Sacramento, CA  95825
Telephone:  (800) 230-5528
Fax:  (800) 230-5866
E-Mail:  BMacFarlane@wagelawyer.com
Attorneys for Plaintiffs Ross, Ramos, Prasad, and Smith

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ann Ross, Dennis Ramos, Maurita Prasad, and Kelly Smith, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>US BANK NATIONAL ASSOCIATION, dba US BANK,<br><br>Defendant. | **Case No. C 07-02951 SI**<br><br>**Plaintiffs' Opposition to Defendant's Motion to Dismiss or in the Alternative to Stay the Action; to Dismiss Washington Law and California Lost Time Deduction Claims; and for Judgment on the Conversion and Oregon Law Meal Period Claims**<br><br>**Date:    September 21, 2007**<br>**Time:    9:00 a.m.**<br>**Ctrm:      10**<br><br>**Hon.  Susan B. Illston** |

### I.  STATEMENT OF ISSUES TO BE DECIDED – Civil LR 7-4(a)(3)

Defendant's motion presents the following issues for decision:

1.      This wage-claim class action has putative class members in Washington, Oregon, and California.  There is a "*McElmurray*" FLSA action in which the Oregon U.S. District Court has denied certification as a collective action, refused to allow opt-in plaintiffs, and indicated that no new plaintiffs may be joined.  There are also two Oregon state-court, wage-claim class actions that have not been certified, do not allege all the claims alleged in this case, and whose putative classes are limited

1  to Oregon.    Should this action be dismissed or stayed because the above actions are pending?

2  2.        Should the Court dismiss all the Washington claims because there is no class representative

3          from Washington?

4  3.        Should the Court dismiss the California lost time deduction claim?

5  4.        Should the Court dismiss the conversion claims?

6  5.        Should the Court dismiss the Oregon meal period claim?

7  ## II.  FACTUAL SUMMARY

8      *McElmurry v. US National Bank Association*, District of Oregon, Case No. CV-04-642-HU

9  ("*McElmurry*") was brought as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards

10  Act ("FLSA").  In *McElmurry,* the Oregon U.S. District Court recently ruled that no collective action

11  has been certified, that opt-ins are not permissible, and that no new plaintiffs can be joined. (Magistrate

12  Judge's *Findings and Recommendation*, ("F&R"), pp. 4-7; District Judge's *Opinion and Order*

13  ("Order") , pp. 9-10; attached as Ex.'s A and B, respectively, Declaration of David Schuck).

14  Specifically, the Court ruled that "because [the opt-in plaintiff] is not a named plaintiff and no

15  collective action has been certified, she is not a proper party to this litigation and cannot seek summary

16  judgment." Order, p. 10.  The Court also effectively held that no new plaintiffs may be added to the

17  litigation: "The Findings and Recommendation also concluded properly that plaintiff's eleventh-hour

18  motion to add [the opt-in plaintiff] as a party should be denied." *Id.*

19      In rejecting the motion to add a new plaintiff the Court stated that, "Discovery has been closed

20  since July 2005 * * * .  It is simply too late to add another party." F&R, p. 7. Because of the Court's

21  rulings, *McElmurry*  is now an individual case.  Both *Lowdermilk v. U.S. Bank NA,* Oregon Circuit

22  Court for Multnomah County case no. 0603-03335 ("*Lowdermilk*") and *Tate v. U.S. Bank NA*, Oregon

23  Circuit Court for Multnomah County case no. 0607-07188 ("*Tate*"), pled only Oregon state law classes.

24  Schuck Decl., ¶'s 4-5.   None of the named plaintiffs here is a named plaintiff in *Lowdermilk* or *Tate*.

25  *Id.*  To date, the courts have not granted or denied class certification for any claims in either

26  *Lowdermilk* or *Tate*.  *Id.*  Neither *Lowdermilk* nor *Tate* alleges any claims under the FLSA.  *Id.*

