# Exhibit B

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KERI MCELMURRY and KAREN
MRAZEK, individually and on
behalf of all similarly situated,

       Plaintiffs,                              Civil No. 04-642-HU

       v.

                                              OPINION AND ORDER

US BANK NATIONAL ASSOCIATION,
and its affilliates and subsidiaries,

       Defendant.

HAGGERTY, Chief Judge:

       Keri McElmurry and Karen Mrazek (McElmurry, Mrazek, or plaintiffs) brought this action under the Fair Labor Standards Act (FLSA) on behalf of all similarly situated plaintiffs against US Bank National Association (defendant or US Bank). Plaintiffs have moved for summary judgment or partial summary judgment on three claims: a timesheet conversion chart claim, a sales and service manager (SSM) claim, and a late payment at termination claim.

       Magistrate Judge Hubel addressed these motions in a Findings and Recommendation

[410] issued March 23, 2006. This Findings and Recommendation recommended that: (1) plaintiffs' Motion for Summary Judgment as to the timesheet conversion chart claim [345] should be denied; (2) plaintiffs' Motion for Summary Judgment as to the SSM claim [355] should be denied as to Mrazek and putative opt-in plaintiff Sherry Gustafson (Gustafson), and granted as to McElmurry; (3) plaintiffs' Motion to Amend to add Gustafson as a party, asserted in plaintiffs' Reply in support of the Motion on the SSM claim [396], should be denied; and (4) plaintiffs' Motion for Summary Judgment as to the late payment at termination claim [350] should be denied. The Magistrate Judge also denied as moot defendant's Motion to Strike [364] certain evidence submitted by plaintiffs in support of their timesheet conversion claim.

Plaintiffs and defendant each filed timely objections to this Findings and Recommendation. When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendation, the objections, response, and the record of the case. Magistrate Judge Hubel provided a thorough analysis of the facts and circumstances regarding this litigation, and this analysis need not be repeated in detail here. Plaintiffs' request for oral argument is denied. The parties' objections are overruled, and the Findings and Recommendation is adopted.

## ANALYSIS

1. **McElmurry's Timesheet Conversion Chart Claim**

McElmurry claims that US Bank's timesheet conversion chart, which required employees to calculate their hours and minutes worked by rounding the time into tenths of hours, created a "truncation policy" that caused McElmurry to lose compensation for overtime earned. The Findings and Recommendation explained correctly that to obtain summary judgment on this claim, McElmurry had to prove that (1) she worked over forty hours a week and was improperly compensated, and (2) recording her daily total hours in hours and tenths, rather than hours and minutes, caused her to be underpaid. Findings and Recommendation at 19. Thus, the issues to be addressed are whether McElmurry worked more than forty hours in any week and, if so, whether she was paid for all hours worked. The Findings and Recommendation concluded that several issues of fact exist on this issue, precluding McElmurry's partial summary judgment motion. This court agrees.

   a. **Self-Adjustment of Start and Stop Times**

Plaintiffs object to the Findings and Recommendation's conclusion that summary judgment was unwarranted because McElmurry testified that she adjusted her start and stop times to her advantage as she recorded them on her weekly time report. Plaintiffs' objections are without merit. The Findings and Recommendation concluded correctly that a reasonable juror could find that McElmurry's practice of adjusting her start and stop times offset the allegedly truncating effect of defendant's conversion requirement. Findings and Recommendation at 21.

Plaintiffs continue to rely upon a "concession" that plaintiffs allege defendant made, derived from defendant's statement that "[b]y themselves, these rounded start and stop times probably come out in the wash." Def's Opp'n Pls.' Renewed Mot. at 17. Plaintiffs' reliance on defendant's statement is misplaced. As the Findings and Recommendation reasoned, defendant's

statement did not concede that employee self-adjustments to start and stop times did not affect the hours worked, but rather asserted that such adjustments could produce an offset resulting in no unpaid overtime. Findings and Recommendation at 20-21.

### b. Computation Errors

Plaintiffs also object to the Findings and Recommendation's conclusion that McElmurry's computation errors cast sufficient doubt on her credibility and accuracy as a timekeeper to preclude summary judgment. Findings and Recommendation at 21-22. This court rejects plaintiffs' argument that McElmurry's computation errors are not relevant to liability in this case. As the Findings and Recommendation explained, McElmurry's accuracy as a timekeeper is relevant to the factfinder's ultimate determination of whether she worked more than forty hours in any week for which she was not paid overtime. Findings and Recommendation at 22.

The court further rejects plaintiffs' assertion that defendant may not raise the inaccuracies in McElmurry's reported time worked to defeat summary judgment. Plaintiffs rely on *Anderson v. Mt. Clemons*, 328 U.S. 680, 687 (1946), *superceded by statute on other grounds*, for the proposition that it is the employer's burden to assure that daily time records are correct. This reliance is misplaced. *Anderson* held that an employee suing under FLSA has the burden to prove that he or she was not properly compensated for hours worked. *Id.* at 686. To carry this burden, the employee must prove that he or she actually performed work for which he or she was improperly compensated, and must produce some evidence to show the amount and extent of that work "as a matter of just and reasonable inference." *Id.* at 687. If the employee makes this showing, the burden shifts to the employer to come forward with evidence of the precise amount of work performed, or evidence negating the reasonableness of inferences drawn from the evidence that is before the court. *Id.* at 687-88.

