# Exhibit D

**CIRCUIT COURT OF OREGON**

**COUNTY OF MULTNOMAH**

**JAMES TATE,** individually, and on behalf of all other persons similarly situated,

**Plaintiff,**

**vs.**

**US BANK NATIONAL ASSOCIATION, dba Us Bank**

**Defendant.**

**No.** ____________________

**CLASS ACTION ALLEGATION COMPLAINT**
(Wage Claim, State Overtime Claim, Penalties)

**JURY TRIAL DEMANDED**

**NOT SUBJECT TO MANDATORY ARBITRATION.**

**THE AGGREGATE OF CLAIMS DOES NOT EXCEED 5 MILLION DOLLARS**

## I. PRELIMINARY STATEMENT

1.

This is an action to recover overtime wages and penalty wages for all current and former employees of Defendant, **US Bank National Association** (hereafter, "US Bank") who worked or work as a Sales and Service Managers (hereafter "SSMs") for US Bank in Oregon.

2.

US Bank classified employees in the job position Sales and Service Managers ("SSM's") as exempt employees. In so doing, US bank failed pay for all hours worked in excess of 40 hours per week by its Oregon SSM employees.

3.

US Bank allowed, suffered and permitted Plaintiff and other similarly situated SSM



BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

class members to perform work in excess of 40 per week, for which it did not compensate them at the rate of 1-1/2 times their earning rate for all hours worked as required. In so doing, US Bank is liable for the unpaid overtime wages and civil penalty wages pursuant to ORS 653.261(1), OAR 839-020-0030.

4.

US Bank failed to pay Plaintiff and other employees whose employment has ended, all earned wages when required by ORS 652.140, entitling Plaintiff and all other similarly situated former employees in the class to penalty wages pursuant to ORS 652.150.

## II. JURISDICTION AND VENUE

5.

The aggregate total of the claims pled herein do not exceed five million dollars.

6.

US Bank, at all material times herein, was doing business as "US Bank National Association" in the State of Oregon.

## III. PARTIES

7.

At all material times, Plaintiff and all others similarly situated are current and past employees of US Bank, in the State of Oregon within the past two years, and are subject to Oregon wage and hour provisions.

## IV. COMMON ALLEGATIONS

8.

Common questions of fact and law exist as to all SSM class members and predominate over any questions that affect only individual SSM class members. The conduct at issue in this case affected Plaintiff and all purported SSM class members.

9.

Based on information and belief, the members of the class exceeds 30 members, and



BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

that number will increase depending upon employee turnover.

10.

US Bank classified employees in the job position Sales and Service Managers ("SSM's") as exempt employees. In so doing, US bank failed pay for all hours worked in excess of 40 hours per week.

11.

US Bank allowed, suffered and permitted Plaintiff and other similarly situated SSM class members to perform work in excess of 40 per week, for which it did not compensate them at the rate of 1-1/2 times their earning rate for all hours worked as required.

12.

US Bank failed to pay Plaintiff and other employees whose employment has ended, all earned wages when required by ORS 652.140.

## V. CATEGORIES OF CLAIMS

13.
(Overtime Claims)

Within the two years prior to the filing of this complaint, US Bank allowed, suffered and permitted Plaintiff and all similarly situated SSM's to perform work in excess of 40 hours per week, for which they were not paid at 1 ½ times their regular hourly rate. As a result, Plaintiff and similarly situated SSM's are entitled to unpaid overtime wages for the two years prior to the filing of the date of filing of this lawsuit plus 30 days of penalty wages for each pay period overtime wages were not paid when due.

14.
(Late Payment of Wages upon Termination)

Within the three years prior to the filing of this complaint, Defendant willfully failed to pay all wages to Plaintiff, and other former employees, upon termination of their employment, when those wages are due, as required by ORS 652.140, which entitles Plaintiff, and other former employees to penalty wages as provided by ORS 652.150.



BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

## VI. CLASS ALLEGATION RELATING TO RULE 32 CLASS

### DEFINITION OF CLASS

15.

Plaintiff seek class certification as follows, pursuant to ORCP 32.

16.
(Overtime Class)

For Plaintiff and all similarly situated SSM class members who worked for US Bank, within two years prior to the filing of this complaint, and were not paid at 1 ½ times their regular hourly rate for all hours worked in excess of 40 hours per week.

17.
(Late Payment Class)

For Plaintiff and all similarly situated SSM class members whose employment with the US Bank ended within three years prior to the filing of this action and who did not receive all wages when due as required by ORS 652.140.

### ORCP 32H NOTICE

18.

On or about May 26, 2006, Plaintiff, on behalf of themselves and all current and former US Bank SSM employees, pursuant to ORCP 32H, gave a pre-litigation notice to US Bank and demanded that US Bank immediately cure its failure to pay wages as required by Oregon law, and pay all amounts due within 30 days after notice.

19.

Despite Plaintiff' request that US Bank cure, US Bank has failed and refused to cure its unlawful conduct, and has failed and refused to pay Plaintiff and all similarly situated SSM class members, all unpaid wages and penalty wages due, and those wages and penalty wages remain due and unpaid.

///



BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

**NUMEROSITY**

20.

Based on information and belief, the members of the State wage and hour class exceeds 30 persons. This number may increase, depending upon the turnover rate for employees over the last three years.

**QUESTIONS OF LAW AND FACT**

21.

