1  JUDITH DROZ KEYES (CA State Bar No. 66408)
   STUART W. MILLER (CA State Bar No. 127766)
2  KATHLEEN D. POOLE (CA State Bar No. 228815)
   DAVIS WRIGHT TREMAINE LLP
3  505 Montgomery Street, Suite 800
   San Francisco, California 94111-6533
4  Telephone:    (415) 276-6500
   Facsimile:    (415) 276-6599
5  jkeyes@dwt.com
   stuartmiller@dwt.com
6
   Attorneys for Defendant
7  U.S. BANK NATIONAL ASSOCIATION

8

9

10              IN THE UNITED STATES DISTRICT COURT

11           FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

13  ANN ROSS, DENNIS RAMOS, MAURITA          )  Case No. C 07-2951 SI
    PRASAD, and KELLY SMITH, individually and )
14  on behalf of all others similarly situated,   )  **REPLY MEMORANDUM OF POINTS**
                                              )  **AND AUTHORITIES IN SUPPORT OF**
15                                            )  **DEFENDANT'S MOTION TO DISMISS**
                Plaintiffs,                   )  **OR, IN THE ALTERNATIVE, TO STAY**
16                                            )  **ACTION; TO DISMISS WASHINGTON**
         v.                                   )  **LAW AND CALIFORNIA LOST TIME**
17                                            )  **DEDUCTION CLAIMS; AND FOR**
                                              )  **JUDGMENT ON CONVERSION AND**
18  U.S. BANK NATIONAL ASSOCIATION dba        )  **OREGON LAW MEAL PERIOD CLAIMS**
    U.S. BANK,                                )
19                                            )  Date:         October 12, 2007
                Defendant.                    )  Time:         9:00 a.m.
20                                            )  Department:   10
                                              )
21                                            )  Hon. Susan Illston
                                              )
22                                            )

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ............................................................................................................. 1

II.   STATEMENT OF FACTS AND ISSUES TO BE DECIDED ......................................... 1

III.  ARGUMENT ................................................................................................................... 2

      A.    The Complaint Should be Dismissed or Stayed Because
            Substantially Similar, Earlier Filed Complaints are Pending in
            Federal and State Courts .................................................................................... 2

            1.    Because *McElmurry* is in Federal Court, Deference is
                  Warranted Under Principles of Comity Articulated in
                  *Nakash* and its Progeny ........................................................................ 2

            2.    *Lowdermilk* and *Tate* Further Support Dismissal or a
                  Stay ......................................................................................................... 7

      B.    Plaintiffs' Washington Law Claims and the California Lost
            Time Deduction Claim Must Be Dismissed Because Plaintiffs
            Lack Standing to Assert Those Claims ............................................................... 9

      C.    Defendant is Entitled to Judgment on the Conversion Claim
            Because Plaintiffs' Claim is for Money in a Nonspecific,
            Unliquidated Amount ....................................................................................... 12

      D.    Defendant is Entitled to Judgment on Plaintiffs' Meal Period
            Claim under Oregon Law Because Oregon Does Not Allow A
            Private Right of Action for Missed Meal Periods ............................................ 14

IV.   CONCLUSION .............................................................................................................. 15

APPENDIX A ............................................................................................................................ A

DAVIS WRIGHT TREMAINE LLP

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Alltrade, Inc. v. Uniweld Products, Inc.,*
   946 F.2d 622 (9th Cir. 1991) ...................................................................................3

*American Int'l Underwriters v. Continental Insurance Co.,*
   843 F.2d 1253 (9th Cir. 1988) .................................................................................2

*Bailey v. Patterson,*
   369 U.S. 31 (1962) .................................................................................................10

*Barapind v. Reno,*
   225 F.3d 1100 (9th Cir. 2000) .............................................................................3, 5

*BART Associates, Inc. v. United States,*
   1999 U.S. Dist. LEXIS 8472 (D. Or. 1999) ..........................................................14

*Baxter v. King,*
   81 Cal. App. 192 (1927) ...................................................................................13, 14

*Blum v. Yaretsky,*
   457 U.S. 991 (1982) ...............................................................................................11

*Bradshaw v. Jenkins,*
   1984 U.S. Dist. LEXIS 20013 (W.D. Wash. 1984).................................................11

*Casey v. Lewis,*
   4 F.3d 1516 (9th Cir. 1993) ...................................................................................10

*Centocor, Inc. v. Medimmune, Inc.,*
   No. C 02-03252 CRB, 2002 U.S. Dist. LEXIS 21109 (N.D. Cal. 2002) .................3

*Church of Scientology of California v. U.S. Dep't of the Army,*
   611 F.2d 738 (9th Cir. 1979) ...................................................................................3

*Colorado River Water Conservation District, et al. v. United States,*
   424 U.S. 800 (1976) ....................................................................................2, 3, 5, 7

*Daugherty v. Oppenheimer & Co., Inc.,*
   No. C 06-7725 PJH, 2007 U.S. Dist. LEXIS 51781 (N.D. Cal. 2007).........2, 5, 7, 8

*Gafur v. Legacy Good Samaritan Hospital and Medical Center,*
   161 P. 3d 319 (Or. App. 2007) ...............................................................................14

*Gamble v. San Diego,*
   79 Fed. 487 (C.D. Cal. 1897) ...................................................................................5

*Gintz v. Jack in the Box, Inc.*,
　No. C 06-02857 CW, 2006 U.S. Dist. LEXIS 88987 (N.D. Cal. 2006) ........................ 2, 5, 7, 8

*Griffin v. Dugger*,
　823 F.2d 1476 (11th Cir. 1987) ................................................................................ 11

*Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*,
　179 F.R.D. 264 (C.D. Cal. 1998) ................................................................................ 4

*Haigler v. Donnelly*,
　18 Cal. 2d 674 (1941) ................................................................................................ 13

*Holder v. Holder*,
　305 F.3d 854 (9th Cir. 2002) ..................................................................................... 2, 7

*Intel Corporation v. Advanced Micro Devices*,
　12 F.3d 908 (9th Cir. 1993) ....................................................................................... 2, 7

*Lewis & Fletcher*,
　518 U.S. 343, 358 (1996) ......................................................................................... 10, 11

*Lierboe v. State Farm Mutual Automobile Insurance Company*,
　350 F.3d 1018 (9th Cir. 2003) .................................................................................. 10, 11

*Marhak v. Reed*,
　2000 U.S. Dist. LEXIS 19577 (E.D.N.Y. 2000) ......................................................... 3

*McElmurry v. U.S. Bank National Ass'n,* 2004 U.S. Dist. LEXIS 15233 (D. Or. 2004) ............... 3

