JUDITH DROZ KEYES (CA State Bar No. 66408)
STUART W. MILLER (CA State Bar No. 127766)
KATHLEEN D. POOLE (CA State Bar No. 228815)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-6533
Telephone:    (415) 276-6500
Facsimile:    (415) 276-6599
jkeyes@dwt.com
stuartmiller@dwt.com

Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ANN ROSS, DENNIS RAMOS, MAURITA PRASAD, and KELLY SMITH, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>U.S. BANK NATIONAL ASSOCIATION, dba US BANK,<br><br>　　　　　Defendant. | Case No. C 07-2951SI<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED *EX PARTE* MOTION BY DEFENDANT US BANK NATIONAL ASSOCIATION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE**<br><br>[Civil L.R. 7-10 and 16-2(d)]<br><br>[*Ex Parte* Motion, Declaration of Kathleen D. Poole, and Proposed Order filed concurrently herewith]<br><br>CMC Date:   November 16, 2007<br>Before the Hon. Susan Illston |

DAVIS WRIGHT TREMAINE LLP

**INTRODUCTION**

Pursuant to the Order Setting Case Management Conference issued by this Court on July 5, 2007 ("CMC Order"), the Order Granting *Ex Parte* Motion by Defendant US Bank For Relief From Case Management Schedule, issued by this Court on September 4, 2007 ("*Ex Parte* Order"), and Civil Local Rules for the Northern District of California ("Local Rules") 7-10 and 16-2 (d), Defendant U.S. Bank National Association ("U.S. Bank") moves *ex parte* to request that the Initial Case Management Conference ("Initial CMC") be further continued from November 16, 2007 to January 11, 2007, or until a date five weeks after the Court expects to decide U.S. Bank's Motion to Dismiss or, in the Alternative, Stay Action; To Dismiss Washington Law and California Lost Time Deduction Claims; and for Judgment on Conversion and Oregon Law Meal Period Claims ("Motion to Dismiss") before the Initial Case Management Conference and related deadlines, including but not limited to the initial conference under Rule 26(f) of the Federal Rules of Civil Procedure ("Federal Rules").  U.S. Bank also moves that any related case management, alternative dispute resolution ("ADR") and disclosure deadlines under the Local Rules, Federal Rules, Standing Order for All Judges of the Northern District of California ("Standing Order"), and the CMC Order be continued accordingly.  U.S. Bank requests that if this Court has not issued a decision on U.S. Bank's Motion to Dismiss by December 14, 2007, the Court continue the Initial CMC until a date five weeks after it expects the decision to issue.  Plaintiffs have stated that they will not oppose this Motion.

Good cause exists for this continuance.  The Local Rules, Federal Rules, Standing Order, and CMC Order create extensive requirements for the parties to meet in the weeks preceding the Initial CMC.  This Court underscored the good cause for this continuance by its previous *Ex Parte* Order that continued the CMC on the same grounds.  Although this Court tentatively indicated at oral argument that a number of Plaintiffs' causes of action (including all causes of action under Oregon or Washington law) will likely be dismissed or stayed, no final Order has been issued specifying what claims have been dismissed, and what claims remain.  Continuing the Initial CMC will avoid the parties and the Court from having to spend time and resources on case management matters that could prove largely unnecessary.  In addition, granting this continuance would allow

1

1 the Court more time to assess the complex procedural posture of this case before addressing case
2 management matters.  And, Plaintiffs have stated that they have no objection to continuing the
3 Initial CMC.

## FACTS

On August 16, 2007, U.S. Bank filed its Motion to Dismiss this action under the *Colorado River* doctrine, asserting that it is duplicative of previously filed actions pending in the state and federal courts of Oregon.  The Motion to Dismiss also seeks dismissal of all Washington law claims; the tenth cause of action for conversion; the seventh cause of action for unpaid meal periods under Oregon law; and the fourth cause of action for lost-time deductions under California law.  On September 4, 2007, this Court granted U.S. Bank's *ex parte* motion to continue the Initial CMC and related deadlines, on the ground that it would be fruitless for the parties to participate in these obligations before this Court had issued a decision on U.S. Bank's Motion to Dismiss.  On October 12, 2007, this Court heard oral argument on the Motion to Dismiss, and tentatively indicated that Plaintiffs' Oregon law claims would be stayed, and Washington law, conversion, California lost-time deduction, and Oregon meal period claims dismissed.  On October 16, 2007, the Court issued a Minute Entry stating that U.S. Bank's Motion to Dismiss was granted in part and denied in part, but did not specify which portions of the Motion to Dismiss were granted.  As of the time of this filing on November 2, 2007, no decision has been issued.

On October 24, 2007, U.S. Bank's counsel Kathleen D. Poole spoke with Plaintiffs' counsel Jose Mata and requested that Mr. Mata stipulate to continuing the Initial CMC until after the Motion to Dismiss had been decided.  (*See* Declaration of Kathleen D. Poole ("Poole Decl."), filed concurrently herewith, at ¶ 3.)  Mr. Mata suggested that, in the alternative, the parties agree to continue the meet-and-confer process and related times, until November 5, 2007.  (*Id.* at ¶ 3.)  Ms. Poole informed Mr. Mata by telephone and confirming letter that U.S. Bank would agree to the extension, but reserved the right to confer with Plaintiffs' counsel and file the instant Motion if the Court had not decided the Motion to Dismiss by November 2, 2007.  (*Id.* at ¶ 3; Ms. Poole's letter is attached to the Poole Declaration as Exhibit 1.)

