JUDITH DROZ KEYES (CA State Bar No. 66408)
STUART W. MILLER (CA State Bar No. 127766)
KATHLEEN D. POOLE (CA State Bar No. 228815)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-6533
Telephone:   (415) 276-6500
Facsimile:    (415) 276-6599
jkeyes@dwt.com
stuartmiller@dwt.com

Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANN ROSS, DENNIS RAMOS, MAURITA PRASAD, and KELLY SMITH, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>U.S. BANK NATIONAL ASSOCIATION, dba U.S. BANK,<br><br>                    Defendant. | Case No. C 07-2951SI<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED *EX PARTE* MOTION BY DEFENDANT U.S. BANK NATIONAL ASSOCIATION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE IN ACCORDANCE WITH THIS COURT'S NOVEMBER 6, 2007 ORDER**<br><br>[Civil L.R. 7-10 and 16-2(d)]<br><br>[*Ex Parte* Motion, Declaration of Kathleen D. Poole, and Proposed Order filed concurrently herewith]<br><br>CMC Date:   January 18, 2008<br>Before the Hon. Susan Illston |

Pursuant to the Order Setting Case Management Conference issued by this Court on July 5, 2007 ("CMC Order"), the Order Granting Unopposed *Ex Parte* Motion by Defendant U.S. Bank For Relief From Case Management Schedule, issued by this Court on November 6, 2007 ("November 6 Order"), and Civil Local Rules for the Northern District of California ("Local Rules") 7-10 and 16-2 (d), Defendant U.S. Bank National Association ("U.S. Bank") moves *ex parte* to request that the Initial Case Management Conference ("Initial CMC") be further continued in accordance with this Court's November 6 Order from January 18, 2008 until March 7, 2008, or until any date five weeks after the Court expects to decide U.S. Bank's Motion to Dismiss or, in the Alternative, Stay Action; To Dismiss Washington Law and California Lost Time Deduction Claims; and for Judgment on Conversion and Oregon Law Meal Period Claims ("Motion to Dismiss").  U.S. Bank also moves that any related case management, alternative dispute resolution ("ADR") and disclosure deadlines under the Local Rules, Federal Rules, Standing Order for All Judges of the Northern District of California ("Standing Order"), and the CMC Order be continued accordingly.

Good cause exists for this continuance.  In the November 6 Order, this Court ruled that if this Court's decision on the Motion to Dismiss did not issue by December 14, 2007, the Initial Case Management Conference ("Initial CMC") would be further continued until a date five weeks after this Court expects its decision on the Motion to Dismiss to issue.  In the November 6 Order, this Court also ruled that good cause existed for this continuance, because continuing the Initial CMC and related dates until after a decision on U.S. Bank's Motion to Dismiss does issue would avoid potentially unnecessary labor and expense by the parties and this Court.[1]

On December 13, 2007, U.S. Bank's counsel Kathleen D. Poole contacted this Court's

---

[1] Further good cause exists for this Motion, and this issue was fully briefed in the *ex parte* motion papers underlying this Court's November 6 Order.  Specifically, at oral argument on the Motion to Dismiss, this Court tentatively indicated that a number of Plaintiffs' claims (including all Oregon and Washington state law claims) may likely be dismissed.  Consequently, proceeding with the extensive Initial CMC and related requirements under the Local Rules, Federal Rules, and CMC Order before the Court issues a ruling on the Motion to Dismiss would likely lead to waste and expense by the parties and this Court.  In addition, none of the subjects to be addressed by the parties in advance of or at the Initial CMC can be meaningfully discussed until after the parties know the Court's ruling on the Motion to Dismiss; and, continuing the Initial CMC and related deadlines would give the Court more time to consider and draft its decision on highly complex issues before it addresses case management matters.

DAVIS WRIGHT TREMAINE LLP

1  calendar clerk to determine the appropriate method to reschedule the Case Management
2  Conference in accordance with the November 6 Order.  (*See* Declaration of Kathleen D. Poole
3  ("Poole Decl."), filed concurrently herewith, at ¶ 2.)  The calendar clerk informed Ms. Poole that
4  U.S. Bank should attempt to reach agreement with Plaintiffs' counsel on an appropriate date and
5  file a stipulation to move the Initial CMC.  (*Id.* at ¶ 2.)

6        On December 14, 2007, Ms. Poole contacted Plaintiffs' counsel Jose Mata by telephone to
7  inform Mr. Mata of U.S. Bank's intention to reschedule the Initial CMC, and to seek his
8  agreement on an appropriate date.  (Poole Decl. at ¶3.)  Mr. Mata stated that although Plaintiffs
9  did not wish to file a stipulation, Plaintiffs would not object to a request for continuance of the
10 Initial CMC until March 7, 2008. (*Id.*)

11       In light of the foregoing, U.S. Bank respectfully requests that the Court issue an Order
12 continuing the Initial CMC until March 7, 2008 (or any date that would allow this Court sufficient
13 time to decide the Motion to Dismiss), and continuing all other case management and disclosure
14 requirements in accordance with the revised date for the Initial CMC.  If a decision has not issued
15 by February 1, 2008, U.S. Bank will likely file for further continuance at that time.

16 DATED: December 18, 2007

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP


By:    */s/ Kathleen D. Poole*
      Kathleen D. Poole
Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION