EXHIBIT A

1   ~~Bailey, Pinney PC~~†
2   ~~Shelby Clark, Cal. Bar No. 203606~~
    ~~Lisa Sloman, Cal. Bar No. 244225~~
    ~~1498 SE Tech Center Place, Suite 290~~
3   ~~Vancouver, Washington 98683~~
    ~~Telephone: (360) 567-2551,~~
4   ~~Fax: (360) 567-3331~~
    ~~SClark@wagelawyer.com~~
5
6   **JOSE R. MATA, Cal Bar No. 83724, OSB 80305**
    **E-Mail: Jmata@wagelawyer.com**
7   ~~DAVID A. SCHUCK, Pro Hac Vice, OSB No. 99356, WSB No. 37285~~
    ~~E-Mail: Dschuck@wagelawyer.com~~
8   **BAILEY PINNEY, PC**
    **1498 SE Tech Center Place, Suite 290**
9   **Vancouver, WA 98683**
    **Telephone: 360-567-2551**
    **Fax: 360-567-3331**
10
11  **SUSAN SIMMONS SEEMILLER Cal Bar No.  150546**
    **E-Mail: SSeemiller@wagelawyer.com**
    **Of Counsel**
12  **BAILEY PINNEY, PC**
    **840 County Square Drive**
13  **Ventura, CA 93003**
    **Telephone: (805) 339-9090**
14  **Fax:    (805) 339-0090**

15  **BONNIE MACFARLANE, Cal Bar No. 161526**
    **E-Mail: bmacfarlane@wagelawyer.com**
16  **BAILEY PINNEY, PC**
    **720 Howe Avenue, Suite 113**
17  **Sacramento, CA 95825**
    **Telephone: (800) 230-5528**
18  **Fax: (800) 230-5866**
19

20  Attorneys for Plaintiffs Ann Ross, Dennis Ramos, Maurita Prasad,
    **Tamara Burkhart, Nanette Housken,** and Kelly Smith

21
22          **[IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

23              **IN AND FOR THE COUNTY OF ALAMEDA]**

24          **IN THE UNITED STATES DISTRICT COURT**

25          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

26      [1]New matter is bolded and underlined.  Deleted matter is bracketed or struck through.

27

1
2
3
4
5

Ann Ross, Dennis Ramos, Maurita Prasad, **Tamara Burkhart, Nanette Renee Housken,** and Kelly Smith, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

US Bank National Association, dba US Bank, and DOES One through TWENTY-FIVE inclusive,

Defendant.

Case No. [RG07319452] C07-02951 SI

**PROPOSED SECOND AMENDED CLASS ACTION COMPLAINT**

1. Failure to Pay Wages;
2. Failure to Pay Minimum Wages;
3. Failure to Pay Overtime Wages (Hourly);
4. Failure to Pay Overtime Wages (Misclassification as Exempt);
5. Improper Wage Deduction;
6. Failure to Provide Rest Periods;
7. Failure to Provide Meal Periods;
8. Failure to Timely Pay Wages (Late Pay);
9. Breach of Contract;
10. Conversion;
11. Failure to Provide Accurate Itemized Wage Statements;
12. Unfair Competition Law: Cal. Bus. & Prof. Code § 17200.

[Pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C.§§ 201-219, and the laws of the states of California, Oregon and Washington]

**DEMAND FOR JURY TRIAL**

Plaintiffs, individually and on behalf of all other similarly situated, bring this complaint stating a class action and a collective action against Defendant, US Bank National Association and allege the following upon information and belief.  Those allegations concerning Plaintiffs are alleged upon personal knowledge.

## INTRODUCTION

1.    Plaintiffs, individually and on behalf of all other similarly situated individuals, file this

1   action to recover wages, minimum wages, overtime wages, statutory wages, penalty wages, and

2   liquidated damages, for present and former employees of Defendant for its actions in failing to pay all

3   wages due and owing, including minimum wages, overtime wages, and contract wages; making

4   improper wage deductions; failing to provide appropriate duty-free rest periods; failing to provide

5   appropriate uninterrupted meal periods; failing to provide accurate itemized wage statements; and

6   failing to timely pay wages when due at the termination of employment.  Throughout this Complaint,

7   "similarly situated individuals" refers to current and former hourly employees of Defendant in the states

8   of California and Oregon, and Washington[2], including without limitation Sales and Service Managers

9   ("SSMs") in the states of Oregon and Washington who were mis-classified as "exempt" employees.

10       2.       Defendant, US Bank National Association, d.b.a. US Bank (hereinafter "US Bank") is a

11   national association bank. US Bank is the sixth largest commercial bank in the United States.

12       3.       US Bank operates 2,472 banking offices in 24 states, including California Oregon, and

13   Washington. US Bank conducts financial business in all 50 states.

14           **a. <u>US Bank also operates about 500 "in-store" bank branch offices nationwide.</u>**

15           **b. <u>US Bank's in-store bank branch offices are branches located within the building</u>**

16               **<u>of a retail store that US Bank refers to as a "retail partner."</u>**

17       4.       US Bank is a subsidiary of U.S. Bancorp, a diversified financial holding company which

18   had total assets of $219 billion at year-end 2006 and serves more than 14.2 million customers.

19       5.       Plaintiff Ann Ross was an hourly employee of Defendant and worked for Defendant in

20   Redondo Beach/Gardenia, California from approximately September 2005 to May 2006.  Ms. Ross was

21   deprived of approximately six uninterrupted rest periods per week to which she was entitled. Ms. Ross

22   was not paid for all wages earned.  Ms. Ross provided at least 72 hours notice of her intention to quit,

23   yet did not receive her final pay on her last day of employment.  Defendant did not timely pay Ms. Ross

24   her last paycheck pursuant to California law.

---

[2]If the Court grants Defendant's motion to dismiss the Washington claims, then reference to the Washington claims will be deleted.

---

6.      Plaintiff Maurita Prasad was an hourly employee of Defendant from December 8, 2003, to January 17, 2005. Ms. Prasad worked for Defendant in Pleasant Hill, California. Ms. Prasad regularly did not receive duty-free rest periods and regularly did not receive uninterrupted meal periods. Ms. Prasad was not paid all her wages for time worked. Defendant terminated Ms. Prasad's employment, yet failed to timely pay her final wages on her last day of employment, as required by California law.

7.      Plaintiff Dennis Ramos was an hourly employee of Defendant and worked for Defendant in Portland, Oregon. Mr. Ramos was hired in 2000 and was terminated by Defendant in December 2005. Defendant failed to pay for all hours Mr. Ramos worked. Mr. Ramos regularly received no rest periods. Defendant failed to pay Mr. Ramos the statutory minimum wage for all hours worked. Defendant failed to pay Mr. Ramos 1 ½ times his regular hourly rate for the hours he worked in excess of 40 hours for a single workweek. Defendant improperly and without written authorization made deductions from Mr. Ramos's wages under the heading "Lost Time" or "LST" (hereafter jointly referred to as "Lost Time"). Defendant failed to pay Mr. Ramos all wages when due upon termination, as required by Oregon law.

8.      Plaintiff Kelly Smith worked for Defendant in Seaside, Oregon. Ms. Smith was hired as an hourly employee in 1997 and continued to work for Defendant through 2006. Ms. Smith regularly did not receive uninterrupted rest periods from August 2004 to August 2005. ~~Ms. Smith rarely received a duty-free uninterrupted meal period~~ **Defendant deducted wages from Ms. Smith's pay for meal periods that did not last for 30 minutes of uninterrupted time. In some cases, she worked the entire meal period. In other cases, she worked a portion of the 30 minute meal period. Defendant did not pay Smith the designated meal period at all, including the portion of the meal period that she worked and the portion of the meal period that she did not work**. During the relevant statutory period, representative Plaintiff Kelly Smith ("Plaintiff Smith") was employed in the position of Sales and Service Manager ("SSM") by Defendant in Oregon. Defendant mis-classified Plaintiff Smith as an exempt employee while she held the SSM position. During this same time period when Plaintiff Smith worked as an SSM, she was paid on a salary basis and regularly worked more than 40 hours in a single workweek. Defendant failed to pay Ms. Smith 1 ½ times her regular hourly rate for

1   the hours she worked in excess of 40 hours for a single workweek when she was employed in the SSM

2   position. Defendant improperly and without written authorization made "Lost Time" deductions from

3   Ms. Smith's wages.  Defendant failed to provide Ms. Smith with the required duty-free rest periods.

4   Defendant regularly failed to provide Ms. Smith with uninterrupted meal periods.  Defendant failed to

5   pay Ms. Smith for all her hours worked and further failed to pay all her wages when due upon

6   termination, as required by Oregon law.

