JUDITH DROZ KEYES (CA State Bar No. 66408)
STUART W. MILLER (CA State Bar No. 127766)
KATHLEEN D. POOLE (CA State Bar No. 228815)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-6533
Telephone:   (415) 276-6500
Facsimile:    (415) 276-6599
jkeyes@dwt.com
stuartmiller@dwt.com

Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANN ROSS, DENNIS RAMOS, MAURITA PRASAD, and KELLY SMITH, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>U.S. BANK NATIONAL ASSOCIATION, dba US BANK,<br><br>　　　　　Defendant. | Case No. C 07-2951 SI<br><br>**OPPOSITION BY DEFENDANT U.S. BANK NATIONAL ASSOCIATION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Date:　　　　February 1, 2008<br>Time:　　　　9:00 a.m.<br>Department:10<br><br>Hon. Susan Illston |

## I. INTRODUCTION

Plaintiffs' Motion for Leave to File Plaintiffs' Second Amended Complaint ("Plaintiffs' Motion") was filed while the parties await the ruling of this Court on the Motion of Defendant U.S. Bank National Association ("U.S. Bank") to Dismiss or, in the Alternative, Stay Action; To Dismiss Washington Law and California Lost Time Deduction Claims; and for Judgment on Conversion and Oregon Law Meal Period Claims ("Motion to Dismiss").  Plaintiffs' Motion should be denied due to the delay, waste of judicial resources, and prejudice it would cause, and because its filing is unduly tardy.  In addition, Plaintiffs' attempt to amend the meal period claim should be denied because it is futile.

## II. PROCEDURAL HISTORY

Plaintiffs filed the initial complaint in this action on April 6, 2007, in state court.  It was never served.  Plaintiffs filed the First Amended Complaint ("FAC") on April 26, 2007, and served it shortly thereafter.  U.S. Bank timely removed the FAC to this court.[1]  On August 16, 2007, U.S. Bank filed the Motion to Dismiss making a number of arguments for judgment, dismissal, or stay of various aspects of the FAC because the same or similar claims are pending in federal and state courts in Oregon, because Plaintiffs lack standing, because there is no private right of action, and because of other deficiencies.

On October 12, 2007, the Court heard oral argument on the Motion to Dismiss.  On October 16, 2007, the Court issued a minute order granting the motion in part and denying it in part.  The parties await the Court's opinion, explaining this order.

Plaintiffs now seek leave to amend the FAC to add two new California plaintiffs purportedly to remedy one aspect of the standing deficiency (i.e., in the fourth cause of action), and one aspect of the substantive claim deficiency (i.e., in the seventh cause of action).

---

[1] Because of the similarity of the FAC to a predecessor complaint that had been filed in the Northern District on March 14, 2007, this Court ordered the transfer of the case from Judge Breyer to this Court.

OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND
SFO 401026v1 0023784-000227
Case No. C 07-2951 SI

**III.  ARGUMENT**

While courts often grant leave to amend complaints, "a trial court may deny such a motion if permitting an amendment would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).  A trial court's decision on a motion to amend will be reviewed only for abuse of discretion.  *Ditto v. McCurdy*, 2007 U.S. App. LEXIS 28885, at *16 (9th Cir. 2007).

### A.  Granting Plaintiffs' Motion Would Produce an Undue Delay in the Litigation, Needlessly Consume Judicial Resources, and Prejudice U.S. Bank

While U.S. Bank understands and accepts the Court's order that its Motion to Dismiss has been granted only in part, it is not yet known *which* part.  But regardless of which part it is, it will be some part of the FAC − not the proposed SAC.  Accordingly, were Plaintiffs to be permitted to file their proposed SAC, depending on the Court's ruling, U.S. Bank would likely either have to file a motion to strike or a further motion to dismiss.  Or, at a minimum, Plaintiffs would likely seek to file a third amended complaint.  There is simply no reason to permit the filing of an amended complaint until this Court has had the opportunity to issue its opinion on the efficacy of the current complaint.  To do so would inevitably result in the delay, further consumption of this Court's time, and the expenditure of U.S. Bank's resources engendered by the filing of motions or other pleadings − all quite unnecessarily.

### B.  The Proposed Amendment of the Seventh Cause of Action Is Futile and/or Duplicative

Plaintiffs' proposal to amend the seventh cause of action should be denied because it would be futile.  "[F]utility includes the inevitability of a claim's defeat . . . ."  *Roth v. Marquez,* 942 F.2d 617, 629 (9th Cir. 1991) (quoting *Johnson v. American Airlines, Inc.,* 834 F.2d 721 (9th Cir. 1987)).  "[S]imply wish[ing] to plead [a claim] more specifically" is insufficient to justify amendment of an unsupportable claim.  *Id.* at 629.

