JOSE R. MATA, SBN 83724, OSB 80305
E-Mail: JMata@wagelawyer.com
**BAILEY PINNEY, PC**
1498 SE Tech Center Place, Suite 290
Vancouver, WA 98683
Telephone: (360)567-2551; Fax: (360)567-3331

BONNIE MAC FARLANE, SBN 161526
E-Mail: BMacfarlane@wagelawyer.com
**BAILEY PINNEY, PC**
720 Howe Street, Suite 113
Sacramento, CA 95825
Telephone: (916)923-5537; Fax: (916)923-5587

SUSAN SIMMONS SEEMILLER SBN 150546
E-Mail: SSeemiller@wagelawyer.com
Of Counsel
**BAILEY PINNEY, PC**
840 County Square Drive
Ventura, CA 93003
Telephone: (805) 339-9090; Fax: (805) 339-0090

Attorneys for Plaintiffs Ross , Ramos, Prasad & Smith

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ann Ross, Dennis Ramos, Maurita Prasad, and Kelly Smith, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>US Bank National Association, dba U.S. Bank,<br>　　　　　　　　Defendant. | Case No. C 07-02951 SI<br><br>**REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Date:　　February 1, 2008<br>Time:　　9:00 a.m.<br>Ctrm:　　10, 19th Floor<br><br>Hon. Susan Illston |

　　　Defendant asked the Court to deny Plaintiffs' Motion for Leave to File Plaintiffs' Second Amended Complaint because Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint is still pending. Defendant complains that plaintiffs' motion is premature because the Court's ruling on

its motion to dismiss will apply to the first amended complaint and not the proposed second amended complaint. In the interest of efficiency, plaintiffs ask the Court to permit plaintiffs to conform the proposed second amended complaint, as appropriate, to the Court's order on defendant's motion to dismiss, when issued.

Defendant again attacks plaintiffs' claim for wages for improperly paid meal periods in Oregon. First, defendant misquotes the proposed second amended complaint. Defendant states that plaintiffs seek wages for "at least that portion of the <u>un</u>interrupted meal periods that was not worked." Defendant's memorandum, page 2. In fact, paragraph 102 of plaintiffs' second amended complaint refers to "<u>interrupted</u>" meal periods. The difference is significant because, under Oregon law, employers must pay employees for the entire meal period if the worker does not receive thirty minutes uninterrupted time. If the meal period is interrupted for any portion of the thirty minutes, the entire meal period must be paid.

Under OAR 839–020-0050, every employer "shall provide to each employee an appropriate meal period * * *." The rule establishes an "appropriate meal period" as: "A period of not less than 30 minutes during which the employee **is relieved of all duties** for each work period of not less than six or more than eight hours." (Emphasis supplied). The rule further provides that a meal period taken "while continuing to perform duties * * * is not deducted from the employee's hours worked." OAR 839-020-0050(1)(b). Defendant violated the rule by deducting wages during meal periods where the employee was not relieved of all work for at least 30 minutes.

*Gafur v. Legacy Good Samaritan Hosp. & Med. Ctr*. 213 Or App 343, 161 P.3d. 319 (Or. App. 2007), upheld the notion that the employer violated Oregon wage and hour law when the employer paid the workers "less than the wages to which [they were] entitled" under ORS 653.261[1] and

---

[1] ORS 653.055(1) states: "Any employer who pays an employee less than the wages to which the employee is entitled under ORS 653.010 to 653.261 is liable to the employee affected:
(a) For the full amount of the wages, less any amount actually paid to the employee by the employer * * *."

1  653.055[2]. In *Legacy*, the court applied that proposition to rest periods, relying on the rule established
2  by the Commissioner.  Here, the rule and the Court's reasoning applies equally well to meal periods.
3  Defendant failed to pay wages for meal periods that were established by rule authorized under ORS
4  653.261 and ORS 653.055.  Under the rule, defendant must pay for meal periods <u>interrupted</u> by work.
5  Plaintiffs' meal period claim, therefore, constitutes a valid claim under *Legacy* and Oregon law.  This
6  Court should not enter judgment in favor of defendant on this claim, and the Court should permit
7  plaintiffs to amend their complaint to encompass this claim.

8  Most interestingly, defendant argues that the motion is both premature and too late. Plaintiffs
9  believe this motion is timely.  Defendant has not answered.  There has been no case management
10 conference.  The initial conference is currently scheduled for March 7, 2008.  The parties have not met
11 and conferred on any discovery plan or proposed joint management order.  No discovery has taken
12 place.  In short, defendant cannot claim to be prejudiced by a motion to add a party at this early stage
13 of the proceedings.

Dated: January 18, 2008          Bailey Pinney, PC

By____/s/_____
Jose R. Mata
Attorneys for Plaintiffs

---

[2] ORS 653.261(1) provides: "The Commissioner of the Bureau of Labor and Industries may issue rules prescribing such minimum conditions of employment, excluding minimum wages, in any occupation as may be necessary for the preservation of the health of employees. Such rules may include, but are not limited to, minimum meal periods and rest periods * * *."