IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN ROSS, DENIS RAMOS, MAURITA PRASAD, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br>  v.<br><br>U.S. BANK NATIONAL ASSOCIATION,<br><br>    Defendant.<br>_____/ | No. C-07-2951 SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS OR STAY** |

Presently pending before the Court is defendant's motion to dismiss or stay. After consideration of the parties' papers and the arguments of counsel, the Court GRANTS in part and DENIES in part the motion.

**BACKGROUND**

**1.    This action**

Plaintiffs bring this putative class action on behalf of all U.S. Bank employees in California, Oregon, and Washington.[1] Plaintiffs assert the following 12 wage/hour claims against defendant: (1) failure to pay adequate wages to non-exempt (hourly) employees because of a rounding practice in violation of California, Oregon, and Washington law; (2) failure to pay minimum wages to hourly

---

[1] On March 14, 2007, the law firm of Bailey Pinney filed a complaint in this court on behalf of a similar class of plaintiffs against defendant U.S. Bank. *Prasad et al v. U.S. Bank National Association,* Case No. C-07-1485 SI. The next day, March 15, 2007, they voluntarily dismissed the *Prasad* case. Thee weeks later, on April 6, 2007, the same firm initiated this action in Alameda County Superior Court. Defendant removed the action; by order dated July 5, 2007, this Court found the cases related, and the case was reassigned to this Court for all purposes.

employees as required by California, Oregon, and Washington law and the Fair Labor Standards Act (FLSA), 29 U.S.C. 216; (3) failure to pay overtime wages to hourly employees as required by California, Oregon, and Washington law and the FLSA; (4) failure to pay overtime wages to employees in the Sales and Service Manager (SSM) position, as they are improperly classified as exempt under Oregon and Washington law and the FLSA; (5) improper deduction for lost time under California and Oregon law; (6) failure to provide rest periods under California, Oregon, and Washington law; (7) failure to provide meal periods under California, Oregon, and Washington law; (8) failure to timely pay all wages due to employees on termination under California, Oregon, and Washington law; (9) breach of implied contract by virtue of wage/hour law violation, under California, Oregon, and Washington contract law; (10) conversion by virtue of failing to properly pay employees as alleged in the other causes of action, in violation of California, Oregon, and Washington tort law; (11) failure to provide accurate itemized wage statements in violation of California law; and (12) engaging in unfair business practices by virtue of the violation of California wage/hour laws as alleged in the other causes of action.

**2.**    *McElmurry v. U.S. Bank National Association*

On May 11, 2004, the Bailey Pinney law firm filed an action on behalf of current and former U.S. Bank employees in the U.S. District Court for the District of Oregon, *McElmurry and Mrazek v. U.S. Bank National Association*, Case No. 04-CV-00642. The amended *McElmurry* complaint alleges various wage and hour law violations under FLSA and Oregon law, including minimum wage, termination pay, SSM misclassification, and work time reduction claims. The two putative classes in *McElmurry* consist of all hourly employees and all SSMs employed by U.S. Bank in Oregon, Washington, and California from May 2001 to May 2004.

By orders filed October 1, 2004 and December 1, 2005, the court denied class certification. The plaintiffs in *McElmurry* have appealed those decisions; one appeal involving the SSM class is pending; and the other involving the hourly employee class was denied as premature.

**3.**    *Lowdermilk v. U.S. Bank National Association*, **and** *Tate v. U.S. Bank National Association*

On March 29, 2006, the Bailey Pinney law firm filed *Lowdermilk v. U.S. Bank National*

*Association* in Multnomah County Oregon Circuit Court, Case No. 0603-03335. This complaint asserts two claims under Oregon law, SSM misclassification and termination pay claims, on behalf of all hourly U.S. Bank employees in Oregon. The plaintiffs' motion for class certification on one of the claims has been heard; this Court is unaware of the outcome of that motion.

On July 10, 2006, the Bailey Pinney law firm filed *Tate v. U.S. Bank National Association* in Multnomah County Oregon Circuit Court, Case No. 0607-07188. This class action complaint alleges two Oregon law claims. *Id.* The putative class in *Tate* consists of all SSMs employed by U.S. Bank in Oregon from July 2003 to July 2006. This case is currently being litigated.

Currently before the Court is defendant's motion to dismiss or stay plaintiffs' action, or in the alternative to dismiss the Washington law and California lost time deduction claims, and for judgment on the conversion and Oregon meal period claims.[2]

**DISCUSSION**

**1.  Principles of federal comity**

Defendant moves to dismiss or stay this action on the ground of federal comity, arguing that this action is similar to the previously-filed *McElmurry* case pending in the District of Oregon. *Pacesetter Systems, Inc. v. Medtronic Inc.*, 678 F.2d 93 (9th Cir. 1982). The principles of comity allow a district court to decline jurisdiction over an action where a complaint involving the same parties and issues has already been filed in another district. "While no precise rule has evolved, the general principle is to avoid duplicative litigation," and promote judicial efficiency. *Barapind v. Reno*, 225 F.3d 1100, 1109 (9th Cir. 2000) (citations omitted).

In the Ninth Circuit, the principles of federal comity are embodied in the "first-to-file" rule. A district court may transfer, stay or dismiss an action when a federal action with similar parties and issues has been filed in another district court. *Pacesetter Systems, Inc.,* 678 F.2d at 94-95; *Alltrade, Inc. v.*

---

[2]The resolution of these motions is affected by the procedural posture of the other pending, earlier filed actions in other jurisdictions. However, neither party has provided this Court with any information concerning rulings made in the other actions since these motions were argued in October.

1  *Uniweld Products, Inc*., 946 F.2d 622, 625-26 (9th Cir. 1991).   In a class action, the classes, and not
2  the class representatives, are compared.  *See* Cal. Jur. 3d Actions § 284.

3  Defendant argues that the current action is similar to *McElmurry* because both are wage and hour
4  actions brought against the same defendant by the same counsel, and both initially alleged putative
5  classes of U.S. Bank employees in California, Oregon, and Washington.  The *McElmurry* court,
6  however, denied class certification and *McElmurry* is no longer a collective action, at least pending the
7  appeals in that case.  Thus the *McElmurry* plaintiffs are currently limited to the named individuals in
8  that case, and none of them is in the present action.  Furthermore, in *McElmurry*, discovery has closed
9  and the court has denied a motion to add additional party to the case.  Plaintiffs in this case cannot opt-in
10 to *McElmurry*.  For these reasons, a judgment or relief rendered in *McElmurry* will not resolve the issues
11 in this case.

12 This analysis is consistent with *Weinstein v. MetLife, Inc.,* No. 3:06-cv-04444-SI, 2006 WL
13 3201045 (N.D. Cal. November 6, 2006), in which this Court stayed a cause of action because the same
14 class of plaintiffs was awaiting class certification in a parallel federal action.[3]  This Court intended to
15 avoid having the same class of plaintiffs in a duplicative action, stating that in the event class
16 certification was granted in the parallel action, plaintiffs' claim would be dismissed with leave to amend.
17 *Id*. at *15.  The present case is different from *Weinstein* because the *McElmurry* court already denied
18 class certification, so there is no risk of duplicative actions here (at least pending the outcome of the
19 pending appeals).

20 The Court denies defendant's motion to dismiss or stay this action on the ground of federal
21 comity because the parties in this case are different from the parties in *McElmurry*.

23 **2.   The *Colorado River* doctrine**

24 Defendant moves to dismiss or stay this action pursuant to the *Colorado River* doctrine,
25 *Colorado River Conservation Dist. v. United States*, 424 U.S. 800 (1976), contending that the claims
26 in this case overlap substantially with the claims in *Tate* and *Lowdermilk.*

---

28 [3]A group of financial service managers was seeking class certification in *Sims v. Metropolitan Life Insurance Co.,* 05-cv-2980-THE.

United States District Court
For the Northern District of California

1  Considerations of "wise judicial administration, giving regard to conservation of judicial
2  resources and comprehensive disposition of litigation" may counsel granting a stay when there are
3  concurrent state proceedings involving the same matter as in the federal district court. *Id.* at 817. The
4  threshold for applying the *Colorado River* doctrine is whether the two cases are substantially similar.
5  Substantial similarity does not mean that the cases must be identical. *Nakash v. Marciano*, 882 F.2d
6  1411, 1416 (9th Cir. 1989)

7  The Ninth Circuit has stated that a dispositive factor against stay or dismissal in the *Colorado*
8  *River* analysis is the existence of a substantial doubt as to whether the state proceedings will resolve the
9  federal action. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993); *see*
10 *also Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 28 (1983). The non-
11 dispositive factors enumerated in *Colorado River* are: "(1) whether either court has assumed jurisdiction
12 over the property in dispute; (2) the relative convenience of the forums; (3) the desirability of avoiding
13 piecemeal litigation, and (4) the order in which the concurrent forums obtained jurisdiction." *Gintz v.*
14 *Jack in the Box, Inc.*, No. C 06-02857 CW, 2006 U.S. Dist. LEXIS 88987, at *9 (N.D. Cal. Nov. 28,
15 2006), citing *Colorado River*, 424 U.S. at 818. In addition, courts should consider two additional
16 factors: whether state or federal law provides the rule of decision on the merits, and whether the state
17 proceeding is adequate to protect the parties' rights. *See Moses H. Cone*, 460 U.S. at 23, 26. The
18 decision to defer to a parallel action "does not rest on a mechanical checklist, but on a careful balancing
19 of the important factors as they apply in a given case." *Id*. at 16. Finally, a court may also consider
20 whether the federal plaintiff is engaged in "forum shopping" or seeking to avoid adverse state court
21 rulings. *Nakash*, 882 F.2d at 1417.

### A. The cases are substantially similar

The claims plaintiffs are asserting in this case overlap substantially with the claims asserted in *Lowdermilk* and *Tate*, which were filed previously by the same counsel in Oregon state courts and are currently being litigated. Out of the 12 causes of action that plaintiffs assert here, 10 involve violations of Oregon state law and are similar to the causes of action alleged in *Lowdermilk* and *Tate*. The parties in the actions are also similar, both alleging a putative class of all Oregon employees with overlapping

5

1 class periods.[4] Therefore, the Court finds the cases to be substantially similar, at least with respect to
2 the Oregon class.

### B.     Balance of relevant factors

#### 1.     The dispositive factor

Plaintiffs argue that the resolution in *Lowdermilk* and *Tate* would not resolve the federal action here. This is not true. In the event that class certification is granted in either *Lowdermilk* or *Tate*, this Court would have no further need to resolve Oregon state law claims for the Oregon putative class. However, neither side has indicated whether the courts in either *Lowdermilk* or *Tate* have ruled on class certification, so there is some doubt as to whether those two state cases will resolve issues in the present case. *Intel* Corp., 12 F.3d at 913. It is thus proper to consider the non-dispositive factors.

#### 2.     The original Colorado River factors

When there is no *res* in control of either court and the fora are equally convenient, the first two *Colorado River* factors are irrelevant. *Nakash*, 882 F.2d at 1415, 1415n6.

As to the third factor, the danger of piecemeal litigation, plaintiffs argue that the filing of this case does not create piecemeal litigation because *Lowdermilk* and *Tate* do not include FLSA claims. However, plaintiffs' counsel fail to explain why they did not add their federal claims to their state actions on behalf of the Oregon class. The federal courts do not have exclusive jurisdiction over FLSA claims. *See* 29 U.S.C. § 216(b) (actions for violations of section 206 and 207 may be brought against an employer in any federal or State court). Plaintiffs' failure to bring all available claims for the Oregon class creates the kind of piecemeal litigation that the *Colorado River* doctrine intends to prevent. Therefore, this factor weighs in favor of staying the current action with respect to the Oregon class. However, this factor does not directly affect the California and Washington classes because these

---

[4] If the class is certified as alleged in *Lowdermilk*, the class will encompass all of defendant's hourly employees in Oregon from at least March 28, 2000 to March 28, 2006, which includes the entire period of plaintiff Ramos's employment, and much of Plaintiff Smith's employment. The *Tate* plaintiffs will likely seek certification of a class of all those employed by defendant in Oregon in the position of SSM from July 10, 2004 to July 10, 2006, which includes most of the employment of plaintiff Smith, the only Ross plaintiff who was an SSM.

6

1 plaintiffs are not and cannot be included in the Oregon state actions.

2 Defendant argues that both *Lowdermilk* and *Tate* have progressed further than this case, a fact that favors deferring jurisdiction. *Lowdermilk* was filed almost one year before this action and the *Lowdermilk* court has already held a hearing on plaintiffs' class certification motion. *Tate* was filed eight months before this action and the case is in the discovery stage. The order of jurisdiction factor therefore weighs in favor of staying the action with respect to the Oregon class. This factor does not affect the California and Washington classes because they are not included in the state proceedings.

Plaintiffs argue against stay or dismissal because Oregon law does not provide the rules in resolving their federal and state law claims. This is not true with respect to the claims brought by the Oregon class. To the extent that the Oregon employees were regulated by the wage and hour law of Oregon, Oregon state courts are most suitable to provide the rules of decision on the merits. As for the FLSA claims brought by the Oregon class, the resolution of their Oregon state law claims may render these federal claims moot. This factor weighs in favor of staying the action with respect to the Oregon putative class but not the California class and the Washington class.

### 3. Additional factors

Defendant argues vehemently that plaintiffs are engaged in forum shopping by pursuing this action and all indications are that this is true. This Court will not encourage forum shopping by allowing a substantially similar federal action to proceed. This action is substantially similar to *Lowdermilk* and *Tate* with respect to the Oregon class, and is brought by the same counsel, so that the forum shopping factor weighs in favor of staying the current action.

In sum, this Court finds that the current action is substantially similar to *Lowdermilk* and *Tate* with respect to the Oregon class. A stay on all claims brought on behalf of the Oregon class would benefit all the parties, and the court, as the class certification rulings may narrow the issues that need to be litigated here. This stay applies to the Oregon class only, and litigation shall proceed with regard to the other plaintiffs in this case.

### 3. Rule 12(b)(1) motion to dismiss for lack of jurisdiction

Defendant moves to dismiss all of plaintiffs' Washington state law claims and the California lost time deduction claim, arguing that the named plaintiffs lack standing to bring such claims.[5] The Supreme Court has stated: "Standing is not dispensed in gross." *Lewis v. Casey,* 518 U.S. 343, 359 n.6 (1996). In a collective action, if none of the named plaintiffs "establishes the requisite of a case or controversy with defendants, none may seek relief on behalf of himself or any other member of the class." *Lierboe v. State Farm Mut. Auto. Ins. Co.,* 350 F.3d 1018, 1022 (9th Cir. 2003).

Here, none of the four named plaintiffs allege that they have worked for defendant in Washington. As such, these plaintiffs could not have suffered injury as a result of violation of Washington's employment law, which regulates employees inside the state. Therefore, plaintiffs have no standing to assert on behalf of themselves and other Washington employees any claim for injury under the state law of Washington. *See Lewis,* 518 U.S. at 358-9. To that extent the motion is granted.

Moreover, the complaint does not allege that either of the plaintiffs who have worked for defendant in California, Ross and Prasad, have suffered injury as a result of lost time deduction. Plaintiffs therefore have no standing to allege on their own and on others' behalf any claims under California wage deduction law, and to that extent the motion is granted.

For the reasons set forth above, the Court dismisses all of plaintiffs' Washington state law claims and plaintiffs' California lost time deduction claim.

### 4. Rule 12(c) motion for judgment on the pleadings

Defendant moves for judgment on the pleadings as to the conversion claim and the Oregon meal period claim, arguing that plaintiffs fail to state a valid claim. "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Rules 12(c) and 12(b)(6) are substantially identical. *See* William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial § 9:319 (2007). Under either provision, a court must determine whether the facts alleged in the complaint, taken as true, entitle the

---

[5]The Washington state law claims are contained in the first to fourth, sixth to ninth, and the twelfth causes of action. The California lost time deduction claim is alleged in the fifth cause of action.

8

plaintiff to a legal remedy, and dismiss the claim or enter judgment on the pleadings if the complaint fails to state a legally sufficient claim. *Id.* "Although Rule 12(c) does not expressly authorize 'partial' judgments, neither does it bar them, and it is common to apply Rule 12(c) to individual causes of action." *Moran v. Peralta Community College Dist.*, 825 F. Supp. 891, 893 (N.D. Cal. 1993).

### A. Conversion claim

Defendant moves to dismiss plaintiffs' conversion claim, the tenth cause of action, under Rule 12(c). "Conversion is the wrongful exercise of dominion over the property of another." *Oakdale Village Group v. Fong*, 43 Cal. App. 4th 539, 543 (1996). To establish conversion, a plaintiff must show: (1) the plaintiff's ownership or right to possession to the property at the time of conversion; (2) the defendant's conversion by a wrongful act; and (3) damages. *Id.* at 543-4. A specific and identified amount of money can form the basis of a conversion claim, but when the money is not identified and not specific, "the action is to be considered as one upon contract or for debt and not for conversion." *Baxter v. King*, 81 Cal. App. 192,

Plaintiffs contend that they have asserted a valid conversion claim, arguing that defendant engaged in a "truncation" practice by taking the employees' total daily time worked and rounding this time down to the next lowest tenth of an hour, thereby preventing the employees from receiving full pay for their work performed. Plaintiffs claim that they have identified a specific and cognizable sum of money which is the subject of defendant's alleged conversion, i.e. wages for the truncated time, and therefore entitled to relief.

Defendant relies on *Wal-Mart, Inc. Wage and Hour Litigation*, 2007 U.S. Dist. LEXIS 41679 (N.D. Cal. May 29, 2007), for the proposition that unpaid wages cannot give rise to a conversion claim. In *Wal-Mart*, a class of employees brought a conversion claim against the retail chain store. One of the alleged illegal practices was "time-shaving", which is the practice of doctoring the hourly employees' time sheets to reduce the employees' pay. The *Wal-Mart* court dismissed the conversion claim, reasoning that the California Labor Code's "detailed remedial scheme" was sufficient to provide relief for damages incurred as a result of time-shaving. *Wal-Mart, Inc. Wage and Hour Litigation*, 2007 U.S. Dist. LEXIS 41679, at *5. The alleged truncation practice in this case is similar to the time-shaving

9

practice in *Wal-Mart*. Both types of the conduct involve a continuous and systematic deprivation of the employees' time worked for the purpose of reducing the employees' pay. This Court agrees with the *Wal-Mart* court that the California Labor Code is adequate in providing plaintiffs appropriate remedy for this type of conduct, and the conversion claim is therefore not necessary.[6]

For the reasons stated, the Court dismisses plaintiff's conversion claim.

### B.    Oregon meal period claim

Defendant moves to dismiss plaintiffs' Oregon meal period claim, the seventh cause of action, contending that there is no private right of action for missed meal periods in Oregon. Defendant cites an Oregon state court case in support of this contention: *Gafur v. Legacy Good Samaritan Hosp. & Med. Ctr*, 213 Or. App 343 (Or. App. 2007) (employer's failure to provide meal breaks to employees does not give a private right of action for wage recovery).

Plaintiffs seek to distinguish this case from *Gafur*, arguing that the employees in this case were not deprived of their meal breaks, but instead they were compelled by defendant to perform work during their meal periods. If such is the claim, it is encompassed in plaintiffs' second cause of action, which asserts that defendant "failed and refused to compensate Plaintiffs and all other similarly situated individuals for all hours of work performed by Plaintiffs and all other similarly situated individuals." Amended Compl. ¶ 60. The seventh cause of action would therefore be redundant and unnecessary.

For the reason stated, the Court dismisses plaintiffs' Oregon meal period claim.

### CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part defendant's motion to stay or dismiss plaintiffs' action. [Docket No. 18] Claims on behalf of the Oregon classes are STAYED; claims based on Washington state law are DISMISSED; claims for California lost time deductions are

---

[6]The other cases cited by defendant, *Vasquez v. Coast Valley Roofing, Inc.*, 2007 WL 1660972 (E.D. Cal. June 6, 2007) ("unliquidated and unpaid" wages not chattels or personal property capable of conversion) and *Wren v. RGIS Inventory Specialists*, No. 3:06-cv-05778-JCS, 2007 WL 295549 (N.D. Cal. Jan. 30, 2007) (money not subject of conversion unless specific and identified), are inapplicable to this case because both of the cited cases involve uncompensated rest and meal periods as the basis of conversion, which is not the main thrust of plaintiff's complaint in here.

DISMISSED; claims for conversion in the tenth cause of action are DISMISSED; and Oregon claims for failure to provide meal breaks in the seventh cause of action are DISMISSED.

The parties are directed to meet and confer to propose a plan for the next actions in this matter. A Case Management Conference will be held on Friday, February 29, 2008 at 2:30 p.m.; the parties shall file a Joint Case Management Conference Statement no later than February 22, 2008.

**IT IS SO ORDERED.**

Dated: February 13, 2008

_____
SUSAN ILLSTON
United States District Judge

11