[COUNSEL LISTED ON NEXT PAGE]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANN ROSS, DENNIS RAMOS, MAURITA PRASAD, and KELLY SMITH, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>      v.<br><br>U.S. BANK NATIONAL ASSOCIATION dba U.S. BANK,<br><br>            Defendant. | Case No. C 07-2951 SI<br><br>**PARTIES' INITIAL CASE MANAGEMENT STATEMENT**<br><br>Date:    February 29, 2008<br>Time:    2:30 p.m.<br>Department:    10<br><br>Hon. Susan Illston |

JUDITH DROZ KEYES (CA State Bar No. 66408)
STUART W. MILLER (CA State Bar No. 127766)
KATHLEEN D. POOLE (CA State Bar No. 228815)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-6533
Telephone:    (415) 276-6500
Facsimile:    (415) 276-6599
jkeyes@dwt.com
stuartmiller@dwt.com

Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION


JOSE R. MATA (CA State Bar No. 83724, OSB 80305)
E-Mail: JMata@wagelawyer.com
BAILEY PINNEY, PC
1498 SE Tech Center Place, Suite 290
Vancouver, WA 98683
Telephone: (360)567-2551; Fax: (360)567-3331

BONNIE MAC FARLANE (CA State Bar No. 161526)
E-Mail: BMacfarlane@wagelawyer.com
BAILEY PINNEY, PC
720 Howe Street, Suite 113
Sacramento, CA 95825
Telephone: (916) 923-5537; Fax: (916) 923-5587

SUSAN SIMMONS SEEMILLER (CA State Bar No. 150546)
E-Mail: SSeemiller@wagelawyer.commailto:susan@cal.com
BAILEY PINNEY, PC
840 County Square Drive
Ventura, CA 93003
Telephone: (805) 339-9090; Fax: (805) 339-0090

Attorneys for Plaintiffs Ross, Ramos, Prasad and Smith

On February 18, 2008, counsel for Plaintiffs Ross, Ramos, Prasad, and Smith ("Plaintiffs") and Defendant U.S. Bank National Association ("Defendant") participated in the conference of the parties required by Rule 26(f) of the Federal Rules of Civil Procedure and Civil Local Rule 16-9. During that conference, the parties discussed the topics set forth in Rule 26(f) and Civil Local Rule 16-9 and reached certain agreements detailed below.

The parties jointly submit this Initial Case Management Statement:

**1)** **Jurisdiction and Service.**  This Court has original jurisdiction of this action pursuant to the FLSA, *see* 28 U.S.C. section 1331; 29 U.S.C. section 216(b).  Pursuant to 28 U.S.C. section 1367, this Court is also vested with the authority to exercise supplemental jurisdiction over Plaintiffs' state law claims, which form "part of the same case or controversy under Article III of the United States Constitution."  In the alternative, pursuant to 28 U.S.C. section 1332(d)(2), the Court has original jurisdiction under the Class Action Fairness Act, as the matter in controversy may exceed the sum or value of $5,000,000, exclusive of interest and costs and is a class action in which any member of a class of plaintiffs is a citizen of a state different from any Defendant.

All parties to the action have been served, and personal jurisdiction and venue are not contested in this case.

**2)** **Facts**.  The material factual issues are as follows: (1) whether Defendant paid Plaintiffs Ross and Prasad minimum wages under California law and the FLSA; (2) whether Defendant required Plaintiffs Ross and Prasad to work during meal or rest periods; (3) whether Defendant authorized and permitted Plaintiffs Ross and Prasad to take rest period breaks; (4) whether Defendant authorized and permitted Plaintiffs Ross and Prasad to take meal period breaks; (5) whether Defendant affirmatively ensured that Plaintiffs Ross and Prasad were actually relieved of all duty for meal period breaks; (6) whether Defendant had a policy of requiring employees to take meal breaks and permitting them to take rest breaks, and if so, whether Defendant had a business practice of ignoring or failing to follow that policy; (7) whether Plaintiffs Ross and Prasad followed Defendant's policies requiring employees to take meal breaks and permitting them to take rest breaks; (8) whether Defendant suffered or permitted Plaintiffs Ross and Prasad to work more than eight hours in a day or forty hours in a week without receiving overtime compensation;

DAVIS WRIGHT TREMAINE LLP

(9) whether Plaintiffs Ross and Prasad were paid all wages owed them upon termination of employment with Defendant; (10) whether Defendant's conduct was "willful" under the FLSA and/or under California law; (11) whether Plaintiff Ross or Prasad can adequately represent the members of the putative class(es); (12) whether Plaintiff Ross or Prasad is similarly situated to putative FLSA collective action members; (13) whether Plaintiffs' counsel can adequately represent the members of the putative class(es); (14) whether Plaintiffs Ross and Prasad can provide factual grounds for class certification under federal or California law; (15) whether there was a California -wide departure from Defendant's meal and rest break policies so as to warrant class certification; (16) whether Defendant provided Plaintiffs Ross and Prasad with accurate itemized wage statements; (17) whether Defendant had a contract of employment with Plaintiff Ross or Prasad, and if so, whether Defendant breached that contract.

Plaintiffs also contend that the following additional issues of material fact exist:

(1) If Oregon FLSA claims are not stayed, whether Defendant paid Plaintiffs Ramos and Smith minimum wages under FLSA; (2) If Oregon FLSA claims are not stayed, whether Defendant suffered or permitted Plaintiffs Ramos and Smith to work more than forty hours in a week without receiving overtime compensation; (3)If Oregon FLSA claims are not stayed, whether Defendant improperly rounded down the hours Plaintiffs Ramos and Smith worked; (4) If Oregon FLSA claims are not stayed, the extent to which Plaintiffs Ramos and Smith may have been underpaid as a result of Defendant's rounding practices (Defendant contends that there is also a factual issue of whether Plaintiffs were overpaid as a result of Defendant's rounding practices, but Plaintiff disagrees that this is a material factual issue); (5)  If Plaintiff Smith's FLSA claims are not stayed, whether Plaintiff Smith, as a sales and service manager, was misclassified as an exempt employee; (6) If Oregon FLSA claims are not stayed, whether Plaintiff Ramos or Smith is similarly situated to putative FLSA collective action members.

If a class is certified in this action, Defendant or Plaintiffs may assert additional classwide factual issues.  Further, depending upon how this Court rules on the Legal Issues, some of the above factual issues may not apply.

Plaintiff contends that the material questions of fact applicable to Plaintiffs Ross or Prasad, as stated above, are also applicable to putative class members. Plaintiffs also contend that the following issues of fact exist with respect to class certification: (1) Whether Defendant has a business practice of not paying final wages when due under California Labor Code Sections 201-203; (2) Whether Defendant has a business practice of not providing employees meal periods of at least 30 minutes during which employees are relieved of duty; and (3) Whether Defendant has a business practice of not providing employees rest periods as required by California law.

**3)** **Legal Issues.**

**3.1) Substantive Legal Issues.** Substantive legal issues known to Defendant are the following: (1) whether Plaintiffs have standing to assert all of their claims under Federal Rule of Civil Procedure ("Rule") 12(b)(1); (2) the extent of Defendant's duty to "provide" meal periods to Plaintiffs under California Labor Code section 226.7; (3) the standard under federal law, the California Wage Orders, and Labor Code section 200 *et seq.* concerning rounding of hours worked; (4) whether Defendant's payroll practices violated California law with respect to the so-called "lost time deduction"; and (5) whether Plaintiffs are entitled to bring a representative claim under California Business and Professions Code section 17200.

Substantive legal issues known to Plaintiff are the following: (1) whether Defendant had a duty to affirmatively ensure that California employees were relieved of all duty for meal breaks; (2) whether Defendant owes overtime to California employees if it suffered or permitted them to work overtime.

**3.2) Legal Issues Relating to Class Certification.** Legal issues known to Defendant related to class certification are the following: 1) whether Plaintiffs' claims are amenable to class certification under Rule 23(a) or (b); and 2) whether Plaintiffs' claims are amenable to class certification under California law; and 3) whether Plaintiffs are permitted to bring a representative action under California Business and Professions Code section 17200.

**4)** **Motions.** Defendant has brought administrative motions to 1) relate this case to the *Prasad* action (see number 10, below), which was granted by Order dated July 5, 2007; and 2) to continue the Initial Case Management Conference, which was granted by Orders dated September

3

DAVIS WRIGHT TREMAINE LLP

4, 2007, November 6, 2007, and December 19, 2007.  In addition, on February 13, 2008, this Court granted in part and denied in part Defendant's Motion to Dismiss or Stay.

There are no pending motions.

Defendant anticipates possibly bringing a motion for summary judgment to dispose of the case or to narrow the issues to be litigated.

Plaintiffs anticipate bringing the following motions: (1) motion for leave to file a motion for reconsideration of the Court's *Colorado River* stay of the Oregon class claims; (2) motion to clarify whether Plaintiff Ramos's and Smith's FLSA claims are stayed; (3) motion for leave to file a second amended complaint that would add new California Plaintiffs Burkhart and Housken, reinstate the California loss time deduction claim, allege federal jurisdiction and Rule 23 classes, and which would conform to the Court's rulings on Defendant's Motion to Dismiss or stay; (3) motions for class or collective certification under FLSA or Rule 23 of the Federal Rules of Civil Procedure as discussed in further detail in response to 9.

**5)** **Amendment of Pleadings.**   See response to 4.

**6)** **Evidence Preservation.**  Defendants have taken appropriate steps to preserve documents, both paper and electronic, potentially relevant to Plaintiffs' claims.  Plaintiffs have taken appropriate steps to preserve documents potentially relevant to Plaintiffs' claims.

**7)** **Disclosures.**  The parties will exchange initial disclosures in compliance with the requirements of Rule 26(a) on or before March 7, 2008.

**8)** **Discovery.**   The parties propose no changes in initial disclosure requirements at this time.

Plaintiffs propose the following discovery plan.

Plaintiff opposes conducting discovery in phases, with discovery on individual and class certification issues being separated from the merits of the class claims.  "Discovery on the merits should not normally be stayed pending so-called class discovery, because class discovery is frequently not distinguishable from merits discovery, and class wide discovery is often necessary as circumstantial evidence even when the class is denied. Such a discovery bifurcation will often be counterproductive in delaying the progress of the suit for orderly and efficient adjudication."  See Newberg on Class Actions Third Edition, § 7:8, page 7-26.

DAVIS WRIGHT TREMAINE LLP

Plaintiff proposes the following specifics, which fit within Defendant's proposed first phase of discovery:

    a. Discovery Regarding Data Defendant maintains as Electronically Stored Information: Discovery to learn how Defendant gathers and stores information related to hours worked and wages paid to employees, as well as how such information can be retrieved, searched, sorted, and exported.

        (1).  Production of Defendant's document retention policies;

        (2).  Deposition of Director of Information Technology or Person(s) most knowledgeable regarding Defendant's management of relevant electronically stored information.

    b. Depositions of Managers of Defendant, including but not limited to:

        (1).  Director of Operations or Person(s) Most Knowledgeable: To determine how Defendant's banks are operated i.e. who is in control of deciding how many employees are hired, the time and manner of payment of wages including compliance with Cal. Lab. Code §§ 201, 202, 203, and 226.7 wages;

        (2).  Director of Payroll or Person(s) most knowledgeable: To determine who has responsibility for making sure employees are paid according to wage and hour laws, including Cal. Lab. Code §§ 201, 202, 203, and 226.7 wages;

        (3).  Director of Human Resources or Person(s) knowledgeable:  To determine who is in control of deciding how employees and managers are trained in California law regarding rest and meal periods and timely payment of wages upon termination of employment;

   c. Production of Documents and Electronically Stored Information.

        (1).  Production of Documents in Sortable, Searchable Electronic Format:

           (i)  The categories of electronically stored information (or documents) shall be produced in native electronic format or a searchable and sortable electronic format.

           (ii)  The export shall be in a format importable into a commonly-

used, PC-based database program (e.g. Microsoft Access).  Defendant shall also produce data and instructions necessary to understand and use the exported data.

(2).  Document reporting the number of hourly employees Defendant has in California.

(3).  Operations documents, including employee handbooks, training manuals, and policies manuals.

(4).  Waiting Time Penalty Data.  Plaintiffs believe that all the following data relevant to waiting time penalties is available as readily accessible electronically stored information.  Plaintiffs therefore request the following data for all California bank employees of Defendant for the relevant statutory period:  (1) last date of employment; (2) if the employee quit, whether the employee gave at least 72 hours notice; and (3) date final paycheck paid to employee; (4) hourly rate of pay; (5) hours worked; and (6) amount of final paycheck.  If the above data is not readily accessible as electronically stored information, then Plaintiffs alternatively request a representative sample of the above data.

(5).  Hours worked for all non-exempt California employees of Defendant, including data indicating whether rest or meal periods were taken.  If the above data is not readily accessible as electronically stored information, then Plaintiffs alternatively request a representative sample of the above data.

(6).  Discovery of the identities and contact information of a representative sample of US Bank employees for purposes of surveying whether they were provided with rest periods and whether Defendant has a business practice of not providing rest periods.

(7).  Copies of itemized wage statements for all California bank employees of Defendant for the relevant statutory periods.  Or, in the alternative, a representative sample of the above wage statements.

(8).  The above is not an exclusive list of all discovery to be sought, but

instead provides the structure for discovery.

    d. Plaintiff submits the following proposed modifications of the discovery rules:

        i.      Plaintiffs request a total of 125 interrogatories.

        ii.     Plaintiffs request a total of 125 requests for admission.

    e. Broader discovery regarding the claims of individual class members, would occur after class certification.

    f. Dates For Conclusion Of Discovery

See response to 17.

    g. Other Orders Relating to Discovery

Plaintiffs anticipate the need for motions to compel discovery regarding some of the information Plaintiffs seek through discovery.

Defendant proposes the following discovery plan.

    a.  <u>Subjects On Which Discovery May Be Needed</u>

Defendant proposes that discovery be conducted in two phases. The first phase should be limited to issues relating to the individual claims of named Plaintiffs Ross and Prasad and to class certification. The second phase, additional discovery on Plaintiffs' class claims, will be conducted only if a class is certified.

Accordingly, Defendant will request documents from named Plaintiffs Ross and Prasad and seek to take Plaintiffs' depositions within sixty (60) days.

    b.  <u>Changes To Limitations Of Discovery Under Federal Rules Of Civil Procedure</u>

No changes to the limitations imposed under the Federal Rules and or local rules are anticipated at this time.

    <u>c. Dates For Conclusion Of Discovery</u>

See response to 17.

    <u>d. Other Orders Relating to Discovery</u>

Defendant anticipates the need for protective orders covering some of the information Plaintiffs seek through discovery.

DAVIS WRIGHT TREMAINE LLP

**9)      Class Actions.**

Plaintiffs make the following statement in compliance with Civil L.R. 16-9(b):

a.      Fair Labor Standards Act:  If the FLSA claims of Plaintiffs Ramos and Smith are not stayed, or if the stay is lifted, Plaintiffs will move for conditional certification of the following FLSA classes:  (1) Classes based on Defendant's rounding practices in California, Oregon, and Washington; and (2) Classes based on Defendant's misclassification of Sales and Service Managers in Oregon and Washington.

b.      FRCP Rule 23 Classes:

(1)      Waiting Time Penalty Class:  Under FRCP Rule 23(a) and (b)(3) Plaintiffs will move to certify a class, consisting of California employees of Defendant (a) whose employment ended within the applicable statutory period and before final judgment in this case and (b) who were not paid all wages when due as required by California Labor Code Sections 201-204.

This class is maintainable under Rule 23(a) because (i) its members are too numerous for joinder; (ii) a common question of fact exists of whether Defendant has a business practice of not paying final wages when due under California Labor Code Sections 201-204; (iii) the late payment of final wages by Defendant to Plaintiffs Prasad and Ross is typical of its late payment of final wages to other putative class members pursuant to its above business practice; (iv) and Plaintiffs and Plaintiffs' counsel adequately represent the class.

This class is maintainable under Rule 23(b)(3).  First, common questions predominate over individual ones because liability and damages can be proved to a large extent by standardized and probably computerized wage and hour data maintained by Defendant.  The liability and damages for each class member can be computed from the above data using a simple mathematical formula and database technology.  Further, Defendant's common business practice of paying final wages late will provide common evidence of willfulness under Labor Code Section 204.  Although Defendant may assert some individual defenses as to some class members, these will not be sufficient to defeat

8

DAVIS WRIGHT TREMAINE LLP

the predominance of common questions.  Second, a class action is superior to individual claims because the individual class members have no interest in individual litigation against this powerful Defendant.

Due to the discovery of large amounts of electronically stored information, the attendant discovery disputes, and the need to have the data statistically analyzed, Plaintiff seeks to file the motion for class certification of the Waiting Time Class by February 1, 2009.

(2)  Meal Period Class:   Under FRCP Rule 23(a) and (b)(3) Plaintiffs will move to certify a class consisting California current and former employees of Defendant who were neither provided a meal period nor paid statutory wages under Section 226.7 within the applicable statutory period and before final judgment in this case.  Plaintiff may seek additional penalties for the meal period class under Labor Code Section 226 for inaccurate itemized wage statements.

This meal period class can be maintained under FRCP Rule 23(a) because (i) its members are too numerous for joinder; (ii) there is a common question of whether Defendant has a business practice of failing to provide meal periods of at least 30 minutes in which employees are relieved of all duty; (iii) Plaintiff Prasad's meal period claim is typical of the meal period claims of other putative class members denied meal periods pursuant to Defendant's business practice; and (iv) Plaintiff Prasad and Plaintiff's counsel adequately represent the class.

This meal period class can be maintained under FRCP Rule 23(b)(3).  First, common questions predominate over individual ones because liability and damages are provable to a large extent by standardized and probably computerized wage and hour data maintained by Defendant.  Defendant is required to track when its employees take meal period breaks.  Employees clock out at the beginning of a meal period and clock back in at the end of a meal period.  These clock-outs and clock-ins, or the lack of them, will be sufficient to establish liability under Section 226.7 using simple mathematical formula and database technology.  Further, no evidence of willfulness is required to establish liability

9

for statutory wages under Labor Code Section 226.7. Second, a class action is superior to individual claims because the individual class members have no interest in individual litigation against this powerful Defendant.

Due to the discovery of large amounts of electronically stored information, the attendant discovery disputes, and the need to have the data statistically analyzed, Plaintiff seeks to file the motion for class certification of the Waiting Time Class by February 1, 2009.

(3) Rest Period Class: Under FRCP Rule 23(a) and (b)(3) Plaintiffs will move to certify a class consisting California current and former employees of Defendant who were neither provided a rest period nor paid statutory wages under Section 226.7 within the applicable statutory period and before final judgment in this case.

This rest period class can be maintained under FRCP Rule 23(a) because (i) its members are too numerous for joinder; (ii) a common question of fact exists of whether Defendant has a business practice of not providing rest periods as required by California law; (iii) Plaintiffs Ross and Prasads' rest period claims are typical of the rest period claims of other putative class members denied rest periods pursuant to Defendant's business practice; and (iv) Plaintiffs and Plaintiffs' counsel adequately represent the class.

This rest period class can also be maintained under FRCP Rule 23(b)(3). First, common questions predominate over individual issues. Plaintiffs are entitled to discovery of a representative sample of US Bank California employees who can be surveyed to obtain representative evidence of the existence of Defendant's business practice. Once the existence of this business practice is established, then the issue for individual class members is only the amount of statutory damages. Common questions predominate regardless of the need for evidence of the amount of individual damages. Second, a class action is superior to individual claims because the individual class members have no interest in individual litigation against this powerful Defendant.

Plaintiffs seek to file a motion to certify this rest period class by February 1, 2009.

1   Defendant contends that this action is inappropriate for class treatment under Rule 23(a) or
2 Rule 23(b) or under California law, or to representative status under California law.  Defendant's
3 policy is to provide meal and rest breaks to employees, to properly compensate employees for all
4 hours worked, and to fully pay employees at the time of termination in compliance with state law.
5 There is no company-wide or consistent departure from these policies, or any other company-wide
6 or consistent violation of wage/hour laws.  As discovery proceeds, Defendant may raise additional
7 objections to class certification, such as whether Plaintiffs' counsel are adequate class counsel and
8 whether Plaintiffs are adequate class representatives.

9 **10)**     **Related Cases.**  This case is related to *Prasad v. U.S. National Bank Association,* Case No.
10 07-1485 SI, which was filed on March 14, 2007 and assigned to this Court before being dismissed
11 by Plaintiffs the following day.  This case is also related to the following cases in the state and
12 federal courts of Oregon:  *Belknap et al. v. U.S. Bank National Association*, Case No. 0301-00042,
13 filed in Multnomah County Circuit Court on approximately January 2, 2003; *Rivera et al. v. U.S.*
14 *Bank National Association*, Case No. 0305-05045, filed in Multnomah County Circuit Court in
15 March 2003; *McElmurry, et al. v. U.S. Bank National Association*, Case No. 04-CV-00642, filed
16 in the District of Oregon on approximately May 11, 2004; *Lowdermilk v. U.S. Bank National*
17 *Association*, Case No. 0603-03335, filed in Multnomah County Circuit Court on approximately
18 March 29, 2006; *Tate v. U.S. Bank National Association*, Case No. 0607-07188, filed in
19 Multnomah County Circuit Court on approximately July 10, 2006; and *Hudson et al. v. U.S. Bank*
20 *National Association*, Case No. 04-03817, filed in Multnomah County Circuit Court in
21 approximately April 2000.

22 **11**)     **Relief.**

23   Plaintiffs seek wages, including minimum wages and overtime, that are due and owing.
24 Plaintiffs further seek penalties as alleged in the complaint, including (1) additional hourly
25 compensation for missed rest or meal periods under California Labor Code Section 226.7 (2)
26 waiting time penalties under California Labor Code Section 203; and (3) itemized wage statement
27 penalties under Labor Code Section 226.  Plaintiffs further seek liquidated damages under the
28 FLSA.  At the conclusion of the case, Plaintiffs will seek costs and attorney fees.

DAVIS WRIGHT TREMAINE LLP

Defendant does not affirmatively seek relief at this time, although Defendant will be seeking fees and court costs at a later juncture.

**12)** **Settlement and ADR.** The parties have not engaged in any ADR efforts to date. In accordance with ADR Local Rule 3-5, Defendant and Plaintiffs request that the case be assigned to Early Neutral Evaluation ("ENE").

**13)** **Consent to Magistrate Judge.** The parties do not consent to assignment of this case to a magistrate judge.

**14)** **Other References.** The case is not suitable for reference to binding arbitration, or a special master, or the Judicial Panel on Multidistrict Litigation.

**15)** **Narrowing of Issues.** The parties will endeavor to narrow the issues by stipulation prior to trial. In addition, Defendant may seek to further narrow the issues by motion for summary judgment.

**16)** **Expedited Schedule.** The parties do not seek an expedited schedule.

**17)** **Scheduling.** Scheduling discovery cutoffs and other trial-related deadlines is premature at this time, as the parties have not yet commenced discovery and it is not known whether a class or classes will be certified. The parties request that dates be set at a further Case Management Conference to be held within thirty (30) days of this Court's ruling on Plaintiffs' motions to certify a class under federal and California law, whichever motion is decided later.

**18)** **Trial.** Plaintiffs have demanded a jury trial.

**19)** **Disclosure of Non-Party Interested Entities or Persons.** On June 7, 2007, Defendant filed a Certificate of Interested Parties. Plaintiffs are in the process of filing a Certificate of Interested Parties, which will state that Plaintiffs are unaware of any interested parties other than the named plaintiffs and putative class members of the classes pled.

The parties have not identified any other entities or persons that could have an interest in this action.

1   **20)** <u>**Other Matters.**</u>  The parties are not aware of any additional matters that may facilitate the just, speedy and inexpensive disposition of this matter.

DATED this 21st day of February 2008.

                    Respectfully submitted,
DAVIS WRIGHT TREMAINE LLP

By:    */s/ Judith Droz Keyes*
           Judith Droz Keyes

Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION


BAILEY PINNEY, PC


By:    */s/ Jose R. Mata*
           Jose R. Mata

Attorneys for Plaintiffs
ROSS, RAMOS, PRASAD, AND SMITH

DAVIS WRIGHT TREMAINE LLP