JOSE R. MATA, SBN 83724, OSB 80305
E-Mail: JMata@wagelawyer.com
**BAILEY PINNEY, PC**
1498 SE Tech Center Place, Suite 290
Vancouver, WA 98683
Telephone: (360)567-2551; Fax: (360)567-3331

BONNIE MAC FARLANE, SBN 161526
E-Mail:  BMacfarlane@wagelawyer.com
**BAILEY PINNEY, PC**
720 Howe Street, Suite 113
Sacramento, CA 95825
Telephone: (916)923-5537; Fax: (916)923-5587

SUSAN SIMMONS SEEMILLER SBN 150546
E-Mail: SSeemiller@wagelawyer.com
**BAILEY PINNEY, PC**
840 County Square Drive
Ventura, CA 93003
Telephone: (805) 339-9090; Fax:  (805) 339-0090

Attorneys for Plaintiffs Ross, Ramos, Prasad, and Smith

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ann Ross, Dennis Ramos, Maurita Prasad, and Kelly Smith, individually and on behalf of all others similarly situated,,<br><br>Plaintiffs,<br><br>vs.<br><br>US BANK NATIONAL ASSOCIATION, dba US BANK<br><br>Defendant. | Case No. C 07-02951 SI<br><br>**PLAINTIFFS' MOTION, PURSUANT TO CIVIL L.R. 7-9, FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION REGARDING THIS COURT'S STAY OF THE OREGON CLASS**<br><br>Hearing Date to be set by the Court pursuant to Civil L.R. 7-9(d) if leave for reconsideration is granted<br><br>Hon.  Susan Illston |

Plaintiffs respectfully move, pursuant to Civil L.R. 7-9, for an order granting leave for Plaintiffs to file a motion for reconsideration of a portion of this Court's Order of February 13, 2008 (Document 8) (the "Order").  Specifically, Plaintiffs seek reconsideration of that portion of the Order

that stayed the Oregon Class.

The proposed motion for reconsideration is attached as Exhibit A to the Declaration of Jose R. Mata in Support of Leave for Reconsideration. This motion is also supported by the following argument.

## SUMMARY OF ARGUMENT

In opposing the *Colorado River* stay of the Oregon class, Plaintiffs presented dispositive legal argument that if there was any substantial doubt on the dispositive factor, a stay had to be denied. This Court held that there was "some doubt" regarding the dispositive factor, but nonetheless granted the stay. This Court's grant of a stay was a manifest failure to consider "dispositive legal arguments." Civil L.R. 7-9(b)(3). The Court also failed to "consider material facts" in the record. *Id.* Therefore, leave to file a motion for reconsideration should be allowed.

## ARGUMENT

Plaintiffs move for leave to file a motion for reconsideration of that portion of the Order that stays claims on behalf of the Oregon classes under *Colorado River*. Order, 7:22-26; 10:23. Plaintiffs respectfully rely on Civil L.R. 7-9(b)(3) which allows reconsideration based on, "A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Here, Plaintiffs respectfully assert that the Court manifestly failed to consider both a material fact and a dispositive legal argument.

Plaintiffs relies on the portion of the Order addressing the *Colorado River* "dispositive factor." As noted in Plaintiffs' opposition (Doc. 37, 3:11-13) the dispositive factor is whether "the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Intel Corp. v. Advanced Micro Devices, Inc.,* 12 F.3d 908, 913 (9th Cir. 1993).

The pertinent portion of the Order addressing this factor states:

> However, neither side has indicated whether the courts in either *Lowdermilk or Tate* have ruled on class certification, so there is some doubt as to whether those two state cases will resolve issues in the present case. *Intel Corp.,* 12 F.3d at 913. It is thus proper to consider the non-dispositive factors."
> Order, p. 6, lines 9-11.

1       The record was clear that class certification had not been ruled on in either case.  (Defendant's
2 opening memorandum (Doc. 18), 11:9-11, citing McCracken Decl., Ex. N ¶ 6 (*Lowdermilk* class
3 certification "ruling is pending"); Plaintiff's memorandum (Doc. 37), 7:17-18 (Stating that "class
4 certification has not been granted" in *Tate*)).  *See also*: Schuck Declaration (Doc. 37-2), 3:8
5 (Regarding *Tate*, "To date, class certification has not been granted or denied, as to any claims.").
6 Therefore, the Court manifestly failed to consider material facts presented to the Court that class
7 certification had not been ruled on in either in *Lowdermilk* or *Tate*.  It is unclear whether this Court
8 would have granted a *Colorado River* stay if it had understood that there were no class certification
9 rulings in either state case.

10       Regardless, the Court correctly concluded that, "there is some **doubt** as to whether those two
11 cases will resolve issues in the present case." Order, 6:10-11 (Emphasis added).  Having found that
12 there was **doubt** on the dispositive factor, the Court was required by *Intel Corp.* to deny a stay.  By
13 granting the stay, the Court manifestly failed to follow dispositive legal authority that was cited to it.

14       Plaintiffs' opposition (3:13-15) quoted the Ninth Circuit in *Intel Corp.* – the dispositive legal
15 authority – as holding that, "*If there is any substantial doubt as to this* [the dispositive factor], it would
16 be a serious abuse of discretion to grant the stay or dismissal at all."  *Id.  (Emphasis* in the original).

17       This Courts finding of doubt on the dispositive factor coupled with its grant of a *Colorado*
18 *River* stay is therefore a manifest failure to follow dispositive legal arguments submitted to the Court.
19 Civil L.R. 7-9(b)(3).

20                                    **CONCLUSION**

21       After finding that some "**doubt**" exists as to the dispositive factor, this Court was required by
22 *Intel Corp.* to deny the *Colorado River* stay.  Instead, this Court's Order finds **doubt** on the dispositive
23 factor, but nonetheless stays the Oregon class.  Plaintiffs respectfully submit that this Court therefore
24 manifestly failed to consider "dispositive legal arguments which were presented to the Court" in
25 Plaintiffs' opposition to the stay.  Civil L.R. 7-9(b)(3).  Plaintiffs should therefore be granted leave to
26 file the motion for reconsideration attached as Exhibit A to the supporting Declaration of Jose R. Mata.
27 //
28 //

1 | Dated: February 27, 2008        Bailey Pinney, PC

By _____/s/_____
Jose R. Mata
Attorneys for Plaintiffs Ross, Ramos, Prasad, and Smith