# EXHIBIT A

JOSE R. MATA, SBN 83724, OSB 80305
E-Mail: JMata@wagelawyer.com
**BAILEY PINNEY, PC**
1498 SE Tech Center Place, Suite 290
Vancouver, WA 98683
Telephone: (360)567-2551; Fax: (360)567-3331

BONNIE MAC FARLANE, SBN 161526
E-Mail: BMacfarlane@wagelawyer.com
**BAILEY PINNEY, PC**
720 Howe Street, Suite 113
Sacramento, CA 95825
Telephone: (916)923-5537; Fax: (916)923-5587

SUSAN SIMMONS SEEMILLER SBN 150546
E-Mail: SSeemiller@wagelawyer.com
**BAILEY PINNEY, PC**
840 County Square Drive
Ventura, CA 93003
Telephone: (805) 339-9090; Fax: (805) 339-0090

Attorneys for Plaintiffs Ross, Ramos, Prasad, and Smith

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ann Ross, Dennis Ramos, Maurita Prasad, and Kelly Smith, individually and on behalf of all others similarly situated,,<br><br>Plaintiffs,<br><br>vs.<br><br>US BANK NATIONAL ASSOCIATION, dba US BANK<br>Defendant. | Case No. C 07-02951 SI<br><br>**PLAINTIFFS' [PROPOSED] MOTION, PURSUANT TO CIVIL L.R. 7-9, FOR RECONSIDERATION REGARDING THIS COURT'S STAY OF THE OREGON CLASS**<br><br>Hearing Date to be set by the Court pursuant to Civil L.R. 7-9(d) if leave for reconsideration is granted<br><br>Hon. Susan Illston |

Plaintiffs respectfully move, pursuant to Civil L.R. 7-9, for reconsideration of a portion of this Court's Order of February 13, 2008 (Document 8) (the "Order"). Specifically, Plaintiffs seek reconsideration of that portion of the Order that stayed the Oregon Class.

---

Plaintiff's' [Proposed] Motion for Leave to File a Motion for Reconsideration - Case No. C 07-02951 SI

1

## ARGUMENT

Plaintiffs respectfully assert that the court manifestly erred in granting a *Colorado River* stay of the claims of the Oregon class. The manifest error arises in that portion of the Order that addresses the *Colorado River* "dispositive factor." The pertinent passage states:

> However, neither side has indicated whether the courts in either *Lowdermilk or Tate* have ruled on class certification, so there is some doubt as to whether those two state cases will resolve issues in the present case. *Intel Corp.*, 12 F.3d at 913. It is thus proper to consider the non-dispositive factors."
> Order, p. 6, lines 9-11.

In the above passage, the Court incorrectly states that neither of the parties indicated whether class certification has been granted in *Lowdermilk* or *Tate*. Both Defendant and Plaintiff had indicated that class certification had not been ruled on in either case. (Defendant's opening memorandum (Doc. 18), 11:9-11, citing McCracken Decl., Ex. N (*Lowdermilk* "ruling is pending"); Plaintiff's memorandum (Doc. 37), 7:17-18 (Stating that "class certification has not been granted" in *Tate*)). *See also*: Schuck Declaration (Doc.), 3:9 (Regarding *Tate*, "To date, class certification has not been granted or denied, as to any claims."). It is unclear if this Court would have granted the stay if it had understood that there had been no class certification ruling in either state case.

Regardless, the Order correctly concludes that, "there is some **doubt** as to whether those two cases will resolve issues in the present case." Order, 6:10-11 (Emphasis added). Having found that there was **doubt** on the dispositive factor, the Court was required by *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993) to deny the say. As quoted in Plaintiff's opposition (Doc. 37, 3:11-15), this Court's finding of **doubt** on the dispositive factor required denial of the stay. This Court's failure to deny the stay in the face of its finding of doubt, constitutes a "Manifest failure" to follow dispositive legal authority cited by Plaintiffs. Civil L.R. 7-9(b)(3).

The dispositive factor is whether "the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Intel*, p. 913. "*If there is any substantial doubt as to this*, it would be a serious abuse of discretion to grant the stay or dismissal at all." *Id. (Emphasis* in the original). Once this Court found that some "**doubt**" existed as to the

dispositive factor, this Court was required to deny the *Colorado River* stay. Instead, the Order finds some **doubt** on the dispositive factor, but nonetheless stays the Oregon class.

After the above quoted passage, the Order continues to consider the non-dispositive factors. Order, 6:13 – 7:36. But the non-dispositive factors cannot change the ultimate result – the denial of the stay. Once there is a finding of **doubt** on the dispositive factor, the stay must be denied. In *Intel Corp.*, once the Ninth Circuit determined that there was doubt on the dispositive factor, it declined to consider the non-dispositive factors: "Since we find that there exists **a substantial doubt** as to whether the state court proceedings will resolve all of the disputed issues in this case, it is unnecessary for us to weigh the other factors included in the *Colorado River* analysis." *Id.* at 913, n. 7 (Bold added). Therefore, this Court's analysis of the non-dispositive factors could not support a stay.

The Order holds a *Colorado River* stay proper because "the class certification rulings [in the Oregon cases] may narrow the issues that need to be litigated here." Order, 7:24-25. However, *Intel Corp.* states that, "Thus, the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses." *Intel Corp.* at 913.

In conclusion, this Court held that some **doubt** exists as to whether the two state cases will resolve the issues in this case. Applying its own finding to the law as stated in *Intel Corp.*, this Court was required to deny the *Colorado River* stay. This Court should therefore reconsider the stay of the Oregon class and deny the *Colorado River* stay.

Dated: February 27, 2008          Bailey Pinney, PC


By _____/s/_____
Jose R. Mata
Attorneys for Plaintiffs Ross, Ramos, Prasad, and Smith