# EXHIBIT 2

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

WILLENE LOWDERMILK, individually and on behalf of all similarly situated,

    Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION, dba, U.S. Bank

    Defendant.

Case No. 0603-03335

**ORCP 32 C(1) FINDINGS & CONCLUSIONS ON MOTION FOR PARTIAL CLASS ACTION CERTIFICATION AS TO CLAIM NO. 1**

Plaintiff's Motion for Partial Class Action Certification as to Claim No. 1, U.S. Bank's Motion to Strike Exhibit 2 and Portions of the Declaration of David Schuck and Britt Halliday, and Plaintiff's Motion to Compel, came on for hearing on July 17, 2007 before the Honorable Christopher J. Marshall. David Schuck, Dana Pinney and Stephanie Brown appeared on behalf of plaintiff. Carol J. Bernick and Christopher F. McCracken appeared on behalf of U.S. Bank. The Court, having considered the Court's file in this matter including the written memoranda, evidence, affidavits, declarations and the oral argument of counsel and being fully advised, makes the following:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

A. **Standards for Certification.**

1. Plaintiffs have the burden of demonstrating that they have met the requirements of ORCP 32 for maintaining a class action. *Safeway, Inc. v. Oregon PUB Employees Union*, 152

Or App 349, 358, 954 P2d 196 (1998). ORCP 32 A sets forth the five "Requirements for class action."

> One or more members of a class may sue or be sued as *representative parties on behalf of all only if:*
>
> (1) the class is so numerous the joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims of the class;
>
> (4) the representative parties will fairly and adequately protect the interests of the class; and
>
> (5) in an action for damages, the representative parties have complied with the pre-litigation notice provisions of section H of this rule.

2. Plaintiffs also must show that they satisfy the requirements of ORCP 32 B. *Shea v. Chicago Pneumatic Tool Company*, 164 Or App 198, 990 P2d 912 (1999) (stating that ORCP 32 B contains "a number of factors that the trial court must take into account"). ORCP 32 B requires that the court "find that a class action is superior to other available methods for the efficient adjudication of the controversy." ORCP 32 B sets forth eight pertinent factors for the court to consider, including whether or not common questions of law or fact predominate over questions affecting only individual class members. ORCP 32 B(3).

**B.  Findings with Respect to ORCP 32 A.**

<u>Numerosity</u>

1. Plaintiffs have not met their burden of establishing numerosity. ORCP 32A(1). Plaintiffs' motion for class certification offered no testimony from any putative class member, including no testimony from Ms. Lowdermilk herself, that any U.S. Bank employee suffered a "systematic chopping" of time worked or loss of wages due to the conversion chart on the Weekly Time Report at issue in Claim One. Plaintiff Lowdermilk's Weekly Time Reports do not reflect a loss of wages. Plaintiff Lowdermilk's Weekly Time Reports reflect a net gain to her

advantage of 129 minutes for which she was paid but did not work. McCracken Declaration, Exhibits 1-156, and Appendix A thereto. Plaintiffs submitted 306 Weekly Time Reports from various other employees but none of these employees testified they lost time or that they lost time by <u>using</u> the conversion chart that is the basis of plaintiff's Complaint and their basis for alleging commonality. Defendant offered 435 Weekly Time Reports for these same employees reflecting more than 500 instances where these same employees appeared to round their hours and minutes worked up to their advantage. Yamamoto Declaration Exhibits 1-110.

3. Plaintiff's reply brief presented a few Weekly Time Reports for Mr. Dennis Ramos which plaintiff contends contained an automated formula that rounded down. The record, however, reflects that Ms. Lowdermilk never used the version of the Weekly Time Report that Mr. Ramos allegedly used and never used any Weekly Time Reports that automatically rounded down. Moreover, Mr. Ramos has chosen to pursue his claim as a named plaintiff in another proposed class action case which is now pending in U.S. District Court for the Northern District of California, entitled *A. Ross, D. Ramos, M. Prasad, and K. Smith v. U.S. Bank Nat'l Assoc'n*, Case No. 07-02951 SI.

Commonality

4. Plaintiff has not met her burden to establish commonality. ORCP 32A(2). Plaintiff claims that she and the putative class members were subject of a U.S. Bank policy that "consistently rounded the time hourly employees worked to the next lower tenth of an hour, and in no situation rounded the hours worked to the next higher tenth of an hour." Complaint ¶ 26. Plaintiff testified, however, that she did not always use the conversion chart to record her time and the undisputed evidence is that when she did, she did not "consistently round down." Lowdermilk Dep. pp. 22-77, attached as Ex. 157 to the McCracken Declaration. Of 134 daily entries on the Weekly Time Report with the challenged conversion chart, plaintiff Lowdermilk rounded only 10 times, five times rounding up and five times rounding down. McCracken Dec. Exs. 1, 3, 16, 27, 30, 39, 45, 47, 48. Moreover, the record reflects: (1) that the written policy of

1  U.S. Bank was to record stop and start times to the *nearest* one-tenth hour and to not over-report or under-report time worked (Kakiuchi Declaration, Exs. 1 and 2); (2) that the putative class members, or possibly their managers, manually converted their time to hours and tenths (McCracken Dec., Ex. 166); and (3) that the putative class members used a wide variety of Weekly Time Reports and used a wide range of personal practices for recording their time worked. Kakiuchi Dec., ¶ 7, Ex. 4 (samples of different time sheets); Yamamoto Dec., Exs. 16, 22, and 39; McCracken Dec., Exs. 165, 166, and 168 (deposition testimony describing three employees' different time entry practices). Some employees were expressly instructed not to use the conversion chart. McCracken Dec., Ex. 168.

Typicality.

5. Plaintiff has not met her burden to establish typicality. ORCP 32A(3). Ms. Lowdermilk did not consistently round her time down. Ms. Lowdermilk rounded both up and down. During the time period covered by her Complaint, her rounding resulted in a net gain of approximately 129 minutes. McCracken Dec., Appendix A, Exs. 1-156. Moreover, Ms. Lowdermilk had several unique time-keeping idiosyncrasies. She did not enter her stop or start times precisely; she rounded her start and stop times as she recorded them to the nearest half hour or ten minute interval. Lowdermilk Dep. 151-152; 146:8-9; 129:17-130:9; 13:1-13 (attached as Exhibit 157 to McCracken Dec.). She also did not record her meal breaks, contrary to instruction and contrary to the way most other putative class members recorded their time. Lowdermilk Dep. 27-28; *Compare*, McCracken Dec. Exs. 1-101 (Lowdermilk's time reports) with Yamamoto Dec. Exs. 1-110 (other employees' reports).

Adequacy of Proposed Class Representative.

6. Plaintiff is not an adequate class representative. ORCP 32A(4). The record reflects Ms. Lowdermilk rarely used the conversion chart that she complains resulted in a "systematic" loss of minutes worked and that she may have recorded a net gain to her advantage. As a proposed class representative, the record also reflects that Ms. Lowdermilk could not recall

if she had reviewed the Complaint before it was filed, and could not testify about U.S. Bank's practices or training with respect to the Weekly Time Report her complaint places at issue. Ms. Lowdermilk deferred most or all critical decisions about this case to her attorneys, including the relief her Complaint requested. Lowdermilk Dep. 107-109; 115-116; 132-133. Plaintiff has not fulfilled her obligations as a proposed class representative. *Rolex Employees Retirement Trust v. Mentor Graphics Corp.*, 135 FRD 658, 665-66 (D. Or. 1991).

ORCP 32 H.

5. U.S. Bank did not challenge whether plaintiff Lowdermilk had met the requirements of ORCP 32 H and the Court therefore finds for purposes of this analysis that she did.

**C.    Findings with Respect to ORCP 32 B.**

1. Balancing the requirements of ORCP 32 B does not favor class certification.

   a. There exists no risk of inconsistent adjudication. ORCP 32 B(1). For class certification to be appropriate, there must be a real risk of individual litigation resulting in incompatible standards of conduct for the defendant. 5 JAMES WM. MOORE ET AL. MOORES FEDERAL PRACTICE § 23-41[1]. An employee who claims to have been injured by the time keeping policies alleged by plaintiff can assert those claims individually. The outcome of each of those claims will be determined by the individual facts and will not be dispositive of any other person's claims.

   b. Plaintiff does not seek injunctive relief or declaratory relief, factoring against class certification. ORCP 32 B(2).

   c. Individual questions of fact affecting individual employees predominate over common questions of fact. ORCP 32 B(3). The record reflects that different employees used different Weekly Time Reports. The record reflects that the employees filled out those reports using different and unique methods to record their hours and minutes worked. To determine whether any employee lost time (or gained time) because of the conversion chart

plaintiff complains of will require the finder of fact to review each Weekly Time Report for each employee and apply that employee's unique time keeping practices to determine if the employee lost time or gained time because of the conversion chart. It is not enough to allege a policy that affects an entire class; plaintiffs must establish that the policy affected class members in similar and typical ways. Put another way, because U.S. Bank's liability as to each plaintiff can only be proven through an individualized inquiry, this case is not appropriate for class certification. I find that whether U.S. Bank was willful on any particular occasion also raises individualized issues of fact barring certification. I further find that U.S. Bank's affirmative defenses would also present individualized factual questions.

        d.      Litigation has already been commenced concerning this controversy, factoring against class certification. ORCP 32 B(5). The record reflects that plaintiff's counsel are already pursuing this claim as proposed class actions: (1) before Judge Richard Baldwin in *Rivera et al. v. U.S. Bank Nat'l Assoc'n*, Multnomah County Case No. 0305-05045; (2) before Judges Dennis Hubel and Ancer Haggerty in the U.S. District Court for the District of Oregon in *McElmurry et al. v. U.S. Bank Nat'l Assoc'n*, U.S.D.C Case no. CV-04-642-HU; and (3) before Judge Susan Illston in the U.S. District Court for the Northern District of California in *A. Ross, D. Ramos, M. Prasad, and K. Smith v. U.S. Bank Nat'l Assoc'n*, Case No. 07-02951 SI. The first two Courts, in *Rivera* and *McElmurry*, have already analyzed this same issue and have declined to proceed on a class action or collective action basis. McCracken Dec., Exs. 158, 159, 160, 161, and 162. Plaintiffs also fail to show that it is desirable to concentrate this litigation in this forum.

Finally, I find that plaintiffs have not adequately proposed how the class action can be maintained in a manageable and efficient fashion.

The Court therefore hereby ORDERS:

1. Plaintiffs' Motion for Class Certification As to Claim No. 1 is DENIED.
2. U.S. Bank's Motion to Strike Exhibits to and Portions of the Declaration of Mr.

1  Schuck and Mr. Halliday is DENIED as moot.

2      3.    Plaintiffs' Motion to Compel is DENIED.

3  DATED this _____ day of _____, 2008.

4

5                                HONORABLE CHRISTOPHER J. MARSHALL
                              Circuit Court Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing **ORCP 32C(1) FINDINGS & CONCLUSIONS ON MOTION FOR PARTIAL CLASS ACTION CERTIFICATION AS TO CLAIM NO. 1** on:

> JAMES DANA PINNEY, OSB #75308
> DAVID A. SCHUCK, OSB #99356
> A.E. BAILEY, OSB # 87157
> Bailey Pinney & Associates, LLC
> 1498 SE Tech Center Place, Suite 290
> Vancouver, WA 98683
> Telephone 360-567-2551
> Facsimile 360-567-3331
> Email: dschuck@wagelawyer.com
>
> Of Attorneys for Plaintiff

☑ by **mailing** a copy thereof in a sealed, first-class postage prepaid envelope, addressed to said attorney's last-known address and deposited in the U.S. mail at Portland, Oregon on the date set forth below;

☐ by causing a copy thereof to be **hand-delivered** to said attorney on the date set forth below;

☑ by **faxing** a copy thereof to said attorney at his/her last-known facsimile number on the date set forth below.

Dated this 26 day of February, 2008.

DAVIS WRIGHT TREMAINE LLP

By _____
CAROL J. BERNICK, OSB #89409
CHRISTOPHER F. MCCRACKEN, OSB #89400
Of Attorneys for Defendant