JOSE R. MATA, Cal Bar No. 83724, OSB 80305
E-Mail: Jmata@wagelawyer.com
**BAILEY PINNEY, PC**
1498 SE Tech Center Place, Suite 290
Vancouver, WA 98683
Telephone: 360-567-2551
Fax: 360-567-3331

SUSAN SIMMONS SEEMILLER Cal Bar No.  150546
E-Mail: SSeemiller@wagelawyer.com
**BAILEY PINNEY, PC**
840 County Square Drive
Ventura, CA 93003
Telephone: (805) 339-9090
Fax:    (805) 339-0090

BONNIE MACFARLANE, Cal Bar No. 161526
E-Mail: bmacfarlane@wagelawyer.com
**BAILEY PINNEY, PC**
720 Howe Avenue, Suite 113
Sacramento, CA 95825
Telephone: (800) 230-5528
Fax: (800) 230-5866


Attorneys for Plaintiffs Ann Ross, Dennis Ramos, Maurita Prasad,
Tamara Burkhart, Nanette Housken, and Kelly Smith

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

Ann Ross, Dennis Ramos, Maurita Prasad,
Tamara Burkhart, Nanette Renee Housken,
and Kelly Smith, individually and on behalf
of all others similarly situated,

                    Plaintiffs,

vs.

US Bank National Association, dba US
Bank, and DOES One through TWENTY-
FIVE inclusive,

                    Defendant.

Case No. C07-02951 SI

**SECOND AMENDED CLASS ACTION
COMPLAINT**

1. Failure to Pay Wages;
2. Failure to Pay Minimum Wages;
3. Failure to Pay Overtime Wages
    (Hourly);
4. Failure to Pay Overtime Wages
    (Misclassification as Exempt);
5. Improper Wage Deduction;
6. Failure to Provide Rest Periods;
7. Failure to Provide Meal Periods;
8. Failure to Timely Pay Wages (Late Pay);
9. Breach of Contract;
10. Failure to Provide Accurate Itemized
    Wage Statements;
11. Unfair Competition Law: Cal. Bus. &
    Prof. Code § 17200.

[Pursuant to the Fair Labor Standards Act
of 1938, 29 U.S.C.§§ 201-219, and the
laws of the states of California and
Oregon]

**DEMAND FOR JURY TRIAL**

        Plaintiffs, individually and on behalf of all other similarly situated, bring this complaint stating

a class action and a collective action against Defendant, US Bank National Association and allege the

following upon information and belief. Those allegations concerning Plaintiffs are alleged upon

personal knowledge.

## INTRODUCTION

        1.      Plaintiffs, individually and on behalf of all other similarly situated individuals, file this

action to recover wages, minimum wages, overtime wages, statutory wages, penalty wages, and

liquidated damages, for present and former employees of Defendant for its actions in failing to pay all

wages due and owing, including minimum wages, overtime wages, and contract wages; making

improper wage deductions; failing to provide appropriate duty-free rest periods; failing to provide

appropriate uninterrupted meal periods; failing to provide accurate itemized wage statements; and

1    failing to timely pay wages when due at the termination of employment.  Throughout this Complaint,

2    "similarly situated individuals" refers to current and former hourly employees of Defendant in the

3    states of California and Oregon, and Washington, including without limitation Sales and Service

4    Managers ("SSMs") in the states of Oregon and Washington who were mis-classified as "exempt"

5    employees.

6         2.    Defendant, US Bank National Association, d.b.a. US Bank (hereinafter "US Bank") is a

7    national association bank. US Bank is the sixth largest commercial bank in the United States.

8         3.    US Bank operates 2,472 banking offices in 24 states, including in California and

9    Oregon, and Washington. US Bank conducts financial business in all 50 states.

10              a. US Bank also operates about 500 "in-store" bank branch offices nationwide.

11              b. US Bank's in-store bank branch offices are branches located within the building of a

12                 retail store that US Bank refers to as a "retail partner."

13        4.    US Bank is a subsidiary of U.S. Bancorp, a diversified financial holding company which

14    had total assets of $219 billion at year-end 2006 and serves more than 14.2 million customers.

15        5.    Plaintiff Ann Ross was an hourly employee of Defendant and worked for Defendant in

16    an in-store bank branch office in Redondo Beach/Gardenia, California from approximately September

17    2005 to May 2006.  Ms. Ross also occasionally worked at two other in-store bank branches.  Ms. Ross

18    regularly was deprived of duty-free rest periods. Ms. Ross was also regularly deprived of 30 minute

19    uninterrupted meal periods.  Defendant did not pay Ms. Ross an additional hour of pay for missed rest

20    periods or for missed or interrupted meal periods as required by California Labor Code Section 226.7.

21    Defendant improperly and without written authorization made deductions from Ms. Ross's wages

22    under the heading "Lost Time" or "LST" (hereafter jointly referred to as "Lost Time"). Ms. Ross was

23    not paid for all wages earned.  Defendant regularly suffered or permitted Ms. Ross to work off-the-

24    clock when performing duties associated with opening and closing the office.  Ms. Ross provided at

25    least 72 hours notice of her intention to quit, yet did not receive her final pay on her last day of

26    employment.  Defendant did not timely pay and still has not paid Ms. Ross her last paycheck pursuant

27

28

Second Amended Class Action Complaint
– Case No. C07-02951 SI

to California law.  Ms. Ross's unpaid final wages includes unpaid vacation pay.

6.    Plaintiff Maurita Prasad was an hourly employee of Defendant from December 8, 2003, to January 17, 2005.  Ms. Prasad worked for Defendant at an in-store branch office in Pleasant Hill, California.  Ms. Prasad regularly did not receive duty-free rest periods and regularly did not receive uninterrupted 30 minute meal periods.  Defendant did not pay Ms. Ross an additional hour of pay for missed rest periods or for missed or interrupted meal periods as required by California Labor Code Section 226.7.  Defendant at times deducted purported meal periods from Ms. Prasad's hours worked, even when she was working during the purported meal periods, when she was not permitted to leave the US Bank's premises during the purported meal periods, or when she was on call for at least a portion of the purported meal periods.  US Bank therefore suffered or permitted Ms. Prasad to work off-the-clock during at least a portion of the above purported meal periods.  Ms. Prasad was not paid all her wages for time worked.  Defendant regularly suffered or permitted Ms. Prasad to work off-the-clock when performing duties associated with opening and closing the office.  In addition, Defendant regularly required Ms. Prasad to clock out after eight hours of work in a day – thereby attempting to avoid payment of overtime for work in excess of 8 hours in a day under California law – and then suffered or permitted Ms Prasad to work overtime off-the-clock.  Defendant also suffered or permitted Ms. Prasad to work off-the-clock at other times.  A substantial portion of Ms. Prasad's off-the-clock work was overtime.  US Bank has never paid Ms. Prasad for the off-the-clock work, and therefore has not paid for such work at an overtime rate.  Defendant terminated Ms. Prasad's employment, yet failed to timely pay her final wages on her last day of employment, as required by California law.

7.    Plaintiff Tamara Burkhart worked for Defendant in Cameron Park, California, in an in-store bank branch office.  Ms. Burkhart was hired as an hourly employee in or about June, 2004 and worked for Defendant until about January 2005.  Defendant regularly failed to pay Ms. Burkhart either for all hours worked or for overtime that she worked.  Defendant failed to pay Ms. Burkhart 1 ½ times her regular hourly rate for the hours she worked in excess of 40 hours for a single workweek.  Defendant regularly failed to provide Ms. Burkhart duty-free rest periods during her employment.  Defendant regularly failed to provide Ms. Burkhart with 30 minute uninterrupted meal periods.  Defendant regularly deducted purported meal periods from Ms. Burkhart's hours worked when Ms.

1   Burkhart was not allowed to leave Defendant's premises during the purported meal period, when Ms.

2   Burkhart had to be on call during the purported meal period, or when Ms. Burkhart had to interrupt her

3   meal period to serve customers.  Ms. Burkhart regularly worked off-the-clock during the above

4   purported meal periods.  Defendant did not pay Ms. Burkhart an additional hour of pay for missed rest

5   periods or for missed or interrupted meal periods as required by California Labor Code Section 226.7.

6   Defendant regularly suffered or permitted Ms. Burkhart to work off-the-clock when performing duties

7   associated with opening and closing the office and when she worked outside of the office. US Bank has

8   never paid Ms. Burkhart for the above off-the-clock time, and certainly has not paid for any of the off-

9   the-clock time at an overtime rate.  Defendant regularly made unauthorized "Lost Time" deductions

10  from Ms. Burkhart's wages.  When Ms. Burkhart's employment terminated, Defendant did not pay Ms.

11  Burkhart all wages due within 72 hours of her last day of employment with Defendant.

12          8.       Plaintiff Nanette Renee Housken worked for Defendant in Stockton, California in an in-

13  store bank branch office.  Ms. Housken was hired as an hourly employee in or about June 2004 and

14  worked for Defendant until about July 2005.  Defendant regularly failed to pay Ms. Housken either for

15  all hours worked or for overtime that she worked.  Defendant failed to pay Ms. Housken 1 ½ times her

16  regular hourly rate for the hours that she worked in excess of 40 hours for a single work week.

17  Defendant regularly failed to provide Ms. Housken uninterrupted rest periods during her employment.

18  Defendant regularly failed to provide Ms. Housken an uninterrupted meal period during her

19  employment.  Defendant regularly deducted purported meal periods from Ms. Housken's pay when she

20  was not allowed to leave Defendant's premises or when the meal periods were interrupted by work

21  during at least a portion of the purported meal period.  Ms. Housken regularly worked off-the-clock

22  during the above purported meal periods.  Defendant did not pay Ms. Housken an additional hour of

23  pay for missed rest periods or for missed or interrupted meal periods as required by California Labor

24  Code Section 226.7.   Defendant regularly suffered or permitted Ms. Housken to work off-the-clock

25  when performing duties associated with opening and closing the office, when assisting customers after

26  the scheduled end of her shift, and when balancing the till. US Bank has never paid Ms. Housken for

27  the above off-the-clock work, and certainly has not paid for any of the off-the-clock work at an

28  overtime rate.  Although Ms. Housken provided more than 72 hours' notice that she was quitting her

1  employment with Defendant, Defendant failed to pay Ms. Housken all wages due on her last day of

2  employment with Defendant.

3      9.      Plaintiff Dennis Ramos was an hourly employee of Defendant and worked for

4  Defendant in Portland, Oregon. Mr. Ramos was hired in 2000 and was terminated by Defendant in

5  December 2005.  Defendant failed to pay for all hours Mr. Ramos worked. Mr. Ramos regularly

6  received no rest periods.  Defendant failed to pay Mr. Ramos the statutory minimum wage for all hours

7  worked.  Defendant failed to pay Mr. Ramos 1 ½ times his regular hourly rate for the hours he worked

8  in excess of 40 hours for a single workweek.  Defendant improperly and without written authorization

9  made deductions from Mr. Ramos's wages under the heading "Lost Time" or "LST."  Defendant failed

10  to pay Mr. Ramos all wages when due upon termination, as required by Oregon law.

11      10.     Plaintiff Kelly Smith worked for Defendant in Seaside, Oregon. Ms. Smith was hired as

12  an hourly employee in 1997 and continued to work for Defendant through 2006. Ms. Smith regularly

13  did not receive uninterrupted rest periods from August 2004 to August 2005.  During the relevant

14  statutory period, representative Plaintiff Kelly Smith ("Plaintiff Smith") was employed in the position

15  of Sales and Service Manager ("SSM") by Defendant in Oregon. Defendant mis-classified Plaintiff

16  Smith as an exempt employee while she held the SSM position. During this same time period when

17  Plaintiff Smith worked as an SSM, she was paid on a salary basis and regularly worked more than 40

18  hours in a single workweek.  Defendant failed to pay Ms. Smith 1 ½ times her regular hourly rate for

19  the hours she worked in excess of 40 hours for a single workweek when she was employed in the SSM

20  position. Defendant improperly and without written authorization made "Lost Time" deductions from

21  Ms. Smith's wages.  Defendant failed to provide Ms. Smith with the required duty-free rest periods.

22  Defendant regularly failed to provide Ms. Smith with uninterrupted meal periods.  Defendant failed to

23  pay Ms. Smith for all her hours worked and further failed to pay all her wages when due upon

24  termination, as required by Oregon law.

25      11.     Plaintiffs seek to represent other similarly situated individuals through this multi-state

26  class action and collective action in the State of California for class members who worked for

27  Defendant in California and Oregon.  The claims seek wages, damages, penalty wages, statutory wages,

28  liquidated damages, costs and attorney fees for Defendant's failure to pay all wages, overtime wages,

1    minimum wages, and wages when due upon termination, and for failing to provide duty-free rest

2    periods, and for failing to provide uninterrupted meal periods to California employees, all as required

3    by the laws of the states of California and Oregon (no Oregon meal period violation alleged due to

4    dismissal of the claim) and pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219

5    ("FLSA").

6    **JURISDICTION & VENUE**

7    12.    Defendant removed this case to federal court under 28 USC §§ 1441(a)-(c). This Court

8    has subject matter jurisdiction of the FLSA claims under federal question jurisdiction pursuant to 28

9    U.S.C. § 1331 and under 28 USC § 216(b). This Court has supplemental jurisdiction over the state law

10   claims under 28 U.S.C. Section 1367. Plaintiffs allege on information and belief that this Court has

11   independent subject matter jurisdiction over all claims under the Class Action Fairness Act, 28 U.S.C.

12   Section 1332(d)(2), because this is plead as a class action, because the amount in controversy exceeds

13   $5,000,000 exclusive of interest and costs and because the alleged classes exceed 100 members.

14   Further, as further alleged in Paragraphs 14 - 17, the named plaintiffs are each diverse from US Bank.

15   13.    Venue lies in the U.S. District Court for the Northern District of California, San Francisco

16   Division, under 28 USC. § 1391(b), 28 USC § 1441(a) and Civil L.R. 3.2(d) because the removed state

17   court action was filed in this District in the County of Alameda and because this matter arose in this

18   District.

19   **PARTIES**

20   14.    At all material times, Plaintiffs and all other similarly situated individuals were and are

21   current and former employees of Defendant in California, Oregon and/or Washington. Defendant is

22   subject to the wage and hour provisions of the FLSA and the wage and hour laws of California and

23   Oregon.

24   15.    Defendant is a national banking association organized and existing under the National

25   Bank Act with its Articles of Association designating Cincinnati, Ohio as the place of Defendant's main

26   office. Defendant also maintains corporate headquarters in Minneapolis, Minnesota. Defendant, at all

27   material times herein, was and is doing business as "US Bank" in the states of California, Oregon and

28   Washington.

16.     At the time of filing this complaint, Plaintiffs Burkhart, Housken, Prasad and Ross are individuals who reside in and are citizens of the State of California.

17.     At the time of filing this complaint, Plaintiffs Ramos and Smith are individuals who reside in and are citizens of the State of Oregon.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

18.     Representative Plaintiffs, Ann Ross, Dennis Ramos, Maurita Prasad, Kelly Smith, Tamara Burkhart, and Nanette Housken were employed by Defendant.  Ross, Prasad, Burkhart, and Housken worked in California, and Ramos and Smith worked in Oregon.  Plaintiffs and other similarly situated individuals performed the services required of them by Defendant during their employment.

19.     During Plaintiffs' employment, Defendant did not provide appropriate duty-free rest periods, nor did Defendant provide uninterrupted meal periods, nor did Defendant pay all wages for all work performed, nor did Defendant pay applicable minimum wages, nor did Defendant provide accurate itemized wage statements, nor did Defendant pay overtime and/or "premium" wages when required by law, nor did Defendant pay all wages when due.  During Plaintiffs' employment, Defendant made unauthorized Lost Time deductions from Plaintiffs' wages.

20.     US Bank exercises centralized control over all of its employees who work in California, Oregon and Washington from its headquarters located in Minneapolis, Minnesota.

21.     Defendant has a centralized payroll department that oversees all payroll for US Bank for all of its locations throughout the United States including California, Oregon and Washington.

22.     US Bank centrally controls staffing in California, Oregon and Washington.  US Bank regularly causes, suffers and permits its employees to work without the benefit of rest periods, or to take their rest periods untimely.  US Bank regularly causes, suffers and permits its employees to be interrupted during their lunch periods, or to work without the benefit of lunch periods.

23.     US Bank records the hours and minutes worked by its employees each day then converts the daily time worked to tenths of an hour.  Defendant has an express policy and/or practice of truncating down the actual time worked by each hourly employee to the next lowest tenth of an hour.  This policy consistently under-recorded the actual "Daily Total" time worked by hourly employees, and resulted in the nonpayment of wages, except when an hourly employee's actual time worked was

1    precisely divisible by one tenth of an hour.  Attached hereto as Exhibit A is a copy of a US Bank

2    "Sample Weekly Time Report," with a "conversion chart" showing and explaining that time worked is

3    to be rounded back to the earlier tenth of an hour.

4         24.    On July 18, 2006, in sworn deposition testimony, Tom Christon, who was then

5    responsible for US Bank's nationwide payroll and "human resources information system" testified that

6    US Bank had since at least 2002 used a time sheet such as the one shown in Exhibit A, with such a

7    conversion chart.  He further testified that "the new time sheet would have been placed on the company

8    intranet for use by managers and distribution to the employees in their areas."  Mr. Christon further

9    testified that at the time of his testimony US Bank was using, and had used since 2004, an automated

10   electronic form that has the same effect as the "conversion chart" shown in Exhibit A (hereinafter,

11   "automated converting time sheet").  That electronic form "would have application to all states" with

12   the possible exception of California, but specifically including Oregon. Mr. Christon said, "after the

13   math has been done using minutes and seconds, then the rounding takes place for the total. . . . Q: The

14   totals that are represented on the total hours worked are where the Excel spreadsheet does the rounding;

15   isn't that correct?  A: I believe so."  Later in his testimony Mr. Christon was asked, "if the employee

16   works from 8:00 in the morning till 12:11 that same morning [sic], that's 4 hours and 11 minutes.  Do

17   you agree?  A: That is 4 hours and 11 minutes. . . . Q: You would only pay them till 12.1, is that

18   correct, under you interpretation of the application of the time sheet?  A: Yes.  Q: Which is . . . 4 hours

19   and 6 minutes?  A: Yes."  US Bank required Plaintiff Ramos to use the above automated converting

20   time sheet.

21        25.    Defendant made Lost Time deductions from Plaintiffs' wages for its own benefit,

22   without written authorization, and Defendant retained all Lost Time monies, in violation of the FLSA

23   and of the laws of California and Oregon.

24        26.    Defendant failed to pay all wages for appropriate duty-free rest periods that Defendant

25   was required to provide Plaintiffs and class members under the states' laws, and further failed to

26   include the rest periods as wages when calculating wages due under the FLSA and the laws of

27   California and Oregon.

28        27.    Defendant failed to pay all wages for appropriate uninterrupted meal periods that

1  Defendant was required to provide Plaintiffs and class members under the states' laws, and further

2  failed to include the meal periods as wages when calculating wages due under the FLSA and the laws

3  of California.

4        28.    Defendant failed to pay all wages for all hours worked, including regular wages,

5  overtime wages, and minimum wages as required by the FLSA and the state laws, regulations, and

6  rules of California and Oregon.

7        29.    Defendant required, suffered, and permitted Plaintiffs and all other similarly situated

8  individuals to work hours for which Defendant did not compensate them at the minimum rate of pay for

9  all hours worked.  In so doing, Defendant violated the requirements of the FLSA and the laws and

10  regulations of California and Oregon.  Consequently, Defendant owes Plaintiffs and all Defendant's

11  employees who are similarly situated, regular wages, overtime wages, and minimum wages, plus

12  liquidated damages under the FLSA; plus, under Oregon law, penalty wages to Oregon Plaintiffs and

13  all similarly situated Oregon employees; plus, under California law, liquidated damages and statutory

14  wages to California Plaintiffs and similarly situated California employees.

15        30.    Defendant required, suffered and permitted Plaintiffs and all other similarly situated

16  employees to work hours in excess of 40 hours per week and, in California, in excess of 8 hours per

17  day, for which Defendant did not compensate those employees at the overtime premium rate (1-½ times

18  their regular hourly rate) for those overtime hours worked.  In so doing, Defendant violated the

19  requirements of the FLSA and of California and Oregon laws, rules, and regulations.  Consequently,

20  Defendant owes Plaintiffs and all other similarly situated employees overtime wages, liquidated

21  damages, statutory penalties and penalty wages all as provided by the FLSA and the laws and

22  regulations of the states of California and Oregon.

23        31.    Pursuant to California law, Defendant is required to provide accurate itemized wage

24  statements for each pay period to Plaintiffs and all other similarly situated California employees.  Cal.

25  Lab. Code § 226.  Defendant failed to provide accurate itemized wage statements to California

26  Plaintiffs Ross and Prasad and all other similarly situated individuals.  Because Defendant failed to

27  provide accurate itemized wage statements, Defendant owes statutory damages to California Plaintiffs

28  Ross and Prasad and all other similarly situated California employees, as well as costs, interest, and

1   attorney fees.

2       32.    Defendant's conduct in failing to provide appropriate rest periods and/or meal periods;

3   failing to pay all wages, including minimum wages and overtime wages; making unauthorized Lost

4   Time deductions; failing to provide accurate itemized wage statements; and failing to pay all wages due

5   and earned upon termination of employment; pursuant to the laws of California and Oregon (no Oregon

6   meal period violation alleged due to prior dismissal), was willful.

7       33.    Defendant's conduct in failing to pay all minimum wages and overtime wages as

8   required under the FLSA, and in making Lost Time deductions as forbidden by the FLSA, was willful.

9       34.    Defendant entered into a contract with Plaintiffs and all other similarly situated

10  individuals whereby Plaintiffs agreed to work for Defendant and Defendant agreed to pay all wages to

11  Plaintiffs and similarly situated individuals and further agreed to comply with the FLSA and the wage

12  and hour laws of the states of California and Oregon.  Defendant breached this contract when

13  Defendant failed to pay all wages for time worked, made Lost Time deductions without written

14  authorization, failed to provide and/or pay for appropriate duty-free rest periods, failed to provide

15  and/or pay for appropriate uninterrupted meal periods (no Oregon meal period violation alleged due to

16  dismissal), failed to pay all wages, including minimum wages and overtime wages, and failed to timely

17  pay wages at the termination of employment.  In so doing, Defendant caused harm to Plaintiffs and all

18  other similarly situated individuals.  As a result, Plaintiffs and all other similarly situated individuals

19  are owed wages and damages.

20      35.    Defendant failed to make timely payment of all wages due when required by the laws of

21  California and Oregon, when employment with Defendant ended for Plaintiffs and all other similarly

22  situated individuals.

23      36.    Because Defendant failed to pay Plaintiffs and all other similarly situated individuals for

24  all regular wages, minimum wages, and overtime wages, and made unauthorized Lost Time deductions,

25  and failed to pay all wages when initially due and when due at termination, Defendant was unjustly

26  enriched.  Defendant requested by words and/or conduct that Plaintiffs and all other similarly situated

27  individuals provide services for Defendant.  Plaintiffs and all other similarly situated individuals

28  benefitted Defendant by providing services to Defendant.  Plaintiffs and all other similarly situated

1    individuals performed services as Defendant requested.  Defendant did not pay for the services that

2    Plaintiffs and all other similarly situated individuals performed.  As a result, Plaintiffs and all other

3    similarly situated individuals are entitled to unpaid wages, truncated wages, minimum wages, overtime

4    wages, statutory wages, penalty wages, interest from the time of the conversion; punitive damages; and

5    fair compensation for the time and money properly expended in pursuit of the property.

6        37.    Defendant's actions and conduct, detailed herein, were part of a multi-state and/or

7    nationwide corporate conduct, practice, process, procedure, and plan, which affected employees who

8    worked for Defendant in the states of California, Oregon and Washington.  As a direct and proximate

9    result of Defendant's unlawful companywide conduct, Plaintiffs (1) were suffered, permitted and/or

10   required to work through mandatory rest periods which were required to be provided by the laws of the

11   states of California and Oregon, and were not paid the wages due for the unprovided rest periods, (2)

12   were suffered, permitted and/or required to work through mandatory meal periods which were required

13   to be provided by the laws of the states of California, and were not paid the wages due for the

14   unprovided meal periods, (3) were not paid all wages for time worked, including but not limited to

15   minimum wage and overtime, (4) were deprived of wages through unauthorized Lost Time deductions,

16   (5) were not provided accurate itemized wage statements, (6) were not paid wages when due, and (7)

17   were victimized by Defendant's policies and practices set forth herein.  Plaintiffs and all other similarly

18   situated individuals are entitled to recover monies for the unprovided rest periods and interrupted meal

19   periods including, but not limited to, wages, statutory wages, minimum wages, "overtime" and/or

20   "premium" wages, and penalty wages, as provided by the FLSA and the laws, rules, and regulations of

21   the states of California and Oregon (no Oregon meal period violation alleged due to prior dismissal).

22   Plaintiffs and all other similarly situated individuals are additionally entitled to recover reasonable

23   attorney fees, costs, and interest.

24                              **CLASS ACTION ALLEGATIONS**

25       38.    Plaintiffs bring this action on behalf of themselves and all other similarly situated

26   individuals, both in a representative capacity and as a class action pursuant to Rule 23 of the Federal

27   Rules of Civil Procedure, and as a collective action pursuant to the Fair Labor Standards Act of 1938,

28   29 U.S.C. section 216(b).  Plaintiffs seek to represent the following classes:

Second Amended Class Action Complaint
– Case No. C07-02951 SI

a. All California, Oregon and Washington (Washington plead only for FLSA
   Collective) US Bank employees and former employees who were not fully and timely
   compensated for all hours worked; and

b. All California, Oregon and Washington (Washington plead only for FLSA
   Collective) US Bank employees and former employees whom Defendant owes
   statutory remedies for labor code violations.

39.     This action has been brought and may properly be maintained as a class action pursuant
to the provisions of Rule 23 of the Federal Rules of Civil Procedure.

40.     This action has been brought and may properly be maintained as a collective action
pursuant to the provisions of the FLSA.

41.     **NUMEROSITY OF THE CLASS (FRCP Rule 23(a)(1))**: Members of the Class are
so numerous that their individual joinder is impracticable.  The precise number of members of the Class
and their addresses is unknown to the Plaintiffs.  Plaintiffs estimate the Class exceeds 10,000 persons.
The precise number of persons in the Class and their identities and addresses can be ascertained from
Defendant's records.  Members of the Class may be notified of the pendency of this action by mail.
This number may increase depending upon the turnover rate of employees during the applicable
statutory period prior to the filing of this complaint.

42.     **COMMONALITY (FRCP Rule 23(a)(2))**: Common questions of law and fact exist as
to all members of the Class. These common legal and factual questions include:

A.     Whether Defendant paid all wages earned;

B.     Whether Defendant provided Plaintiffs and class members with duty-free rest
       periods as required;

C.     Whether Defendant provided Plaintiffs and class members with uninterrupted
       meal periods as required (California only);

D.     Whether Plaintiffs and class members were paid all minimum wages for time
       worked;

E.     Whether US Bank unlawfully withheld money for "Lost Time" from Plaintiffs'
       and class members' wages;

F.    Whether US Bank obtained authorization from its employees for the "Lost Time" withholdings;

G.    Whether US Bank could lawfully withhold funds from its employees' wages;

H.    Whether Plaintiffs and class members were paid overtime/premium wages for time worked over 40 hours per week or (in California) over 8 hours per day;

I.    Whether Defendant paid Plaintiffs and class members all wages when due after their employment ended;

J.    Whether Defendant entered into a contract with Plaintiffs and class members;

K.    Whether Defendant was unjustly enriched by services provided to Defendant by Plaintiffs and class members; and

L.    Whether Defendant provided California Plaintiffs and class members with accurate itemized wage statements as required by California law.

43.    **TYPICALITY (FRCP Rule 23(a)(3))**: Plaintiffs' claims are typical of the claims of the members of the Class because Plaintiffs worked for US Bank and are owed wages and/or damages for Defendant's failure to pay all earned wages, Defendant's failure to provide appropriate duty-free rest periods, (in California) Defendant's failure to provide appropriate uninterrupted meal periods, Defendant's failure to pay overtime and/or "premium" wages for hours worked in excess of 40 hours per week or (in California) in excess of 8 hours per day, Defendant's failure to pay minimum wages pursuant to state and federal law, Defendant's failure to timely pay wages upon termination of employment, and (in California) Defendant's failure to provide accurate itemized wage statements. The claims of the named Plaintiffs are typical of the claims of the members of the class in that:

A.    At least one named plaintiff is a member of each class and/or subclass;

B.    Plaintiffs' claims stem from the same practices or courses of conduct that form the basis of each class;

C.    Plaintiffs' claims are based upon the same legal and remedial theories as those of the class and involve similar factual circumstances;

D.    There is no antagonism between the interests of the named Plaintiffs and absent class members; and

E.    The injuries which Plaintiffs suffered are similar to the injuries which class members have suffered.

44.    **ADEQUACY OF PLAINTIFFS' REPRESENTATION (FRCP Rule 23(a)(4))**:  The named Plaintiffs will fairly and adequately represent the class because:

A.    There is no conflict between Plaintiffs' claims and those of other class and subclass members;

B.    Plaintiffs have retained counsel who are skilled and experienced in wage and hour cases and in class actions and who will vigorously prosecute this litigation;

C.    Plaintiffs' claims are typical of the claims of class members; and

D.    The interests of the members of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

45.    **SUPERIORITY (FRCP Rule 23(b)(3))**: a class action is superior to other available means for the fair and efficient adjudication of the claims of Plaintiffs and members of the Class.   The damages suffered by each individual class member may be relatively small, especially given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct.   Moreover, even if class members themselves could afford such individual litigation, the court system could not.  Individualized litigation presents a potential for inconsistent or contradictory judgments.  Individualized litigation increases the delay and expense to all parties. The class action device presents far fewer management difficulties, and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

46.    **CERTIFICATION** – of Plaintiffs' claims is appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because:

A.    Common questions of law or fact predominate over questions affecting only individual members;

B.    The forum is convenient to the parties, class members, and potential witnesses, the class is specifically identifiable to facilitate provision of adequate notice, and there will be no significant problems managing this case as a class action;

C.    A class action is superior to other available methods for the fair and efficient

1  adjudication of this controversy because individual class members have a

2  minimal interest in controlling the prosecution of separate actions;

3   47. **DEFINITION OF SUB-CLASSES** – Plaintiffs seek class certification including but

4 not limited to the following potential sub-classes, pursuant to FRCP Rule 23(b)(3), and collective

5 action class and sub-classes under 29 U.S.C. § 216(b).

6  A. **FLSA OVERTIME/MINIMUM WAGE COLLECTIVE (AUTOMATED**

7 **CONVERTING TIME SHEET**): An FLSA overtime/minimum wage collective exists

8 under the FLSA for the applicable time period prior to the filing of this complaint

9 through final adjudication and/or compromise consisting of Plaintiff Ramos and all

10 other similarly situated individuals who were suffered or permitted to use the

11 automated converting time sheet in the states of California, Washington, and Oregon.

12  B. **FLSA MIS-CLASSIFIED SALES AND SERVICE MANAGER**

13 **COLLECTIVE (OVERTIME)** – An FLSA collective class exists for the applicable

14 time period prior to the filing of this complaint through final adjudication or

15 compromise that includes Plaintiff Smith and all other similarly situated individuals

16 who worked as SSMs for Defendant for more than 40 hours per week in Oregon or

17 Washington and were classified as "exempt" from overtime pay under the FLSA, were

18 not in fact exempt, and thereby were deprived of overtime an "premium" pay to which

19 they were entitled.

20  C. **CALIFORNIA WAITING TIME PENALTY CLASS** – A class exists for the

21 applicable time period prior to the filing of this complaint through final adjudication

22 and/or compromise consisting of Plaintiffs and all other similarly situated individuals

23 whose employment with Defendant ended and who were not paid all wages when

24 required by California Labor Code Sections 201-203.

25  1) Payment of unpaid wages, including any overtime;

26  2) Waiting time penalties under California Labor Section 203;

27  3) Applicable PAGA remedies;

28  4) Restitution for unfair business practices under the California Business

and Professions Code.

D.    **CALIFORNIA IN-STORE BRANCH OFFICES – OFF-THE CLOCK** – A class exists for the applicable time period prior to the filing of the original complaint through final adjudication or compromise that includes California in-store branch office employees of Defendant who Defendant suffered or permitted to work off-the-clock: 1) when performing duties associated with opening and closing of the office; 2) when their scheduled shift was over.  Remedies sought for these California in-store branch office employees includes:

    1)    Payment of wages owed for the off-the-clock work;

    2)    Payment of minimum wages owed for the off-the-clock work;

    3)    Payment of overtime premium wages owed for the off-the-clock work that constituted overtime work under California law;

    4)    Waiting time penalties under California Labor Code Section 203 for Defendant's failure to pay wages owed for the off-the-clock work at the termination of employment;

    5)    Penalties under California Labor Code Section 226 for Defendant's failure to provide accurate itemized wage statements due to the off-the-clock work;

    6)    Applicable PAGA penalties; and

    7)    Restitution for unfair business practices under the California Business and Professions Code.

E.    **CALIFORNIA IN-STORE BRANCH OFFICES – REST PERIOD CLASS** – A class exists for the applicable time period prior to the filing of the original complaint through final adjudication that includes California in-store branch office employees of Defendant to whom Defendant did not provide were rest periods as required under California law.  Relief sought for this class includes:

    1)    Payment of the additional hour of pay required by California Labor Code Section 226.7;

2)       Payment of waiting time penalties for failure to pay the additional hour of pay timely upon termination of employment under California Labor Code Section 203;

3)       Applicable PAGA penalties; and

4)       Restitution under for unfair business practices under the California Business and Professions Code.

F.       **CALIFORNIA IN-STORE BRANCH OFFICES – MEAL PERIOD CLASS** – A class exists for the applicable time period prior to the filing of the original complaint through final adjudication that includes California in-store branch office employees of Defendant who were either not provided uninterrupted meal periods or who were suffered or permitted to work off-the-clock during purported meal periods. As alleged above, the off-the-clock work occurred because Defendant deducted purported meal periods from these employees' hours worked even though these employees worked at least a portion of the purported meal period, were on call during the purported meal period, or were not allowed to leave Defendant's premises during the purported meal period.  Relief sought for these California in-store branch includes the following:

1)       Payment of the additional hour of pay required by California Labor Code Section 226.7;

2)       Payment of wages owed, including overtime wages, for the off-the-clock work;

3)       Waiting time penalties under California Labor Code Section 203 due to the failure to timely pay at the time of the employee's termination the additional hour of pay under Labor Code Section 226.7 and the wages, including overtime wages, due based on the off-the-clock work during the purported meal periods;

4)       Penalties under California Labor Code 226 for inaccurate itemized wage statements;

5)       Applicable PAGA penalties; and

Second Amended Class Action Complaint
– Case No. C07-02951 SI

6)    Restitution under for unfair business practices under the California Business and Professions Code.

G.    **CALIFORNIA LOST TIME DEDUCTION CLASS** – A class exists for the applicable time period prior to the filing of this complaint through final adjudication or compromise consisting of Plaintiffs and all other similarly situated individuals who worked for Defendant in California from whom Defendant withheld Lost Time deductions from their wages without their written authorization.

H.    **UNPAID WAGES CLASS –** A class exists for the applicable time period prior to the filing of this complaint through final adjudication and/or compromise consisting of Plaintiffs and all other similarly situated individuals who worked hours for Defendant and were not paid at their regular hourly rate for all hours worked as required by the laws, rules, or regulations of Oregon. (Stayed as of filing date of Second Amended Complaint).

I.    **MINIMUM WAGE CLASS** – A class exists for the applicable time period prior to the filing of this complaint through final adjudication and/or compromise consisting of Plaintiffs and all other similarly situated individuals who worked for Defendant and were not paid wages at the minimum wage rate for all hours worked as required by the laws, rules, or regulations of Oregon. (Stayed as of filing date of Second Amended Complaint).

J.    **OVERTIME CLASS (HOURLY)** – A class exists for the applicable time period prior to the filing of this complaint through final adjudication and/or compromise consisting of Plaintiffs and all other similarly situated individuals who worked for Defendant more than 40 hours in a week in Oregon and were not paid at the applicable premium rate for all hours worked in excess of the statutory maximum hours per day/week as required by the laws, rules, or regulations of Oregon. (Stayed as of filing date of Second Amended Complaint).

K.    **LOST TIME DEDUCTION CLASS –** A class exists for the applicable time period prior to the filing of this complaint through final adjudication and/or compromise consisting of Plaintiffs and all other similarly situated individuals who worked for Defendant in Oregon and from whom Defendant withheld Lost Time deductions from their wages without their written authorization. (Stayed as of filing date of Second Amended Complaint).

L.    **LATE PAYMENT/WAITING TIME CLASS** – A class exists for the applicable time period prior to the filing of this complaint through final adjudication and/or compromise consisting of Plaintiffs and all other similarly situated individuals whose employment with Defendant ended and who were not paid all wages when due as required by the laws, rules, or regulations of Oregon.  (Stayed as of filing date of Second Amended Complaint).

M    **UNPAID REST PERIOD STATUTORY CLASS** – A class exists for the applicable time period prior to the filing of this complaint through final adjudication and/or compromise consisting of Plaintiffs and all other similarly situated individuals who worked for Defendant and who Defendant failed to pay all wages, statutory wages, and penalty wages for Defendant's failure to provide appropriate duty-free rest periods as required by the laws, rules, or regulations of Oregon.  (Stayed as of filing date of Second Amended Complaint).

### FIRST CAUSE OF ACTION

### (Failure to Pay Wages)

48.    Plaintiffs incorporate the allegations contained in all preceding paragraphs as though fully set forth herein.

49.    At all times material herein, Plaintiffs and all other similarly situated individuals were employed by Defendant.

50.    During the class period, Defendant failed to pay wages as required by the laws of California and Oregon.

51.    During the course of Plaintiffs' and class members' employment, Defendant allowed,

1    suffered, and permitted Plaintiffs and all other similarly situated individuals to perform work for the

2    benefit of Defendant and did not pay wages for the work performed, including time that Plaintiffs and

3    all other similarly situated individuals worked off-the-clock. As alleged above, for California in-store

4    branch office employees, this off-the-clock work included work associated with the opening and

5    closing of the office and work after the completion of the scheduled shift.

6         52.    US Bank recorded the hours and minutes worked by its employees then converted that

7    time worked to tenths of an hour. Defendant has an express policy, practice, and procedure of

8    truncating down the actual time worked by each hourly employee to the next lower tenth of an hour.

9    This policy consistently reduced the actual time worked by hourly employees, and resulted in the

10    non-payment of wages, except when an hourly employee's actual time worked was precisely divisible

11    by 1/10th of an hour.

12         53.    As a result, Plaintiffs and all other similarly situated individuals are entitled to wages

13    pursuant to the laws of California and Oregon.

14         54.    Defendant's policy, practice, and procedure of rounding time worked to the next lower

15    tenth of an hour was set and implemented by Defendant's centralized payroll department for all

16    employees in California, Oregon and Washington.

17         55.    Defendant's conduct in failing to pay Plaintiffs and all other similarly situated

18    individuals for all work performed was willful, and there remains due and unpaid wages in amounts to

19    be determined.

20         56.    Plaintiffs, on their own behalf and on behalf of all other similarly situated individuals,

21    seek as damages, wages in an amount to be determined, statutory and penalty wages, pre-judgment

22    and post-judgment interest, attorney fees, and costs, pursuant to the laws, rules, or regulations of

23    California and Oregon. Pursuant to the Private Attorneys General Act of 2004, California Labor Code

24    § 2698 *et seq.*, Plaintiffs have received notice from the California Labor and Workforce Development

25    Agency of US Bank's violations of California law including, but not limited to, Cal. Lab. Code §§

26    201, 202, 203, 226, 226.7, 510, 512, 516, and 1194. Plaintiffs are entitled to receive civil penalties

27    and attorney's fees pursuant to the Private Attorney General Act of 2004, Cal. Lab. Code § 2698 *et*

28    *seq.*, including but not limited to Cal. Lab. Code §§ 227.3 and  2699.

Second Amended Class Action Complaint
– Case No. C07-02951 SI

1  ///

## SECOND CAUSE OF ACTION

### (Failure to Pay Minimum Wage)

57.     Plaintiffs incorporate the allegations contained in all preceding paragraphs as though fully set forth herein.

58.     At all times material herein, Plaintiff and all other similarly situated individuals were employed by Defendant.

59.     During the class period, Defendant failed to pay minimum wages for all hours worked to Plaintiffs and all other similarly situated individuals as required by the FLSA or by the laws, rules, or regulations of California and Oregon.

60.     During the course of Plaintiffs' and all other similarly situated individuals' employment, Defendant allowed, suffered, and permitted Plaintiffs and all other similarly situated individuals to perform work for the benefit of Defendant, including work performed off-the-clock.  As alleged above, for California in-store branch office employees, this off-the-clock work included work associated with the opening and closing of the office and work after the completion of the scheduled shift..

61.     Defendant wrongfully deducted and/or withheld Lost Time wages from Plaintiffs Ramos, Ross, Burkhart and Smith and all other similarly situated individuals, causing Plaintiffs Ramos and Smith and all other similarly situated individuals to be paid at less than the then prevailing minimum wage rates when those wages were due.

62.     Defendant failed and refused to compensate Plaintiffs and all other similarly situated individuals for all hours of work performed, including work performed off-the-clock, by Plaintiffs and all other similarly situated individuals.

63.     Defendant failed and refused to compensate Plaintiffs and all other similarly situated individuals at the then-prevailing hourly rate of pay for each and all hours worked.

64.     As a result, Plaintiffs and all other similarly situated individuals are entitled to minimum wages pursuant to the FLSA and the laws, rules, or regulations of California and Oregon.

65.     Defendant's conduct in failing to pay Plaintiffs and all other similarly situated

1  individuals for each and all hours worked at the then prevailing minimum wage rates was willful, and

2  there remains due and unpaid minimum wages in amounts to be determined.

3       66.    Plaintiffs, on their own behalf and on behalf of all other similarly situated individuals,

4  seek damages for failure to pay minimum wages for each and all hours worked; liquidated damages

5  under the FLSA; liquidated damages pursuant to California law; and 30 days of penalty wages

6  pursuant to Oregon law, plus pre-judgment and post-judgment interest on all damage amounts, plus

7  costs and attorney fees.  Pursuant to the Private Attorneys General Act of 2004, California Labor Code

8  § 2698 *et seq*., Plaintiffs have received notice from the California Labor and Workforce Development

9  Agency of US Bank's violations of California law including, but not limited to, Cal. Lab. Code §§

10  201, 202, 203, 226, 226.7, 510, 512, 516, and 1194.  Plaintiffs are entitled to receive civil penalties

11  and attorney's fees pursuant to the Private Attorney General Act of 2004, Cal. Lab. Code § 2698 *et*

12  *seq*., including but not limited to Cal. Lab. Code §§ 1197.1 and 2699.

13                          **THIRD CAUSE OF ACTION**

14                  **(Failure To Pay Overtime, Hourly Employees)**

15       67.    Plaintiffs incorporate the allegations contained in all preceding paragraphs as though

16  fully set forth herein.

17       68.    Plaintiffs and all other similarly situated individuals were employed by Defendant and

18  paid on an hourly basis at some material time during their employment by Defendant.

19       69.    Defendant failed and refused to compensate Plaintiffs and all similarly situated

20  individuals for all hours worked over 40 hours per week, or in California all hours worked over 8

21  hours per day, at the rate of 1-½ times their regular hourly rate of pay.  These hours worked included

22  hours that Defendant suffered or permitted to be worked off-the-clock.  As alleged above, for

23  California in-store branch office employees, this off-the-clock work included work associated with the

24  opening and closing of the office and work after the completion of the scheduled shift.

25       70.    During the class period, Defendant failed to pay overtime wages and premium wages to

26  Plaintiffs and all other similarly situated individuals as required by the FLSA and the laws, rules, or

27  regulations of  California and Oregon.

28       71.    As a result of Defendant's conduct of allowing, suffering, and permitting Plaintiffs and

1    all other similarly situated individuals to perform work over 40 hours per week, or in California over 8

2    hours per day, for the benefit of Defendant for which Defendant did not pay at the overtime rate,

3    Plaintiffs and all other similarly situated individuals are entitled to unpaid overtime wages pursuant to

4    the FLSA and the laws, rules, or regulations of California and Oregon.

5         72.    Defendant's conduct in failing to pay overtime premium wages as alleged herein was

6    willful, and there remain due and unpaid overtime wages in amounts to be determined.

7         73.    Plaintiffs, on their own behalf and on behalf of all other similarly situated individuals,

8    seek damages in the form of wages and premium wages for Defendant's failure to pay overtime wages

9    in amounts to be determined.  In addition, Plaintiffs and others similarly situated seek liquidated

10   damages under the FLSA; liquidated damages and statutory wages pursuant to California law; and 30

11   days of penalty wages pursuant to Oregon law; plus pre-judgment and post-judgment interest on all

12   damages amounts; plus costs and attorney fees under the FLSA, and under the laws, rules, or

13   regulations of California and Oregon.  Pursuant to the Private Attorneys General Act of 2004,

14   California Labor Code § 2698 *et seq*., Plaintiffs have received notice from the California Labor and

15   Workforce Development Agency of US Bank's violations of California law including, but not limited

16   to, Cal. Lab. Code §§ 201, 202, 203, 226, 226.7, 510, 512, 516, and 1194.  Plaintiffs are entitled to

17   receive civil penalties and attorney's fees pursuant to the Private Attorney General Act of 2004, Cal.

18   Lab. Code § 2698 *et seq*., including but not limited to Cal. Lab. Code §§ 558 and 2699.

19                              **FOURTH CAUSE OF ACTION**

20                 **(Failure To Pay Overtime, Sales and Service Managers)**

21        74.    Plaintiffs incorporate the allegations contained in all preceding paragraphs as though

22   fully set forth herein.

23        75.    At some material time during their employment with Defendant, Plaintiff Smith and all

24   other similarly situated individuals in Oregon and Washington were employed by Defendant in the

25   position of Sales and Service Manager ("SSM"), and were paid on a salary basis.

26        76.    The SSM position required Plaintiff Smith and other similarly situated individuals to

27   perform routine jobs such as providing teller services, customer service, and pulling and printing

28   reports designated by US Bank.

77.     The primary nature of Plaintiff Smith's, and others similarly situated individuals', work as a SSM did not involve the exercise of discretion or independent judgment.

78.     Defendant mis-classified the SSM position as exempt in Oregon and Washington.

79.     Plaintiff Smith and all other similarly situated individuals in Oregon and Washington worked for Defendant as SSMs and worked more than 40 hours per week while so employed.

80.     Defendant allowed, suffered, and permitted Plaintiff Smith and its SSM employees in Oregon and Washington to work hours in excess of 40 hours per week, for which it did not compensate its employees at the rate of 1½ times their regular rate of pay.  In so doing, Defendant violated the requirements of the FLSA, and Oregon wage and hour laws that require employees to be paid 1½ times their regular hourly rate for all hours worked over 40 in a workweek.

81.     As a result of Defendant's conduct of allowing, suffering, and permitting Plaintiff Smith and all other similarly situated individuals to perform work for the benefit of Defendant for which Defendant did not pay at the overtime rate, Plaintiff Smith and all other similarly situated individuals in Oregon and Washington who worked for Defendant as SSMs are entitled to unpaid overtime wages and liquidated damages pursuant to the FLSA.

82.     As a result of Defendant's conduct of allowing, suffering, and permitting Plaintiff Smith and all other similarly situated in Oregon who worked for Defendant in Oregon as SSMs to perform work for the benefit of Defendant, for which Defendant did not pay at the overtime rate, Plaintiff Smith and all other similarly situated who worked for Defendant in Oregon as SSMs are entitled to wages and penalty wages under Oregon law.

83.     Defendant's conduct in respect to overtime pay as alleged herein was willful, and there remain due and unpaid overtime wages in amounts to be determined.

84.     Plaintiff Smith, on her own behalf and on behalf of all other similarly situated individuals in Oregon and Washington, seek damages in the form of wages and overtime premium wages for Defendant's failure to pay overtime wages in amounts to be determined.  In addition, Plaintiff Smith and all similarly situated individuals in Oregon and Washington seek liquidated damages under the FLSA and for those SSMs who worked in Oregon, seek an additional 30 days of penalty wages pursuant to Oregon law, along with interest on all damages amounts, plus costs and

1  attorney fees.

2                          **FIFTH CAUSE OF ACTION**

3                      **(Unauthorized Lost Time Deductions)**

4          85.     Plaintiffs incorporate the allegations contained in all preceding paragraphs as though

5   fully set forth herein.

6          86.     At all times material herein, Plaintiffs and all other similarly situated individuals were

7   employed by Defendant.

8          87.     During the course of Plaintiffs' and all other similarly situated individuals'

9   employment, Defendant regularly withheld and deducted wages from Plaintiffs Ross, Burkhart, Ramos

10  and Smith and other similarly situated class members under the earning description "Lost Time"

11  and/or "LST".

12         88.     The deduction of Lost Time was for Defendant's benefit.

13         89.     Neither the named Plaintiffs nor any other similarly situated individuals gave written

14  authorization for Defendant's Lost Time deductions.

15         90.     Defendant's deduction of wages under the title Lost Time does not meet any exception

16  set out in ORS 652.610 or in Cal. Lab. Code § 224.

17         91.     As a result of Defendant's wrongful deduction/withholding, Defendant failed to pay

18  Plaintiffs and all other similarly situated individuals all their wages due on payday as required by ORS

19  652.120 and ORS 653.010(10) and by Cal. Lab. Code §§ 204 and 221.

20         92.     Where Defendant's wrongful deduction/withholding resulted in Defendant failing to

21  pay all minimum wages on payday as required by ORS 652.120 and 653.025, by Cal. Lab. Code §§

22  204 and 1194, and by the FLSA, the affected Plaintiffs or other similarly situated individuals are

23  entitled to all unpaid minimum wages, plus penalty wages.

24         93.     Where Defendant's wrongful deduction/withholding resulted in Defendant failing to

25  pay all wages due upon termination as required by ORS 652.140, and by Cal. Lab. Code §§ 201 and

26  202, the affected Plaintiffs or other similarly situated individuals are entitled to all unpaid wages, plus

27  penalty wages.

28         94.     Plaintiffs, on their own behalf and on behalf of all other similarly situated individuals,

1   seek damages; statutory penalties under ORS 652.615; penalty wages under ORS 653.055 and ORS

2   652.150 and under Cal. Lab. Code § 203; costs, disbursements and attorney fees under ORS 652.200

3   and ORS 653.055 and Cal. Lab. Code § 218.5; liquidated damages under the FLSA; and pre-judgment

4   and post-judgment interest on all damage amounts.

5                                   **SIXTH CAUSE OF ACTION**

6                                **(Failure to Provide Rest Periods)**

7        95.    Plaintiffs incorporate the allegations contained in all preceding paragraphs as though

8   fully set forth herein.

9        96.    At all times material herein, Plaintiffs and all other similarly situated individuals were

10  employed by Defendant.

11       97.    California and Oregon laws provide for minimum employment conditions to be

12  followed by all employers in each state.  California laws require that employees receive a duty-free

13  paid rest period of not less than 10 minutes for each period of four hours worked or major fraction

14  thereof.  Oregon laws parallel California law.

15       98.    During the class period, Defendant failed to pay statutory wages pursuant to Cal. Lab.

16  Code § 226.7.  Defendant also failed to pay Plaintiffs and all other similarly situated individuals for 10

17  minutes of duty-free rest time as required by Oregon law.

18       99.    Plaintiffs and all other similarly situated individuals seek unpaid wages, statutory

19  wages, and penalty wages.  In addition, Plaintiffs and similarly situated seek costs, pre-judgment and

20  post-judgment interest, disbursements, and attorney fees pursuant to the laws, rules, or regulations of

21  California or Oregon.  Pursuant to the Private Attorneys General Act of 2004, California Labor Code §

22  2698 *et seq.*, Plaintiffs have received notice from the California Labor and Workforce Development

23  Agency of US Bank's violations of California law including, but not limited to, Cal. Lab. Code §§

24  201, 202, 203, 226, 226.7, 510, 512, 516, and 1194.  Plaintiffs are entitled to receive civil penalties

25  and attorney's fees pursuant to the Private Attorney General Act of 2004, Cal. Lab. Code § 2698 *et*

26  *seq.*, including but not limited to Cal. Lab. Code §§ 558 and 2699.

27                                 **SEVENTH CAUSE OF ACTION**

28                        **(Failure to Provide Meal Periods - California Only)**

1   100.    Plaintiffs incorporate the allegations contained in all preceding paragraphs as though
2   fully set forth herein.

3   101.    At all times material herein, Plaintiffs and all other similarly situated individuals were
4   employed by Defendant.

5   102.  California law requires, in part, that employees receive an uninterrupted, unpaid meal
6   period of not less than 30 minutes for each shift over five hours.  As a result of Defendant's failure to
7   pay and/or provide uninterrupted meal periods of not less than 30 minutes as required by the laws,
8   rules, or regulations of California, Plaintiffs and all other similarly situated employees are entitled to
9   recover their wages for those meal periods, plus statutory wages (California Plaintiffs & Class
10  members) as required by the FLSA, and by California law.  US Bank also deducted purported meal
11  periods from the hours worked of Plaintiffs Ross, Burkhart, Housken, and Prasad and those similarly
12  situated even when a) the employee was working at least part of the deducted time; b) the employee
13  was on duty during the deducted time; or c) the employee was not free to leave US Bank's premises
14  during the deducted time.

15  103.    During the class period, Defendant failed to pay statutory wages pursuant to Cal. Lab.
16  Code § 226.7.

17  104.    Plaintiffs and all other similarly situated individuals seek unpaid wages, statutory
18  wages, and penalty wages.  In addition, Plaintiffs and those individuals similarly situated seek costs,
19  interest, disbursements, and attorney fees pursuant to the laws, rules, or regulations of California.

20  **EIGHTH CAUSE OF ACTION**

21  **(Late Payment of Wages at End of Employment; Waiting Time)**

22  105.    Plaintiffs incorporate the allegations contained in all preceding paragraphs as though
23  fully set forth herein.

24  106.    At all times material herein, Plaintiffs and all other similarly situated individuals in
25  California and Oregon were employed by Defendant.

26  107.    During the class period, Defendant willfully failed to pay all wages to Plaintiffs and all
27  other similarly situated individuals in California and Oregon when due upon termination of their
28  employment.  As to those class members who performed work in California, Plaintiffs and all other

1  similarly situated individuals are entitled to recover up to 30 days of statutory wages for each pay
2  period when wages were not paid when required by California law.  As to those class members who
3  performed work in the State of Oregon, Plaintiffs and all others similarly situated are entitled to
4  recover up to 30 days of continuing penalty wages pursuant to Oregon law.

5      108.    Plaintiffs and all other similarly situated individuals seek up to 30 days of penalty
6  wages for Oregon violations, up to 30 days of statutory wages for California violations, plus costs,
7  pre-judgment and post-judgment interest, disbursements, and attorney fees, pursuant to the laws, rules,
8  or regulations of  California and Oregon.  Pursuant to the Private Attorneys General Act of 2004,
9  California Labor Code § 2698 et seq., Plaintiffs have received notice from the California Labor and
10 Workforce Development Agency of US Bank's violations of California law including, but not limited
11 to, Cal. Lab. Code §§ 201, 202, 203, 226, 226.7, 510, 512, 516, and 1194.  Plaintiffs are entitled to
12 receive civil penalties and attorney's fees pursuant to the Private Attorney General Act of 2004, Cal.
13 Lab. Code § 2698 et seq., including but not limited to Cal. Lab. Code § 2699.

**NINTH CAUSE OF ACTION**

**(Breach of Contract)**

16     109.    Plaintiffs incorporate the allegations contained in all preceding paragraphs as though
17 fully set forth herein.

18     110.    At all times material herein, Plaintiffs and other similarly situated individuals in
19 California and Oregon were employed by Defendant.

20     111.    Plaintiffs and all other similarly situated individuals, Plaintiffs agreed to work for
21 Defendant.  Defendant agreed to pay them wages and comply with the respective states' laws as basic
22 terms of the employment contract.   Plaintiffs performed their obligations under such contracts which
23 entitled them to seek enforcement of the contract.  As alleged herein and within the applicable statutes
24 of limitations in respect to the enforcement of contracts, Defendant breached this agreement by failing
25 to provide appropriate duty-free rest periods, failing to provide uninterrupted meal periods, failing to
26 pay wages, including the promised rate of pay, minimum wages, and overtime wages, and/or failing to
27 pay wages when due, pursuant to the FLSA and the laws, rules, or regulations of California and
28 Oregon.

112.    Within the applicable time period prior to the filing of this complaint up through and including the present date through adjudication, Defendant's conduct as alleged herein has injured Plaintiffs and other similarly situated individuals by depriving them of the benefit of their bargain: i.e., all wages due as a result of their employment.  Plaintiffs and all other similarly situated individuals are entitled to damages in the form of unpaid wages for Defendant's breach of contract as provided by applicable laws of California and Oregon.

113.    Defendant also breached the duty of good faith and fair dealing by making policies and using practices and procedures which resulted in its failure to pay its employees all wages when due under the contract.

114.    Plaintiffs and all other similarly situated individuals seek payment of wages, including the promised rate of wages, minimum wage, and overtime, for the work performed by Plaintiffs and all other similarly situated individuals, all as set forth above.  Plaintiffs also seek the payment of costs, and pre-judgment and post-judgment interest, pursuant to the laws, rules or regulations of California and Oregon.

## TENTH CAUSE OF ACTION

### (Failure to Provide Accurate Itemized Wage Statements; Cal. Lab. Code § 226)

115.    Plaintiffs incorporate the allegations contained in all preceding paragraphs as though fully set forth herein.

116.    At all times material herein, Plaintiffs Ross, Burkhart, Housken, and Prasad and all other similarly situated individuals were employed by Defendant in the State of California.

117.    Defendant is required to comply with California wage and hour laws for its California employees.  Defendant is required to provide accurate itemized wage statements for each pay period to Plaintiffs and all other similarly situated individuals pursuant to California laws including, but not limited to, Cal. Lab. Code §226.

118.    Defendant failed to provide accurate itemized wage statements to Plaintiffs Ross, Burkhart, Housken, and Prasad and all other similarly situated individuals who performed work in the State of California, whereby Plaintiffs and all other similarly situated individuals were harmed.

119.    Plaintiffs Ross, Burkhart, Housken, and Prasad seek payment of statutory damages

1  pursuant to Cal. Lab. Code § 226(e) for each employee who did not receive accurate itemized wage

2  statements during their employment with Defendant.  Plaintiffs also seek the payment of costs,

3  interest, and attorney fees, pursuant to Cal. Lab. Code §§ 218.5 and 218.6.  Pursuant to the Private

4  Attorneys General Act of 2004, California Labor Code § 2698 *et seq.*, Plaintiffs have received notice

5  from the California Labor and Workforce Development Agency of US Bank's violations of California

6  law including, but not limited to, Cal. Lab. Code §§ 201, 202, 203, 226, 226.7, 510, 512, 516, and

7  1194.  Plaintiffs are entitled to receive civil penalties and attorney's fees pursuant to the Private

8  Attorney General Act of 2004, Cal. Lab. Code § 2698 *et seq.*, including but not limited to Cal. Lab.

9  Code §§ 226.3 and 2699.5.

## TWELFTH CAUSE OF ACTION

### (Unfair Competition: Cal. Bus. & Prof. Code § 17200 *et seq.*)

12    120.    Plaintiffs incorporate the allegations contained in all preceding paragraphs as though

13  fully set forth herein.

14    121.    At all times material herein, Plaintiffs Ross, Burkhart, Housken, and Prasad and all

15  other similarly situated individuals were employed by Defendant in the State of California.

16    122.    Within the applicable time period prior to the filing of this complaint through and

17  including the present date through adjudication, Defendant failed to comply with the wage and hour

18  provisions of the State of California and the FLSA, as set forth herein.

19    123.    Plaintiffs Ross, Burkhart, Housken, and Prasad, individually and on behalf of the

20  general public, allege that at all relevant times Defendant's actions including, but not limited to, its

21  violations of California law, California Labor Codes, and the FLSA, as set forth above, constitute a

22  continuing and ongoing unfair and unlawful activity prohibited by Cal. Bus. & Prof. Code § 17200 *et*

23  *seq.*, and justify restitution and/or injunctive relief.  The unlawful business practices of Defendant are

24  likely to continue, mislead the public (that employees are being provided appropriate duty-free rest

25  periods, are being provided uninterrupted meal periods, are being paid all wages, including the

26  promised rate of wages, minimum wage, and overtime, and are being timely paid), and shall present a

27  continuing threat to the public.  Defendant's actions of avoiding compliance with conditions of labor

28  and wage obligations and expenses are an unfair business practice.  These violations constitute a threat

1    and unfair business policy.  Plaintiffs Ross, Burkhart, Housken, and Prasad have suffered injury in fact

2    and have lost money or property as a result of such unfair competition.  The Court is authorized to

3    order restitution and/or an injunction as a remedy for any violations of Cal. Bus. & Prof. Code § 17200

4    *et seq.*  Plaintiffs Ross, Burkhart, Housken, and Prasad allege that Defendant violated California Labor

5    Code statutes.

6         124.    Defendant has engaged in unfair business practices in California by utilizing the illegal

7    employment practices outlined above including, but not limited to, failing to provide Plaintiffs Ross,

8    Burkhart, Housken, and Prasad and all similarly situated individuals with appropriate duty-free rest

9    periods, failing to provide uninterrupted meal periods, failing to pay wages, minimum wages, and

10   overtime wages, and failing to compensate for sums due for labor, fees, and penalties.  Defendant's

11   use of such practices constitutes an unfair business practice and unfair competition, and provides an

12   unfair advantage over Defendant's competitors.  Plaintiffs Ross, Burkhart, Housken. and Prasad seek

13   full restitution of said monies from Defendant, as necessary and according to proof, to restore any and

14   all monies withheld, acquired, or converted by Defendant by means of the unfair practices complained

15   of herein.

16        125.    Plaintiffs Ross, Burkhart, Housken, and Prasad allege that, at all relevant times,

17   Defendant engaged in unlawful, deceptive, and unfair business practices prohibited by Cal. Bus. &

18   Prof. Code § 17200 *et seq.* including those set forth in the paragraphs above, thereby depriving

19   Plaintiffs and the public of the minimum working conditions and standards due them under California

20   Labor Code and IWC Wage Orders.

21        126.    Private Attorneys General Act of 2004 (PAGA Damages):  Pursuant to the Private

22   Attorneys General Act of 2004, Cal. Lab. Code § 2698 *et seq.*, Plaintiff Prasad has given notice, and

23   Plaintiff Ross intends to give notice, to Defendant and to the California Labor and Workforce

24   Development Agency of Defendant's violations of Cal. Lab. Code §§ 201, 202, 203, 226(a), 226.7,

25   510, 512, 1194, and 1197.  After the notice period provided in Cal. Lab. Code § 2699.3, Plaintiffs

26   intend to amend this complaint to include civil penalties provided for in California law including, but

27   not limited to, Cal. Lab. Code §§ 226.3, 558, 1197.1, and 2699.

28                                    **PRAYER FOR RELIEF**

1    WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

2    1.    For all unpaid wages, including but not limited to regular wages, overtime wages

3    and/or premium pay wages, and minimum wages, pursuant to the FLSA, California, and Oregon laws

4    in amounts to be determined at the time of trial;

5    2.    For all wages, liquidated damages, statutory wages, waiting time wages, penalty wages,

6    treble damages, and any other economic damages as provided by the FLSA, California, and Oregon

7    laws for failure to pay all wages when due;

8    3.    For wages, minimum wages, overtime wages and liquidated damages under the FLSA.

9    29 U.S.C. §§ 206, 207, and 216(b) for the period of three years prior to the filing of this action based

10   upon Defendant's intentional and willful failure to pay wages, minimum wages and overtime wages.

11   29 U.S.C. §§ 206, 207, 216(b), and 255;

12   4.    For statutory wages and damages pursuant to California law including, but not limited

13   to, Cal. Lab. Code §§ 203, 226, 226.7, and 510, for Defendant's failure to pay all wages, failure to pay

14   minimum wages, failure to pay overtime wages, failure to pay final wages when required by law,

15   failure to provide employees with accurate itemized wage statements, and failure to provide rest

16   periods and meal periods or compensation in lieu thereof;

17   5.    For wages and penalty wages pursuant to Oregon law including but not limited to: Or.

18   Rev. Stat. §§ 652.140, 652.150, 652.615, 653.010, 653.025, 653.055, and 653.261, for Defendant's

19   deduction/withholding of Lost Time wages, failure to pay all wages, failure to pay minimum wages,

20   failure to pay overtime wages, failure to pay final wages when required by law, and failure to provide

21   rest periods or compensation in lieu thereof;

22   6.    Pursuant to Cal. Bus. & Prof. Code § 17203, that Defendant be preliminarily and

23   permanently enjoined from:  a) failing to provide employees mandatory duty-free rest periods, b)

24   failing to provide employees mandatory uninterrupted meal periods; c)  permitting and unlawfully

25   allowing employees to work hours instead of providing appropriate rest periods and meal periods, and

26   not paying civil statutory wages; d) permitting and unlawfully allowing employees to work hours

27   instead of receiving appropriate rest periods and meal periods without compensating the employees; e)

28   failing to pay employees all wages, including minimum wage and overtime; f) failing to provide

1  employees with accurate itemized wage statements; and g) failing to pay employees all wages due
2  upon termination of employment within the time proscribed by law;

3       7.    Pursuant to Cal. Bus. & Prof. Code §17203 and the equitable powers of this Court, that
4  Defendant be ordered to restore to Plaintiffs all funds acquired by means of any act or practice
5  declared by this Court to be unlawful or fraudulent or to constitute unfair competition under Bus. &
6  Prof. Code §17200 *et seq.*;

7       8.    As restitution, disgorgement of wages and related sums, statutory wages, attorney fees,
8  and all other remedies available pursuant to Cal. Bus. & Prof. Code § 17200 *et seq.*;

9       9.    For costs and disbursements, pre-judgment and post-judgment interest at the respective
10  rates set by the states and for costs of litigation and attorney fees pursuant to the FLSA, California and
11  Oregon laws; and

12       10.    For such further or alternative relief in favor of Plaintiffs and all class members as the
13  Court deems appropriate.

14  **Dated**: April 10, 2008     **Bailey Pinney, PC**

15

16
               By____/s/_____
17                 Jose Mata
18                 Attorney for Plaintiffs Ann Ross, Dennis Ramos,  Maurita Prasad,
               Tamara Burkhart, Nanette Housken and Kelly Smith

19
20      Plaintiffs hereby demand a jury trial on all issues triable by jury.

21  **Dated**: April 10, 2008     **Bailey Pinney, PC**

22

23                 By____/s/_____
               Jose Mata
24                 Attorney for Plaintiffs Ann Ross, Dennis Ramos,  Maurita Prasad,
               Tamara Burkhart, Nanette Housken and Kelly Smith

25

26

27

28