JUDITH DROZ KEYES (CA State Bar No. 66408)
STUART W. MILLER (CA State Bar No. 127766)
KATHLEEN D. POOLE (CA State Bar No. 228815)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-6533
Telephone:   (415) 276-6500
Facsimile:   (415) 276-6599
jkeyes@dwt.com
stuartmiller@dwt.com

Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANN ROSS, DENNIS RAMOS, MAURITA PRASAD, and KELLY SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION, dba US BANK,<br><br>Defendant. | Case No. C 07-2951 SI<br><br>**OPPOSITION BY DEFENDANT U.S. BANK NATIONAL ASSOCIATION TO PLAINTIFFS' MOTION TO CLARIFY THE *COLORADO RIVER* STAY AS TO THE FLSA CLAIMS OF OREGON PLAINTIFFS**<br><br>Date:         May 2, 2008<br>Time:         9:00 a.m.<br>Department:  10<br><br>Hon. Susan Illston |

## I. INTRODUCTION

Plaintiffs' Motion to Clarify the *Colorado River* Stay as to the FLSA Claims of Oregon Plaintiffs ("Motion to Clarify") should be denied. This Court's February 13, 2008, Order Granting in Part and Denying in Part Defendant's Motion to Dismiss or Stay ("Order") requires no clarification: the Order plainly states, and correctly holds, that all of the claims asserted by Oregon plaintiffs Dennis Ramos ("Plaintiff Ramos") and Kelly Smith ("Plaintiff Smith"), including the claims brought under the Fair Labor Standards Act ("FLSA"), are stayed pending the resolution of two Oregon state court class actions: *Lowdermilk v. U.S. Bank National Association*, Multnomah County Case No. 0603-03335 ("*Lowdermilk*"), and *Tate v. U.S. Bank National Association*, Multnomah County Case No. 0607-07188 ("*Tate*").

## II. ARGUMENT

### A. The Order is Clear

Plaintiffs assert that they "seek clarification as to whether or not the [FLSA] claims of Oregon Plaintiffs Ramos and Smith are stayed." Motion to Clarify at 1-2. But the Order does not need clarification. It explicitly imposes a "stay on *all* claims brought on behalf of the Oregon class," and specifically explains the Court's rationale that, "[a]s for the FLSA claims brought by the Oregon class, the resolution of their Oregon state law claims may render these federal claims moot." Order at 7, emphasis added. The Order thus could not be clearer in imposing a stay on all claims asserted by the Oregon plaintiffs, including their claims under the FLSA.

In reality, Plaintiffs do not seek clarification, but rather reconsideration of the Court's clear and carefully articulated Order. As Plaintiffs have not been granted leave to file a motion for reconsideration, they are not entitled to do so.[1] Northern District of California Local Rule 7-9(a). Their Motion to Clarify should be denied for this reason alone.

### B. The Order is Correct

The Motion to Clarify should be denied for the additional reason that it was, and remains, the correct decision under the *Colorado River* doctrine. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993). Class certification has not yet been decided in

---

[1] On March 19, 2008, this Court denied Plaintiffs' request for leave to file a motion for reconsideration of other aspects of the Order.

1

OPPOSITION TO PLAINTIFFS' MOTION FOR CLARIFICATION
Case No. C 07-2951 SI

*Lowdermilk* or *Tate*, and if classes are certified, Plaintiffs Ramos and/or Smith will likely be members of one or more of those classes, and the claims they assert here will likely be addressed albeit under Oregon law rather than the FLSA. Allowing their claims to proceed simultaneously in this forum would create piecemeal litigation, would risk inconsistent results, and would encourage forum shopping.

### 1. The Plaintiff in *Lowdermilk* Seeks a Rounding Class that Overlaps the Plaintiffs' Claims Here

The issue presented by what has been called "the rounding claim" or sometimes "the truncation claim" is whether or not Defendant U.S. Bank has impermissibly rounded down the hours and minutes its non-exempt employees worked so as to deprive them of a few minutes of pay on some workdays. This claim is one of the claims asserted in the *Lowdermilk* case. Decl. of Christopher McCracken ("McCracken Decl.") at ¶2. Plaintiff Lowdermilk moved to certify a class of Oregon employees who experienced this allegedly illegal rounding, and Plaintiff Ramos filed a declaration in support of that motion citing his own alleged experience with Defendant's electronic (Excel) timekeeping system. *See* McCracken Decl., Exhs. A-B.

#### a. Plaintiff Ramos Would be Included in the Lowdermilk Class

In support of their Motion to Clarify, Plaintiffs argue that the use of electronic timesheets, as contrasted with hand-entered time sheets, is not encompassed within the proposed class in *Lowdermilk*. They quote at length from the oral argument before Judge Marshall during which the plaintiff's counsel (from the Bailey Pinney law firm) vigorously argued that electronic timesheet claim usage is within the scope of the proposed rounding class and that certification is proper, and Defendant U.S. Bank argued that certification is not appropriate for a variety of reasons. Judge Marshall was obviously concerned about, among other things, certifying a class that included both employees who used the electronic timesheet and employees who used a manual timesheet. Motion to Clarify at 5-6.

Plaintiffs' counsel (from the Bailey Pinney law firm) now argues to this Court that Plaintiff Ramos's rounding claim in this case, albeit brought under the FLSA rather than Oregon law, is not within the plaintiff's claims in *Lowdermilk*. *Id.* at 6-8. This argument is disingenuous and is

2

directly contrary to the arguments Plaintiffs' counsel made in *Lowdermilk* in support of class certification, where they argued that the Oregon rounding class should be certified *because* the proposed Oregon class members, like Plaintiff Ramos and Plaintiff Lowdermilk, allegedly used an electronic timesheet.  McCracken Decl. at ¶3.  Judge Marshall has taken the plaintiff's argument under advisement and, as of April 11, 2008, has not yet ruled.  *See* McCracken Decl. at ¶3.  If Judge Marshall grants everything the *Lowdermilk* plaintiff has requested, the electronic timesheet claim will be addressed in *Lowdermilk*, Plaintiff Ramos will be a class member, and the class period will "include[] the entire period of plaintiff Ramos's employment . . ." Order at 6, n6.  *See also* McCracken Decl., Exh. A.  If class certification is denied, Plaintiffs' counsel at some point will have the right to appeal that ruling.  For as long as the *Lowdermilk* plaintiff continues to assert the right to bring a rounding claim as a class action on behalf of Defendant's employees in Oregon, the parallel claim in this Court should be stayed.

In addition, as stated in the Order, "plaintiffs' counsel fail to explain why they did not add their federal claims to their state actions on behalf of the Oregon class" in the first place (Order, at 6), or why Plaintiff Ramos and his counsel filed this lawsuit rather than having Ramos join *Lowdermilk* as a party plaintiff – especially in view of the fact that Plaintiff Ramos was a declarant in *Lowdermilk* and therefore obviously was aware of the claims that were asserted in that action and his relationship to them.  As this Court properly stated in the Order, "Plaintiffs' failure to bring all available claims for the Oregon class creates the kind of piecemeal litigation that the *Colorado River* doctrine intends to prevent." Order at 6.

This Court's decision to stay Plaintiff Ramos' rounding claim was proper and should not be reversed.

### b.    The Argument is Untimely

In addition to being inaccurate, Plaintiffs' contention that *Lowdermilk* does not encompass his rounding claim is untimely.  Plaintiffs did not raise this issue in their Opposition to Defendant's Motion to Dismiss or Stay, even though oral argument on the *Lowdermilk* motion for class certification had taken place almost two months prior to the filing of the Opposition.

McCracken Decl. at ¶3.  Plaintiffs offer no explanation for failing to make this argument in their Opposition and now, for the first time, making it in support of their Motion to "Clarify."

Facts or arguments that were not raised with respect to an original motion may be disregarded by the court in a subsequent motion.  *Northwest Acceptance Corp. v. Lynnwood Equipment, Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988) (district court did not abuse discretion when it refused to consider arguments made in motion for reconsideration that were not made in initial pleadings); *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F3d 1220, 1231 (3rd Cir. 1995) ("reargument should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided"; court noted that "[h]aving failed in its first effort to persuade the court to dismiss . . . [the defendant] simply changed theories and tried again, contradicting its earlier evidence with its factual support for the new theory.") (internal quotes omitted).

### 2. A Motion for Certification of the SSM Class in *Tate* Has Not Yet Been Filed

The other claim involved in the Motion to Clarify is the claim that Defendant improperly classified its Oregon and Washington Sales and Service Managers (SSMs) as exempt.  This Court was correct in ordering that this claim be stayed because the same claim is presented in the *Tate* case albeit under Oregon law rather than the FLSA.  As of April 11, 2008, no motion for class certification has been filed in *Tate*.  *See* McCracken Decl. at ¶5.  If a class of SSMs is certified in *Tate*, it will encompass most (if not all) of Plaintiff Smith's period of employment, rendering her claims here duplicative.[2]  Order at 6, n6 ("The *Tate* plaintiffs will likely seek certification of a class . . . which includes most of the employment of plaintiff Smith").

Plaintiffs' argument that *Tate* is an inferior forum due to alleged (but unidentified) differences between Oregon law and the FLSA has already been addressed in the Order, where the Court ruled that the facts and principles underlying the claims are substantially similar and that "the resolution of their Oregon state law claims may render these [FLSA] claims moot."  Order at

---

[2] Plaintiff Smith is the only one of the six Plaintiffs (the original four, plus the two new Plaintiffs added in the Second Amended Class Action Complaint filed on April 10, 2008) who worked as an SSM.

4

OPPOSITION TO PLAINTIFFS' MOTION FOR CLARIFICATION
Case No. C 07-2951 SI

1  7; *see also* Order at 5-6 ("Out of the 12 causes of action that plaintiffs assert here, 10 involve

2  violations of Oregon state law and are similar to the causes of action alleged in *Lowdermilk* and

3  *Tate*. . . . Therefore, the Court finds the cases to be substantially similar, at least with respect to the

4  Oregon class.").[3]

5  There is no reason to "clarify" the Order by lifting the stay imposed on the SSM

6  misclassification claim.

7  **III.    CONCLUSION**

8  This Court clearly stayed all claims asserted by the two Oregon Plaintiffs, including their

9  claims under the FLSA.  Plaintiffs' Motion to Clarify is, in actuality, a motion for reconsideration

10  that Plaintiffs are not entitled to bring without this Court's giving them leave to do so.  Moreover,

11  the Court's Order was correct:  allowing the Oregon Plaintiffs' claims, on their own behalf and on

12  behalf of others, to proceed would permit the simultaneous litigation of parallel claims with

13  overlapping plaintiffs in two forums and therefore would result in piecemeal litigation, would risk

14  inconsistent results, and would encourage forum shopping.  The *Colorado River* doctrine fully

15  supports a stay of these claims and this Court was correct in so concluding.

16  For these reasons, Plaintiffs' Motion to Clarify should be denied.

17  DATED:  April 11, 2008

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By:     */s/ Judith Droz Keyes*
          Judith Droz Keyes
Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION

---

[3] Plaintiffs' brief includes findings from *McElmurry, et al. v. U.S. Bank National Association*, U.S.D.C. OR Case No. 04-CV-00642 ("*McElmurry*"), and the argument that these findings "could potentially remove issues . . . from FLSA litigation in this case." Motion to Clarify at 9.  This issue is irrelevant to the Motion to Clarify.  Moreover, this Court did not rely on *McElmurry* in the Order (*see* Order at 4 (the "Court denies defendant's motion to dismiss or stay this action on the ground of federal comity because the parties in this case are different from the parties in *McElmurry*") and ruled that *McElmurry* is not dispositive of any of the issues in this case. *Id.* ("the *McElmurry* plaintiffs are currently limited to the named individuals in that case, and none of them is in the present action . . . . For these reasons, a judgment or relief rendered in *McElmurry* will not resolve the issues in this case").