IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| WILLENE LOWDERMILK, individually and on behalf of all similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>US Bank NATIONAL ASSOCIATION, dba US Bank,<br><br>    Defendant. | No. 0603-03335<br><br>**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PARTIAL CLASS CERTIFICATION**<br><br>Hearing date: January 12, 2006 |

Page 1 -   Plaintiff's Reply Memorandum in Support of Partial Class Certification

### 2.2 Common questions of fact predominate over individual questions which can be addressed through the use of computers

Common questions of fact predominate over individual questions of fact. Lowdermilk submits and Defendant admits that it utilized a specific conversion chart which instruct employees to truncate their time from early 2002 to 2003. Def. Resp., Decl. Kakiuchi ¶ 8. Defendant submitted the testimony of its own head of payroll who testified that he invented the conversion chart at issue and that time is now entered into an excel spreadsheet. Def. Resp., McCracken Decl. Ex. 163. He also stated that the spreadsheet is currently being used by US Bank and the truncation occurs automatically by an excel formula. Decl. Schuck Ex. H, 108:6-10. On December 14, 2006, Lowdermilk provided the Court a document evidencing that Christon's testimony was truthful and that this conversion chart was in use by US Bank, in Oregon during the 2005 year. Therefore, at least in the latter part of the analysis, the rounding/truncation chart will be able to be viewed and analyzed by computer inside the excel spreadsheet. For weekly time reports which were not kept in electronic format, Lowdermilk can still enter the same document information into the identical excel spreadsheet. This would allow the same computer analysis of time records which were kept in paper prior to the implementation of the electronic excel spreadsheet versions. Because the issues surrounding Defendant's admitted use of the disputed conversion chart meet the requirements of ORCP 32, the issue must be certified for class treatment.

Even if the facts testified by Kakiuchi and Christon were false, it would not change the fact that this case should be certified under Oregon law. According to Defendant's arguments, wage and hour cases could not ever be certified because individual issues such as hourly rates, number of hours worked, number of hours recorded by management, and action treatment. However, Oregon jurisprudence has held the exact opposite. Defendant seeks a factual finding from the Court that the conversion chart was intended and ultimately used by

Page 42 -   Plaintiff's Reply Memorandum in Support of Partial Class Certification

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331