JOSE R. MATA, SBN 83724, OSB 80305
E-Mail: JMata@wagelawyer.com
**BAILEY PINNEY, PC**
1498 SE Tech Center Place, Suite 290
Vancouver, WA 98683
Telephone: (360)567-2551; Fax: (360)567-3331

BONNIE MAC FARLANE, SBN 161526
E-Mail: BMacfarlane@wagelawyer.com
**BAILEY PINNEY, PC**
720 Howe Street, Suite 113
Sacramento, CA 95825
Telephone: (916)923-5537; Fax: (916)923-5587

SUSAN SIMMONS SEEMILLER SBN 150546
E-Mail: SSeemiller@wagelawyer.com
**BAILEY PINNEY, PC**
840 County Square Drive
Ventura, CA 93003
Telephone: (805) 339-9090; Fax: (805) 339-0090

Attorneys for Plaintiffs Ross, Prasad, Smith and Ramos

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ann Ross, Dennis Ramos, Maurita Prasad, and Kelly Smith, individually and on behalf of all others similarly situated,,<br><br>Plaintiffs,<br><br>vs.<br><br>US BANK NATIONAL ASSOCIATION, dba US BANK,<br><br>Defendant. | Case No. C 07-02951 SI<br><br>**PLAINITFF'S' REPLY MEMORANDUM IN SUPPORT OF MOTION TO CLARIFY THE *COLORADO RIVER* STAY AS TO THE FLSA CLAIMS OF OREGON PLAINTIFFS**<br><br>Date: April 29, 2008<br>Time: 9:00 a.m.<br>Ctrm: 10<br><br>Hon. Susan Illston |

## SUMMARY OF ARGUMENT

Plaintiffs were specifically authorized by the Court to file the motion for clarification of the stay at the initial case management conference. Regarding Plaintiff Ramos, US Bank does not dispute

1  that Ramos's rounding claim based on an electronic weekly timesheet that automatically rounded
2  down his time involves a practice distinct from the claim advanced by the class representative in the
3  *Lowdermilk*[1]. It is very unlikely that Oregon Circuit Court Judge Marshall will certify an Oregon class
4  that includes employees who used such electronic weekly timesheets.
5      Regarding Plaintiff Smith, it is now clear that no motion for class certification will be filed in
6  *Tate*.[2] Therefore, there is no possibility of an Oregon class that will litigate or resolve Plaintiff
7  Smith's claims.

## ARGUMENT

### 1. US Bank is incorrect in arguing that local rules regarding motions for reconsideration apply to Plaintiffs' Motion to Clarify the stay.

On February 29, 2008, Plaintiff's attorney Mata attended an initial case management conference with the Court and opposing counsel. (Mata Decl., ¶ 2). At that conference, the Court and the parties discussed whether the *Colorado River* stay imposed by this Court's February 13, 2008 Order (the "Order") applies to Plaintiffs Ramos's and Smith's FLSA claims. *Id.* The Court instructed Plaintiffs that they could file a motion to clarify the stay by March 28, 2008. At the conference, attorney Mata pointed out that there is no local rule authorizing motions to clarify orders. *Id.* at ¶ 3. However, the Court indicated that this did not bar the filing of the motion to clarify. *Id.* Neither the Court nor Defendant raised these issues: 1) that the motion to clarify would be considered a motion for reconsideration; 2) that Civil L. R. 7-9 would apply to the motion to clarify; 3) that Plaintiffs would need to seek further leave of court to file the motion to clarify; or 4) that Plaintiffs were restricted in what they could argue in support of the motion to clarify. *Id.* The Court should reject US Bank's argument that Plaintiffs failed to comply with Civil L.R. 7-9(a).

As for US Bank's argument that the *Colorado River* stay does not need clarification, the Order

---

[1] Lowdermilk v. U.S. Bank National Association, Oregon Circuit Court for Multnomah County Case No. 0603-0335.

[2] Plaintiff's counsel Mata just this week learned that there will be no motion for class certification filed in *Tate*. Plaintiffs are therefore willing to stipulate to a surreply by US Bank limited to addressing that single issue. *Tate* is *Tate v. U.S. Bank National Association*, Oregon Circuit Court for Multnomah County Case No. 0607-07188.

Plaintiff's Reply Mem. Supporting Motion to Clarify Stay re FLSA claims - Case No. C 07-02951 SI
2

1 only stays claims brought on behalf of the Oregon class.  But the FLSA claims were brought on a
2 multi-state basis.  For example, Plaintiff Ramos's FLSA rounding claim would support an FLSA
3 collective for Washington, Oregon, and California.  FLSA claims for Washington and California were
4 neither dismissed nor stayed.  The Order was not clear in this regard.

**2.    Plaintiffs' arguments are not untimely.**

Plaintiffs also disagree with US Bank's objection to new argument being made on behalf of the motion to clarify.  US Bank calls this new argument untimely.  However, at the initial case management conference, the Defendant did not ask the Court to limit what arguments Plaintiffs could make in support of the motion to clarify.  Plaintiffs fail to see how it would have helped the Court for Plaintiffs to base their motion to clarify on recycled arguments that the Court had already found unconvincing.

Moreover, the new argument is based in part on the way the FLSA classes are pled in the new Second Amended Complaint (Filed April 4, 2008, Document 94), which identifies an FLSA class limited to employees who used, "the automated converting time sheet in the states of California, Washington, and Oregon."  (Second Amended Complaint, ¶ 47A) The previous version of the complaint did not limit the FLSA rounding class to employees who used the electronic weekly timesheet that automatically rounds time down.  Therefore, the arguments made in the motion to clarify the stay were not applicable to the more broadly pled FLSA rounding class of the previous complaint.

**3.    *Colorado River* stay should not apply to FLSA claim of Plaintiff Ramos.**

US Bank does not specifically deny that the alleged use of an electronic timesheet that automatically rounded work time down is a distinct practice from its use of paper and pencil timesheets where each individual employee interprets US Bank's written instructions and then calculates and rounds their time by hand.  US Bank also does not contend the Lowdermilk, the putative class representative in *Lowdermilk*, ever used an electronic weekly timesheet that automatically rounded down her time.

US Bank's primary response is that Bailey Pinney attorneys tried to convince Judge Marshall that Ramos's electronic weekly timesheet would fit within the class sought to be certified in

1  *Lowdermilk* and that Ramos submitted a declaration in the *Lowdermilk* case. Plaintiffs acknowledge
2  that Bailey Pinney is attempting to have Ramos included in the *Lowdermilk* class. It is evident from
3  the previously submitted oral argument transcript that Bailey Pinney attorney David Schuck attempted
4  to convince Judge Marshall that the *Lowdermilk* class could include Ramos's claim. (Exhibit 1,
5  Declaration of David A. Schuck in Plaintiffs' Support of Motion to Clarify Stay ("Original Schuck
6  Decl."), Document 85-2, Transcript 99:1-9).

7       US Bank's response does not address the fact that even as US Bank seeks to stay Ramos's
8  FLSA claim in this case, US Bank is attempting to carve Ramos's claims out of the *Lowdermilk* case.
9  On or about February 26, 2008, US Bank submitted a proposed order regarding class certification that
10 states "Moreover, Mr. Ramos has chosen to pursue his claim as a named plaintiff in another proposed
11 class action which is now pending in U.S. District Court for the Northern District of California . . . ."
12 (ORCP 32C(1) Findings and Conclusions, Previously Filed as Exhibit 2, Original Schuck Decl.,
13 Document 85-3; 3:12-14). If US Bank's efforts are successful, Ramos's claims based on the
14 electronic weekly timesheet will be excluded from *Lowdermilk*.

15      More importantly, US Bank's response overlooks the fact that Judge Marshall apparently
16 views the use of an electronic timesheet that automatically rounds down as a practice that is distinct
17 from the a practice of using paper and pen weekly timesheets. The transcript of oral argument before
18 Judge Marshall shows that it is very unlikely that he will certify any class in *Lowdermilk* that includes
19 employees who used electronic weekly timesheets that automatically rounded down time. For that
20 reason, the stay should not apply to Ramos's FLSA claim.

21 **4.  *Colorado River* stay should not apply to FLSA claim of Plaintiff Smith.**

22      It is now known that there will be **no** class certification motion filed in the *Tate* case in Oregon
23 regarding the service and sales manager misclassification claim. Oregon Circuit Court Judge Janice
24 Wilson set an April 21, 2008 deadline for the filing of a motion for class certification in *Tate*. (Decl.
25 of David A. Schuck in Support of Plaintiff's Reply, ¶ 2). The April 21 deadline imposed by Judge
26 Wilson prevents Plaintiffs from moving from class certification once the deadline has past. *Id.* The
27 plaintiff in *Tate* will not be filing a motion for class certification either by April 21, 2008 or at any
28 other time. *Id.* at ¶ 3. Nor will Plaintiff make any appeals related to class certification. *Id.*

It is now certain that no class will be certified in *Tate* in which Plaintiff Smith's claims will be litigated or resolved. Therefore, the *Colorado River* stay should not apply to Plaintiff's Smith's FLSA claims. As noted above, Plaintiffs have no objection to US Bank filing a surreply to this portion of this Reply Memorandum.

Moreover, this Court will face different circumstances than those in earlier sales and service manager cases. As noted in the opening memorandum, U.S. District Judge Haggerty recently found, after a bench trial in the *McElmurry* case[3], that "U.S. Bank showed a reckless disregard when it applied a blanket exempt status to all Sales and Service Managers . . . ." (Plaintiff's Motion to Clarify, Document 84, 8:18-19). U.S. Bank's application of a "blanket exempt status to all Sales and Service Managers" constitutes a practice common to the putative class that would support at least conditional certification and notice under the lenient standard used in FLSA cases. *See, In Wells Fargo Home Mortg. Overtime Pay Litig.,* 527 F. Supp. 2d 1053, 1071 (N.D. Cal. 2007) (Patel, J.). The above finding was not available at the time that FLSA certification was previously considered in the *McElmurry* case.

For the above reasons, the *Colorado River* stay should not be applied to the claims of Plaintiff Smith.

**CONCLUSION**

Plaintiffs' filing of the motion to clarify was entirely consistent with the outcome of the initial case management conference. There was no discussion at that conference that Plaintiffs would need further leave of the court or that the motion would be considered a motion for reconsideration.

Moreover, it is very unlikely that any class certified in the *Lowdermilk* case will include Plaintiff Ramos's electronic timesheet FLSA claim. Further, it is certain that there will be no class

//
//
//
//

---

[3]*McElmurry v. U.S. Bank National Association*, Oregon U.S. District Court Case No. 04-642-HA.

certified in the *Tate* case. It is therefore respectfully submitted that the FLSA claims of Ramos and Smith should not be subject to this Court's *Colorado River* stay.

Dated:  April 17, 2008                    Bailey Pinney, PC


                                          By _____/s/_____
                                          Jose R. Mata
                                          Attorneys for Plaintiffs Ross, Prasad, Smith and Ramos

JOSE R. MATA, SBN 83724, OSB 80305
E-Mail: JMata@wagelawyer.com
**BAILEY PINNEY, PC**
1498 SE Tech Center Place, Suite 290
Vancouver, WA 98683
Telephone: (360)567-2551; Fax: (360)567-3331

BONNIE MAC FARLANE, SBN 161526
E-Mail: BMacfarlane@wagelawyer.com
**BAILEY PINNEY, PC**
720 Howe Street, Suite 113
Sacramento, CA 95825
Telephone: (916)923-5537; Fax: (916)923-5587

SUSAN SIMMONS SEEMILLER SBN 150546
E-Mail: SSeemiller@wagelawyer.com
**BAILEY PINNEY, PC**
840 County Square Drive
Ventura, CA 93003
Telephone: (805) 339-9090; Fax: (805) 339-0090

Attorneys for Plaintiffs Ross, Prasad, Smith and Ramos

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ann Ross, Dennis Ramos, Maurita Prasad, and Kelly Smith, individually and on behalf of all others similarly situated,,<br><br>Plaintiffs,<br><br>vs.<br><br>US BANK NATIONAL ASSOCIATION, dba US BANK,<br><br>Defendant. | Case No. C 07-02951 SI<br><br>**PLAINITFF'S' REPLY MEMORANDUM IN SUPPORT OF MOTION TO CLARIFY THE *COLORADO RIVER* STAY AS TO THE FLSA CLAIMS OF OREGON PLAINTIFFS**<br><br>Date:    April 29, 2008<br>Time:   9:00 a.m.<br>Ctrm:    10<br><br>Hon. Susan Illston |

## SUMMARY OF ARGUMENT

Plaintiffs were specifically authorized by the Court to file the motion for clarification of the stay at the initial case management conference. Regarding Plaintiff Ramos, US Bank does not dispute

1  that Ramos's rounding claim based on an electronic weekly timesheet that automatically rounded
2  down his time involves a practice distinct from the claim advanced by the class representative in the
3  *Lowdermilk*[1]. It is very unlikely that Oregon Circuit Court Judge Marshall will certify an Oregon class
4  that includes employees who used such electronic weekly timesheets.
5      Regarding Plaintiff Smith, it is now clear that no motion for class certification will be filed in
6  *Tate*.[2] Therefore, there is no possibility of an Oregon class that will litigate or resolve Plaintiff
7  Smith's claims.

## ARGUMENT

**1.  US Bank is incorrect in arguing that local rules regarding motions for reconsideration apply to Plaintiffs' Motion to Clarify the stay.**

On February 29, 2008, Plaintiff's attorney Mata attended an initial case management conference with the Court and opposing counsel. (Mata Decl., ¶ 2). At that conference, the Court and the parties discussed whether the *Colorado River* stay imposed by this Court's February 13, 2008 Order (the "Order") applies to Plaintiffs Ramos's and Smith's FLSA claims. *Id.* The Court instructed Plaintiffs that they could file a motion to clarify the stay by March 28, 2008. At the conference, attorney Mata pointed out that there is no local rule authorizing motions to clarify orders. *Id.* at ¶ 3. However, the Court indicated that this did not bar the filing of the motion to clarify. *Id.* Neither the Court nor Defendant raised these issues: 1) that the motion to clarify would be considered a motion for reconsideration; 2) that Civil L. R. 7-9 would apply to the motion to clarify; 3) that Plaintiffs would need to seek further leave of court to file the motion to clarify; or 4) that Plaintiffs were restricted in what they could argue in support of the motion to clarify. *Id.* The Court should reject US Bank's argument that Plaintiffs failed to comply with Civil L.R. 7-9(a).

As for US Bank's argument that the *Colorado River* stay does not need clarification, the Order

---

[1] Lowdermilk v. U.S. Bank National Association, Oregon Circuit Court for Multnomah County Case No. 0603-0335.

[2] Plaintiff's counsel Mata just this week learned that there will be no motion for class certification filed in *Tate*. Plaintiffs are therefore willing to stipulate to a surreply by US Bank limited to addressing that single issue. *Tate* is *Tate v. U.S. Bank National Association*, Oregon Circuit Court for Multnomah County Case No. 0607-07188.

1   only stays claims brought on behalf of the Oregon class.  But the FLSA claims were brought on a
2   multi-state basis.  For example, Plaintiff Ramos's FLSA rounding claim would support an FLSA
3   collective for Washington, Oregon, and California.  FLSA claims for Washington and California were
4   neither dismissed nor stayed.  The Order was not clear in this regard.

**2.       Plaintiffs' arguments are not untimely.**

Plaintiffs also disagree with US Bank's objection to new argument being made on behalf of the motion to clarify.  US Bank calls this new argument untimely.  However, at the initial case management conference, the Defendant did not ask the Court to limit what arguments Plaintiffs could make in support of the motion to clarify.  Plaintiffs fail to see how it would have helped the Court for Plaintiffs to base their motion to clarify on recycled arguments that the Court had already found unconvincing.

Moreover, the new argument is based in part on the way the FLSA classes are pled in the new Second Amended Complaint (Filed April 4, 2008, Document 94), which identifies an FLSA class limited to employees who used, "the automated converting time sheet in the states of California, Washington, and Oregon."  (Second Amended Complaint, ¶ 47A) The previous version of the complaint did not limit the FLSA rounding class to employees who used the electronic weekly timesheet that automatically rounds time down.  Therefore, the arguments made in the motion to clarify the stay were not applicable to the more broadly pled FLSA rounding class of the previous complaint.

**3.       *Colorado River* stay should not apply to FLSA claim of Plaintiff Ramos.**

US Bank does not specifically deny that the alleged use of an electronic timesheet that automatically rounded work time down is a distinct practice from its use of paper and pencil timesheets where each individual employee interprets US Bank's written instructions and then calculates and rounds their time by hand.  US Bank also does not contend the Lowdermilk, the putative class representative in *Lowdermilk*, ever used an electronic weekly timesheet that automatically rounded down her time.

US Bank's primary response is that Bailey Pinney attorneys tried to convince Judge Marshall that Ramos's electronic weekly timesheet would fit within the class sought to be certified in

1  *Lowdermilk* and that Ramos submitted a declaration in the *Lowdermilk* case. Plaintiffs acknowledge
2  that Bailey Pinney is attempting to have Ramos included in the *Lowdermilk* class. It is evident from
3  the previously submitted oral argument transcript that Bailey Pinney attorney David Schuck attempted
4  to convince Judge Marshall that the *Lowdermilk* class could include Ramos's claim. (Exhibit 1,
5  Declaration of David A. Schuck in Plaintiffs' Support of Motion to Clarify Stay ("Original Schuck
6  Decl."), Document 85-2, Transcript 99:1-9).

7  US Bank's response does not address the fact that even as US Bank seeks to stay Ramos's
8  FLSA claim in this case, US Bank is attempting to carve Ramos's claims out of the *Lowdermilk* case.
9  On or about February 26, 2008, US Bank submitted a proposed order regarding class certification that
10 states "Moreover, Mr. Ramos has chosen to pursue his claim as a named plaintiff in another proposed
11 class action which is now pending in U.S. District Court for the Northern District of California . . . ."
12 (ORCP 32C(1) Findings and Conclusions, Previously Filed as Exhibit 2, Original Schuck Decl.,
13 Document 85-3; 3:12-14). If US Bank's efforts are successful, Ramos's claims based on the
14 electronic weekly timesheet will be excluded from *Lowdermilk*.

15 More importantly, US Bank's response overlooks the fact that Judge Marshall apparently
16 views the use of an electronic timesheet that automatically rounds down as a practice that is distinct
17 from the a practice of using paper and pen weekly timesheets. The transcript of oral argument before
18 Judge Marshall shows that it is very unlikely that he will certify any class in *Lowdermilk* that includes
19 employees who used electronic weekly timesheets that automatically rounded down time. For that
20 reason, the stay should not apply to Ramos's FLSA claim.

21 **4.    *Colorado River* stay should not apply to FLSA claim of Plaintiff Smith.**

22 It is now known that there will be **no** class certification motion filed in the *Tate* case in Oregon
23 regarding the service and sales manager misclassification claim. Oregon Circuit Court Judge Janice
24 Wilson set an April 21, 2008 deadline for the filing of a motion for class certification in *Tate*. (Decl.
25 of David A. Schuck in Support of Plaintiff's Reply, ¶ 2). The April 21 deadline imposed by Judge
26 Wilson prevents Plaintiffs from moving from class certification once the deadline has past. *Id.* The
27 plaintiff in *Tate* will not be filing a motion for class certification either by April 21, 2008 or at any
28 other time. *Id.* at ¶ 3. Nor will Plaintiff make any appeals related to class certification. *Id.*

It is now certain that no class will be certified in *Tate* in which Plaintiff Smith's claims will be litigated or resolved. Therefore, the *Colorado River* stay should not apply to Plaintiff's Smith's FLSA claims. As noted above, Plaintiffs have no objection to US Bank filing a surreply to this portion of this Reply Memorandum.

Moreover, this Court will face different circumstances than those in earlier sales and service manager cases. As noted in the opening memorandum, U.S. District Judge Haggerty recently found, after a bench trial in the *McElmurry* case[3], that "U.S. Bank showed a reckless disregard when it applied a blanket exempt status to all Sales and Service Managers . . . ." (Plaintiff's Motion to Clarify, Document 84, 8:18-19). U.S. Bank's application of a "blanket exempt status to all Sales and Service Managers" constitutes a practice common to the putative class that would support at least conditional certification and notice under the lenient standard used in FLSA cases. *See, In Wells Fargo Home Mortg. Overtime Pay Litig.,* 527 F. Supp. 2d 1053, 1071 (N.D. Cal. 2007) (Patel, J.). The above finding was not available at the time that FLSA certification was previously considered in the *McElmurry* case.

For the above reasons, the *Colorado River* stay should not be applied to the claims of Plaintiff Smith.

**CONCLUSION**

Plaintiffs' filing of the motion to clarify was entirely consistent with the outcome of the initial case management conference. There was no discussion at that conference that Plaintiffs would need further leave of the court or that the motion would be considered a motion for reconsideration.

Moreover, it is very unlikely that any class certified in the *Lowdermilk* case will include Plaintiff Ramos's electronic timesheet FLSA claim. Further, it is certain that there will be no class

//
//
//
//

---

[3]*McElmurry v. U.S. Bank National Association*, Oregon U.S. District Court Case No. 04-642-HA.

certified in the *Tate* case. It is therefore respectfully submitted that the FLSA claims of Ramos and Smith should not be subject to this Court's *Colorado River* stay.

Dated:  April 17, 2008               Bailey Pinney, PC


                                     By _____/s/_____
                                     Jose R. Mata
                                     Attorneys for Plaintiffs Ross, Prasad, Smith and Ramos

Plaintiff's' Reply Mem. Supporting Motion to Clarify Stay re FLSA claims - Case No. C 07-02951 SI
6