JUDITH DROZ KEYES (CA State Bar No. 66408)
STUART W. MILLER (CA State Bar No. 127766)
KATHLEEN D. POOLE (CA State Bar No. 228815)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-6533
Telephone:   (415) 276-6500
Facsimile:   (415) 276-6599
jkeyes@dwt.com
stuartmiller@dwt.com

Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANN ROSS, DENNIS RAMOS, MAURITA PRASAD, TAMARA BURKHART, NANETTE RENEE HOUSKEN, and KELLY SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION, DBA U.S. BANK,<br><br>Defendant. | Case No. C 07-2951 SI<br><br>**[PROPOSED] SURREPLY OF DEFENDANT U.S. BANK NATIONAL ASSOCIATION IN OPPOSITION TO PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO CLARIFY**<br><br>Date:   May 14, 2008<br>Time:   9:00 a.m.<br>Courtroom:   10<br><br>Hon. Susan Illston |

## I. INTRODUCTION

On August 16, 2007, Defendant U.S. Bank National Association ("U.S. Bank") filed a Motion to Dismiss or Stay all or part of Plaintiffs' Complaint under the *Colorado River* doctrine/first-to-file rule, as several similar and duplicative cases, including *Tate v. U.S. Bank National Association*, Multnomah County Case No. 0607-07188 ("*Tate*"), were pending in Oregon. On February 13, 2008, this Court issued an Order Granting in Part and Denying in Part Defendant's Motion to Dismiss or Stay ("Order"). The Order stayed all of Plaintiffs' claims brought by the Oregon Plaintiffs. Having been denied leave to file a motion for reconsideration of the Order, on March 28, 2008, Plaintiffs filed their Motion to Clarify the *Colorado River* Stay as to the FLSA Claims of Oregon Plaintiffs ("Motion to Clarify"). On April 11, 2008, U.S. Bank filed an Opposition to Plaintiffs' Motion to Clarify ("Opposition"), and on April 17, 2008, Plaintiffs filed a Reply in Support of the Motion to Clarify ("Reply").

In Section 4 of the Reply, Plaintiffs argue, in essence, that this Court should clarify the Order by lifting the stay on Oregon Plaintiff Kelly Smith's Sales and Service Manager ("SSM") misclassification claim, because Plaintiffs' counsel have decided not to pursue class certification in *Tate*. This new fact and argument not only has nothing to do with clarifying the Order, which unambiguously stays all claims of the Oregon Plaintiffs including the SSM misclassification claim, but it also is improperly raised for the first time in the Reply. All of the facts and arguments in Section 4 of the Reply should therefore not be considered in deciding the Motion to Clarify.

## II. ARGUMENT

### A. Plaintiffs' Reply Raises New Arguments Not Raised in Prior Papers

"Reply papers should be limited to matters raised in the opposition papers"; it is improper to "shift gears" or introduce new facts or legal arguments on reply. *See* Schwarzer, et. al. *Federal Civil Procedure Before Trial*, § 12:107 at 12-45 (2006); *see also Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("the district court need not consider arguments raised for the first time in a reply brief").

Plaintiffs admit that their Reply introduces a new fact and an argument not raised in the

*DAVIS WRIGHT TREMAINE LLP*

Opposition, explaining that Plaintiffs are introducing the new fact because they learned about it "just this week." Reply at 2, fn. 2. This assertion is a bit disingenuous. The decision not to pursue the class claims in *Tate* was a strategic decision by the *Tate* plaintiff's counsel, who are the same counsel involved here. As stated in the Declaration filed by Plaintiffs' counsel David Schuck in support of their Reply, Plaintiffs' counsel knew as of March 28, 2008, that the *Tate* Court had imposed a deadline for filing a motion for class certification. March 28, 2008, was the same day the Motion to Clarify was filed.

Plaintiffs did not assert this fact, or its possibility, in their Opposition to the Motion to Dismiss, at oral argument on the Motion to Dismiss, or even in support of their Motion to Clarify. Having not been raised before the Reply stage, this development should be disregarded.

**B.   Any Reconsideration or Lifting of The Stay Should Not Be Addressed in a Motion to Clarify**

A Motion to Clarify is not the appropriate vehicle for seeking the lifting of a stay, or for asking the Court to reconsider a prior ruling. Under the Local Rules, "[t]he emergence of new material facts" are appropriately asserted in a Motion for Reconsideration, which Plaintiffs have not sought permission to file.[1] *See* Northern District of California Local Rule 7-9(b)(1)-(2).

### III.   CONCLUSION

For the foregoing reasons, U.S. Bank requests that this Court, in deciding Plaintiffs' Motion to Clarify, decline to consider any new facts or arguments asserted in Section 4 of the Reply, including arguments relating to Plaintiffs' counsel's decision not to seek class certification in *Tate*. The Order is clear and requires no clarification. If Plaintiffs' counsel wish to seek the

---

[1] Plaintiffs were previously denied leave to file such a motion.

1  Court's reconsideration of the Order, or to have the stay lifted, they should be required to file a
2  proper motion so U.S. Bank is given the proper opportunity to respond.
3  DATED: April __, 2008

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By:   */s/ Judith Droz Keyes*
         Judith Droz Keyes
Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION

SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO CLARIFY
Case No. C 07-2951 SI