

JUDITH DROZ KEYES (CA State Bar No. 66408)
STUART W. MILLER (CA State Bar No. 127766)
KATHLEEN D. POOLE (CA State Bar No. 228815)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-6533
Telephone:    (415) 276-6500
Facsimile:    (415) 276-6599
jkeyes@dwt.com
stuartmiller@dwt.com

Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Ann Ross, Dennis Ramos, Maurita Prasad, Tamara Burkhart, Nanette Renee Housken, and Kelly Smith, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>        v.<br><br>US Bank National Association, dba US Bank,<br><br>                Defendant. | Case No. C 07-2951 SI<br><br>**DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT** |

        Defendant U.S. BANK NATIONAL ASSOCIATION ("Defendant") answers and responds to the Second Amended Class Action Complaint ("SAC") filed by Plaintiffs Ann Ross, Dennis Ramos, Maurita Prasad, Tamara Burkhart, Nanette Renee Housken, and Kelly Smith ("Plaintiffs") as follows:

DAVIS WRIGHT TREMAINE LLP

1    1.    To the extent that paragraph 1 of the SAC consists of conclusions of law,

2 Defendant is not required to respond thereto.  To the extent that paragraph 1 consists of allegations

3 of fact, each of those allegations is denied.

4    2.    Admitted that Defendant is a national banking association, and is the sixth largest

5 U.S. commercial bank.  All remaining factual allegations in paragraph 2 are denied.

6    3.    Admitted that Defendant has consumer and business banking branches in 24 states,

7 including California, Oregon, and Washington, that Defendant conducts financial business in all

8 50 states, that Defendant operates about 500 "in-store" bank branches in 19 states, and that some

9 of Defendant's in-store bank branch offices are branches located within the building of a retail

10 store that Defendant refers to as a "retail partner."  All remaining factual allegations in paragraph

11 3 are denied.

12    4.    Admitted that Defendant is a wholly-owned subsidiary of U.S. Bancorp, which is a

13 multi-state financial services holding company, and that as of year-end 2006, Defendant had total

14 assets of $219 billion and served more than 14.2 million customers.  All remaining factual

15 allegations in paragraph 4 are denied.

16    5.    To the extent that paragraph 5 of the SAC consists of conclusions of law,

17 Defendant is not required to respond thereto.  Admitted that Plaintiff Ann Ross ("Ross") was an

18 hourly employee of Defendant and worked for Defendant at an in-store bank branch in Redondo

19 Beach/Gardena, California from approximately October 2005 to May 2006.  Admitted that Ross

20 provided at least 72 hours' notice of her intention to quit.  All remaining factual allegations in

21 paragraph 5 are denied.

22    6.    To the extent that paragraph 6 of the SAC consists of conclusions of law,

23 Defendant is not required to respond thereto.  Admitted that Plaintiff Maurita Prasad ("Prasad")

24 was an hourly employee of Defendant from approximately December 8, 2003, to January 18,

25 2005, and that Prasad worked for Defendant at an in-store bank branch in Pleasant Hill, California.

26 Admitted that Defendant terminated Prasad's employment.  Admitted that Prasad was not paid on

27 the last day of her employment; Prasad was, however, fully paid for the delay.  All remaining

28 factual allegations in paragraph 6 are denied.

DAVIS WRIGHT TREMAINE LLP

7.      To the extent that paragraph 7 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  Admitted that Plaintiff Tamara Burkhart ("Burkhart") worked for Defendant at an in-store bank branch in Cameron Park, California, at an in-store bank branch as an hourly employee from approximately June 2004 until January 2005. Admitted that Burkhart's employment terminated.  All remaining factual allegations in paragraph 7 are denied.

8.      To the extent that paragraph 8 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  Admitted that Plaintiff Nanette Renee Housken ("Housken") worked for Defendant at an in-store bank branch in Stockton, California, as an hourly employee from approximately June 2004 until about July 2005.  All remaining factual allegations in paragraph 8 are denied.

9.      To the extent that paragraph 9 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  Admitted that Plaintiff Dennis Ramos ("Ramos") was an hourly employee of Defendant in Portland, Oregon, and that he was hired in 2000 and terminated by Defendant in 2005.  All remaining factual allegations in paragraph 9 are denied.

10.     To the extent that paragraph 10 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  Admitted that Plaintiff Kelly Smith ("Smith") was employed by Defendant in Seaside, Oregon from 1997 until 2006, and that Smith was employed in the position of Sales and Service Manager ("SSM") during a portion of the statutory period, and that Plaintiff Smith was paid on a salary basis while she was employed as an SSM.  All remaining factual allegations in paragraph 10 are denied.

11.     To the extent that paragraph 11 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 11 consists of allegations of fact, each of those allegations is denied.  Defendant is entitled to recover Defendant's attorney fees incurred herein under ORS 653.055 and ORS 652.615.

12.     To the extent that paragraph 12 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 12 consists of allegations of fact, each of those allegations is admitted for jurisdictional purposes.

DAVIS WRIGHT TREMAINE LLP

13.    Admitted.

14.    To the extent that paragraph 14 of the SAC consists of conclusions of law, Defendant is not required to respond thereto. Admitted that Plaintiffs are former employees of Defendant in California and Oregon who were each employed by Defendant during some time period encompassed by the SAC. All remaining factual allegations in paragraph 14 are denied.

15.    Admitted that Defendant is a national banking association organized under the National Bank Act and its Articles of Association identify Defendant's main office as being in Cincinnati, Ohio. Admitted that Defendant's principal place of business is in Minneapolis, Minnesota, and that Defendant was and is doing business as "U.S. Bank" in the states of California, Oregon and Washington. All remaining factual allegations in paragraph 15 are denied.

16.    Defendant lacks information and belief concerning the factual allegations in paragraph 16 of the SAC, and on that basis denies all factual allegations in paragraph 16.

17.    Defendant lacks information and belief concerning the factual allegations in paragraph 17 of the SAC, and on that basis denies all factual allegations in paragraph 17.

18.    To the extent that paragraph 18 of the SAC consists of conclusions of law, Defendant is not required to respond thereto. Admitted that Ross, Ramos, Prasad, Smith, Burkhart, and Housken were each employed by Defendant during some time period encompassed by the SAC. Admitted that Ross, Prasad, Burkhart, and Housken worked in California, and Ramos and Smith worked in Oregon. All remaining factual allegations in paragraph 18 are denied.

19.    To the extent that paragraph 19 of the SAC consists of conclusions of law, Defendant is not required to respond thereto. To the extent that paragraph 19 consists of allegations of fact, each of those allegations is denied.

20.    To the extent that paragraph 20 of the SAC consists of conclusions of law, Defendant is not required to respond thereto. To the extent that paragraph 20 consists of allegations of fact, each of those allegations is denied.

DAVIS WRIGHT TREMAINE LLP

ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT
Case No. C 07-2951 SI
SFO 406263v5 0023784-000227

1    21.    To the extent that paragraph 21 of the SAC consists of conclusions of law,

2    Defendant is not required to respond thereto.  To the extent that paragraph 21 consists of

3    allegations of fact, each of those allegations is denied.

4    22.    To the extent that paragraph 22 of the SAC consists of conclusions of law,

5    Defendant is not required to respond thereto.  To the extent that paragraph 22 consists of

6    allegations of fact, each of those allegations is denied.

7    23.    To the extent that paragraph 23 of the SAC consists of conclusions of law,

8    Defendant is not required to respond thereto.  To the extent that paragraph 23 consists of

9    allegations of fact, each of those allegations is denied.

10    24.    Admitted that Tom Christon was deposed in another lawsuit on July 18, 2006.  All

11    remaining factual allegations and characterizations in paragraph 24 are denied.

12    25.    To the extent that paragraph 25 of the SAC consists of conclusions of law,

13    Defendant is not required to respond thereto.  To the extent that paragraph 25 consists of

14    allegations of fact, each of those allegations is denied.

15    26.    To the extent that paragraph 26 of the SAC consists of conclusions of law,

16    Defendant is not required to respond thereto.  To the extent that paragraph 26 consists of

17    allegations of fact, each of those allegations is denied.

18    27.    To the extent that paragraph 27 of the SAC consists of conclusions of law,

19    Defendant is not required to respond thereto.  To the extent that paragraph 27 consists of

20    allegations of fact, each of those allegations is denied.

21    28.    To the extent that paragraph 28 of the SAC consists of conclusions of law,

22    Defendant is not required to respond thereto.  To the extent that paragraph 28 consists of

23    allegations of fact, each of those allegations is denied.

24    29.    To the extent that paragraph 29 of the SAC consists of conclusions of law,

25    Defendant is not required to respond thereto.  To the extent that paragraph 29 consists of

26    allegations of fact, each of those allegations is denied.

27

28

DAVIS WRIGHT TREMAINE LLP

ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT
Case No. C 07-2951 SI
SFO 406263v5 0023784-000227

30.     To the extent that paragraph 30 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 30 consists of allegations of fact, each of those allegations is denied.

31.     To the extent that paragraph 31 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 31 consists of allegations of fact, each of those allegations is denied.

32.     To the extent that paragraph 32 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 32 consists of allegations of fact, each of those allegations is denied.

33.     To the extent that paragraph 33 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 33 consists of allegations of fact, each of those allegations is denied.

34.     To the extent that paragraph 34 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 34 consists of allegations of fact, each of those allegations is denied.

35.     To the extent that paragraph 35 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 35 consists of allegations of fact, each of those allegations is denied.

36.     To the extent that paragraph 36 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 36 consists of allegations of fact, each of those allegations is denied.

37.     To the extent that paragraph 37 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 37 consists of allegations of fact, each of those allegations is denied.  Defendant is entitled to recover Defendant's attorney fees incurred herein under ORS 653.055 and ORS 652.615.

38.     To the extent that paragraph 38 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 38 consists of allegations of fact, each of those allegations is denied.

DAVIS WRIGHT TREMAINE LLP

ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT
Case No. C 07-2951 SI
SFO 406263v5 0023784-000227

1    39.    To the extent that paragraph 39 of the SAC consists of conclusions of law,

2    Defendant is not required to respond thereto.  To the extent that paragraph 39 consists of

3    allegations of fact, each of those allegations is denied.

4    40.    To the extent that paragraph 40 of the SAC consists of conclusions of law,

5    Defendant is not required to respond thereto.  To the extent that paragraph 40 consists of

6    allegations of fact, each of those allegations is denied.

7    41.    To the extent that paragraph 41 of the SAC consists of conclusions of law,

8    Defendant is not required to respond thereto.  To the extent that paragraph 41 consists of

9    allegations of fact, each of those allegations is denied.

10    42.    To the extent that paragraph 42 of the SAC consists of conclusions of law,

11    Defendant is not required to respond thereto.  To the extent that paragraph 42 consists of

12    allegations of fact, each of those allegations is denied.

13    43.    To the extent that paragraph 43 of the SAC consists of conclusions of law,

14    Defendant is not required to respond thereto.  To the extent that paragraph 43 consists of

15    allegations of fact, each of those allegations is denied.

16    44.    To the extent that paragraph 44 of the SAC consists of conclusions of law,

17    Defendant is not required to respond thereto.  To the extent that paragraph 44 consists of

18    allegations of fact, each of those allegations is denied.

19    45.    To the extent that paragraph 45 of the SAC consists of conclusions of law,

20    Defendant is not required to respond thereto.  To the extent that paragraph 45 consists of

21    allegations of fact, each of those allegations is denied.

22    46.    To the extent that paragraph 46 of the SAC consists of conclusions of law,

23    Defendant is not required to respond thereto.  To the extent that paragraph 46 consists of

24    allegations of fact, each of those allegations is denied.

25    47.    To the extent that paragraph 47 of the SAC consists of conclusions of law,

26    Defendant is not required to respond thereto.  To the extent that paragraph 47 consists of

27    allegations of fact, each of those allegations is denied.

28

DAVIS WRIGHT TREMAINE LLP

ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT
Case No. C 07-2951 SI
SFO 406263v5 0023784-000227

48.     Defendant incorporates by reference, as though fully set forth herein, its responses to paragraphs 1 through 47 of the SAC, above.

49.     To the extent that paragraph 49 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  Defendant admits that Plaintiffs were each employed by Defendant during some time period encompassed by the SAC.  All remaining allegations of fact in paragraph 49 are denied.

50.     To the extent that paragraph 50 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 50 consists of allegations of fact, each of those allegations is denied.

51.     To the extent that paragraph 51 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 51 consists of allegations of fact, each of those allegations is denied.

52.     To the extent that paragraph 52 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 52 consists of allegations of fact, each of those allegations is denied.

53.     To the extent that paragraph 53 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 53 consists of allegations of fact, each of those allegations is denied.

54.     Denied.

55.     To the extent that paragraph 55 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 55 consists of allegations of fact, each of those allegations is denied.

56.     To the extent that paragraph 56 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 56 consists of allegations of fact, each of those allegations is denied.  Defendant is entitled to recover Defendant's attorney fees incurred herein under ORS 653.055 and ORS 652.615.

57.     Defendant incorporates by reference, as though fully set forth herein, its responses to paragraphs 1 through 56 of the SAC, above.

DAVIS WRIGHT TREMAINE LLP

ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT
Case No. C 07-2951 SI
SFO 406263v5 0023784-000227

58.     To the extent that paragraph 58 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  Defendant admits that Plaintiffs were each employed by Defendant during some time period encompassed by the SAC.  All remaining allegations of fact in paragraph 58 are denied.

59.     To the extent that paragraph 59 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 59 consists of allegations of fact, each of those allegations is denied.

60.     To the extent that paragraph 60 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  Defendant admits that Plaintiffs performed work for Defendant.  All remaining factual allegations in paragraph 60 are denied.

61.     To the extent that paragraph 61 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 61 consists of allegations of fact, each of those allegations is denied.

62.     To the extent that paragraph 62 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 62 consists of allegations of fact, each of those allegations is denied.

63.     To the extent that paragraph 63 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 63 consists of allegations of fact, each of those allegations is denied.

64.     To the extent that paragraph 64 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 64 consists of allegations of fact, each of those allegations is denied.

65.     To the extent that paragraph 65 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 65 consists of allegations of fact, each of those allegations is denied.

66.     To the extent that paragraph 66 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 66 consists of

DAVIS WRIGHT TREMAINE LLP

ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT
Case No. C 07-2951 SI
SFO 406263v5 0023784-000227

1    allegations of fact, each of those allegations is denied.  Defendant is entitled to recover

2    Defendant's attorney fees incurred herein under ORS 653.055 and ORS 652.615.

3         67.    Defendant incorporates by reference, as though fully set forth herein, its responses

4    to paragraphs 1 through 66 of the SAC, above.

5         68.    To the extent that paragraph 68 of the SAC consists of conclusions of law,

6    Defendant is not required to respond thereto.  Defendant admits that Plaintiffs were each

7    employed by Defendant on an hourly basis during some time period encompassed by the SAC.

8    All remaining allegations of fact in paragraph 68 are denied.

9         69.    To the extent that paragraph 69 of the SAC consists of conclusions of law,

10   Defendant is not required to respond thereto.  To the extent that paragraph 69 consists of

11   allegations of fact, each of those allegations is denied.

12        70.    To the extent that paragraph 70 of the SAC consists of conclusions of law,

13   Defendant is not required to respond thereto.  To the extent that paragraph 70 consists of

14   allegations of fact, each of those allegations is denied.

15        71.    To the extent that paragraph 71 of the SAC consists of conclusions of law,

16   Defendant is not required to respond thereto.  To the extent that paragraph 71 consists of

17   allegations of fact, each of those allegations is denied.

18        72.    To the extent that paragraph 72 of the SAC consists of conclusions of law,

19   Defendant is not required to respond thereto.  To the extent that paragraph 72 consists of

20   allegations of fact, each of those allegations is denied.

21        73.    To the extent that paragraph 73 of the SAC consists of conclusions of law,

22   Defendant is not required to respond thereto.  To the extent that paragraph 73 consists of

23   allegations of fact, each of those allegations is denied.  Defendant is entitled to recover

24   Defendant's attorney fees incurred herein under ORS 653.055 and ORS 652.615.

25        74.    Defendant incorporates by reference, as though fully set forth herein, its responses

26   to paragraphs 1 through 73 of the SAC, above.

27        75.    To the extent that paragraph 75 of the SAC consists of conclusions of law,

28   Defendant is not required to respond thereto.  Defendant admits that Plaintiff Smith was employed

DAVIS WRIGHT TREMAINE LLP

10

1    by Defendant in the position of Sales and Service Manager ("SSM") and was paid on a salary

2    basis at some time during her employment with Defendant.  All remaining allegations of fact in

3    paragraph 75 are denied.

4          76.    To the extent that paragraph 76 of the SAC consists of conclusions of law,

5    Defendant is not required to respond thereto.  To the extent that paragraph 76 consists of

6    allegations of fact, each of those allegations is denied.

7          77.    To the extent that paragraph 77 of the SAC consists of conclusions of law,

8    Defendant is not required to respond thereto.  To the extent that paragraph 77 consists of

9    allegations of fact, each of those allegations is denied.

10         78.    To the extent that paragraph 78 of the SAC consists of conclusions of law,

11   Defendant is not required to respond thereto.  To the extent that paragraph 78 consists of

12   allegations of fact, each of those allegations is denied.

13         79.    To the extent that paragraph 79 of the SAC consists of conclusions of law,

14   Defendant is not required to respond thereto.  Defendant admits that Plaintiff Smith worked for

15   Defendant as an SSM.  All remaining allegations of fact in paragraph 79 are denied.

16         80.    To the extent that paragraph 80 of the SAC consists of conclusions of law,

17   Defendant is not required to respond thereto.  To the extent that paragraph 80 consists of

18   allegations of fact, each of those allegations is denied.

19         81.    To the extent that paragraph 81 of the SAC consists of conclusions of law,

20   Defendant is not required to respond thereto.  To the extent that paragraph 81 consists of

21   allegations of fact, each of those allegations is denied.

22         82.    To the extent that paragraph 82 of the SAC consists of conclusions of law,

23   Defendant is not required to respond thereto.  To the extent that paragraph 82 consists of

24   allegations of fact, each of those allegations is denied.

25         83.    To the extent that paragraph 83 of the SAC consists of conclusions of law,

26   Defendant is not required to respond thereto.  To the extent that paragraph 83 consists of

27   allegations of fact, each of those allegations is denied.

28

DAVIS WRIGHT TREMAINE LLP

ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT
Case No. C 07-2951 SI
SFO 406263v5 0023784-000227

84.    To the extent that paragraph 84 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 84 consists of allegations of fact, each of those allegations is denied.  Defendant is entitled to recover Defendant's attorney fees incurred herein under ORS 653.055 and ORS 652.615.

85.    Defendant incorporates by reference, as though fully set forth herein, its responses to paragraphs 1 through 84 of the SAC, above.

86.    To the extent that paragraph 86 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  Defendant admits that Plaintiffs were each employed by Defendant during some time period encompassed by the SAC.  All remaining allegations of fact in paragraph 86 are denied.

87.    To the extent that paragraph 87 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 87 consists of allegations of fact, each of those allegations is denied.

88.    To the extent that paragraph 88 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 88 consists of allegations of fact, each of those allegations is denied.

89.    To the extent that paragraph 89 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 89 consists of allegations of fact, each of those allegations is denied.

90.    To the extent that paragraph 90 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 90 consists of allegations of fact, each of those allegations is denied.

91.    To the extent that paragraph 91 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 91 consists of allegations of fact, each of those allegations is denied.

92.    To the extent that paragraph 92 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 92 consists of allegations of fact, each of those allegations is denied.

DAVIS WRIGHT TREMAINE LLP

ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT
Case No. C 07-2951 SI
SFO 406263v5 0023784-000227

93.    To the extent that paragraph 93 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 93 consists of allegations of fact, each of those allegations is denied.

94.    To the extent that paragraph 94 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 94 consists of allegations of fact, each of those allegations is denied.  Defendant is entitled to recover Defendant's attorney fees incurred herein under ORS 653.055 and ORS 652.615.

95.    Defendant incorporates by reference, as though fully set forth herein, its responses to paragraphs 1 through 94 of the SAC, above.

96.    To the extent that paragraph 96 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  Defendant admits that Plaintiffs were each employed by Defendant during some time period encompassed by the SAC.  All remaining allegations of fact in paragraph 96 are denied.

97.    Paragraph 97 consists solely of conclusions of law, and Defendant is not required to respond thereto.

98.    To the extent that paragraph 98 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 98 consists of allegations of fact, each of those allegations is denied.

99.    To the extent that paragraph 99 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 99 consists of allegations of fact, each of those allegations is denied.  Defendant is entitled to recover Defendant's attorney fees incurred herein under ORS 653.055 and ORS 652.615.

100.    Defendant incorporates by reference, as though fully set forth herein, its responses to paragraphs 1 through 99 of the SAC, above.

101.    To the extent that paragraph 101 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  Defendant admits that Plaintiffs were each employed by Defendant during some time period encompassed by the SAC.  All remaining allegations of fact in paragraph 101 are denied.

DAVIS WRIGHT TREMAINE LLP

1      102.    To the extent that paragraph 102 of the SAC consists of conclusions of law,

2   Defendant is not required to respond thereto.  To the extent that paragraph 102 consists of

3   allegations of fact, each of those allegations is denied.

4      103.    To the extent that paragraph 103 of the SAC consists of conclusions of law,

5   Defendant is not required to respond thereto.  To the extent that paragraph 103 consists of

6   allegations of fact, each of those allegations is denied.

7      104.    To the extent that paragraph 104 of the SAC consists of conclusions of law,

8   Defendant is not required to respond thereto.  To the extent that paragraph 104 consists of

9   allegations of fact, each of those allegations is denied.

10     105.    Defendant incorporates by reference, as though fully set forth herein, its responses

11   to paragraphs 1 through 104 of the SAC, above.

12     106.    To the extent that paragraph 106 of the SAC consists of conclusions of law,

13   Defendant is not required to respond thereto.  Defendant admits that Plaintiffs were each

14   employed by Defendant during some time period encompassed by the SAC.  All remaining

15   allegations of fact in paragraph 106 are denied.

16     107.    To the extent that paragraph 107 of the SAC consists of conclusions of law,

17   Defendant is not required to respond thereto.  To the extent that paragraph 107 consists of

18   allegations of fact, each of those allegations is denied.

19     108.    To the extent that paragraph 108 of the SAC consists of conclusions of law,

20   Defendant is not required to respond thereto.  To the extent that paragraph 108 consists of

21   allegations of fact, each of those allegations is denied.  Defendant is entitled to recover

22   Defendant's attorney fees incurred herein under ORS 653.055 and ORS 652.615.

23     109.    Defendant incorporates by reference, as though fully set forth herein, its responses

24   to paragraphs 1 through 108 of the SAC, above.

25     110.    To the extent that paragraph 110 of the SAC consists of conclusions of law,

26   Defendant is not required to respond thereto.  Defendant admits that Plaintiffs were each

27   employed by Defendant during some time period encompassed by the SAC.  All remaining

28   allegations of fact in paragraph 110 are denied.

DAVIS WRIGHT TREMAINE LLP

ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT
Case No. C 07-2951 SI
SFO 406263v5 0023784-000227

111.    To the extent that paragraph 111 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 111 consists of allegations of fact, each of those allegations is denied.

112.    To the extent that paragraph 112 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 112 consists of allegations of fact, each of those allegations is denied.

113.    To the extent that paragraph 113 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 113 consists of allegations of fact, each of those allegations is denied.

114.    To the extent that paragraph 114 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 114 consists of allegations of fact, each of those allegations is denied.

115.    Defendant incorporates by reference, as though fully set forth herein, its responses to paragraphs 1 through 114 of the SAC, above.

116.    To the extent that paragraph 116 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  Defendant admits that Plaintiffs Ross, Burkhart, Housken and Prasad were each employed by Defendant in the State of California during some time period encompassed by the SAC.  All remaining allegations of fact in paragraph 116 are denied.

117.    Paragraph 117 consists solely of conclusions of law, and Defendant is not required to respond thereto.

118.    To the extent that paragraph 118 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 118 consists of allegations of fact, each of those allegations is denied.

119.    To the extent that paragraph 119 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 119 consists of allegations of fact, each of those allegations is denied.

DAVIS WRIGHT TREMAINE LLP

ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT
Case No. C 07-2951 SI
SFO 406263v5 0023784-000227

120.    Defendant incorporates by reference, as though fully set forth herein, its responses to paragraphs 1 through 119 of the SAC, above.

121.    To the extent that paragraph 121 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  Defendant admits that Plaintiffs Ross, Burkhart, Housken and Prasad were each employed by Defendant in the State of California during some time period encompassed by the SAC.  All remaining allegations of fact in paragraph 121 are denied.

122.    To the extent that paragraph 122 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 122 consists of allegations of fact, each of those allegations is denied.

123.    To the extent that paragraph 123 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 123 consists of allegations of fact, each of those allegations is denied.

124.    To the extent that paragraph 124 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 124 consists of allegations of fact, each of those allegations is denied.

125.    To the extent that paragraph 125 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 125 consists of allegations of fact, each of those allegations is denied.

126.    To the extent that paragraph 126 of the SAC consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 126 consists of allegations of fact, each of those allegations is denied.

## RESPONSE TO PRAYER FOR RELIEF

1.    To the extent that paragraph 1 of the Prayer consists of conclusions of law, Defendant is not required to respond thereto.  To the extent that paragraph 1 of the Prayer consists of allegations of fact, each of those allegations is denied.

DAVIS WRIGHT TREMAINE LLP

ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT
Case No. C 07-2951 SI
SFO 406263v5 0023784-000227

1      2.      To the extent that paragraph 2 of the Prayer consists of conclusions of law,

2  Defendant is not required to respond thereto.  To the extent that paragraph 2 of the Prayer consists

3  of allegations of fact, each of those allegations is denied.

4      3.      To the extent that paragraph 3 of the Prayer consists of conclusions of law,

5  Defendant is not required to respond thereto.  To the extent that paragraph 3 of the Prayer consists

6  of allegations of fact, each of those allegations is denied.

7      4.      To the extent that paragraph 4 of the Prayer consists of conclusions of law,

8  Defendant is not required to respond thereto.  To the extent that paragraph 4 of the Prayer consists

9  of allegations of fact, each of those allegations is denied.

10      5.      To the extent that paragraph 5 of the Prayer consists of conclusions of law,

11  Defendant is not required to respond thereto.  To the extent that paragraph 5 of the Prayer consists

12  of allegations of fact, each of those allegations is denied.

13      6.      To the extent that paragraph 6 of the Prayer consists of conclusions of law,

14  Defendant is not required to respond thereto.  To the extent that paragraph 6 of the Prayer consists

15  of allegations of fact, each of those allegations is denied.

16      7.      To the extent that paragraph 7 of the Prayer consists of conclusions of law,

17  Defendant is not required to respond thereto.  To the extent that paragraph 7 of the Prayer consists

18  of allegations of fact, each of those allegations is denied.

19      8.      To the extent that paragraph 8 of the Prayer consists of conclusions of law,

20  Defendant is not required to respond thereto.  To the extent that paragraph 8 of the Prayer consists

21  of allegations of fact, each of those allegations is denied.

22      9.      To the extent that paragraph 9 of the Prayer consists of conclusions of law,

23  Defendant is not required to respond thereto.  To the extent that paragraph 9 of the Prayer consists

24  of allegations of fact, each of those allegations is denied.

25      10.      To the extent that paragraph 10 of the Prayer consists of conclusions of law,

26  Defendant is not required to respond thereto.  To the extent that paragraph 10 of the Prayer

27  consists of allegations of fact, each of those allegations is denied.

28

DAVIS WRIGHT TREMAINE LLP

ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT
Case No. C 07-2951 SI
SFO 406263v5 0023784-000227

1    **SEPARATE AND ADDITIONAL DEFENSES**

2    Defendant alleges the following separate and additional defenses:

3    FIRST SEPARATE AND ADDITIONAL DEFENSE

4    (Statute of Limitations)

5          1.      Each of Plaintiffs' and the putative class members' causes of action is barred, in

6    whole or in part, by applicable limitations periods, including but not limited to those limitations

7    periods asserted in California Code of Civil Procedure Sections 337, 338(a) and (c), and 340(a);

8    California Labor Code Section 203; Oregon Revised Statutes Sections 12.130, 12.080, 12.110(3),

9    12.080(4), and 12.080(1); California Business and Professions Code Section 17208; and 29 U.S.C.

10   section 216(b).

11   SECOND SEPARATE AND ADDITIONAL DEFENSE

12   (No Late Payment Claim Under Oregon Law)

13         2.      Plaintiffs' and the putative class members' eighth cause of action is barred in part

14   because it fails to meet the requirements of Oregon law, as Plaintiffs and putative class members

15   may not recover penalties in excess of 100% of allegedly underpaid wages because Plaintiffs

16   failed to send Defendant written notice of non-payment, and Defendant has not willfully violated

17   ORS 652.150 or 652.145 one or more times in the time period covered by Plaintiffs' SAC.

18   THIRD SEPARATE AND ADDITIONAL DEFENSE

19   (*Colorado River* Abstention/First to File)

20         3.      Each of Plaintiffs' and the putative class members' causes of action should be

21   stayed or dismissed under the *Colorado River* and/or first-to-file doctrines to the extent to which

22   other actions asserting virtually identical claims are pending in various fora in Oregon.

23   FOURTH SEPARATE AND ADDITIONAL DEFENSE

24   (Claim/Issue Preclusion)

25         4.      Each of Plaintiffs' and the putative class members' causes of action, and issues

26   therein including without limitation the allegations that the claims in this case are appropriate for

27   class action treatment or collective action treatment, are barred in whole or in part by the doctrines

28   of claim preclusion or issue preclusion.

DAVIS WRIGHT TREMAINE LLP

ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT
Case No. C 07-2951 SI
SFO 406263v5 0023784-000227

DAVIS WRIGHT TREMAINE LLP

### FIFTH SEPARATE AND ADDITIONAL DEFENSE
(Failure to Exhaust Administrative Remedies)

5.      Plaintiffs' and the putative class members' claims under the Private Attorneys General Act of 2004, Labor Code section 2698 *et seq.*, are barred in whole or in part because Plaintiffs have failed to exhaust the administrative remedies provided therein.

### SIXTH SEPARATE AND ADDITIONAL DEFENSE
(Waiver)

6.      Each of Plaintiffs' and the putative class members' causes of action is barred, in whole or in part, to the extent Plaintiffs or putative class members waived those claims by entering into releases with Defendant upon termination of their employment or in connection with other disputes or circumstances.

### SEVENTH SEPARATE AND ADDITIONAL DEFENSE
(Laches)

7.      Plaintiffs' and the putative class members' eleventh cause of action (erroneously labeled their twelfth cause of action) is barred, in whole or in part, by the doctrine of laches.

### EIGHTH SEPARATE AND ADDITIONAL DEFENSE
(Estoppel)

8.      Plaintiffs' and the putative class members' eleventh cause of action (erroneously labeled their twelfth cause of action) is barred, in whole or in part, by the doctrine of estoppel.

### NINTH SEPARATE AND ADDITIONAL DEFENSE
(Good Faith)

9.      Plaintiffs' and the putative class members' eighth and eleventh (erroneously labeled twelfth) causes of action are barred, in whole or in part, because Defendant acted reasonably and in good faith at all times based on all relevant facts and circumstances known by it at the time Defendant so acted.

### TENTH SEPARATE AND ADDITIONAL DEFENSE
(Exemption)

10.      Plaintiffs' and the putative class members' first, second, fourth, fifth, sixth,

seventh, eighth, ninth, tenth, and eleventh (erroneously labeled twelfth) causes of action are

barred, in whole or in part, because Plaintiff Kelly Smith was exempt from state and federal

overtime provisions during her employment with Defendant.

### ELEVENTH SEPARATE AND ADDITIONAL DEFENSE
(Offset)

11.    Any recovery by Plaintiffs or by putative class members on the first, second,

third, fourth, fifth, sixth, seventh, eighth, ninth, or eleventh (erroneously labeled twelfth) causes of

action must be reduced, in whole or in part, by such amounts they received in overpayments

including, but not limited to, payments for time recorded but not actually worked, for upward

rounding of time, or for overpayments upon or following the end of the employment relationship.

### TWELFTH SEPARATE AND ADDITIONAL DEFENSE
(Offer and Acceptance)

12.    Plaintiffs' and the putative class members' claims for penalties are barred, in

whole or in part, to the extent to which penalties purportedly owed by Defendant have been paid.

### THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE
(Penalties/Punitive Damages Excessive)

13.    To the extent that the SAC seeks penalties or punitive damages, it violates

Defendant's right to protection from "excessive fines" under Article 1, Section 17 of the

California Constitution, and it violates Defendant's right to substantive due process as provided in

the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 7 of

the California Constitution, the Oregon Constitution's bar on excessive fines and penalties at

Article 1, Section 16, and under applicable state law.

### FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE
(No Attorney Fees Under Oregon Law)

14.    Plaintiffs' and the putative class members' claim for attorney fees under ORS

section 652.200 is barred to the extent that Plaintiffs or putative class members willfully violated

their employment contracts, and/or failed to provide notice of their claim.

DAVIS WRIGHT TREMAINE LLP

ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT
Case No. C 07-2951 SI
SFO 406263v5 0023784-000227

1

2

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE
(No Liquidated Damages)

3    15.    Plaintiffs' and the putative class members' claim for liquidated damages is barred

4    in whole or in part, as Plaintiffs fail to meet the requirements under the Fair Labor Standards Act,

5    and California Labor Code Sections 1194 and 1194.2 do not authorize an award of liquidated

6    damages for alleged unpaid overtime.

7

8

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE
(Penalties Unjust, Arbitrary and Oppressive, or Confiscatory)

9    16.    Plaintiffs' and the putative class members' claim for penalties pursuant to the

10   Private Attorneys General Act of 2004, California Labor Code section 2698 *et seq.*, is barred in

11   whole or in part because such penalties would result in an award that is unjust, arbitrary and

12   oppressive, or confiscatory.

13

14

## SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE
(Preemption Under National Bank Act)

15   17.    Plaintiffs' and the putative class members' eleventh cause of action (erroneously

16   labeled their twelfth cause of action) is barred to the extent that this claim is preempted by the

17   National Bank Act, 12 U.S.C. section 24 *et seq.*

18       //

19       //

20       //

21       //

22       //

23       //

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP

1

**PRAYER**

2    WHEREFORE, Defendant U.S. BANK NATIONAL ASSOCIATION prays:

3    1.    That Plaintiffs take nothing by way of their SAC;

4    2.    That Defendant be awarded judgment in its favor and against Plaintiffs;

5    3.    That Defendant be awarded its costs of suit incurred herein and reasonable

6    attorneys' fees, and is entitled to recover its attorney fees under ORS 653.055, ORS 652.615, and

7    Labor Code section 218.5; and

8    4.    That Defendant have such other relief as the Court may deem just and proper.

9    DATED: April 28, 2008.

10                                 Respectfully submitted,

11                                 DAVIS WRIGHT TREMAINE LLP

12    By:    _____/s/ Judith Droz Keyes_____
                    Judith Droz Keyes
13    Attorneys for Defendant
      U.S. BANK NATIONAL ASSOCIATION

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP

ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT
Case No. C 07-2951 SI
SFO 406263v5 0023784-000227