| Class/Status | Named Plaintiff | Status | Action before Class Certification Motion | Due Date |
|---|---|---|---|---|
| Sales and Service Manager Misclassification<br><br>1. FLSA Class — covering Oregon and Washington<br><br>2. Rule 23 state-law class based on Oregon law (primarily for overtime plus Oregon late pay penalties for unpaid overtime) **Defendant is uncertain regarding this bifurcated class.** | Smith, an Oregon resident, is the only named plaintiff. | Stayed. | 1. Plaintiff is moving to lift the stay on these misclassification classes and on Smith's other claims. This is based on there being no class certification in *Tate v US Bank* in Oregon. **Defendant will decide whether to oppose lifting the stay when it sees the motion.**<br><br>2. Discovery: Plaintiff will seek a list of names, addresses and phone numbers of putative class members for purposes of gathering declarations to support motions for class certification. Plaintiff contends this disclosure is necessary to prevent Defendant from having an unfair advantage in gathering declarations to oppose class certification and that similar disclosure has been ordered by other courts. **Defendant will oppose on the basis of this discovery being premature and invasive of employees' privacy and on the basis that this information was previously provided for the same stated purpose and plaintiffs could not meet the standards for certification.** Budget 3 months for the discovery request and for a motion to compel production, plus 3 months to gather declarations in support of class certification — for a total of six months. | 1. Motion for conditional certification of FLSA class due October 1, 2008.<br><br>2. Motion for Rule 23 class certification of Oregon state-law class due February 15, 2009.<br><br>3. Separate trial at time to be determined. **Defendant opposes the notion of separate trials.** |
| Automated Rounding of Employee work time | Ramos, an Oregon resident, is the only named plaintiff. | Stayed. | Await ruling in *Lowdermilk v US Bank* in Oregon Circuit Court. | None. |
| 1. FLSA class — covering Calif., Oregon and | | | | |

| | | | |
|---|---|---|---|
| Washington 2. Rule 23 state law class based on Oregon law (primarily for unpaid regular and overtime wages plus late pay penalty) | | | |
| California in-store bank branches: 3 Rule 23 classes under California law only for meal break/ rest break/ off-the-clock | Prasad, Ross, Burkhart and Housken – all California residents | Putative classes. Discovery on-going. | Discovery: Plaintiff will seek a list of the names, addresses and phone numbers of putative class members for purposes of gathering declarations to support a motion for class certification. Plaintiff contends this disclosure is necessary to prevent Defendant from having an unfair advantage in gathering declarations to oppose class certification. **Defendant will oppose on the basis of this discovery being premature and invasive of employees' privacy.** Budget 2 months for a motion to compel production plus 3 months to gather declarations – for a total of five months. | 1. Motions for class certification due February 15, 2009. 2. Trial date to be determined. **Defendant opposes multiple trials.** |
| California Waiting Time (Calif. Labor Code Section 203) – All US Bank California employees (Rule 23 class) | Prasad, Ross, Burkhart, and Housken | Putative class. Discovery on-going. | 1. Discovery: a) Plaintiffs will seek a representative sample of payroll data for purposes of class certification motion. **There may be a disagreement regarding what the representative sample will be, requiring Court resolution. Defendant contends that any information will be without personal identifying information. Defendant will not know until after further discovery whether Plaintiffs have standing to assert this** | 1. Motion for class certification due February 15, 2009. 2. Trial to be bifurcated from that of California in-store bank |

| | | | |
|---|---|---|---|
| California Lost Time Deduction | Burkhart and Ross – all California residents. | Putative class. Discovery on-going. Discovery will not be extensive. | **claim.** Allow 2 additional months for depositions of named plaintiffs, 2 months for motion to compel production, plus 3 months for plaintiffs' database and statistics consultants to analyze and produce reports based on the sample data. **Defendant opposes multiple trials.** branch classes. |
| | | | c) Need total of 7 months to obtain and process sample data. |
| | | | 1. This issue may be suitable for a preliminary determination of whether US Bank's lost time deduction (more accurately described "exception time" procedure) is lawful under California law because it is possible that there will be few if any questions of fact. **Defendant thinks this may change depending on clarification of Plaintiffs' claim.** 1. Motion class certification due February 15, 2009. |
| | | | Note: Plaintiff Smith also has an Oregon state-law claim for lost time deduction. No class will be sought for Oregon lost time deduction. Smith's individual claim may be pursued if the stay is lifted. 2. Trial date, at least on liability, may be unnecessary if liability issues can be determined by motion(s). |