1  JOSE R. MATA, SBN 83724, OSB 80305
   E-Mail: JMata@wagelawyer.com
2  **BAILEY PINNEY, PC**
   1498 SE Tech Center Place, Suite 290
3  Vancouver, WA 98683
   Telephone: (360)567-2551; Fax: (360)567-3331
4
   BONNIE MAC FARLANE, SBN 161526
5  E-Mail:  BMacfarlane@wagelawyer.com
   **BAILEY PINNEY, PC**
6  720 Howe Street, Suite 113
   Sacramento, CA 95825
7  Telephone: (916)923-5537; Fax: (916)923-5587
8  SUSAN SIMMONS SEEMILLER SBN 150546
   E-Mail: SSeemiller@wagelawyer.com
9  **BAILEY PINNEY, PC**
   840 County Square Drive
10 Ventura, CA 93003
   Telephone: (805) 339-9090; Fax:  (805) 339-0090
11
   Attorneys for Plaintiffs Ross, Prasad, Smith,
12 Housken, Burkhart and Ramos

13              **IN THE UNITED STATES DISTRICT COURT**

14          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

15

16
   Ann Ross,Dennis Ramos, Maurita Prasad,      Case No. C 07-02951 SI
17 Tamara Burkhart, Nannette Housken and
   Kelly Smith, individually and on behalf of   **PLAINTIFFS' MOTION TO**
18 all others similarly situated,,              **PARTIALLY LIFT THE *COLORADO***
                                                **RIVER STAY AS TO THE CLAIMS**
19                    Plaintiffs,               **OF PLAINTIFF SMITH**

20 vs.
                                                Date:      July 25, 2008
21 US BANK NATIONAL ASSOCIATION,                Time:      9:00 a.m.
   dba US BANK,                                 Ctrm:      10
22                    Defendant.

23                                              Hon.  Susan Illston

24
25 **TO DEFENDANT AND ITS ATTORNEYS OF RECORD:**

26        Plaintiff Smith hereby gives notice of her motion to be heard at the time and place stated above,

27 and moves for an order to partially lift the *Colorado River* stay imposed by this Court's Order of

28 February 13, 2008 (Document 8) (the "Stay Order").  Specifically, Plaintiff Smith seeks to lift the stay

1    of her sales ans service manager misclassification claims based on the Fair Labor Standards Act and

2    Oregon law.  She seeks to pursue these misclassification claims on behalf of a putative FLSA and

3    Oregon classes.  Plaintiff Smith also seeks a partial lift of the stay as to her Oregon lost time deduction

4    claim, which she seeks to pursue only as an individual claim.

5         The specific FLSA and Oregon claims, as alleged in the Second Amended Complaint, for

6    which the above relief is sought are:

7         1)    Fourth Cause of Action, "Failure to Pay Overtime, Sales and Service Managers", which

8              asserts misclassification claims under the FLSA (for FLSA putative collective actions

9              in Oregon and Washington) and under Oregon law (for an Oregon state law putative

10             Rule 23 class);

11        2)    Eighth Cause of Action, "Late Payment of Wages at the End of Employment," but only

12             to the extent it asserts a claim for an Oregon late payment penalty arising from the

13             misclassification of Oregon sales and service managers (for the Oregon state law

14             putative Rule 23 class);

15        3)    Fifth Cause of Action, "Unauthorized Lost Time Deductions," for an individual claim

16             by Plaintiff Smith under Oregon law.

17   This motion is based upon the following points and authorities and the accompanying Declaration of

18   Jose R. Mata.

19

20                    **MEMORANDUM OF POINTS AND AUTHORITES**

21   I.    PLAINTIFF SMITH'S CLAIMS WERE STAYED BASED ON *TATE,* WHICH IS NO

22         LONGER PROCEEDING AS A PUTATIVE CLASS ACTION

23         The February 13, 2008 Order stayed the claims of Oregon class members, including Plaintiff

24   Smith.  Smith's sales and service manager misclassification claims were stayed based on sales and

25   service manager misclassification claims that were being pursued for a putative class action in *Tate v.*

26   *U.S. Bank National Association* (Multnomah County Oregon Circuit Court, Case No. 0607-07188)

27   (hereinafter "*Tate*").  The stay of Oregon class claims was also based upon *Lowdermilk v U.S. Bank*

28   *National Association* (Multnomah County Oregon Circuit Court Case No. 0603-03335), but that case

1    does not involve sales and service manager misclassification claims.  Accordingly, only *Tate* is

2    relevant to the stay of Plaintiff Smith's sales and service manager misclassification claims.

3         This Court's May 12, 2008 Order Denying Denying Plaintiffs' Motion for Clarification

4    (Document 110, "Clarification Order") stated that "the Court imposed the *Colorado River* stay because

5    the SSM claim is pending in state court in *Tate*."  (Clarification Order, 2:13-14).  The Court further

6    stated that "[i]f plaintiffs wish to lift the stay on the SSM claim, they may file a motion to partially lift

7    the stay." (*Id.,* 3:1-3).  Because *Tate* is now proceeding only as an individual claim, Plaintiff Smith

8    now moves for a partial lift of the stay as to her SSM miscalssification claims and her Oregon lost time

9    deduction claim.

10        The record in *Tate* establishes that it is no longer proceeding as a class action.   The previously

11   filed Declaration of David A. Schuck in Support of Plaintiff's Reply in Support of Plaintiff's Motion

12   to Clarify the Stay (April 11, 2008, Document 101, "Schuck Decl."), states that the Honorable Circuit

13   Judge Janice Wilson set a deadline of Monday, April 21, 2008 for the filing of a motion for class

14   certification in *Tate*.  (Schuck Decl., ¶ 2).  Judge Wilson's imposition of an April 21, 2008 deadline for

15   filing a motion for class certification precludes the *Tate* plaintiff from filing a motion for class

16   certification after that date.  (*Id.,* ¶ 3).   As indicated below, no motion for class certification was filed

17   by Plaintiffs in *Tate*.  *Tate* is now proceeding only as an individual action.

18        In an April 28, 2008 letter to the counsel of record in *Tate*, Judge Wilson states, "I understand

19   that Mr. Tate has elected not to pursue a motion for class certification, but I see no reason not to

20   proceed under the case management order.  That order did anticipate the possibility that the matter

21   would not proceed as a class action."  (Decl. of Jose Mata in Support of Motion to Partially Lift the

22   Stay, Ex. 1).

23   II.   BECAUSE *TATE* IS NOT PROCEEDING AS A CLASS ACTION THE *COLORADO RIVER*

24         STAY SHOULD BE PARTIALLY LIFTED AS TO FLSA AND OREGON SSM CLAIMS

25         Plaintiff Smith seeks a partial lift of the *Colorado River* stay as follows:

26         1)    Fourth Cause of Action, "Failure to Pay Overtime, Sales and Service Managers",

27               which asserts misclassification claims under the FLSA (for FLSA putative collective

28               actions in Oregon and Washington) and under Oregon law (for an Oregon state law

1    putative Rule 23 class).  There is now no possibility that these claims on behalf of

2    Plaintiff Smith and the putative classes will be resolved in *Tate*.

3    2)    Eighth Cause of Action, "Late Payment of Wages at the End of Employment," but only

4    to the extent it asserts a claim for an Oregon late payment penalty arising from the

5    misclassification of Oregon sales and service managers (for the Oregon state law

6    putative Rule 23 class).  The late pay penalty is the primary remedy that is provided for

7    under Oregon law in a misclassification claim – in addition to the payment of the

8    unpaid overtime itself.  This would allow an Rule 23 class to recover this penalty based

9    upon Oregon law.

10   3)    Fifth Cause of Action, "Unauthorized Lost Time Deductions," for an individual claim

11   by Plaintiff Smith under Oregon law.

12   Because *Tate* is now proceeding only as an individual claim, the rational for the *Colorado River* stay

13   of the above claims has disappeared.  The stay should now be partially lifted to the extent stated above.

14   ## CONCLUSION

15   For the above reasons, Plaintiffs' motion to partially lift the *Colorado River* stay should be

16   granted.

18   Dated: March 28, 2008              Bailey Pinney, PC

20   By _____/s/_____
     Jose R. Mata
21   Attorneys for Plaintiffs Ross, Prasad, Burkhart, Housken, Smith
     and Ramos