JOSE R. MATA, SBN 83724, OSB 80305
E-Mail: JMata@wagelawyer.com
**BAILEY PINNEY, PC**
1498 SE Tech Center Place, Suite 290
Vancouver, WA 98683
Telephone: (360)567-2551; Fax: (360)567-3331

BONNIE MAC FARLANE, SBN 161526
E-Mail:  BMacfarlane@wagelawyer.com
**BAILEY PINNEY, PC**
720 Howe Street, Suite 113
Sacramento, CA 95825
Telephone: (916)923-5537; Fax: (916)923-5587

SUSAN SIMMONS SEEMILLER SBN 150546
E-Mail: SSeemiller@wagelawyer.com
**BAILEY PINNEY, PC**
840 County Square Drive
Ventura, CA 93003
Telephone: (805) 339-9090; Fax:  (805) 339-0090

Attorneys for Plaintiffs Ross, Prasad, Smith,
Housken, Burkhart and Ramos

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ann Ross,Dennis Ramos, Maurita Prasad, Tamara Burkhart, Nannette Housken and Kelly Smith, individually and on behalf of all others similarly situated,, <br><br> Plaintiffs, <br><br> vs. <br><br> US BANK NATIONAL ASSOCIATION, dba US BANK, <br> Defendant. | Case No. C 07-02951 SI <br><br> **PLAINTIFFS' MOTION TO SEVER AND TRANSFER THE CLAIMS OF PLAINTIFF SMITH** <br><br> Date:      October 3, 2008 <br> Time:      9:00 a.m. <br> Ctrm:      10 <br><br> Hon.  Susan Illston |

**TO DEFENDANT AND ITS ATTORNEYS OF RECORD:**

Plaintiffs hereby gives notice of their motion to be heard at the time and place stated above, and

move for an order regarding Plaintiff Smith's claims (including her putative class and FLSA collective

claims)  as follows:

      a)      To sever her claims under FRCP Rules 20(b) and 21, to create a separate action; and

      b)      To transfer the severed separate action to the District of Oregon under 28 U.S.C. § 1404(a).

If the *Colorado River* stay imposed by this Court's Order of February 13, 2008 (Document 8) (the "Stay Order") is still in effect, then she further moves for a temporary and partial lift of the stay for purposes of the above severance and transfer.  Specifically, Plaintiff Smith seeks to sever and transfer her sales and service manager misclassification claims based on the Fair Labor Standards Act and Oregon law.  Plaintiff Smith also seeks to sever and transfer her Oregon "lost time deduction" and late pay claims.

The specific FLSA and Oregon claims (including her putative class and FLSA collective claims) , as alleged in the Second Amended Complaint, which she seeks to sever and transfer are:

      1)      Fourth Cause of Action, "Failure to Pay Overtime, Sales and Service Managers," which asserts misclassification claims under the FLSA and under Oregon law;

      2)      Eighth Cause of Action, "Late Payment of Wages at the End of Employment," but only to the extent it asserts a claim for an Oregon late payment penalty arising from the misclassification of Oregon sales and service managers;

      3)      Fifth Cause of Action, "Unauthorized Lost Time Deductions" for Plaintiff Smith under Oregon law (this includes a claim for minimum wage violations caused by the deduction).

This motion is based upon the following points and authorities and the accompanying Declaration of Jose R. Mata.

## MEMORANDUM OF POINTS AND AUTHORITES

### A.    Summary of Argument

The claims of Plaintiff Smith qualify for severance under FRCP Rules 20(b) and 21 because the presence of her claims in the current action render it excessively complex and may cause confusion of the jury.  Further, the outcome of her claims is not related to the outcome of other claims in this action.  Misjoinder is not a requirement for severance under Rule 21.

1    The severed case may be transferred for the "convenience of parties, witnesses and in the

2    interest of justice" to a district where it might have been brought.  28 U.S.C. § 1404(a).  There is no

3    time limit for making a motion to transfer for convenience under Section 1404(a).  Oregon is a

4    convenient forum because the named plaintiff resides in Oregon, Defendant's challenged practices

5    took place in Oregon and Washington, all putative class members worked for Defendant in Oregon and

6    Washington, and the Oregon federal court is likely to be more familiar with the Oregon law involved

7    in the Oregon state law claims.  For the above reasons, this action could have originally been brought

8    in Oregon.  This Court should therefore transfer the severed action to the District of Oregon.

9    **B.    Factual Summary.**

10    Defendant employed Plaintiff Smith at a branch in Seaside, Oregon, at least part of the time as

11    a sales and service manager.  Deft's Answer, ¶ 10.  While employed as a sales and service manager,

12    Defendant paid her on a salary basis.  *Id.*  Plaintiff's claims arise out of her employment for Defendant

13    in Oregon.

14    Plaintiffs Ross, Prasad, Housken, and Burkhart were all employed by Defendant at in-store

15    bank branches in California.  *Id.* at ¶'s 5-8.  Plaintiff Ramos worked for Defendant in Oregon (*Id.* at ¶

16    9), but his claims remain stayed.

17    At the most recent case management conference on May 30, 2008, there was discussion

18    regarding the complexity of this action and the management issues that would be presented during a

19    trial of this action.  Mata Decl.  ¶ 3.  The parties were instructed by the Court to appear at a further

20    case management conference after exploring and conferring regarding means of simplifying this action

21    – particularly any trial.  *Id.*  In response to the case management conference, Plaintiffs determined that

22    the claims of Plaintiff Smith should be severed and transferred to Oregon.  *Id.* at ¶ 4.  For that reason,

23    Plaintiffs move to sever and change venue.

24    **B.    The claims of Plaintiff Smith should be severed under Rules 20(b) and 21.**

25    **1.    This court has discretion to sever claims to avoid confusion, delay and expense.**

26    F.R.C.P. Rule 20(b) grants district courts authority to "issue orders" that protect against

27    "embarrassment, delay, expense, or other prejudice."  This includes authority to sever claims for

28    transfer to other districts.  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000).

1  F.R.C.P Rule 21 also grants broad authority and discretion to sever claims.  A district court has

2  discretion to sever claims under Rule 21 as long as the claims are "discrete and separate."  *Gaffney v.*

3  *Riverboat Servs.*, 451 F.3d 424, 442 (7th Cir. 2006).  "Discrete and separate" means that "one claim

4  must be capable of resolution despite the outcome of the other claim."  *Id.*  District courts have broad

5  discretion under Rule 21 and may sever claims on their own initiative to avoid confusion and delay.

6  *Davis v. United States*, 2007 U.S. Dist. LEXIS 58781, * 2-3 (E.D. Cal., July 27, 2007) (Claims of

7  different inmates against the same correctional institution severed to avoid confusion and delay);

8  *Maddox v. County of Sacramento*, 2006 U.S. Dist. LEXIS 83105, *5-8 (E.D. Cal. Nov. 3, 2006)

9  (Courts have unfettered discretion to sever discrete and separate claims).  Thus, under either Rule

10  20(b) or Rule 21, this Court has authority to sever discrete and separate claims to avoid expense,

11  complexity, or confusion.

12        Severing claims creates a separate action.  *FDIC v. McGlamery*, 74 F.3d 218, 222 (10th Cir.

13  1996).  *Davis v. United States* at * 3 (Court directing that new actions be opened for the severed

14  claims).  "As a general matter, Rule 21 severance creates two discrete, independent actions, which then

15  proceed as separate suits for the purpose of finality and appealability." *Gaffney* at 441.

16        Further, "[A] court, of its own initiative, may sever any claim against a party." *Gintz v. Jack in*

17  *the Box, Inc.*, 2007 U.S. Dist. LEXIS 10722,  (N.D. Cal. 2007).  *See also*: *Davis v. United States* supra.

18  (Court severed plaintiffs' claims on its own initiative).   Because a Court can act on its own initiative,

19  it is irrelevant which party moves for severance.

20        **2.      This court should exercise its discretion to sever Plaintiff Smith's claims.**

21        Regardless of whether Plaintiff Smith's claim qualifies for joinder under F.R.C.P. Rule 20(a),

22  this Court has discretion to sever her claims.  In *Coleman*, ten plaintiffs, from several states, sued

23  Quaker Oats for employment discrimination.  In ruling on a motion for severance, the district court

24  first found that the plaintiffs' case met the requirements for permissive joinder under Rule 20(a).

25  *Coleman at 1296.*  Nevertheless, because a single trial of all claims would be prejudicial and

26  confusing, the district court severed the action and "ordered the cases sent to the districts in which the

27  plaintiffs had worked for Quaker."  *Id.* at 1280.  Affirming the severance, the Ninth Circuit found that

28  a single trial would have been prejudicial to Quaker and confusing to the jury because of the different

1  facts for each of the different plaintiffs, and because of the differences in law from state to state. *Id.* at

2  1297.

3       Similarly, Plaintiff Smith and the California plaintiffs worked for Defendant in different states

4  – Oregon and California.  As in *Coleman*, there is also the factor of different state laws.  Plaintiff

5  Smith has claims for Oregon late pay penalty and for "lost time" deduction arising under Oregon law.

6  In contrast, the claims of the California plaintiffs arise under California law.  A factor present here that

7  was not present in *Coleman* is that Plaintiff Smith's sales and service manager misclassification claim

8  is legally and factually distinct from any claim asserted by the California plaintiffs – rest period claim,

9  meal period claim, off-the-clock claim, waiting time claim (based on final checks being paid late), and

10  lost time deduction (under California law).  Thus, there is no question that Plaintiff Smith's claims are

11  discrete and separate.  Also, the presence of Plaintiff Smith's claims unnecessarily complicates and

12  confuses the issues presented in this action.  *Coleman* is therefore more than adequate authority both

13  for severing Plaintiff Smith's claims, and also for transferring them to the District of Oregon, where

14  her claims arose.

15       Further authority for severing Plaintiff Smith's claims is *Gintz v. Jack in the Box, Inc.*, *supra*.

16  In *Gintz,* the district court had previously stayed or dismissed claims of California class members and

17  allowed the claims of non-California class members to proceed.  *Id.* at *3.  After the defendant moved

18  to transfer venue under 28 U.S.C. § 1404(a) from the Northern District of California to the Northern

19  District of Texas, the Court determined that for the California class members, convenience weighed in

20  favor of retaining the action in California.  However, for non-California class members, convenience

21  weighed in favor of the transfer to the Northern District of Texas.  The Court solved the problem by

22  severing the claims of the California and non-California class members and transferring the claims of

23  the non-California class members to the Northern District of Texas.

24       Plaintiff's Smith's claims are brought on behalf of herself – an Oregon resident – and on behalf

25  of putative collective and class members in Oregon and Washington.  As discussed above, her claims

26  are separate and discrete from those of the California plaintiffs.  Thus, *Gintz* supports severing her

27  claims and transferring them to the District of Oregon.

28  **B.     Plaintiff Smith's claims should be transferred to the District of Oregon**

1    **1.    A motion to transfer under 28 U.S.C. § 1404(a) is timely.**

2        *"*Section 1404(a) does not include a time limitation." *Schwilm v. Holbrook*, 661 F.2d 12, 16

3    (3d Cir. Pa. 1981).  Because a Secton 1404(a) motion to transfer venue is not an objection to improper

4    venue, it need not be made before an answer is filed.  *Nowotny v. Turner*, 203 F. Supp. 802, 805

5    (M.D.N.C. 1962).  Although undue delay may be a factor if prejudicial, the mere passage of time is not

6    sufficient to deny a motion to transfer venue under Section 1404(a).  *Baumgarner v. Japan Airlines*

7    *Company Ltd.,* 1992 U.S. Dist. LEXIS 15109, *1 n. 1  (N.D. Cal. 1992); *Blumenthal v. Management*

8    *Assistance, Inc.*, 480 F. Supp. 470, 471 (N.D. Ill. 1979).  Because this case is still in the early stages –

9    Smith's claims have been stayed, and discovery on these claims has not commenced – time should not

10    be a factor in ruling on this motion to transfer.

11    **2.    Plaintiffs are entitled to move to change venue under § 1404(a).**

12        It is settled law that plaintiffs are not bound with their choice of forum.  Plaintiffs as well as

13    defendants may move for a change of venue under Section 1404(a).  *Ferens v. John Deere Co.,* 494

14    U.S. 516 (1990) held that the same choice of law considerations that govern a motion for a change of

15    venue by a defendant apply to motions for change of venue by plaintiffs.  "The Supreme Court has

16    clearly indicated that either a defendant or a plaintiff can move for change of venue under § 1404(a)

17    and that the same treatment and consideration should be given to the motion for transfer regardless of

18    who the movant of that motion may be." *In re Volkswagen AG,* 371 F.3d 201, 204 (5th Cir. 2004),

19    followed in *United States v. Kunkle*, 2006 U.S. Dist. LEXIS 8654, *10-12 (W.D. Mich., 2006).

20    **3.    Plaintiff Smith's claims could have been brought in the District of Oregon.**

21        Section 1404(a) allows transfer to any district where the case might have been brought.  A

22    change of venue to the District of Oregon is possible because Plaintiff Smith's claims arose in Oregon.

23    28 U.S.C. § 1391(a)(2).

24    **4.    The District of Oregon is the more convenient forum.**

25        In *Gintz*, the Court noted that several factors must be considered in deciding a motion for

26    change of venue under Section 1404(a).  These include the plaintiff's initial choice of forum, the

27    convenience of the parties, and the interests of justice.  *Gintz* at * 4.

28        The plaintiff's initial choice of forum is given less weight in class actions.  *Id. at *5.*  This

1  factor is of little if any weight where the plaintiff is moving for a change of venue. *See:  Schwilm v.*

2  *Holbrook, supra.*  (The plaintiff's choice of forum not discussed where it was the plaintiff that moved

3  for a change of venue).

4          The "convenience of the parties" factor weighs in favor of a transfer to the District of Oregon.

5  Under "convenience," *Gintz* considered the access to sources of proof, the availability of witnesses, an

6  interest in having local controversies decided in a local forum, and the unfairness of burdening jurors

7  with a controversy arising in another locale.  *Gintz* at *8-9.

8          Access to sources of proof and witnesses favors the District of Oregon.  Defendant's records

9  that apply to Plaintiff Smith's case are retained in bank branches that are going to be found in Oregon

10 or Washington, but probably not in California.  This factor favors the District of Oregon as convenient.

11         Access to witnesses also favors the District of Oregon.  Putative class members in the putative

12 FLSA collective reside in Oregon and Washington.  They are likely to be a significant number of the

13 witnesses.  Other potential witnesses are local managers of Defendant, most of whom are probably in

14 Oregon.  It is not likely that any significant number of witnesses to Plaintiff Smith's claims will be

15 found in California.

16         Finally, the controversy involves Oregon and Washington because Defendant does not employ

17 sales and service managers in California – at least none that Plaintiffs are aware of.  Therefore, this

18 controversy will center in Oregon and Washington.

19         For all these reasons, the District of Oregon is the more convenient forum.

20 **C.     Conclusion.**

21         For all of the above reasons, the claims of Plaintiff Smith should be severed under F.R.C.P.

22 Rules 20(b) and 21.  A new action should be opened for this case.  The case should then be transferred

23 to the District of Oregon under 28 U.S.C. § 1404(a).

24

25 Dated: June 27, 2008                    Bailey Pinney, PC

26

27                                         By _____/s/_____
                                           Jose R. Mata
28                                         Attorneys for Plaintiffs Ross, Prasad, Burkhart, Housken, Smith
                                           and Ramos