JOSE R. MATA, SBN 83724, OSB 80305
E-Mail: JMata@wagelawyer.com
**BAILEY PINNEY, PC**
1498 SE Tech Center Place, Suite 290
Vancouver, WA 98683
Telephone: (360)567-2551; Fax: (360)567-3331

BONNIE MAC FARLANE, SBN 161526
E-Mail:  BMacfarlane@wagelawyer.com
**BAILEY PINNEY, PC**
720 Howe Street, Suite 113
Sacramento, CA 95825
Telephone: (916)923-5537; Fax: (916)923-5587

SUSAN SIMMONS SEEMILLER SBN 150546
E-Mail: SSeemiller@wagelawyer.com
**BAILEY PINNEY, PC**
840 County Square Drive
Ventura, CA 93003
Telephone: (805) 339-9090; Fax:  (805) 339-0090

Attorneys for Plaintiffs Ross, Prasad, Smith,
Housken, Burkhart and Ramos

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ann Ross, Dennis Ramos, Maurita Prasad, Tamara Burkhart, Nannette Housken and Kelly Smith, individually and on behalf of all others similarly situated,,<br><br>Plaintiffs,<br><br>vs.<br><br>US BANK NATIONAL ASSOCIATION, dba US BANK,<br>Defendant. | Case No. C 07-02951 SI<br><br>**PLAINTIFFS' MOTION TO PARTIALLY AND TEMPORARILY LIFT THE STAY AND TO SEVER AND TRANSFER THE CLAIMS OF PLAINTIFF RAMOS TO THE DISTRICT OF OREGON**<br><br>Date:      October 3, 2008<br>Time:      9:00 a.m.<br>Ctrm:      10<br><br>Hon.  Susan Illston |

**TO DEFENDANT AND ITS ATTORNEYS OF RECORD:**

Plaintiffs hereby gives notice of their motion to be heard at the time and place stated above, and move for an order regarding Plaintiff Ramos' claims (including his putative class and FLSA collective

claims) as follows:

    a)    To partially and temporarily lift the *Colorado River* stay imposed by this Court's Order of February 13, 2008 (Document 8) for purposes of considering this motion to sever and transfer;

    b)    To sever his claims (including his putative class and FLSA collective claims) under FRCP Rules 20(b) and 21, to create a separate action; and

    c)    To transfer the severed separate action to the District of Oregon under 28 U.S.C. § 1404(a).

Specifically, Plaintiff Ramos seeks to sever and transfer his unpaid wage, minimum wage, and overtime claims based on truncation and unauthorized deduction under the Fair Labor Standards Act and Oregon law.

The specific FLSA and Oregon claims, as alleged in the Second Amended Complaint, which he seeks to sever and transfer are:

    1)    First Cause of Action, "Failure to Pay Wages," which asserts unpaid wages due to Defendant's truncation of Plaintiff Ramos' time under the FLSA and under Oregon law.

    2)    Second Cause of Action, "Failure to Pay Minimum Wages."

    3)    Third Cause of Action, "Failure to Pay Overtime Wages (Hourly)," which asserts unpaid wages due to Defendant's truncation of Plaintiff Ramos' time under the FLSA and under Oregon law.

    4)    Fifth Cause of Action, "Unauthorized Lost Time Deductions."

    5)    Eighth Cause of Action, "Late Payment of Wages at the End of Employment."

This motion is based upon the following points and authorities and the accompanying Declaration of Jose R. Mata.

### MEMORANDUM OF POINTS AND AUTHORITES

**A.    Summary of Argument**

The claims of Plaintiff Ramos – based on Defendant's used of an automated electronic truncation time sheet – qualify for severance under FRCP Rules 20(b) and 21 because the presence of his claims in the current action render it excessively complex and may cause confusion of the jury.

1   Further, the outcome of his claims is not related to the outcome of other claims in this action.
2   Misjoinder is not a requirement for severance under Rule 21.
3        The severed case may be transferred for the "convenience of parties, witnesses and in the
4   interest of justice" to a district where it might have been brought. 28 U.S.C. § 1404(a). There is no
5   time limit for making a motion to transfer for convenience under Section 1404(a). Oregon is a
6   convenient forum because the named plaintiff resides in Oregon. While Plaintiff believes that
7   Defendant's challenged practices regarding its use of an automated truncating time sheet occurred in
8   Washington and California, Plaintiff only <u>knows</u> for sure that the practice occurred in Oregon.
9   Therefore, Plaintiff obtains proof that Defendant used the automated truncating time sheet in other
10  states, it is possible that all putative class members reside in Oregon, and that none reside in
11  Washington and California. The Oregon federal court is likely to be more familiar with the Oregon
12  law involved in the Oregon state law claims. For the above reasons, this action could have originally
13  been brought in Oregon. This Court should therefore transfer the severed action to the District of
14  Oregon.

15  **B.      Factual Summary.**

16       Defendant employed Plaintiff Ramos in Portland, Oregon, from 2000 until Defendant'
17  terminated Plaintiff Ramos in December 2005. Second Amended Complaint, ¶ 9. Plaintiff's claims
18  arise out of his employment for Defendant in Oregon. His claims remain stayed.
19       At the most recent case management conference on May 30, 2008, there was discussion
20  regarding the complexity of this action and the management issues that would be presented during a
21  trial of this action. Mata Decl. ¶ 3. The parties were instructed by the Court to appear at a further
22  case management conference after exploring and conferring regarding means of simplifying this action
23  – particularly any trial. *Id.* In response to the case management conference, Plaintiffs determined that
24  the claims of Plaintiff Ramos should be severed and transferred to Oregon. *Id.* at ¶ 4. For that reason,
25  Plaintiffs move to sever and change venue.

26  **B.      The claims of Plaintiff Ramos should be severed under Rules 20(b) and 21.**

27       **1.      This court has discretion to sever claims to avoid confusion, delay and expense.**

28       F.R.C.P. Rule 20(b) grants district courts authority to "issue orders" that protect against

"embarrassment, delay, expense, or other prejudice." This includes authority to sever claims for transfer to other districts. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000). F.R.C.P Rule 21 also grants broad authority and discretion to sever claims. A district court has discretion to sever claims under Rule 21 as long as the claims are "discrete and separate." *Gaffney v. Riverboat Servs.*, 451 F.3d 424, 442 (7th Cir. 2006). "Discrete and separate" means that "one claim must be capable of resolution despite the outcome of the other claim." *Id.* District courts have broad discretion under Rule 21 and may sever claims on their own initiative to avoid confusion and delay. *Davis v. United States*, 2007 U.S. Dist. LEXIS 58781, * 2-3 (E.D. Cal., July 27, 2007) (Claims of different inmates against the same correctional institution severed to avoid confusion and delay); *Maddox v. County of Sacramento*, 2006 U.S. Dist. LEXIS 83105, *5-8 (E.D. Cal. Nov. 3, 2006) (Courts have unfettered discretion to sever discrete and separate claims). Thus, under either Rule 20(b) or Rule 21, this Court has authority to sever discrete and separate claims to avoid expense, complexity, or confusion.

Severing claims creates a separate action. *FDIC v. McGlamery*, 74 F.3d 218, 222 (10th Cir. 1996). *Davis v. United States* at * 3 (Court directing that new actions be opened for the severed claims). "As a general matter, Rule 21 severance creates two discrete, independent actions, which then proceed as separate suits for the purpose of finality and appealability." *Gaffney* at 441.

Further, "[A] court, of its own initiative, may sever any claim against a party." *Gintz v. Jack in the Box, Inc.*, 2007 U.S. Dist. LEXIS 10722, (N.D. Cal. 2007). *See also*: *Davis v. United States* supra. (Court severed plaintiffs' claims on its own initiative). Because a Court can act on its own initiative, it is irrelevant which party moves for severance.

**2.    This court should exercise its discretion to sever Plaintiff Ramos' claims.**

Regardless of whether Plaintiff Ramos' claim qualifies for joinder under F.R.C.P. Rule 20(a), this Court has discretion to sever his claims. In *Coleman*, ten plaintiffs, from several states, sued Quaker Oats for employment discrimination. In ruling on a motion for severance, the district court first found that the plaintiffs' case met the requirements for permissive joinder under Rule 20(a). *Coleman at 1296*. Nevertheless, because a single trial of all claims would be prejudicial and confusing, the district court severed the action and "ordered the cases sent to the districts in which the

plaintiffs had worked for Quaker." *Id.* at 1280.  Affirming the severance, the Ninth Circuit found that a single trial would have been prejudicial to Quaker and confusing to the jury because of the different facts for each of the different plaintiffs, and because of the differences in law from state to state. *Id.* at 1297.

Similarly, Plaintiff Ramos and the California named plaintiffs worked for Defendant in different states – Oregon and California.  As in *Coleman*, there is also the factor of different state laws. Plaintiff Ramos has claims for Oregon late pay penalty and for "lost time" deduction arising under Oregon law.  In contrast, the claims of the California named plaintiffs arise under California law.  The presence of Plaintiff Ramos' claims unnecessarily complicates and confuses the issues presented in this action.  *Coleman* is therefore more than adequate authority both for severing Plaintiff Ramos' claims, and also for transferring them to the District of Oregon, where his claims arose.

Further authority for severing Plaintiff Ramos' claims is *Gintz v. Jack in the Box, Inc.*, *supra*. In *Gintz,* the district court had previously stayed or dismissed claims of California class members and allowed the claims of non-California class members to proceed. *Id.* at *3.  After the defendant moved to transfer venue under 28 U.S.C. § 1404(a) from the Northern District of California to the Northern District of Texas, the Court determined that for the California class members, convenience weighed in favor of retaining the action in California.  However, for non-California class members, convenience weighed in favor of the transfer to the Northern District of Texas.  The Court solved the problem by severing the claims of the California and non-California class members and transferring the claims of the non-California class members to the Northern District of Texas.

Plaintiff's Ramos' claims are brought on behalf of himself – an Oregon resident – and on behalf of putative collective and class members in Oregon – and possibly California and Washington.  As discussed above, his claims are separate and discrete from those of the California named plaintiffs. Thus, *Gintz* supports severing his claims and transferring them to the District of Oregon.

**B.    Plaintiff Ramos' claims should be transferred to the District of Oregon**

    **1.    A motion to transfer under 28 U.S.C. § 1404(a) is timely.**

"Section 1404(a) does not include a time limitation." *Schwilm v. Holbrook*, 661 F.2d 12, 16 (3d Cir. Pa. 1981).  Because a Secton 1404(a) motion to transfer venue is not an objection to improper

venue, it need not be made before an answer is filed. *Nowotny v. Turner*, 203 F. Supp. 802, 805 (M.D.N.C. 1962). Although undue delay may be a factor if prejudicial, the mere passage of time is not sufficient to deny a motion to transfer venue under Section 1404(a). *Baumgarner v. Japan Airlines Company Ltd.,* 1992 U.S. Dist. LEXIS 15109, *1 n. 1 (N.D. Cal. 1992); *Blumenthal v. Management Assistance, Inc.*, 480 F. Supp. 470, 471 (N.D. Ill. 1979). Because this case is still in the early stages – Ramos' claims have been stayed, and discovery on these claims has not commenced – time should not be a factor in ruling on this motion to transfer.

**2. Plaintiffs are entitled to move to change venue under § 1404(a).**

It is settled law that plaintiffs are not bound with their choice of forum. Plaintiffs as well as defendants may move for a change of venue under Section 1404(a). *Ferens v. John Deere Co.,* 494 U.S. 516 (1990) held that the same choice of law considerations that govern a motion for a change of venue by a defendant apply to motions for change of venue by plaintiffs. "The Supreme Court has clearly indicated that either a defendant or a plaintiff can move for change of venue under § 1404(a) and that the same treatment and consideration should be given to the motion for transfer regardless of who the movant of that motion may be." *In re Volkswagen AG,* 371 F.3d 201, 204 (5th Cir. 2004), followed in *United States v. Kunkle*, 2006 U.S. Dist. LEXIS 8654, *10-12 (W.D. Mich., 2006).

**3. Plaintiff Ramos' claims could have been brought in the District of Oregon.**

Section 1404(a) allows transfer to any district where the case might have been brought. A change of venue to the District of Oregon is possible because Plaintiff Ramos' claims arose in Oregon. 28 U.S.C. § 1391(a)(2).

**4. The District of Oregon is the more convenient forum.**

In *Gintz*, the Court noted that several factors must be considered in deciding a motion for change of venue under Section 1404(a). These include the plaintiff's initial choice of forum, the convenience of the parties, and the interests of justice. *Gintz* at * 4.

The plaintiff's initial choice of forum is given less weight in class actions. *Id. at *5.* This factor is of little if any weight where the plaintiff is moving for a change of venue. *See: Schwilm v. Holbrook, supra.* (The plaintiff's choice of forum not discussed where it was the plaintiff that moved for a change of venue).

The "convenience of the parties" factor weighs in favor of a transfer to the District of Oregon. Under "convenience," *Gintz* considered the access to sources of proof, the availability of witnesses, an interest in having local controversies decided in a local forum, and the unfairness of burdening jurors with a controversy arising in another locale. *Gintz* at *8-9.

Access to sources of proof and witnesses favors the District of Oregon. Defendant's records that apply to Plaintiff Ramos' case are retained in bank branches that are going to be found in Oregon. While such records may also be found in Washington and California, that is less certain. This factor favors the District of Oregon as convenient.

Access to witnesses also favors the District of Oregon. Putative class members in the putative FLSA collective reside in Oregon. They may also reside in California and Washington, but until discovery is conducted, that will not be known. Putative class members are likely to be a significant number of the witnesses. Other potential witnesses are local managers of Defendant, most of whom are probably in Oregon.

For all these reasons, the District of Oregon is the more convenient forum.

**C.     Conclusion.**

For all of the above reasons, the claims of Plaintiff Ramos (including his putative class and FLSA collective claims) should be severed under F.R.C.P. Rules 20(b) and 21. A new action should be opened for this case. The case should then be transferred to the District of Oregon under 28 U.S.C. § 1404(a).

Dated: June 27, 2008                    Bailey Pinney, PC


                                        By _____/s/_____
                                        Jose R. Mata
                                        Attorneys for Plaintiffs Ross, Prasad, Burkhart, Housken, Smith and Ramos