JUDITH DROZ KEYES (CA State Bar No. 66408)
STUART W. MILLER (CA State Bar No. 127766)
MICHELLE D. FIFE (CA State Bar No. 240554)
ANGELA CORRIDAN (CA State Bar No. 257076)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-6533
Telephone:   (415) 276-6500
Facsimile:   (415) 276-6599
jkeyes@dwt.com
stuartmiller@dwt.com
michellefife@dwt.com
angelacorridan@dwt.com

Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANN ROSS, MAURITA PRASAD, TAMARA BURKHART, NANETTE RENEE HOUSKEN, DENNIS RAMOS, and KELLY SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION, DBA U.S. BANK,<br><br>Defendant. | Case No. C 07-2951 SI<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT (FOURTH CAUSE OF ACTION—COLLECTIVE ACTION AND CLASS CLAIMS)**<br><br>Date: October 3, 2008<br>Time: 9:00 a.m.<br>Courtroom 10<br>Hon. Susan Illston |

## I. INTRODUCTION

In this motion, U.S. Bank National Association ("U.S. Bank") seeks partial summary judgment on the collective action and class action aspects of the Fourth Cause of Action in the Second Amended Complaint ("SAC"), the claim that U.S. Bank misclassified its Oregon and Washington Sales and Service Managers ("SSMs") as exempt under Oregon law and the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* ("SSM misclassification claim").[1] This motion is based on the principle that a plaintiff is "issue precluded" from bringing a class claim that has already been rejected. *In re Bridgestone/Firestone, Inc.,* 333 F.3d 763 (7th Cir. 2003). Because class action treatment of the SSM misclassification claim has already been rejected in the nearly identical lawsuit, *McElmurry and Mrazek v. U.S. Bank National Association*, Case No. 04-CV-00642 ("*McElmurry*"), Plaintiffs' collective/class action claim in the Fourth Cause of Action here must be rejected as issue precluded.

## II. PROCEDURAL HISTORY

Four of the current Plaintiffs initiated this lawsuit on April 6, 2007, by filing a complaint in Alameda County Superior Court on behalf of themselves and others similarly situated, alleging various wage and hour violations under California and Oregon laws and the FLSA. *See* Declaration of Judith Droz Keyes in Support of Motion for Partial Summary Judgment (Eighth Cause of Action) ("Keyes Decl."). They filed a First Amended Complaint on April 26, 2007, and served that complaint on Defendant U.S. Bank National Association ("U.S. Bank"). On June 7, 2007, U.S. Bank removed the case to this Court. On April 10, 2008, Plaintiffs filed a Second Amended Complaint ("SAC") adding two California Plaintiffs.

On February 13, 2008, after finding that an identical claim was being pursued as a putative class action in *Tate v. U.S. Bank National Association*, Case No. 0607-07188 ("*Tate*"), this Court stayed Plaintiff Kelly Smith's Fourth Cause of Action, wherein she asserts on her own behalf and on behalf of a putative class of allegedly similarly situated employees in Oregon and Washington that U.S. Bank misclassified its SSMs as exempt.[2] *See* Order Granting in Part and Denying in Part

---

[1] U.S. Bank is not seeking summary judgment of Plaintiff Smith's individual claim, as to which the Bank does not oppose severance.

[2] It is unclear whether Plaintiffs plead as their Fourth Cause of Action only a collective action under the FLSA (and seek penalties under Oregon law on behalf of a Rule 23 class of Oregon employees), or whether they seek Rule 23 certification of a class claiming violations of Oregon law and a concurrent collective action under the FLSA. The *McElmurry* decision precludes both scenarios, as the court there applied the FLSA "similarly situated" standard, which would effectively preclude Plaintiffs from meeting the heightened standard of a Rule 23 class. *See Gerlach v. Wells Fargo & Co.*, 2006 WL 824652, *2 (N.D. Cal., Mar. 28, 2006) (acknowledging that the standard to certify a collective action under the FLSA is more lenient than the Rule 23

DAVIS WRIGHT TREMAINE LLP

Defendant's Motion to Stay or Dismiss, Dckt. 73.

On March 28, 2008, Plaintiffs filed a Motion to Partially Lift the *Colorado River* Stay as to the Claims of Plaintiff Smith ("Motion to Lift the Stay"), as Plaintiffs' counsel, Bailey Pinney and Associates, LLC ("Bailey Pinney"),[3] had decided not to pursue class certification in *Tate*. U.S. Bank did not oppose Plaintiffs' motion, and on July 21, 2008, the stay was lifted. *See* Order Granting Plaintiffs' Unopposed Motion to Partially Lift *Colorado River Stay* as to the Claims of Plaintiff Smith, Dckt. 130.

On June 27, 2008, Plaintiffs filed a Motion to Sever the Claims of Plaintiff Smith and Transfer them to the District of Oregon. As reflected in its Memorandum in Opposition to that motion, U.S. Bank does not oppose the severance of the Fourth Cause of Action, Plaintiff Smith's SSM misclassification claim, but does oppose the transfer of that claim to Oregon. *See* Defendant's Opposition to Motion to Sever and Transfer the Claims of Plaintiff Smith. However, now, prior to severance, U.S. Bank seeks summary judgment of the collective class action claims as issue precluded.

## III. RELEVANT FACTS

Bailey Pinney filed *McElmurry and Mrazek v. U.S. Bank National Association*, Case No. 04-CV-00642 ("*McElmurry*"), on May 11, 2004, in the U.S. District Court for the District of Oregon on behalf of the named plaintiffs and those similarly situated. Declaration of Christopher McCracken ("McCracken Decl.") ¶ 2. As amended, the *McElmurry* complaint alleged an SSM misclassification claim that is virtually identical to the claim Plaintiff Smith has asserted in the SAC, i.e., that U.S. Bank misclassified its SSMs in Washington and Oregon as exempt from overtime pay in violation of the FLSA, 29 U.S.C. §207. McCracken Decl. ¶ 3. The class of employees the *McElmurry* plaintiffs advocated as appropriate for collective action treatment pursuant to 29 U.S.C. §216(b) consisted of all SSMs employed by U.S. Bank in Oregon and Washington from May 2001 to May 2004 ("SSM class"). McCracken Decl. ¶ 6.

---

standard, and that to interpret the "'similarly situated' standard by simply incorporating the requirements of Rule 23 . . . would effectively ignore Congress' directive.")

[3] Bailey Pinney is "Bailey, Pinney, PC" in California and "Bailey Pinney & Associates, LLC" in Oregon. The mailing address and principals are the same.

DAVIS WRIGHT TREMAINE LLP

1    The *McElmurry* plaintiffs first moved to certify the SSM class as a collective action on
2 May 20, 2004, but they voluntarily withdrew that motion in order to conduct more discovery.
3 McCracken Decl. ¶ 4.  The parties conducted discovery for the next thirteen months.  McCracken
4 Decl. ¶ 5.  On August 22, 2005, plaintiffs again moved for certification of the SSM class.
5 McCracken Decl. ¶ 6.  The motion was denied, but plaintiffs were granted additional discovery
6 time and leave to re-file their motion.  *Id.*

7    On May 8, 2006, after completing discovery, the *McElmurry* plaintiffs moved a third time
8 for certification of the SSM collective action.  McCracken Decl. ¶ 8.  Magistrate Judge Hubel
9 recommended that plaintiffs' motion be denied based on his determination that the SSMs were not
10 "similarly situated" under 29 U.S.C. Section 216(b), as required for collective action treatment.
11 *McElmurry* December 8, 2006, Opinion and Order, at 5, attached to McCracken Decl., as Exhibit
12 2.

13    District Judge Ancer Haggerty adopted the findings of Magistrate Judge Dennis J. Hubel,
14 and held that "defendant's mere classification of all SSMs as exempt is insufficient to establish
15 that the SSMs are similarly-situated."  *Id*. at 9.  Judge Haggerty found that "plaintiffs engaged in
16 substantial discovery on the SSM claim and successfully extended the discovery deadline several
17 times to pursue their discovery requests," which included "contact[ing] the terminated SSMs."  *Id.*
18 at 9.  The court held that a "thorough review of the evidence shows that, although each SSM has
19 the same overall job description, the range of managerial, discretionary, and ministerial duties
20 performed and the amount of time spent performing each particular duty varies greatly from
21 branch to branch."  *Id*. at 10, citing Findings and Recommendation at 20-23.  The court adopted the
22 magistrate judge's finding that "the differences [in job duties] require an individualized inquiry to
23 determine, on an employee-by-employee basis, whether each SSM was properly classified as
24 exempt."  *Id.*, citing Findings and Recommendation at 27-28.  Judge Haggerty said, "In light of
25 the individualized nature of the liability and defense inquiries, this court agrees that certification of
26 the SSM claim as a collective action would not serve judicial efficiency."  Exhibit 2 at 10.

27    Bailey Pinney appealed the certification denial based on collateral order appellate
28 jurisdiction.  McCracken Decl. ¶ 13.  The Ninth Circuit Court of Appeals rejected the appeal on

DAVIS WRIGHT TREMAINE LLP

4

1   December 26, 2007. Exhibit 4 to McCracken Decl. When final judgment was entered in

2   *McElmurry* on the plaintiffs' individual claims, none of the parties appealed. McCracken Decl.

3   ¶ 14.

4       The SSM misclassification collective/class asserted in the SAC is the exact collective

5   claim fully litigated and rejected by the Oregon District Court. Therefore, the doctrine of issue

6   preclusion compels this Court to grant summary judgment to U.S. Bank on the collective/class

7   claim in the Fourth Cause of Action in the SAC, the SSM misclassification claim.[4]

8   **IV.   LEGAL ARGUMENT**

9       **A.   Partial Summary Judgment Standard**

10       The standard for a motion for partial summary judgment is the same as for a motion for

11   summary judgment. *See* Fed. R. Civ. P. 56(a), 56(c); *see also Mora v. ChemTronics*, 16

12   F.Supp.2d 1192, 1200 (S.D. Cal. 1998). In considering a summary judgment motion, a court must

13   decide whether there is a "genuine issue as to any material fact and [whether] the movant is

14   entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.,* 398

15   U.S. 144, 157 (1970). A party seeking summary judgment bears the initial burden of establishing

16   the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323

17   (1986). The moving party may satisfy this burden in one of two ways: (1) by presenting evidence

18   that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the

19   nonmoving party failed to make a showing of sufficient evidence to establish an essential element

20   of the nonmoving party's claim, and on which the non-moving party bears the burden of proof at

21   trial. *Id.* at 322. "The judgment sought should be rendered if the pleadings, the discovery and

22   disclosure materials on file, and any affidavits show that there is no genuine issue as to any

23   material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

---

[4] Bailey Pinney is actually pursuing an SSM misclassification class action for a *third* time in this case. Prior to *McElmurry* and *Ross,* Bailey Pinney brought an SSM misclassification class action in *Tate*. During a hearing on pre-certification discovery, the *Tate* court strongly suggested that class certification would be denied, stating that it would be an "utter waste of [Oregon] tax payers' money to spend the judicial resources . . . treating [class certification in *Tate*] as though it's the first time the issue has ever come up. *See* March 28, 2008 Transcript of Proceedings in *Tate*, attached to the McCracken Decl., as Exhibit 5, at 15:1-4. When Bailey Pinney filed a motion to lift the stay of Plaintiff Smith's claims, they represented to this Court that the *Tate* Plaintiff would not seek class certification, doubtlessly because of the *Tate* court's statement.

DAVIS WRIGHT TREMAINE LLP

1  "If the party moving for summary judgment meets its initial burden of identifying for the court

2  those portions of the material on file that it believes demonstrate the absence of any genuine issues

3  of material fact," the burden of production shifts and the nonmoving party must set forth "specific

4  facts showing that there is a genuine issue for trial." *T.W. Elec. Serv.*, *Inc. v. Pacific Elec.*

5  *Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987) (quoting Fed. R. Civ. P. 56(e)).

6  To establish the existence of a factual dispute, the opposing party must "go beyond the

7  pleadings and by her own affidavits, or by depositions, answer to interrogatories, and admissions

8  on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at

9  324.

### B.  Issue Preclusion Bar to SSM Misclassification Collective/Class Action Claims

#### 1.  *In Re Bridgestone/Firestone, Inc.* Establishes the Standard for Issue Preclusion of Rejected Class Claims

13  The doctrine of issue preclusion (also known as "collateral estoppel") "prevents relitigation

14  of issues of fact or law that were litigated in a prior proceeding." *350 W.A. LLC and*

15  *Hokojitsuguyu Company, Ltd. v. Chubb Group*, 2007 U.S. Dist. LEXIS 89881, *5 (S.D. Cal. 2007)

16  (citing *Robi v. The Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988)). "Although claim

17  preclusion (res judicata) depends on a final judgment, issue preclusion (collateral estoppel) does

18  not." *In Re Bridgestone/Firestone*, *Inc.*, 333 F.3d 763, 767 (7th Cir. 2003). "[F]or purposes of

19  issue preclusion…, 'final judgment' includes any prior adjudication of an issue in another action

20  that is determined to be sufficiently firm to be accorded conclusive effect." *Id.* (quoting

21  *Restatement (Second) of Judgments* § 13 (1980)).

22  The first time the Seventh Circuit Court of Appeals considered the propriety of the asserted

23  class in *Bridgestone/Firestone* (a nationwide class of owners of allegedly defective tires), the

24  Court held that the district court had abused its discretion in certifying the class. *In Re*

25  *Bridgestone/Firestone*, *Inc.*, 333 F.3d 763, 765 (7th Cir. 2003).

26  Thereafter, "lawyers representing the plaintiffs decided to try again, in other courts." *Id.* at

27  765. Class suits were filed in various jurisdictions, alleging the same nationwide class that the

28  Seventh Circuit had rejected. *Id.* Enjoining those suits, the Court of Appeals held that plaintiffs'

DAVIS WRIGHT TREMAINE LLP

6

1 counsel's pleading of the same nationwide class that it had previously rejected was barred by issue
2 preclusion (collateral estoppel). "'… [F]or purposes of issue preclusion (as distinguished from
3 merger and bar), 'final judgment' includes any prior adjudication of an issue in another action that
4 is determined to be sufficiently firm to be accorded conclusive effect.' Restatement (Second) of
5 Judgments § 13 (1980)." *Id.* at 767. The court concluded that, "Our decision that no nationwide
6 class is tenable is 'sufficiently firm' for this purpose." *Id.*

7 The court made clear that its earlier decision was conclusive as against absent class
8 members as long as the absent class members in the first action "were adequately represented by
9 the named litigants and class counsel." *Id.* at 768. "[U]nnamed class members have the status of
10 parties for many purposes and are bound by the decision whether or not the court otherwise would
11 have had personal jurisdiction over them." *Id*. at 768, citing *Phillips Petroleum Co. v. Shutts*, 472
12 U.S. 797 (1985). "Just as [unnamed class members] receive the fruits of victory, so an adverse
13 decision is conclusive against them." *Id at 768*, citing *Williams v. Gen. Elec. Capital Auto Lease,
14 Inc.*, 159 F.3d 266 (7th Cir. 1998) (district court may enjoin state-court suit brought by absent
15 class member). It was of no consequence that the unnamed class members had not had an
16 opportunity to opt out prior to the rejection of certification because, as the court stated, "[N]o
17 statute or rule requires notice, and an opportunity to opt out, before the certification is made; it is a
18 post-certification step . . . . Every person included in the district court's class definition still has
19 the right to proceed on his own. What such a person now lacks is the right to represent a national
20 class of others similarly situated . . . ." *Bridgestone/Firestone*, 333 F.3d at 769.

21 **2.    The Court in *McElmurry*--Under Facts Nearly Identical to Those Here
22          --Denied Collective Action Certification of Plaintiffs' SSM
             Misclassification Claim.**

23 Plaintiff Smith's SSM misclassification collective and class action claim in the SAC is
24 virtually identical to the collective action claim that was fully litigated and finally adjudicated by
25 the U.S. District Court in *McElmurry*. By refiling the same claim here, Plaintiffs seek to re-
26 litigate the precise issue that has already been decided.

DAVIS WRIGHT TREMAINE LLP

### 3. Under *Bridgestone/Firestone* and in Light of the District Court's Ruling in *McElmurry,* Defendant is Entitled to Judgment on the Class Action/Collective Action Claim in the Fourth Cause of Action.

As made clear in *Bridgestone/Firestone*, collateral estoppel precludes a new named plaintiff from pursuing a class action on behalf of a class as to which it has previously been determined class treatment is inappropriate. The *McElmurry* court determined that a class of SSMs employed by U.S. Bank in Oregon and Washington was not appropriate for collective action treatment because these employees were not sufficiently "similarly situated" to each other so as to warrant class treatment. There was no finding that counsel was inadequate or that the named plaintiffs were improper, but rather that, after extensive discovery, the putative class was simply not appropriate for collective treatment. The issue having once been decided, it must not be relitigated.

U.S. Bank is therefore entitled to judgment on the collective/class action claims pled in the Fourth Cause of Action.

## V.    CONCLUSION

What Bailey Pinney attempts to do is to have this Court relitigate the same issue that District Judge Haggerty has already decided: whether the claim that U.S. Bank misclassified its Oregon and Washington SSMs as exempt can be decided on a class-wide basis. Judge Haggerty said "no," not because of any defect unique to the *McElmurry* plaintiffs or the *McElmurry* case, but because extensive discovery had revealed that the employees involved are not similarly situated. The issue having been litigated, fundamental principles of law preclude the issue from being relitigated.

Accordingly, U.S. Bank requests that judgment for the Defendant be entered on the collective and class claims in the Fourth Cause of Action in the Second Amended Complaint.

DATED: August 29, 2008

> Respectfully submitted,
> DAVIS WRIGHT TREMAINE LLP
>
> By:    */s/ Judith Droz Keyes*
>         Judith Droz Keyes
>
> Attorneys for Defendant
> U.S. BANK NATIONAL ASSOCIATION