# Exh 2

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KERI MCELMURRY AND KAREN
MRAZEK INDIVIDUALLY, and on
Behalf of All Similarly Situated

        Plaintiffs,                          Civil No. 04-642-HU

        v.

US BANK NATIONAL ASSOCIATION,        OPINION AND ORDER

        Defendant.

---

HAGGERTY, Chief Judge:

Keri McElmurry and Karen Mrazek (plaintiffs) brought this action under the Fair Labor Standards Act (FLSA) on behalf of all similarly situated plaintiffs against U.S. Bank National Association (defendant). Plaintiffs claim that defendant misclassified sales and service managers (SSM) as exempt from overtime pay in violation of FLSA, 29 U.S.C. § 207. Plaintiffs have moved, pursuant to § 216(b), for an order certifying the SSM claim as a collective action and

1  - OPINION AND ORDER

allowing notice to be sent to putative collective action members in Washington and Oregon. Plaintiffs also move for an order tolling the statute of limitations for all putative collective action members as of the date this action was filed through the entire notice process.

Magistrate Judge Hubel addressed these motions in a Findings and Recommendation [334]. This Findings and Recommendation recommends that plaintiffs' Second Motion to Certify the Class of Sales and Service Managers [302] should be denied, and that plaintiffs' Motion for Tolling of the statute of limitations for all putative collective class action members [302] should be denied as moot. The Magistrate Judge also granted defendant's Motion to Strike [314] portions of a declaration and certain exhibits submitted by plaintiffs in support of their motion for certification.

Plaintiffs filed timely objections [336] to this Findings and Recommendation. When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendation, the objections, response, and the record of the case. The objections are denied, and the Findings and Recommendation is adopted. Plaintiffs' request for oral argument is denied.

## BACKGROUND

Detailed accounts of the facts alleged in this matter are set forth in the Findings and Recommendation and the parties' briefing. These alleged facts need be reviewed only briefly. Plaintiffs filed this FLSA action on May 11, 2004 on behalf of themselves and those similarly situated.

2   - OPINION AND ORDER

Plaintiffs moved initially to certify the SSM class as a collective action on May 20, 2004, but voluntarily withdrew that motion in order to conduct more discovery. Reply Mem. in Supp. of Mot. for Notice to Putative Class Members at 9-10. The parties conducted discovery for the next thirteen months, until the discovery period closed on July 22, 2005.

On August 22, 2005, plaintiffs again moved for an order certifying the SSM class, allowing notice, and tolling the SSM claim [177]. Plaintiffs' motion for certification was denied, but plaintiffs were granted additional discovery time and leave to refile their motion after the interrogatory responses had been provided. The Order noted that plaintiffs had engaged in substantial discovery on the SSM claim and that discovery was closed with the exception of responses to two interrogatories that sought contact information for certain terminated SSMs. The Order indicated that, although there had been no conditional certification or motion to decertify, plaintiffs' motion should be resolved under a more fact-intensive second-stage inquiry, discussed below, once the interrogatory responses had been provided.

Defendant was ordered to produce the responses and the parties were instructed not to contact the terminated SSMs until a discovery plan was agreed upon. On February 2, 2006, the parties agreed to draft a questionnaire and a cover letter through which they could contact the terminated SSMs. Accordingly, the court lifted its order prohibiting the parties from contacting the terminated SSMs. This agreement was memorialized in a Discovery Order [259].

On May 8, 2006, plaintiffs filed a renewed Motion to Certify the Class of Sales and Service Managers [302]. This is currently before the court. In support of this motion, plaintiffs submitted the Declaration of A.E. Bud Bailey and several exhibits. In his Declaration, Bailey states that plaintiffs sent a questionnaire to the terminated SSMs. The exhibits contain exemplars of the responses plaintiffs received to those questionnaires, as well as a follow-up questionnaire.

3    - OPINION AND ORDER

## ANALYSIS

1. **Defendant's Motion to Strike**

Defendant moved to strike portions of the declaration and certain exhibits. Pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), the Magistrate Judge granted defendant's Motion to Strike as to exhibits 1-13 and 14 on hearsay grounds because they contain unsigned, unsworn statements by unidentified declarants and are offered for the truth of their contents. The Magistrate Judge also granted defendant's motion as to Bailey's statements regarding the contents of the questionnaire responses on grounds that they lacked personal knowledge.

Plaintiffs have requested a review of that ruling. Nondispositive orders of a Magistrate under § 636(b)(1)(A) are reviewable under the "clearly erroneous [or] contrary to law" standard; they are not subject to *de novo* review as are Findings and Recommendations under § 636(b)(1)(B). *Merritt v. Int'l Bro. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981) (per curiam). *Accord United States v. Saunders*, 641 F.2d 659, 663-64, n.1 (9th Cir. 1980). *See also Indus. Risk Insurers v. Creole Prod. Servs., Inc.*, 568 F. Supp 1323, 1325 (D. Alaska 1983) (motions to strike evidence are nondispositive). No clear error appears on the face of the record, and the court declines to modify or set aside the order pertaining to defendant's Motion to Strike.

///

///

///

2. **Plaintiff's Motion to Certify**

Plaintiffs contend that the Findings and Recommendation errs in applying the "similarly situated standard" in determining whether to certify the SSM class. The FLSA provides in relevant part:

4   - OPINION AND ORDER

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

29 U.S.C.A. § 216(b).

The Findings and Recommendation correctly places the burden on plaintiffs to prove that this case should proceed as a collective action. Findings and Recommendation at 25. In a previous Order, the Magistrate Judge noted that the Ninth Circuit has not discussed how a court should determine whether employees are "similarly situated" for purposes of certifying a collective action under § 216(b). *See* December 1, 2005 Order at 14-15. The Order stated that many districts, including this one, have adopted a "two-tiered" approach that applies two levels of scrutiny depending on how much discovery has been completed. *See, e.g., Fichtner v. Amer. Mut. Ins. Co.*, No. CV-02-6284-HO, 2004 WL 3106753, at *10 (D. Or. Mar. 1, 2004) (citing *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J.1987)); *Thiebes v. Wal-Mart Store, Inc.*, No. 98-802-KI, 1999 WL 1081357 (D. Or. Dec.1, 1999). *See also Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208 (11th Cir. 2001).

Under the first tier, the court determines whether notice of the action should be given to potential class members. *Hipp*, 252 F.3d at 1218. Because this determination is made based on "minimal evidence," typically it does not encompass in-depth fact specific inquiry into topics such as job duties. *Id.* "All that is required for conditional certification is substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 682 (D. Kan. 2004). Determination at this stage results in "conditional certification" of a representative class that allows members of the putative class to "opt-in." *Hipp*, 252 F.3d at 1218.

5   - OPINION AND ORDER

By contrast, the second-tier determination occurs after discovery is "largely complete" and typically is precipitated by a motion for "decertification" filed by the defendant. *Id.* This stage of analysis requires a more fact-intensive determination as to whether the putative class members are "similarly situated" to the named representative. *Id.* At the second stage, the court weighs: "(1) the disparate factual and employment settings of the individual plaintiffs, (2) the various defenses available to the defendant which appeared to be individual to each plaintiff, and (3) fairness and procedural considerations." *Id.*

Plaintiffs do not object to the two-tiered approach. However, plaintiffs object to the way that the Findings and Recommendation and previous Order apply the two-tier approach in determining whether to certify the SSM class. In particular, plaintiffs argue that the Findings and Recommendation and Order err by applying the second-stage inquiry, which plaintiffs claim takes "too narrow a view of what should be considered similarly situated for purposes of 'certifying' a collective action under the FLSA." Pl.'s Objections to Findings and Recommendation/Order at 2.

Plaintiffs make no new arguments regarding whether the first or second stage inquiry should apply, but instead summarize and incorporate by reference their prior memoranda addressing this issue. In their prior pleadings, plaintiffs argued that the second stage inquiry is inappropriate in this case because: (1) defendant failed to provide certain forms and delayed in providing the interrogatory responses; (2) discovery as to the individual SSMs is incomplete; and (3) the initial notice stage cannot be skipped in any event, regardless of how much discovery has been completed. For the following reasons, this court concludes that the Findings and Recommendation properly rejects these arguments and applies the second-stage inquiry to the SSM claims.

6   - OPINION AND ORDER

First, this court agrees with the Findings and Recommendation that any delay in producing the requested interrogatories cannot be attributed to bad faith on the part of defendant, and that the delays did not prejudice plaintiffs in any way. Findings and Recommendation at 5-7. The Magistrate Judge granted plaintiffs all requested extensions of time to file their renewed certification motion, and plaintiffs received all requested discovery in time to incorporate it into their briefing of that motion. Moreover, plaintiffs never cited discovery delays as a basis for seeking the extensions. Therefore, the Findings and Recommendation concludes correctly that discovery delays do not preclude applying the second-stage inquiry to determine whether the SSMs are similarly situated. Findings and Recommendation at 7.

Second, the Findings and Recommendation properly concludes that incomplete discovery for each of the potential opt-in plaintiffs does not preclude application of the second-stage inquiry. Findings and Recommendation at 9. Plaintiffs complain that, other than ordering defendant to produce the requested interrogatories regarding terminated SSMs, the Magistrate Judge "has not required defendant to provide class wide information in any meaningful way." Pl.'s Objections to Findings and Recommendation/Order at 6. Plaintiffs' only support for this assertion is their complaint at a July 31, 2006, hearing that they "have not gotten individualized discovery" and were not allowed to speak to the current SSMs.

Plaintiffs fail to identify, and this court is unable to find, any discovery requests by plaintiffs that the Magistrate denied. Plaintiffs conducted discovery for thirteen months between withdrawing their second motion to certify and filing this renewed motion. At plaintiffs' request, the Magistrate extended discovery on the SSM claim at least twice, and gave plaintiffs leave to file a renewed motion to extend discovery if they believed it necessary. Plaintiffs never filed such a motion. Findings and Recommendation at 8.

7   - OPINION AND ORDER

Additionally, the court rejects plaintiffs' assertion that class-wide discovery was not conducted in any meaningful way. Plaintiffs received the requested interrogatory responses with contact information for the terminated SSMs, and the Discovery Order allowed them to contact the terminated SSMs for purposes of supporting a renewed motion for certification. Plaintiffs subsequently distributed questionnaires to these individuals and received the responses submitted as exhibits in support of their motion. Accordingly, this court agrees with the Findings and Recommendation that plaintiffs have had ample time to make discovery requests regarding the individual SSMs, and that discovery has been substantially completed. Findings and Recommendation at 8. Plaintiffs' failure to take advantage of that opportunity does not warrant reopening discovery.

Finally, the Findings and Recommendation rejects properly plaintiffs' argument that the initial notice stage cannot be skipped no matter how much discovery has been completed. As the Findings and Recommendation makes clear, whether to apply the first or second stage inquiry depends on how much discovery has been completed, on what issues, and whether a sufficient factual record pertinent to the "similarly situated" standard has been developed. Findings and Recommendation at 12.

As the Findings and Recommendation explains, the cases cited by plaintiffs as requiring the initial-stage inquiry are inapposite because discovery in those cases was limited or incomplete. Findings and Recommendations at 10-12. *See also Leuthold v. Destination Amer., Inc.*, 224 F.R.D. 462 (N.D. Cal. 2004) (acknowledging that courts "sometimes bypass the first stage when discovery has been completed" but finding that approach inappropriate because it was unclear if the factual record was complete). The cases cited by plaintiffs in their objections are similarly distinguishable because comparatively minimal discovery had occurred in them.

8   - OPINION AND ORDER

Here, plaintiffs engaged in substantial discovery on the SSM claim and successfully extended the discovery deadline several times to pursue their discovery requests. Additionally, plaintiffs had the opportunity to contact the terminated SSMs, and did so via the questionnaires that they distributed. These questionnaires gathered information regarding the SSMs' job duties, pay, hours worked, and other issues relevant to determining whether the SSMs are similarly situated to plaintiffs. Discovery has now closed in this case, and plaintiffs have not identified any discovery requests that the Magistrate Judge denied. Thus, the Findings and Recommendation properly concludes that the extent and scope of discovery makes the second-stage analysis appropriate in this case. Findings and Recommendation at 12-13.

Additionally, plaintiffs object that the Findings and Recommendation errs in concluding that the SSMs are not similarly situated under the second-stage inquiry, set forth above. As the Findings and Recommendation specifies, at the second stage the court examines the disparate factual and employment settings of the individual plaintiffs, the various defenses available to defendant that may be individual to each plaintiff, and any other fairness or procedural questions. Findings and Recommendation at 19. *See also Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001). Neither party has identified any procedural or fairness issues.

The court agrees with the Findings and Recommendation that defendant's mere classification of all SSMs as exempt is insufficient to establish that the SSMs are similarly situated. Findings and Recommendation at 19-20. As the Findings and Recommendation reasons, such a broad definition of the term would transform every overtime misclassification claim into a collective action. Recommendation at 19-20. To be similarly situated, this court has required that some identifiable facts or a legal nexus bind the claims so that hearing the cases

together promotes judicial efficiency. *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 416 (D. Or. 2002) (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996).

As the Findings and Recommendation explains, certification may be denied in an overtime exemption case if it requires a fact-specific and individualized inquiry into each employee's daily job duties. Findings and Recommendation at 21. The Findings and Recommendation's thorough review of the evidence shows that although each SSM has the same overall job description, the range of managerial, discretionary, and ministerial duties performed and the amount of time spent performing each particular duty varies greatly from branch to branch. Findings and Recommendation at 20-23.

Additionally, the Findings and Recommendation states correctly that the administrative and executive defenses on which defendant will rely require analysis of each SSM's "primary duty." This turns on the amount of time spent on managerial or non-managerial tasks and the degree to which the employee exercises discretionary powers. Findings and Recommendation at 26-27. The Findings and Recommendation concludes properly that differences among the SSMs' in managerial, ministerial, and discretionary duties require an individualized inquiry to determine, on an employee-by-employee basis, whether each SSM was properly classified as exempt. Findings and Recommendation at 27-28. In light of the individualized nature of the liability and defense inquiries, this court agrees that certification of the SSM claim as a collective action would not serve judicial efficiency.

### 3.  Plaintiffs' Motion for Tolling

Plaintiffs do not offer any argument challenging the Findings and Recommendation's conclusion that the statute of limitations under 29 U.S.C. § 216 should not be tolled. The court agrees with the Findings and Recommendation that denial of plaintiffs' motion for certification

moots the tolling motion. Findings and Recommendation at 28. Accordingly, plaintiffs' Motion for Tolling is denied.

**CONCLUSION**

For the reasons provided, the Magistrate Judge's Findings and Recommendation [334] is ADOPTED. Plaintiffs' Second Motion to Certify the Class of Sales and Service Managers [302] is denied. Plaintiffs' Motion for Tolling of the statute of limitations for all putative collective class action members [302] is denied as moot. The court affirms the Magistrate's order granting defendant's Motion to Strike [314].

IT IS SO ORDERED.

Dated this __8__ day of December, 2006.

/s/ ANCER L. HAGGERTY
ANCER L. HAGGERTY
United States District Judge