Exh 5

```
 1            IN THE CIRCUIT COURT OF THE STATE OF OREGON
 2                    FOR THE COUNTY OF MULTNOMAH
 3
   JAMES TATE,                    )
 4                                )
                                  )
 5        Plaintiff,              )
                                  )
 6   vs.                          )  Case No. 0607-07188
                                  )
 7   U.S. NATIONAL BANK ASSOCIATION,)
                                  )
 8        Defendant.              )
 9                    TRANSCRIPT OF PROCEEDINGS
10            BE IT REMEMBERED that the above-entitled
11   transcript of proceedings was heard before the Honorable
12   Janice Wilson, Judge of the Circuit Court of the County of
13   Multnomah, State of Oregon, commencing at the hour of 2:00
14   p.m. on Friday, March 28, 2008 at the Multnomah County
15   Courthouse, Portland, Oregon.
16
17                           APPEARANCES
18            Mr. David Schuck & Mr. Dana Pinney,
                 Attorneys at Law,
19               Appearing on behalf of the Plaintiff;
20            Ms. Carol Bernick & Mr. Chris McCracken,
                 Attorneys at Law,
21               Appearing on behalf of the Defendant.
22                     JULIE L. BOURGEOIS
                         Court Reporter
23                   Multnomah County Courthouse
                    1021 SW 4th Avenue   Rm. 311
24                     Portland, Oregon  97204
25
```

| | |
|---|---|
| 1 | TRANSCRIPT OF PROCEEDINGS 3/28/08 2:00 |
| 2 | |
| 3 | THE COURT: We're here in Tate versus US Bank |
| 4 | 0607-07188. We're here for scheduling conference. |
| 5 | This matter has been specially assigned to me by the |
| 6 | presiding judge for pretrial and trial. And my |
| 7 | marching orders are to get thiscase on track and done. |
| 8 | When I read that case number, 0607, bad news. Anyway, |
| 9 | have counsel chatted with each other yet about a |
| 10 | proposed case management order and time frames or are |
| 11 | we starting from scratch this afternoon? |
| 12 | MS. BERNICK: We're starting from scratch. |
| 13 | THE COURT: Okay. Well, let's talk about -- |
| 14 | I always like to start at the end and work backwards. |
| 15 | So let's talk about a trial date. Have you given that |
| 16 | any thought. First, how long do you think trial is |
| 17 | going to take? I know it depends on whether I certify |
| 18 | the class, et cetera. But just give me the shortest |
| 19 | versus longest, best and worst case scenarios, longest |
| 20 | and shortest case scenarios. |
| 21 | MR. SCHUCK: I would guess, Your Honor, that |
| 22 | if the Court denies certification, and goes forward on |
| 23 | Mr. Tate's claim, it would probably be a two day |
| 24 | trial, probably to a jury. |
| 25 | THE COURT: And if I do certify a class, |

```
 1    what's the long end?
 2              MR. SCHUCK:  I would estimate probably about
 3    a week.
 4              THE COURT:  Four trial days or five?
 5              MR. SCHUCK:  Five.
 6              THE COURT:  Ms. Bernick, Mr. McCracken, do
 7    you have a different view of the probable length of
 8    trial?
 9              MS. BERNICK:  I think if the case is not
10    certified, I agree two days is appropriate.  If the
11    case is certified, I think it's going to be far longer
12    than that.  I think it could be three to four weeks.
13              THE COURT:  Meaning sixteen trial days or
14    twenty trial days?
15              MS. BERNICK:  I'm thinking five-day weeks, so
16    I guess twenty trial days.
17              THE COURT:  Okay.  We're going to call this
18    five weeks, and assume nothing for the jury on
19    Fridays.  Remind me, is this the one that has been
20    back and forth to the federal court?
21              MR. SCHUCK:  Yes, Your Honor.
22              THE COURT:  Removed and remanded.  Okay.  I
23    don't think that time counts against me.
24              MS. BERNICK:  It's been back here for almost
25    a year.  It was remanded in April of 2007.
```

4

1    THE COURT: How do your calendars look for
2    August?
3    MS. BERNICK: I'm out of town the 19th of
4    August through the 31st.
5    MR. MCCRACKEN: I'm going to be out of town
6    the beginning part of August.
7    MR. SCHUCK: I have a trial in the beginning
8    of August.
9    THE COURT: How about October, starting on
10   October 6th? You'd have to have a break for the
11   judicial conference the 13th, 14th and 15th. But, we
12   can work around that. Going once --
13   MR. MCCRACKEN: That's okay by my calendar.
14   And also assuming it is a two day trial, there are
15   times I think in the middle of August where we could
16   do the trial then.
17   THE COURT: Well, I'm going to pick a date
18   now that I can go with either way, I think that's the
19   safer thing to do. So, trial will start on October
20   6th, Monday. And I'll deal with some other things
21   once I have ruled on class certification. If I grant --
22   I certify a class and it's going to be a longer trial,
23   we will be specially summoning a jury, and I will back
24   up and fill in the dates for the summons. And that
25   would mean jury selection actually would occur on

| | |
|---|---|
| 1 | Friday, October 3rd if it's going to be a five week |
| 2 | trial, just so you know. Okay. And we'll also be |
| 3 | filling in other dates as the time approaches too for |
| 4 | pretrial hearing on motions in limine, pre-ruling on |
| 5 | exhibits, all that kind of thing. |
| 6 | But, I think I better wait on that until we |
| 7 | know whether it will be a long version or short |
| 8 | version. Hearing on class certification? |
| 9 | MS. BERNICK: Your Honor, could I -- I'll |
| 10 | speak to that in terms of trying to come up with some |
| 11 | proposal or idea here. And just by way of a two |
| 12 | minute background, I hope not longer than that. In |
| 13 | May of 2004, plaintiff's counsel on behalf of two |
| 14 | individuals filed a lawsuit in federal court claiming |
| 15 | that two individuals were misclassified as sales and |
| 16 | service managers, the same claim essentially that's |
| 17 | here in this court in Mr. Tate's case. And they |
| 18 | sought to have that case certified on behalf first of |
| 19 | the entire country, then on behalf of all sales and |
| 20 | service managers in Oregon and Washington. |
| 21 | They moved for class certification, US Bank |
| 22 | at significant expense responded to that, plaintiffs |
| 23 | withdrew their motion for class certification, the |
| 24 | Court gave them time to do discovery, they did |
| 25 | discovery, they filed again their motion for class |

|  |  |
|---|---|
| 1 | certification, Judge Hubel heard it, Judge Hubel found |
| 2 | they did not meet the lower threshold of similarly |
| 3 | situated under the Fair Labor Standards Act. Judge |
| 4 | Haggerty reviewed that decision agreed and denied |
| 5 | certification. |
| 6 | They were given yet more time to do |
| 7 | discovery, they did more discovery, they filed again a |
| 8 | motion for certification. They again had Judge Hubel |
| 9 | review that with their new discovery and Judge Hubel |
| 10 | again found they did not meet the lower threshold |
| 11 | standard of similarly situated under the Fair Labor |
| 12 | Standards Act, and again Judge Haggerty agreed with |
| 13 | them and all of this at significant expense to US Bank |
| 14 | tens if not hundreds of thousands of dollars. |
| 15 | We would suggest that they be ordered to show |
| 16 | cause why they have something new that would establish |
| 17 | that US Bank should spend yet more money, the fourth |
| 18 | time, having to respond to yet now a higher standard |
| 19 | of commonality and typicality under ORCP 32 to certify |
| 20 | this case. |
| 21 | THE COURT: Mr. Schuck? |
| 22 | MR. SCHUCK: Thank you, Your Honor. Uhm, to |
| 23 | start with, it is not plaintiff's law firm that has |
| 24 | this case. It is Mr. Tate. Mr. Tate was not part of |
| 25 | that other case, period. This is Mr. Tate's case. |

```
 1              THE COURT:  Well, if it's Mr. Tate's case,
 2      let's not call it class action any more, and just set
 3      a two day trial and be done with it.
 4              MR. SCHUCK:  Well, what she's saying is that
 5      Mr. Tate is bound by what happened in the Mrazek and
 6      McElmurry collective action that was filed in federal
 7      court.  That being said, the trial just completed in
 8      that case in federal court, and Judge Haggerty found
 9      that the defendants unilateral classification of all
10      sales and service managers is exempt without ever
11      looking at what duties they actually perform, wasn't
12      in good faith and ruled for plaintiff on all claims.
13              So, if they want to look at what the findings
14      are in that case, and what the outcome was, the ruling
15      on the individual claims basically supports
16      certification of class because what happened was, is
17      US Bank classified a group of people without ever
18      looking at what they did.  And they made up a sheet of
19      paper that said exactly what the job description is
20      supposed to be, and never compared that to the
21      employees.  And that's what Judge Haggerty found at
22      trial.
23              THE COURT:  Well, I can tell you right now, I
24      mean subject to, of course, full briefing and
25      argument, I cannot imagine certifying a class that
```

```
 1    would require case by case, employee by employee,
 2    evaluating whether or not that blanket description was
 3    appropriate or not.  I mean, that seems undoable.  I
 4    mean, I'm not saying that it wasn't wrong for US Bank,
 5    I'm not disputing Judge Haggerty's finding to do a
 6    blanket classification.  That doesn't work, without
 7    regard to the specific duties they are actually
 8    requiring employees to do.  I understand that
 9    argument.  But, how are we going to do that on a class
10    action basis?
11         MR. SCHUCK:  Well, the case law supporting
12    plaintiffs basically stand for the proposition that
13    when an employer makes a blanket classification like
14    that, they have to prove that the class actually that
15    they classified, because that's how they classified
16    it, they just said anyone in this position, exempt.
17    And so there is case law that says when you do that,
18    then you have a class.  And you respond to it in
19    class.  If you can't prove that the class meets the
20    elements and and the definition of the exemption on
21    which you rely, then that class -- you're liable.
22         THE COURT:  Even for those individuals for
23    whom the description and the duties were accurate and
24    they would make them exempt under the law?
25         MR. SCHUCK:  Yes.
```

1          THE COURT: I admit, I haven't done a whole
2    ton of these. But I'm astounded by that assertion.
3          MR. SCHUCK: Then what makes Oregon different
4    than because what I'm talking about are classes under
5    23 (b) if my memory is correct, and that would all be
6    briefed to Your Honor, so you wouldn't be relying upon
7    my memory standing here, because I wasn't expecting to
8    argue this. I didn't reread any of that stuff.
9          But, what Oregon allows this court to do that
10   other courts cannot, is look at it once liability is
11   found for the class, look at it on a per claim basis,
12   and each person who submits a claim, the defendant
13   could theoretically argue that one particular person --
14   there's a -- I think they testified that there were
15   125 to 130 that are current as of I think it was like
16   2003 or 2002, or something like that. So you're going
17   to be somewhere right around that range of individuals
18   who are currently holding the position in Oregon and
19   throughout this time period is my guess.
20         THE COURT: I'm confused, because I assumed
21   the basis of the class action allegations here and
22   what you would be seeking to certify, is a class of
23   those people in this service. What's the job title?
24         MR. SCHUCK: Sales and service manager.
25         THE COURT: Sales and service manager, who

10

```
 1    were misclassified as exempt employees based on the
 2    actual job duties they were given by the defendant.
 3    Not all sales and service managers, period because
 4    presumably some of them were properly classified.
 5              MR. SCHUCK:  I don't presume that.
 6              THE COURT:  Your contention is gonna be, they
 7    were all misclassified.
 8              MR. SCHUCK:  And the law does not presume
 9    that a classification is accurate, it actually
10    presumes the opposite.
11              THE COURT:  I'm not going there.  I'm not
12    suggesting that the law presumes that it's accurate.
13    But is your contention they were all misclassified?  I
14    mean --
15              MR. SCHUCK:  Yes.
16              THE COURT:  -- give me a preview here of how
17    you propose this class be defined?
18              MR. SCHUCK:  As sales and service managers
19    who work for the defendant in Oregon during this
20    specific time period relevant to the case.
21              THE COURT:  And what happened on the earlier
22    class certification motions in federal court?  Was
23    that for the same class?
24              MR. SCHUCK:  Uhm, well, no.  I mean, it was a
25    different time period.
```

11

```
 1              THE COURT:  Well, apart from the time period,
 2    definition of a class, was it the same as you just
 3    suggested?
 4              MR. SCHUCK:  I can't swear, but I'm like 90
 5    percent positive it is.
 6              THE COURT:  Why did Judges Hubel and Haggerty
 7    find before that you couldn't meet the threshold
 8    standards under the Fair Labor Standards Act for a
 9    class?
10              MR. SCHUCK:  The Court found that the
11    individual -- looking at each individual, that because
12    you had to -- because the Court felt you had to look
13    at each individual as a separate person and whether
14    they met the classification, the Court decided not to
15    certify.
16              THE COURT:  Okay.  Not once, not twice, but
17    three times the Court made that decision?
18              MR. SCHUCK:  There were -- there was two
19    rulings on that issue, correct.
20              THE COURT:  Okay.  And when the trial went
21    forward on the individuals' claims in the other cases,
22    Judge Haggerty concluded -- ruled in favor of the
23    plaintiff, found they, in fact, had been
24    misclassified.
25              MR. SCHUCK:  Correct.
```

```
 1                THE COURT:  But based on their job duties.
 2                MR. SCHUCK:  Correct.
 3                THE COURT:  Why does that -- I'm sorry.
 4                MR. MCCRACKEN:  I was going to indicate that
 5     with respect to one of the named plaintiffs, he
 6     defined a specific time period during her tenure as a
 7     sales and service manager in which she was
 8     misclassified.  With respect to other time periods,
 9     she worked as a sales and service manager, he found
10     she was not misclassified.
11                THE COURT:  Okay.  Anyway, what bearing does
12     that have on Ms. Bernick's argument a few minutes ago
13     about given the history of the prior litigation
14     concerning this job classification for defendants, for
15     employees at this defendant, that we should approach
16     the class certification issue differently?
17                MR. SCHUCK:  Well, because I think that
18     ignores the fact that there is now a finding that it
19     has been reduced to judgment, saying that the bank's
20     classification --
21                THE COURT:  Well, I don't understand, did
22     Judge Hubel or Judge Haggerty on the class
23     certification motions reach the merits about whether
24     or not --
25                MR. SCHUCK:  They went into the merits, yes.
```

```
 1      But it was -- I would put it that they went into the
 2      merits, but then talked about the merits and then did
 3      not -- kind of backed away from it and said we're not
 4      looking at the merits, but then ruled basically as if
 5      it had.  So to say that they did go into the merits
 6      would be misleading this court, and to say that they
 7      didn't I think would also be misleading, based on my
 8      memory of that ruling.
 9           THE COURT:  Did the court say -- I mean, I
10      assume -- I shouldn't assume anything.  I was
11      envisioning this as the court saying, okay, it may be
12      true for these named plaintiffs that they were
13      misclassified as, in fact, Judge Haggerty ultimately
14      found on the trial on the merits of these individual's
15      claims.  But you haven't made the showing necessary to
16      certify a class of all these employees who have that
17      job title.  That would make sense to me.
18           MR. SCHUCK:  I would not say that's how the
19      ruling was labled.
20           THE COURT:  What were the grounds for denying
21      class certification?
22           MR. SCHUCK:  You know, I guess maybe it would
23      be maybe more fruitful if plaintiff went ahead and
24      provided you with that order.  We're more than willing
25      to do that.  I don't want to be in a position where my
```

```
 1    memory -- I didn't study that before, I don't want to
 2    be in a position where I'm misleading Your Honor
 3    saying things of what I think I remember it saying,
 4    when I have not looked at that order for some time.
 5    And I'm just afraid, and, in fact, I can call my
 6    office if you like and have them fax it over right
 7    now.  I don't want to get in a position where I'm
 8    giving you false information.
 9             THE COURT:  That's okay.  It's clear to me we
10    don't need to spend -- there's not going to be any
11    precertification discovery.  And we can set the motion
12    for the deadline for filing motion for class
13    certification, response and a hearing in very short
14    order.  Any reason we can't do that given the history?
15             MR. SCHUCK:  I think that this plaintiff has
16    a right to his discovery, and I think that --
17             THE COURT:  We're not taking about this
18    plaintiff's claim.  We're talking about the class,
19    there are different issues here.  And we're talking
20    about other folks and handling this as a class matter.
21    I'm not -- Mr. Tate is going to get all of the
22    discovery he's entitled to on his claims and his
23    trial.  But given the history with this very different
24    defendant and this very class description, this group
25    of employees, and what's gone on, I think it would be
```

```
 1    utter waste of the tax payers' money to spend the
 2    judicial resources going through that and treating it
 3    as though it's the first time the issue has ever come
 4    up.  I mean, Mr. Tate, yeah, he's still got all his
 5    rights.  I'm talking about the class certification
 6    issues.  Why can't we just do that in short order now?
 7            MR. SCHUCK:  What date were you thinking,
 8    Your Honor?
 9            THE COURT:  I'm talking about setting a
10    deadline of April 11th for your motion for class
11    certification.  That's two weeks from today.
12            MR. SCHUCK:  I'm looking over what I have
13    due.  Can I have until the 21st?
14            THE COURT:  Yeah.
15            MR. SCHUCK:  Monday, April --
16            THE COURT:  Monday, April 21st, deadline for
17    filing of the motion.  How long do you need to
18    respond?  I assume that can be done very quickly too,
19    since it's all been done before.  Two weeks would
20    be --
21            MS. BERNICK:  12th, three weeks --
22            THE COURT:  Two weeks would be May 5th.
23            MR. MCCRACKEN:  Could we have until that
24    Tuesday, the 6th?
25            THE COURT:  Yes.  Reply if any by Friday, May
```