JUDITH DROZ KEYES (CA State Bar No. 66408)
STUART W. MILLER (CA State Bar No. 127766)
MICHELLE D. FIFE (CA State Bar No. 240554)
ANGELA CORRIDAN (CA State Bar No. 257076)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-6533
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
jkeyes@dwt.com
stuartmiller@dwt.com
michellefife@dwt.com
angelacorridan@dwt.com

Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANN ROSS, MAURITA PRASAD, TAMARA BURKHART, NANETTE RENEE HOUSKEN, DENNIS RAMOS, and KELLY SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION, DBA U.S. BANK,<br><br>Defendant. | Case No. C 07-2951 SI<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT (EIGHTH CAUSE OF ACTION)**<br><br>Date: October 3, 2008<br>Time: 9:00 a.m.<br>Courtroom 10<br>Hon. Susan Illston |

## I. INTRODUCTION

In the Eighth Cause of Action of the Second Amended Complaint ("SAC"), Plaintiffs seek so-called "waiting time" penalties (also referred to as "late payment" penalties) for alleged late payment of wages at the end of employment. (*See* Joint Case Management Statement, Dckt. 114, filed May 23, 2008.) This motion seeks summary judgment of the Eighth Cause of Action. This

1  motion does *not* address Plaintiffs' claims for waiting time penalties as a measure of damages

2  should they prevail on one or more of their other causes of action, but rather seeks partial

3  summary judgment of the stand-alone claim, both as to the individual Plaintiffs and as to the class

4  the Plaintiffs' assert, as set forth in the Eighth Cause of Action.

5  **II.    RELEVANT FACTS**

6      **A.    Plaintiffs Prasad, Burkhart, and Housken**

7      Plaintiff Maurita Prasad ("Prasad") was an employee of U.S. Bank in California from

8  December 8, 2003, to January 18, 2005. Declaration of Deborah Dreischmeyer in Support of

9  Motion for Partial Summary Judgment (Eighth Cause of Action) ("Dreischmeyer Decl.") ¶ 19.

10 Plaintiff Tamara Burkhart ("Burkhart") was an employee of U.S. Bank in California from July 19,

11 2004, until January 24, 2005. Dreischmeyer Decl. ¶ 20. Plaintiff Nanette Housken ("Housken")

12 was an employee of U.S. Bank in California from June 21, 2004, until July 29, 2005.

13 Dreischmeyer Decl. ¶ 21. Accordingly, the employment of these three Plaintiffs ended more than

14 one year before the filing of the original Complaint on April 6, 2007. Dreischmeyer Decl.

15 ¶¶ 19-21.

16     **B.    Plaintiff Ross**

17     Plaintiff Ann Ross ("Ross") was an employee of U.S. Bank in California from October 7,

18 2005, to May 2, 2006. Dreischmeyer Decl. ¶¶ 6-8. On April 18, 2006, Ms. Ross submitted a

19 notice of resignation of employment. Id. Plaintiff Ross's last day of employment at U.S. Bank

20 was May 2, 2006. Dreischmeyer Decl. ¶ 8. Plaintiff Ross received her final paycheck, in the form

21 of a direct deposit transaction into her banking account, on May 1, 2008. Dreischmeyer Decl. ¶ 9.

22     In a letter dated May 17, 2006, Plaintiff Ross wrote to John Murrillo, In-Store District

23 Manager, alleging that her final paycheck did not reflect payment for the week of April 23 to 29,

24 2006, and that it did not include payment for 35 hours of unused vacation. Dreischmeyer Decl.

25 ¶¶ 10-11. In a letter dated May 19, 2006, Human Resources Generalist Deborah Dreischmeyer

26 responded by explaining in detail the payroll process at U.S. Bank and how it was that Ms. Ross

27 had in fact been fully paid for the week of April 23 to 29, 2006. Dreischmeyer Decl. ¶¶ 12-18.

28

DAVIS WRIGHT TREMAINE LLP

Ms. Dreischmeyer also explained how Plaintiff Ross had been paid her full vacation.[1]

### C. Plaintiffs Smith and Ramos

Oregon Plaintiffs Ramos and Smith have decided not to pursue a stand-alone waiting time penalty claim. In the case of Plaintiff Smith, this is evidenced both in the Joint Case Management Statement as well as in Plaintiffs' Motion to Sever and Transfer Plaintiff Smith's Claims. *See*, Dckt. 114, May 23, 2008, at Appendix A; *see also* Plaintiffs' Motion to Sever and Transfer Plaintiff Smith's Claims, Dckt. 122, June 27, 2008, at p. 2. In the case of Plaintiff Ramos, this is made clear in the Joint Case Management Statement. *See*, Dckt. 114, May 23, 2008, at Appendix A.

## III. LEGAL ARGUMENT

### A. Summary Adjudication Standard

The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment. *See* Fed.R.Civ.P. 56(a), 56(c); *Mora v. ChemTronics,* 16 F.Supp.2d 1192, 1200 (S.D. Cal. 1998). The court must decide whether there is a "genuine issue as to any material fact and [whether] the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). A party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may satisfy this burden in one of two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing of sufficient evidence to establish an essential element of the nonmoving party's claim, and on which the non-moving party bears the burden of proof at trial. *Id.* at 322. "The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "If the party moving for summary judgment meets its initial burden of identifying for the court those portions of the

---

[1] There is no vacation pay claim in the Complaint.

DAVIS WRIGHT TREMAINE LLP

material on file that it believes demonstrate the absence of any genuine issues of material fact," the burden of production shifts and the nonmoving party must set forth "specific facts showing that there is a genuine issue for trial." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir. 1987) (quoting Fed.R.Civ.P. 56(e)).

The opposing party must "go beyond the pleadings and by her own affidavits, or by depositions, answer to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex,* 477 U.S. at 324.

U.S. Bank is entitled to summary judgment as to the Eighth Cause of Action: the claims of Plaintiffs Prasad, Burkhart, and Housken because their claims are barred by the applicable statute of limitations, and the claim of Plaintiff Ross because she was paid in full within the statutorily designated period.

### B. Plaintiffs Prasad, Burkhart, and Housken's Claims in the Eighth Cause of Action Are Barred by the Statute of Limitations.

Under California law, with exceptions not relevant here, an employer who discharges an employee must pay all "wages earned and unpaid at the time of discharge . . . immediately." (Labor Code § 201). An employee who resigns with at least 72 hours' notice also must be paid all wages earned on the last day of employment. (Labor Code § 202). If an employer willfully fails in this obligation, "the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid . . . but the wages shall not continue for more than 30 days." (Labor Code § 203). This penalty is the so-called California "waiting time penalty."

Labor Code section 203 provides that "suit may be filed for these [waiting time] penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise." However, California Code of Civil Procedure section 340(a) establishes a one year statute of limitation for: "[a]n action upon a statute for a penalty or forfeiture . . . ." In the only published decision reconciling these statutes, the California Court of Appeal in *McCoy v. Superior Court*, 157 Cal.App.4th 224 (2007) ruled that whereas waiting time penalties can be sought as a measure of damages in accordance with the statute of limitations applicable to the underlying claim, the one year statute of limitation applies to a stand-alone claim

4

DAVIS WRIGHT TREMAINE LLP

for waiting time penalties.  There, the court found that "for suits seeking penalties alone, the objective of section 203, the legislative intent, and the common sense meaning of the section's language persuade us defendant's interpretation [that a one year statute of limitations applies] is correct." *Id.* at 229.  The court rejected plaintiff's argument that section 203 should be interpreted such that the compensation denominated a "penalty" would be considered a "wage," thus bringing it within a longer statute of limitations.  Instead, the court found that the statute specifically and plainly labels the penalty as such, resulting in a one year statute of limitations.  *Id.* at 231-32.

Plaintiffs filed the original Complaint in this case, the forerunner to the SAC, on April 6, 2007.  Accordingly, Plaintiffs must have terminated their employment at U.S. Bank on or after April 6, 2006, to be eligible to state a stand-alone claim under Section 203.  It is a matter of undisputed fact that Plaintiffs Prasad, Burkhart, and Housken's employment terminated in 2005.  Their stand-alone waiting time penalty claims in the Eighth Cause of Action therefore are time-barred.

### C. Plaintiff Ross Received Her Final Paycheck on Her Last Day of Employment, and thus Does Not Have a Valid Stand-Alone Waiting Time Penalty Claim.

Plaintiff Ross received her final paycheck (by direct deposit) on her last day of employment at U.S. Bank.  This paycheck included compensation for all of the days Plaintiff worked.[2]  Plaintiff Ross may (and does) claim in other causes of action in the SAC that she was *improperly* compensated *throughout* her employment for such things as meal periods, rest periods, overtime, and "lost time."  She is entitled to pursue (and U.S. Bank is entitled to oppose) waiting time penalties as a form of damages if she prevails on any of those claims, but the undisputed facts make clear that Plaintiff Ross did receive her final paycheck on her last day of employment – and thus, U.S. Bank is entitled to summary judgment on her "stand-alone" waiting time penalty claim asserted in the Eighth Cause of Action.

///

---

[2] In fact, Plaintiff Ross was overcompensated by one hour of pay.  Dreischmeyer Decl. ¶ 17.

5

DEFENDANT'S MEMORANDUM                                           DWT 11719577v3 0023784-000227
ISO MOTION FOR PARTIAL SUMMARY JUDGMENT (EIGHTH CAUSE OF ACTION)
Case No. C 07-2951 SI

## IV. CONCLUSION

The Second Amended Complaint makes many claims, most of which are not (yet) amenable to summary judgment. The Eighth Cause of Action is a different matter because three of the four of California Plaintiffs are barred by the statute of limitations, and the fourth received her final paycheck on her last day of employment. The Oregon Plaintiffs have elected not to pursue their late pay claims as stand-alone claims. Accordingly, U.S. Bank respectfully requests that summary judgment be entered in its favor on the Eighth Cause of Action in its entirety, both as to the individual Plaintiffs' claims and as to the class action claims.

DATED: August 28, 2008

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: */s/ Judith Droz Keyes*
      Judith Droz Keyes

Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION