JUDITH DROZ KEYES (CA State Bar No. 66408)
STUART W. MILLER (CA State Bar No. 127766)
MICHELLE D. FIFE (CA State Bar No. 240554)
ANGELA CORRIDAN (CA State Bar No. 257076
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California  94111-6533
Telephone:    (415) 276-6500
Facsimile:     (415) 276-6599
jkeyes@dwt.com
stuartmiller@dwt.com
michellefife@dwt.com
angelacorridan@dwt.com

Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANN ROSS, DENNIS RAMOS, MAURITA PRASAD, TAMARA BURKHART, NANETTE RENEE HOUSKEN, and KELLY SMITH, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>U.S. BANK NATIONAL ASSOCIATION, DBA U.S. BANK,<br><br>　　　　　Defendant. | Case No. C 07-2951 SI<br><br>**DEFENDANT'S OPPOSITION TO MOTION TO SEVER AND TRANSFER THE CLAIMS OF PLAINTIFF SMITH**<br><br>Date:  October 3, 2008<br>Time:  9:00 a.m.<br>Department:  Courtroom 10<br>Judge:  Hon. Susan. Illston |

**I.     INTRODUCTION**

Defendant U.S. Bank National Association ("Defendant" or "U.S. Bank") does not oppose Plaintiffs' motion to sever one of the claims of Plaintiff Kelly Smith in the Second Amended Complaint ("SAC"):  her claim in the Fourth Cause of Action that the Sales and Service Manager ("SSM") position at U.S. Bank was misclassified as exempt ("SSM misclassification claim").[1]

---

[1] In a separate motion to be heard concurrently with this one, U.S. Bank seeks partial summary judgment as to the collective and class action claims in the Fourth Cause of Action because these claims were previously dismissed by the Oregon District Court and thus are "issue precluded."

This claim involves an issue that is wholly different from the other issues in this case, that is, whether Plaintiff Smith's job duties as an SSM met the criteria for exempt status under the Fair Labor Standards Act ("FLSA") and Oregon law. All of the other claims in the Second Amended Complaint, including Plaintiff Smith's claim in the Fifth Cause of Action for alleged "unauthorized lost time deductions" ("lost time claim"), in one way or another challenge U.S. Bank's payroll practices. Therefore, U.S. Bank does oppose Plaintiffs' motion to sever Plaintiff Smith's lost time claim. U.S. Bank also opposes the transfer of either of Plaintiff Smith's claims to the District of Oregon.[2]

## II. ARGUMENT

### A. Smith's Lost Time Claim Should Not Be Severed.

In the Fifth Cause of Action, Plaintiffs challenge what they inaccurately and misleadingly characterize as U.S. Bank's "Lost Time Deduction" practice.[3] They allege that U.S. Bank "regularly withheld and deducted wages . . . . under the earning description 'Lost Time,' and/or 'LST,'" and that this practice violates Oregon and California law. *See* SAC, ¶¶ 87, 90, 91. They initially asserted the claim on behalf of California Plaintiffs Ross and Burkhart and Oregon Plaintiffs Smith and Ramos, as well as "similarly situated individuals" in California and Oregon (SAC ¶ 87, 91, 47(G), 47(K)), but they are no longer pursuing this claim on behalf of Plaintiff Ramos or on behalf of a putative class of Oregon employees.[4] *See* Joint Case Management

---

[2] Plaintiff Smith's motion also seeks severance and transfer of the "Eighth Cause of Action [as to Plaintiff Smith], <u>but only</u> to the extent it alleges a claim for an Oregon state law late payment penalty arising from the alleged misclassification of Oregon SSMs (for an Oregon state law putative Rule 23 class)." *See* Plaintiffs' Motion to Sever and Transfer the Claims of Plaintiff Smith, Dckt. 122 (emphasis in original); *see also* Joint Case Management Statement of May 23, 2008, Dckt 114, Appendix A. Thus, Plaintiff Smith has made clear that she is not pursuing a stand-alone late payment (or "waiting time") penalty claim. So, there is no need for the Court to consider the issue separately from the SSM misclassification claim. In a separate motion to be heard concurrently with this one, U.S. Bank seeks partial summary judgment as to the Eighth Cause of Action as it pertains to the California Plaintiffs.

[3] The phrase "lost time deduction" is a misnomer. U.S. Bank's practice pays employees for all hours worked.

[4] Were Plaintiff Ramos' lost time claim still in the case that would be all the more reason not to sever Plaintiff Smith's lost time claim.

Statement of May 23, 2008, Dckt. 114, at Appendix A; *see also* Plaintiffs' Motion to Partially Lift the *Colorado River* Stay as to the Claims of Plaintiff Smith ("Motion to Lift the Stay"), Dckt. 115, at p. 21, l. 11-14.  Thus, all that remains of the lost time claim are the claims of California Plaintiffs Ross and Burkhart on their own behalf and on behalf of a putative class of California employees, and the individual claim of Plaintiff Smith.

Plaintiff Smith's lost time claim alleges a factual issue identical to the lost time claim asserted by California Plaintiffs Ross and Burkhart:  how does U.S. Bank's payroll procedure work with respect to the so-called "lost time" procedure?  The legal issue is almost identical, inasmuch as the relevant laws of Oregon and California are similarly worded.[5]  *See* O.R.S. §§ 652.120, 652.610 and 653.010(10) and Cal. Lab. Code §§ 204, 221 and 224.  In support of the lost time claim (and other claims), Plaintiffs assert in the Second Amended Complaint that U.S. Bank has a "centralized payroll department that oversees all payroll for U.S. Bank . . . ." SAC ¶ 21.  Plaintiffs assert that their challenge to the lost time claim (and other claims) presents "common questions of law and fact."  SAC ¶¶ 42(E), (F), (G).  In making these assertions, Plaintiffs' counsel certified to this Court that to the best of their "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the[se] factual contentions have evidentiary support . . . ." Federal Rule of Civil Procedure ("Rule") 11(b)(3).

Plaintiffs' contrary assertion now should not be countenanced, let alone accepted as true.  The Fifth Cause of Action challenges a single alleged U.S. Bank payroll practice.  U.S. Bank should not be required to defend this practice in two different lawsuits when Plaintiffs brought it, and have alleged it to be properly brought, as one.

**B.    The Smith Claims Should Not Be Transferred.**

Regardless of the severance of Smith's SSM misclassification claim, and should the Court sever Plaintiff Smith's lost time claim, these claims should be kept in this Court and not transferred to Oregon.

---

[5] This is not to say that the claims of individual employees will present identical facts.  Resolution of the individual claims will require individualized inquiry into what hours each employee worked, what amounts were paid, whether the lost time earnings code was used, why the code was used and, if it was used, whether the employee suffered any actual loss.

Plaintiffs bear the burden of establishing that severed claims should be transferred. *See Blumenthal v. Management Assistance, Inc.*, 480 F. Supp. 470, 471-472 (N.D. Ill. 1979) (citations omitted) ("The burden of establishing that the action should be transferred is on the moving party."). To support a motion for transfer, the moving party must establish "that the transfer will serve the convenience of the parties and witnesses, and will promote the interests of justice." *Moon v. FedEx Kinko's*, 2007 U.S. Dist LEXIS 41254, *4-*5; *see also Mandani v. Shell Oil Company*, 2008 U.S. Dist. LEXIS 9626, at *6-*7 (N.D. Cal. 2008). U.S. Bank opposes the transfer of the Smith Claims because the interest of justice compels the rejection of Plaintiff's petition to do so, and because this Court is as convenient as Oregon.

### 1. Transferring The Smith Claims Would Not Be In The Interest Of Justice.

"The 'interest of justice' factor is the most important factor a court must consider and may be decisive in a transfer motion even when <u>all</u> other factors point the other way." *Id.* at *12 (quoting *London & Hull Mar. Ins. Co. v. Eagle Pac. Ins. Co.,* 1996 U.S. Dist. LEXIS 22893 (N.D. Cal. 1996)) (Emphasis added.); *see also Wireless Consumers Alliance v. T-Mobile USA, Inc.*, 2003 U.S. Dist. LEXIS 26802 at *4 (N.D. Cal. 2003) ("The question of which forum will better serve the interest of justice is of predominant importance on the question of transfer, and the factors involving convenience of the parties and witnesses are in fact subordinate.").

Where, as here, there is evidence of forum-shopping, justice requires that the forum shopper's preference of forum not be considered. *See Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) ("If there is any indication that plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be accorded little deference"). "The transfer statute has a built-in mechanism to remedy the evils of forum shopping by giving little or no weight to the plaintiff's choice of forum away from home and without ties to the controversy." *Wireless Consumers Alliance*, 2003 U.S. Dist. LEXIS 26802 at *14.

Before filing this case, Plaintiffs' counsel, Bailey Pinney,[6] filed six wage/hour class action lawsuits against U.S. Bank in the state and federal courts of Oregon. Two of these prior suits are

---

[6] Bailey Pinney is "Bailey, Pinney, PC" in California and "Bailey Pinney & Associates, LLC" in

4

1  directly related to the Smith Claims. In its February 13, 2008, Stay Order, this Court recognized
2  that Plaintiffs were forum shopping. *See* Stay Order, Dckt. 73 ("Defendant argues vehemently
3  that plaintiffs are engaged in forum shopping by pursuing this action, and all indications are that
4  this is true"). Granting Plaintiffs' request to transfer the Smith Claims out of this Court would
5  only reward their forum shopping activities. *See Ferens et ux. v. John Deere Co.*, 494 U.S. 516,
6  523 (1990) ("§1404(a) should not create or multiply opportunities for forum shopping.").

### a. *McElmurry*

Bailey Pinney filed *McElmurry and Mrazek v. U.S. Bank National Association*, Case No. 04-CV-00642, on May 11, 2004, in the U.S. District Court for the District of Oregon ("*McElmurry*"). Declaration of Christopher McCracken ("McCracken Decl."), ¶ 2. As amended, the *McElmurry* complaint asserted a collective action claim under the FLSA, 29 U.S.C. § 216(b), that was effectively identical to Plaintiff Smith's SSM misclassification claim here. *Id.*, ¶ 3, Exhibit 1. Although a different class period was involved in *McElmurry,* that period overlapped a portion of the class period in the SAC and encompassed a portion of the employment of Plaintiff Smith. *Id.*, Exhibit 1.

Magistrate Judge Dennis J. Hubel and U.S. District Court Judge Ancer Haggerty denied the plaintiffs' various motions to certify the *McElmurry* proposed class after finding that the plaintiffs had not even met the low "similarly situated" threshold under the FLSA.[7] *Id.*, ¶¶ 4-8, Exhibit 2. The final denial was issued by Judge Haggerty on December 8, 2006. *Id.*, ¶ 8, Exhibit 2. Bailey Pinney appealed the denial to the Ninth Circuit Court of Appeals. *Id.*, ¶ 10, Exhibit 3. The appeal was dismissed as premature on December 26, 2007. *Id.*, ¶ 11, Exhibit 4. When the final judgment was entered in *McElmurry*, on February 11, 2008, neither party appealed. *Id.*, ¶ 11.

### b. *Tate*

Bailey Pinney filed *Tate v. U.S. Bank National Association*, Case No. 0607-07188, on July

---

Oregon. The mailing address and principals are the same.

[7] A more complete description of the collective and class action denial in *McElmurry* appears in the Memorandum in Support of Defendant's Motion for Summary Judgment as to the class and collective action claims in the Fourth Cause of Action, which will be heard concurrently with the Plaintiffs' Motion to Sever and Transfer the Claims of Plaintiff Smith.

(left margin: DAVIS WRIGHT TREMAINE LLP)

1  10, 2006, in Multnomah County Oregon Circuit Court ("*Tate*"). McCracken Decl., ¶ 12, Exhibit
2  5. This class action complaint asserted an SSM misclassification claim identical to Smith's SSM
3  misclassification claim. *Id.*, Exhibit 5. The putative class asserted in *Tate* overlapped Plaintiff
4  Smith's employment as an SSM, the termination of Plaintiff Smith's employment, and a portion of
5  the putative class period asserted in the Second Amended Complaint. *Id.* On February 13, 2008,
6  this Court stayed the claims of Plaintiff Smith because *Tate* was pending. *See* Order on Motion to
7  Dismiss or Stay at 7. On March 28, 2008, the Oregon Circuit Court held a hearing on pre-
8  certification discovery in *Tate*, during which the court suggested that class certification would be
9  denied.[8] McCracken Decl., ¶ 13, Exhibit 6. *Tate* is now proceeding only as an individual action.
10 *Id.*, ¶ 14.

11     Shortly thereafter, in connection with its Motion to Lift the Stay, Bailey Pinney
12 represented to this Court that the *Tate* plaintiff would not pursue class certification in *Tate*. *See*
13 Motion to Lift Stay, Dckt. 115. Based on that representation, U.S. Bank did not oppose the
14 motion. *See* Defendant's Nonopposition to Motion to Lift Stay, Dckt. 128. On July 21, 2008, the
15 Court granted Plaintiffs' Motion to Lift the Stay on the Smith Claims. *See* Order Granting
16 Plaintiffs' Unopposed Motion to Partially Lift *Colorado River* Stay as to the Claims of Plaintiff
17 Smith, Dckt 130.

18     On March 14, 2007, when Bailey Pinney chose to file in California the predecessor
19 complaint to the Second Amended Complaint[9] (which included the claims of Plaintiff Smith), they

---

[8] During a hearing on pre-certification discovery, the *Tate* court stated that it would be an "utter waste of [Oregon] tax payers' money to spend the judicial resources . . . treating [class certification in *Tate*] as though it's the first time the issue has ever come up." McCracken Decl., ¶ 13, Exhibit 6, at 15:1-4. When Bailey Pinney filed a motion to lift the stay of Plaintiff Smith's claims, they represented to this Court that the *Tate* Plaintiff would not seek class certification, doubtlessly because of the *Tate* court's statement. *See* Motion to Lift the Stay, Dckt. 115.

[9] On March 14, 2007, Bailey Pinney filed the initial *Ross* Complaint, entitled *Prasad, et al. v. U.S. Bank National Association*, in the Northern District of California, Case No. C071485 ("Federal Complaint"), on behalf of Plaintiffs Ross, Prasad, Smith and Ramos, asserting *inter alia* a SSM misclassification claim identical to the one asserted in both *McElmurry* and *Tate*. Declaration of Judith Droz Keyes in Support of Defendant's Opposition to Plaintiffs' Motion Sever and Transfer the Claims of Plaintiff Smith ("Keyes Decl."), ¶¶ 2 and 3, Exhibit 1. The Federal Complaint was assigned to this Court. *Id.*, ¶ 4. On March 15, 2007, Bailey Pinney filed a Notice of Voluntary Dismissal of the Federal Complaint. *Id.*, ¶ 5, Exhibit 2. Shortly thereafter, on April 6, 2007, Bailey Pinney filed a complaint in the Alameda County Superior Court entitled *Ross, et al. v. U.S. Bank National Assn.*, Case No. RG07319452, which asserted the same claims as the Federal

DAVIS WRIGHT TREMAINE LLP

were fully aware that a claim identical to the SSM misclassification claim was pending in Oregon and that Plaintiff Smith's claims could have been brought in Oregon if not in that case, in another. It is apparent that Plaintiffs chose California as a potentially more favorable jurisdiction in light of the *McElmurry* Court's denial of class certification just three months earlier, on December 8, 2006. Now, Plaintiffs wish to send the Plaintiff Smith's claims back to Oregon, where they could have been filed in the first place. This obvious forum shopping should not be rewarded.

### 2. Plaintiffs Have Asserted that Litigation of the Smith Claims Is Convenient in California.

In the Second Amended Complaint, Plaintiffs admitted that this Court is "convenient to the parties . . . and potential witnesses . . . ." as to all their claims, including the lost time claim and the SSM misclassification claim. (SAC ¶¶ 42(E), 46(B)) As with their other assertions, in making this assertion, Plaintiffs' counsel certified that to the best of their "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" this contention had evidentiary support. Rule 11(b)(3). Plaintiffs' counsel knew (or should have known) what payroll practices they were challenging, where the potential witnesses to that practice were located, and where Plaintiff Smith was located. *See* SAC ¶ 10. While U.S. Bank vigorously disagrees with the allegation that the practice the Plaintiffs' mischaracterize as a "lost time deduction" violates any law, U.S. Bank does not disagree with the assertion that the Northern District of California is a convenient forum for litigating this claim as to Plaintiff Smith, as much as to the other named Plaintiffs.

In view of the Plaintiffs' representation to this Court that this forum is convenient, and in view of their obvious forum-shopping-attempt to send Plaintiff Smith's claims back to where they clearly could have been brought in the first place *now*, after Defendant has devoted some fifteen

---

Complaint. *Id.*, ¶ 6, Exhibit 3. On April 26, 2007, Bailey Pinney filed a First Amended Complaint ("FAC") in Case No. RG07319452, and thereafter served the FAC on U.S. Bank. *Id.*, ¶ 7, Exhibit 4. On June 7, 2007, U.S. Bank removed the FAC to the U.S. District Court for the Northern District of California and contemporaneously filed a Notice of Related case, relating the FAC to the Federal Complaint. *See* Notice of Removal, Dckt. 1, and Notice of Related Case, Dckt. 3. On July 5, 2007, this Court found the removed State Complaint and the Federal Complaint to be related and the case was reassigned to this Court. *See* Order Relating Case, Dckt. 8.

DAVIS WRIGHT TREMAINE LLP

months to defending these claims in this Court, Plaintiffs' transfer motion should be denied.

## III. CONCLUSION

In a separate motion, U.S. Bank seeks summary judgment as to the class action and collective action claims in the Fourth Cause of Action, the SSM misclassification claim.  Once that motion is decided, U.S. Bank does not oppose severing Plaintiff Smith's individual misclassification claim from the rest of the claims in the Second Amended Complaint.  While all of the other claims (including the lost time claim) involve issues of payment to employees, the misclassification claim uniquely involves the issue of whether Plaintiff Smith was properly treated as exempt from overtime during the period she worked as a Sales and Service Manager.  Therefore, the SSM misclassification claim – and only that claim – warrants severance.

Plaintiff Smith's lost time claim should not be severed from the rest of the claims in the Second Amended Complaint because this claim challenges the same alleged payroll practice as pertains to the California Plaintiffs.  It makes no sense to require U.S. Bank to defend this perfectly defensible practice in two separate lawsuits.

U.S. Bank opposes transferring either of Plaintiff Smith's claims to the District of Oregon because Plaintiffs have engaged in forum shopping and because, by Plaintiffs' own assertion made under Rule 11, this forum is convenient.

U.S. Bank respectfully requests that Plaintiffs' Motion to Sever and Transfer the Claims of Plaintiff Smith be denied *except* as to severing Plaintiff Smith's individual SSM misclassification claim.

DATED this 5th day of September, 2008.

                                        Respectfully submitted,

                                      DAVIS WRIGHT TREMAINE LLP

By:    */s/ Judith Droz Keyes*
        Judith Droz Keyes

Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION