JUDITH DROZ KEYES (CA State Bar No. 66408)
STUART W. MILLER (CA State Bar No. 127766)
MICHELLE D. FIFE (CA State Bar No. 240554)
ANGELA CORRIDAN (CA State Bar No. 257076)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-6533
Telephone:   (415) 276-6500
Facsimile:   (415) 276-6599
jkeyes@dwt.com
stuartmiller@dwt.com
michellefife@dwt.com
angelacorridan@dwt.com

Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANN ROSS, MAURITA PRASAD, TAMARA BURKHART, NANETTE RENEE HOUSKEN, DENNIS RAMOS, and KELLY SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION, DBA U.S. BANK,<br><br>Defendant. | Case No. C 07-2951 SI<br><br>**DECLARATION OF CHRISTOPHER MCCRACKEN IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO SEVER AND TRANSFER THE CLAIMS OF PLAINTIFF SMITH**<br><br>Date: October 3, 2008<br>Time: 9:00 a.m.<br>Courtroom 10<br>Hon. Susan Illston |

**DECLARATION OF CHRISTOPHER F. MCCRACKEN**

I, Christopher F. McCracken, declare as follows:

1. I am a partner in the law firm of Davis Wright Tremaine LLP, counsel to defendant U.S. Bank ("Defendant" or "U.S. Bank") in this action. I work primarily out of the Portland, Oregon office of Davis Wright Tremaine. I make this Declaration in support of the Opposition of U.S. Bank to Plaintiffs' Motion to Sever and Transfer the Claims of Plaintiff Smith. I make this Declaration on the basis of my personal knowledge and, if called upon, I could testify truthfully and competently to the facts set forth herein.

2. Plaintiffs' counsel, Bailey Pinney, filed *McElmurry and Mrazek v. U.S. Bank National Association*, Case No. 04-CV-00642, on May 11, 2004, in the U.S. District Court for the District of Oregon ("*McElmurry*"), on behalf of the named plaintiffs and those similarly situated.

3. The Second Amended Complaint in *McElmurry,* attached as Exhibit 1 hereto, asserted a Sales and Service Manager ("SSM") misclassification class claim under the FLSA, 29 U.S.C. § 216(b), which was virtually identical to the claim Plaintiff Smith has asserted in the Second Amended Complaint in this case, i.e., that U.S. Bank misclassified its SSMs in Oregon and Washington as exempt from overtime pay in violation of the FLSA, 29 U.S.C. §207.

4. In *McElmurry,* the plaintiffs moved to certify a nationwide SSM class as a collective action on May 20, 2004, but voluntarily withdrew that motion in order to conduct more discovery. *See* Opinion and Order in *McElmurry* dated December 8, 2006, attached as Exhibit 2, p. 3.

5. On August 22, 2005, after the discovery period had closed, plaintiffs in *McElmurry* moved for an order certifying the SSM class for the second time. *Id.* at Exhibit 2, p. 3. Plaintiffs' second motion proposed a class of all SSMs employed by U.S. Bank in Oregon and Washington from May 2001 to May 2004. The Court denied Plaintiffs' motion for certification. *Id.* at Exhibit 2, p. 11. The Court reopened discovery and the McElmurry Plaintiffs proceeded to seek and obtain additional discovery on the SSM claim.

6. On May 8, 2006, the *McElmurry* plaintiffs moved, for the third time, for certification of the SSM collective action. *Id.* at Exhibit 2, p. 3.

1

7. Magistrate Judge Hubel recommended that plaintiffs' motion be denied based on his determination that the SSMs were not "similarly situated" under Section 216(b), as required for collective action treatment. *Id.* at Exhibit 2, p. 9.

8. On December 8, 2006, District Judge Ancer Haggerty denied the plaintiffs' objections to Magistrate Hubel's findings, and adopted the findings of the Magistrate. Judge Haggerty's opinion held that "defendant's mere classification of all SSMs as exempt is insufficient to establish that the SSMs are similarly-situated." *Id.* at Exhibit 2, p. 9.

9. Judge Haggerty found that "plaintiffs engaged in substantial discovery on the SSM claim and successfully extended the discovery deadline several times to pursue their discovery requests," which included "contact[ing] the terminated SSMs." *Id.* at Exhibit 2, p. 9.

10. On December 15, 2006, Bailey Pinney appealed the certification denial by Judge Haggerty to the Ninth Circuit Court of Appeals, asserting collateral order appellate jurisdiction. *See* Notice of Appeal dated December 15, 2006, attached as Exhibit 3 hereto.

11. The Ninth Circuit Court of Appeals dismissed the appeal as premature on December 26, 2007. *See* Filed Opinion, December 26, 2007, attached as Exhibit 4 hereto. When final judgment was entered in *McElmurry*, none of the parties appealed the judgment.

12. On July 10, 2006, Bailey Pinney filed *Tate v. U.S. Bank National Association,* in the Circuit Court of Oregon, County of Multnomah, Case No. 0607-07188 ("*Tate*"). Attached hereto as Exhibit 5 is a true and correct copy of the *Tate* Complaint.

13. On March 28, 2008, the Oregon Circuit Court held a hearing in *Tate*, during which the court stated that it would be an "utter waste of [Oregon] tax payers' money to spend the judicial resources . . . treating [class certification in *Tate*] as though it's the first time the issue has ever come up." Attached hereto as Exhibit 6 are true and correct copies of excerpts of the March 28, 2008 hearing in the *Tate* case.

///

///

///

DAVIS WRIGHT TREMAINE LLP

14. Plaintiff Tate has withdrawn his class claims in the *Tate case.*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 4th day of September, 2008 at Portland, Oregon.

                                            */s/ Christopher McCracken*
                                            Christopher McCracken

DAVIS WRIGHT TREMAINE LLP

3