JUDITH DROZ KEYES (CA State Bar No. 66408)
STUART W. MILLER (CA State Bar No. 127766)
MICHELLE D. FIFE (CA State Bar No. 240554)
ANGELA CORRIDAN (CA State Bar No. 257076)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California  94111-6533
Telephone:    (415) 276-6500
Facsimile:     (415) 276-6599
jkeyes@dwt.com
stuartmiller@dwt.com
michellefife@dwt.com
angelacorridan@dwt.com

Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANN ROSS, DENNIS RAMOS, MAURITA PRASAD, TAMARA BURKHART, NANETTE RENEE HOUSKEN, and KELLY SMITH, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>U.S. BANK NATIONAL ASSOCIATION, DBA U.S. BANK,<br><br>  Defendant. | Case No. C 07-2951 SI<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO PARTIALLY AND TEMPORARILY LIFT THE STAY AND TO SEVER AND TRANSFER THE CLAIMS OF PLAINTIFF RAMOS TO THE DISTRICT OF OREGON**<br><br>Date: October 3, 2008<br>Time: 9:00 a.m.<br>Department: Courtroom 10<br>Judge: Hon. Susan. Illston |

DEFENDANT'S OPPOSITION TO MOTION TO LIFT STAY AND SEVER AND TRANSFER THE CLAIMS OF PLAINTIFF RAMOS TO THE DISTRICT OF OREGON
Case No. C 07-2951 SI

DWT 11568638v7 0023784-000227 00A000A0

**I.     INTRODUCTION**

Defendant U.S. Bank National Association ("Defendant" or "U.S. Bank") opposes the lifting of the stay on, the severance of, and the transfer of the claim of Plaintiff Dennis Ramos.

This Court previously ordered that Plaintiff Ramos's claims be stayed until *Lowdermilk v. U.S. Bank National Association*, Multnomah County Oregon Circuit Court, Case No. 0603-03335 ("*Lowdermilk*"), was finally resolved. It isn't yet.

As the lawsuit before this Court has evolved, the only substantive claim that Plaintiff Ramos asserts is the claim in the First Cause of Action that U.S. Bank improperly rounded "time worked to the next lower tenth of an hour" ("rounding" claim"). Second Amended Complaint ("SAC") ¶ 54; Joint Case Management Statement of May 23, 2008, ("Statement") Dckt 114, Appendix A.[1] The same rounding claim is before the Oregon court in *Lowdermilk*, and Plaintiff Ramos submitted a declaration in support of that claim. Declaration of Christopher F. McCracken in Support of Defendant's Opposition to Plaintiffs' Motion to Partially and Temporarily Lift the Stay and to Sever and Transfer the Claims of Plaintiff Ramos to the District of Oregon ("McCracken Decl."), ¶¶ 3-4. The rounding claim in this case should not proceed until the Plaintiffs' pursuit of a class action on the rounding claim in *Lowdermilk* is resolved.[2]

Should the stay be lifted, the Court should not sever the rounding claim from the other claims in the Second Amended Complaint. With the exception of Plaintiff Kelly Smith's misclassification claim (which is the subject of a separate motion which will be heard concurrently with this one), all of the claims in the Second Amended Complaint, including the rounding claim, in one way or another challenge U.S. Bank's payroll practices. Bailey Pinney and Plaintiff Ramos have represented to this Court that all of these pay-practice claims were properly brought in a single lawsuit, and they should not now be heard to contend otherwise.

Should the rounding claim be severed, U.S. Bank opposes transferring the claim to the

---

[1] In the SAC, Plaintiff Ramos asserted various other claims along with derivative claims for various measures of damage. Plaintiffs represented to this Court in the Statement that, while he continues to seek various measures of damages, Plaintiff Ramos is not pursuing as a named Plaintiff any substantive claim except the rounding claim.

[2] The identical rounding claim is pending in the Oregon Court of Appeals in another case, the *Rivera* case. McCracken Decl., ¶ 26.

1

DAVIS WRIGHT TREMAINE LLP

District of Oregon.  Not only would doing so disadvantage the Defendant, but it would also reward forum shopping.

## II. ARGUMENT

### A. The Court Should Not Lift the Stay on Ramos' Claim.

In its February 13, 2008, Order Granting in Part and Denying in Part Defendant's Motion to Dismiss or Stay ("Stay Order"), the Court found that Plaintiff Ramos' claims in the Second Amended Complaint were substantially similar to the claims in *Lowdermilk*, a wage/hour class action filed by Bailey Pinney[3] on March 29, 2006, in the Oregon state court. *See* Stay Order, Dckt. 73.  The Court explained that if class certification were granted in *Lowdermilk*, the Court would have no further need to resolve Plaintiff Ramos's claim either for himself individually or for the Oregon putative class. *Id.*

On August 4, 2008, the Oregon Circuit Court denied the *Lowdermilk* plaintiff's motion for class certification as to the rounding claim ("*Lowdermilk* Order").  McCracken Decl., ¶ 10, Exhibit 2. However, the *Lowdermilk* case is on-going, the time for plaintiff Lowdermilk to appeal the denial of class certification has not expired, and Bailey Pinney has not declared whether they will appeal the denial. *Id.*, ¶ 12.  Accordingly, until such time as it is known whether *Lowdermilk* will continue to be pursued as a class action, Plaintiff's motion to lift the stay is premature.   In other class action cases brought by Bailey Pinney against U.S. Bank, the plaintiffs have appealed cases in which class action treatment has been denied and, simultaneous with the on-going appeal, have pursued the same class action claim with new complaints filed in different trial courts.[4]  The stay

---

[3] Bailey Pinney is "Bailey, Pinney, PC" in California and "Bailey Pinney & Associates, LLC" in Oregon.  The mailing address and principals are the same.

[4] For example, in *Belknap et al v. U.S. Bank National Association*, Multnomah County Circuit Court Case no. 0301-00042 ("*Belknap*"), the trial court decertified a class action seeking recovery for the alleged late payment of final wages on termination under law.   McCracken Decl., ¶ 33, Exhibit 10.  Plaintiffs appealed the *Belknap* case to the Oregon Court of Appeals where the case is now pending, with potential remand of a class action to Multnomah County Circuit Court. *Id*., ¶ 34, Exhibit 11.  Despite the pending appeal,  Bailey Pinney is prosecuting a new proposed class action for the same alleged late payment claim, for a proposed class which would include all Bank employees "who submitted claims in the *Belknap* case."   McCracken Decl., ¶ 36, Exhibit 12, p. 2.  Bailey Pinney filed that new case, which is *Thomas, et. al. v. U.S. Bank National Association*, Jackson County Circuit Court Case No. 080289 L3 ("*Thomas*") in Jackson County Circuit Court on or about January 18, 2008.  McCracken Decl., ¶ 35, Exhibit 12.  This litigation strategy has created confusion, duplicative litigation, and waste.   In the *Belknap* appeal, Bailey Pinney will ask

2
DEFENDANT'S OPPOSITION TO MOTION TO LIFT STAY AND SEVER AND
TRANSFER THE CLAIMS OF PLAINTIFF RAMOS TO THE DISTRICT OF OREGON
Case No. C 07-2951 SI

DWT 11568638v7 0023784-000227

DAVIS WRIGHT TREMAINE LLP

should remain in place until the rounding claim is finalized by a judgment for which the appeal period has elapsed or, by stipulation in *Lowdermilk*, Bailey Pinney agrees that the denial of class certification will not be the subject of an appeal.

### B. Ramos' Rounding Claim Should Not Be Severed.

Should this Court lift the stay and allow Plaintiff Ramos to pursue his rounding claim, U.S. Bank opposes severing that claim from the other claims in the Second Amended Complaint. In pleading the rounding claim, Plaintiffs refer to and quote allegedly accurate deposition testimony taken in another case, from a person alleged to be "responsible for US Bank's nationwide payroll and 'human resources information system'" to the effect that the rounding practice they challenged would, at least in certain respects, "have application to all states."[5] SAC ¶ 24. Plaintiffs further allege that U.S. Bank has a "centralized payroll department that oversees all payroll for U.S. Bank for all of its locations," that "Plaintiffs' claims stem from the same practices or courses of conduct," that the claims are "based upon the same legal and remedial theories," and that "common questions of law or fact predominate." (SAC ¶¶ 21, 43(B), 43(C), 46(A)). In making these assertions, Plaintiffs' counsel certified to this Court that to the best of their "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the[se] factual contentions have evidentiary support . . . ." Federal Rule of Civil Procedure ("Rule") 11(b)(3).

Plaintiffs' contrary assertion now should not be countenanced, let alone accepted as true. The rounding claim challenges one aspect of U.S. Bank's payroll practices; other claims in the Second Amended Complaint challenge other aspects of those payroll practices. U.S. Bank should not be required to defend its practices in multiple lawsuits when Plaintiffs brought their claims, and have alleged them properly to be brought, in one.

///

---

that the *Belknap* decertification order be reversed and the case be remanded to Multnomah County to proceed as a class action with Mr. Belknap as the class representative. In *Thomas*, Bailey Pinney ask that the very same "*Belknap*" claims go forward as a class action in Jackson County with Ms. Thomas as the class representative.

[5] The deposition was taken in one of the other cases Bailey Pinney brought against U.S. Bank, the *Rivera* case, described *infra*. McCracken Decl. ¶32. Although Plaintiffs misconstrue the deposition testimony, they have nonetheless alleged a uniform payroll practice.

3
DEFENDANT'S OPPOSITION TO MOTION TO LIFT STAY AND SEVER AND                    DWT 11568638v7 0023784-000227
TRANSFER THE CLAIMS OF PLAINTIFF RAMOS TO THE DISTRICT OF OREGON
Case No. C 07-2951 SI

DAVIS WRIGHT TREMAINE LLP

### C. The Rounding Claim Should Not Be Transferred.

Should the Court sever the rounding claim, this claim should be kept in this Court and not transferred to the District of Oregon.

Plaintiffs bear the burden of establishing that severed claims should be transferred. *See Blumenthal v. Management Assistance, Inc.*, 480 F. Supp. 470, 471-472 (N.D. Ill. 1979) (citations omitted) ("The burden of establishing that the action should be transferred is on the moving party."). To support a motion for transfer, the moving party must establish "that the transfer will serve the convenience of the parties and witnesses, and will promote the interests of justice." *Moon v. FedEx Kinko's*, 2007 U.S. Dist LEXIS 41254, *4-*5; *see also Mandani v. Shell Oil Company*, 2008 U.S. Dist. LEXIS 9626, at *6-*7 (N.D. Cal. 2008). U.S. Bank opposes the transfer of Plaintiff Ramos's rounding claim because the interest of justice compels the rejection of Plaintiffs' petition to do so, and because this Court is as convenient as Oregon.

#### 1. Transferring the Smith Claims Would Not Be in the Interest of Justice.

"The 'interest of justice' factor is the most important factor a court must consider and may be decisive in a transfer motion even when <u>all</u> other factors point the other way." *Id.* at *12 (quoting *London & Hull Mar. Ins. Co. v. Eagle Pac. Ins. Co.,* 1996 U.S. Dist. LEXIS 22893 (N.D. Cal. 1996)) (Emphasis added.); *see also Wireless Consumers Alliance v. T-Mobile USA, Inc.*, 2003 U.S. Dist. LEXIS 26802 at *4 (N.D. Cal. 2003) ("The question of which forum will better serve the interest of justice is of predominant importance on the question of transfer, and the factors involving convenience of the parties and witnesses are in fact subordinate").

Where, as here, there is evidence of forum shopping, justice requires that the forum shopper's preference of forum not be considered. *See Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) ("If there is any indication that plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be accorded little deference"). "The transfer statute has a built-in mechanism to remedy the evils of forum shopping by giving little or no weight to the plaintiff's choice of forum away from home and without ties to the controversy." *Wireless Consumers Alliance*, 2003 U.S. Dist. LEXIS 26802 at *14.

DAVIS WRIGHT TREMAINE LLP

4

DEFENDANT'S OPPOSITION TO MOTION TO LIFT STAY AND SEVER AND
TRANSFER THE CLAIMS OF PLAINTIFF RAMOS TO THE DISTRICT OF OREGON
Case No. C 07-2951 SI

DWT 11568638v7 0023784-000227

Before filing this case, Plaintiffs' counsel, Bailey Pinney, filed six wage/hour class action lawsuits against U.S. Bank in the state and federal courts of Oregon. McCracken Decl. Three of these prior suits had already asserted the same rounding claim. *Id*. In its Stay Order, this Court recognized that Plaintiffs were forum shopping. *See* Stay Order, Dckt. 73 ("Defendant argues vehemently that plaintiffs are engaged in forum shopping by pursuing this action, and all indications are that this is true"). Plaintiffs' request to transfer the rounding claim out of this Court is thus just one in a series of attempts to forum shop their various claims against U.S. Bank. *See Ferens et ux. v. John Deere Co.*, 494 U.S. 516, 523 (1990) ("§1404(a) should not create or multiply opportunities for forum shopping.").

### a. *McElmurry*

Bailey Pinney filed *McElmurry and Mrazek v. U.S. Bank National Association*, Case No. 04-CV-00642, on May 11, 2004, in the U.S. District Court for the District of Oregon ("*McElmurry*"). McCracken Decl., ¶ 13, Exhibit 3. As amended, the *McElmurry* complaint asserted the rounding claim, as well as a claim that Sales and Services Managers were misclassified, a minimum wage claim, and a late pay claim. *Id.*, ¶ 14, Exhibit 3. The rounding class that plaintiffs advocated in *McElmurry* was effectively identical to the class pled in the Second Amended Complaint, and the class period involved in *McElmurry* overlapped a portion of the class period in the Second Amended Complaint and encompassed a portion of the employment of Plaintiff Ramos. *Id.*, ¶ 15, Exhibit 3.

On May 21, 2004, the *McElmurry* plaintiffs filed a motion for collective action certification of the rounding claim. *Id*., ¶ 16. The Oregon District Court denied this motion on October 1, 2004. *Id*., ¶ 17, Exhibit 4. On April 22, 2005, the *McElmurry* plaintiffs filed a "renewed" motion for certification of the rounding claim submitting new evidence developed during the discovery period including testimony from three proposed expert witnesses, over 400 weekly time reports from numerous employees, deposition testimony from Bank witnesses, and voluminous statistical analysis of the time reports. *Id*., ¶ 18. The District Court denied the renewed motion on October 7, 2005. *Id*., ¶ 19, Exhibit 5. The Court found that the plaintiffs did not meet even the low "similarly situated" threshold under the FLSA. *Id*., ¶ 20, Exhibit 5, p. 3.

5

DEFENDANT'S OPPOSITION TO MOTION TO LIFT STAY AND SEVER AND
TRANSFER THE CLAIMS OF PLAINTIFF RAMOS TO THE DISTRICT OF OREGON
Case No. C 07-2951 SI

DWT 11568638v7 0023784-000227

1  Bailey Pinney filed an appeal and a writ of mandamus in the Ninth Circuit Court of Appeals,

2  challenging this denial of collective action certification. *Id*., ¶ 21. On August 8, 2007, the Ninth

3  Circuit denied both the appeal and the writ. *Id*., ¶ 22, Exhibit 6. On January 23, 2008, when the

4  *McElmurry* action proceeded to trial on the individual plaintiffs' claims, plaintiff McElmurry

5  abandoned her rounding claim and the district court, therefore, dismissed that claim with

6  prejudice. *Id*., ¶ 23. Neither party appealed. *Id.*, ¶ 24.

        **b.**     *Rivera*

In March 2003, Bailey Pinney filed *Rivera, et al. v. U.S. Bank National Association*, Case No. 0305-05045 in Multnomah County Circuit Court in Oregon ("*Rivera*"). *Id.*, ¶ 25, Exhibit 7. The *Rivera* plaintiffs asserted a proposed class action against U.S. Bank based on the same timesheet rounding theory as Bailey Pinney asserted in *McElmurry*, and as they assert in this case. *Id.*, ¶ 26, Exhibit 7. The *Rivera* court initially granted certification, but on August 29, 2006, after extensive discovery including the production of hundreds of thousands of weekly time reports, dismissed all of the class claims, including the rounding class claim. *Id*., ¶ 27, Exhibit 8. The *Rivera* court found, despite discovery of hundreds of thousands of weekly time reports, that plaintiffs could "offer no evidence to support their theory that a 'systematic and purposeful' withholding of wages ha[d] occurred. . . ." *Id*., ¶ 28, Exhibit 8. The *Rivera* court further found that the named plaintiffs never used the time conversion chart that was at the heart of their claim and that, if they did, any resulting loss was purely de minimis. *Id*., ¶ 29, Exhibit 8. Plaintiffs' counsel have appealed the dismissal of the class action claims to the Oregon Court of Appeals. *Id*., ¶ 30, Exhibit 9. That appeal is still pending, in the pre-briefing stage. *Id*., ¶ 31.

        **c.**     *Lowdermilk*

The *Lowdermilk* complaint asserted two Oregon law claims on behalf of U.S. Bank employees in Oregon, both of which were asserted by Plaintiff Ramos in the Second Amended Complaint, one of which is the rounding claim still at issue. *Id.*, ¶ 3, Exhibit 1. The *Lowdermilk* putative class periods overlapped the employment and termination of Plaintiff Ramos, and a portion of the putative class period asserted by Plaintiff Ramos in the Second Amended Complaint. *Id.*, ¶ 5, Exhibit 1, pp. 7-10. Plaintiff Lowdermilk moved for class certification of the

*(left margin: DAVIS WRIGHT TREMAINE LLP)*

6

rounding claim. *Id.*, ¶ 6, Exhibit 2. Plaintiff's briefing on class certification is estimated to be five to seven inches thick, with the total briefing filling three large, three-ring binders. *Id.*, ¶ 7. Plaintiff supported her class certification motion with hundreds of weekly time reports from many different Bank employees, with deposition testimony from five Bank employees (including the deposition of the same witness Plaintiffs quote in their Second Amended Complaint), and further statistical analysis of the time reports. SAC ¶ 24; McCracken Decl., ¶ 8. Plaintiff Ramos submitted a declaration in support of the *Lowdermilk* motion, attaching some of his U.S. Bank weekly time reports. *Id.*, ¶ 4. The *Lowdermilk* court heard argument on plaintiff's motion on July 17, 2007. *Id.*, ¶ 9, Exhibit 2, p. 1. On August 4, 2008, the court issued the *Lowdermilk* Order, denying class certification of the rounding claim. *Id.*, ¶ 10, Exhibit 2, p. 8. One of the factors cited by the court as weighing against certification was the fact "that Plaintiff's attorneys [Bailey Pinney] have pursued or are pursuing essentially the same claim they seek to pursue as a class action in this case" in three other cases, *McElmurry*, *Rivera*, and the case at bar, the *Ross* case. *Id.*, ¶ 11, Exhibit 2, p. 7.

On March 14, 2007, when Bailey Pinney filed in California the initial complaint that preceded the Second Amended Complaint[6] -- a complaint which included the rounding claim -- they were fully aware that identical claims were pending in Oregon and that Plaintiff Ramos's claims could have been made a part of one or more of the pending suits. It is apparent that Bailey

---

[6] On March 14, 2007, Bailey Pinney filed the initial *Ross* Complaint, entitled *Prasad, et al. v. U.S. Bank National Association*, in the Northern District of California, Case No. C071485 ("Federal Complaint"), on behalf of Plaintiffs Ross, Prasad, Smith and Ramos, asserting *inter alia* a rounding claim identical to the one asserted in both *McElmurry* and *Lowdermilk*. Declaration of Judith Droz Keyes in Support of Defendant's Opposition to Plaintiffs' Motion to Partially and Temporarily Lift the Stay and to Sever and Transfer the Claims of Plaintiff Ramos to the District of Oregon ("Keyes Decl."), ¶¶ 2-3, Exhibit 1. The Federal Complaint was assigned to this Court. *Id.*, ¶ 4. On the very next day, March 15, 2007, Bailey Pinney filed a Notice of Voluntary Dismissal of the Federal Complaint. *Id.*, ¶ 5, Exhibit 2. Shortly thereafter, on April 6, 2007, Bailey filed a complaint in the Alameda County Superior Court entitled *Ross, et al. v. U.S. Bank National Assn.*, Case No. RG07319452, which asserted the same claims as the Federal Complaint. *Id.*, ¶ 6, Exhibit 3. On April 26, 2007, Bailey Pinney filed a First Amended Complaint ("FAC") in Case No. RG07319452, and thereafter served the FAC on U.S. Bank. *Id.*, ¶ 7 Exhibit 4. On June 7, 2007, U.S. Bank removed the FAC to the U.S. District Court for the Northern District of California and contemporaneously filed a Notice of Related case, relating the FAC to the Federal Complaint. *See* Notice of Removal (Dckt. 1) and Notice of Related Case (Dckt. 3). On July 5, 2007, this Court found the FAC and the Federal Complaint to be related and the case was reassigned to this Court. *See* Order Relating Case, Dckt. 8.

DAVIS WRIGHT TREMAINE LLP

1 Pinney chose California as a potentially more favorable jurisdiction.

2 Now, some sixteen months after the filing of this case in California, Plaintiffs ask the
3 Court to send Plaintiff Ramos and his rounding claim back to Oregon – this time to federal court!
4 Plaintiffs should not be rewarded for their forum shopping by being granted more bites at the
5 apple. The interest of justice compels denial of their request.

### 2. Plaintiffs have Asserted that Litigation of the Rounding Claims is Convenient in California.

8 In the Second Amended Complaint, Plaintiffs admitted that this Court is "convenient to the
9 parties . . . and potential witnesses . . . ." as to all their claims, including the rounding claim. (SAC
10 ¶¶ 42(E), 46(B))  As with their other assertions, in making this assertion, Plaintiffs' counsel
11 certified that to the best of their "knowledge, information, and belief, formed after an inquiry
12 reasonable under the circumstances" this contention had evidentiary support. Rule 11(b)(3).
13 Plaintiffs' counsel and Plaintiff Ramos clearly knew what payroll practice they were challenging
14 (after all, Plaintiff Ramos submitted a declaration about it), knew where the potential witnesses to
15 that practice were located, and knew where Plaintiff Ramos was located. *See* SAC ¶ 9.  While
16 U.S. Bank vigorously disagrees with the allegation that the rounding claim has merit or can be
17 brought as a class action (or that the class action claim can be relitigated), U.S. Bank does not
18 disagree with the assertion that the Northern District of California is a convenient forum for
19 litigating it.

20 In view of the Plaintiffs' representation to this Court that this forum is convenient, and in
21 view of their obvious forum-shopping in attempting to send Plaintiff Ramos's claim back to where
22 it clearly could have been brought in the first place *now*, after Defendant has devoted some fifteen
23 months to defending the claims Plaintiffs have brought in this Court, Plaintiffs' transfer motion
24 should be denied.

### III. CONCLUSION

26 U.S. Bank opposes lifting the stay on Plaintiff Ramos' claims because *Lowdermilk* is still
27 pending and the exact claim Plaintiffs make here could still potentially be resolved by way of class
28 action in that case. Plaintiffs' counsel have not confirmed that plaintiff Lowdermilk will not

8

DAVIS WRIGHT TREMAINE LLP

1  appeal or otherwise seek to reverse the Oregon court's denial of class certification and until they
2  do, or the time for appealing has passed, the stay should remain in place.
3        Plaintiff Ramos's rounding claim should not be severed from the rest of the claims in the
4  Second Amended Complaint because this claim is part and parcel of the litany of challenges to
5  U.S. Bank's payroll practices that are asserted in that complaint.  Plaintiffs represented to this
6  Court that it was proper to bring the claims as one lawsuit, and they should not be permitted to
7  change their minds when there is nothing they know now that they didn't know when the Second
8  Amended Complaint, or its predecessor complaints, were filed.
9        U.S. Bank opposes transferring Plaintiff Ramos's claim to the District of Oregon because
10 Plaintiffs have engaged in forum shopping and because, by Plaintiffs' admission made under Rule
11 11, this forum is convenient.
12       U.S. Bank respectfully requests that Plaintiffs' Motion to Partially and Temporarily Lift
13 the Stay and Sever and Transfer the Claims of Plaintiff Ramos be denied.
14       DATED this 10th day of September, 2008.

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By:    */s/ Judith Droz Keyes*
      Judith Droz Keyes
Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION