Exh 1

1  **Bailey, Pinney PC**
   **Shelby Clark**, Cal. Bar No. 203606
2  1498 SE Tech Center Place, Suite 290
   Vancouver, Washington 98683
3  Telephone:  (360) 567-2551, Fax:  (360) 567-3331
   SClark@wagelawyer.com
4
   **Bonnie Mac Farlane**, Cal. Bar No. 161526
5  720 Howe Avenue, Suite 113
   Sacramento, CA  95825
6  Telephone:  (800) 230-5528, Fax:  (800) 230-5866
   BMacFarlane@wagelawyer.com
7
   Attorneys for Plaintiffs
8

FILED

MAR 1 4 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

9          **IN THE UNITED STATES DISTRICT COURT**

10       **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11                    C 07          1485      SI

        Case No.
12                           **PLAINTIFF'S COMPLAINT:**

13                    1.  Failure to Provide Rest Periods;
                          (FLSA, California, Oregon & Washington)
14                    2.  Failure to Provide Meal Periods;
                          (FLSA, California, Oregon & Washington)
15                    3.  Failure to Pay Wages;
                      4.  Failure to Pay Minimum Wages;
16  **Maurita Prasad, Dennis Ramos, Ann**      (FLSA, California, Oregon & Washington)
    **Ross, and Kelly Smith, individually and**   5.  Failure to Pay Overtime Wages;
17  **on behalf of all others similarly situated,**    (Hourly Employees, FLSA, California,
                                              Oregon & Washington)
18              **Plaintiffs,**              6.  Failure to Pay Overtime Wages
                                              (Non-exempt Employees, FLSA, Oregon &
19                                            Washington)
    **vs.**                                  7.  Failure to Provide Accurate Itemized Wage
20                                              Statements;  (California)
                                            8.  Failure to Timely Pay Wages;
21                                              (Oregon Late Pay, California Waiting time)
    **US Bank National Association, dba US**   9.  Breach of Contract;
22  **Bank,**                               10. Unlawful Business Practices
                                              (California)
23              **Defendant.**              11. Conversion of Wages.  (California,
                                            Oregon & Washington)
24
                                            **CLASS ACTION**
25
                                            **AGGREGATE CLAIMS EXCEED $5**
26                                          **MILLION DOLLARS**

27                                          **DEMAND FOR JURY TRIAL**

28

                                            Class Action Complaint
                        1

1    Plaintiffs, individually and on behalf of all other similarly situated individuals, bring this

2    class action complaint against Defendant, US Bank National Association (hereinafter "Defendant"),

3    and allege the following upon information and belief, except as to those allegations concerning

4    Plaintiffs, which are alleged upon personal knowledge:[1]

5    ## I.  PRELIMINARY STATEMENT

6    1.    Plaintiffs, individually and on behalf of all other similarly situated individuals, file

7    this action to recover wages, minimum wages, overtime wages, statutory wages, penalty wages, and

8    liquidated damages, for present and former employees of Defendant for its actions in failing to

9    provide appropriate rest and meal periods, failing to pay wages, minimum wages, overtime wages,

10    failing to provide accurate itemized wage statements, and failing to timely pay wages when due at the

11    termination of employment.

12    2.    Defendant is a national association bank.  Defendant provides banking services in

13    Oregon, California, and Washington.  Upon information and belief, Defendant operates *no fewer than*

14    600 branches in the three states, hereinafter collectively referred as "the states."

15    3.    Defendant works its employees without providing appropriate rest and meal periods as

16    required by California, Oregon, and Washington law (collectively hereinafter, "the states' laws.")

17    Defendant does not pay wages, including minimum wage and overtime, as required by the Fair Labor

18    Standards Act[2] (hereinafter "FLSA") and the states' laws.

19    Defendant does not provide accurate itemized wage statements as required by California law.

20    Defendant does not pay its employees their wages when the same are due as required by the states'

21    laws.  Defendant fails to pay its employees their final wages when due as required by the laws of the

22    respective states.  Defendant mis-classified its employees working in the job position of Sales and

23    Service Managers ("SSMs") in the states of Oregon and Washington as exempt employees and in so

24    doing, failed to pay for all hours worked in excess of 40 hours per week.  Pursuant to the states'

25    strong policies of assuring that employees are provided appropriate rest and meal periods, are paid

26

27    [1]Plaintiffs Maurita Prasad, Dennis Ramos, Ann Ross, and Kelly Smith each file their written consent become a party to this action as exhibits A-D attached to this complaint.

28    [2]Generally 29 USC § 216 *et seq.*

Class Action Complaint

1    their wages when due, are provided accurate itemized wage statements, and are timely paid their

2    wages when due, Plaintiffs seek appropriate recoveries including wages, statutory penalties, penalty

3    wages, liquidated damages, costs of suit, attorney fees, interest, and such other relief as the Court

4    deems appropriate. Defendant's policies and practices in question are the same in California,

5    Oregon, and Washington and violates both the states' laws and the FLSA.

6         4.    Representative Plaintiffs (Maurita Prasad, Dennis Ramos, Ann Ross, and Kelly Smith

7    were employed by Defendant and worked on an hourly basis. Prasad and Ross worked in California,

8    and Ramos and Smith worked in Oregon. Plaintiffs performed the services required of them by

9    Defendant during their employment. During Plaintiffs' employment, Defendant did not provide

10   appropriate rest and meal periods in compliance with the states' laws, nor did Defendant pay all

11   wages for all work performed, including minimum wage and overtime, in compliance with the FLSA

12   and the states' laws, nor did Defendant provided accurate itemized wage statements in compliance

13   with California law, nor did Defendant pay wages in a timely manner as required by the states' laws.

14        5.    During the relevant statutory period, representative Plaintiff Kelly Smith ("Plaintiff

15   Smith") was employed in the position of Sales and Service Manager ("SSM") by Defendant in

16   Oregon.[3] Defendant mis-classified Plaintiff Smith as an exempt employee while she held the SSM

17   position. During this same time period when Plaintiff Smith worked as an SSM, she was paid on a

18   salary basis and regularly worked more than 40 hours in a single workweek. Defendant failed to pay

19   Plaintiff Smith 1 ½ times her regular hourly rate for all time that she worked in excess of 40 hours for

20   a single workweek when she was employed in the SSM position.

21                              **II.    PARTIES**

22        6.    At all material times, Plaintiffs and all other similarly situated individuals were and

23   are current and former employees of Defendant, in California, Oregon, and Washington. Defendant

24   is subject to the wage and hour provisions of the FLSA and the wage and hour laws of California,

25   Oregon and Washington.

26   ///

27   _____

28        [3]At different times during Plaintiff Smith's employment, she also held other positions
         which were paid on an hourly basis.

_____

Class Action Complaint

3

1   7.     At the time of filing this complaint, Plaintiffs Prasad and Ross are individuals who reside in

2   and are citizens of the state of California.

3        8.     At the time of filing this complaint, Plaintiffs Ramos and Smith are individuals who

4   reside in and are citizens of the state of Oregon.

5        9.     Defendant, at all material times herein, was and is doing business as "US Bank" in the

6   states of Oregon, Washington, and California.

7        10.    Defendant is a national banking association organized and existing under the National

8   Bank Act with its Articles of Association designating Cincinnati, Ohio as the place of Defendant's

9   main office.

10                    **III.   JURISDICTION**

11        11.    This is an action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), to

12   recover wages, including minimum wage and overtime, statutory damages, liquidated damages, and

13   exemplary damages for current and former employees of Defendant who are and/or were hourly

14   employees in California, Oregon and Washington.  The amount in controversy exceeds

15   $5,000,000.00 exclusive of attorney fees, interest, and costs.  The class exceeds 10,000 members.

16   Plaintiffs, being citizens of California, Oregon and Washington are diverse from Defendant US Bank,

17   a citizen of Ohio.

18        12.    This Court also has federal question jurisdiction over the subject matter of this

19   Complaint pursuant to 28 U.S.C. § 1331.  This action is authorized and instituted pursuant to Section

20   6 of the Fair Labor Standards Act. 29 U.S.C. § 216(b) *et seq.*

21        13.    The Court has jurisdiction over Plaintiffs' state-law claims set forth in this Complaint

22   pursuant to 28 U.S.C. § 1367(a).  Both the federal and state law claims in California, Oregon, and

23   Washington arose from a common nucleus of operative facts.  The state claims are so related to the

24   federal claims that they form part of the same case or controversy, and the claims would ordinarily be

25   expected to be tried in one judicial proceeding.

26              **IV.   VENUE AND INTRA DISTRICT ASSIGNMENT**

27        14.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because this Court has

28   personal jurisdiction over Defendant, which: (1) conducts business in the State of California,

Class Action Complaint

1   including Contra Costa County,  (2) hires and maintains employees in the State of California,

2   including Contra Costa County, and (3) avails itself of the protection of the laws of the State of

3   California.

4           15.    Venue is also proper because Plaintiff Prasad worked for US Bank in Contra Costa

5   County, California.

6           16.    This lawsuit is based on facts that  in part occurred in Contra Costa County and

7   warrant assignment to a division in this district.  Further, Defendant maintains multiple branch

8   locations in Contra Costa County and other counties in this district as well as elsewhere in the State

9   of California.  Plaintiffs request assignment to the Oakland division.

10                          V.    **CLASS ACTION ALLEGATIONS**

11          17.    Plaintiffs bring this action as a class action to recover statutory damages and monies

12  due and owing for current and former employees of Defendant for its failure to provide appropriate

13  rest and meal periods pursuant to the states' laws, failure to pay all wages for all work performed,

14  including minimum wage and overtime, pursuant to the FLSA and the states' laws, failure to provide

15  accurate itemized wage statements pursuant to California law, and failure to timely pay wages at the

16  termination of employment, pursuant to the laws and regulations of the states of California, Oregon

17  and Washington.

18          18.    Plaintiffs seek class treatment of all state claims pursuant to Rule 23(a), (b)(1), and

19  (b)(3) of the Federal Rules of Civil Procedure on behalf of a class consisting of current and former

20  employees. Plaintiffs seek collective action status of all FLSA claims pursuant to 29 USC § 216(b).

21  Common questions of fact and law exist as to all class members and predominate over any questions

22  that affect only individual class members.  Defendant's conduct at issue in this case affected

23  Plaintiffs and all putative class members.  Based on information and belief, the class exceeds 10,000

24  persons, and that number will increase depending upon the turnover rate for Defendant's employees.

25          19.    Defendant failed to pay all wages for appropriate rest and meal breaks that Defendant

26  was required to provide Plaintiffs and class members under the states' laws, and further failed to

27  include the rest and meal breaks as wages when calculating wages due under the FLSA and the states

28  of California and Oregon.

Class Action Complaint

1      20.    Defendant failed to pay all wages for all hours worked, including regular wages,

2  overtime wages, and minimum wages as required by the FLSA and the state laws and regulations of

3  California, Oregon and Washington.

4      21.    Defendant required, suffered, and permitted Plaintiffs and all other similarly situated

5  individuals to work hours for which Defendant did not compensate them at the minimum rate of pay

6  for all hours worked.  In so doing, Defendant violated the requirements of the FLSA and the laws and

7  regulations of California, Oregon and Washington.  Consequently, Defendant owes Plaintiffs and all

8  Defendant's employees who are similarly situated, their wages, minimum wages, and liquidated

9  damages under the FLSA.  Under Oregon law, in addition to the unpaid wages, Defendant owes

10  penalty wages to Plaintiffs and all similarly situated employees who worked for the Defendant in

11  Oregon.  Under California law, in addition to the unpaid wages, Plaintiffs and similarly situated

12  employees who worked for the Defendant in California are due liquidated damages and statutory

13  wages.

14      22.    Defendant required, suffered and permitted Plaintiffs and all other similarly situated

15  employees to work hours in excess if 40 hours per week, for which Defendant did not compensate

16  those employees at the overtime premium rate (1 ½ times their regular hourly rate) for all hours

17  worked in excess of 40 hours in a single workweek.  In so doing, Defendant violated the

18  requirements of the FLSA, California, Oregon and Washington laws and regulations.  Consequently,

19  Defendant owes Plaintiffs and all other similarly situated employees overtime wages, plus liquidated

20  damages, statutory penalties and penalty wages all as provided by the FLSA and the laws and

21  regulations of the states of California, Oregon and Washington.

22      23.    Defendant is required to provide accurate itemized wage statements per pay period to

23  Plaintiffs and all other similarly situated employees pursuant to California law including, but not

24  limited to, Cal. Lab. Code § 226.  Defendant failed to provide accurate itemized wage statements to

25  Plaintiffs and all other similarly situated individuals.  Because Defendant failed to provide itemized

26  wage statements, Defendant owes Plaintiffs and all other similarly situated employees damages.

27      24.    Defendant's conduct in failing to provide appropriate rest and meal periods, failing to

28  pay wages, including minimum wage and overtime, failing to provide accurate itemized wage

1    statements, and failing to pay all monies due and earned upon termination of employment, pursuant

2    to the laws of California, Oregon and Washington was willful.

3        25.    Defendant's conduct in failing to pay all minimum wages and overtime wages as

4    required under the FLSA was willful.

5        26.    Defendant entered into a contract with Plaintiffs and all other similarly situated

6    employees whereby Plaintiffs agreed to work for Defendant and Defendant agreed to pay all wages to

7    Plaintiffs and similarly situated individuals and further agreed to comply with the FLSA and the

8    wage and hour laws of the states of California, Oregon and Washington. Defendant breached this

9    contract when Defendant failed to pay all wages for time worked, failed to pay for appropriate rest

10   and meal periods, failed to pay wages, including minimum wages and overtime wages, and failed to

11   timely pay wages at the termination of employment. In so doing, Defendant caused harm to Plaintiffs

12   and all other similarly situated employees. As a result, Plaintiffs and all other similarly situated

13   employees are owed wages and damages.

14       27.    When employment with Defendant ended for Plaintiffs and all other similarly situated

15   individuals, Defendant failed to make timely payment of all wages due and owing as required by the

16   laws of California, Oregon and Washington.

17       28.    Because Defendant failed to pay Plaintiffs and all other similarly situated individuals

18   for all wages earned when due, including minimum wages, overtime wages, and failed to pay all

19   wages when due at termination, Defendant was unjustly enriched. Defendant requested by words

20   and/or conduct that Plaintiffs and all other similarly situated individuals provide services for

21   Defendant. Plaintiffs and all other similarly situated individuals benefitted Defendant by providing

22   services to Defendant. Plaintiffs and all other similarly situated individuals performed services as

23   Defendant requested. Defendant did not pay for the services that Plaintiffs and all other similarly

24   situated individuals performed instead of receiving appropriate rest and meal periods.

25       29.    Defendant's actions, detailed herein, were part of a multi state and/or nationwide

26   corporate plan and scheme, which affected employees who worked for Defendant. As a direct and

27   proximate result of Defendant's unlawful company-wide plan, practice, and scheme, Plaintiffs (1)

28   were suffered, permitted and/or required to work through mandatory rest and meal periods which

Class Action Complaint

7

1    were required to be provided by the laws of the states of California, Oregon and Washington, (2)

2    were not paid the wages due for the unprovided rest and meal periods, (3) were not paid all wages for

3    time worked, including but not limited to minimum wage and overtime, (4) were not provided

4    accurate itemized wage statements, (5) were not paid wages when due, and (6) were victimized by

5    Defendant's policies and practices set forth herein. Plaintiffs and all other similarly situated

6    individuals are entitled to recover monies for the unprovided rest and meal periods including, but not

7    limited to, wages, statutory wages, minimum wages, and "overtime" and/or "premium" wages,

8    pursuant to the FLSA and the states' laws. Also, Plaintiffs and all other similarly situated individuals

9    are entitled to recover reasonable attorney fees, costs, and interest.

10       30.    **DEFINITION OF SUB-CLASSES** – Plaintiffs seek class certification including but

11   not limited to the following potential sub-classes, pursuant to FRCP 23(a), (b)(1), and (b)(3), and

12   collective action class and sub-classes under 29 USC 216(b).

13       A.    **UNPAID REST PERIOD STATUTORY CLASS (California, Oregon &**

14   **Washington)**

15           A class exists for the applicable time period prior to the filing of this

16           complaint through final adjudication and/or comprise for Plaintiffs and all

17           other similarly situated individuals who worked for Defendant and who

18           Defendant failed to pay all wages for appropriate rest periods required under

19           California and Oregon laws and regulations.

20       B.    **UNPAID MEAL PERIOD STATUTORY CLASS (California, Oregon**

21   **and Washington)**

22           A class exists for the applicable time period prior to the filing of this complaint

23           through final adjudication and/or comprise for Plaintiffs and all other similarly

24           situated individuals who worked for Defendant and who Defendant did not pay

25           for all wages and penalties for interrupted meal periods as required by the laws

26           and regulations in California and Oregon.

27   ///

28   ///

---

Class Action Complaint

8

C.   **UNPAID WAGES CLASS (California, Oregon and Washington)**

A class exists for the applicable time period prior to the filing of this complaint through final adjudication and/or comprise for Plaintiffs and all other similarly situated individuals who worked hours for Defendant and were not paid at their regular hourly rate for all hours worked as required by the FLSA and the laws and regulations of California, Oregon and Washington.  (Failure to pay for all hours worked, failure to record all hours, failure to pay for all hours recorded on the employee's time sheets, failure to pay rest period wages, and failure to pay meal period wages).

D.   **MINIMUM WAGE CLASS (California, Oregon and Washington)**

A class exists for the applicable time period prior to the filing of this complaint through final adjudication and/or comprise for Plaintiffs and all other similarly situated individuals who worked for Defendant and were not paid wages at the minimum wage rate for all hours worked as required by the FLSA and the laws and regulations of California, Oregon and Washington.

E.   **OVERTIME CLASS (California, Oregon and Washington)**

A class exists for the applicable time period prior to the filing of this complaint through final adjudication and/or comprise for Plaintiffs and all other similarly situated individuals who worked for Defendant for more than 8 hours in a day in California, or more than 40 hours in a week in California, Oregon or Washington and were not paid at the applicable premium rate for all hours worked in excess of the statutory maximum hours per day/week as required by the FLSA and the laws and regulations of California, Oregon and Washington.

F.   **ITEMIZED WAGE STATEMENT CLASS (California only)**

A class exists for the applicable time period prior to the filing of this complaint through final adjudication and/or comprise for Plaintiffs and all other similarly situated individuals who worked for Defendant and whose wage statements

///

Class Action Complaint

1     provided by Defendant were inaccurate or not provided as required by

2     California law.

3   G.    **LATE PAYMENT/WAITING TIME CLASS (California and Oregon)** –

4     A class exists for the applicable time period prior to the filing of this

5     complaint through final adjudication and/or comprise for Plaintiffs and all

6     other similarly situated individuals whose employment with Defendant ended

7     and who were not paid all wages when due as required by the laws and

8     regulations of California and Oregon.

9   H.    **BREACH OF CONTRACT CLASS (California, Oregon and**

10     **Washington)**

11     A class exists for the applicable time period prior to the filing of this

12     complaint through final adjudication and/or comprise for Plaintiffs and all

13     other similarly situated individuals who worked for Defendant and were

14     promised, as a condition of employment, that Defendant would comply with

15     both federal and state wage and hour laws including the providing and/or

16     paying for appropriate rest and meal periods, minimum wages, overtime

17     wages, and where relevant paying all final wages when due at the ending of

18     their employment.  Defendant breached the employment contracts by failing to

19     pay all wages, rest period wages, meal period wages, minimum wages,

20     overtime wages and failing to pay all wages when due upon the ending of the

21     employment relationship.  In addition, *Defendant by repeatedly failing to meet*

22     its obligations under the contracts of employment also breached the duty of

23     good faith and fair dealing which is a term that is part of every contract.

24   I.    **BUSINESS AND PROFESSIONS CLASS (California)**

25     A class exists for the applicable time period prior to the filing of this

26     complaint through final adjudication and/or comprise for Plaintiffs and all

27     other similarly situated individuals who worked in the State of California and

28     who worked during mandatory rest and/or meal periods, or were not paid

Class Action Complaint

wages, including minimum wages, or overtime wages, and/or who did not

receive all wages when due as required by California law.

J.    **SALES AND SERVICE MANAGER OVERTIME CLASS (Oregon and Washington)**

A class exists for the applicable time period prior to the filing of this complaint

through final adjudication and/or comprise for Plaintiff Smith and all other

similarly situated Sales and Service Managers who worked for Defendant in

the states of Oregon and/or Washington, and who were not paid at the

applicable overtime premium rate for all hours worked in excess of the

statutory maximum hours per week as required by the FLSA and the laws and

regulations of Oregon and Washington.

K.    **CONVERSION CLASS (California, Oregon & Washington)**

A class exists for the applicable time period prior to the filing of this complaint

through final adjudication and/or comprise for Plaintiffs and all other similarly

situated individuals who worked for Defendant and whose monies were

converted by Defendant's actions in failing to provide appropriate rest and

meal periods, failing to pay wages, including truncation wages, minimum

wages and overtime wages, and failing to timely pay all wages as required by

contract and by California, Oregon and Washington laws.

L.    **PRIVATE ATTORNEY GENERAL ACT OF 2004 ("PAGA") (California)**

Plaintiffs intend to amend to include claims under PAGA after the state of

California decides whether it will prosecute this claim itself.

31.    **NUMEROSITY** – Based on information and belief, the number of persons in both

the FLSA and state wage and hour classes exceeds 10,000 persons. This number may increase

depending upon the turnover rate of employees during the applicable statutory period prior to the

filing of this complaint.

///

1    32.    **QUESTIONS OF LAW AND FACT** – Common questions of fact and law exist as to all

2    class and subclass members and predominate over any questions that affect only individual class

3    members. The conduct at issue in this case affected all former Defendant employees. Common

4    questions include:

5        A.    Whether Defendant is subject to the FLSA and the respective state wage and

6            hour laws, rules and regulations;

7        B.    Whether Defendant paid all wages earned when due;

8        C.    Whether Defendant failed to provide Plaintiffs and class members rest periods

9            as required by the states' laws;

10       D.    Whether Defendant failed to provide Plaintiffs and class members meal

11           periods as required by the states' laws;

12       E.    Whether Plaintiffs and class members were not paid all minimum wages for

13           time worked;

14       F.    Whether SSM employees worked hours in excess of 40 hours per week;

15       G.    Whether the FLSA, Oregon or Washington law requires Defendant to pay

16           overtime wages to SSM employees;

17       H.    Whether Plaintiffs and similarly situated employees worked more than 8 hours

18           per day in California, and/or worked over 40 hours per week in California,

19           Oregon or Washington and were not paid overtime wages;

20       I.    Whether California Plaintiffs and similarly situated California employees were

21           provided accurate itemized wage statements as required by California law;

22       J.    Whether Defendant failed to pay Plaintiffs and class members all wages when

23           due after termination of their employment;

24       K.    Whether Defendant entered into a contract with Plaintiffs and class members;.

25       L.    Whether Defendant was unjustly enriched by services provided to Defendant

26           by Plaintiffs and class members without compensation;

27       M.    Which remedies are available for the violations of state wage and hour laws;

28       N.    Which remedies are available for breach of contract;

1         O.     Which remedies are available for Defendant's conversion of wages;

2         P.     Which remedies are available for unjust enrichment;and

3         Q.     What is the statute of limitations for each claim for relief.

33.    **TYPICALITY** – The claims of the named Plaintiffs are typical of the claims of the members of the wage and hour class in that:

    A.    At least one named plaintiff is a member of each class;

    B.    Plaintiffs' claims stem from the same practice or course of conduct that forms the basis of the class;

    C.    Plaintiffs' claims are based upon the same legal and remedial theories as those of the class and involve similar factual circumstances;

    D.    There is no antagonism between the interests of the named Plaintiffs and absent class members;

    E.    The injuries which Plaintiffs suffered are similar to the injuries which class members have suffered;

34.    **PLAINTIFFS' REPRESENTATION** – The named Plaintiffs will fairly and adequately represent the class because:

    A.    There is no conflict between Plaintiffs' claims and those of other class and subclass members;

    B.    Plaintiffs have retained counsel who are skilled and experienced in wage and hour cases and in class actions and who will vigorously prosecute this litigation;

    C.    *Plaintiffs' claims are typical of the claims of class members.*

35.    **CERTIFICATION** – of Plaintiffs' claims is appropriate because:

    A.    Common questions of law or fact predominate over questions affecting only individual members;

    B.    The forum is convenient to the parties, class members, and potential witnesses, the class is specifically identifiable to facilitate provision of adequate notice, and there will be no significant problems managing this case as a class action;

Class Action Complaint

C.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual class members have a minimal interest in controlling the prosecution of separate actions;

## VI.   FACTS

36.     Plaintiff Prasad was an hourly employee of Defendant. Plaintiff Prasad worked for Defendant in Pleasant Hill, California.

37.     Plaintiff Ramos was an hourly employee of Defendant and worked for Defendant in Portland, Oregon.

38.     Plaintiff Ross was an hourly employee of Defendant and worked for Defendant in California.

39.     Plaintiff Smith was an hourly employee who worked for Defendant in Seaside, Oregon.

40.     Plaintiff Smith also worked for Defendant in Oregon as a Sales and Service Manager and Defendant improperly classified Plaintiff Smith as an exempt employee during the time she worked for Defendant as an SSM.

41.     Defendant failed to provide Plaintiffs timely rest and meal breaks. Plaintiffs often worked in excess of four hours before receiving a rest break or meal period. In addition, Plaintiffs' rest and meal breaks were routinely interrupted with work-related issues.

## VII.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**(Failure to Provide Rest Periods, California, Oregon, Washington)**

42.     Plaintiffs incorporates the allegations contained in all preceding paragraphs as though fully set forth herein.

43.     At all times material herein, Plaintiffs and all other similarly situated individuals were employed by Defendant.

44.     California, Oregon and Washington laws provide for minimum employment conditions to be followed by all employers in the states. California laws require that employees receive an uninterrupted paid rest break of not less than 10 minutes for each period of four hours

1   worked or major fraction thereof. Oregon and Washington laws parallel California law.

2         45.   During the class period defined in § 30 above, Defendant failed to pay Plaintiffs and

3   all other similarly situated individuals for 10 minutes of uninterrupted rest time as required by

4   California, Oregon and Washington law.

5         46.   Plaintiffs and all other similarly situated individuals seek unpaid wages, statutory

6   wages, and penalty wages. In addition, Plaintiffs and similarly situated see costs, interest,

7   disbursements, and attorney fees pursuant to California, Oregon and Washington laws.

8   **SECOND CLAIM FOR RELIEF**

9   **(Failure to Provide Meal Periods, California, Oregon, Washington)**

10         47.   Plaintiffs incorporate the allegations contained in all preceding paragraphs as though

11   fully set forth herein.

12         48.   At all times material herein, Plaintiffs and all other similarly situated employees were

13   employed by Defendant.

14         49.   California, Oregon and Washington laws provide for minimum employment

15   conditions to be followed by all employers within the respective states. California law requires, in

16   part, that employees receive an uninterrupted, unpaid meal period of not less than 30 minutes for

17   each shift over five hours. Oregon & Washington laws also require that employees receive an

18   uninterrupted, unpaid meal period of not less than 30 minutes.

19         50.   During the class period defined in § 30 above, Defendant failed to provide California

20   Plaintiffs and class members their meal periods and/or failed to pay all Plaintiffs and all California,

21   Oregon and Washington class members for those meal periods Defendant interrupted.

22         51.   As a result of Defendant's failure to pay and/or provide meal periods as required by

23   California, Oregon and Washington laws, Plaintiffs and all other similarly situated employees are

24   entitled to recover their wages for those meal periods, plus statutory wages (California Plaintiffs &

25   Class members) and penalty wages (Oregon Class members) as required by the FLSA, and by

26   California, Oregon and Washington law.

27   ///

28   ///

1    52.    Plaintiffs and all other similarly situated individuals seek unpaid wages, statutory

2    wages, and penalty wages, plus costs, interest, disbursements, and attorney fees pursuant to the FLSA

3    and to the laws of California, Oregon and Washington.

4                                **THIRD CLAIM FOR RELIEF**

5                   **(Failure to Pay Wages, California, Oregon, Washington)**

6    53.    Plaintiffs incorporate the allegations contained in all preceding paragraphs as though

7    fully set forth herein.

8    54.    At all times material herein, Plaintiffs and all other similarly situated individuals were

9    employed by Defendant.

10    55.    During the class period defined in § 30 above, Defendant failed to pay wages as

11    required by California, Oregon and Washington laws.

12    56.    During the course of Plaintiffs' and class members' employment, Defendant allowed,

13    suffered, and permitted Plaintiffs and all other similarly situated individuals to perform work for the

14    benefit of Defendant and did not pay wages for the work performed.

15    57.    US Bank recorded the hours and minutes worked by its employees then converted that

16    time worked to tenths of an hour.  Defendant has an express policy and/or practice of truncating

17    down the actual time worked by each hourly employee to the next lowest tenth of an hour.  This

18    policy consistently reduced the actual time worked by hourly employees, and resulted in the

19    non-payment of wages, except when an hourly employee's actual time worked was precisely divisible

20    by 1/10th of an hour.

21    58.    As a result, Plaintiffs and all other similarly situated individuals are entitled to wages

22    pursuant to California, Oregon and Washington law.

23    59.    *Defendant's conduct in failing to pay Plaintiffs and all other similarly situated*

24    individuals for all work performed was willful, and there remains due and unpaid wages in amounts

25    to be determined.

26    60.    Plaintiffs, on their own behalf and on behalf of all other similarly situated individuals,

27    seek as damages, wages in an amount to be determined, statutory and penalty wages, interest,

28    attorney fees, and costs, pursuant to California, Oregon and Washington law.

Class Action Complaint

16

## FOURTH CLAIM FOR RELIEF

### (Failure to Pay Minimum Wage, FLSA, California, Oregon, Washington)

61.    Plaintiffs incorporate the allegations contained in all preceding paragraphs as though fully set forth herein.

62.    At all times material herein, Plaintiff and all other similarly situated individuals were employed by Defendant.

63.    During the class period defined in § 30 above, Defendant failed to pay minimum wages for all hours worked to Plaintiffs and all other similarly situated individuals as required by the FLSA and California, Oregon and Washington law.

64.    During the course of Plaintiffs' and all other similarly situated individuals' employment, Defendant allowed, suffered, and permitted Plaintiffs and all other similarly situated individuals to perform work for the benefit of Defendant.

65.    Defendant failed and refused to compensate Plaintiffs and all other similarly situated individuals for all hours of work provided by Plaintiffs and all other similarly situated individuals.

66.    As a result, Plaintiffs and all other similarly situated individuals are entitled to minimum wages pursuant to the FLSA, California, Oregon and Washington laws.

67.    Defendant's conduct in failing to pay Plaintiffs and all other similarly situated individuals for all hours worked at the then prevailing minimum wage rates was willful, and there remain due and unpaid minimum wages in amounts to be determined.

68.    Plaintiffs, on their own behalf and on behalf of all other similarly situated individuals, seek damages for failure to pay all wages earned minimum wages, and liquidated damages under the FLSA; liquidated damages pursuant to California and Washington law; and 30 days of penalty wages pursuant to Oregon law, along with interest on all damage amounts plus costs and attorney fees.

### FIFTH CLAIM FOR RELIEF

### (Failure To Pay Overtime, Hourly Employees, FLSA, California, Oregon, Washington)

69.    Plaintiffs incorporate the allegations contained in all preceding paragraphs as though fully set forth herein.

///

Class Action Complaint

17

70.    At all times material herein, Plaintiffs and all other similarly situated individuals were employed by Defendant and paid on an hourly basis.

71.    During the course of Plaintiffs' and all similarly situated individuals' employment, Defendant allowed, suffered, and permitted Plaintiffs and all other similarly situated individuals to perform work for the benefit of the Defendant in excess of the statutory limit beyond which the premium rate of overtime pay applies.  (8 hours per day under California law, 40 hours per week under the FLSA, Oregon and Washington law).

72.    During the class period defined in § 30 above, Defendant failed to pay overtime wages and premium wages to Plaintiffs and all other similarly situated individuals as required by the FLSA, California, Oregon and Washington laws.

73.    As a result of Defendant's conduct of allowing, suffering, and permitting Plaintiffs and all other similarly situated individuals to perform work for the benefit of Defendant for which Defendant did not pay at the overtime rate, Plaintiffs and all other similarly situated individuals are entitled to unpaid overtime wages pursuant to the FLSA and the laws of California, Oregon and Washington.

74.    Defendant's conduct in respect to failing to pay overtime premium wages as alleged herein was willful, and there remain due and unpaid overtime wages in amounts to be determined.

75.    Plaintiffs, on their own behalf and on behalf of all other similarly situated individuals, seek damages in the form of wages and premium wages for Defendant's failure to pay overtime wages in amounts to be determined.  In addition, Plaintiffs seek liquidated damages under the FLSA; liquidated damages and statutory wages pursuant to California law; and 30 days of penalty wages pursuant to Oregon law, along with interest on all damages amounts plus costs and attorney fees under the FLSA, California and Oregon laws.

## SIXTH CLAIM FOR RELIEF

**(Failure To Pay Overtime, Sales and Service Managers, FLSA, Oregon, Washington)**

76.    Plaintiffs incorporate the allegations contained in all preceding paragraphs as though fully set forth herein.

///

Class Action Complaint

77.   At all times material herein, Plaintiff Smith and all other similarly situated individuals were employed by Defendant in Oregon and/or Washington.

78.   Plaintiff Smith and all other similarly situated individuals worked for Defendant in Oregon and/or Washington, were employed in the position of Sales and Service Manager ("SSM"), and were paid on a salary basis.

79.   Defendant classified the SSM position as exempt in Oregon and Washington.

80.   Plaintiff Smith and all other similarly situated individuals who worked for Defendant as SSMs in Oregon and/or Washington, and worked more than 40 hours per week while so employed.

81.   Defendant allowed, suffered, and permitted Plaintiff Smith and its SSM employees in Oregon and Washington to work hours in excess of 40 hours per week, for which it did not compensate its employees at the rate of 1½ times their regular rate of pay.  In so doing, Defendant violated the requirements of the FLSA, and Oregon and/or Washington wage and hour laws that require employees to be paid 1½ times their regular hourly rate for all hours worked over 40 in a workweek.

82.   As a result of Defendant's conduct of allowing, suffering, and permitting Plaintiff Smith and all other similarly situated individuals to perform work for the benefit of Defendant for which Defendant did not pay at the overtime rate, Plaintiff Smith and all other similarly situated individuals who worked for Defendant as SSMs in Oregon or Washington are entitled to unpaid overtime wages and liquidated damages pursuant to the FLSA and Washington law.

83.   As a result of Defendant's conduct of allowing, suffering, and permitting Plaintiff Smith and all other similarly situated who worked for Defendant in Oregon as SSMs to perform work for the benefit of Defendant, for which Defendant did not pay at the overtime rate, Plaintiff Smith and all other similarly situated who worked for Defendant in Oregon as SSMs are entitled to wages and penalty wages under Oregon law.

84.   Defendant's conduct in respect to overtime pay as alleged herein was willful, and there remain due and unpaid overtime wages in amounts to be determined.

///

Class Action Complaint

19

1    85.    Plaintiff Smith, on her own behalf and on behalf of all other similarly situated

2    individuals, seek damages in the form of wages and overtime premium wages for Defendant's failure

3    to pay overtime wages in amounts to be determined.  In addition, Plaintiff Smith and all similarly

4    situated seek liquidated damages under FLSA and Washington law; and for those SSMs who worked

5    in Oregon, an additional 30 days of penalty wages pursuant to Oregon law, along with interest on all

6    damages amounts, plus costs and attorney fees.

7    ### SEVENTH CLAIM FOR RELIEF

8    **(Failure to Provide Itemized Wage Statements; Cal. Lab. Code § 226)**

9    86.    Plaintiffs incorporate the allegations contained in all preceding paragraphs as though

10    fully set forth herein.

11    87.    At all times material herein, Plaintiffs and all other similarly situated individuals were

12    employed by Defendant.

13    88.    Defendant is required to comply with California wage and hour law for its California

14    employees.  Defendant is required to provide accurate itemized wage statements for each pay period

15    to Plaintiffs and all other similarly situated individuals pursuant to California law including, but not

16    limited to, Cal. Lab. Code §226.

17    89.    During the class period defined in § 30 above, Defendant failed to provide accurate

18    itemized wage statements to Plaintiffs and all other similarly situated individuals who performed

19    work in the State of California, whereby Plaintiffs and all other similarly situated individuals were

20    harmed.

21    90.    Plaintiffs seek payment of statutory damages pursuant to Cal. Lab. Code § 226(e) for

22    each employee who did not receive accurate itemized wage statements during their employment with

23    Defendant.  Plaintiffs also seek the payment of costs, interest, and attorney fees, pursuant to Cal. Lab.

24    Code §§ 218.5 and 218.6.

25    ### EIGHTH CLAIM FOR RELIEF

26    **(Late Payment of Wages, Penalty Wages, and Waiting Time Wages;
California, Oregon, Washington)**

27    91.    Plaintiffs incorporate the allegations contained in all preceding paragraphs as though

28    fully set forth herein.

Class Action Complaint

92.  At all times material herein, Plaintiffs and all other similarly situated individuals in the states of California, Oregon and Washington were employed by Defendant.

93.  During the class period defined in § 30 above, Defendant willfully failed to pay all wages to Plaintiffs and all other similarly situated individuals in California, Oregon and Washington when due upon termination of their employment. As to those class members who performed work in California, Plaintiffs and all other similarly situated individuals are entitled to recover up to 30 days of statutory wages for each pay period when wages were not paid as required by California law. As to those class members who performed work in the State of Oregon, Plaintiffs and all other similarly situated are entitled to recover up to 30 days of continuation wages pursuant to Oregon law. Those who worked in Washington are due treble damages under Washington law.

94.  Plaintiffs and all other similarly situated individuals seek the respective statutory remedies for Defendant's failure to pay all final wages when due, plus costs, interest, disbursements, and attorney fees, pursuant to California, Oregon and Washington laws.

### NINTH CLAIM FOR RELIEF

### (Breach of Contract, California, Oregon, Washington)

95.  Plaintiffs incorporate the allegations contained in all preceding paragraphs as though fully set forth herein.

96.  At all times material herein, Plaintiffs and other similarly situated individuals were employed by Defendant.

97.  Plaintiffs and all other similarly situated individuals, Plaintiffs agreed to work for Defendant and Defendant agreed to pay them wages and comply with the respective states' laws as basic terms of the employment contract. Plaintiffs satisfactorily performed their obligations under such contracts which entitled them to seek enforcement of the contract. As alleged herein and within the applicable statutes of limitations in respect to the enforcement of contracts, Defendant breached this agreement by failing to provide appropriate rest and meal periods, failing to pay wages, including the promised rate of pay, minimum wages, and overtime wages, and failing to timely pay wages, pursuant to the FLSA and the laws of California, Oregon and Washington.

///

1    98.    Within the applicable time period prior to the filing of this complaint up through and

2    including the present date through adjudication, Defendant's conduct as alleged herein has injured

3    Plaintiffs and other similarly situated individuals by depriving them of the benefit of their bargain:

4    i.e., all wages due as a result of their employment.  Plaintiffs and all other similarly situated

5    individuals are entitled to damages in the form of unpaid wages for Defendant's breach of contract as

6    provided by applicable laws of California, Oregon and Washington.

7    99.    Defendant also breached the duty of good faith and fair dealing by making policies

8    and using practices which resulted in the failure to pay its employees all wages due under the

9    contract.

10    100.    Plaintiffs and all other similarly situated individuals seek payment of wages, including

11    the promised rate of wages, minimum wage, and overtime, for the work performed by Plaintiffs and

12    all other similarly situated individuals, all as set forth above.  Plaintiffs also seek the payment of

13    costs, and interest, pursuant to California, Oregon and Washington laws.

**TENTH CLAIM FOR RELIEF**

**(Conversion of Wages; California, Oregon & Washington)**

16    101.    Plaintiffs incorporate the allegations contained in all preceding paragraphs above as

17    though fully set forth herein.

18    102.    At all times material herein, Plaintiffs and all others similarly situated were employed

19    by Defendant.

20    103.    During the class period defined in § 30 above, Defendant failed to pay Plaintiffs and

21    all other similarly situated individuals for those appropriate rest and/or meal periods Defendant was

22    required to provide, failed to pay all wages, including the truncated wages, minimum wage, and

23    overtime wages, as required by Defendant's representations, the FLSA, and the laws of California,

24    Oregon and Washington.  Defendant failed to pay wages for all hours worked. Defendant also failed

25    to pay those wages when due at the termination of employment to Plaintiffs and all other similarly

26    situated individuals.  Defendant owes monies to Plaintiffs and all other similarly situated individuals

27    for failing to pay wages all as set forth above.

28    ///

Class Action Complaint

22

104.    At the time Plaintiffs and all others similarly situated provided labor to Defendant, wages became due and payable to Plaintiffs and all others similarly situated for that labor. At the termination of the employments of Plaintiffs and all other similarly situated individuals, their wages were due and owing and they were to be paid within the time allowed by the laws of California, Oregon and Washington.

105.    The unpaid wages, statutory wages, and penalty wages were and are the property of Plaintiffs and all other similarly situated individuals and Plaintiffs and all other similarly situated individuals have the present right to possess their property. By failing to pay earned wages, statutory wages, and penalty wages when due, Defendant intentionally and wrongfully obtained and held the wages earned by Plaintiffs and all others similarly situated.

106.    Plaintiffs and all other similarly situated individuals did not consent to Defendant's conversion of their property and Plaintiffs and all other similarly situated individuals were injured by Defendant's conversion of the same. Defendant's conversion of the property of Plaintiffs and all other similarly situated individuals was a substantial factor in causing the injury to Plaintiffs.

107.    The wages, minimum wages, overtime wages, truncated wages, statutory wages, penalty wages all remain due and unpaid and are the property of Plaintiffs and all other similarly situated individuals. The wages set forth above remain in the hands of the Defendant. Plaintiffs and all other similarly situated individuals seek the value of the property (unpaid wages, truncated wages, minimum wages, overtime wages, statutory wages, and penalty wages) at the time of the conversion, interest from that time, and fair compensation for the time and money properly expended in pursuit of the property pursuant to the laws of California, Oregon, and Washington, plus punitive damages for Defendant's intentional act of converting the property of Plaintiffs and other similarly situated individuals. See e.g. Cal. Civ. Code § 3294.

## TENTH CLAIM FOR RELIEF

### (Unfair Competition: Cal. Bus. & Prof. Code § 17200 *et seq.*)

108.    Plaintiffs incorporate the allegations contained in all preceding paragraphs as though fully set forth herein.

///

Class Action Complaint

109. At all times material herein, Plaintiffs and all other similarly situated individuals were employed by Defendant.

110. Within the applicable time period prior to the filing of this complaint up through and including the present date through adjudication, Defendant failed to comply with the wage and hour provisions of the State of California, as set forth herein.

111. Plaintiffs, individually and on behalf of the general public, allege that at all relevant times Defendant's actions including, but not limited to, its violations of California law and California Labor Codes, as set forth above, constitute a continuing and ongoing unfair and unlawful activity prohibited by Cal. Bus. & Prof. Code § 17200 et seq., and justify restitution and/or injunctive relief. The unlawful business practices of Defendant are likely to continue, mislead the public (that employees are being provided appropriate rest and meal periods, are being paid all wages, including the promised rate of wages, minimum wage, and overtime, and are being timely paid), and shall present a continuing threat to the public. Defendant's actions of avoiding compliance with conditions of labor and wage obligations and expenses are an unfair business practice. These violations constitute a threat and unfair business policy. Plaintiffs have suffered injury in fact and have lost money or property as a result of such unfair competition. The Court is authorized to order restitution and/or an injunction as a remedy for any violations of Cal. Bus. & Prof. Code § 17200 et seq. Plaintiffs allege that Defendant violated California Labor Code statutes.

112. Defendant has engaged in unfair business practices in California by utilizing the illegal employment practices outlined above including, but not limited to, failing to provide Plaintiffs appropriate rest and meal periods, failing to pay wages, minimum wages, and overtime, and failing to compensate for sums due for labor, fees, and penalties. Defendant's use of such practices constitutes an unfair business practice and unfair competition, and provides an unfair advantage over Defendant's competitors. Plaintiffs seek full restitution of said monies from Defendant, as necessary and according to proof, to restore any and all monies withheld, acquired, or converted by Defendant by means of the unfair practices complained of herein.

113. Plaintiffs allege that, at all relevant times, Defendant engaged in unlawful, deceptive, and unfair business practices prohibited by Cal. Bus. & Prof. Code § 17200 et seq. including those

1  set forth in the paragraphs above, thereby depriving Plaintiffs and the public of the minimum

2  working conditions and standards due them under California Labor Code and IWC Wage Orders.

3      114.  **Private Attorneys General Act of 2004:**    Pursuant to the Private Attorneys General

4  Act of 2004, Cal. Lab. Code § 2698 *et seq.*, Plaintiffs have given notice to Defendant and to the

5  California Labor and Workforce Development Agency of Defendant's violations of Cal. Lab. Code

6  §§ 201, 202, 203, 226(a), 226.7, 510, 512, 1194, and 1197.  After the notice period provided in Cal.

7  Lab. Code § 2699.3, Plaintiffs intend to amend this complaint to include civil penalties provided for

8  in California law including, but not limited to, Cal. Lab. Code §§ 216, 226.3, 558, 1197.1, and 2699.

9               VIII.    **PRAYER FOR RELIEF**

10  **WHEREFORE**, Plaintiffs demand judgment against Defendant as follows:

11      1.   For all unpaid wages, including but not limited to regular wages, overtime and/or

12           premium pay wages, and minimum wages, pursuant to the FLSA, California, Oregon

13           and/or Washington laws in amounts to be determined at the time of trial;

14      2.   For all wages, liquidated damages, statutory wages, waiting time wages, penalty

15           wages, and any other economic damages as provided by the FLSA, California, Oregon

16           and/or Washington laws for failure to pay all wages when due;

17      3    Pursuant to Cal. Bus. & Prof. Code § 17203, that Defendant be preliminarily and

18           permanently enjoined from:  a) failing to provide employees mandatory rest and meal

19           periods;  b)  permitting and unlawfully allowing employees to work hours instead of

20           providing appropriate rest and meal periods, and not paying civil statutory wages;  c)

21           permitting and unlawfully allowing employees to work hours instead of receiving

22           appropriate rest and meal periods without compensating the employees; d) failing to

23           pay employees all wages, including minimum wage and overtime; e) failing to provide

24           employees with accurate itemized wage statements; and f) failing to pay employees all

25           wages due upon termination of employment within the time proscribed by law;

26      5.   Pursuant to Cal. Bus. & Prof. Code §17203 and the equitable powers of this Court,

27           that Defendant be ordered to restore to Plaintiffs all funds acquired by means of any

28           act or practice declared by this Court to be unlawful or fraudulent or to constitute

Class Action Complaint

1      unfair competition under Bus. & Prof. Code §17200 *et seq.*;

2      6.    As restitution, disgorgement of wages and related sums, statutory wages, attorney fees,

3            and all other remedies available pursuant to Cal. Bus. & Prof. Code § 17200 *et seq.*;

4      7.    For statutory wages pursuant to California law including, but not limited to, Cal. Lab.

5            Code §§ 203, 226, 226.7, and 510;

6      8.    For liquidated damages pursuant to California law including, but not limited to, Cal.

7            Lab. Code §§ 1194 and 1194.2;

8      9.    For punitive and exemplary damages pursuant to Cal. Civ. Code § 3294;

9      10.   For wages and penalty wages for Defendant's failure to pay rest period wages

10           pursuant to Or. Rev. Stat. § 653.261, 653.0555, and 652.150.

11     11.   For wages and penalty wages for Defendant's failure to pay overtime wages pursuant

12           to Or. Rev. Stat. § 653.261, 653.0555, and 652.150.

13     12.   For wages and penalty wages for Defendant's failure to pay minimum wages pursuant

14           to Or. Rev. Stat. § 653.261, 653.0555, and 652.150.

15     13.   For wages and penalty wages for Defendant's failure to pay regular wages pursuant to

16           Or. Rev. Stat. § 653.010, 653.0555, and 652.150.

17     14.   For penalty wages for Defendant's failure to pay all final wages when due at the end

18           of the employment relationship pursuant to Or. Rev. Stat. § 652.140 and 652.150.

19     15.   For wages and liquidated damages for Defendant's failure to pay all minimum wages

20           pursuant to Washington law.  Wash. Rev. Code § 49.46.020.

21     16.   For wages and liquidated damages for Defendant's failure to pay all overtime wages

22           pursuant to Washington law.  Wash. Rev. Code § 49.46.130 (1999).

23     17.   For wages and liquidated damages for Defendant's failure to provide and/or pay for

24           rest and meal periods.  Wash. Rev. Code § Chapter 49.12, WAC 296-136-092;

25           *Wingert v. Yellow Freight*, 146 Wn.2d 841 2002.

26     18.   For wages and treble damages for Defendant's failure to timely pay all wages when

27           dup upon the ending of the employment relationship. Wash. Rev. Code § 49.48.010.

28     19.   For wages, minimum wages, overtime wages and liquidated damages under the FLSA.

Class Action Complaint

26

1 | 29 USC § 216(b); 29 USC § 206; 29 USC § 207.

2 | 20.     For wages, minimum wages, overtime wages and liquidated damages under the FLSA

3 | for the period of three years prior to the filing of this action based upon Defendant's

4 | intentional and willful failure to pay wages, minimum wages and overtime wages.  29

5 | USC § 216(b); 29 USC § 206; 29 USC § 207; 29 USC § 255.

6 | 21.     For costs and disbursements, pre-judgment and post-judgment interest at the

7 | respective rates set by the states and for costs of litigation and attorney fees pursuant

8 | to the FLSA, California, Oregon and Washington laws;

9 | 22.     For conversion of wages under California, Oregon and Washington laws.

10 | 23.     For punitive damages under California, Oregon and Washington laws for Defendant

11 | conversion of wages; and

12 | 24.     For such further or alternative relief in favor of Plaintiffs and all class members as the

13 | Court deems appropriate.

14

15 | Dated: _March 13, 2007_       Bailey Pinney PC

16

17

18

19 | By _[signature]_

20 | Shelby L. Clark
   | Attorney for Plaintiffs

21

22

23

24

25

26

27

28

Class Action Complaint

27

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b) and Civil Local Rule 3-6(a), Plaintiffs demand a jury trial for all issues so triable.

Dated: _March 13, 2007_                     Bailey Pinney PC


By _____
   Shelby L. Clark
   Attorney for Plaintiff

Class Action Complaint

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: _March 13, 2007_                    Bailey Pinney PC

By _____
Shelby L. Clark
Attorney for Plaintiff

Class Action Complaint

29