Exh 3

1 | **Bailey, Pinney PC**
**Shelby Clark**, Cal. Bar No. 203606
2 | **Lisa Sloman**, Cal. Bar No. 244225
1498 SE Tech Center Place, Suite 290
3 | Vancouver, Washington 98683
Telephone: (360) 567-2551,
4 | Fax: (360) 567-3331
SClark@wagelawyer.com

6 Attorneys for Plaintiffs
Ann Ross, Dennis Ramos,
7 Maurita Prasad, and Kelly Smith

8

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9

**IN AND FOR THE COUNTY OF ALAMEDA**

10

| | |
|---|---|
| 11 Ann Ross, Dennis Ramos, Maurita Prasad, 12 and Kelly Smith, individually and on behalf of all others similarly situated, | Case No. RG07319452 |
| 13 Plaintiffs, | **CLASS ACTION COMPLAINT** |
| 14 vs. | 1. Failure to Pay Wages; 2. Failure to Pay Minimum Wages; |
| 15 US Bank National Association, dba US Bank, and DOES One through TWENTY- 16 FIVE inclusive, | 3. Failure to Pay Overtime Wages (Hourly); 4. Failure to Pay Overtime Wages |
| 17 Defendant. | (Misclassification as Exempt) 5. Failure to Provide Rest Periods; 6. Failure to Provide Meal Periods; |

17. Failure to Timely Pay Wages (Late Pay);
18. Breach of Contract;
18. Conversion;
19. Failure to Provide Accurate Itemized
       Wage Statements;
20. Unfair Competition Law: Cal. Bus. &
       Prof. Code § 17200.

21 [Pursuant to the Fair Labor Standards Act
of 1938, 29 U.S.C.§§ 201-219, and the
22 laws of the States of California, Oregon
and Washington]
23

24 **DEMAND FOR JURY TRIAL**

25      Plaintiffs, individually and on behalf of all other similarly situated, bring this complaint stating

26 a class action and a collective action against Defendant, US Bank National Association and allege the

27 following upon information and belief, except as to those allegations concerning Plaintiffs, which are

28 alleged upon personal knowledge:

/ / /

**INTRODUCTION**

1.    Plaintiffs, individually and on behalf of all other similarly situated individuals, file this action to recover wages, minimum wages, overtime wages, statutory wages, penalty wages, and liquidated damages, for present and former employees of Defendant for its actions in failing to pay all wages due and owing, including minimum wages, overtime wages, and contract wages; failing to provide appropriate duty-free rest periods; failing to provide appropriate uninterrupted meal periods; failing to provide accurate itemized wage statements; and failing to timely pay wages when due at the termination of employment. Throughout this Complaint, "similarly situated individuals" refers to current and former hourly employees of Defendant in the states of California, Oregon, and Washington, including without limitation Sales and Service Managers ("SSMs") in the states of Oregon and Washington who were mis-classified as "exempt" employees.

2.    Defendant, US Bank National Association, d.b.a. US Bank (hereinafter "US Bank") is a national association bank. US Bank is the sixth largest commercial bank in the United States.

3.    US Bank operates 2,472 banking offices in 24 states, including California, Oregon, and Washington. US Bank conducts financial business in all 50 states.

4.    US Bank is a subsidiary of U.S. Bancorp, a diversified financial holding company which had total assets of $219 billion at year-end 2006 and serves more than 14.2 million customers.

5.    Plaintiff Ann Ross was an hourly employee of Defendant and worked for Defendant in Redondo Beach/Gardenia, California from approximately September 2005 to May 2006. Ms. Ross was deprived of approximately six uninterrupted rest periods to which she was entitled per week. Ms. Ross was not paid for all wages earned. Ms. Ross provided at least 72 hours notice of her intention to quit, yet did not receive her final pay on her last day of employment. Defendant did not timely pay Ms. Ross her last paycheck pursuant to California law.

6.    Plaintiff Maurita Prasad was an hourly employee of Defendant from December 8, 2003, to January 17, 2005. Ms. Prasad worked for Defendant in Pleasant Hill, California. Ms. Prasad regularly did not receive duty-free rest periods and regularly did not receive uninterrupted meal periods. Ms. Prasad was not paid all her wages for time worked. Defendant terminated Ms. Prasad's employment, yet failed to timely pay her final wages on her last day of employment, as required by

1  California law.

2        7.     Plaintiff Dennis Ramos was an hourly employee of Defendant and worked for

3  Defendant in Portland, Oregon. Mr. Ramos was hired in 2000 and was terminated by Defendant in

4  December 2005. Defendant failed to pay for all hours Mr. Ramos worked. Mr. Ramos regularly

5  received no rest periods. Defendant failed to pay Mr. Ramos all wages when due upon termination.

6        8.     Plaintiff Kelly Smith worked for Defendant in Seaside, Oregon. Ms. Smith was hired as

7  an hourly employee in 1997 and continued to work for Defendant through 2006. Ms. Smith regularly

8  did not receive uninterrupted rest periods from August 2004 to August 2005. Ms. Smith rarely

9  received a duty-free uninterrupted meal period. During the relevant statutory period, representative

10  Plaintiff Kelly Smith ("Plaintiff Smith") was employed in the position of Sales and Service Manager

11  ("SSM") by Defendant in Oregon.  Defendant mis-classified Plaintiff Smith as an exempt employee

12  while she held the SSM position.  During this same time period when Plaintiff Smith worked as an

13  SSM, she was paid on a salary basis and regularly worked more than 40 hours in a single workweek.

14  Defendant failed to pay Ms. Smith 1 ½ times her regular hourly rate for the hours she worked in excess

15  of 40 hours for a single workweek when she was employed in the SSM position. Defendant failed to

16  provide Ms. Smith with the required duty-free rest periods.  Defendant regularly failed to provide Ms.

17  Smith with uninterrupted meal periods.  Defendant failed to pay Ms. Smith for all her hours worked

18  and further failed to pay all her wages when due upon termination.

19        9.     Plaintiffs seek to represent other similarly situated individuals through this multi-state

20  class action and collective action in the State of California for class members who worked for

21  Defendant in California, Oregon and Washington.  The claims seek wages, damages, penalty wages,

22  statutory wages, liquidated damages, costs and attorney fees for Defendant's failure to pay all wages,

23  overtime wages, minimum wages, and wages when due upon termination, and for failing to provide

24  duty-free rest periods, and for failing to provide uninterrupted meal periods, all as required by the laws

25  of the States of California, Oregon and Washington and pursuant to the Fair Labor Standards Act of

26  1938, 29 U.S.C. §§ 201-219 ("FLSA").

27                         **JURISDICTION & VENUE**

28        10.    The jurisdiction of this Court arises under Code of Civil Procedures § 410.10 because

Class Action Complaint

1  Defendant conducts business in the State of California.  This Court has subject matter jurisdiction over

2  this Class and the representative action pursuant to California Business & Professions Code § 17200 *et*

3  *seq.*, California Code of Civil Procedure § 382, and other provisions of the California Codes, as well

4  as 29 U.S.C. § 216(b).

5        11.  Venue is proper in Alameda County pursuant to Code of Civil Procedure § 395 and Cal.

6  Bus. & Prof. Codes §§ 17202 and 17203 because US Bank is an out-of-state association and conducts

7  substantial business within this county.

8  <div align="center">**PARTIES**</div>

9        12.  At all material times, Plaintiffs and all other similarly situated individuals were and are

10  current and former employees of Defendant in California, Oregon and/or Washington.  Defendant is

11  subject to the wage and hour provisions of the FLSA and the wage and hour laws of California,

12  Oregon, and Washington.

13        13.  Defendant is a national banking association organized and existing under the National

14  Bank Act with its Articles of Association designating Cincinnati, Ohio as the place of Defendant's

15  main office. Defendant also maintains corporate headquarters in Minneapolis, Minnesota. Defendant,

16  at all material times herein, was and is doing business as "US Bank" in the states of California,

17  Oregon, and Washington.

18        14.  At the time of filing this complaint, Plaintiffs Prasad and Ross are individuals who

19  reside in and are citizens of the state of California.

20        15.  At the time of filing this complaint, Plaintiffs Ramos and Smith are individuals who

21  reside in and are citizens of the state of Oregon.

22  <div align="center">**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**</div>

23        16.  Representative Plaintiffs, Ann Ross, Dennis Ramos, Maurita Prasad, and Kelly Smith,

24  were employed by Defendant.  Ross and Prasad worked in California, and Ramos and Smith worked in

25  Oregon. Plaintiffs and other similarly situated individuals performed the services required of them by

26  Defendant during their employment.

27        17.  During Plaintiffs' employment, Defendant did not provide appropriate duty-free rest

28  periods, nor did Defendant provide uninterrupted meal periods, nor did Defendant pay all wages for all

1  work performed, nor did Defendant provided accurate itemized wage statements, nor did Defendant

2  pay overtime and/or "premium" wages when required by law, nor did Defendant pay all wages when

3  due.

4       18.    US Bank exercises centralized control over all of its employees who work in California,

5  Oregon, and Washington from its headquarters located in Minneapolis, Minnesota.

6       19.    Defendant has a centralized payroll department that oversees all payroll for US Bank

7  for all of its locations throughout the United States including California, Oregon, and Washington.

8       20.    US Bank centrally controls staffing in California, Oregon, and Washington. US Bank

9  regularly causes, suffers and permits its employees to work without the benefit of rest periods, or to

10  take their rest periods untimely. US Bank regularly causes, suffers and permits its employees to be

11  interrupted during their lunch periods, or to work without the benefit of lunch periods.

12       21.    US Bank records the hours and minutes worked by its employees each day then

13  converts the daily time worked to tenths of an hour. Defendant has an express policy and/or practice

14  of truncating down the actual time worked by each hourly employee to the next lowest tenth of an

15  hour. This policy consistently under-recorded the actual "Daily Total" time worked by hourly

16  employees, and resulted in the nonpayment of wages, except when an hourly employee's actual time

17  worked was precisely divisible by one tenth of an hour. Attached hereto as Exhibit A is a copy of a US

18  Bank "Sample Weekly Time Report," with a "conversion chart" showing and explaining that time

19  worked is to be rounded back to the earlier tenth of an hour.

20       22.    On July 18, 2006, in sworn deposition testimony, Tom Christon, who was then

21  responsible for US Bank's nationwide payroll and "human resources information system" testified that

22  US Bank had since at least 2002 used a time sheet such as the one shown in Exhibit A, with such a

23  conversion chart. He further testified that "the new time sheet would have been placed on the

24  company intranet for use by managers and distribution to the employees in their areas." Mr. Christon

25  further testified that at the time of his testimony US Bank was using, and had used since 2004, an

26  automated electronic form that has the same effect as the "conversion chart" shown in Exhibit A. That

27  electronic form "would have application to all states" with the possible exception of California, but

28  specifically including Oregon. Mr. Christon said, "after the math has been done using minutes and

Class Action Complaint

1    seconds, then the rounding takes place for the total. . . . Q: The totals that are represented on the total

2    hours worked are where the Excel spreadsheet does the rounding; isn't that correct? A: I believe so."

3    Later in his testimony Mr. Christon was asked, "if the employee works from 8:00 in the morning till

4    12:11 that same morning [sic], that's 4 hours and 11 minutes. Do you agree? A: That is 4 hours and

5    11 minutes. . . . Q: You would only pay them till 12.1, is that correct, under you interpretation of the

6    application of the time sheet? A: Yes. Q: Which is . . . 4 hours and 6 minutes? A: Yes."

7        23.    Defendant failed to pay all wages for appropriate duty-free rest periods that Defendant

8    was required to provide Plaintiffs and class members under the states' laws, and further failed to

9    include the rest periods as wages when calculating wages due under the FLSA and the laws of

10   California, Oregon, and Washington.

11       24.    Defendant failed to pay all wages for appropriate uninterrupted meal periods that

12   Defendant was required to provide Plaintiffs and class members under the states' laws, and further

13   failed to include the meal periods as wages when calculating wages due under the FLSA and the laws

14   of California, Oregon, and Washington.

15       25.    Defendant failed to pay all wages for all hours worked, including regular wages,

16   overtime wages, and minimum wages as required by the FLSA and the state laws, regulations, and

17   rules of California, Oregon and Washington.

18       26.    Defendant required, suffered, and permitted Plaintiffs and all other similarly situated

19   individuals to work hours for which Defendant did not compensate them at the minimum rate of pay

20   for all hours worked.  In so doing, Defendant violated the requirements of the FLSA and the laws and

21   regulations of California, Oregon and Washington.  Consequently, Defendant owes Plaintiffs and all

22   Defendant's employees who are similarly situated, regular wages, overtime wages, and minimum

23   wages, plus liquidated damages under the FLSA; plus, under Oregon law, penalty wages to Oregon

24   Plaintiffs and all similarly situated Oregon employees; plus, under California law, liquidated damages

25   and statutory wages to California Plaintiffs and similarly situated California employees; plus, under

26   Washington law, liquidated damages to similarly situated Washington employees.

27       27.    Defendant required, suffered and permitted Plaintiffs and all other similarly situated

28   employees to work hours in excess of 40 hours per week and, in California, in excess of 8 hours per

---

Class Action Complaint

1    day, for which Defendant did not compensate those employees at the overtime premium rate (1-½

2    times their regular hourly rate) for those overtime hours worked.  In so doing, Defendant violated the

3    requirements of the FLSA and of California, Oregon, and Washington laws, rules, and regulations.

4    Consequently, Defendant owes Plaintiffs and all other similarly situated employees overtime wages,

5    liquidated damages, statutory penalties and penalty wages all as provided by the FLSA and the laws

6    and regulations of the states of California, Oregon, and Washington.

7         28.    Pursuant to California law, Defendant is required to provide accurate itemized wage

8    statements for each pay period to Plaintiffs and all other similarly situated California employees.  Cal.

9    Lab. Code § 226.  Defendant failed to provide accurate itemized wage statements to California

10   Plaintiffs Ross and Prasad and all other similarly situated individuals.  Because Defendant failed to

11   provide accurate itemized wage statements, Defendant owes statutory damages to California Plaintiffs

12   Ross and Prasad and all other similarly situated California employees, as well as costs, interest, and

13   attorney fees.

14        29.    Defendant's conduct in failing to provide appropriate rest periods and/or meal periods;

15   failing to pay all wages, including minimum wages and overtime wages; failing to provide accurate

16   itemized wage statements; and failing to pay all wages due and earned upon termination of

17   employment; pursuant to the laws of California, Oregon, and Washington, was willful.

18        30.    Defendant's conduct in failing to pay all minimum wages and overtime wages as

19   required under the FLSA was willful.

20        31.    Defendant entered into a contract with Plaintiffs and all other similarly situated

21   individuals whereby Plaintiffs agreed to work for Defendant and Defendant agreed to pay all wages to

22   Plaintiffs and similarly situated individuals and further agreed to comply with the FLSA and the wage

23   and hour laws of the states of California, Oregon, and Washington.  Defendant breached this contract

24   when Defendant failed to pay all wages for time worked, failed to provide and/or pay for appropriate

25   duty-free rest periods, failed to provide and/or pay for appropriate uninterrupted meal periods, failed to

26   pay all wages, including minimum wages and overtime wages, and failed to timely pay wages at the

27   termination of employment.  In so doing, Defendant caused harm to Plaintiffs and all other similarly

28   situated individuals.  As a result, Plaintiffs and all other similarly situated individuals are owed wages

---

7                                                                   Class Action Complaint

1  and damages.

2      32.   Defendant failed to make timely payment of all wages due when required by the laws of

3  California, Oregon, and Washington, when employment with Defendant ended for Plaintiffs and all

4  other similarly situated individuals.

5      33.   Because Defendant failed to pay Plaintiffs and all other similarly situated individuals

6  for all regular wages, minimum wages, and overtime wages, and failed to pay all wages when initially

7  due and when due at termination, Defendant was unjustly enriched.  Defendant requested by words

8  and/or conduct that Plaintiffs and all other similarly situated individuals provide services for

9  Defendant.  Plaintiffs and all other similarly situated individuals benefitted Defendant by providing

10  services to Defendant.  Plaintiffs and all other similarly situated individuals performed services as

11  Defendant requested.  Defendant did not pay for the services that Plaintiffs and all other similarly

12  situated individuals performed.  As a result, Plaintiffs and all other similarly situated individuals are

13  entitled to unpaid wages, truncated wages, minimum wages, overtime wages, statutory wages, penalty

14  wages, interest from the time of the conversion; punitive damages; and fair compensation for the time

15  and money properly expended in pursuit of the property.

16      34.   Defendant's actions and conduct, detailed herein, were part of a multi-state and/or

17  nationwide corporate conduct, practice, process, procedure, and plan, which affected employees who

18  worked for Defendant in the States of California, Oregon, and Washington.  As a direct and proximate

19  result of Defendant's unlawful companywide conduct, Plaintiffs (1) were suffered, permitted and/or

20  required to work through mandatory rest periods which were required to be provided by the laws of the

21  states of California, Oregon and Washington, and were not paid the wages due for the unprovided rest

22  periods, (2) were suffered, permitted and/or required to work through mandatory meal periods which

23  were required to be provided by the laws of the states of California, Oregon and Washington, and were

24  not paid the wages due for the unprovided meal periods, (3) were not paid all wages for time worked,

25  including but not limited to minimum wage and overtime, (4) were not provided accurate itemized

26  wage statements, (5) were not paid wages when due, and (6) were victimized by Defendant's policies

27  and practices set forth herein.  Plaintiffs and all other similarly situated individuals are entitled to

28  recover monies for the unprovided rest periods and interrupted meal periods including, but not limited

1  to, wages, statutory wages, minimum wages,"overtime" and/or "premium" wages, and penalty wages,

2  as provided by the FLSA and the laws, rules, and regulations of the States of California, Oregon, and

3  Washington.  Plaintiffs and all other similarly situated individuals are additionally entitled to recover

4  reasonable attorney fees, costs, and interest.

5  <div align="center">**CLASS ACTION ALLEGATIONS**</div>

6  35.    Plaintiffs bring this action on behalf of themselves and all other similarly situated

7  individuals, both in a representative capacity and as a class action pursuant to California Code of Civil

8  Procedure section 382, and as a collection action pursuant to the Fair Labor Standards Act of 1938, 29

9  U.S.C. section 216(b).  Plaintiffs seek to represent the following classes:

10         a.    All California, Oregon, and Washington US Bank employees and former

11              employees who were not fully and timely compensated for all hours worked;

12              and

13         b.    All California, Oregon, and Washington US Bank employees and former

14              employees whom Defendant owes statutory remedies for labor code violations.

15  36.    This action has been brought and may properly be maintained as a class action pursuant

16  to the provisions of the California Code of Civil Procedure Section 382.

17  37.    This action has been brought and may properly be maintained as a collective action

18  pursuant to the provisions of the FLSA.

19  38.    **NUMEROSITY OF THE CLASS** – Code of Civ. Proc. § 382: Members of the Class

20  are so numerous that their individual joinder is impracticable.  The precise number of members of the

21  Class and their addresses is unknown to the Plaintiffs.  Plaintiffs estimate the Class exceeds 10,000

22  persons. The precise number of persons in the Class and their identities and addresses may be

23  ascertained from Defendant's records.  Members of the Class may be notified of the pendency of this

24  action by mail.  This number may increase depending upon the turnover rate of employees during the

25  applicable statutory period prior to the filing of this complaint.

26  39.    **EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF FACT**

27  **AND LAW** – Code of Civ. Proc. § 382: Common questions of law and fact exist as to all members of

28  the Class. These questions predominate over the questions affecting only individual members of the

Class. These common legal and factual questions include:

    A.    Whether Defendant paid all wages earned when due;

    B.    Whether Defendant provided Plaintiffs and class members with duty-free rest periods as required;

    C.    Whether Defendant provided Plaintiffs and class members with uninterrupted meal periods as required;

    D.    Whether Plaintiffs and class members were paid all minimum wages for time worked;

    E.    Whether Plaintiffs and class members were paid overtime/premium wages for time worked over 40 hours per week or (in California) over 8 hours per day;

    F.    Whether Defendant paid Plaintiffs and class members all wages when due after their employment ended;

    G.    Whether Defendant entered into a contract with Plaintiffs and class members;

    H.    Whether Defendant was unjustly enriched by services provided to Defendant by Plaintiffs and class members;

    I.    Whether Defendant converted property belonging to Plaintiffs and class members; and

    J.    Whether Defendant provided California Plaintiffs and class members with accurate itemized wage statements as required by California law.

    40.    **TYPICALITY** – Code Civ. Proc. § 382: Plaintiffs' claims are typical of the claims of the members of the Class because Plaintiffs worked for US Bank and are owed wages and/or damages for Defendant's failure to pay all earned wages, Defendant's failure to provide appropriate duty-free rest periods, Defendant's failure to provide appropriate uninterrupted meal periods, Defendant's failure to pay overtime and/or "premium" wages for hours worked in excess of 40 hours per week or (in California) in excess of 8 hours per day, Defendant's failure to pay minimum wages pursuant to state and federal law, Defendant's failure to timely pay wages upon termination of employment, and (in California) Defendant's failure to provide accurate itemized wage statements. The claims of the named Plaintiffs are typical of the claims of the members of the class in that:

A.    At least one named plaintiff is a member of each class and/or subclass;

B.    Plaintiffs' claims stem from the same practices or courses of conduct that form the basis of each class;

C.    Plaintiffs' claims are based upon the same legal and remedial theories as those of the class and involve similar factual circumstances;

D.    There is no antagonism between the interests of the named Plaintiffs and absent class members; and

E.    The injuries which Plaintiffs suffered are similar to the injuries which class members have suffered.

41.    **ADEQUACY OF PLAINTIFFS' REPRESENTATION** – Code Civ. Proc. § 382: The named Plaintiffs will fairly and adequately represent the class because:

A.    There is no conflict between Plaintiffs' claims and those of other class and subclass members;

B.    Plaintiffs have retained counsel who are skilled and experienced in wage and hour cases and in class actions and who will vigorously prosecute this litigation;

C.    Plaintiffs' claims are typical of the claims of class members; and

D.    The interests of the members of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

42.    **SUPERIORITY** – Code Civ. Proc. § 382: a class action is superior to other available means for the fair and efficient adjudication of the claims of Plaintiffs and members of the Class.   The damages suffered by each individual Class member may be relatively small, especially given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct.   Moreover, even if Class members themselves could afford such individual litigation, the court system could not.  Individualized litigation presents a potential for inconsistent or contradictory judgments.  Individualized litigation increases the delay and expense to all parties. The class action device presents far fewer management difficulties, and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

///

1    43.    **CERTIFICATION** – of Plaintiffs' claims is appropriate because:

2        A.    Common questions of law or fact predominate over questions affecting only

3            individual members;

4        B.    The forum is convenient to the parties, class members, and potential witnesses,

5            the class is specifically identifiable to facilitate provision of adequate notice,

6            and there will be no significant problems managing this case as a class action;

7        C.    A class action is superior to other available methods for the fair and efficient

8            adjudication of this controversy because individual class members have a

9            minimal interest in controlling the prosecution of separate actions;

10   44.    **DEFINITION OF SUB-CLASSES** – Plaintiffs seek class certification including but

11   not limited to the following potential sub-classes, pursuant to Code Civ. Proc. § 382, and collective

12   action class and sub-classes under 29 U.S.C. § 216(b).

13       A.    **UNPAID WAGES CLASS** – A class exists for the applicable time period

14           prior to the filing of this complaint through final adjudication and/or

15           compromise consisting of Plaintiffs and all other similarly situated individuals

16           who worked hours for Defendant and were not paid at their regular hourly rate

17           for all hours worked as required by the laws, rules, or regulations of California,

18           Oregon, or Washington.

19       B.    **MINIMUM WAGE CLASS** – A class exists for the applicable time period

20           prior to the filing of this complaint through final adjudication and/or

21           compromise consisting of Plaintiffs and all other similarly situated individuals

22           who worked for Defendant and were not paid wages at the minimum wage rate

23           for all hours worked as required by the FLSA and the laws, rules, or regulations

24           of California, Oregon, or Washington.

25       C.    **OVERTIME CLASS (HOURLY)** – A class exists for the applicable time

26           period prior to the filing of this complaint through final adjudication and/or

27           compromise consisting of Plaintiffs and all other similarly situated individuals

28           who worked for Defendant for more than 8 hours in a day in California, or

1    more than 40 hours in a week in California, Oregon, or Washington and were

2    not paid at the applicable premium rate for all hours worked in excess of the

3    statutory maximum hours per day/week as required by the FLSA or the laws,

4    rules, or regulations of California, Oregon, or Washington.

5    D.    **MIS-CLASSIFIED SSM CLASS (OVERTIME)** – A class exists for the

6    applicable time period prior to the filing of this complaint through final

7    adjudication and/or compromise consisting of Plaintiffs and all other similarly

8    situated individuals who worked as SSMs for Defendant for more than 40

9    hours per week in Oregon and/or Washington, were classified and/or treated by

10    Defendant as employees "exempt" from overtime pay under the FLSA, were

11    not in fact exempt, and thereby were deprived of overtime and/or "premium"

12    pay to which they were entitled.

13    E.    **BREACH OF CONTRACT CLASS** – A class exists for the applicable time

14    period prior to the filing of this complaint through final adjudication and/or

15    compromise consisting of Plaintiffs and all other similarly situated individuals

16    who worked for Defendant and were promised, as a condition of employment,

17    that Defendant would comply with both federal and state wage and hour laws

18    including providing and/or paying for appropriate duty-free rest periods,

19    providing and/or paying for uninterrupted meal periods, paying minimum

20    wages, paying overtime wages, and paying all final wages when due at the

21    termination of employment.  Defendant breached the employment contracts by

22    failing to pay all wages, duty-free rest periods and/or rest period wages,

23    uninterrupted meal periods and/or meal period wages, minimum wages,

24    overtime wages and failing to pay all wages when due upon the ending of the

25    employment relationship.  In addition, Defendant by repeatedly failing to meet

26    its obligations under the contracts of employment also breached the duty of

27    good faith and fair dealing that is implicit in every contract.

28    ///

1    F.    **CONVERSION CLASS** – A class exists for the applicable time period prior

2          to the filing of this complaint through final adjudication and/or compromise

3          consisting of Plaintiffs and all other similarly situated individuals who worked

4          for Defendant and whose monies were converted by Defendant's actions in

5          failing to provide appropriate rest periods and/or meal periods, failing to pay

6          wages, including minimum wages and overtime wages, and failing to timely

7          pay all wages as required by contract and by the laws, rules, or regulations of

8          California, Oregon, or Washington.

9    G.    **LATE PAYMENT/WAITING TIME CLASS** – A class exists for the

10         applicable time period prior to the filing of this complaint through final

11         adjudication and/or compromise consisting of Plaintiffs and all other similarly

12         situated individuals whose employment with Defendant ended and who were

13         not paid all wages when due as required by the laws, rules, or regulations of

14         California, Oregon, or Washington.

15   H.    **UNPAID REST PERIOD STATUTORY CLASS** – A class exists for the

16         applicable time period prior to the filing of this complaint through final

17         adjudication and/or compromise consisting of Plaintiffs and all other similarly

18         situated individuals who worked for Defendant and who Defendant failed to

19         pay all wages, statutory wages, and penalty wages for Defendant's failure to

20         provide appropriate duty-free rest periods as required by the laws, rules, or

21         regulations of California, Oregon, or Washington.

22   I.    **UNPAID MEAL PERIOD STATUTORY CLASS** – A class exists for the

23         applicable time period prior to the filing of this complaint through final

24         adjudication and/or compromise consisting of Plaintiffs and all other similarly

25         situated individuals who worked for Defendant and who Defendant did not pay

26         for all wages, statutory wages, and penalties for interrupted meal periods as

27         required by the laws, rules, or regulations of California, Oregon, or

28         Washington.

Class Action Complaint

J.    **ITEMIZED WAGE STATEMENT CLASS** (California only) A class exists for the applicable time period prior to the filing of this complaint through final adjudication and/or compromise consisting of Plaintiffs and all other similarly situated individuals who worked for Defendant and whose wage statements provided by Defendant were inaccurate or not provided as required by California law.

K.    **BUSINESS AND PROFESSIONS CLASS** (California only) A class exists for the applicable time period prior to the filing of this complaint through final adjudication and/or compromise consisting of Plaintiffs and all other similarly situated individuals who worked in the State of California and who worked during mandatory rest periods and/or meal periods, or were not paid wages, including minimum wages, or overtime wages, and/or who did not receive all wages when due as required by California law.

## FIRST CAUSE OF ACTION

### (Failure to Pay Wages)

45.    Plaintiffs incorporate the allegations contained in all preceding paragraphs as though fully set forth herein.

46.    At all times material herein, Plaintiffs and all other similarly situated individuals were employed by Defendant.

47.    During the class period, Defendant failed to pay wages as required by California, Oregon, and Washington laws.

48.    During the course of Plaintiffs' and class members' employment, Defendant allowed, suffered, and permitted Plaintiffs and all other similarly situated individuals to perform work for the benefit of Defendant and did not pay wages for the work performed.

49.    US Bank recorded the hours and minutes worked by its employees then converted that time worked to tenths of an hour. Defendant has an express policy, practice, and procedure of truncating down the actual time worked by each hourly employee to the next lower tenth of an hour. This policy consistently reduced the actual time worked by hourly employees, and resulted in the

1   non-payment of wages, except when an hourly employee's actual time worked was precisely divisible

2   by 1/10th of an hour.

3       50.    As a result, Plaintiffs and all other similarly situated individuals are entitled to wages

4   pursuant to California, Oregon, and Washington laws.

5       51.    Defendant's policy, practice, and procedure of rounding time worked to the next lower

6   tenth of an hour was set and implemented by Defendant's centralized payroll department for all

7   employees in California, Oregon, and Washington.

8       52.    Defendant's conduct in failing to pay Plaintiffs and all other similarly situated

9   individuals for all work performed was willful, and there remains due and unpaid wages in amounts

10  to be determined.

11      53.    Plaintiffs, on their own behalf and on behalf of all other similarly situated individuals,

12  seek as damages, wages in an amount to be determined, statutory and penalty wages, pre-judgment

13  and post-judgment interest, attorney fees, and costs, pursuant to the laws, rules, or regulations of

14  California, Oregon, or Washington.

## SECOND CAUSE OF ACTION

### (Failure to Pay Minimum Wage)

17      54.    Plaintiffs incorporate the allegations contained in all preceding paragraphs as though

18  fully set forth herein.

19      55.    At all times material herein, Plaintiff and all other similarly situated individuals were

20  employed by Defendant.

21      56.    During the class period, Defendant failed to pay minimum wages for all hours worked

22  to Plaintiffs and all other similarly situated individuals as required by the FLSA or by the laws, rules,

23  or regulations of California, Oregon, or Washington.

24      57.    During the course of Plaintiffs' and all other similarly situated individuals'

25  employment, Defendant allowed, suffered, and permitted Plaintiffs and all other similarly situated

26  individuals to perform work for the benefit of Defendant.

27      58.    Defendant failed and refused to compensate Plaintiffs and all other similarly situated

28  individuals for all hours of work performed by Plaintiffs and all other similarly situated individuals.

Class Action Complaint

59.    Defendant failed and refused to compensate Plaintiffs and all other similarly situated individuals at the then-prevailing hourly rate of pay for each and all hours worked.

60.    As a result, Plaintiffs and all other similarly situated individuals are entitled to minimum wages pursuant to the FLSA and the laws, rules, or regulations of California, Oregon or Washington.

61.    Defendant's conduct in failing to pay Plaintiffs and all other similarly situated individuals for each and all hours worked at the then prevailing minimum wage rates was willful, and there remains due and unpaid minimum wages in amounts to be determined.

62.    Plaintiffs, on their own behalf and on behalf of all other similarly situated individuals, seek damages for failure to pay minimum wages for each and all hours worked; liquidated damages under the FLSA; liquidated damages pursuant to California and Washington law; and 30 days of penalty wages pursuant to Oregon law, plus pre-judgment and post-judgment interest on all damage amounts, plus costs and attorney fees.

### THIRD CAUSE OF ACTION

### (Failure To Pay Overtime, Hourly Employees)

63.    Plaintiffs incorporate the allegations contained in all preceding paragraphs as though fully set forth herein.

64.    At all times material herein, Plaintiffs and all other similarly situated individuals were employed by Defendant and paid on an hourly basis.

65.    Defendant failed and refused to compensate Plaintiffs and all similarly situated individuals for all hours worked over 40 hours per week, or in California all hours worked over 8 hours per day, at the rate of 1-½ times their regular hourly rate of pay.

66.    During the class period, Defendant failed to pay overtime wages and premium wages to Plaintiffs and all other similarly situated individuals as required by the FLSA and the laws, rules, or regulations of California, Oregon or Washington.

67.    As a result of Defendant's conduct of allowing, suffering, and permitting Plaintiffs and all other similarly situated individuals to perform work over 40 hours per week, or in California over 8 hours per day, for the benefit of Defendant for which Defendant did not pay at the overtime rate,

1   Plaintiffs and all other similarly situated individuals are entitled to unpaid overtime wages pursuant to

2   the FLSA and the laws, rules, or regulations of California, Oregon or Washington.

3        68.     Defendant's conduct in failing to pay overtime premium wages as alleged herein was

4   willful, and there remain due and unpaid overtime wages in amounts to be determined.

5        69.     Plaintiffs, on their own behalf and on behalf of all other similarly situated individuals,

6   seek damages in the form of wages and premium wages for Defendant's failure to pay overtime

7   wages in amounts to be determined.  In addition, Plaintiffs and others similarly situated seek

8   liquidated damages under the FLSA; liquidated damages and statutory wages pursuant to California

9   law; treble damages pursuant to Washington law; and 30 days of penalty wages pursuant to Oregon

10  law; plus pre-judgment and post-judgment interest on all damages amounts; plus costs and attorney

11  fees under the FLSA, and under the laws, rules, or regulations of California, Oregon, or Washington.

12                              **THIRD CAUSE OF ACTION**

13                **(Failure To Pay Overtime, Sales and Service Managers)**

14       70.     Plaintiffs incorporate the allegations contained in all preceding paragraphs as though

15  fully set forth herein..

16       71.     At all times material herein, Plaintiff Smith and all other similarly situated individuals

17  in Oregon and Washington were employed by Defendant in the position of Sales and Service Manager

18  ("SSM"), and were paid on a salary basis.

19       72.     The SSM position required Plaintiff Smith and other similarly situated individuals to

20  perform routine jobs such as providing teller services, customer service, ans pulling and printing

21  reports designated by US Bank.

22       73.     The primary nature of Plaintiff Smith's, and others similarly situated individuals',

23  work as a SSM did not involve the exercise of discretion or independent judgment.

24       74.     Defendant mis-classified the SSM position as exempt in Oregon and Washington.

25       75.     Plaintiff Smith and all other similarly situated individuals in Oregon and Washington

26  worked for Defendant as SSMs and worked more than 40 hours per week while so employed.

27       76.     Defendant allowed, suffered, and permitted Plaintiff Smith and its SSM employees in

28  Oregon and Washington to work hours in excess of 40 hours per week, for which it did not

Class Action Complaint

1    compensate its employees at the rate of 1½ times their regular rate of pay.  In so doing, Defendant

2    violated the requirements of the FLSA, and Oregon wage and hour laws that require employees to be

3    paid 1½ times their regular hourly rate for all hours worked over 40 in a workweek..

4        77.    As a result of Defendant's conduct of allowing, suffering, and permitting Plaintiff

5    Smith and all other similarly situated individuals to perform work for the benefit of Defendant for

6    which Defendant did not pay at the overtime rate, Plaintiff Smith and all other similarly situated

7    individuals in Oregon and Washington who worked for Defendant as SSMs are entitled to unpaid

8    overtime wages and liquidated damages pursuant to the FLSA and Washington law.

9        78.    As a result of Defendant's conduct of allowing, suffering, and permitting Plaintiff

10   Smith and all other similarly situated in Oregon who worked for Defendant in Oregon as SSMs to

11   perform work for the benefit of Defendant, for which Defendant did not pay at the overtime rate,

12   Plaintiff Smith and all other similarly situated who worked for Defendant in Oregon as SSMs are

13   entitled to wages and penalty wages under Oregon law.

14       79.    Defendant's conduct in respect to overtime pay as alleged herein was willful, and there

15   remain due and unpaid overtime wages in amounts to be determined.

16       80.    Plaintiff Smith, on her own behalf and on behalf of all other similarly situated

17   individuals in Oregon and Washington, seek damages in the form of wages and overtime premium

18   wages for Defendant's failure to pay overtime wages in amounts to be determined.  In addition,

19   Plaintiff Smith and all similarly situated individuals in Oregon and Washington seek liquidated

20   damages under the FLSA  and for those SSMs who worked in Oregon, seek an additional 30 days of

21   penalty wages pursuant to Oregon law, along with interest on all damages amounts, plus costs and

22   attorney fees.

### FIFTH CAUSE OF ACTION

### (Failure to Provide Rest Periods)

25       81.    Plaintiffs incorporates the allegations contained in all preceding paragraphs as though

26   fully set forth herein.

27       82.    At all times material herein, Plaintiffs and all other similarly situated individuals were

28   employed by Defendant.

83.    California, Oregon and Washington laws provide for minimum employment conditions to be followed by all employers in each state.  California laws require that employees receive a duty-free paid rest period of not less than 10 minutes for each period of four hours worked or major fraction thereof.  Oregon and Washington laws parallel California law.

84.    During the class period, Defendant failed to pay statutory wages pursuant to Cal. Lab. Code § 226.7.  Defendant also failed to pay Plaintiffs and all other similarly situated individuals for 10 minutes of duty-free rest time as required by Oregon and Washington law.

85.    Plaintiffs and all other similarly situated individuals seek unpaid wages, statutory wages, and penalty wages.  In addition, Plaintiffs and similarly situated see costs, pre-judgment and post-judgment interest, disbursements, and attorney fees pursuant to the laws, rules, or regulations of California, Oregon, or Washington.

## SIXTH CAUSE OF ACTION

### (Failure to Provide Meal Periods)

86.    Plaintiffs incorporates the allegations contained in all preceding paragraphs as though fully set forth herein.

87.    At all times material herein, Plaintiffs and all other similarly situated individuals were employed by Defendant.

88.    California law requires, in part, that employees receive an uninterrupted, unpaid meal period of not less than 30 minutes for each shift over five hours.  Oregon law also require that employees receive an uninterrupted, unpaid meal period of not less than 30 minutes.  As a result of Defendant's failure to pay and/or provide uninterrupted meal periods of not less than 30 minutes as required by the laws, rules, or regulations of California or Oregon,  Plaintiffs and all other similarly situated employees are entitled to recover their wages for those meal periods, plus statutory wages (California Plaintiffs & Class members) and penalty wages (Oregon Class members) as required by the FLSA, and by California and Oregon law.

89.    During the class period, Defendant failed to pay statutory wages pursuant to Cal. Lab. Code § 226.7.

90.    Plaintiffs and all other similarly situated individuals seek unpaid wages, statutory

1  wages, and penalty wages.  In addition, Plaintiffs and those individuals similarly situated seek costs,

2  interest, disbursements, and attorney fees pursuant to the laws, rules, or regulations of California,

3  Oregon, or Washington.

4  <center>**SEVENTH CAUSE OF ACTION**</center>

5  <center>**(Late Payment of Wages at End of Employment; Waiting Time)**</center>

6      91.    Plaintiffs incorporate the allegations contained in all preceding paragraphs as though

7  fully set forth herein.

8      92.    At all times material herein, Plaintiffs and all other similarly situated individuals in

9  California, Oregon, and Washington were employed by Defendant.

10      93.    During the class period, Defendant willfully failed to pay all wages to Plaintiffs and all

11  other similarly situated individuals in California, Oregon and Washington when due upon termination

12  of their employment.  As to those class members who performed work in California, Plaintiffs and all

13  other similarly situated individuals are entitled to recover up to 30 days of statutory wages for each

14  pay period when wages were not paid when required by California law.  As to those class members

15  who performed work in the State of Oregon, Plaintiffs and all other similarly situated are entitled to

16  recover up to 30 days of continuing penalty wages pursuant to Oregon law.  Those who worked in

17  Washington are due treble damages under Washington law.

18      94.    Plaintiffs and all other similarly situated individuals seek up to 30 days of penalty

19  wages for Oregon violations, up to 30 days of statutory wages for California violations, and treble

20  damages for Washington violations for Defendant's failure to pay all final wages when due, plus

21  costs, pre-judgment and post-judgment interest, disbursements, and attorney fees, pursuant to the

22  laws, rules, or regulations of California, Oregon, or Washington.

23  <center>**EIGHTH CAUSE OF ACTION**</center>

24  <center>**(Breach of Contract)**</center>

25      95.    Plaintiffs incorporate the allegations contained in all preceding paragraphs as though

26  fully set forth herein.

27      96.    At all times material herein, Plaintiffs and other similarly situated individuals in

28  California, Oregon, and Washington were employed by Defendant.

<center>21</center>

1       97.    Plaintiffs and all other similarly situated individuals, Plaintiffs agreed to work for

2  Defendant and Defendant agreed to pay them wages and comply with the respective states' laws as

3  basic terms of the employment contract.    Plaintiffs performed their obligations under such contracts

4  which entitled them to seek enforcement of the contract.  As alleged herein and within the applicable

5  statutes of limitations in respect to the enforcement of contracts, Defendant breached this agreement

6  by failing to provide appropriate duty-free rest periods, failing to provide uninterrupted meal periods,

7  failing to pay wages, including the promised rate of pay, minimum wages, and overtime wages, and/or

8  failing to pay wages when due, pursuant to the FLSA and the laws, rules, or regulations of California,

9  Oregon, or Washington.

10      98.    Within the applicable time period prior to the filing of this complaint up through and

11  including the present date through adjudication, Defendant's conduct as alleged herein has injured

12  Plaintiffs and other similarly situated individuals by depriving them of the benefit of their bargain:

13  i.e., all wages due as a result of their employment.  Plaintiffs and all other similarly situated

14  individuals are entitled to damages in the form of unpaid wages for Defendant's breach of contract as

15  provided by applicable laws of California, Oregon and Washington.

16      99.    Defendant also breached the duty of good faith and fair dealing by making policies and

17  using practices and procedures which resulted in its failure to pay its employees all wages when due

18  under the contract.

19      100.   Plaintiffs and all other similarly situated individuals seek payment of wages, including

20  the promised rate of wages, minimum wage, and overtime, for the work performed by Plaintiffs and

21  all other similarly situated individuals, all as set forth above.  Plaintiffs also seek the payment of

22  costs, and pre-judgment and post-judgment interest, pursuant to the laws, rules or regulations of

23  California, Oregon or Washington.

### NINTH CAUSE OF ACTION

### (Conversion of Wages)

26      101.   Plaintiffs incorporate the allegations contained in all preceding paragraphs above as

27  though fully set forth herein.

28      102.   At all times material herein, Plaintiffs and all others similarly situated in California,

1    Oregon, and Washington were employed by Defendant.

2        103.    During the class period, Defendant failed to pay Plaintiffs and all other similarly

3    situated individuals for those appropriate rest periods and/or meal periods that Defendant was

4    required to provide, failed to pay all wages, including the truncated wages, minimum wages, and

5    overtime wages, as required by Defendant's representations, the FLSA, and the laws of California,

6    Oregon and Washington. Defendant failed to pay wages for all hours worked. Defendant also failed

7    to pay all those wages when due at the termination of employment. Defendant owes monies to

8    Plaintiffs and all other similarly situated individuals for failing to pay wages, and failure to pay wages

9    when due, all as set forth above.

10        104.    At the time Plaintiffs and all others similarly situated provided labor to Defendant,

11    wages became due and payable to Plaintiffs and all others similarly situated for that labor. At the

12    termination of the employments of Plaintiffs and all other similarly situated individuals, their wages

13    were due and owing and they were to be paid within the time allowed by the laws of California,

14    Oregon and Washington.

15        105.    The unpaid wages, statutory wages, and penalty wages were and are the property of

16    Plaintiffs and all other similarly situated individuals and Plaintiffs and all other similarly situated

17    individuals have the present right to possess their property. By failing to pay earned wages, statutory

18    wages, and penalty wages when due, Defendant intentionally and wrongfully obtained and held the

19    wages earned by Plaintiffs and all others similarly situated.

20        106.    Plaintiffs and all other similarly situated individuals did not consent to Defendant's

21    conversion of their property and Plaintiffs and all other similarly situated individuals were injured by

22    Defendant's conversion of the same. Defendant's conversion of the property of Plaintiffs and all

23    other similarly situated individuals was a substantial factor in causing the injury to Plaintiffs.

24        107.    The wages, minimum wages, overtime wages, truncated wages, statutory wages, and

25    penalty wages all remain due and unpaid and are the property of Plaintiffs and all other similarly

26    situated individuals. The wages set forth above remain in the hands of the Defendant. Plaintiffs and

27    all other similarly situated individuals seek the value of the property (unpaid wages, truncated wages,

28    minimum wages, overtime wages, statutory wages, and penalty wages) at the time of the conversion,

Class Action Complaint

1   pre-judgment interest from that time, and fair compensation for the time and money properly

2   expended in pursuit of the property pursuant to the laws of California, Oregon, and Washington, plus

3   punitive damages for Defendant's intentional act of converting the property of Plaintiffs and other

4   similarly situated individuals.  See e.g. Cal. Civ. Code § 3294.

**TENTH CAUSE OF ACTION**

**(Failure to Provide Accurate Itemized Wage Statements; Cal. Lab. Code § 226)**

7       108.    Plaintiffs incorporate the allegations contained in all preceding paragraphs as though

8   fully set forth herein.

9       109.    At all times material herein, Plaintiffs and all other similarly situated individuals were

10  employed by Defendant.

11      110.    Defendant is required to comply with California wage and hour laws for its California

12  employees.  Defendant is required to provide accurate itemized wage statements for each pay period

13  to Plaintiffs and all other similarly situated individuals pursuant to California laws including, but not

14  limited to, Cal. Lab. Code §226.

15      111.    Defendant failed to provide accurate itemized wage statements to Plaintiffs and all

16  other similarly situated individuals who performed work in the State of California, whereby Plaintiffs

17  and all other similarly situated individuals were harmed.

18      112.    Plaintiffs seek payment of statutory damages pursuant to Cal. Lab. Code § 226(e) for

19  each employee who did not receive accurate itemized wage statements during their employment with

20  Defendant.  Plaintiffs also seek the payment of costs, interest, and attorney fees, pursuant to Cal. Lab.

21  Code §§ 218.5 and 218.6.

**ELEVENTH CAUSE OF ACTION**

**(Unfair Competition: Cal. Bus. & Prof. Code § 17200 *et seq.*)**

24      113.    Plaintiffs incorporate the allegations contained in all preceding paragraphs as though

25  fully set forth herein.

26      114.    At all times material herein, Plaintiffs and all other similarly situated individuals were

27  employed by Defendant.

28      115.    Within the applicable time period prior to the filing of this complaint through and

---

24                                                          Class Action Complaint

1    including the present date through adjudication, Defendant failed to comply with the wage and hour

2    provisions of the State of California and the FLSA, as set forth herein.

3        116.    Plaintiffs, individually and on behalf of the general public, allege that at all relevant

4    times Defendant's actions including, but not limited to, its violations of California law, California

5    Labor Codes, and the FLSA, as set forth above, constitute a continuing and ongoing unfair and

6    unlawful activity prohibited by Cal. Bus. & Prof. Code § 17200 *et seq.*, and justify restitution and/or

7    injunctive relief.  The unlawful business practices of Defendant are likely to continue, mislead the

8    public (that employees are being provided appropriate duty-free rest periods, are being provided

9    uninterrupted meal periods, are being paid all wages, including the promised rate of wages, minimum

10   wage, and overtime, and are being timely paid), and shall present a continuing threat to the public.

11   Defendant's actions of avoiding compliance with conditions of labor and wage obligations and

12   expenses are an unfair business practice.  These violations constitute a threat and unfair business

13   policy.  Plaintiffs have suffered injury in fact and have lost money or property as a result of such

14   unfair competition.  The Court is authorized to order restitution and/or an injunction as a remedy for

15   any violations of Cal. Bus. & Prof. Code § 17200 *et seq.*  Plaintiffs allege that Defendant violated

16   California Labor Code statutes.

17       117.    Defendant has engaged in unfair business practices in California by utilizing the illegal

18   employment practices outlined above including, but not limited to, failing to provide Plaintiffs

19   appropriate duty-free rest periods, failing to provide uninterrupted meal periods, failing to pay wages,

20   minimum wages, and overtime wages, and failing to compensate for sums due for labor, fees, and

21   penalties.  Defendant's use of such practices constitutes an unfair business practice and unfair

22   competition, and provides an unfair advantage over Defendant's competitors.  Plaintiffs seek full

23   restitution of said monies from Defendant, as necessary and according to proof, to restore any and all

24   monies withheld, acquired, or converted by Defendant by means of the unfair practices complained of

25   herein.

26       118.    Plaintiffs allege that, at all relevant times, Defendant engaged in unlawful, deceptive,

27   and unfair business practices prohibited by Cal. Bus. & Prof. Code § 17200 *et seq.* including those set

28   forth in the paragraphs above, thereby depriving Plaintiffs and the public of the minimum working

25

1   conditions and standards due them under California Labor Code and IWC Wage Orders.

2       119.    Private Attorneys General Act of 2004 (PAGA Damages):  Pursuant to the Private

3   Attorneys General Act of 2004, Cal. Lab. Code § 2698 *et seq.*, Plaintiffs have given notice to

4   Defendant and to the California Labor and Workforce Development Agency of Defendant's violations

5   of Cal. Lab. Code §§ 201, 202, 203, 226(a), 226.7, 510, 512, 1194, and 1197.  After the notice period

6   provided in Cal. Lab. Code § 2699.3, Plaintiffs intend to amend this complaint to include civil

7   penalties provided for in California law including, but not limited to, Cal. Lab. Code §§ 226.3, 558,

8   1197.1, and 2699.

9   <div align="center">**PRAYER FOR RELIEF**</div>

10       WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

11       1.    For all unpaid wages, including but not limited to regular wages, overtime wages

12   and/or premium pay wages, and minimum wages, pursuant to the FLSA, California, Oregon and/or

13   Washington laws in amounts to be determined at the time of trial;

14       2.    For all wages, liquidated damages, statutory wages, waiting time wages, penalty

15   wages, treble damages, and any other economic damages as provided by the FLSA, California,

16   Oregon and/or Washington laws for failure to pay all wages when due;

17       3.    For wages, minimum wages, overtime wages and liquidated damages under the FLSA.

18   29 U.S.C. §§ 206, 207, and 216(b) for the period of three years prior to the filing of this action based

19   upon Defendant's intentional and willful failure to pay wages, minimum wages and overtime wages.

20   29 U.S.C. § § 206, 207, 216(b), and 255;

21       4.    For statutory wages and damages pursuant to California law including, but not limited

22   to, Cal. Lab. Code §§ 203, 226, 226.7, and 510, for Defendant's failure to pay all wages, failure to pay

23   failure to pay minimum wages, failure to pay overtime wages, failure to pay final wages when

24   required by law, failure to provide employees with accurate itemized wage statements, and failure to

25   provide rest periods and meal periods or compensation in lieu thereof;

26       5.    For wages and penalty wages pursuant to Oregon law including but not limited to: Or.

27   Rev. Stat. §§ 652.140, 652.150, 653.010, 653.025, 653.261, and 653.0555, for Defendant's failure to

28   pay all wages, failure to pay minimum wages, failure to pay overtime wages, failure to pay final

1   wages when required by law, and failure to provide rest periods and meal periods or compensation in

2   lieu thereof;

3         6.     For wages and liquidated damages for Defendant's failure to pay all wages, minimum

4   wages, and overtime wages, and for failure to provide rest periods and meal periods pursuant to

5   Washington law, including but not limited to Wash. Rev. Code §§ 49.46.020, 49.46.130, and Chapter

6   49.12; WAC 296-136-092; and *Wingert v. Yellow Freight*, 146 Wn.2d 841 (2002), and for wages and

7   treble damages for Defendant's failure to timely pay all wages when due upon the ending of the

8   employment relationship pursuant to Wash. Rev. Code § 49.48.010;

9         7.     Pursuant to Cal. Bus. & Prof. Code § 17203, that Defendant be preliminarily and

10   permanently enjoined from: a) failing to provide employees mandatory duty-free rest periods, b)

11   failing to provide employees mandatory uninterrupted meal periods; c) permitting and unlawfully

12   allowing employees to work hours instead of providing appropriate rest periods and meal periods, and

13   not paying civil statutory wages; d) permitting and unlawfully allowing employees to work hours

14   instead of receiving appropriate rest periods and meal periods without compensating the employees;

15   e) failing to pay employees all wages, including minimum wage and overtime; f) failing to provide

16   employees with accurate itemized wage statements; and g) failing to pay employees all wages due

17   upon termination of employment within the time proscribed by law;

18         8.     Pursuant to Cal. Bus. & Prof. Code §17203 and the equitable powers of this Court, that

19   Defendant be ordered to restore to Plaintiffs all funds acquired by means of any act or practice

20   declared by this Court to be unlawful or fraudulent or to constitute unfair competition under Bus. &

21   Prof. Code §17200 *et seq.*;

22         9.     As restitution, disgorgement of wages and related sums, statutory wages, attorney fees,

23   and all other remedies available pursuant to Cal. Bus. & Prof. Code § 17200 *et seq.*;

24        10.    For costs and disbursements, pre-judgment and post-judgment interest at the respective

25   rates set by the states and for costs of litigation and attorney fees pursuant to the FLSA, California and

26   Oregon laws;

27        11.    For payment of wages converted under California, Oregon and Washington laws,

28   together with pre-judgment and post-judgment interest thereon, plus costs, plus attorney fees;

Class Action Complaint

1        12.    For punitive damages under California, Oregon and Washington laws for Defendant

2    conversion of wages; and

3        13.    For such further or alternative relief in favor of Plaintiffs and all class members as the

4    Court deems appropriate.

5    Dated: April __4__, 2007                    Bailey Pinney, PC

6

7

8    By

          Shelby L. Clark
9         Attorney for Plaintiffs Ann Ross, Dennis Ramos,
          Maurita Prasad, and Kelly Smith

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Class Action Complaint