Exh 4



1  **Bailey, Pinney PC**
   **Shelby Clark**, Cal. Bar No. 203606
2  **Lisa Sloman**, Cal. Bar No. 244225
   1498 SE Tech Center Place, Suite 290
3  Vancouver, Washington 98683
   Telephone: (360) 567-2551,
4  Fax: (360) 567-3331
   SClark@wagelawyer.com
5
6  Attorneys for Plaintiffs
   Ann Ross, Dennis Ramos,
7  Maurita Prasad, and Kelly Smith

8
   F I L E D
   ALAMEDA COUNTY

   APR 26 2007

   CLERK OF THE SUPERIOR COURT
   By _____
                          Deputy

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF ALAMEDA

11  Ann Ross, Dennis Ramos, Maurita Prasad,
    and Kelly Smith, individually and on behalf
12  of all others similarly situated,

13                        Plaintiffs,

14  vs.

15  US Bank National Association, dba US
    Bank, and DOES One through TWENTY-
16  FIVE inclusive,
                          Defendant.

Case No. RG07319452

**FIRST AMENDED CLASS ACTION COMPLAINT**

1. Failure to Pay Wages;
2. Failure to Pay Minimum Wages;
3. Failure to Pay Overtime Wages (Hourly);
4. Failure to Pay Overtime Wages (Misclassification as Exempt);
5. Improper Wage Deduction;
6. Failure to Provide Rest Periods;
7. Failure to Provide Meal Periods;
8. Failure to Timely Pay Wages (Late Pay);
9. Breach of Contract;
10. Conversion;
11. Failure to Provide Accurate Itemized Wage Statements;
12. Unfair Competition Law: Cal. Bus. & Prof. Code § 17200.

[Pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C.§§ 201-219, and the laws of the states of California, Oregon and Washington]

**DEMAND FOR JURY TRIAL**

26      Plaintiffs, individually and on behalf of all other similarly situated, bring this complaint stating

27  a class action and a collective action against Defendant, US Bank National Association and allege the

28  following upon information and belief. Those allegations concerning Plaintiffs are alleged upon

    personal knowledge.

First Amended Class Action Complaint – Case No. RG07319452

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INTRODUCTION

1.    Plaintiffs, individually and on behalf of all other similarly situated individuals, file this action to recover wages, minimum wages, overtime wages, statutory wages, penalty wages, and liquidated damages, for present and former employees of Defendant for its actions in failing to pay all wages due and owing, including minimum wages, overtime wages, and contract wages; making improper wage deductions; failing to provide appropriate duty-free rest periods; failing to provide appropriate uninterrupted meal periods; failing to provide accurate itemized wage statements; and failing to timely pay wages when due at the termination of employment.  Throughout this Complaint, "similarly situated individuals" refers to current and former hourly employees of Defendant in the states of California, Oregon, and Washington, including without limitation Sales and Service Managers ("SSMs") in the states of Oregon and Washington who were mis-classified as "exempt" employees.

2.    Defendant, US Bank National Association, d.b.a. US Bank (hereinafter "US Bank") is a national association bank. US Bank is the sixth largest commercial bank in the United States.

3.    US Bank operates 2,472 banking offices in 24 states, including California, Oregon, and Washington.  US Bank conducts financial business in all 50 states.

4.    US Bank is a subsidiary of U.S. Bancorp, a diversified financial holding company which had total assets of $219 billion at year-end 2006 and serves more than 14.2 million customers.

5.    Plaintiff Ann Ross was an hourly employee of Defendant and worked for Defendant in Redondo Beach/Gardenia, California from approximately September 2005 to May 2006.  Ms. Ross was deprived of approximately six uninterrupted rest periods per week to which she was entitled. Ms. Ross was not paid for all wages earned.  Ms. Ross provided at least 72 hours notice of her intention to quit, yet did not receive her final pay on her last day of employment.  Defendant did not timely pay Ms. Ross her last paycheck pursuant to California law.

6.    Plaintiff Maurita Prasad was an hourly employee of Defendant from December 8, 2003, to January 17, 2005.  Ms. Prasad worked for Defendant in Pleasant Hill, California.  Ms. Prasad regularly did not receive duty-free rest periods and regularly did not receive uninterrupted meal periods. Ms. Prasad was not paid all her wages for time worked.  Defendant terminated Ms. Prasad's

1  employment, yet failed to timely pay her final wages on her last day of employment, as required by

2  California law.

3         7.    Plaintiff Dennis Ramos was an hourly employee of Defendant and worked for

4  Defendant in Portland, Oregon. Mr. Ramos was hired in 2000 and was terminated by Defendant in

5  December 2005. Defendant failed to pay for all hours Mr. Ramos worked. Mr. Ramos regularly

6  received no rest periods. Defendant failed to pay Mr. Ramos the statutory minimum wage for all hours

7  worked. Defendant failed to pay Mr. Ramos 1 ½ times his regular hourly rate for the hours he worked

8  in excess of 40 hours for a single workweek. Defendant improperly and without written authorization

9  made deductions from Mr. Ramos's wages under the heading "Lost Time" or "LST" (hereafter jointly

10  referred to as "Lost Time"). Defendant failed to pay Mr. Ramos all wages when due upon termination,

11  as required by Oregon law.

12         8.    Plaintiff Kelly Smith worked for Defendant in Seaside, Oregon. Ms. Smith was hired as

13  an hourly employee in 1997 and continued to work for Defendant through 2006. Ms. Smith regularly

14  did not receive uninterrupted rest periods from August 2004 to August 2005. Ms. Smith rarely

15  received a duty-free uninterrupted meal period. During the relevant statutory period, representative

16  Plaintiff Kelly Smith ("Plaintiff Smith") was employed in the position of Sales and Service Manager

17  ("SSM") by Defendant in Oregon. Defendant mis-classified Plaintiff Smith as an exempt employee

18  while she held the SSM position. During this same time period when Plaintiff Smith worked as an

19  SSM, she was paid on a salary basis and regularly worked more than 40 hours in a single workweek.

20  Defendant failed to pay Ms. Smith 1 ½ times her regular hourly rate for the hours she worked in excess

21  of 40 hours for a single workweek when she was employed in the SSM position. Defendant improperly

22  and without written authorization made "Lost Time" deductions from Ms. Smith's wages. Defendant

23  failed to provide Ms. Smith with the required duty-free rest periods. Defendant regularly failed to

24  provide Ms. Smith with uninterrupted meal periods. Defendant failed to pay Ms. Smith for all her

25  hours worked and further failed to pay all her wages when due upon termination, as required by

26  Oregon law.

27         9.    Plaintiffs seek to represent other similarly situated individuals through this multi-state

28  class action and collective action in the State of California for class members who worked for

1  Defendant in California, Oregon and Washington. The claims seek wages, damages, penalty wages,

2  statutory wages, liquidated damages, costs and attorney fees for Defendant's failure to pay all wages,

3  overtime wages, minimum wages, and wages when due upon termination, and for failing to provide

4  duty-free rest periods, and for failing to provide uninterrupted meal periods, all as required by the laws

5  of the states of California, Oregon and Washington and pursuant to the Fair Labor Standards Act of

6  1938, 29 U.S.C. §§ 201-219 ("FLSA").

## JURISDICTION & VENUE

8      10.    The jurisdiction of this Court arises under Code of Civil Procedures § 410.10 because

9  Defendant conducts business in the State of California. This Court has subject matter jurisdiction over

10  this Class and the representative action pursuant to California Business & Professions Code § 17200 *et*

11  *seq.*, California Code of Civil Procedure § 382, and other provisions of the California Codes, as well

12  as 29 U.S.C. § 216(b).

13      11.    Venue is proper in Alameda County pursuant to Code of Civil Procedure § 395 and Cal.

14  Bus. & Prof. Codes §§ 17202 and 17203 because US Bank is an out-of-state association and conducts

15  substantial business within this county.

## PARTIES

17      12.    At all material times, Plaintiffs and all other similarly situated individuals were and are

18  current and former employees of Defendant in California, Oregon and/or Washington. Defendant is

19  subject to the wage and hour provisions of the FLSA and the wage and hour laws of California,

20  Oregon, and Washington.

21      13.    Defendant is a national banking association organized and existing under the National

22  Bank Act with its Articles of Association designating Cincinnati, Ohio as the place of Defendant's

23  main office. Defendant also maintains corporate headquarters in Minneapolis, Minnesota. Defendant,

24  at all material times herein, was and is doing business as "US Bank" in the states of California,

25  Oregon, and Washington.

26      14.    At the time of filing this complaint, Plaintiffs Prasad and Ross are individuals who

27  reside in and are citizens of the State of California.

28      15.    At the time of filing this complaint, Plaintiffs Ramos and Smith are individuals who

1    reside in and are citizens of the State of Oregon.

2                    **FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

3        16.     Representative Plaintiffs, Ann Ross, Dennis Ramos, Maurita Prasad, and Kelly Smith,

4    were employed by Defendant. Ross and Prasad worked in California, and Ramos and Smith worked in

5    Oregon. Plaintiffs and other similarly situated individuals performed the services required of them by

6    Defendant during their employment.

7        17.     During Plaintiffs' employment, Defendant did not provide appropriate duty-free rest

8    periods, nor did Defendant provide uninterrupted meal periods, nor did Defendant pay all wages for all

9    work performed, nor did Defendant pay applicable minimum wages, nor did Defendant provided

10   accurate itemized wage statements, nor did Defendant pay overtime and/or "premium" wages when

11   required by law, nor did Defendant pay all wages when due. During Plaintiffs' employment,

12   Defendant made unauthorized Lost Time deductions from Plaintiffs' wages.

13       18.     US Bank exercises centralized control over all of its employees who work in California,

14   Oregon, and Washington from its headquarters located in Minneapolis, Minnesota.

15       19.     Defendant has a centralized payroll department that oversees all payroll for US Bank

16   for all of its locations throughout the United States including California, Oregon, and Washington.

17       20.     US Bank centrally controls staffing in California, Oregon, and Washington. US Bank

18   regularly causes, suffers and permits its employees to work without the benefit of rest periods, or to

19   take their rest periods untimely. US Bank regularly causes, suffers and permits its employees to be

20   interrupted during their lunch periods, or to work without the benefit of lunch periods.

21       21.     US Bank records the hours and minutes worked by its employees each day then

22   converts the daily time worked to tenths of an hour. Defendant has an express policy and/or practice

23   of truncating down the actual time worked by each hourly employee to the next lowest tenth of an

24   hour. This policy consistently under-recorded the actual "Daily Total" time worked by hourly

25   employees, and resulted in the nonpayment of wages, except when an hourly employee's actual time

26   worked was precisely divisible by one tenth of an hour. Attached hereto as Exhibit A is a copy of a US

27   Bank "Sample Weekly Time Report," with a "conversion chart" showing and explaining that time

28   worked is to be rounded back to the earlier tenth of an hour.

22.     On July 18, 2006, in sworn deposition testimony, Tom Christon, who was then responsible for US Bank's nationwide payroll and "human resources information system" testified that US Bank had since at least 2002 used a time sheet such as the one shown in Exhibit A, with such a conversion chart. He further testified that "the new time sheet would have been placed on the company intranet for use by managers and distribution to the employees in their areas." Mr. Christon further testified that at the time of his testimony US Bank was using, and had used since 2004, an automated electronic form that has the same effect as the "conversion chart" shown in Exhibit A. That electronic form "would have application to all states" with the possible exception of California, but specifically including Oregon. Mr. Christon said, "after the math has been done using minutes and seconds, then the rounding takes place for the total. . . . Q: The totals that are represented on the total hours worked are where the Excel spreadsheet does the rounding; isn't that correct? A: I believe so." Later in his testimony Mr. Christon was asked, "if the employee works from 8:00 in the morning till 12:11 that same morning [sic], that's 4 hours and 11 minutes. Do you agree? A: That is 4 hours and 11 minutes. . . . Q: You would only pay them till 12.1, is that correct, under you interpretation of the application of the time sheet? A: Yes. Q: Which is . . . 4 hours and 6 minutes? A: Yes."

23.     Defendant made Lost Time deductions from Plaintiffs' wages for its own benefit, without written authorization, and Defendant retained all Lost Time monies, in violation of the FLSA and of the laws of California and Oregon.

24.     Defendant failed to pay all wages for appropriate duty-free rest periods that Defendant was required to provide Plaintiffs and class members under the states' laws, and further failed to include the rest periods as wages when calculating wages due under the FLSA and the laws of California, Oregon, and Washington.

25.     Defendant failed to pay all wages for appropriate uninterrupted meal periods that Defendant was required to provide Plaintiffs and class members under the states' laws, and further failed to include the meal periods as wages when calculating wages due under the FLSA and the laws of California, Oregon, and Washington.

26.     Defendant failed to pay all wages for all hours worked, including regular wages, overtime wages, and minimum wages as required by the FLSA and the state laws, regulations, and

1  rules of California, Oregon and Washington.

2      27.    Defendant required, suffered, and permitted Plaintiffs and all other similarly situated

3  individuals to work hours for which Defendant did not compensate them at the minimum rate of pay

4  for all hours worked.  In so doing, Defendant violated the requirements of the FLSA and the laws and

5  regulations of California, Oregon and Washington.  Consequently, Defendant owes Plaintiffs and all

6  Defendant's employees who are similarly situated, regular wages, overtime wages, and minimum

7  wages, plus liquidated damages under the FLSA; plus, under Oregon law, penalty wages to Oregon

8  Plaintiffs and all similarly situated Oregon employees; plus, under California law, liquidated damages

9  and statutory wages to California Plaintiffs and similarly situated California employees; plus, under

10 Washington law, liquidated damages to similarly situated Washington  employees.

11     28.    Defendant required, suffered and permitted Plaintiffs and all other similarly situated

12 employees to work hours in excess of 40 hours per week and, in California, in excess of 8 hours per

13 day, for which Defendant did not compensate those employees at the overtime premium rate (1-½

14 times their regular hourly rate) for those overtime hours worked.  In so doing, Defendant violated the

15 requirements of the FLSA and of California, Oregon, and Washington laws, rules, and regulations.

16 Consequently, Defendant owes Plaintiffs and all other similarly situated employees overtime wages,

17 liquidated damages, statutory penalties and penalty wages all as provided by the FLSA and the laws

18 and regulations of the states of California, Oregon, and Washington.

19     29.    Pursuant to California law, Defendant is required to provide accurate itemized wage

20 statements for each pay period to Plaintiffs and all other similarly situated California employees.  Cal.

21 Lab. Code § 226.  Defendant failed to provide accurate itemized wage statements to California

22 Plaintiffs Ross and Prasad and all other similarly situated individuals.  Because Defendant failed to

23 provide accurate itemized wage statements, Defendant owes statutory damages to California Plaintiffs

24 Ross and Prasad and all other similarly situated California employees, as well as costs, interest, and

25 attorney fees.

26     30.    Defendant's conduct in failing to provide appropriate rest periods and/or meal periods;

27 failing to pay all wages, including minimum wages and overtime wages; making unauthorized Lost

28 Time deductions; failing to provide accurate itemized wage statements; and failing to pay all wages

1    due and earned upon termination of employment; pursuant to the laws of California, Oregon, and

2    Washington, was willful.

3        31.    Defendant's conduct in failing to pay all minimum wages and overtime wages as

4    required under the FLSA, and in making Lost Time deductions as forbidden by the FLSA, was willful.

5        32.    Defendant entered into a contract with Plaintiffs and all other similarly situated

6    individuals whereby Plaintiffs agreed to work for Defendant and Defendant agreed to pay all wages to

7    Plaintiffs and similarly situated individuals and further agreed to comply with the FLSA and the wage

8    and hour laws of the states of California, Oregon, and Washington. Defendant breached this contract

9    when Defendant failed to pay all wages for time worked, made Lost Time deductions without written

10   authorization, failed to provide and/or pay for appropriate duty-free rest periods, failed to provide

11   and/or pay for appropriate uninterrupted meal periods, failed to pay all wages, including minimum

12   wages and overtime wages, and failed to timely pay wages at the termination of employment. In so

13   doing, Defendant caused harm to Plaintiffs and all other similarly situated individuals. As a result,

14   Plaintiffs and all other similarly situated individuals are owed wages and damages.

15       33.    Defendant failed to make timely payment of all wages due when required by the laws of

16   California, Oregon, and Washington, when employment with Defendant ended for Plaintiffs and all

17   other similarly situated individuals.

18       34.    Because Defendant failed to pay Plaintiffs and all other similarly situated individuals

19   for all regular wages, minimum wages, and overtime wages, and made unauthorized Lost Time

20   deductions, and failed to pay all wages when initially due and when due at termination, Defendant was

21   unjustly enriched. Defendant requested by words and/or conduct that Plaintiffs and all other similarly

22   situated individuals provide services for Defendant. Plaintiffs and all other similarly situated

23   individuals benefitted Defendant by providing services to Defendant. Plaintiffs and all other similarly

24   situated individuals performed services as Defendant requested. Defendant did not pay for the services

25   that Plaintiffs and all other similarly situated individuals performed. As a result, Plaintiffs and all

26   other similarly situated individuals are entitled to unpaid wages, truncated wages, minimum wages,

27   overtime wages; statutory wages, penalty wages, interest from the time of the conversion; punitive

28   damages; and fair compensation for the time and money properly expended in pursuit of the property.

1      35.    Defendant's actions and conduct, detailed herein, were part of a multi-state and/or

2  nationwide corporate conduct, practice, process, procedure, and plan, which affected employees who

3  worked for Defendant in the states of California, Oregon, and Washington. As a direct and proximate

4  result of Defendant's unlawful companywide conduct, Plaintiffs (1) were suffered, permitted and/or

5  required to work through mandatory rest periods which were required to be provided by the laws of the

6  states of California, Oregon and Washington, and were not paid the wages due for the unprovided rest

7  periods, (2) were suffered, permitted and/or required to work through mandatory meal periods which

8  were required to be provided by the laws of the states of California, Oregon and Washington, and were

9  not paid the wages due for the unprovided meal periods, (3) were not paid all wages for time worked,

10  including but not limited to minimum wage and overtime, (4) were deprived of wages through

11  unauthorized Lost Time deductions, (5) were not provided accurate itemized wage statements, (6) were

12  not paid wages when due, and (7) were victimized by Defendant's policies and practices set forth

13  herein. Plaintiffs and all other similarly situated individuals are entitled to recover monies for the

14  unprovided rest periods and interrupted meal periods including, but not limited to, wages, statutory

15  wages, minimum wages,"overtime" and/or "premium" wages, and penalty wages, as provided by the

16  FLSA and the laws, rules, and regulations of the states of California, Oregon, and Washington.

17  Plaintiffs and all other similarly situated individuals are additionally entitled to recover reasonable

18  attorney fees, costs, and interest.

19                  **CLASS ACTION ALLEGATIONS**

20      36.    Plaintiffs bring this action on behalf of themselves and all other similarly situated

21  individuals, both in a representative capacity and as a class action pursuant to California Code of Civil

22  Procedure section 382, and as a collection action pursuant to the Fair Labor Standards Act of 1938, 29

23  U.S.C. section 216(b). Plaintiffs seek to represent the following classes:

24           a.      All California, Oregon, and Washington US Bank employees and former

25                employees who were not fully and timely compensated for all hours worked;

26                and

27           b.      All California, Oregon, and Washington US Bank employees and former

28                employees whom Defendant owes statutory remedies for labor code violations.

1   37. This action has been brought and may properly be maintained as a class action pursuant

2 to the provisions of the California Code of Civil Procedure Section 382.

3   38. This action has been brought and may properly be maintained as a collective action

4 pursuant to the provisions of the FLSA.

5   39. **NUMEROSITY OF THE CLASS** – Code of Civ. Proc. § 382: Members of the Class

6 are so numerous that their individual joinder is impracticable.  The precise number of members of the

7 Class and their addresses is unknown to the Plaintiffs.  Plaintiffs estimate the Class exceeds 10,000

8 persons. The precise number of persons in the Class and their identities and addresses can be

9 ascertained from Defendant's records.  Members of the Class may be notified of the pendency of this

10 action by mail.  This number may increase depending upon the turnover rate of employees during the

11 applicable statutory period prior to the filing of this complaint.

12   40. **EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF FACT**

13 **AND LAW** – Code of Civ. Proc. § 382: Common questions of law and fact exist as to all members of

14 the Class. These questions predominate over the questions affecting only individual members of the

15 Class.  These common legal and factual questions include:

16    A. Whether Defendant paid all wages earned when due;

17    B. Whether Defendant provided Plaintiffs and class members with duty-free rest

18     periods as required;

19    C. Whether Defendant provided Plaintiffs and class members with uninterrupted

20     meal periods as required;

21    D. Whether Plaintiffs and class members were paid all minimum wages for time

22     worked;

23    E. Whether US Bank unlawfully withheld money for "Lost Time" from Plaintiffs'

24     and class members' wages;

25    F. Whether US Bank obtained authorization from its employees for the "Lost

26     Time" withholdings;

27    G. Whether US Bank could lawfully withhold funds from its employees' wages;

28    H. Whether Plaintiffs and class members were paid overtime/premium wages for

1    time worked over 40 hours per week or (in California) over 8 hours per day;

2    I.    Whether Defendant paid Plaintiffs and class members all wages when due after

3    their employment ended;

4    J.    Whether Defendant entered into a contract with Plaintiffs and class members;

5    K.    Whether Defendant was unjustly enriched by services provided to Defendant by

6    Plaintiffs and class members;

7    L.    Whether Defendant converted property belonging to Plaintiffs and class

8    members; and

9    M.    Whether Defendant provided California Plaintiffs and class members with

10    accurate itemized wage statements as required by California law.

11    41.    **TYPICALITY** – Code Civ. Proc. § 382: Plaintiffs' claims are typical of the claims of

12    the members of the Class because Plaintiffs worked for US Bank and are owed wages and/or damages

13    for Defendant's failure to pay all earned wages, Defendant's failure to provide appropriate duty-free

14    rest periods, Defendant's failure to provide appropriate uninterrupted meal periods, Defendant's failure

15    to pay overtime and/or "premium" wages for hours worked in excess of 40 hours per week or (in

16    California) in excess of 8 hours per day, Defendant's failure to pay minimum wages pursuant to state

17    and federal law, Defendant's failure to timely pay wages upon termination of employment, and (in

18    California) Defendant's failure to provide accurate itemized wage statements. The claims of the named

19    Plaintiffs are typical of the claims of the members of the class in that:

20    A.    At least one named plaintiff is a member of each class and/or subclass;

21    B.    Plaintiffs' claims stem from the same practices or courses of conduct that form

22    the basis of each class;

23    C.    Plaintiffs' claims are based upon the same legal and remedial theories as those

24    of the class and involve similar factual circumstances;

25    D.    There is no antagonism between the interests of the named Plaintiffs and absent

26    class members; and

27    E.    The injuries which Plaintiffs suffered are similar to the injuries which class

28    members have suffered.

42. **ADEQUACY OF PLAINTIFFS' REPRESENTATION** – Code Civ. Proc. § 382: The named Plaintiffs will fairly and adequately represent the class because:

    A.     There is no conflict between Plaintiffs' claims and those of other class and subclass members;

    B.     Plaintiffs have retained counsel who are skilled and experienced in wage and hour cases and in class actions and who will vigorously prosecute this litigation;

    C.     Plaintiffs' claims are typical of the claims of class members; and

    D.     The interests of the members of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

43. **SUPERIORITY** – Code Civ. Proc. § 382: a class action is superior to other available means for the fair and efficient adjudication of the claims of Plaintiffs and members of the Class. The damages suffered by each individual class member may be relatively small, especially given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. Moreover, even if class members themselves could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties. The class action device presents far fewer management difficulties, and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

44. **CERTIFICATION** – of Plaintiffs' claims is appropriate because:

    A.     Common questions of law or fact predominate over questions affecting only individual members;

    B.     The forum is convenient to the parties, class members, and potential witnesses, the class is specifically identifiable to facilitate provision of adequate notice, and there will be no significant problems managing this case as a class action;

    C.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual class members have a minimal interest in controlling the prosecution of separate actions;

45. **DEFINITION OF SUB-CLASSES** – Plaintiffs seek class certification including but

1    not limited to the following potential sub-classes, pursuant to Code Civ. Proc. § 382, and collective

2    action class and sub-classes under 29 U.S.C. § 216(b).

3         A.    **UNPAID WAGES CLASS –** A class exists for the applicable time period

4              prior to the filing of this complaint through final adjudication and/or

5              compromise consisting of Plaintiffs and all other similarly situated individuals

6              who worked hours for Defendant and were not paid at their regular hourly rate

7              for all hours worked as required by the laws, rules, or regulations of California,

8              Oregon, or Washington.

9         B.    **MINIMUM WAGE CLASS –** A class exists for the applicable time period

10             prior to the filing of this complaint through final adjudication and/or

11             compromise consisting of Plaintiffs and all other similarly situated individuals

12             who worked for Defendant and were not paid wages at the minimum wage rate

13             for all hours worked as required by the FLSA and the laws, rules, or regulations

14             of California, Oregon, or Washington.

15        C.    **OVERTIME CLASS (HOURLY) –** A class exists for the applicable time

16             period prior to the filing of this complaint through final adjudication and/or

17             compromise consisting of Plaintiffs and all other similarly situated individuals

18             who worked for Defendant for more than 8 hours in a day in California, or

19             more than 40 hours in a week in California, Oregon, or Washington and were

20             not paid at the applicable premium rate for all hours worked in excess of the

21             statutory maximum hours per day/week as required by the FLSA or the laws,

22             rules, or regulations of California, Oregon, or Washington.

23        D.    **MIS-CLASSIFIED SSM CLASS (OVERTIME) –** A class exists for the

24             applicable time period prior to the filing of this complaint through final

25             adjudication and/or compromise consisting of Plaintiffs and all other similarly

26             situated individuals who worked as SSMs for Defendant for more than 40

27             hours per week in Oregon and/or Washington, were classified and/or treated by

28             Defendant as employees "exempt" from overtime pay under the FLSA, were

1  not in fact exempt, and thereby were deprived of overtime and/or "premium"

2  pay to which they were entitled.

3  E.  **LOST TIME DEDUCTION CLASS** – A class exists for the applicable time

4  period prior to the filing of this complaint through final adjudication and/or

5  compromise consisting of Plaintiffs and all other similarly situated individuals

6  who worked for Defendant in California, Oregon, or Washington and from

7  whom Defendant withheld Lost Time deductions from their wages without

8  their written authorization.

9  F.  **BREACH OF CONTRACT CLASS** – A class exists for the applicable time

10  period prior to the filing of this complaint through final adjudication and/or

11  compromise consisting of Plaintiffs and all other similarly situated individuals

12  who worked for Defendant and were promised, as a condition of employment,

13  that Defendant would comply with both federal and state wage and hour laws

14  including providing and/or paying for appropriate duty-free rest periods,

15  providing and/or paying for uninterrupted meal periods, paying minimum

16  wages, paying overtime wages, and paying all final wages when due at the

17  termination of employment.  Defendant breached the employment contracts by

18  failing to pay all wages, duty-free rest periods and/or rest period wages,

19  uninterrupted meal periods and/or meal period wages, minimum wages,

20  overtime wages and failing to pay all wages when due upon the ending of the

21  employment relationship.  In addition, Defendant by repeatedly failing to meet

22  its obligations under the contracts of employment also breached the duty of

23  good faith and fair dealing that is implicit in every contract.

24  G.  **CONVERSION CLASS** – A class exists for the applicable time period prior

25  to the filing of this complaint through final adjudication and/or compromise

26  consisting of Plaintiffs and all other similarly situated individuals who worked

27  for Defendant and whose monies were converted by Defendant's actions in

28  failing to provide appropriate rest periods and/or meal periods, failing to pay

1    wages, including minimum wages and overtime wages, and failing to timely

2    pay all wages as required by contract and by the laws, rules, or regulations of

3    California, Oregon, or Washington.

4    H.    **LATE PAYMENT/WAITING TIME CLASS** – A class exists for the

5    applicable time period prior to the filing of this complaint through final

6    adjudication and/or compromise consisting of Plaintiffs and all other similarly

7    situated individuals whose employment with Defendant ended and who were

8    not paid all wages when due as required by the laws, rules, or regulations of

9    California, Oregon, or Washington.

10    I.    **UNPAID REST PERIOD STATUTORY CLASS** – A class exists for the

11    applicable time period prior to the filing of this complaint through final

12    adjudication and/or compromise consisting of Plaintiffs and all other similarly

13    situated individuals who worked for Defendant and who Defendant failed to

14    pay all wages, statutory wages, and penalty wages for Defendant's failure to

15    provide appropriate duty-free rest periods as required by the laws, rules, or

16    regulations of California, Oregon, or Washington.

17    J.    **UNPAID MEAL PERIOD STATUTORY CLASS** – A class exists for the

18    applicable time period prior to the filing of this complaint through final

19    adjudication and/or compromise consisting of Plaintiffs and all other similarly

20    situated individuals who worked for Defendant and who Defendant did not pay

21    for all wages, statutory wages, and penalties for interrupted meal periods as

22    required by the laws, rules, or regulations of California, Oregon, or

23    Washington.

24    K.    **ITEMIZED WAGE STATEMENT CLASS** (California only) A class exists

25    for the applicable time period prior to the filing of this complaint through final

26    adjudication and/or compromise consisting of Plaintiffs and all other similarly

27    situated individuals who worked for Defendant and whose wage statements

28    provided by Defendant were inaccurate or not provided as required by

1    California law.

2        L.    **BUSINESS AND PROFESSIONS CLASS** (California only) A class exists

3    for the  applicable time period prior to the filing of this complaint through final

4    adjudication and/or compromise consisting of Plaintiffs and all other similarly

5    situated individuals who worked in the State of California and who worked

6    during mandatory rest periods and/or meal periods, or were not paid wages,

7    including minimum wages, or overtime wages, and/or who did not receive all

8    wages when due as required by California law.

9    **FIRST CAUSE OF ACTION**

10   **(Failure to Pay Wages)**

11       46.    Plaintiffs incorporate the allegations contained in all preceding paragraphs as though

12   fully set forth herein.

13       47.    At all times material herein, Plaintiffs and all other similarly situated individuals were

14   employed by Defendant.

15       48.    During the class period, Defendant failed to pay wages as required by California,

16   Oregon, and Washington laws.

17       49.    During the course of Plaintiffs' and class members' employment, Defendant allowed,

18   suffered, and permitted Plaintiffs and all other similarly situated individuals to perform work for the

19   benefit of Defendant and did not pay wages for the work performed.

20       50.    US Bank recorded the hours and minutes worked by its employees then converted that

21   time worked to tenths of an hour.  Defendant has an express policy, practice, and procedure of

22   truncating down the actual time worked by each hourly employee to the next lower tenth of an hour.

23   This policy consistently reduced the actual time worked by hourly employees, and resulted in the

24   non-payment of wages, except when an hourly employee's actual time worked was precisely divisible

25   by 1/10th of an hour.

26       51.    As a result, Plaintiffs and all other similarly situated individuals are entitled to wages

27   pursuant to California, Oregon, and Washington laws.

28       52.    Defendant's policy, practice, and procedure of rounding time worked to the next lower

1   tenth of an hour was set and implemented by Defendant's centralized payroll department for all

2   employees in California, Oregon, and Washington.

3       53.    Defendant's conduct in failing to pay Plaintiffs and all other similarly situated

4   individuals for all work performed was willful, and there remains due and unpaid wages in amounts

5   to be determined.

6       54.    Plaintiffs, on their own behalf and on behalf of all other similarly situated individuals,

7   seek as damages, wages in an amount to be determined, statutory and penalty wages, pre-judgment

8   and post-judgment interest, attorney fees, and costs, pursuant to the laws, rules, or regulations of

9   California, Oregon, or Washington.

10   **SECOND CAUSE OF ACTION**

11   **(Failure to Pay Minimum Wage)**

12       55.    Plaintiffs incorporate the allegations contained in all preceding paragraphs as though

13   fully set forth herein.

14       56.    At all times material herein, Plaintiff and all other similarly situated individuals were

15   employed by Defendant.

16       57.    During the class period, Defendant failed to pay minimum wages for all hours worked

17   to Plaintiffs and all other similarly situated individuals as required by the FLSA or by the laws, rules,

18   or regulations of California, Oregon, or Washington.

19       58.    During the course of Plaintiffs' and all other similarly situated individuals'

20   employment, Defendant allowed, suffered, and permitted Plaintiffs and all other similarly situated

21   individuals to perform work for the benefit of Defendant.

22       59.    Defendant wrongfully deducted and/or withheld Lost Time wages from Plaintiffs

23   Ramos and Smith and all other similarly situated individuals, causing Plaintiffs Ramos and Smith and

24   all other similarly situated individuals to be paid at less than the then prevailing minimum wage rates

25   when those wages were due.

26       60.    Defendant failed and refused to compensate Plaintiffs and all other similarly situated

27   individuals for all hours of work performed by Plaintiffs and all other similarly situated individuals.

28       61.    Defendant failed and refused to compensate Plaintiffs and all other similarly situated

1   individuals at the then-prevailing hourly rate of pay for each and all hours worked.

2       62.    As a result, Plaintiffs and all other similarly situated individuals are entitled to

3   minimum wages pursuant to the FLSA and the laws, rules, or regulations of California, Oregon or

4   Washington.

5       63.    Defendant's conduct in failing to pay Plaintiffs and all other similarly situated

6   individuals for each and all hours worked at the then prevailing minimum wage rates was willful, and

7   there remains due and unpaid minimum wages in amounts to be determined.

8       64.    Plaintiffs, on their own behalf and on behalf of all other similarly situated individuals,

9   seek damages for failure to pay minimum wages for each and all hours worked; liquidated damages

10   under the FLSA; liquidated damages pursuant to California and Washington law; and 30 days of

11   penalty wages pursuant to Oregon law, plus pre-judgment and post-judgment interest on all damage

12   amounts, plus costs and attorney fees.

13                                **THIRD CAUSE OF ACTION**

14                          **(Failure To Pay Overtime, Hourly Employees)**

15       65.    Plaintiffs incorporate the allegations contained in all preceding paragraphs as though

16   fully set forth herein.

17       66.    Plaintiffs and all other similarly situated individuals were employed by Defendant and

18   paid on an hourly basis at some material time during their employment by Defendant.

19       67.    Defendant failed and refused to compensate Plaintiffs and all similarly situated

20   individuals for all hours worked over 40 hours per week, or in California all hours worked over 8

21   hours per day, at the rate of 1-½ times their regular hourly rate of pay.

22       68.    During the class period, Defendant failed to pay overtime wages and premium wages

23   to Plaintiffs and all other similarly situated individuals as required by the FLSA and the laws, rules, or

24   regulations of California, Oregon or Washington.

25       69.    As a result of Defendant's conduct of allowing, suffering, and permitting Plaintiffs and

26   all other similarly situated individuals to perform work over 40 hours per week, or in California over

27   8 hours per day, for the benefit of Defendant for which Defendant did not pay at the overtime rate,

28   Plaintiffs and all other similarly situated individuals are entitled to unpaid overtime wages pursuant to

1    the FLSA and the laws, rules, or regulations of California, Oregon or Washington.

2        70.    Defendant's conduct in failing to pay overtime premium wages as alleged herein was

3    willful, and there remain due and unpaid overtime wages in amounts to be determined.

4        71.    Plaintiffs, on their own behalf and on behalf of all other similarly situated individuals,

5    seek damages in the form of wages and premium wages for Defendant's failure to pay overtime

6    wages in amounts to be determined.  In addition, Plaintiffs and others similarly situated seek

7    liquidated damages under the FLSA; liquidated damages and statutory wages pursuant to California

8    law; treble damages pursuant to Washington law; and 30 days of penalty wages pursuant to Oregon

9    law; plus pre-judgment and post-judgment interest on all damages amounts; plus costs and attorney

10   fees under the FLSA, and under the laws, rules, or regulations of California, Oregon, or Washington.

## FOURTH CAUSE OF ACTION

### (Failure To Pay Overtime, Sales and Service Managers)

13       72.    Plaintiffs incorporate the allegations contained in all preceding paragraphs as though

14   fully set forth herein.

15       73.    At some material time during their employment with Defendant, Plaintiff Smith and all

16   other similarly situated individuals in Oregon and Washington were employed by Defendant in the

17   position of Sales and Service Manager ("SSM"), and were paid on a salary basis.

18       74.    The SSM position required Plaintiff Smith and other similarly situated individuals to

19   perform routine jobs such as providing teller services, customer service, and pulling and printing

20   reports designated by US Bank.

21       75.    The primary nature of Plaintiff Smith's, and others similarly situated individuals',

22   work as a SSM did not involve the exercise of discretion or independent judgment.

23       76.    Defendant mis-classified the SSM position as exempt in Oregon and Washington.

24       77.    Plaintiff Smith and all other similarly situated individuals in Oregon and Washington

25   worked for Defendant as SSMs and worked more than 40 hours per week while so employed.

26       78.    Defendant allowed, suffered, and permitted Plaintiff Smith and its SSM employees in

27   Oregon and Washington to work hours in excess of 40 hours per week, for which it did not

28   compensate its employees at the rate of 1½ times their regular rate of pay.  In so doing, Defendant

1  violated the requirements of the FLSA, and Oregon wage and hour laws that require employees to be

2  paid 1½ times their regular hourly rate for all hours worked over 40 in a workweek.

3       79.    As a result of Defendant's conduct of allowing, suffering, and permitting Plaintiff

4  Smith and all other similarly situated individuals to perform work for the benefit of Defendant for

5  which Defendant did not pay at the overtime rate, Plaintiff Smith and all other similarly situated

6  individuals in Oregon and Washington who worked for Defendant as SSMs are entitled to unpaid

7  overtime wages and liquidated damages pursuant to the FLSA and Washington law.

8       80.    As a result of Defendant's conduct of allowing, suffering, and permitting Plaintiff

9  Smith and all other similarly situated in Oregon who worked for Defendant in Oregon as SSMs to

10  perform work for the benefit of Defendant, for which Defendant did not pay at the overtime rate,

11  Plaintiff Smith and all other similarly situated who worked for Defendant in Oregon as SSMs are

12  entitled to wages and penalty wages under Oregon law.

13       81.    Defendant's conduct in respect to overtime pay as alleged herein was willful, and there

14  remain due and unpaid overtime wages in amounts to be determined.

15       82.    Plaintiff Smith, on her own behalf and on behalf of all other similarly situated

16  individuals in Oregon and Washington, seek damages in the form of wages and overtime premium

17  wages for Defendant's failure to pay overtime wages in amounts to be determined. In addition,

18  Plaintiff Smith and all similarly situated individuals in Oregon and Washington seek liquidated

19  damages under the FLSA  and for those SSMs who worked in Oregon, seek an additional 30 days of

20  penalty wages pursuant to Oregon law, along with interest on all damages amounts, plus costs and

21  attorney fees.

## FIFTH CAUSE OF ACTION

### (Unauthorized Lost Time Deductions)

24       83.    Plaintiffs incorporate the allegations contained in all preceding paragraphs as though

25  fully set forth herein.

26       84.    At all times material herein, Plaintiffs and all other similarly situated individuals were

27  employed by Defendant.

28       85.    During the course of Plaintiffs' and all other similarly situated individuals'

1  employment, Defendant regularly withheld and deducted wages from Plaintiffs Ramos and Smith and

2  other similarly situated class members under the earning description "Lost Time" and/or "LST".

3        86.    The deduction of Lost Time was for Defendant's benefit.

4        87.    Neither the named Plaintiffs nor any other similarly situated individuals gave written

5  authorization for Defendant's Lost Time deductions.

6        88.    Defendant's deduction of wages under the title Lost Time does not meet any exception

7  set out in ORS 652.610 or in Cal. Lab. Code § 224.

8        89.    As a result of Defendant's wrongful deduction/withholding, Defendant failed to pay

9  Plaintiffs and all other similarly situated individuals all their wages due on payday as required by

10  ORS 652.120 and ORS 653.010(10) and by Cal. Lab. Code §§ 204 and 221.

11        90.    Where Defendant's wrongful deduction/withholding resulted in Defendant failing to

12  pay all minimum wages on payday as required by ORS 652.120 and 653.025, by Cal. Lab. Code §§

13  204 and 1194, and by the FLSA, the affected Plaintiffs or other similarly situated individuals are

14  entitled to all unpaid minimum wages, plus penalty wages.

15        91.    Where Defendant's wrongful deduction/withholding resulted in Defendant failing to

16  pay all wages due upon termination as required by ORS 652.140, and by Cal. Lab. Code §§ 201 and

17  202, the affected Plaintiffs or other similarly situated individuals are entitled to all unpaid wages, plus

18  penalty wages.

19        92.    Plaintiffs, on their own behalf and on behalf of all other similarly situated individuals,

20  seek damages; statutory penalties under ORS 652.615; penalty wages under ORS 653.055 and ORS

21  652.150 and under Cal. Lab. Code § 203; costs, disbursements and attorney fees under ORS 652.200

22  and ORS 653.055 and Cal. Lab. Code § 218.5; liquidated damages under the FLSA; and pre-judgment

23  and post-judgment interest on all damage amounts.

### SIXTH CAUSE OF ACTION

#### (Failure to Provide Rest Periods)

26        93.    Plaintiffs incorporate the allegations contained in all preceding paragraphs as though

27  fully set forth herein.

28        94.    At all times material herein, Plaintiffs and all other similarly situated individuals were

1 | employed by Defendant.

2 | 95. California and Oregon laws provide for minimum employment conditions to be

3 | followed by all employers in each state. California laws require that employees receive a duty-free

4 | paid rest period of not less than 10 minutes for each period of four hours worked or major fraction

5 | thereof. Oregon laws parallel California law.

6 | 96. During the class period, Defendant failed to pay statutory wages pursuant to Cal. Lab.

7 | Code § 226.7. Defendant also failed to pay Plaintiffs and all other similarly situated individuals for

8 | 10 minutes of duty-free rest time as required by Oregon law.

9 | 97. Plaintiffs and all other similarly situated individuals seek unpaid wages, statutory

10 | wages, and penalty wages. In addition, Plaintiffs and similarly situated seek costs, pre-judgment and

11 | post-judgment interest, disbursements, and attorney fees pursuant to the laws, rules, or regulations of

12 | California or Oregon.

### SEVENTH CAUSE OF ACTION

### (Failure to Provide Meal Periods)

15 | 98. Plaintiffs incorporates the allegations contained in all preceding paragraphs as though

16 | fully set forth herein.

17 | 99. At all times material herein, Plaintiffs and all other similarly situated individuals were

18 | employed by Defendant.

19 | 100. California law requires, in part, that employees receive an uninterrupted, unpaid meal

20 | period of not less than 30 minutes for each shift over five hours. Oregon law also require that

21 | employees receive an uninterrupted, unpaid meal period of not less than 30 minutes. As a result of

22 | Defendant's failure to pay and/or provide uninterrupted meal periods of not less than 30 minutes as

23 | required by the laws, rules, or regulations of California or Oregon, Plaintiffs and all other similarly

24 | situated employees are entitled to recover their wages for those meal periods, plus statutory wages

25 | (California Plaintiffs & Class members) and penalty wages (Oregon Class members) as required by

26 | the FLSA, and by California and Oregon law.

27 | 101. During the class period, Defendant failed to pay statutory wages pursuant to Cal. Lab.

28 | Code § 226.7.

1    102.    Plaintiffs and all other similarly situated individuals seek unpaid wages, statutory

2    wages, and penalty wages.  In addition, Plaintiffs and those individuals similarly situated seek costs,

3    interest, disbursements, and attorney fees pursuant to the laws, rules, or regulations of California or

4    Oregon.

5                            **EIGHTH CAUSE OF ACTION**

6              **(Late Payment of Wages at End of Employment; Waiting Time)**

7    103.    Plaintiffs incorporate the allegations contained in all preceding paragraphs as though

8    fully set forth herein.

9    104.    At all times material herein, Plaintiffs and all other similarly situated individuals in

10   California, Oregon, and Washington were employed by Defendant.

11   105.    During the class period, Defendant willfully failed to pay all wages to Plaintiffs and all

12   other similarly situated individuals in California, Oregon and Washington when due upon termination

13   of their employment.  As to those class members who performed work in California, Plaintiffs and all

14   other similarly situated individuals are entitled to recover up to 30 days of statutory wages for each

15   pay period when wages were not paid when required by California law.  As to those class members

16   who performed work in the State of Oregon, Plaintiffs and all other similarly situated are entitled to

17   recover up to 30 days of continuing penalty wages pursuant to Oregon law.  Those who worked in

18   Washington are due treble damages under Washington law.

19   106.    Plaintiffs and all other similarly situated individuals seek up to 30 days of penalty

20   wages for Oregon violations, up to 30 days of statutory wages for California violations, and treble

21   damages for Washington violations for Defendant's failure to pay all final wages when due, plus

22   costs, pre-judgment and post-judgment interest, disbursements, and attorney fees, pursuant to the

23   laws, rules, or regulations of  California, Oregon, or Washington.

24                            **NINTH CAUSE OF ACTION**

25                                **(Breach of Contract)**

26   107.    Plaintiffs incorporate the allegations contained in all preceding paragraphs as though

27   fully set forth herein.

28   108.    At all times material herein, Plaintiffs and other similarly situated individuals in

---

1   California, Oregon, and Washington were employed by Defendant.

2       109.    Plaintiffs and all other similarly situated individuals, Plaintiffs agreed to work for

3   Defendant. Defendant agreed to pay them wages and comply with the respective states' laws as basic

4   terms of the employment contract.  Plaintiffs performed their obligations under such contracts which

5   entitled them to seek enforcement of the contract. As alleged herein and within the applicable statutes

6   of limitations in respect to the enforcement of contracts, Defendant breached this agreement by failing

7   to provide appropriate duty-free rest periods, failing to provide uninterrupted meal periods, failing to

8   pay wages, including the promised rate of pay, minimum wages, and overtime wages, and/or failing to

9   pay wages when due, pursuant to the FLSA and the laws, rules, or regulations of California, Oregon,

10  or Washington.

11      110.    Within the applicable time period prior to the filing of this complaint up through and

12  including the present date through adjudication, Defendant's conduct as alleged herein has injured

13  Plaintiffs and other similarly situated individuals by depriving them of the benefit of their bargain;

14  i.e., all wages due as a result of their employment.  Plaintiffs and all other similarly situated

15  individuals are entitled to damages in the form of unpaid wages for Defendant's breach of contract as

16  provided by applicable laws of California, Oregon and Washington.

17      111.    Defendant also breached the duty of good faith and fair dealing by making policies and

18  using practices and procedures which resulted in its failure to pay its employees all wages when due

19  under the contract.

20      112.    Plaintiffs and all other similarly situated individuals seek payment of wages, including

21  the promised rate of wages, minimum wage, and overtime, for the work performed by Plaintiffs and

22  all other similarly situated individuals, all as set forth above.  Plaintiffs also seek the payment of

23  costs, and pre-judgment and post-judgment interest, pursuant to the laws, rules or regulations of

24  California, Oregon or Washington.

### TENTH CAUSE OF ACTION

#### (Conversion of Wages)

27      113.    Plaintiffs incorporate the allegations contained in all preceding paragraphs above as

28  though fully set forth herein.

114.    At all times material herein, Plaintiffs and all others similarly situated in California, Oregon, and Washington were employed by Defendant.

115.    During the class period, Defendant failed to pay Plaintiffs and all other similarly situated individuals for those appropriate rest periods and/or meal periods that Defendant was required to provide, failed to pay all wages, including the truncated wages, minimum wages, and overtime wages, as required by Defendant's representations, the FLSA, and the laws of California, Oregon and Washington. Defendant failed to pay wages for all hours worked. Defendant also failed to pay all those wages when due at the termination of employment. Defendant owes monies to Plaintiffs and all other similarly situated individuals for failing to pay wages, and failure to pay wages when due, all as set forth above.

116.    At the time Plaintiffs and all others similarly situated provided labor to Defendant, wages became due and payable to Plaintiffs and all others similarly situated for that labor. At the termination of the employments of Plaintiffs and all other similarly situated individuals, their wages were due and owing and they were to be paid within the time allowed by the laws of California, Oregon and Washington.

117.    The unpaid wages, statutory wages, and penalty wages were and are the property of Plaintiffs and all other similarly situated individuals and Plaintiffs and all other similarly situated individuals have the present right to possess their property. By failing to pay earned wages, statutory wages, and penalty wages when due, Defendant intentionally and wrongfully obtained and held the wages earned by Plaintiffs and all others similarly situated.

118.    Plaintiffs and all other similarly situated individuals did not consent to Defendant's conversion of their property and Plaintiffs and all other similarly situated individuals were injured by Defendant's conversion of the same. Defendant's conversion of the property of Plaintiffs and all other similarly situated individuals was a substantial factor in causing the injury to Plaintiffs.

119.    The wages, minimum wages, overtime wages, truncated wages, statutory wages, and penalty wages all remain due and unpaid and are the property of Plaintiffs and all other similarly situated individuals. The wages set forth above remain in the hands of the Defendant. Plaintiffs and all other similarly situated individuals seek the value of the property (unpaid wages, truncated wages,

1  minimum wages, overtime wages, statutory wages, and penalty wages) at the time of the conversion,

2  pre-judgment interest from that time, and fair compensation for the time and money properly

3  expended in pursuit of the property pursuant to the laws of California, Oregon, and Washington, plus

4  punitive damages for Defendant's intentional act of converting the property of Plaintiffs and other

5  similarly situated individuals. See e.g. Cal. Civ. Code § 3294.

**ELEVENTH CAUSE OF ACTION**

**(Failure to Provide Accurate Itemized Wage Statements; Cal. Lab. Code § 226)**

8    120.    Plaintiffs incorporate the allegations contained in all preceding paragraphs as though

9  fully set forth herein.

10    121.    At all times material herein, Plaintiffs Ross and Prasad and all other similarly situated

11  individuals were employed by Defendant in the State of California.

12    122.    Defendant is required to comply with California wage and hour laws for its California

13  employees. Defendant is required to provide accurate itemized wage statements for each pay period

14  to Plaintiffs and all other similarly situated individuals pursuant to California laws including, but not

15  limited to, Cal. Lab. Code §226.

16    123.    Defendant failed to provide accurate itemized wage statements to Plaintiffs Ross and

17  Prasad and all other similarly situated individuals who performed work in the State of California,

18  whereby Plaintiffs and all other similarly situated individuals were harmed.

19    124.    Plaintiffs Ross and Prasad seek payment of statutory damages pursuant to Cal. Lab.

20  Code § 226(e) for each employee who did not receive accurate itemized wage statements during their

21  employment with Defendant. Plaintiffs also seek the payment of costs, interest, and attorney fees,

22  pursuant to Cal. Lab. Code §§ 218.5 and 218.6.

**TWELFTH CAUSE OF ACTION**

**(Unfair Competition: Cal. Bus. & Prof. Code § 17200 et seq.)**

25    125.    Plaintiffs incorporate the allegations contained in all preceding paragraphs as though

26  fully set forth herein.

27    126.    At all times material herein, Plaintiffs Ross and Prasad and all other similarly situated

28  individuals were employed by Defendant in the State of California.

127.    Within the applicable time period prior to the filing of this complaint through and including the present date through adjudication, Defendant failed to comply with the wage and hour provisions of the State of California and the FLSA, as set forth herein.

128.    Plaintiffs Ross and Prasad, individually and on behalf of the general public, allege that at all relevant times Defendant's actions including, but not limited to, its violations of California law, California Labor Codes, and the FLSA, as set forth above, constitute a continuing and ongoing unfair and unlawful activity prohibited by Cal. Bus. & Prof. Code § 17200 *et seq.*, and justify restitution and/or injunctive relief.  The unlawful business practices of Defendant are likely to continue, mislead the public (that employees are being provided appropriate duty-free rest periods, are being provided uninterrupted meal periods, are being paid all wages, including the promised rate of wages, minimum wage, and overtime, and are being timely paid), and shall present a continuing threat to the public. Defendant's actions of avoiding compliance with conditions of labor and wage obligations and expenses are an unfair business practice.  These violations constitute a threat and unfair business policy.  Plaintiffs Ross and Prasad have suffered injury in fact and have lost money or property as a result of such unfair competition.  The Court is authorized to order restitution and/or an injunction as a remedy for any violations of Cal. Bus. & Prof. Code § 17200 *et seq.*  Plaintiffs Ross and Prasad allege that Defendant violated California Labor Code statutes.

129.    Defendant has engaged in unfair business practices in California by utilizing the illegal employment practices outlined above including, but not limited to, failing to provide Plaintiffs Ross and Prasad and all similarly situated individuals with appropriate duty-free rest periods, failing to provide uninterrupted meal periods, failing to pay wages, minimum wages, and overtime wages, and failing to compensate for sums due for labor, fees, and penalties.  Defendant's use of such practices constitutes an unfair business practice and unfair competition, and provides an unfair advantage over Defendant's competitors.  Plaintiffs Ross and Prasad seek full restitution of said monies from Defendant, as necessary and according to proof, to restore any and all monies withheld, acquired, or converted by Defendant by means of the unfair practices complained of herein.

130.    Plaintiffs Ross and Prasad allege that, at all relevant times, Defendant engaged in unlawful, deceptive, and unfair business practices prohibited by Cal. Bus. & Prof. Code § 17200 *et*

1   *seq.* including those set forth in the paragraphs above, thereby depriving Plaintiffs and the public of

2   the minimum working conditions and standards due them under California Labor Code and IWC

3   Wage Orders.

4       131.   Private Attorneys General Act of 2004 (PAGA Damages):  Pursuant to the Private

5   Attorneys General Act of 2004, Cal. Lab. Code § 2698 *et seq.*, Plaintiff Prasad has given notice, and

6   Plaintiff Ross intends to give notice, to Defendant and to the California Labor and Workforce

7   Development Agency of Defendant's violations of Cal. Lab. Code §§ 201, 202, 203, 226(a), 226.7,

8   510, 512, 1194, and 1197.  After the notice period provided in Cal. Lab. Code § 2699.3, Plaintiffs

9   intend to amend this complaint to include civil penalties provided for in California law including, but

10   not limited to, Cal. Lab. Code §§ 226.3, 558, 1197.1, and 2699.

11                                      **PRAYER FOR RELIEF**

12       WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

13       1.   For all unpaid wages, including but not limited to regular wages, overtime wages

14   and/or premium pay wages, and minimum wages, pursuant to the FLSA, California, Oregon and/or

15   Washington laws in amounts to be determined at the time of trial;

16       2.   For all wages, liquidated damages, statutory wages, waiting time wages, penalty

17   wages, treble damages, and any other economic damages as provided by the FLSA, California,

18   Oregon and/or Washington laws for failure to pay all wages when due;

19       3.   For wages, minimum wages, overtime wages and liquidated damages under the FLSA.

20   29 U.S.C. §§ 206, 207, and 216(b) for the period of three years prior to the filing of this action based

21   upon Defendant's intentional and willful failure to pay wages, minimum wages and overtime wages.

22   29 U.S.C. §§ 206, 207, 216(b), and 255;

23       4.   For statutory wages and damages pursuant to California law including, but not limited

24   to, Cal. Lab. Code §§ 203, 226, 226.7, and 510, for Defendant's failure to pay all wages, failure to pay

25   failure to pay minimum wages, failure to pay overtime wages, failure to pay final wages when

26   required by law, failure to provide employees with accurate itemized wage statements, and failure to

27   provide rest periods and meal periods or compensation in lieu thereof;

28       5.   For wages and penalty wages pursuant to Oregon law including but not limited to: Or.

1  Rev. Stat. §§ 652.140, 652.150, 652.615, 653.010, 653.025, 653.055, and 653.261, for Defendant's

2  deduction/withholding of Lost Time wages, failure to pay all wages, failure to pay minimum wages,

3  failure to pay overtime wages, failure to pay final wages when required by law, and failure to provide

4  rest periods and meal periods or compensation in lieu thereof;

5       6.    For wages and liquidated damages for Defendant's failure to pay all wages, minimum

6  wages, and overtime wages pursuant to Washington law, including but not limited to Wash. Rev.

7  Code §§ 49.46.020, 49.46.130, and Chapter 49.12; WAC 296-136-092, and for wages and treble

8  damages for Defendant's failure to timely pay all wages when due upon the ending of the employment

9  relationship pursuant to Wash. Rev. Code § 49.48.010;

10       7.    Pursuant to Cal. Bus. & Prof. Code § 17203, that Defendant be preliminarily and

11  permanently enjoined from:  a) failing to provide employees mandatory duty-free rest periods, b)

12  failing to provide employees mandatory uninterrupted meal periods; c)  permitting and unlawfully

13  allowing employees to work hours instead of providing appropriate rest periods and meal periods, and

14  not paying civil statutory wages; d) permitting and unlawfully allowing employees to work hours

15  instead of receiving appropriate rest periods and meal periods without compensating the employees;

16  e) failing to pay employees all wages, including minimum wage and overtime; f) failing to provide

17  employees with accurate itemized wage statements; and g) failing to pay employees all wages due

18  upon termination of employment within the time proscribed by law;

19       8.    Pursuant to Cal. Bus. & Prof. Code §17203 and the equitable powers of this Court, that

20  Defendant be ordered to restore to Plaintiffs all funds acquired by means of any act or practice

21  declared by this Court to be unlawful or fraudulent or to constitute unfair competition under Bus. &

22  Prof. Code §17200 et seq.;

23       9.    As restitution, disgorgement of wages and related sums, statutory wages, attorney fees,

24  and all other remedies available pursuant to Cal. Bus. & Prof. Code § 17200 et seq.;

25       10.    For costs and disbursements, pre-judgment and post-judgment interest at the respective

26  rates set by the states and for costs of litigation and attorney fees pursuant to the FLSA, California and

27  Oregon laws;

28       11.    For payment of wages converted under California, Oregon and Washington laws,

1  together with pre-judgment and post-judgment interest thereon, plus costs, plus attorney fees;

2       12.    For punitive damages under California, Oregon and Washington laws for Defendant

3  conversion of wages; and

4       13.    For such further or alternative relief in favor of Plaintiffs and all class members as the

5  Court deems appropriate.

6  Dated: April 1? , 2007                    Bailey Pinney, PC

7

8                                    By

9                                        Shelby L. Clark
                                         Attorney for Plaintiffs Ann Ross, Dennis Ramos,
10                                       Maurita Prasad, and Kelly Smith

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

Sample

# WEEKLY TIME REPORT

## NON-EXEMPT

**US bank.**

EMPLOYEE ID (SSN): *your SS#*

COMPANY/COST CENTER: 300/202

WEEK ENDING DATE: 01/19/02

LAST NAME: _____  FIRST: _____  MI: __

| DATE/DATE | BEGIN | LUNCH OUT | LUNCH IN | OTHER OUT | OTHER IN | WORKED IN | WORKED | Remarks/Notes/Comments |
|---|---|---|---|---|---|---|---|---|
| SUN 1/14 | 8 00 | 12 10 | | | | 5 00 | 8 00 | |
| MON 15 | 8 04 | 12 05 | | | | 4 04 | 7 00 | 1.00 Dental appt. |
| TUE 16 | 8 02 | 12 00 | | | | 5 02 | 8 00 | |
| WED 17 | 8 01 | 12 03 | | | | 5 01 | 8 00 | |
| THU 18 | | | | | | | | 8.00 Vacation |
| FRI | | | | | | | | |
| SAT | | | | | | | | |

DAILY TOTALS — WORKED Hours, Mins / ABSENT Hours, Mins

WEEK TOTAL: 31.00   9.00

Fill in all boxes that you have hours to report

**TOTALS FOR TIME REPORTING: hours to report**

| REGULAR (Hours Worked) | VACATION | PAID SICK | FUNERAL (Other Paid) | JURY (Other Paid) | ABSENT (Other Paid) | HOLIDAY | TOTAL |
|---|---|---|---|---|---|---|---|
| 31.00 | 8.00 | 1.00 | | | | | 40.00 |

EMPLOYEE SIGNATURE: _____

SUPERVISOR APPROVAL: _____

Round time back to earlier tenth

If Time Sheet is not correctly and completely filled out, managers will not ____ ____ ____ hours to be corrected and signed before input.

CONVERSION CHART
Minutes / Mins

10 min.
15 min.

30 min.
45 min.

USBR053629