27  ## III.  ARGUMENT

28  ### A.      THE *COLORADO RIVER* DOCTRINE

**1.     The *McElmurry* case**

The Court should not dismiss or stay this action under the *Colorado River* Doctrine because of *McElmurry*. *McElmurry* involves different parties and will not resolve all issues before this Court. A federal court action is considered duplicative of another federal court action "if the claims, parties, and available relief do not significantly differ between the two actions." *Sierlin v. Aurthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir., 1993). Further, under the *Colorado River* Doctrine, the first "dispositive factor" is "whether the state court judgment will resolve all of the issues before the federal court." *McElmurry v. US Bank Nat'l Ass'n*, 2004 U.S. Dist. LEXIS 15233, *17 (D. Or., July 27, 2004) (Denying motion for stay under *Colorado River*) citing *Holder v. Holder*, 305 F.3d 854, 870 (9th Cir. 2002); *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993).

This Court cannot dismiss or stay this action under *Colorado River because it cannot,* conclude that "the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Intel, supra.* As the Ninth Circuit held," *If there is any substantial doubt as to this*, it would be a serious abuse of discretion to grant the stay or dismissal at all." *Id.* (Emphasis in original).

**a.     The parties are different and certification has been denied in *McElmurry***

This case is not duplicative of *McElmurry* because none of the named plaintiffs in this action is a party in *McElmurry*. (Schuck Declaration, ¶3). A judgment in *McElmurry* will not resolve all the issues before this Court. Moreover, the *McElmurry* Court has denied collective action certification, will not allow opt-ins or new parties to be added, and has closed discovery. The case is approaching trial. With the possible exception of the named plaintiffs in *McElmurry* (who might be putative class members in this action as to some state-law claims with long statutes of limitation), there is no overlap of parties between the two cases; they "significantly differ." *Sierlin*, *supra*.

In general, a court will not stay a federal class action case in favor of a case in which class certification has not been granted. In *McElmurry*, the Court denied a motion for stay under *Colorado River,* holding that, "The resolution of this particular motion turns on the dispositive factor." *McElmurry v US Bank Nat'l Ass'n,* supra., 2004 U.S. Dist. Lexis 15233 at *18. The Court observed that "neither of the plaintiffs in this case is a plaintiff in [the state court cases]. Thus, unless one or both of

1    those cases is certified as a class action, a judgment in either of those cases will not resolve the claims

2    brought by these plaintiffs in the instant case." *Id.*   Similarly, now that the *McElmurry* Court has

3    refused to certify *McElmurry* as a collective action, a judgment in *McElmurry* will not resolve the

4    claims brought by the plaintiffs in this action.[1]

5           **b.**       **The class periods are different**

6           To a large extent, the parties and the issues in a class action are defined by the class period.  The

7    class period is determined by the filing date of the action and the applicable statutes of limitation.  On

8    April 27, 2007, plaintiffs commenced this action.  Most of the claims have a statute of limitations of

9    between two and four years.  For example, the statute of limitations for an FLSA claim is two years,

10   three years if the defendant's conduct is willful.  29 U.S.C. § 255(a).  The *McElmurry* action was filed

11   on May 11, 2004. Therefore, for the FLSA classes, the class period does not overlap *McElmurry's* class

12   period, if defendant's conduct was not willful.  If defendant's conduct was willful, the class period

13   overlaps *McElmurry* by 14 days – the time period between May 11, 2004 and April 27, 2004.  Even if

14   plaintiffs and putative class members could opt-in to the *McElmurry* case, they would only have a

15   maximum of 14 days of their claims adjudicated.

16          The same is true for the state-law unpaid penalty wages class in this case.  The statute of

17   limitations for California statutory overtime and minimum wage claims is also three years.  California

18   Code of Civil. Procedure, § 338(a), discussed in *Murphy v. Kenneth Cole Productions, Inc.,* 40 Cal. 4th,

19   1094, 1099, 1102 (2007)[2].  Similarly, in Oregon, claims for penalty wages – i.e., for late payment of

20

21

---

22          [1]In a wage-claim class action in this District, the Court noted that, "[T]he Court does not
23   believe that the [the state court action] will adequately protect the interests of the Plaintiffs in this
     action. The court in [the state court action] has already denied class certification. Therefore, even if
24   [the named plaintiff]is granted some relief, that remedy will not extend to Plaintiffs in this action
     (either the Representative Plaintiffs or, if certification is granted, the class they represent)."  *Wren v.*
25   *RGIS Inventory Specialists*, 2007 U.S. Dist. LEXIS 9767, *18-19 (N.D. Cal. Jan. 30, 2007).

26          [2]In California, where a written contract of employment exists, a claim for late payment of
     wages upon termination of employment may be filed within four years.  Suit for such penalties may be
27   filed "at any time before the expiration of the statute of limitations on an action for wages from which
     the penalties arise."  Cal. Labor Code § 203.  An action on a written contract may be brought within
28   four years.  Cal Code Civ Proc § 337.

---

1  wages – may also be brought within three years.  ORS 12.100(2).[3]  The nearly three year gap between

2  the filing of this action and the filing of *McElmurry* militates against dismissal or a stay. Most of the

3  claims of members of the unpaid penalty wages class would not be adjudicated by *McElmurry*, even if

4  plaintiff's were allowed to participate.

5       **c.    Other Factors**

6       The parties, the claims, and the available relief all differ between this case and *McElmurry.*

7  *Sierlin v. Aurthur Anderson & Co.*, *supra*., 3 F.3d at 223.  In  *McElmurry* there are no California state

8  claims.  *See*: Ex. A, McCracken Decl.  There are substantial differences between California overtime

9  claims and FLSA overtime claims.  The FLSA requires payment at an overtime rate for work exceeding

10 40 hours in one week.  In contrast, California law requires, in addition, payment at an overtime rate for

11 work exceeding eight hours in a day and for a higher overtime rate for work exceeding 12 hours in a

12 day.  Cal.Lab.Code § 510(a).  The available relief is also different.  For instance, California law also

13 provides for various penalties, including penalties under PAGA.  California Labor Code ¶ 2698 *et seq*.

14      The remaining non-exclusive *Colorado River* factors also do not favor dismissing or staying this

15 case in view of *McElmurry*:

16      (1) whether the state court first assumed jurisdiction over property;
        (2) inconvenience of the federal forum;
17      (3) the desirability of avoiding piecemeal litigation;
        (4) the order in which jurisdiction was obtained by the concurrent forums;
18      (5) whether federal law or state law provides the rule of decision on the merits;
        (6) whether the state court proceedings are inadequate to protect the federal litigant's rights; and
19      (7) whether exercising jurisdiction would promote forum shopping.

20 *McElmurry, supra*., 2004 U.S. Dist. LEXIS at *17-18.   The Court should consider these factors only if

21 the Court finds that the state court action resolves all issues pending before the federal court.  *Id.* at *18

22 ("The resolution of this particular motion turns on the dispositive factor.").  Such a finding is not

23 possible here.

24      If the Court does choose to review these non-exclusive factors, the first two factors are neutral.

25 Neither court has obtained jurisdiction over a *res*, California and Oregon courts are equally convenient.

26 The third factor weighs against staying this action because a dismissal or stay of this action would

27

28      [3]Further, an Oregon action for overtime must be commenced within two years.  ORS
        12.110(3).

1   promote piecemeal litigation.  *McElmurry* is at a stage where no new plaintiffs or opt-ins may be added.

2   The various plaintiffs and class members would need to initiate new actions and could not litigate all

3   issues in single forum.

4           Factor four is not relevant because this action and *McElmurry* involve different class periods.

5   Thus, *McElmurry* cannot provide a forum for litigating the claims in this action.  Factor five weighs

6   against a dismissal or stay because state law, including California law, provides the rule of decision for

7   many claims.  Factor six weighs against dismissal or stay because the rights of the plaintiffs and

8   putative class members cannot be protected in *McElmurry*.

9           Regarding factor seven, defendant complains that this action was filed to "forum shop" to avoid

10  the Court's  rulings in *McElmurry.*  Defendant ignores that the rulings in *McElmurry* would not have

11  been binding – as claim or issue preclusion or otherwise – on the plaintiffs and class members in this

12  action.  Because the *McElmurry* Court denied certification as a collective action, the rulings in

13  *McElmurry* bind only the named parties.

14  **2.    The *Lowdermilk* Case**

15          On March 29, 2006, the *Lowdermilk* plaintiffs filed a class action, alleging claims under

16  Oregon law alone.  Because *Lowdermilk's* claims are limited, the Court should find as a dispositive

17  factor under *Colorado River* that a judgment in *Lowdermilk* will not resolve all the issues pending

18  before the federal court.  *McElmurry v. US Bank Nat'l Ass'n*, supra., 2004 U.S. Dist. LEXIS at *17;

19  *Holder v. Holder*, *supra*., 305 F.3d at 870.  First, none of the named plaintiffs in this case are plaintiffs

20  in *Lowdermilk*.  Therefore, none of their claims will be resolved by *Lowdermilk* unless the Court grants

21  them class certification.  *McElmurry v. US Bank Nat'l Ass'n*, supra., 2004 U.S. Dist. LEXIS at *18

22  (Citing the lack of a class certification order in a state case as being a dispositive factor against

23  *Colorado River*.)  *Lowdermilk* pleads only an Oregon class, and cannot resolve any of the California

24  and Washington claims of California and Washington putative class members. See Ex. C, Schuck Decl.

25          Second, *Lowdermilk* does not allege FLSA claims.  Unlike the Oregon wage claims pled in

26  *Lowdermilk*, FLSA claims allow for liquidated damages, another claim that would not be resolved by

27  *Lowdermilk*.  *McElmurry v. US Bank Nat'l Ass'n*, *supra.*, 2004 U.S. Dist. LEXIS at *18 (Citing the

28  differences between the FLSA and the Oregon statutory schemes as being a dispositive factor against

1    application of *Colorado River*).

2        Third, *Lowdermilk* will not resolve any claims that arise after its filing date – March 29, 2006,

3    leaving later claims unadjudicated.  Because *Lowdermilk* will not resolve all of the issues here, the

4    Court should find that the first dispositive factor prevents dismissal or stay under *Colorado River.*  And,

5    as with *McElmurry,* the remaining non-exclusive factors also prevent a dismissal or stay.  The first two

6    of these factors are neutral because *Lowdermilk* does not involve a *res* and because Oregon and

7    California are equally convenient for litigating the issues.  The third factor, the avoidance of piecemeal

8    litigation, weighs against stay or dismissal because this action, not *Lowdermilk,* is the most inclusive.

9    The fourth factor is largely irrelevant because *Lowdermilk* and this action overlap minimally.  The fifth

10   factor weighs against dismissal or stay because, although Oregon law will decide *Lowdermilk*, Oregon

11   law will decide only a fraction of the issues in this case – many of which are based on federal,

12   California, or Washington law.  The sixth factor, the adequacy of the state proceedings to protect the

13   rights of the federal litigants, weighs against dismissal or stay because *Lowdermilk* does not address

14   federal law.  Finally, as discussed above, the forum shopping factor is not significant.

15   **3.    The *Tate* Case**

16        As in *Lowdermilk*, *Tate* is also an Oregon state court case that pleads an Oregon class only.

17   And, as in *Lowdermilk*, no plaintiffs in this action are plaintiffs in *Tate;* class certification has not been

18   granted; no FLSA claims are presented in *Tate;* no California or Washington wage claims are presented

19   in *Tate*; and *Tate* will not resolve any claims arising after July 10, 2006, its filing date.  As with

20   *McElmurry* and *Lowdermilk*, the first dispositive factor prevents a dismissal or stay under *Colorado*

21   *River* and the non-exclusive factors also weigh against a stay or dismissal. (Citations omitted.)

22   **4.    Defendant's Authorities regarding *Colorado River***

23        Defendant's reliance on *Ginz v. Jack-in-the-Box Inc.,* 2006 U.S. Dist. LEXIS 88987 (N.D. Cal.,

24   2006) is misplaced because the facts of that case are markedly different from those before this Court:

25   ●      In *Ginz,* the primary named plaintiff in the federal court class action was the only named

26          plaintiff in the state court class action.  *Ginz*, *2-5.  It appears that the other named plaintiffs in

27          the federal case would have been putative class members in the state case.  Here, none of the

28          named plaintiffs in this case is a named plaintiff in *McElmurry*, *Lowdermilk*, or *Tate*.

---

1    Moreover, the California named plaintiffs and the Washington and California putative class

2    members  in this case are not putative class members in any of the Oregon cases.

3  ●  The class period for the *Ginz* California class in the federal case (the only portion stayed or

4    dismissed in *Ginz*) was completely subsumed by the class period in the state court class action.

5    *Ginz* found that  the "California class period in the federal action" began "on April 27, 2002,"

6    (*Ginz* at *12) and that "California non-exempt night-shift workers who worked at JIB on or after

7    April 27, 2002 are represented in both actions."  *Ginz* at *13.  Thus, the class period overlapped

8    completely.

9  ●  The *Ginz* Court found that "The only difference between the classes in the state and federal

10    actions is that the federal action includes a nation-wide class which consists of workers

11    throughout the United States including California, as well as the California class."  *Ginz* at *12-

12    13.  Notably, the *Ginz* Court did not dismiss or stay the nationwide class.  *Ginz* at *21.

13  *Ginz* does not support a *Colorado River* dismissal or stay in this case.

14  **B.    STANDING**

15    Under Rule 12 (b) (1), defendant asks the court to dismiss the claims plaintiffs assert under

16  Washington law and the California lost time deduction claim.  Defendant argues that plaintiffs lack

17  standing to bring these claims.  The question of standing, however, focuses primarily on the parties, not

18  the claims.  To determine standing, the Court considers whether "a party has a sufficient stake in an

19  otherwise justifiable controversy to obtain judicial resolution of that controversy."  *Sierra Club v.*

20  *Morton*, 405 U.S. 727, 731 (1972).  Here, defendant does not dispute plaintiffs' standing generally.  It is

21  true that not each of the plaintiffs has all of the claims asserted, but that does not destroy the court's

22  jurisdiction over the subject matter or negate the parties' standing.

23    Under Article III of the United States' Constitution, to have "standing," a plaintiff must show a

24  direct injury to him or herself, that the injury is caused by the challenged activity, and that the injury is

25  apt to be redressed by a remedy that the court is prepared to give.  Wright, Miller & Cooper, Federal

26  Jurisdiction 2d. § 3531.4, page 418.  Here, plaintiffs allege that defendant violated various state and

27  federal laws regarding wages, hours, and working conditions.  Each of the plaintiffs in this action has

28  suffered a direct injury as a result of defendant's actions.  This court previously determined that it had

1    subject-matter jurisdiction over plaintiffs' allegations when defendant removed this case to federal

2    court and asserted that the court had subject-matter jurisdiction over plaintiffs' federal and state law

3    claims.

4          What defendant seeks now is the dismissal of certain portions of plaintiffs' claims.  Defendant

5    cannot accomplish this goal, however, by attacking plaintiffs' standing or the Court's subject-matter

6    jurisdiction.  Defendant is actually asking the Court to determine whether certain claims can be

7    maintained by the named plaintiffs on behalf of the putative class members.  But absent class members

8    need not prove standing.  Newberg on Class Actions, Fourth Ed. § 2:7 (2002).  The Court should not

9    now address dismissal of these claims because Rule 23 determines whether these claims ultimately will

10    be part of a class or subclass.  *Id.*  In essence, defendant is attempting to raise certification issues of

11    typicality and adequacy of representation without the benefit of a class certification motion.

12          Even assuming the Court could reach these issues, the Court should decline to dismiss

13    plaintiffs' Washington claims or plaintiffs' California claim.  The injury suffered by the named

14    plaintiffs is the same as the injuries suffered by putative class members, even if those putative class

15    members are entitled to recovery under different state laws than the named plaintiffs.

16    **C.    OREGON MEAL CLAIM**

17          Defendant asked the Court to enter judgment against plaintiffs on the Oregon law meal period

18    claim.  To support this request, defendant relies on *Gafur v. Legacy Good Samaritan Hosp. & Med. Ctr*,

19    213 Or App 343, 161 P.3d. 319 (Or. App. 2007).  *Legacy* does not stand for the proposition that there is

20    no private right of action for missed meal periods. The plaintiffs in *Legacy* sought, among other things,

21    lost wages for the defendant's rest and meal period violations.  The defendant argued that the plaintiffs

22    had no private right of action to recover for either violation because the rules defining the violations

23    were established by the state enforcement agency, the Oregon Bureau of Labor and Industries (BOLI),

24    and that BOLI alone could seek redress for these violations.  The *Legacy* Court disagreed, holding that

25    – with regard to the missed breaks claim – the plaintiffs alleged that defendants paid them "less than the

26    wages to which [they were] entitled" under ORS 653.261 and 653.055, an allegation stating facts that, if

27    proved, would establish the defendant's liability to the plaintiffs and create a private right of action.

28    *Legacy, supra,* 213 Or. at 350.

1        Under the procedural posture of the *Legacy* case, the Court rejected the plaintiffs' meal break

2  claim because the original complaint did not allege lost wages for missed meal periods.  (A claim for

3  lost wages was asserted in the plaintiffs' amended complaint, but that was not before the court.)  Here,

4  however, plaintiffs claim that defendant failed to pay all wages due because defendant failed to pay

5  wages for meal periods that were interrupted by work in contravention of Oregon Law.   Complaint,

6  Paragraphs 25, 100.[4]  Plaintiffs' meal period claim, therefore, constitutes a valid claim under *Legacy*

7  and Oregon law.  This court should not enter judgment in favor of defendant on this claim.

8  **D.    CONVERSION CLAIM**

9        Defendant does not cite any cases holding that the nonpayment of wages cannot constitute

10  conversion.  Indeed, what defendant's argument amounts to is that plaintiff has not pled "a definite and

11  specific sum." (Defendant's Memorandum, p. 13).   Plaintiffs, however, did plead defendant's use of a

12  truncation chart – the unavoidable effect of which is to remove definite and specific sums of money

13  from employees' paychecks.  Paragraph 115 of the complaint, regarding conversion,  alleges that

14  "Defendant failed to pay Plaintiff' wages "including the truncated wages."   Defendant's use of the

15  truncation chart is more specifically alleged at Paragraph 21 of the complaint and a sample chart is

16  attached as Exhibit A thereto.

17        On its face, the truncation chart eliminates precisely delineated amounts of time from each

18  employee's hours worked.  The effect of the truncation chart is to intentionally and willfully withhold

19  "definite and specific" sums from employees' paychecks.  The conversion claim should not be

20  dismissed,  especially at this initial pleading stage, and the Court should deny defendant's motion to

21  dismiss the conversion claim.

22  **Dated:    September 14, 2007**    **Bailey Pinney, PC**

23                                              **By   /s/**

24                                              **Jose R. Mata**

                                            **Attorneys for Plaintiffs**

25

26

27

28        [4]Plaintiffs recognize that the allegation as presently written is ambiguous and seek leave to amend the Complaint to clarify this claim.