As the moving party, McElmurry bears the burden to show an absence of material fact as to whether she worked more than forty hours in a week and was not compensated. Findings and Recommendation at 19. The Findings and Recommendation concluded correctly that McElmurry did not carry this burden sufficient for granting summary judgment, in light of computation errors that she made in her favor. Findings and Recommendation at 21-22.

### c.  Evidence of Actual Pay

Plaintiffs also object to the Findings and Recommendation's finding that there is no admissible evidence showing actual pay for any week in which McElmurry claims loss of overtime pay. As discussed in the Findings and Recommendation, McElmurry produced no admissible evidence of her actual wages for any week in which she claims a loss of overtime, nor did she testify or declare how much she was actually paid. Findings and Recommendation at 22-23.

Plaintiffs contend incorrectly that defendant conceded that employees' pay is based on weekly time reports. Findings and Recommendation at 23. The court rejects plaintiffs' assertion that McElmurry's "pleadin[gs] and evidence must be considered [as] a statement that she was paid for the time shown on her time records and not for the time she actually worked," as a misstatement of the parties' relative burdens on summary judgment. Pls.' Objections at 2. As the moving party, McElmurry bears the burden of demonstrating the absence of a genuine issue of fact, and all inferences must be drawn against her. *See T.W. Elect. Serv. v. Pac. Elect. Contractors*, 809 F.2d 626, 630 (9th Cir. 1987). Plaintiffs cannot overcome defendant's denial on this point by presenting conclusory statements in their pleadings.

### d.  Applicability of the *De Miminis* Rule

Finally, both parties object to the Findings and Recommendation's conclusion that outstanding factual issues preclude resolution of whether McElmurry's claim should be

dismissed as *de minimis*. The Findings and Recommendation correctly interpreted the *de minimis* rule as requiring the court to consider the "practical difficulty of recording small amounts of time for payroll purposes," in light of the administrative difficulty of recording the time, the aggregate amount of compensable time, and the regularity of the uncompensated work. Findings and Recommendation at 25 (quoting *Lindow v. United States*, 738 F.2d 1057, 1062 (9th Cir. 1984) ("employees cannot recover for otherwise compensable time if it is *de minimis*").

Defendant argues that the claim should be dismissed as a matter of law, and cites a claim seeking $0.69 compensation for overtime worked over a seven-month period. By contrast, plaintiffs object to the finding that the *de minimis* rule might apply. In particular, plaintiffs argue that the conversion chart resulted in a downward computation that never favored the employee, and that minutes lost to such an "inaccurate device" cannot be *de minimis*. Pls.' Objections at 2.

Both arguments fail. The Findings and Recommendation concluded properly that the record is unclear as to which party is responsible for any inaccuracies in the overtime minutes calculated. Findings and Recommendation at 25. Furthermore, the fact that plaintiffs sought summary judgment as to liability, and liability only for a minimum number of minutes, does not foreclose them from presenting evidence of greater amounts of time lost at trial. Findings and Recommendation at 24. The parties fail to assert any new facts or authority to overcome these evidentiary inadequacies. Accordingly, these objections are overruled.

### 2. Plaintiffs' Late Pay at Termination Claims

Additionally, McElmurry and Mzarek each bring claims under O.R.S. 652.140 and 652.150 for penalty wages owed as a result of defendant failing to timely pay them upon termination of their employment. As the Findings and Recommendation noted, to succeed on these claims plaintiffs must show that (1) plaintiffs provided at least forty-eight hours' notice of

OPINION AND ORDER -- 6

their intent to quit, and (2) US Bank willfully failed to pay them all wages earned and unpaid at the time they quit. Findings and Recommendation at 26. Plaintiffs object to the Findings and Recommendation's conclusion that issues of material fact preclude summary judgment.

### a.   McElmurry's Claim

The Findings and Recommendation stated correctly that in order to prevail on her motion for summary judgment, McElmurry bears the burden to show that a direct deposit into her account on December 1, 2003 (the December 2003 deposit), was for wages. Findings and Recommendation at 27-28. This court agrees with the Findings and Recommendation that more than one inference could be drawn from an otherwise unexplained bank statement showing an electronic deposit. Findings and Recommendation at 28. This deposit could have been a payout from incentive plans not due until the beginning of the month. Plaintiffs' contention that summary judgment is warranted because defendant failed to present evidence showing that the December 2003 deposit was not earned and unpaid wages is rejected. Plaintiffs' characterization would improperly shift McElmurry's burden of proof to US Bank.

### b.   Mrazek's Claim

Plaintiffs object to the Findings and Recommendation's conclusion that summary judgment in favor of Mrazek is precluded by testimony from a human resources employee that Mrazek remained an employee of the bank after January 17, 2003, and was "on payroll." Findings and Recommendation at 28-29. Plaintiffs' argument that "the issue is the day Mrazek quit," is unavailing. Pls.' Objections at 3. The Findings and Recommendation concluded properly that the last day of Mrazek's employment cannot be determined until the facts are developed regarding how or why Mrazek was "on payroll," and for what she was paid. Findings and Recommendation at 29.

OPINION AND ORDER -- 7

4.  **Plaintiffs' SSM Claims**

Plaintiffs also claim that they were misclassified as overtime-exempt, and so were deprived of proper compensation for overtime hours worked. The Findings and Recommendation concluded that summary judgment in favor of Mrazek should be denied, reasoning that plaintiffs conceded that defendant created an issue of fact regarding how many hours per week Mrazek worked. Findings and Recommendation at 7. The parties do not object to this conclusion. This court need not perform a *de novo* review of those portions of the Findings and Recommendation to which no objections are filed. *McDonnell Douglas*, 656 F.2d at 1313. Accordingly, this court has confirmed that there is no clear error on the face of the record regarding Mrazek's SSM claim, and adopts the Findings and Recommendation as to that claim.

Defendant objects to the Findings and Recommendation's conclusion that summary judgment is warranted in favor of McElmurry on her SSM claim, however. Findings and Recommendation at 11-14. As the Findings and Recommendation recognized, US Bank has the burden to prove that McElmurry was exempt from FLSA's overtime requirements. Findings and Recommendation at 8-10. The administrative and executive exemptions on which US Bank relies require analysis of McElmurry's "primary duty," involving the amount of time McElmurry spent on exempt and nonexempt job duties and the degree to which she exercised discretion and independent judgment. Findings and Recommendation at 9-11.

After an extensive analysis of McElmurry's evidence and testimony, the Findings and Recommendation concluded properly that no reasonable factfinder could conclude that McElmurry's primary duty was executive or administrative. Findings and Recommendation at 11-14. This court agrees with the Findings and Recommendation that the routinized tasks

OPINION AND ORDER -- 8

highlighted by defendant – assisting in the training of one vault teller, assisting the branch manager in scheduling, and giving one recommendation regarding a promotion – fail to create an issue of fact with respect to either exemption. Findings and Recommendation at 12.

Defendant also failed to produce any evidence of the frequency with which McElmurry performed exempt tasks, or any evidence showing when, if ever, McElmurry assumed responsibility for operating the branch. Findings and Recommendation at 13. The Findings and Recommendation concluded properly that the evidence produced by defendant might prompt speculation regarding the frequency with which McElmurry performed any exempt tasks, but could not defeat McElmurry's summary judgment motion. *Id.*

In a new argument that was not presented to the Findings and Recommendation Magistrate, defendant asserts that summary judgment is precluded by conflicts between McElmurry's declaration and deposition testimony. Defendant incorrectly characterizes McElmurry's deposition testimony in which she described her recommendation for one promotion as describing a recommendation for a new hire. However, the fact that McElmurry recommended one teller fails to create an issue of fact because McElmurry testified that only one teller could work the hours required, and so no decision had to be made as to which teller would be promoted. No reasonable factfinder could conclude from this testimony that McElmurry exercised sufficient discretion and independent judgment to meet either exemption.

### 5.     Putative Opt-in Plaintiff Gustafson

Finally, plaintiffs object to the Findings and Recommendation's conclusion that summary judgment should be denied as to putative opt-in plaintiff Gustafson's claims for late pay at termination and unpaid overtime. This objection is overruled. Plaintiffs offer no new analysis, authority, or argument in support of their objection. The Findings and Recommendation

OPINION AND ORDER -- 9

determined properly that because Gustafson is not a named plaintiff and no collective action has been certified, she is not a proper party to this litigation and cannot seek summary judgment. Findings and Recommendation at 4-7. The Findings and Recommendation also concluded properly that plaintiffs' eleventh-hour motion to add Gustafson as a party should be denied. Findings and Recommendation at 7.

## CONCLUSION

For the reasons provided, the Findings and Recommendation [410] is ADOPTED. Plaintiffs' Motion for Summary Judgment as to the SSM claim [355] is DENIED as to Gustafson and Mrazek, and GRANTED as to McElmurry. Plaintiffs' Motion for Summary Judgment as to the timesheet conversion chart claim [345] is DENIED. Plaintiffs' Motion for Summary Judgment as to the late payment at termination claim [350] is DENIED. Plaintiffs' Motion to Amend to add Gustafson as a party, asserted in plaintiffs' Reply in support of their Motion on the SSM claim [396], is DENIED.

IT IS SO ORDERED.

DATED this __14__ day of August, 2007.

/s/ ANCER L. HAGGERTY
ANCER L. HAGGERTY
United States District Judge