Common questions of fact and law exists as to all class and subclass members and predominate over any questions that affect only individual SSM class members. The conduct at issue in this case affected all current and former US Bank SSM employees in the State of Oregon. Common questions include:

a Whether Plaintiff and SSM class members are subject to Oregon State wage and hour statutes.

b Whether US Bank suffered and permitted Plaintiff and SSM class members to work over 40 hours per week.

c Whether US Bank failed to pay Plaintiff and SSM class members at the overtime rate of 1 ½ for all hours worked over 40 per week.

d Whether US Bank was required under Oregon State's wage and hour statutes to pay all SSM's 1 1/2 times their regular hourly rate for all hours worked in excess of 40 hours per week.

e Whether SSM's fit into any exemptions under Oregon State's wage and hour statutes from overtime requirements.

f Whether US Bank failed to pay Plaintiff and similarly situated SSM class members all wages after termination of their employment when those wages were due.

g Which remedies are available for the violations of State wage and hour laws.



BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

**TYPICALITY**

22.

The claims of the named Plaintiff are typical of the claims of the members of the wage and hour class in that:

a. Plaintiff is a member of each class.

b. Plaintiff's claims stem from the same practice or course of conduct that forms the basis of the class.

c. Plaintiff's claims are based upon the same legal and remedial theories as those of the class and involve similar factual circumstances. (See ¶21).

d. There is no antagonism between the interests of the named Plaintiff and absent SSM class members.

e. The injuries which Plaintiff suffered are similar to the injuries which SSM class members have suffered.

**REPRESENTATION BY PLAINTIFF**

23.

The named Plaintiff will fairly and adequately represent the class in that:

a. There is no conflict between their claims and those of other class and subclass members.

b. Plaintiff has retained counsel who are skilled and experienced in wage and hour cases and in class actions and who will vigorously prosecute this litigation.

c. Plaintiff's claims are typical of the claims of SSM class members. (See ¶ 21-22).

24.

Certification of Plaintiff's claims pursuant to ORCP 32 is appropriate because:

a. Common questions of law or fact predominate over questions affecting only



BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

individual members. (See ¶¶21-22).

b. The forum is convenient to the parties, class members, and potential witnesses; the class is specifically identifiable to facilitate provision of adequate notice; and there will be no significant problems managing this case as a class action.

c. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual class members have minimal interest in controlling the prosecution of separate actions.

## VI. CLAIMS FOR RELIEF

### CLAIM FOR RELIEF

(State Overtime Claim; 653.261; 653.055; OAR 839-020-0030; Civil Penalty)

25.

Plaintiff re-alleges all previous paragraphs as though fully alleged herein.

26.

Within the two years prior to the date of filing of this complaint, US Bank allowed, suffered and permitted Plaintiff and SSM class members to work in excess of 40 hours per week.

27.

US Bank was required to pay Plaintiff and SSM class members, 1 ½ times their regular pay for all hours worked in excess of 40 hours per week.

28.

During the course of Plaintiff's employment and within two years preceding the filing of the complaint herein, Plaintiff and similarly situated SSM class member worked hours in excess of 40 hours per week for which they were not compensate at 1 ½ times their regular hourly rate for all hours worked.

///

///



BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

29.

US Bank's behavior in failing to pay Plaintiff and SSM class members for all hours worked in excess of 40 hours per week was willful, and there remain due and unpaid overtime wages in amounts to be determined.

30.

Plaintiff, on their own behalf, and on behalf of the SSM class members seek as damages, of unpaid overtime wages in amounts to be determined, plus civil penalty wages pursuant to ORS 653.055(1)(b) and ORS 652.150, plus costs, disbursements and attorney fees pursuant to ORS 653.055(4) and ORS 652.200(2).

**CLAIM FOR RELIEF**
(ORS 652.140 Late Payment, Penalty Wages)

31.

Plaintiff re-alleges all previous paragraphs as though fully alleged herein.

32.

Plaintiff and those members of the SSM class whose employment with US Bank ended within the three years prior to the filing of this action.

33.

At the time Plaintiff' and late pay SSM class members' employment ended, US Bank failed to pay Plaintiff and late pay SSM class members, all wages, including overtime wages, when due, as required by ORS 652.140.

34.

US Bank's failure to pay Plaintiff and late pay SSM class members' wages when due was willful, and continued for a period of time to be determined after discovery is complete.

35.

Because of US Bank's willful failure to immediately make payment of Plaintiff's and late pay SSM class members' wages when due, Plaintiff and late pay SSM class members are



BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

due penalty wages under ORS 652.150, for the continuation of Plaintiff's and late pay SSM class members' wages for up to 30 days, in amounts to be determined after discovery.

36.

Plaintiff have been required to bring this action on their behalf and on behalf of late pay SSM class members, to recover penalty wages as provided by ORS 652.150.

37.

Because of US Bank's failure to pay Plaintiff's and late pay SSM class members' all their wages within 48 hours after those wages were due and payable, Plaintiff and late pay SSM class members are entitled to recover costs, disbursements, and reasonable attorney fees, pursuant to ORS 652.200(2).

38.

Plaintiff seek as damages for himself and all late pay SSM class members whose employment ended within three years prior to the filing of this action and who were not paid all wages when required by ORS 652.140, penalty wages pursuant to ORS 652.150, plus costs, disbursements and attorney fees, pursuant to ORS 652.200(2).

**PRAYER FOR RELIEF**

**WHEREFORE;** Plaintiff and members of each class request the Court award such damages, in total less than five million dollars, as set forth above for overtime wages and penalties; award Plaintiffs attorney fees, costs and expenses of suit; order US Bank to pay prejudgment and post judgment interest on all amounts due to Plaintiff as a result of this action; and order such further or alternative relief in favor of Plaintiff and all class members as the Court deems appropriate.

DATED: July 10, 2006

JAMES DANA PINNEY, OSB 75308
A. E. BAILEY, OSB 87157
Of Attorneys for Plaintiff



BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331