*Michelson v. Hamada*,
　29 Cal. App. 4th 1566 (1994) .................................................................................... 13

*Nakash v. Marciano*,
　882 F.2d 1411 (9th Cir. 1989) ............................................................................ 2, 3, 5, 6

*North American Cas. Ins. Co. v. Encompass Power Servs., Inc.*,
　2005 U.S. Dist. LEXIS 33314 (E.D. Cal. 2005) ......................................................... 4

*O'Shea v. Littleton*,
　414 U.S. 488 (1974) ................................................................................................. 10

*Pacesetter Systems, Inc. v. Medtronic Inc.*,
　678 F.2d 93 (9th Cir. 1982) ...................................................................................... 3

*PUD Util. Dist. No. 1 of Lewis County v. Wash. Pub. Power Supply Sys.*,
　705 P. 2d 1195 (Wash. 1985) .................................................................................... 14

*Pulido v. Coca-Cola Enterprises, Inc.*,
　2006 U.S. Dist. LEXIS 43765 (C.D. Cal. 2006) ......................................................... 13

DAVIS WRIGHT TREMAINE LLP

*Sierra Club v. Morton,*
   405 U.S. 727 (1972) ........................................................................................11

*Supervalu Inc. v. Executive Dev't Systems, Inc.,*
   2007 U.S. Dist. LEXIS 3141 (D. Idaho 2007) ...........................................4

*Vasquez v. Coast Valley Roofing, Inc.,*
   2007 WL 1660972 (E.D. Cal. 2007) ..........................................................13

*Wal-Mart, Inc. Wage and Hour Litigation,*
   2007 U.S. Dist. LEXIS 41679 (N.D. Cal. 2007) ......................................13

*Walker v. Progressive Cas. Ins. Co.,*
   2003 U.S. Dist. LEXIS 7871 (W.D. Wash. 2003) .......................................4

*Weinstein v. MetLife, Inc.,*
   No. 3:06-cv-04444-SI, 2006 WL 3201045 (N.D. Cal. 2006)...........4, 5, 6

*Weiss v. Marcus,*
   51 Cal. App. 3d 590 (1975) .........................................................................13

*Westview Invs., Ltd. v. U.S. Bank,*
   138 P.3d 638 (Wash. App. 2006) ...............................................................14

*Williams v. The Boeing Company,*
   2005 U.S. Dist. LEXIS 27491 (W.D. Wash. 2005)...........................10, 11

*Wood Indust. Corp. v. Rose,*
   530 P. 2d 1245 (Or. 1975) ..........................................................................14

*Wrath v. Seldin,*
   422 U.S. 490 (1975) .....................................................................................11

*Wren v. RGIS Inventory Specialists,*
   No. 3:06-cv-05778-JCS, 2007 WL 295549 (N.D. Cal. 2007)...........12, 13

**STATUTES**

29 U.S.C. sections 206 *et seq.* .............................................................................1

29 U.S.C. § 216 (b)................................................................................................6

Cal. Lab. Code §§1194(a) and 218.5 ....................................................................6

**OTHER AUTHORITIES**

*Division of Labor Standard Enforcement ("DLSE") Enforcement Policies and*
   *Interpretations Manual* (2006),¶ 47.1 (also found at http://www.dir.ca.gov/dlse/
   DLSEManual/DLSE_EnfcManual.pdf) ....................................................10

Federal Rule of Civil Procedure 12(b)(6)............................................................13

DAVIS WRIGHT TREMAINE LLP

1

*Lowdermilk v. U.S. Bank National Association,*
        Mult. Co. Cir. Ct. Case No. 0603-03335 ..............................................................passim

2

*McElmurry and Mrazek v. U.S. Bank National Association,*
        Mult. Co. Cir. Ct. Case No. 04-CV-00642 (D. Or.) ..........................................passim

3

4    3 Newberg on Class Actions § 3:19, at 400 (4th ed. 2002) ..........................................10

5    *Rivera v. U.S. Bank National Association,*
        Mult. Co. Cir. Ct. Case No. 0305-05045 ...............................................................14

6

7    *Tate v. U.S. Bank National Association,*
        Mult. Co. Cir. Ct. Case No. 0607-07188, filed July 10, 2006 .........................................passim

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DAVIS WRIGHT TREMAINE LLP**

I.    **INTRODUCTION**

The purpose of this motion is to prevent wasteful, duplicative litigation.  Plaintiffs' counsel, Bailey Pinney PC ("Bailey Pinney"), have sued Defendant U.S. Bank six times before. All of their complaints, including this one, raise two basic issues:  the allegedly improper classification of one job title, Sales and Service Manager (SSM), and the allegedly improper payment of non-exempt employees.  By this motion, U.S. Bank asks the Court dismiss or stay the Complaint because it raises the same core issues as are addressed in previously filed actions, and to dismiss or enter judgment in its favor on certain aspects of the Complaint for reasons of facial invalidity.

II.    **STATEMENT OF FACTS AND ISSUES TO BE DECIDED**

The facts pertinent to this motion are fully stated in Defendant's opening brief.  In short, the First Amended Complaint ("Complaint" or "*Ross* Complaint") is brought by four former employees of U.S. Bank, two of whom worked in Oregon and two in California.  The Complaint avers two putative classes: "All California, Oregon, and Washington U.S. Bank employees and former employees who were not fully and timely compensated for all hours worked," and "All California, Oregon, and Washington U.S. Bank employees and former employees whom Defendant owes statutory remedies for labor code violations."  (Cmplt. ¶ 36).  The Complaint states twelve claims for relief for various alleged wage and hour violations under California, Oregon, and Washington state law and federal law, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. sections 206 *et seq*.  Several of these claims have been (and all of them could have been) alleged in three pending class action cases filed by Bailey Pinney in Oregon:  *McElmurry and Mrazek v. U.S. Bank National Association*, Case No. 04-CV-00642 (D. Or.), filed May 11, 2004 ("*McElmurry*"); *Lowdermilk v. U.S. Bank National Association,* Multnomah County Case No. 0603-03335, filed March 29, 2006 ("*Lowdermilk*"); and *Tate v. U.S. Bank National Association,* Multnomah County Case No. 0607-07188, filed July 10, 2006 ("*Tate*").

This motion presents three issues for decision:

(1)    Whether all or a portion of the Complaint should be dismissed or stayed because similar proceedings are pending in an Oregon federal district court and two Oregon state courts.

DAVIS WRIGHT TREMAINE LLP

(2)    Whether the Court should dismiss all of Plaintiffs' claims under Washington law, and Plaintiffs' lost time deduction claim under California law, because Plaintiffs lack standing to assert those claims.

(3)    Whether the Court should enter judgment for Defendant on Plaintiffs' conversion claim, and on Plaintiffs' meal pay claim under Oregon law, because these claims are not viable.

## III.    ARGUMENT

### A.    The Complaint Should be Dismissed or Stayed Because Substantially Similar, Earlier Filed Complaints are Pending in Federal and State Courts

The Complaint should be dismissed or stayed under the *Colorado River* doctrine (*Colorado River Water Conservation District, et al. v. United States*, 424 U.S. 800 (1976)*, Nakash v. Marciano*, 882 F.2d 1411 (9th Cir. 1989)*,* and their progeny,) because it is substantially similar to the *McElmurry*, *Tate,* and *Lowdermilk* cases all being actively litigated by Bailey Pinney in Oregon.  Plaintiffs predictably rely on *Intel Corporation v. Advanced Micro Devices*, 12 F.3d 908, 913 (9th Cir. 1993) and *Holder v. Holder*, 305 F.3d 854, 868 (9th Cir. 2002) for their argument that the contours of these three cases are too different from the *Ross* Complaint to warrant dismissal or a stay.  This argument is misplaced.  As recently stated by the district court in a wage and hour case much like this one, "*Holder* and *Intel* simply stand for the proposition that a *Colorado River* motion may not be granted where a defendant seeks to stay claims in the federal court action that are *unrelated* to the state court claims." *Daugherty v. Oppenheimer & Co., Inc.*, No. C 06-7725 PJH, 2007 U.S. Dist. LEXIS 51781, at *15 (N.D. Cal. 2007); see also *Gintz v. Jack in the Box, Inc.*, No. C 06-02857 CW, 2006 U.S. Dist. LEXIS 88987 (N.D. Cal. 2006).  The *Colorado River* "factors are to be applied in a pragmatic and flexible way, as part of a balancing process rather than as a 'mechanical checklist.'" *Nakash,* 882 F.2d at 1415 (quoting *American Int'l Underwriters v. Continental Insurance Co.*, 843 F.2d 1253, 1257 (9th Cir. 1988)) (citations omitted).

#### 1.    Because *McElmurry* is in Federal Court, Deference is Warranted Under Principles of Comity Articulated in *Nakash* and its Progeny

Here, unlike in *Intel* and *Holder*, in addition to the earlier filed state court actions, there is

DAVIS WRIGHT TREMAINE LLP

2

an earlier filed action pending in federal court, the *McElmurry* case.[1]  The principles underlying *Colorado River* and *Nakash* have been applied more liberally where, as here, a similar *federal court action is pending*.  *See e.g., Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625-26 (9th Cir. 1991) (when deciding whether to dismiss or stay an action in deference to an earlier filed federal case, a district court should consider three factors: (1) the chronology of the two actions; (2) the *similarity* of the parties; and the *similarity* of issues); *Pacesetter Systems, Inc. v. Medtronic Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982) (in the Ninth Circuit, principles of comity are embodied in this "first-to-file" rule, permitting a stay or dismissal of an action when a *similar* complaint is pending in another district court); *see also Barapind v. Reno*, 225 F.3d 1100, 1109 (9th Cir. 2000); *Church of Scientology of California v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979) ("[w]e emphasize that the 'first to file' rule normally serves the purpose of promoting efficiency well and should not be disregarded lightly").

In their opposition brief ("Opposition",)[2] Plaintiffs claim that this Court should not show

---

[1] Plaintiffs make much of the district court's decision rejecting Defendant's motion under *Colorado River* in *McElmurry*.  *McElmurry v. U.S. Bank National Association, et al.,* 2004 U.S. Dist. LEXIS 15233 (D. Or. 2004).  This decision was rendered in 2004, at a time when there was no other federal case pending against U.S. Bank, and some two years before the filing of the *Tate* and *Lowdermilk* complaints, the cases at issue here.  The earlier filed state cases at issue in *McElmurry* were *Belknap v. U.S. Bank National Association*, Mult. Co. Cir. Ct. Case No. 0301-00042, and *Rivera v. U.S. Bank National Association*, Mult. Co. Cir. Ct. Case No. 0305-05045.  Defendant does not rely on either of these cases for its *Colorado River* motion in this case.

[2] Plaintiffs' Opposition is procedurally defective because it improperly identifies A.E. Bud Bailey as counsel in this case.  Civil Local Rule 11-1 provides that, with very limited exceptions, "only members of the bar of this Court may practice in this Court."  Mr. Bailey is not a member of the State Bar of California, and, contrary to the representation in the caption, he has not sought to be admitted *pro hac vice* in this action under Civil Local Rule 11-3.  Indeed, Mr. Bailey would not qualify for *pro hac vice* status.  Per Civil L.R. 11-3(b), "an applicant is not eligible for permission to practice *pro hac vice* if the applicant . . . (ii) is regularly engaged in the practice of law in the State of California."  Since January 2006, Mr. Bailey has been admitted *pro hac vice* in nine cases in the Northern District alone: *Thomas v. Home Depot U.S.A. Inc.,* Case No. 3:06-cv-02705-MJJ; *Wren et al v. RGIS Inventory Specialists,* Case No. 3:06-cv-05778-JCS*; de Simas v. Big Lots Stores, Inc.,* Case No. 3:06-cv-06614-SI; *Kenny v. Regis Corporation,* Case No. 3:06-cv-07521-CRB*; Ellison v. Autozone, Inc.,* Case No. 3:06-cv-07522-MJJ; *Kier v. Target Corporation,* Case No. 3:06-cv-07957-MHP; *Luafau v. Affiliated Computer Systems, Inc.,* Case No. 4:06-cv-00347-CW; *Smith et al v. Wal-Mart Stores, Inc.,* Case No. 4:06-cv-02069-SBA; and *Mbama v. Target Corporation,* Case No. 3:07-cv-03014-SI.  In January 2005, he participated in *Moreno et al v. AutoZone, Inc.,* Case No. 3:05-cv-04432-MJJ.  Participating in such a large number of cases in a single California district in less than two years is "regularly engaging" in the practice of law in California.  An individual "who exercises, or pretends to be entitled to exercise, any of the privileges of membership in the bar of this Court, when that person is not entitled to avail themselves of such membership privileges, **shall** be subject to sanctions or other punishment, including a finding of contempt."  Civil L.R. 11-8 (emphasis added).

DEFENDANT'S REPLY MEMO IN SUPPORT OF MOTION TO DISMISS/STAY    SFO 374162v2 0023784-000227
Case No. C 07-2951 SI

DAVIS WRIGHT TREMAINE LLP

deference to *McElmurry* as, they argue, "[t]his case is not duplicative of *McElmurry* because none

of the named plaintiffs in this action is a party in *McElmurry*" and "[t]he parties, the claims, and

the available relief all differ between this case and *McElmurry*."  (Opposition at 3, 5.)  Plaintiffs

improperly state the law.  There is no requirement that the claims be identical, only similar.

*Nakash*, 882 F.2d 1411 (exact parallelism is not required); *Centocor, Inc. v. Medimmune, Inc.*, No.

C 02-03252 CRB, 2002 U.S. Dist. LEXIS 21109, at *11 (N.D. Cal. 2002) ("courts generally do

not require identical issues or parties so long as the actions involve closely related questions or

common subject matter," citing *Marhak v. Reed*, 2000 U.S. Dist. LEXIS 19577 (E.D.N.Y. 2000)

("parties whose interests are clearly aligned may be treated as if they were the same parties")).

The policy rationale behind this doctrine has been summarized as follows:

> If the doctrine only applied when the parties in both cases were
> identical, a party could easily circumvent it by filing a subsequent
> action addressing the same issues that added a new party or omitted
> an existing one.  Thus, the doctrine would be virtually ineffective at
> preventing duplicative litigation.

*North American Cas. Ins. Co. v. Encompass Power Servs., Inc.*, 2005 U.S. Dist. LEXIS 33314, at

*10, n4 (E.D. Cal. 2005).

Plaintiffs' argument against dismissal or a stay because "[t]here are substantial differences

between California overtime claims and FLSA overtime claims" and "[t]he available relief is also

different" is equally unavailing.  (Opposition at 5.)  In determining whether cases are similar, the

similarity of the core facts, not the legal theories or remedies, is the important consideration.  *See*

*Supervalu Inc. v. Executive Dev't Systems, Inc.*, 2007 U.S. Dist. LEXIS 3141, *5 (D. Idaho 2007)

(where "[t]he same set of general facts will apply to a determination" of both claims, discrepancies

in available relief do not defeat substantial similarity; "[t]he form of relief sought does not

determine the similitude of the issues."); *Walker v. Progressive Cas. Ins. Co.*, 2003 U.S. Dist.

LEXIS 7871, *10 (W.D. Wash. 2003) ("this slight difference between federal and state law does

not prevent application of the rule.  In any event, plaintiffs have failed to demonstrate how any

broader standard under the MWA [Washington law] would affect adjudication of their claims.");

*see also Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264 (C.D. Cal.

1    1998).[3]

2        This Court recognized and applied similar principles in *Weinstein v. MetLife, Inc.*, No.

3    3:06-cv-04444-SI, 2006 WL 3201045 (N.D. Cal. 2006). Weinstein's wage and hour class action

4    complaint stated seven causes of action under California law and one under the FLSA, and defined

5    two putative classes: a California class for the California law claims, and a nationwide class for

6    the FLSA claim. An earlier filed federal action asserted only two California law claims, and

7    proposed a single class of California employees. Recognizing that the defendant's argument for

8    dismissal or stay "turn[ed] on relatively underdeveloped law regarding duplicative lawsuits," this

9    Court observed that principles of comity allow a district court to decline jurisdiction in order to

10   avoid duplicative litigation and promote judicial efficiency. *Id.* at *3 (citing *Barapind*, 225 F.3d at

11   1109, and *Nakash*, 882 F.2d at 1416.) Finding that the existence of different class representatives

12   and additional defendants did not dictate that the motion should be denied because, "[i]n a class

13   action, the classes, and not the class representatives, are compared," the Court stayed the portion

14   of the complaint that overlapped the earlier filed complaint. *Id.*, at *4 (quoting Cal. Jur. 3d

15   Actions § 284 (citing *Gamble v. San Diego*, 79 Fed. 487 (C.D. Cal. 1897))). As in *Weinstein*,

16   allowing the parallel claims in this Complaint to be litigated despite the substantially similar

17   claims in *McElmurry* would violate principles of comity, impede judicial efficiency, and create a

18   significant risk of conflicting judgments.

19        Plaintiffs make much of the fact that the *McElmurry* district court has denied Plaintiffs'

20   motion for certification of a collective action. (Opposition at 3-4; see also Declaration of

21   Christopher McCracken, "McCracken Decl.," at Exs. F, I). Analyzed accurately, this fact favors

22   dismissal or stay, as it strongly supports two separate *Colorado River* factors: the progress of the

23   first action, and the inference that adverse rulings caused Plaintiffs to forum shop. *Daugherty*,

24   _____

25   [3] An example of a "core fact" is that the *McElmurry* case and the *Ross* Complaint both rely on the
     so-called "truncation chart" as the basis for a lost overtime claim. The standards under California
26   law and the FLSA that are applied to this claim are very similar: California law with respect to
     rounding "hours worked" to calculate overtime is predicated on the federal regulations issued by
     the U.S. Department of Labor under the FLSA. *See Division of Labor Standard Enforcement
27   ("DLSE") Enforcement Policies and Interpretations Manual* (2006) (*"DLSE Manual"*), at ¶ 47.1
     *et seq*. ("The Division utilizes the practice of the U.S. Department of Labor of "rounding"
28   employee's hours to the nearest five minutes, one-tenth or quarter hour for purposes of calculating
     the number of hours worked pursuant to certain restrictions").

DAVIS WRIGHT TREMAINE LLP

2007 U.S. Dist. LEXIS 51781, at *16 (fact that parties "have briefed (and possibly argued) the plaintiff's motion for certification of the California class" and "[n]o such progress has been made in this case" weighs in favor of granting a stay); *Gintz*, 2006 U.S. Dist. LEXIS 88987, at *20 ("an inference could be drawn that [an] adverse ruling in the [pending action] instigated Plaintiffs' decision to file the federal action"). Nowhere in the law or in logic is there the notion that Plaintiffs have to *prevail* in the earlier federal court action in order for the subsequent federal court to extend the principles of comity to the first court.[4]

Plaintiffs' argument about the difference in putative class periods is also not determinative, as any such difference is due solely to the plaintiffs' decision to define the class periods in the earlier filed cases as they did. See *Gintz, supra* at *14 (plaintiffs failed to explain why the claims could not be added to the state action, or had not been); see also *North America Cas. Ins. Co.*, *supra*. The policy rationale for this is sound. Were the law otherwise, a plaintiff's counsel could repeatedly file similar class action lawsuits at multiple-year intervals; if the plaintiff received an adverse ruling in a first-filed action, she or he would have indefinite subsequent bites at the apple and the courts would be powerless to prevent such forum-shopping.[5]

Because *McElmurry* is so much further along than *Ross*, and because claims are being litigated in *McElmurry* that are substantially similar to claims in *Ross*, particularly the rounding, minimum wage, and SSM misclassification claims (and the related termination pay claims), there would be a significant risk of conflicting judgments between this Court and the *McElmurry* court were *Ross* to proceed. Thus, the principles of comity reflected in the *Nakash* line of cases, including *Weinstein*, weigh heavily in favor of dismissing, or at least staying, the Complaint – or at least the plainly overlapping claims.[6]

---

[4]  Moreover, Plaintiffs have let it be known that they intend to appeal the denial of certification. Their attempt to do so by way of interlocutory appeal was determined to be impermissibly premature (McCracken Decl., ¶4i), but Plaintiffs still have the right to pursue their appeal post-judgment. Accordingly, the Plaintiffs' claim for class-wide relief in *McElmurry* is still pending.

[5]  The fact that attorneys' fees can be awarded in wage and hour class actions (*see, e.g.,* Cal. Lab. Code §§1194(a), 218.5; 29 U.S.C. §216(b)) raises further suspicion of, and concern about, forum shopping. One reason plaintiffs' counsel may elect to file multiple class action wage and hour lawsuits instead of one lawsuit is the hope of receiving multiple attorneys' fee awards rather than only one award. See *Gintz*, 2006 U.S. Dist. LEXIS 88987 at *19-20.

[6]  It is difficult to determine which claims in the *Ross* Complaint are plainly overlapping with *McElmurry*, and *Lowdermilk* and *Tate*, because the Complaint is so ambiguous, confusing, and contradictory. Defendant's best effort to summarize the various claims in the Complaint and their

**2.      *Lowdermilk* and *Tate* Further Support Dismissal or a Stay**

In addition to the deference mandated by the pending federal action in *McElmurry*, the pending actions in Oregon state court, *Lowdermilk* and *Tate,* further support dismissal or stay of the Complaint.

Both *Lowdermilk* and *Tate* are brought as putative class actions under Oregon law.  Bailey Pinney has moved for certification of the *Lowdermilk* class; the motion is pending.  (McCracken Decl., ¶6.)  If the class is certified as alleged in the *Lowdermilk* complaint, it will encompass all hourly employees of U.S. Bank employed in Oregon from at least March 28, 2000 to March 28, 2006 – which includes the entire period of Plaintiff Ramos's employment,[7] and much of Plaintiff Smith's employment. (McCracken Decl., Ex. N; Cmplt. ¶¶ 7-8.)  A certification motion is not yet ripe in *Tate*, but when it is, Bailey Pinney will likely seek certification of a class of all those employed by U.S. Bank in Oregon in the position of SSM from July 10, 2004 to July 10, 2006 – which includes most of the employment of the only *Ross* Plaintiff who was an SSM, Plaintiff Smith.  (McCracken Decl., Ex. Q; Cmplt. ¶ 8.)

In assessing the strength of Defendant's motion vis a vis these state court cases, it is not the district court's 2004 decision in *McElmurry* that is persuasive, but instead the district courts' decisions in *Gintz*, 2006 U.S. Dist. LEXIS 88987, *supra*, and *Daugherty,* 2007 U.S. Dist. LEXIS 51781, *supra*.[8]  These cases are strikingly similar to the *Ross* Complaint.

In *Gintz,* Judge Wilken interpreted the *Colorado River* doctrine in considering the defendant's motion to dismiss or stay a wage and hour class action in the face of a pending wage and hour class action in Orange County.  Judge Wilken granted the defendant's motion, dismissing part of the case and staying the rest, despite the fact that the earlier filed state court case involved claims, statutes, class periods, named plaintiffs, and putative classes that were different in some respects from those in the case before her.  *Gintz,* 2006 U.S. Dist. LEXIS 88987,

relationship to each other, and the comparison of those claims to the claims in *McElmurry, Lowdermilk*, and *Tate*, is reflected in Appendix A.  Defendant seeks relief with respect to the entire Complaint because the claims are so intertwined and the degree of precise overlap so difficult to discern.
[7]  Plaintiff Ramos submitted a declaration in support of class certification in *Lowdermilk*. McCracken Decl, Ex. P.)
[8]  See footnote 1, *supra*.

DAVIS WRIGHT TREMAINE LLP

7

at *11.  Like the Plaintiffs here, the *Gintz* plaintiffs relied on *Intel* and *Holder* to argue that the motion should be denied because, due to the differences between the complaints, the state court would not be able to resolve all of the plaintiff's claims in the federal action.  Acknowledging this to be true, and noting the importance of wise judicial administration and judicial efficiency, Judge Wilken reasoned that, despite the differences, the fact that all of the claims involved the same *central factual issue* weighed in favor of granting the motion.  *Id.*  Judge Wilken noted that the plaintiff *could* have asserted her federal FLSA claims in her state court action (just as Plaintiffs here could have asserted all of the claims asserted in the Complaint in the *Tate* and *Lowdermilk* actions – and/or in *McElmurry*), but instead, she chose to file those claims in a separate action, "creat[ing] the kind of piecemeal litigation that the *Colorado River* doctrine was developed to prevent."  *Id.* at *14.

In *Daugherty*, Judge Hamilton granted the defendant's motion and stayed eight of the ten causes of action in a wage and hour class action, because those claims overlapped claims asserted in a previously-filed state court wage and hour class action.  While both cases asserted classes of allegedly misclassified employees, the later filed federal action stated additional claims not stated in the prior action.  These claims included claims under the California Labor Code for unpaid wages, overtime wages, meal and rest period payments, and penalties for failure to provide accurate time records -- all claims that are raised in the *Ross* Complaint and not in *Lowdermilk* and *Tate*, or *McElmurry*.

Like Judge Wilken in *Gintz*, Judge Hamilton in *Daugherty* disavowed the plaintiffs' central argument, which is the same argument made by Plaintiffs here:  that differences in the types of claims asserted should defeat the motion.   Judge Hamilton found that the "*core issue* of whether [the defendant's] . . . employees in California are exempt employees" was the same in both cases, and that all claims that were related to that core issue  (that is, claims for overtime wages, meal period penalties, etc.) were sufficiently related to the core issue to justify a stay even though those claims had not been asserted in the prior action.  *Daugherty,* 2007 U.S. Dist. LEXIS 51781, at *13-4 (emphasis added).  In reaching her decision, Judge Hamilton observed that by ignoring the apparent similarities and parsing the complaints in such a technical manner, "plaintiff

DAVIS WRIGHT TREMAINE LLP

1    is simply attempting to manufacture differences between the duplicative claims." *Id.* at *13.

2    The same is true here.  Plaintiffs' Opposition attempts to obscure the fact that the central

3    core issues in *Ross* are the same as in *Lowdermilk* and *Tate,* and *McElmurry*.  Each of the

4    plaintiffs' multiple (and often duplicative) claims in these cases are premised on two core issues:

5    1) whether SSMs were misclassified as exempt and 2) whether non-exempt employees were

6    properly paid for all hours worked.[9]  All of the claims in the Complaint either raise these issues

7    directly (the first through fifth causes of action), raise closely related issues (the sixth and seventh

8    causes of action), or raise wholly derivative issues (the eighth through twelfth causes of action).

9    (*See* Appendix A.)

10    **B.    Plaintiffs' Washington Law Claims and the California Lost Time Deduction**
          **Claim Must Be Dismissed Because Plaintiffs Lack Standing to Assert Them**

11    In addition to dismissal or stay of the entire Complaint, Defendant requests dismissal of

12    Plaintiffs' Washington law claims and California lost time deduction claim, as Plaintiffs lack

13    standing to assert those claims.  Contrary to Plaintiffs' argument in their Opposition, Defendant

14    has neither claimed that absent class members need to prove standing, nor raised the propriety of

15    class certification.  Rather, Defendant's straightforward and well-founded argument is as follows.

16    The Plaintiffs, among them, worked for Defendant <u>only</u> in Oregon and California; thus, they have

17    standing to allege that they, and others similarly situated, suffered injuries <u>only</u> under the law that

18    pertained to them, that is, federal law and the laws of the states of Oregon and California.  It is

19    evident on the face of the Complaint that none of the Plaintiffs worked in the state of Washington;

20    hence, they have no standing to assert on their own or anyone else's behalf any claim for injury

21    under the laws of the state of Washington.

22    _____

23    [9] In stating that the core issues of the claims alleged in *McElmurry, Lowdermilk,* and *Tate* are the
       same as the core of the claims in *Ross*, U.S. Bank is only saying that the plaintiffs premise their

24    claims in all four cases on the same basic issues -- such as the use of the so-called "truncation
       chart" presented in *McElmurry, Lowdermilk*, and *Ross*, and the question of whether SSMs are

25    properly classified as exempt from overtime presented in *McElmurry, Tate* and *Ross*.  U.S. Bank is
       not admitting that common questions of fact will predominate in any case if it is certified as a

26    class action.  To the contrary, resolution of any individual's truncation claim, for example, will
       require individualized analysis of that person's unique time-keeping practices.  Similarly,

27    resolution of whether any individual SSM was properly classified will require individualized
       inquiry into that employee's day-to-day job activities.  The core of the claims for relief are the

28    same in each of the four cases for purposes of the *Colorado River* doctrine, but for class
       certification purposes, the resolution of each individual's claim will turn on that individual's
       unique facts in relation to the core issues.

DAVIS WRIGHT TREMAINE LLP

9

There is no allegation in the Complaint that either of the Plaintiffs who worked in California suffered the challenged lost time deduction; hence, they have no standing to allege on their own or anyone else's behalf any claim under California law pertaining to wage deduction. *See Lewis & Fletcher*, 518 U.S. 343, 358 (1996) (at the pleading stage, on a motion to dismiss for lack of standing, the plaintiff bears the burden of alleging general factual allegations of injury, resulting from the defendant's conduct, which embrace the specific facts necessary to support each of their claims); *accord, Williams v. The Boeing Company*, 2005 U.S. Dist. LEXIS 27491, at *20-*21 (W.D. Wash. 2005).

The law of standing in the class action context is equally clear, and no different. "[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with defendants, none may seek relief on behalf of himself or any other member of the class." *Lierboe v. State Farm Mutual Automobile Insurance Company*, 350 F.3d 1018, 1022 (9th Cir. 2003) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)). While challenges regarding the standing of named plaintiffs and class action certification can be intertwined, when named plaintiffs lack standing to assert their claims on behalf of the putative class, the defendant is entitled to raise the issue via motion to dismiss prior to any consideration of class certification.[10] *Lierboe*, 350 F.3d 1018, 1022 (9th Cir. 2003) (quoting 3 Newberg on Class Actions § 3:19, at 400 (4th ed. 2002)) ("Standing is the threshold issue in any suit. If the individual lacks standing, the court need never reach the class action issue."). Thus, Plaintiffs' contention that Defendant's standing challenge equates to a premature class certification challenge is just wrong.

Plaintiffs argue that they have standing because their alleged injuries are the same as those allegedly suffered by the putative class members, "even if those putative class members are entitled to recovery under different state laws than named [P]laintiffs." Opposition at 9. Again, Plaintiffs' interpretation of the law is incorrect. In the context of a class action, "[a]t least one named plaintiff must satisfy the actual injury component of standing in order to seek relief on behalf of himself or the class." *Williams*, 2005 U.S. Dist. LEXIS 27491, at *12 (citing *Casey v.*

DAVIS WRIGHT TREMAINE LLP

---

[10] "It should be obvious that there cannot be adequate typicality between a class and a named representative unless the named representative has individual standing to raise the legal claims for the class." *Williams*, 2005 U.S. Dist. LEXIS 27491, at *23 (quoting *Prado-Steiman v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000)).

*Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993)) (emphasis added); *see also Bailey v. Patterson*, 369 U.S. 31, 32-33 (1962) (if none of the named plaintiffs representing a class meets the standing requirements, none of the plaintiffs may seek relief on behalf of himself or herself or any other member of the class).  As Plaintiffs lack standing to assert Washington law claims and the California lost time deduction claim on their own behalf, they cannot gain standing to assert those claims by alleging that absent putative class members have standing to assert them.  *See Lierboe*, 350 F.3d at 1022; *see also Bradshaw v. Jenkins*, 1984 U.S. Dist. LEXIS 20013, at *12 (W.D. Wash. 1984) (quoting *Wrath v. Seldin*, 422 U.S. 490, 502 (1975)) ("[t]hat this suit may be a class action adds nothing to the question of standing, because every <u>named</u> plaintiff who represents a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent'") (emphasis added).

Moreover, in cases such as this one, where multiple claims are asserted, "it is not enough that a named plaintiff can establish a case or controversy between himself and the defendant by virtue of having standing as to just one of many claims he wishes to assert."  *Williams*, 2005 U.S. Dist. LEXIS 27491, at *13 (quoting *Griffin v. Dugger*, 823 F.2d 1476, 1483 (11th Cir. 1987)).  Instead, "each claim must be analyzed separately, and a claim cannot be asserted on behalf of a class unless at least one named plaintiff has suffered the injury that gives rise to that claim."  *Id.*  As the Supreme Court explained in *Lewis v. Casey*:

> [S]tanding is not dispensed in gross.   If the right to complain of *one* administrative deficiency automatically conferred the right to complain of *all* administrative deficiencies, any citizen aggrieved in one respect could bring the whole structure of state administration before the courts for review. That is of course not the law.  As we have said, "nor does a plaintiff who has been subject to injurious conduct of one kind possess by virtue of that injury the necessary stake in litigating conduct of another kind, although similar, to which he has not been subject."

518 U.S. 343, 358-359 n. 6 (1996) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 999 (1982)).

The only case Plaintiffs cite on this point, *Sierra Club v. Morton*, 405 U.S. 727 (1972), actually supports Defendant's position.  In that case, the Supreme Court cited the traditional question of standing to sue: "[w]hether a party has a sufficient stake in an otherwise justiciable

*DAVIS WRIGHT TREMAINE LLP*

controversy to obtain judicial resolution of that controversy." *Id.* at 731-732.  Here, Plaintiffs

personally can allege no injuries under Washington law and no lost time deduction injury under

California law.  As Plaintiffs have no personal stake in the outcome of these claims, they lack

standing to assert them.

Accordingly, the Washington law claims in the first, second, third, fourth, sixth, seventh,

eighth, ninth and tenth causes of action, and the California law claims in the fifth cause of action,

should be dismissed because Plaintiffs do not have standing to bring them.[11]

### C.    Defendant is Entitled to Judgment on the Conversion Claim Because Plaintiffs' Claim is for Money in a Nonspecific, Unliquidated Amount

Defendant is entitled to judgment on Plaintiffs' conversion claim, the tenth cause of action,

because a claim for conversion of allegedly unpaid wages is not cognizable.  Plaintiffs' counsel

lost a motion to dismiss on this same issue in another case in the Northern District (*see Wren v.*

*RGIS Inventory Specialists*, No. 3:06-cv-05778-JCS, 2007 WL 295549, at *10 (N.D. Cal. 2007)).

Plaintiffs fail to cite a single case in support of their argument.  Nonetheless, Plaintiffs continue to

assert this claim.

The tenth cause of action seeks an unspecified amount of money for Defendant's alleged

failure "to pay Plaintiffs and all other similarly situated individuals for  . . . rest periods and/or

meal periods . . . [failure] to pay all wages, including the truncated wages, minimum wages, and

overtime wages . . . and to pay wages for all hours worked."  (Cmplt. ¶115.)  This is not a claim

for a specific sum such as is required to support a conversion claim.  Plaintiff's argument that it is

Defendant's alleged use of the "truncation chart" that somehow converts this nonspecific claim to

one for a specified sum is simply wrong.  Even if this chart had been used for all four Plaintiffs

(*cf.* Cmplt. ¶22, electronic form that has same effect as the chart "'would have application to all

states' with the possible exception of California"), liability and damages will necessarily vary

widely, depending on a multiplicity of factors such as how many weeks each Plaintiff happened to

have worked overtime (if any), how much overtime was worked, and the applicable wage rate.

---

[11] Washington law is not mentioned in the sixth and seventh causes of action, the rest period and meal period claims, respectively (Cmplt ¶¶ 93-102); however, Washington employees are included in the sub-class definitions pertaining to these claims (Cmplt ¶¶  45 I and 45 J).

DAVIS WRIGHT TREMAINE LLP

12

Thus, the purported use of the truncation chart would hardly produce the precise, specific, liquidated sum, akin to a chattel, that is required for a conversion claim.

California law is clear that there can be no claim for conversion of a nonspecific amount of money. *Haigler v. Donnelly*, 18 Cal. 2d 674, 681 (1941) (money can only be the subject of a conversion claim when a specific sum is identified); *accord Michelson v. Hamada*, 29 Cal. App. 4th 1566, 1589 (1994); *see also Baxter v. King*, 81 Cal. App. 192, 194 (1927) (if a specific sum is not identified, "the action is to be considered as one upon a contract or for debt and not for conversion."). No exception has been made for unpaid wage claims. *See, e.g., Vasquez v. Coast Valley Roofing, Inc.*, 2007 WL 1660972 (E.D. Cal. 2007); *Wren,* 2007 WL 295549, at *10; *Wal-Mart, Inc. Wage and Hour Litigation*, 2007 U.S. Dist. LEXIS 41679 (N.D. Cal. 2007); *Pulido v. Coca-Cola Enterprises, Inc.,* 2006 U.S. Dist. LEXIS 43765 (C.D. Cal. 2006).

In *Vasquez v. Coast Valley Roofing*, the plaintiffs filed a class action complaint alleging some fifteen violations of California and federal wage and hour laws. The plaintiffs alleged that as a result of those violations, the defendant was liable for conversion of their unpaid wages. Granting the defendant's motion to dismiss under Rule 12(b)(6), the Court said:

> Plaintiffs here seek to extend the California law of conversion into the wage and hour field in a context unrecognized by existing state law. Well-reasoned cases from other jurisdictions explain why unliquidated and unpaid employment compensation does not constitute the requisite personal property or chattels, capable of conversion. . . . Based on the absence of any California authority, the reasoning of the out-of-state cases, and the comprehensive remedial scheme protecting employees under California and federal law, the conversion theory proffered by Plaintiffs is an idea whose time has not come. There is no reason to extend tort law into a field comprehensively regulated by federal and state wage and hour laws.

*Vasquez*, 2007 WL 1660972, at *9-10.

In *Wren v. RGIS Inventory Specialists,* Bailey Pinney filed a wage hour class action much like this one. Magistrate Judge Spero granted the defendant's motion to dismiss the conversion claim, stating:

> Money cannot be the subject of an action for conversion unless a specific sum capable of identification is involved . . . . "But where the money . . . is not identified as a specific thing the action is to be considered as one upon contract or for debt and not for conversion." Plaintiffs have not identified a specific sum that can be treated as property for the purposes of a conversion claim. Therefore, Plaintiffs' claim for conversion under California law fails.

13

*Wren*, 2007 WL 295549, at *10 (citing *Weiss v. Marcus*, 51 Cal. App. 3d 590 (1975) and quoting *Baxter v. King*, 81 Cal. App. 192, 204 (1927)).

While the courts of Washington and Oregon have yet to specifically reject a claim for conversion of unpaid wages, they have consistently found that there is no cognizable conversion claim for general debts or monetary obligations that, like wages, are not precisely and specifically identifiable. *See BART Associates, Inc. v. United States*, 1999 U.S. Dist. LEXIS 8472, *34 (D. Or. 1999) (quoting *Wood Indust. Corp. v. Rose*, 530 P. 2d 1245, 1247 (Or. 1975)) ("Oregon law does not generally permit an action for conversion of money unless there is specific money capable of identification 'or coins or notes that have been instructed to the defendant's care.'"); *Westview Invs., Ltd. v. U.S. Bank*, 138 P.3d 638, 646 (Wash. App. 2006) (quoting *PUD Util. Dist. No. 1 of Lewis County v. Wash. Pub. Power Supply Sys.*, 705 P. 2d 1195 (Wash. 1985)) ("unless [money] was wrongfully received by the party charged with conversion, or unless such party was under obligation to return the specific money to the party claiming it," a conversion claim will not lie).

Inasmuch as Plaintiffs have not cited any authority to the contrary, consistent with all of the prevailing authority, judgment should be entered for Defendant on Plaintiffs' tenth claim for relief, the claim for conversion.

### D.     Defendant is Entitled to Judgment on Plaintiffs' Meal Period Claim under Oregon Law Because Oregon Does Not Allow A Private Right of Action for Missed Meal Periods

In Oregon, there is no claim for wages if an employee fails to take the prescribed meal period. *See, e.g., Gafur v. Legacy Good Samaritan Hospital and Medical Center*, 161 P. 3d 319 (Or. App. 2007); *Rivera et al. v. U.S. Bank National Association*, Mult. Co. Cir. Ct. Case No. 0305-05045 (Aug. 29, 2006) (McCracken Decl, Ex. R.).  This basic principle cannot be gainsaid. Indeed, Plaintiffs do not argue to the contrary, and they cite no authority to the contrary.  Instead they purport to clarify that their seventh cause of action is not actually seeking recompense for the missed meal period, but rather is seeking wages for time worked during a missed meal period. *See* Opposition at 10 (". . . plaintiffs claim that defendant failed to pay *all wages due because defendant failed to pay **wages** for meal periods that were interrupted by work . . .*").  Plaintiffs seek leave to amend the Complaint to state a claim different from the one they have stated –

DAVIS WRIGHT TREMAINE LLP

---

14

presumably to claim wages for time worked.  (Opposition at 10, n4).

The difficulty with Plaintiffs' explanation and plea for permission to try again, is that they already have a claim for unpaid wages for time allegedly worked:  the second claim for relief in the Complaint (the so-called "minimum wage" claim).  This claim alleges, among other things, that "Defendant failed and refused to compensate Plaintiffs and all other similarly situated individuals for all hours of work performed by Plaintiffs and all other similarly situated individuals."  (Cmplt. ¶ 60).  Hence, to the extent Plaintiffs claim they were not compensated for work performed during their unpaid meal period, their claim is already pled.  Defendants are entitled to judgment on Plaintiffs' seventh cause of action under Oregon law, and Plaintiffs should not be permitted to re-plead this claim to state one that duplicates a claim already brought.

## IV.    CONCLUSION

While they have four new named Plaintiffs in *Ross*, Bailey Pinney is already actively litigating in Oregon the same core claims against U.S. Bank as are raised in the *Ross* Complaint. Allowing this Complaint to proceed would be inefficient, risk inconsistent rulings, and condone forum shopping.  Plaintiffs should not be permitted to misuse the Court's or Defendant's resources to litigate these claims simultaneously in this Court and in the Oregon courts any more than they should be permitted to litigate claims they have no standing to bring or that do not exist in the law.

Defendant therefore respectfully requests the following:  (1) dismissal or stay of the Complaint either in its entirety or, at a minimum, to the extent to which certain claims duplicate the claims Plaintiffs have made in *McElmurry, Lowdermilk,* and *Tate*; (2) dismissal of the first, second, third, fourth, sixth, seventh, eighth, ninth, and tenth causes of action under Washington law; (3) dismissal of the fifth cause of action under California law; (4) judgment on the tenth cause of action in its entirety; and (5) judgment on the seventh cause of action under Oregon law.

DATED this 28th day of September 2007.

Respectfully submitted,
DAVIS WRIGHT TREMAINE LLP

By:   ___/s/ Judith Droz Keyes___
Judith Droz Keyes
Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION

DAVIS WRIGHT TREMAINE LLP

**APPENDIX A**

| Cause of Action | Claim | Laws Allegedly Violated | Basis of Defendant's Motion (Related Claims Within the Ross Complaint) |
|---|---|---|---|
| 1 | Rounding | CA<br>OR<br>WA | OR:      Overlaps with *Lowdermilk*<br>WA:      No Standing<br>(Related to overtime, minimum wage claims) |
| 2 | Minimum Wage | CA<br>OR<br>WA<br>FLSA | WA:      No Standing<br>FLSA:  Overlaps with *McElmurry*<br>(Related to rounding, overtime claim) |
| 3 | Overtime (Hourly Employees) | CA<br>OR<br>WA<br>FLSA | WA:      No Standing<br>(Related to rounding claim) |
| 4 | SSM Misclassification | OR<br>WA<br>FLSA | OR:      Overlaps with *Tate*<br>WA:      No Standing<br>FLSA:  Overlaps with *McElmurry*<br>(Related to overtime, rounding, minimum wage, other claims) |
| 5 | Lost Time Deduction | CA<br>OR | CA:      No Standing<br>(Related to minimum wage claim) |
| 6 | Rest Period | CA<br>OR | WA:      No Standing*<br>(Related to SSM misclassification claim) |
| 7 | Meal Period | CA<br>OR | WA:      No Standing*<br>OR:    Improper Claim<br>(Related to SSM misclassification claim) |
| 8 | Termination Pay | CA<br>OR<br>WA | OR:      Overlaps with *McElmurry, Lowdermilk, Tate*<br>WA:      No Standing<br>(Derivative of other claims) |
| 9 | Breach of Contract | CA<br>OR<br>WA | WA:      No Standing<br>(Derivative of other claims) |
| 10 | Conversion | CA<br>OR<br>WA | Entire Claim:  Improper Claim<br>WA:          No Standing<br>(Derivative of other claims) |
| 11 | Wage Statement | CA | (Derivative of other claims) |
| 12 | 17200 | CA | (Derivative of other claims) |

\*  See fn 11, *supra*.

DAVIS WRIGHT TREMAINE LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28