DAVIS WRIGHT TREMAINE LLP

On November 2, 2007, Ms. Poole contacted Plaintiffs' counsel David Schuck by telephone to meet and confer regarding Plaintiffs' willingness to stipulate to continue the Initial CMC until the January 11 date. (Poole Decl. at ¶5.) Mr. Schuck stated that although Plaintiffs did not want to stipulate to that effect, the Plaintiffs would not object to this Motion requesting continuance to any December or January date. (*Id.*) On that same date, Ms. Poole contacted Mr. Schuck by telephone to meet and confer regarding U.S. Bank's request to further continue the Initial CMC if an order has not issued by December 14, 2007. (*Id.*) Mr. Schuck stated that he would not object to language stating that if the decision on U.S. Bank's Motion to Dismiss had not been issued by December 14, 2007, the Initial CMC would be continued until a date five weeks after the Court expected its decision to issue. (*Id.*)

On October 31, 2007, U.S. Bank received a Notice from the ADR Administrative Assistant regarding the parties' noncompliance with the ADR requirements under the Local Rules. This Notice is attached to the Poole Declaration as Exhibit 2.

## LEGAL STANDARD

Local Rules 16-2(d) and 7-10 authorize this *ex parte* motion for relief from the case management schedule and continuance of the Initial CMC and related dates.[1]  "[A] party may file an *ex parte* motion . . . only if a statute, Federal Rule, local rule or Standing Order authorizes the filing of an *ex parte* motion in the circumstances." (Local Rule 7-10.) *Ex parte* notice is implicitly authorized by this Court's CMC Order, which states that "[a]ny request to reschedule the [CMC] should be made in writing, and by stipulation, if possible, not less than ten days before the conference date." As this time period is substantially shorter than the thirty-five day notice and motion period required by Local Rule 7-2(a), the CMC Order thus contemplates that the CMC

---

[1] Local Rule 16-2(d) provides that "[b]y serving and filing a motion with the assigned judge pursuant to Civil L.R. 7, a party . . . may seek relief from an obligation imposed by FRCivP 16 or 26 or the Order Setting Initial Case Management Conference," so long as the motion refers to 1) the circumstances supporting the request; 2) attempts to meet and confer with other parties, and the other parties' position on the motion; and 3) is accompanied by a proposed case management schedule. All of these elements are present in this Motion.

may be rescheduled by *ex parte* motion; and, this Court issued a very similar *Ex Parte* Order on September 4, 2007.[2]

This *ex parte* Motion complies with all procedural requirements. It is a "written request" that the Initial CMC be rescheduled; it has been made well over ten days in advance of the Initial CMC. To avoid wasting this Court's time and resources, U.S. Bank waited three weeks after oral argument to see if this Court's written decision on the case would be issued. In addition, U.S. Bank sought a stipulation from Plaintiff's counsel to continue the Initial CMC, and Plaintiffs indicated that they would not object to the Motion.

U.S. Bank has "[g]ood cause" for seeking relief. If the Court's decision is in accordance with the Court's comments at oral argument on October 12, 2007, then the Oregon and Washington state law claims will likely be stayed and dismissed, respectively. It would be unnecessarily burdensome for the parties to have to meet and confer to discuss the twenty procedural and factual points outlined in the Standing Order and to have to complete their Initial Disclosures with respect to claims under Oregon and Washington law (as well as additional claims) that likely will be stayed and/or dismissed. (*See* CMC Order at pp. 1-2; *see also* Standing Order; Fed. R. Civ. P. 26(f).) In addition, the parties would be unable to meaningfully discuss case management issues or complete the Rule 26(f) conference before the Motion to Dismiss is decided, as the parties would not know which claims will remain after this Court has decided the Motion to Dismiss. And, finally, continuing the Initial CMC would enable the Court to have more time to issue a critical decision on complex procedural issues before delving into case management matters.

In light of the foregoing, U.S. Bank respectfully requests that the Court issue an Order continuing the Initial Case Management Conference until January 11, 2007 (or any date that

---

[2] Local Rule 7-10 also provides that "[t]he [*ex parte*] motion must include a citation to the statute, rule or order which permits the use of an *ex parte* motion to obtain the relief sought." This provision thus appears to authorize citation to this Court's CMC Order in support of this *ex parte* motion. Should this Court consider the CMC Order not to permit an *ex parte* motion under Local Rule 7-10, U.S. Bank respectfully requests that this Motion be treated as an Administrative Motion for Relief under Local Rule 7-11, which applies to "miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge." *See* Local Rule 7-11.

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* MOTION
FOR RELIEF FROM CASE MANAGEMENT SCHEDULE
Case No. C 07-2951SI

would allow this Court sufficient time to decide the Motion to Dismiss), and continuing all other case management and disclosure requirements in accordance with the revised date for the Initial Case Management Conference.  U.S. Bank also respectfully requests that if this Court's decision on the Motion to Dismiss does not issue by December 14, 2007, the Initial Management Conference be further continued until a date five weeks after this Court expects its decision on the Motion to Dismiss to issue.

DATED:  November 2, 2007

    Respectfully submitted,

    DAVIS WRIGHT TREMAINE LLP

    By: _____*/s/ Stuart W. Miller*_____
          Stuart W. Miller
    Attorneys for Defendant
    U.S. BANK NATIONAL ASSOCIATION

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* MOTION
FOR RELIEF FROM CASE MANAGEMENT SCHEDULE
Case No. C 07-2951SI