7       **9.      Plaintiff Tamara Burkhart worked for Defendant in Cameron Park, California, in**

8   **an in-store bank branch office.  Ms. Burkhart was hired as an hourly employee in or about June,**

9   **2004 and worked for Defendant until about January 2005.  Defendant regularly failed to pay Ms.**

10  **Burkhart either for all hours worked or for overtime that she worked.  Defendant failed to pay**

11  **Ms. Burkhart 1 ½ times her regular hourly rate for the hours she worked in excess of 40 hours**

12  **for a single workweek.  Defendant regularly failed to provide Ms. Burkhart uninterrupted rest**

13  **periods during her employment.  Defendant regularly deducted meal periods from Ms.**

14  **Burkhart's pay when Ms. Burkhart was not allowed to leave Defendant's premises during her**

15  **meal period and when Ms. Burkhart had to interrupt her meal period to serve customers.  Ms.**

16  **Burkhart regularly worked off-the-clock during the above meal period interruptions.  Defendant**

17  **did not pay Ms. Burkhart an additional hour of pay for missed rest periods or for missed or**

18  **interrupted meal periods as required by California Labor Code Section 226.7.  Defendant**

19  **regularly suffered or permitted Ms. Burkhart to work off-the-clock when opening and closing the**

20  **office and when she worked outside of the office.  Defendant regularly made unauthorized "Lost**

21  **Time" deductions from Ms. Burkhart's wages.  When Ms. Burkhart's employment terminated,**

22  **Defendant did not pay Ms. Burkhart all wages due within 72 hours of her last day of employment**

23  **with Defendant.**

24      **10.      Plaintiff Nanette Renee Housken worked for Defendant in Stockton, California in**

25  **an in-store bank branch office.  Ms. Housken was hired as an hourly employee in or about June**

26  **2004 and worked for Defendant until about July 2005.  Defendant regularly failed to pay Ms.**

27  **Housken either for all hours worked or for overtime that she worked.  Defendant failed to pay**

28  **Ms. Housken 1 ½ times her regular hourly rate for the hours that she worked in excess of 40**

1  **hours for a single work week. Defendant regularly failed to provide Ms. Housken uninterrupted**

2  **rest periods during her employment. Defendant regularly failed to provide Ms. Housken an**

3  **uninterrupted meal period during her employment. Defendant regularly deducted meal periods**

4  **from Ms. Housken's pay when she was not allowed to leave Defendant's premises and when the**

5  **meal periods were interrupted. Ms. Housken regularly worked off-the-clock during the above**

6  **meal period interruptions. Defendant did not pay Ms. Housken an additional hour of pay for**

7  **missed rest periods or for missed or interrupted meal periods as required by California Labor**

8  **Code Section 226.7. Defendant regularly suffered or permitted Ms. Housken to work off-the-**

9  **clock when opening and closing the office, when assisting customers after the scheduled end of**

10 **her shift, and when balancing the till. Although Ms. Housken provided more than 72 hours'**

11 **notice that she was quitting her employment with Defendant, Defendant failed to pay Ms.**

12 **Housken all wages due on her last day of employment with Defendant.**

13     [9] **11.**     Plaintiffs seek to represent other similarly situated individuals through this multi-state

14 class action and collective action in the State of California for class members who worked for

15 Defendant in California, Oregon and Washington. The claims seek wages, damages, penalty wages,

16 statutory wages, liquidated damages, costs and attorney fees for Defendant's failure to pay all wages,

17 overtime wages, minimum wages, and wages when due upon termination, and for failing to provide

18 duty-free rest periods, and for failing to provide uninterrupted meal periods, all as required by the laws

19 of the states of California and Oregon, and Washington and pursuant to the Fair Labor Standards Act of

20 1938, 29 U.S.C. §§ 201-219 ("FLSA").

21                              **JURISDICTION & VENUE**

22     [10] **12**.    The jurisdiction of this Court arises under Code of Civil Procedures § 410.10 because

23 Defendant conducts business in the State of California. This Court has subject matter jurisdiction over

24 this Class and the representative action pursuant to California Business & Professions Code § 17200 *et*

25 *seq.*, California Code of Civil Procedure § 382, and other provisions of the California Codes, as well as

26 29 U.S.C. § 216(b).

27     [11] **13.**     Venue is proper in Alameda County pursuant to Code of Civil Procedure § 395 and

28 Cal. Bus. & Prof. Codes §§ 17202 and 17203 because US Bank is an out-of-state association and

1  conducts substantial business within this county.

2  <div align="center">**PARTIES**</div>

3  [12] **14.**  At all material times, Plaintiffs and all other similarly situated individuals were and

4  are current and former employees of Defendant in California, Oregon and/or Washington. Defendant is

5  subject to the wage and hour provisions of the FLSA and the wage and hour laws of California, Oregon

6  and Washington.

7  [13] **15.**  Defendant is a national banking association organized and existing under the National

8  Bank Act with its Articles of Association designating Cincinnati, Ohio as the place of Defendant's main

9  office. Defendant also maintains corporate headquarters in Minneapolis, Minnesota. Defendant, at all

10  material times herein, was and is doing business as "US Bank" in the states of California, Oregon and

11  Washington.

12  [14] **16.**  At the time of filing this complaint, Plaintiffs Prasad and Ross are individuals who

13  reside in and are citizens of the State of California.

14  [15] **17.**  At the time of filing this complaint, Plaintiffs Ramos and Smith are individuals who

15  reside in and are citizens of the State of Oregon.

16  <div align="center">**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**</div>

17  [16] **18.**  Representative Plaintiffs, Ann Ross, Dennis Ramos, Maurita Prasad, and Kelly Smith,

18  were employed by Defendant.  Ross, Prasad, **Tamara Burkhart, and Nanette Housken** worked in

19  California, and Ramos and Smith worked in Oregon.  Plaintiffs and other similarly situated individuals

20  performed the services required of them by Defendant during their employment.

21  [17] **19.**  During Plaintiffs' employment, Defendant did not provide appropriate duty-free rest

22  periods, nor did Defendant provide uninterrupted meal periods, nor did Defendant pay all wages for all

23  work performed, nor did Defendant pay applicable minimum wages, nor did Defendant provided

24  accurate itemized wage statements, nor did Defendant pay overtime and/or "premium" wages when

25  required by law, nor did Defendant pay all wages when due.  During Plaintiffs' employment, Defendant

26  made unauthorized Lost Time deductions from Plaintiffs' wages.

27  [18] **20.**  US Bank exercises centralized control over all of its employees who work in

28  California, Oregon and Washington from its headquarters located in Minneapolis, Minnesota..

[Proposed] Second Amended Class Action Complaint
– Case No. RG07319452

[19] **21**.  Defendant has a centralized payroll department that oversees all payroll for US Bank for all of its locations throughout the United States including California, Oregon and Washington.

[20] **22**.  US Bank centrally controls staffing in California, Oregon and Washington. US Bank regularly causes, suffers and permits its employees to work without the benefit of rest periods, or to take their rest periods untimely.  US Bank regularly causes, suffers and permits its employees to be interrupted during their lunch periods, or to work without the benefit of lunch periods.

[21] **23**.  US Bank records the hours and minutes worked by its employees each day then converts the daily time worked to tenths of an hour.  Defendant has an express policy and/or practice of truncating down the actual time worked by each hourly employee to the next lowest tenth of an hour. This policy consistently under-recorded the actual "Daily Total" time worked by hourly employees, and resulted in the nonpayment of wages, except when an hourly employee's actual time worked was precisely divisible by one tenth of an hour.  Attached hereto as Exhibit A is a copy of a US Bank "Sample Weekly Time Report," with a "conversion chart" showing and explaining that time worked is to be rounded back to the earlier tenth of an hour.

[22] **24**.   On July 18, 2006, in sworn deposition testimony, Tom Christon, who was then responsible for US Bank's nationwide payroll and "human resources information system" testified that US Bank had since at least 2002 used a time sheet such as the one shown in Exhibit A, with such a conversion chart. He further testified that "the new time sheet would have been placed on the company intranet for use by managers and distribution to the employees in their areas."  Mr. Christon further testified that at the time of his testimony US Bank was using, and had used since 2004, an automated electronic form that has the same effect as the "conversion chart" shown in Exhibit A.  That electronic form "would have application to all states" with the possible exception of California, but specifically including Oregon. Mr. Christon said, "after the math has been done using minutes and seconds, then the rounding takes place for the total. . . . Q: The totals that are represented on the total hours worked are where the Excel spreadsheet does the rounding; isn't that correct?  A: I believe so."  Later in his testimony Mr. Christon was asked, "if the employee works from 8:00 in the morning till 12:11 that same morning [sic], that's 4 hours and 11 minutes. Do you agree?  A: That is 4 hours and 11 minutes. . . . Q: You would only pay them till 12.1, is that correct, under you interpretation of the application of

1   the time sheet?  A: Yes.  Q: Which is . . . 4 hours and 6 minutes?  A: Yes."

2       [23] **25**.   Defendant made Lost Time deductions from Plaintiffs' wages for its own benefit,

3   without written authorization, and Defendant retained all Lost Time monies, in violation of the FLSA

4   and of the laws of California and Oregon.

5       [24] **26**.   Defendant failed to pay all wages for appropriate duty-free rest periods that Defendant

6   was required to provide Plaintiffs and class members under the states' laws, and further failed to include

7   the rest periods as wages when calculating wages due under the FLSA and the laws of California,

8   Oregon and Washington.

9       [25] **27**.   Defendant failed to pay all wages for appropriate uninterrupted meal periods that

10  Defendant was required to provide Plaintiffs and class members under the states' laws, and further

11  failed to include the meal periods as wages when calculating wages due under the FLSA and the laws of

12  California, Oregon and Washington.

13      [26] **28**.   Defendant failed to pay all wages for all hours worked, including regular wages,

14  overtime wages, and minimum wages as required by the FLSA and the state laws, regulations, and rules

15  of California, Oregon and Washington.

16      [27] **29**.   Defendant required, suffered, and permitted Plaintiffs and all other similarly situated

17  individuals to work hours for which Defendant did not compensate them at the minimum rate of pay for

18  all hours worked.  In so doing, Defendant violated the requirements of the FLSA and the laws and

19  regulations of California, Oregon and Washington.  Consequently, Defendant owes Plaintiffs and all

20  Defendant's employees who are similarly situated, regular wages, overtime wages, and minimum

21  wages, plus liquidated damages under the FLSA; plus, under Oregon law, penalty wages to Oregon

22  Plaintiffs and all similarly situated Oregon employees; plus, under California law, liquidated damages

23  and statutory wages to California Plaintiffs and similarly situated California employees.[; plus, under

24  Washington law, liquidated damages to similarly situated Washington  employees.]

25      [28] **30**.   Defendant required, suffered and permitted Plaintiffs and all other similarly situated

26  employees to work hours in excess of 40 hours per week and, in California, in excess of 8 hours per

27  day, for which Defendant did not compensate those employees at the overtime premium rate (1-½ times

28  their regular hourly rate) for those overtime hours worked.  In so doing, Defendant violated the

1    requirements of the FLSA and of California, Oregon and Washington laws, rules, and regulations.

2    Consequently, Defendant owes Plaintiffs and all other similarly situated employees overtime wages,

3    liquidated damages, statutory penalties and penalty wages all as provided by the FLSA and the laws and

4    regulations of the states of California, Oregon and Washington.

5    [29] **31.**   Pursuant to California law, Defendant is required to provide accurate itemized wage

6    statements for each pay period to Plaintiffs and all other similarly situated California employees.  Cal.

7    Lab. Code § 226.  Defendant failed to provide accurate itemized wage statements to California

8    Plaintiffs Ross and Prasad and all other similarly situated individuals.  Because Defendant failed to

9    provide accurate itemized wage statements, Defendant owes statutory damages to California Plaintiffs

10   Ross and Prasad and all other similarly situated California employees, as well as costs, interest, and

11   attorney fees.

12   [30] **32.**   Defendant's conduct in failing to provide appropriate rest periods and/or meal

13   periods; failing to pay all wages, including minimum wages and overtime wages; making unauthorized

14   Lost Time deductions; failing to provide accurate itemized wage statements; and failing to pay all

15   wages due and earned upon termination of employment; pursuant to the laws of California, Oregon and

16   Washington, was willful.

17   [31] **33.**   Defendant's conduct in failing to pay all minimum wages and overtime wages as

18   required under the FLSA, and in making Lost Time deductions as forbidden by the FLSA, was willful.

19   [32] **34.**   Defendant entered into a contract with Plaintiffs and all other similarly situated

20   individuals whereby Plaintiffs agreed to work for Defendant and Defendant agreed to pay all wages to

21   Plaintiffs and similarly situated individuals and further agreed to comply with the FLSA and the wage

22   and hour laws of the states of California, Oregon and Washington.  Defendant breached this contract

23   when Defendant failed to pay all wages for time worked, made Lost Time deductions without written

24   authorization, failed to provide and/or pay for appropriate duty-free rest periods, failed to provide

25   and/or pay for appropriate uninterrupted meal periods, failed to pay all wages, including minimum

26   wages and overtime wages, and failed to timely pay wages at the termination of employment.  In so

27   doing, Defendant caused harm to Plaintiffs and all other similarly situated individuals.  As a result,

28   Plaintiffs and all other similarly situated individuals are owed wages and damages.

1    [33] **35.**   Defendant failed to make timely payment of all wages due when required by the laws

2  of California, Oregon and Washington, when employment with Defendant ended for Plaintiffs and all

3  other similarly situated individuals.

4    [34] **36.**   Because Defendant failed to pay Plaintiffs and all other similarly situated individuals

5  for all regular wages, minimum wages, and overtime wages, and made unauthorized Lost Time

6  deductions, and failed to pay all wages when initially due and when due at termination, Defendant was

7  unjustly enriched.  Defendant requested by words and/or conduct that Plaintiffs and all other similarly

8  situated individuals provide services for Defendant.  Plaintiffs and all other similarly situated

9  individuals benefitted Defendant by providing services to Defendant.  Plaintiffs and all other similarly

10  situated individuals performed services as Defendant requested.  Defendant did not pay for the services

11  that Plaintiffs and all other similarly situated individuals performed.  As a result, Plaintiffs and all other

12  similarly situated individuals are entitled to unpaid wages, truncated wages, minimum wages, overtime

13  wages, statutory wages, penalty wages, interest from the time of the conversion; punitive damages; and

14  fair compensation for the time and money properly expended in pursuit of the property.

15    [35] **37.**   Defendant's actions and conduct, detailed herein, were part of a multi-state and/or

16  nationwide corporate conduct, practice, process, procedure, and plan, which affected employees who

17  worked for Defendant in the states of California, Oregon and Washington.  As a direct and proximate

18  result of Defendant's unlawful companywide conduct, Plaintiffs (1) were suffered, permitted and/or

19  required to work through mandatory rest periods which were required to be provided by the laws of the

20  states of California, Oregon and Washington, and were not paid the wages due for the unprovided rest

21  periods, (2) were suffered, permitted and/or required to work through mandatory meal periods which

22  were required to be provided by the laws of the states of California, Oregon and Washington, and were

23  not paid the wages due for the unprovided meal periods, (3) were not paid all wages for time worked,

24  including but not limited to minimum wage and overtime, (4) were deprived of wages through

25  unauthorized Lost Time deductions, (5) were not provided accurate itemized wage statements, (6) were

26  not paid wages when due, and (7) were victimized by Defendant's policies and practices set forth

27  herein.  Plaintiffs and all other similarly situated individuals are entitled to recover monies for the

28  unprovided rest periods and interrupted meal periods including, but not limited to, wages, statutory

1  wages, minimum wages,"overtime" and/or "premium" wages, and penalty wages, as provided by the

2  FLSA and the laws, rules, and regulations of the states of California, Oregon and Washington.

3  Plaintiffs and all other similarly situated individuals are additionally entitled to recover reasonable

4  attorney fees, costs, and interest.

5

6                              **CLASS ACTION ALLEGATIONS**

7        [36] **38.**   Plaintiffs bring this action on behalf of themselves and all other similarly situated

8  individuals, both in a representative capacity and as a class action pursuant to California Code of Civil

9  Procedure section 382, and as a collection action pursuant to the Fair Labor Standards Act of 1938, 29

10 U.S.C. section 216(b).  Plaintiffs seek to represent the following classes:

11            a. All California, Oregon and Washington US Bank employees and former employees

12               who were not fully and timely compensated for all hours worked; and

13            b. All California, Oregon and Washington US Bank employees and former employees

14               whom Defendant owes statutory remedies for labor code violations.

15       [37] **39.**   This action has been brought and may properly be maintained as a class action

16 pursuant to the provisions of the California Code of Civil Procedure Section 382.

17       [38] **40.**   This action has been brought and may properly be maintained as a collective action

18 pursuant to the provisions of the FLSA.

19       [39] **41.    NUMEROSITY OF THE CLASS** – Code of Civ. Proc. § 382: Members of the

20 Class are so numerous that their individual joinder is impracticable.  The precise number of members of

21 the Class and their addresses is unknown to the Plaintiffs.  Plaintiffs estimate the Class exceeds 10,000

22 persons. The precise number of persons in the Class and their identities and addresses can be

23 ascertained from Defendant's records.  Members of the Class may be notified of the pendency of this

24 action by mail.  This number may increase depending upon the turnover rate of employees during the

25 applicable statutory period prior to the filing of this complaint.

26       [40] **42.    EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF FACT**

27 **AND LAW** – Code of Civ. Proc. § 382: Common questions of law and fact exist as to all members of

28 the Class. These questions predominate over the questions affecting only individual members of the

1  Class.  These common legal and factual questions include:

2          A.      Whether Defendant paid all wages earned when due;

3          B.      Whether Defendant provided Plaintiffs and class members with duty-free rest
4                  periods as required;

5          C.      Whether Defendant provided Plaintiffs and class members with uninterrupted
6                  meal periods as required;

7          D.      Whether Plaintiffs and class members were paid all minimum wages for time
8                  worked;

9          E. Whether US Bank unlawfully withheld money for "Lost Time" from Plaintiffs' and
10                 class members' wages;

11         F. Whether US Bank obtained authorization from its employees for the "Lost Time"
12                 withholdings;

13         G.      Whether US Bank could lawfully withhold funds from its employees' wages;

14         H.      Whether Plaintiffs and class members were paid overtime/premium wages for
15                 time worked over 40 hours per week or (in California) over 8 hours per day;

16         I. Whether Defendant paid Plaintiffs and class members all wages when due after their
17                 employment ended;

18         J. Whether Defendant entered into a contract with Plaintiffs and class members;

19         K.      Whether Defendant was unjustly enriched by services provided to Defendant by
20                 Plaintiffs and class members;

21         L. Whether Defendant converted property belonging to Plaintiffs and class members;
22                 and

23         M.      Whether Defendant provided California Plaintiffs and class members with
24                 accurate itemized wage statements as required by California law.

25         [41] **43.**  **TYPICALITY** – Code Civ. Proc. § 382: Plaintiffs' claims are typical of the claims of
26  the members of the Class because Plaintiffs worked for US Bank and are owed wages and/or damages
27  for Defendant's failure to pay all earned wages, Defendant's failure to provide appropriate duty-free rest
28  periods, Defendant's failure to provide appropriate uninterrupted meal periods, Defendant's failure to

pay overtime and/or "premium" wages for hours worked in excess of 40 hours per week or (in California) in excess of 8 hours per day, Defendant's failure to pay minimum wages pursuant to state and federal law, Defendant's failure to timely pay wages upon termination of employment, and (in California) Defendant's failure to provide accurate itemized wage statements. The claims of the named Plaintiffs are typical of the claims of the members of the class in that:

A.     At least one named plaintiff is a member of each class and/or subclass;

B.     Plaintiffs' claims stem from the same practices or courses of conduct that form the basis of each class;

C.     Plaintiffs' claims are based upon the same legal and remedial theories as those of the class and involve similar factual circumstances;

D.     There is no antagonism between the interests of the named Plaintiffs and absent class members; and

E. The injuries which Plaintiffs suffered are similar to the injuries which class members have suffered.

[42] **44.**     **ADEQUACY OF PLAINTIFFS' REPRESENTATION** – Code Civ. Proc. § 382: The named Plaintiffs will fairly and adequately represent the class because:

A.     There is no conflict between Plaintiffs' claims and those of other class and subclass members;

B.     Plaintiffs have retained counsel who are skilled and experienced in wage and hour cases and in class actions and who will vigorously prosecute this litigation;

C.     Plaintiffs' claims are typical of the claims of class members; and

D.     The interests of the members of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

[43] **45.**     **SUPERIORITY** – Code Civ. Proc. § 382: a class action is superior to other available means for the fair and efficient adjudication of the claims of Plaintiffs and members of the Class. The damages suffered by each individual class member may be relatively small, especially given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. Moreover, even if class members themselves could afford such

individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties. The class action device presents far fewer management difficulties, and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

[44] **46.** **CERTIFICATION** – of Plaintiffs' claims is appropriate because:

    A.    Common questions of law or fact predominate over questions affecting only individual members;

    B.    The forum is convenient to the parties, class members, and potential witnesses, the class is specifically identifiable to facilitate provision of adequate notice, and there will be no significant problems managing this case as a class action;

    C.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual class members have a minimal interest in controlling the prosecution of separate actions;

[45] **47.** **DEFINITION OF SUB-CLASSES** – Plaintiffs seek class certification including but not limited to the following potential sub-classes, pursuant to Code Civ. Proc. § 382, and collective action class and sub-classes under 29 U.S.C. § 216(b).

    A.    **UNPAID WAGES CLASS** – A class exists for the applicable time period prior to the filing of this complaint through final adjudication and/or compromise consisting of Plaintiffs and all other similarly situated individuals who worked hours for Defendant and were not paid at their regular hourly rate for all hours worked as required by the laws, rules, or regulations of California, Oregon and Washington.

    B.    **MINIMUM WAGE CLASS** – A class exists for the applicable time period prior to the filing of this complaint through final adjudication and/or compromise consisting of Plaintiffs and all other similarly situated individuals who worked for Defendant and were not paid wages at the minimum wage rate for all hours worked as required by the FLSA and the laws, rules, or regulations of California, Oregon and Washington.

C. **OVERTIME CLASS (HOURLY)** – A class exists for the applicable time period prior to the filing of this complaint through final adjudication and/or compromise consisting of Plaintiffs and all other similarly situated individuals who worked for Defendant for more than 8 hours in a day in California, or more than 40 hours in a week in California, Oregon and Washington and were not paid at the applicable premium rate for all hours worked in excess of the statutory maximum hours per day/week as required by the FLSA or the laws, rules, or regulations of California, Oregon and Washington.

D. **MIS-CLASSIFIED SSM CLASS (OVERTIME)** – A class exists for the applicable time period prior to the filing of this complaint through final adjudication and/or compromise consisting of Plaintiffs and all other similarly situated individuals who worked as SSMs for Defendant for more than 40 hours per week in Oregon [and/or Washington], were classified and/or treated by Defendant as employees "exempt" from overtime pay under the FLSA, were not in fact exempt, and thereby were deprived of overtime and/or "premium" pay to which they were entitled.

E. **LOST TIME DEDUCTION CLASS** – A class exists for the applicable time period prior to the filing of this complaint through final adjudication and/or compromise consisting of Plaintiffs and all other similarly situated individuals who worked for Defendant in California, Oregon and Washington and from whom Defendant withheld Lost Time deductions from their wages without their written authorization.

F. **BREACH OF CONTRACT CLASS** – A class exists for the applicable time period prior to the filing of this complaint through final adjudication and/or compromise consisting of Plaintiffs and all other similarly situated individuals who worked for Defendant and were promised, as a condition of employment, that Defendant would comply with both federal and state wage and hour laws including providing and/or paying for appropriate duty-free rest periods, providing and/or paying for uninterrupted meal periods, paying minimum wages, paying overtime wages, and

1    paying all final wages when due at the termination of employment. Defendant

2    breached the employment contracts by failing to pay all wages, duty-free rest periods

3    and/or rest period wages, uninterrupted meal periods and/or meal period wages,

4    minimum wages, overtime wages and failing to pay all wages when due upon the

5    ending of the employment relationship. In addition, Defendant by repeatedly failing

6    to meet its obligations under the contracts of employment also breached the duty of

7    good faith and fair dealing that is implicit in every contract.

8    G.    **CONVERSION CLASS** – A class exists for the applicable time period prior to

9          the filing of this complaint through final adjudication and/or compromise

10         consisting of Plaintiffs and all other similarly situated individuals who worked

11         for Defendant and whose monies were converted by Defendant's actions in

12         failing to provide appropriate rest periods and/or meal periods, failing to pay

13         wages, including minimum wages and overtime wages, and failing to timely pay

14         all wages as required by contract and by the laws, rules, or regulations of

15         California, Oregon and Washington.

16   H.    **LATE PAYMENT/WAITING TIME CLASS** – A class exists for the

17         applicable time period prior to the filing of this complaint through final

18         adjudication and/or compromise consisting of Plaintiffs and all other similarly

19         situated individuals whose employment with Defendant ended and who were

20         not paid all wages when due as required by the laws, rules, or regulations of

21         California, Oregon and Washington.

22   I.   **UNPAID REST PERIOD STATUTORY CLASS** – A class exists for the

23        applicable time period prior to the filing of this complaint through final adjudication

24        and/or compromise consisting of Plaintiffs and all other similarly situated individuals

25        who worked for Defendant and who Defendant failed to pay all wages, statutory

26        wages, and penalty wages for Defendant's failure to provide appropriate duty-free

27        rest periods as required by the laws, rules, or regulations of California, Oregon and

28        Washington.

1    J.  **UNPAID MEAL PERIOD STATUTORY CLASS** – A class exists for the

2    applicable time period prior to the filing of this complaint through final adjudication

3    and/or compromise consisting of Plaintiffs and all other similarly situated individuals

4    who worked for Defendant and who Defendant did not pay for all wages, statutory

5    wages, and penalties for interrupted meal periods as required by the laws, rules, or

6    regulations of California, Oregon and Washington.

7    K.      **ITEMIZED WAGE STATEMENT CLASS** (California only) A class exists

8    for the applicable time period prior to the filing of this complaint through final

9    adjudication and/or compromise consisting of Plaintiffs and all other similarly

10   situated individuals who worked for Defendant and whose wage statements

11   provided by Defendant were inaccurate or not provided as required by

12   California law.

13   L.  **BUSINESS AND PROFESSIONS CLASS** (California only) A class exists for the

14   applicable time period prior to the filing of this complaint through final adjudication

15   and/or compromise consisting of Plaintiffs and all other similarly situated individuals

16   who worked in the State of California and who worked during mandatory rest

17   periods and/or meal periods, or were not paid wages, including minimum wages, or

18   overtime wages, and/or who did not receive all wages when due as required by

19   California law.

20                      **FIRST CAUSE OF ACTION**

21                      **(Failure to Pay Wages)**

22   [46] **48.**   Plaintiffs incorporate the allegations contained in all preceding paragraphs as though

23   fully set forth herein.

24   [47] **49.**   At all times material herein, Plaintiffs and all other similarly situated individuals

25   were employed by Defendant.

26   [48] **50.**   During the class period, Defendant failed to pay wages as required by California,

27   Oregon and Washington laws.

28   [49] **51.**   During the course of Plaintiffs' and class members' employment, Defendant allowed,

1    suffered, and permitted Plaintiffs and all other similarly situated individuals to perform work for the
2    benefit of Defendant and did not pay wages for the work performed, **including time that Plaintiffs**
3    **and all other similarly situated individuals worked off-the-clock.**

4         [50] **52.**    US Bank recorded the hours and minutes worked by its employees then converted
5    that time worked to tenths of an hour.  Defendant has an express policy, practice, and procedure of
6    truncating down the actual time worked by each hourly employee to the next lower tenth of an hour.
7    This policy consistently reduced the actual time worked by hourly employees, and resulted in the
8    non-payment of wages, except when an hourly employee's actual time worked was precisely divisible
9    by 1/10th of an hour.

10        [51] **53.**    As a result, Plaintiffs and all other similarly situated individuals are entitled to wages
11   pursuant to California, Oregon and Washington laws.

12        [52] **54.**    Defendant's policy, practice, and procedure of rounding time worked to the next
13   lower tenth of an hour was set and implemented by Defendant's centralized payroll department for all
14   employees in California, Oregon and Washington.

15        [53] **55.**    Defendant's conduct in failing to pay Plaintiffs and all other similarly situated
16   individuals for all work performed was willful, and there remains due and unpaid wages in amounts to
17   be determined.

18        [54] **56.**    Plaintiffs, on their own behalf and on behalf of all other similarly situated
19   individuals, seek as damages, wages in an amount to be determined, statutory and penalty wages, pre-
20   judgment and post-judgment interest, attorney fees, and costs, pursuant to the laws, rules, or
21   regulations of California, Oregon and Washington.  Pursuant to the Private Attorneys General Act of
22   2004, California Labor Code § 2698 *et seq.*, Plaintiffs have received notice from the California Labor
23   and Workforce Development Agency of Target's violations of California law including, but not
24   limited to, Cal. Lab. Code §§ 201, 202, 203, 226, 226.7, 510, 512, 516, and 1194.  Plaintiffs are
25   entitled to receive civil penalties and attorney's fees pursuant to the Private Attorney General Act of
26   2004, Cal. Lab. Code § 2698 *et seq.*, including but not limited to Cal. Lab. Code §§ 227.3 and  2699.

27                              **SECOND CAUSE OF ACTION**

28                              **(Failure to Pay Minimum Wage)**

1    [55] **57.**   Plaintiffs incorporate the allegations contained in all preceding paragraphs as though

2  fully set forth herein.

3    [56] **58.**   At all times material herein, Plaintiff and all other similarly situated individuals were

4  employed by Defendant.

5    [57] **59.**   During the class period, Defendant failed to pay minimum wages for all hours

6  worked to Plaintiffs and all other similarly situated individuals as required by the FLSA or by the laws,

7  rules, or regulations of California, Oregon and Washington.

8    [58] **60.**   During the course of Plaintiffs' and all other similarly situated individuals'

9  employment, Defendant allowed, suffered, and permitted Plaintiffs and all other similarly situated

10  individuals to perform work for the benefit of Defendant.

11    [59] **61.**   Defendant wrongfully deducted and/or withheld Lost Time wages from Plaintiffs

12  Ramos and Smith and all other similarly situated individuals, causing Plaintiffs Ramos and Smith and

13  all other similarly situated individuals to be paid at less than the then prevailing minimum wage rates

14  when those wages were due.

15    [60] **62.**   Defendant failed and refused to compensate Plaintiffs and all other similarly situated

16  individuals for all hours of work performed by Plaintiffs and all other similarly situated individuals.

17    [61] **63.**   Defendant failed and refused to compensate Plaintiffs and all other similarly situated

18  individuals at the then-prevailing hourly rate of pay for each and all hours worked.

19    [62] **64.**   As a result, Plaintiffs and all other similarly situated individuals are entitled to

20  minimum wages pursuant to the FLSA and the laws, rules, or regulations of California, Oregon and

21  Washington.

22    [63] **65.**   Defendant's conduct in failing to pay Plaintiffs and all other similarly situated

23  individuals for each and all hours worked at the then prevailing minimum wage rates was willful, and

24  there remains due and unpaid minimum wages in amounts to be determined.

25    [64] **66.**   Plaintiffs, on their own behalf and on behalf of all other similarly situated

26  individuals, seek damages for failure to pay minimum wages for each and all hours worked; liquidated

27  damages under the FLSA; liquidated damages pursuant to California [and Washington law]; and 30

28  days of penalty wages pursuant to Oregon law, plus pre-judgment and post-judgment interest on all

1   damage amounts, plus costs and attorney fees. Pursuant to the Private Attorneys General Act of 2004,

2   California Labor Code § 2698 *et seq.*, Plaintiffs have received notice from the California Labor and

3   Workforce Development Agency of Target's violations of California law including, but not limited to,

4   Cal. Lab. Code §§ 201, 202, 203, 226, 226.7, 510, 512, 516, and 1194. Plaintiffs are entitled to receive

5   civil penalties and attorney's fees pursuant to the Private Attorney General Act of 2004, Cal. Lab.

6   Code § 2698 *et seq.*, including but not limited to Cal. Lab. Code §§ 1197.1 and 2699.

7                            **THIRD CAUSE OF ACTION**

8                     **(Failure To Pay Overtime, Hourly Employees)**

9       [65] **67.**   Plaintiffs incorporate the allegations contained in all preceding paragraphs as though

10  fully set forth herein.

11      [66] **68.**   Plaintiffs and all other similarly situated individuals were employed by Defendant

12  and paid on an hourly basis at some material time during their employment by Defendant.

13      [67] **69.**   Defendant failed and refused to compensate Plaintiffs and all similarly situated

14  individuals for all hours worked over 40 hours per week, or in California all hours worked over 8

15  hours per day, at the rate of 1-½ times their regular hourly rate of pay.

16      [68] **70.**   During the class period, Defendant failed to pay overtime wages and premium wages

17  to Plaintiffs and all other similarly situated individuals as required by the FLSA and the laws, rules, or

18  regulations of California, Oregon and Washington.

19      [69] **71.**   As a result of Defendant's conduct of allowing, suffering, and permitting Plaintiffs

20  and all other similarly situated individuals to perform work over 40 hours per week, or in California

21  over 8 hours per day, for the benefit of Defendant for which Defendant did not pay at the overtime rate,

22  Plaintiffs and all other similarly situated individuals are entitled to unpaid overtime wages pursuant to

23  the FLSA and the laws, rules, or regulations of California, Oregon and Washington.

24      [70] **72.**   Defendant's conduct in failing to pay overtime premium wages as alleged herein was

25  willful, and there remain due and unpaid overtime wages in amounts to be determined.

26      [71] **73.**   Plaintiffs, on their own behalf and on behalf of all other similarly situated

27  individuals, seek damages in the form of wages and premium wages for Defendant's failure to pay

28  overtime wages in amounts to be determined. In addition, Plaintiffs and others similarly situated seek

[Proposed] Second Amended Class Action Complaint
– Case No. RG07319452

1  liquidated damages under the FLSA; liquidated damages and statutory wages pursuant to California

2  law; [treble damages pursuant to Washington law;] and 30 days of penalty wages pursuant to Oregon

3  law; plus pre-judgment and post-judgment interest on all damages amounts; plus costs and attorney

4  fees under the FLSA, and under the laws, rules, or regulations of California, Oregon and Washington.

5  Pursuant to the Private Attorneys General Act of 2004, California Labor Code § 2698 *et seq.*, Plaintiffs

6  have received notice from the California Labor and Workforce Development Agency of Target's

7  violations of California law including, but not limited to, Cal. Lab. Code §§ 201, 202, 203, 226, 226.7,

8  510, 512, 516, and 1194.  Plaintiffs are entitled to receive civil penalties and attorney's fees pursuant

9  to the Private Attorney General Act of 2004, Cal. Lab. Code § 2698 *et seq.*, including but not limited

10  to Cal. Lab. Code §§ 558 and 2699.

11  ### FOURTH CAUSE OF ACTION

12  ### (Failure To Pay Overtime, Sales and Service Managers)

13  [72] **74.**   Plaintiffs incorporate the allegations contained in all preceding paragraphs as though

14  fully set forth herein.

15  [73] **75.**   At some material time during their employment with Defendant, Plaintiff Smith and

16  all other similarly situated individuals in Oregon and Washington were employed by Defendant in the

17  position of Sales and Service Manager ("SSM"), and were paid on a salary basis.

18  [74] **76.**   The SSM position required Plaintiff Smith and other similarly situated individuals to

19  perform routine jobs such as providing teller services, customer service, and pulling and printing

20  reports designated by US Bank.

21  [75] **77.**   The primary nature of Plaintiff Smith's, and others similarly situated individuals',

22  work as a SSM did not involve the exercise of discretion or independent judgment.

23  [76] **78.**   Defendant mis-classified the SSM position as exempt in Oregon [and Washington].

24  [77] **79.**   Plaintiff Smith and all other similarly situated individuals in Oregon [and

25  Washington] worked for Defendant as SSMs and worked more than 40 hours per week while so

26  employed.

27  [78] **80.**   Defendant allowed, suffered, and permitted Plaintiff Smith and its SSM employees

28  in Oregon and Washington to work hours in excess of 40 hours per week, for which it did not

1   compensate its employees at the rate of 1½ times their regular rate of pay.  In so doing, Defendant

2   violated the requirements of the FLSA, and Oregon wage and hour laws that require employees to be

3   paid 1½ times their regular hourly rate for all hours worked over 40 in a workweek.

4           [79] **81.**   As a result of Defendant's conduct of allowing, suffering, and permitting Plaintiff

5   Smith and all other similarly situated individuals to perform work for the benefit of Defendant for

6   which Defendant did not pay at the overtime rate, Plaintiff Smith and all other similarly situated

7   individuals in Oregon and Washington who worked for Defendant as SSMs are entitled to unpaid

8   overtime wages and liquidated damages pursuant to the FLSA and Washington law.

9           [80] **82.**   As a result of Defendant's conduct of allowing, suffering, and permitting Plaintiff

10  Smith and all other similarly situated in Oregon who worked for Defendant in Oregon as SSMs to

11  perform work for the benefit of Defendant, for which Defendant did not pay at the overtime rate,

12  Plaintiff Smith and all other similarly situated who worked for Defendant in Oregon as SSMs are

13  entitled to wages and penalty wages under Oregon law.

14          [81] **83.**   Defendant's conduct in respect to overtime pay as alleged herein was willful, and

15  there remain due and unpaid overtime wages in amounts to be determined.

16          [82] **84.**   Plaintiff Smith, on her own behalf and on behalf of all other similarly situated

17  individuals in Oregon and Washington, seek damages in the form of wages and overtime premium

18  wages for Defendant's failure to pay overtime wages in amounts to be determined.  In addition,

19  Plaintiff Smith and all similarly situated individuals in Oregon and Washington seek liquidated

20  damages under the FLSA  and for those SSMs who worked in Oregon, seek an additional 30 days of

21  penalty wages pursuant to Oregon law, along with interest on all damages amounts, plus costs and

22  attorney fees.  Pursuant to the Private Attorneys General Act of 2004, California Labor Code § 2698 *et*

23  *seq.*, Plaintiffs have received notice from the California Labor and Workforce Development Agency of

24  Target's violations of California law including, but not limited to, Cal. Lab. Code §§ 201, 202, 203,

25  226, 226.7, 510, 512, 516, and 1194.  Plaintiffs are entitled to receive civil penalties and attorney's

26  fees pursuant to the Private Attorney General Act of 2004, Cal. Lab. Code § 2698 *et seq.*, including but

27  not limited to Cal. Lab. Code §§ 558 and 2699.

28                          **FIFTH CAUSE OF ACTION**

1

**(Unauthorized Lost Time Deductions)**

2    [83] **85.**  Plaintiffs incorporate the allegations contained in all preceding paragraphs as though

3 fully set forth herein.

4    [84] **86.**  At all times material herein, Plaintiffs and all other similarly situated individuals

5 were employed by Defendant.

6    [85] **87.**  During the course of Plaintiffs' and all other similarly situated individuals'

7 employment, Defendant regularly withheld and deducted wages from Plaintiffs Ramos and Smith and

8 other similarly situated class members under the earning description "Lost Time" and/or "LST".

9    [86] **88.**  The deduction of Lost Time was for Defendant's benefit.

10    [87] **89.**  Neither the named Plaintiffs nor any other similarly situated individuals gave written

11 authorization for Defendant's Lost Time deductions.

12    [88] **90.**  Defendant's deduction of wages under the title Lost Time does not meet any

13 exception set out in ORS 652.610 or in Cal. Lab. Code § 224.

14    [89] **91.**  As a result of Defendant's wrongful deduction/withholding, Defendant failed to pay

15 Plaintiffs and all other similarly situated individuals all their wages due on payday as required by ORS

16 652.120 and ORS 653.010(10) and by Cal. Lab. Code §§ 204 and 221.

17    [90] **92.**  Where Defendant's wrongful deduction/withholding resulted in Defendant failing to

18 pay all minimum wages on payday as required by ORS 652.120 and 653.025, by Cal. Lab. Code §§

19 204 and 1194, and by the FLSA, the affected Plaintiffs or other similarly situated individuals are

20 entitled to all unpaid minimum wages, plus penalty wages.

21    [91] **93.**  Where Defendant's wrongful deduction/withholding resulted in Defendant failing to

22 pay all wages due upon termination as required by ORS 652.140, and by Cal. Lab. Code §§ 201 and

23 202, the affected Plaintiffs or other similarly situated individuals are entitled to all unpaid wages, plus

24 penalty wages.

25    [92] **94.**  Plaintiffs, on their own behalf and on behalf of all other similarly situated

26 individuals, seek damages; statutory penalties under ORS 652.615; penalty wages under ORS 653.055

27 and ORS 652.150 and under Cal. Lab. Code § 203; costs, disbursements and attorney fees under ORS

28 652.200 and ORS 653.055 and Cal. Lab. Code § 218.5; liquidated damages under the FLSA; and pre-

1 | judgment and post-judgment interest on all damage amounts.

2 | <center>**SIXTH CAUSE OF ACTION**</center>

3 | <center>**(Failure to Provide Rest Periods)**</center>

4 | [93] **95.**   Plaintiffs incorporate the allegations contained in all preceding paragraphs as though
5 | fully set forth herein.

6 | [94] **96.**   At all times material herein, Plaintiffs and all other similarly situated individuals
7 | were employed by Defendant.

8 | [95] **97.**   California and Oregon laws provide for minimum employment conditions to be
9 | followed by all employers in each state.  California laws require that employees receive a duty-free
10 | paid rest period of not less than 10 minutes for each period of four hours worked or major fraction
11 | thereof.  Oregon laws parallel California law.

12 | [96] **98.**   During the class period, Defendant failed to pay statutory wages pursuant to Cal.
13 | Lab. Code § 226.7.  Defendant also failed to pay Plaintiffs and all other similarly situated individuals
14 | for 10 minutes of duty-free rest time as required by Oregon law.

15 | [97] **99.**   Plaintiffs and all other similarly situated individuals seek unpaid wages, statutory
16 | wages, and penalty wages.  In addition, Plaintiffs and similarly situated seek costs, pre-judgment and
17 | post-judgment interest, disbursements, and attorney fees pursuant to the laws, rules, or regulations of
18 | California or Oregon.  Pursuant to the Private Attorneys General Act of 2004, California Labor Code §
19 | 2698 *et seq.*, Plaintiffs have received notice from the California Labor and Workforce Development
20 | Agency of Target's violations of California law including, but not limited to, Cal. Lab. Code §§ 201,
21 | 202, 203, 226, 226.7, 510, 512, 516, and 1194.  Plaintiffs are entitled to receive civil penalties and
22 | attorney's fees pursuant to the Private Attorney General Act of 2004, Cal. Lab. Code § 2698 *et seq.*,
23 | including but not limited to Cal. Lab. Code §§ 558 and 2699.

24 | <center>**SEVENTH CAUSE OF ACTION**</center>

25 | <center>**(Failure to Provide Meal Periods)**</center>

26 | [98] **100.**  Plaintiffs incorporate the allegations contained in all preceding paragraphs as though
27 | fully set forth herein.

28 | [99] **101.**  At all times material herein, Plaintiffs and all other similarly situated individuals

1 | were employed by Defendant.

2 | [100] **102.** California law requires, in part, that employees receive an uninterrupted, unpaid

3 | meal period of not less than 30 minutes for each shift over five hours. Oregon law also require that

4 | employees receive an uninterrupted, unpaid meal period of not less than 30 minutes, **or if the**

5 | **employees work the meal period in part or in whole, that these employees are paid for the entire**

6 | **meal period. In Oregon, Defendant failed to pay Plaintiffs and similarly situated employees for**

7 | **at least that portion of the interrupted meal periods that was not worked.** As a result of

8 | Defendant's failure to pay and/or provide uninterrupted meal periods of not less than 30 minutes as

9 | required by the laws, rules, or regulations of California or Oregon, Plaintiffs and all other similarly

10 | situated employees are entitled to recover their wages for those meal periods, plus statutory wages

11 | (California Plaintiffs & Class members) and penalty wages (Oregon Class members) as required by the

12 | FLSA, and by California and Oregon law.

13 | [101]**103.** During the class period, Defendant failed to pay statutory wages pursuant to Cal.

14 | Lab. Code § 226.7.

15 | [102] **104.** Plaintiffs and all other similarly situated individuals seek unpaid wages,

16 | statutory wages, and penalty wages. In addition, Plaintiffs and those individuals similarly situated seek

17 | costs, interest, disbursements, and attorney fees pursuant to the laws, rules, or regulations of California

18 | or Oregon.

19 | **EIGHTH CAUSE OF ACTION**

20 | **(Late Payment of Wages at End of Employment; Waiting Time)**

21 | [103] **105.** Plaintiffs incorporate the allegations contained in all preceding paragraphs as

22 | though fully set forth herein.

23 | [104] **106.** At all times material herein, Plaintiffs and all other similarly situated individuals

24 | in California, Oregon and Washington were employed by Defendant.

25 | [105] **107.** During the class period, Defendant willfully failed to pay all wages to Plaintiffs

26 | and all other similarly situated individuals in California, Oregon and Washington when due upon

27 | termination of their employment. As to those class members who performed work in California,

28 | Plaintiffs and all other similarly situated individuals are entitled to recover up to 30 days of statutory

1   wages for each pay period when wages were not paid when required by California law.  As to those
2   class members who performed work in the State of Oregon, Plaintiffs and all other similarly situated
3   are entitled to recover up to 30 days of continuing penalty wages pursuant to Oregon law. [ Those who
4   worked in Washington are due treble damages under Washington law.]

5   [106] **108.**    Plaintiffs and all other similarly situated individuals seek up to 30 days of
6   penalty wages for Oregon violations, up to 30 days of statutory wages for California violations, [and
7   treble damages for Washington violations for Defendant's failure to pay all final wages when due,]
8   plus costs, pre-judgment and post-judgment interest, disbursements, and attorney fees, pursuant to the
9   laws, rules, or regulations of California, Oregon and Washington.  Pursuant to the Private Attorneys
10  General Act of 2004, California Labor Code § 2698 et seq., Plaintiffs have received notice from the
11  California Labor and Workforce Development Agency of Target's violations of California law
12  including, but not limited to, Cal. Lab. Code §§ 201, 202, 203, 226, 226.7, 510, 512, 516, and 1194.
13  Plaintiffs are entitled to receive civil penalties and attorney's fees pursuant to the Private Attorney
14  General Act of 2004, Cal. Lab. Code § 2698 et seq., including but not limited to Cal. Lab. Code §
15  2699.

16              **NINTH CAUSE OF ACTION**
17               **(Breach of Contract)**

18  [107] **109.**    Plaintiffs incorporate the allegations contained in all preceding paragraphs as
19  though fully set forth herein.

20  [108] **110.**    At all times material herein, Plaintiffs and other similarly situated individuals in
21  California, Oregon and Washington were employed by Defendant.

22  [109] **111.**    Plaintiffs and all other similarly situated individuals, Plaintiffs agreed to work
23  for Defendant.  Defendant agreed to pay them wages and comply with the respective states' laws as
24  basic terms of the employment contract.   Plaintiffs performed their obligations under such contracts
25  which entitled them to seek enforcement of the contract.  As alleged herein and within the applicable
26  statutes of limitations in respect to the enforcement of contracts, Defendant breached this agreement by
27  failing to provide appropriate duty-free rest periods, failing to provide uninterrupted meal periods,
28  failing to pay wages, including the promised rate of pay, minimum wages, and overtime wages, and/or

1  failing to pay wages when due, pursuant to the FLSA and the laws, rules, or regulations of California,

2  Oregon and Washington.

3      [110] **112.**    Within the applicable time period prior to the filing of this complaint up through

4  and including the present date through adjudication, Defendant's conduct as alleged herein has injured

5  Plaintiffs and other similarly situated individuals by depriving them of the benefit of their bargain: i.e.,

6  all wages due as a result of their employment.  Plaintiffs and all other similarly situated individuals are

7  entitled to damages in the form of unpaid wages for Defendant's breach of contract as provided by

8  applicable laws of California, Oregon and Washington.

9      [111] **113.**    Defendant also breached the duty of good faith and fair dealing by making

10  policies and using practices and procedures which resulted in its failure to pay its employees all wages

11  when due under the contract.

12      [112] **114.**    Plaintiffs and all other similarly situated individuals seek payment of wages,

13  including the promised rate of wages, minimum wage, and overtime, for the work performed by

14  Plaintiffs and all other similarly situated individuals, all as set forth above.  Plaintiffs also seek the

15  payment of costs, and pre-judgment and post-judgment interest, pursuant to the laws, rules or

16  regulations of California, Oregon and Washington.

17                          **TENTH CAUSE OF ACTION**

18                           **(Conversion of Wages)**

19      [113] **115.**    Plaintiffs incorporate the allegations contained in all preceding paragraphs

20  above as though fully set forth herein.

21      [114] **116.**    At all times material herein, Plaintiffs and all others similarly situated in

22  California, Oregon and Washington were employed by Defendant.

23      [115] **117.**    During the class period, Defendant failed to pay Plaintiffs and all other similarly

24  situated individuals for those appropriate rest periods and/or meal periods that Defendant was required

25  to provide, failed to pay all wages, including the truncated wages, minimum wages, and overtime

26  wages, as required by Defendant's representations, the FLSA, and the laws of California, Oregon and

27  Washington.  Defendant failed to pay wages for all hours worked. Defendant also failed to pay all

28  those wages when due at the termination of employment.  Defendant owes monies to Plaintiffs and all

---

[Proposed] Second Amended Class Action Complaint
– Case No. RG07319452

1    other similarly situated individuals for failing to pay wages, and failure to pay wages when due, all as

2    set forth above.

3        [116] **118.**     At the time Plaintiffs and all others similarly situated provided labor to

4    Defendant, wages became due and payable to Plaintiffs and all others similarly situated for that labor.

5    At the termination of the employments of Plaintiffs and all other similarly situated individuals, their

6    wages were due and owing and they were to be paid within the time allowed by the laws of California,

7    Oregon and Washington.

8        [117] **119.**     The unpaid wages, statutory wages, and penalty wages were and are the property

9    of Plaintiffs and all other similarly situated individuals and Plaintiffs and all other similarly situated

10   individuals have the present right to possess their property.  By failing to pay earned wages, statutory

11   wages, and penalty wages when due, Defendant intentionally and wrongfully obtained and held the

12   wages earned by Plaintiffs and all others similarly situated.

13       [118] **120.**     Plaintiffs and all other similarly situated individuals did not consent to

14   Defendant's conversion of their property and Plaintiffs and all other similarly situated individuals were

15   injured by Defendant's conversion of the same.  Defendant's conversion of the property of Plaintiffs

16   and all other similarly situated individuals was a substantial factor in causing the injury to Plaintiffs.

17       [119] **121.**     The wages, minimum wages, overtime wages, truncated wages, statutory wages,

18   and penalty wages all remain due and unpaid and are the property of Plaintiffs and all other similarly

19   situated individuals.  The wages set forth above remain in the hands of the Defendant.  Plaintiffs and

20   all other similarly situated individuals seek the value of the property (unpaid wages, truncated wages,

21   minimum wages, overtime wages, statutory wages, and penalty wages) at the time of the conversion,

22   pre-judgment interest from that time, and fair compensation for the time and money properly expended

23   in pursuit of the property pursuant to the laws of California, Oregon and Washington, plus punitive

24   damages for Defendant's intentional act of converting the property of Plaintiffs and other similarly

25   situated individuals.  See e.g. Cal. Civ. Code § 3294.

26                              **ELEVENTH CAUSE OF ACTION**

27        **(Failure to Provide Accurate Itemized Wage Statements; Cal. Lab. Code § 226)**

28       [120] **122.**     Plaintiffs incorporate the allegations contained in all preceding paragraphs as

1 | though fully set forth herein.

2 |     [121] **123.**    At all times material herein, Plaintiffs Ross and Prasad and all other similarly

3 | situated individuals were employed by Defendant in the State of California.

4 |     [122] **124.**    Defendant is required to comply with California wage and hour laws for its

5 | California employees. Defendant is required to provide accurate itemized wage statements for each

6 | pay period to Plaintiffs and all other similarly situated individuals pursuant to California laws

7 | including, but not limited to, Cal. Lab. Code §226.

8 |     [123] **125.**    Defendant failed to provide accurate itemized wage statements to Plaintiffs Ross

9 | and Prasad and all other similarly situated individuals who performed work in the State of California,

10 | whereby Plaintiffs and all other similarly situated individuals were harmed.

11 |     [124] **126.**    Plaintiffs Ross and Prasad seek payment of statutory damages pursuant to Cal.

12 | Lab. Code § 226(e) for each employee who did not receive accurate itemized wage statements during

13 | their employment with Defendant. Plaintiffs also seek the payment of costs, interest, and attorney fees,

14 | pursuant to Cal. Lab. Code §§ 218.5 and 218.6. Pursuant to the Private Attorneys General Act of

15 | 2004, California Labor Code § 2698 *et seq.*, Plaintiffs have received notice from the California Labor

16 | and Workforce Development Agency of Target's violations of California law including, but not

17 | limited to, Cal. Lab. Code §§ 201, 202, 203, 226, 226.7, 510, 512, 516, and 1194. Plaintiffs are

18 | entitled to receive civil penalties and attorney's fees pursuant to the Private Attorney General Act of

19 | 2004, Cal. Lab. Code § 2698 *et seq.*, including but not limited to Cal. Lab. Code §§ 226.3 and 2699.5.

20 |                     **TWELFTH CAUSE OF ACTION**

21 |            **(Unfair Competition: Cal. Bus. & Prof. Code § 17200 *et seq.*)**

22 |     [125] **127.**    Plaintiffs incorporate the allegations contained in all preceding paragraphs as

23 | though fully set forth herein.

24 |     [126] **128.**    At all times material herein, Plaintiffs Ross and Prasad and all other similarly

25 | situated individuals were employed by Defendant in the State of California.

26 |     [127] **129.**    Within the applicable time period prior to the filing of this complaint through

27 | and including the present date through adjudication, Defendant failed to comply with the wage and

28 | hour provisions of the State of California and the FLSA, as set forth herein.

1    [128] **130.**    Plaintiffs Ross and Prasad, individually and on behalf of the general public,

2  allege that at all relevant times Defendant's actions including, but not limited to, its violations of

3  California law, California Labor Codes, and the FLSA, as set forth above, constitute a continuing and

4  ongoing unfair and unlawful activity prohibited by Cal. Bus. & Prof. Code § 17200 *et seq.*, and justify

5  restitution and/or injunctive relief.  The unlawful business practices of Defendant are likely to

6  continue, mislead the public (that employees are being provided appropriate duty-free rest periods, are

7  being provided uninterrupted meal periods, are being paid all wages, including the promised rate of

8  wages, minimum wage, and overtime, and are being timely paid), and shall present a continuing threat

9  to the public.  Defendant's actions of avoiding compliance with conditions of labor and wage

10  obligations and expenses are an unfair business practice.  These violations constitute a threat and

11  unfair business policy.  Plaintiffs Ross and Prasad have suffered injury in fact and have lost money or

12  property as a result of such unfair competition.  The Court is authorized to order restitution and/or an

13  injunction as a remedy for any violations of Cal. Bus. & Prof. Code § 17200 *et seq.*  Plaintiffs Ross

14  and Prasad allege that Defendant violated California Labor Code statutes.

15    [129] **131.**    Defendant has engaged in unfair business practices in California by utilizing the

16  illegal employment practices outlined above including, but not limited to, failing to provide Plaintiffs

17  Ross and Prasad and all similarly situated individuals with appropriate duty-free rest periods, failing to

18  provide uninterrupted meal periods, failing to pay wages, minimum wages, and overtime wages, and

19  failing to compensate for sums due for labor, fees, and penalties.  Defendant's use of such practices

20  constitutes an unfair business practice and unfair competition, and provides an unfair advantage over

21  Defendant's competitors.  Plaintiffs Ross and Prasad seek full restitution of said monies from

22  Defendant, as necessary and according to proof, to restore any and all monies withheld, acquired, or

23  converted by Defendant by means of the unfair practices complained of herein.

24    [130] **132.**    Plaintiffs Ross and Prasad allege that, at all relevant times, Defendant engaged

25  in unlawful, deceptive, and unfair business practices prohibited by Cal. Bus. & Prof. Code § 17200 *et*

26  *seq.* including those set forth in the paragraphs above, thereby depriving Plaintiffs and the public of the

27  minimum working conditions and standards due them under California Labor Code and IWC Wage

28  Orders.

1    [131] **133.**    Private Attorneys General Act of 2004 (PAGA Damages):  Pursuant to the

2  Private Attorneys General Act of 2004, Cal. Lab. Code § 2698 *et seq.*, Plaintiff Prasad has given

3  notice, and Plaintiff Ross intends to give notice, to Defendant and to the California Labor and

4  Workforce Development Agency of Defendant's violations of Cal. Lab. Code §§ 201, 202, 203,

5  226(a), 226.7, 510, 512, 1194, and 1197.  After the notice period provided in Cal. Lab. Code § 2699.3,

6  Plaintiffs intend to amend this complaint to include civil penalties provided for in California law

7  including, but not limited to, Cal. Lab. Code §§ 226.3, 558, 1197.1, and 2699.

8                                                **PRAYER FOR RELIEF**

9    WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

10    1.    For all unpaid wages, including but not limited to regular wages, overtime wages and/or

11  premium pay wages, and minimum wages, pursuant to the FLSA,California, Oregon, and/or  and

12  Washington laws in amounts to be determined at the time of trial;

13    2.    For all wages, liquidated damages, statutory wages, waiting time wages, penalty wages,

14  treble damages, and any other economic damages as provided by the FLSA, California, Oregon,

15  and/or Washington laws for failure to pay all wages when due;

16    3.    For wages, minimum wages, overtime wages and liquidated damages under the FLSA.

17  29 U.S.C. §§ 206, 207, and 216(b) for the period of three years prior to the filing of this action based

18  upon Defendant's intentional and willful failure to pay wages, minimum wages and overtime wages.

19  29 U.S.C. §§ 206, 207, 216(b), and 255;

20    4.    For statutory wages and damages pursuant to California law including, but not limited

21  to, Cal. Lab. Code §§ 203, 226, 226.7, and 510, for Defendant's failure to pay all wages, failure to pay

22  failure to pay minimum wages, failure to pay overtime wages, failure to pay final wages when required

23  by law, failure to provide employees with accurate itemized wage statements, and failure to provide

24  rest periods and meal periods or compensation in lieu thereof;

25    5.    For wages and penalty wages pursuant to Oregon law including but not limited to: Or.

26  Rev. Stat. §§ 652.140, 652.150, 652.615, 653.010, 653.025, 653.055, and 653.261, for Defendant's

27  deduction/withholding of Lost Time wages, failure to pay all wages, failure to pay minimum wages,

28  failure to pay overtime wages, failure to pay final wages when required by law, and failure to provide

1   rest periods and meal periods or compensation in lieu thereof;

2       6.     For wages and liquidated damages for Defendant's failure to pay all wages, minimum

3   wages, and overtime wages pursuant to Washington law, including but not limited to Wash. Rev. Code

4   §§ 49.46.020, 49.46.130, and Chapter 49.12; WAC 296-136-092, and for wages and treble damages

5   for Defendant's failure to timely pay all wages when due upon the ending of the employment

6   relationship pursuant to Wash. Rev. Code § 49.48.010;

7       7.     Pursuant to Cal. Bus. & Prof. Code § 17203, that Defendant be preliminarily and

8   permanently enjoined from:  a) failing to provide employees mandatory duty-free rest periods, b)

9   failing to provide employees mandatory uninterrupted meal periods; c)  permitting and unlawfully

10   allowing employees to work hours instead of providing appropriate rest periods and meal periods, and

11   not paying civil statutory wages; d) permitting and unlawfully allowing employees to work hours

12   instead of receiving appropriate rest periods and meal periods without compensating the employees; e)

13   failing to pay employees all wages, including minimum wage and overtime; f) failing to provide

14   employees with accurate itemized wage statements; and g) failing to pay employees all wages due

15   upon termination of employment within the time proscribed by law;

16       8.     Pursuant to Cal. Bus. & Prof. Code §17203 and the equitable powers of this Court, that

17   Defendant be ordered to restore to Plaintiffs all funds acquired by means of any act or practice declared

18   by this Court to be unlawful or fraudulent or to constitute unfair competition under Bus. & Prof. Code

19   §17200 *et seq.*;

20       9.     As restitution, disgorgement of wages and related sums, statutory wages, attorney fees,

21   and all other remedies available pursuant to Cal. Bus. & Prof. Code § 17200 *et seq.*;

22      10.     For costs and disbursements, pre-judgment and post-judgment interest at the respective

23   rates set by the states and for costs of litigation and attorney fees pursuant to the FLSA, California and

24   Oregon laws;

25      11.     For payment of wages converted under California, Oregon and Washington laws,

26   together with pre-judgment and post-judgment interest thereon, plus costs, plus attorney fees;

27      12.     For punitive damages under California, Oregon and Washington laws for Defendant

28   conversion of wages; and

1        13.    For such further or alternative relief in favor of Plaintiffs and all class members as the

2    Court deems appropriate.

3    Dated: **December** _____, 2007        Bailey Pinney, PC

4

5

6                          By _____
                      **Jose Mata**

7                          **Attorney for Plaintiffs Ann Ross, Dennis Ramos, Maurita Prasad,
                      Tamara Burkhart, Nanette Housken and Kelly Smith**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28