Plaintiffs seek wages for "at least that portion of the uninterrupted meal periods that was *not worked,"* and claim in their Memorandum of Points and Authorities that this is to "clarify" their prior claim.  SAC at ¶ 102 (emphasis added).  Even with the proposed amendment, Plaintiffs' claim would remain deficient under Oregon law.  As explained in the Motion to Dismiss,

2

OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND
Case No. C 07-2951 SI

1  employees do not have a private right of action under Oregon law to seek penalty pay for time not
2  worked during meal periods. *See, e.g., Gafur v. Legacy Good Samaritan Hospital and Medical*
3  *Center*, 161 P. 3d 319 (Or. App. 2007); *Rivera et al. v. U.S. Bank National Association*, Case No.
4  0305-05045, Multnomah County, Oregon ("*Rivera*") (cited in the Motion to Dismiss).

5  To the extent Plaintiffs seek the amendment to state a claim not for penalty pay, but for
6  unpaid wages for time allegedly worked during meal periods, that claim is not only inconsistent
7  with other allegations in the SAC, but also is duplicative of the second claim for relief in the FAC.
8  S*ee*, FAC ¶ 60 ("Defendant failed and refused to compensate Plaintiffs and all other similarly
9  situated individuals for all hours of work performed by Plaintiffs and all other similarly situated
10 individuals.") Thus, Plaintiffs' proposed amendment of the seventh cause of action is either futile
11 or duplicative.

12 **C.    Plaintiffs Have Unduly Delayed Seeking the Amendment**

13 While the Motion is premature in relation to the Motion to Dismiss, it is at the same time
14 too late, reflecting undue delay. "Relevant to evaluating the delay issue is whether the moving
15 party knew or should have known the facts and theories raised by the amendment in the original
16 pleading." *Jackson, supra,* 902 F.2d at 1388; *see also Chodos v. West Publ. Co.*, 292 F.3d 992,
17 1003 (9th Cir. 2002) ("'new' facts had been available . . . even before the first amendment to his
18 complaint. Given this finding, the district court's conclusion that the motion to amend was made
19 after undue delay did not constitute an abuse of its discretion."); *Henderson v. City and County of*
20 *San Francisco,* 2006 U.S. Dist. LEXIS 87262, *49 (N.D. Cal. 2006) ("plaintiffs' inexplicable
21 delay in seeking leave to amend until over six weeks after defendants filed their motion for
22 summary judgment suggests that plaintiffs waited to amend until they had the opportunity to
23 assess the merits of defendants' summary judgment motion. . . . Accordingly, the court DENIES
24 plaintiffs leave to amend their complaint.").

25 As in *Jackson*, all of the facts and theories that Plaintiffs needed to state their claims
26 properly were in their possession when they filed the FAC in April 2007 (indeed, when they filed
27 the original, predecessor complaint in March 2007). No discovery has been taken and no new
28 Oregon plaintiffs have been added, so there can be no "newly discovered" claims. In addition, as

3
OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND
Case No. C 07-2951 SI

a result of a ruling of the Oregon Court on September 28, 2006 against plaintiffs in the *Rivera* case, Plaintiffs' counsel were put on notice of the deficiency of a missed meal period claim under Oregon law.  Hence, waiting nine months before seeking to amend the FAC when there are no new facts or new law to warrant the delay, makes the delay unwarranted.  *See, e.g., Jackson* (eight-month delay sufficient to show undue delay).

The reason for this undue delay seems plain:  Plaintiffs are seeking to avoid an adverse ruling on the pending Motion to Dismiss.  They have assessed the merits of the motion, and they have apparently concluded that there is reason to anticipate the Court's granting the Motion in at least the two respects reflected in the proposed amendment.  As in *Henderson,* this unseemly delay in relation to the Motion to Dismiss should not be countenanced.

## IV. CONCLUSION

If Plaintiffs wished to amend the FAC, they should have done so months ago, before U.S. Bank had to file the Motion to Dismiss -- and at a minimum, before this Court had to spend time considering it.  As it is, Plaintiffs seek leave to amend the FAC at the least acceptable time: *after* waiting nine months and *after* the Court has ruled that the Motion to Dismiss the FAC will be granted in part, but *before* the Court has had the opportunity to issue its opinion explaining which part.  Plaintiffs' Motion should therefore be denied.

DATED:  January 11, 2008

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By:  ___*/s/ Kathleen D. Poole*___
Kathleen D. Poole
Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION