JUDITH DROZ KEYES (CA State Bar No. 66408)
STUART W. MILLER (CA State Bar No. 127766)
MICHELLE D. FIFE (CA State Bar No. 240554)
ANGELA CORRIDAN (CA State Bar No. 257076)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-6533
Telephone:    (415) 276-6500
Facsimile:    (415) 276-6599
jkeyes@dwt.com
stuartmiller@dwt.com
michellefife@dwt.com
angelacorridan@dwt.com

Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANN ROSS, MAURITA PRASAD, TAMARA BURKHART, NANETTE RENEE HOUSKEN, DENNIS RAMOS, and KELLY SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION, DBA U.S. BANK,<br><br>Defendant. | Case No. C 07-2951 SI<br><br>**DECLARATION OF CHRISTOPHER MCCRACKEN IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO PARTIALLY AND TEMPORARILY LIFT THE STAY AND TO SEVER AND TRANSFER THE CLAIMS OF PLAINTIFF RAMOS TO THE DISTRICT OF OREGON**<br><br>Date: October 3, 2008<br>Time: 9:00 a.m.<br>Courtroom 10<br>Hon. Susan Illston |

**DECLARATION OF CHRISTOPHER MCCRACKEN**

I, Christopher F. McCracken, declare as follows:

1. I am a partner in the law firm of Davis Wright Tremaine LLP, counsel to Defendant in this action. I work primarily out of the Portland, Oregon, office of Davis Wright Tremaine. I make this Declaration in support of the Opposition of Defendant U.S. Bank National Association ("U.S. Bank") to Plaintiffs' Motion to Partially and Temporarily Lift the Stay and to Sever and Transfer the Claims of Plaintiff Ramos to the District of Oregon. I make this Declaration on the

basis of my personal knowledge and, if called upon, I could testify truthfully and competently to the facts set forth herein.

2. Before filing this case, Plaintiffs' counsel, Bailey Pinney, filed six wage/hour class action lawsuits against U.S. Bank in the state and federal courts of Oregon, three of which asserted the same rounding claim that Plaintiff Ramos has asserted in this case, that is, Plaintiff Ramos' allegation that U.S. Bank, through a weekly time report, rounded the time its hourly employees worked to the next lowest tenth of an hour. *See* Second Amended Complaint herein ¶ 23.

3. In *Lowdermilk v. U.S. Bank National Association*, Multnomah County Oregon Circuit Court, Case No. 0603-03335 ("*Lowdermilk*"), the plaintiff asserts two claims under Oregon law, one of which is the claim that U.S. Bank improperly rounded "time worked by each hourly employee to the next lowest tenth of an hour." *See Lowdermilk* Complaint, attached hereto as Exhibit 1, p. 3. Plaintiff Lowdermilk also asserts a claim for late payment of wages on termination. *Id.*

4. Plaintiff Ramos submitted a declaration in support of class certification of the rounding claim in *Lowdermilk*, attaching some of his U.S. Bank weekly time reports.

5. Plaintiff Ramos alleges in his complaint in this case that he worked at U.S. Bank from 2000 to 2005. Therefore, the *Lowdermilk* putative class periods overlaps the employment and termination of Plaintiff Ramos, and a portion of the putative class period asserted by Plaintiff Ramos in the Second Amended Complaint in this case. *See* Exhibit 1, pp. 7-10.

6. Plaintiff Lowdermilk moved for class certification of the rounding claim. *See* Order on Plaintiff's Motion for Class Certification as to the rounding claim ("*Lowdermilk* Order"), attached hereto as Exhibit 2.

7. I estimate that plaintiff Lowdermilk's briefing on class certification to be four inches thick, with the total briefing and submissions by both sides filling four large, three-ring binders.

8. Plaintiff Lowdermilk supported her class certification motion with hundreds of weekly time reports from many different Bank employees, with deposition testimony from five

2

DECLARATION OF CHRISTOPHER MCCRACKEN
IN SUPPORT OF DEFENDANT'S OPPOSITION
Case No. C 07-2951 SI

DWT 11718199v3 0023784-000227

Bank employees (including excerpts from the same deposition Plaintiffs quote in their Second Amended Complaint in this case), and analysis of the time reports.

9. The *Lowdermilk* court heard argument on the plaintiff's motion for class certification on July 17, 2007. *See* Exhibit 2, p. 1.

10. On August 4, 2008, the Oregon Circuit Court denied the *Lowdermilk* plaintiff's motion for class certification as to the rounding claim. *See* Exhibit 2, p. 8.

11. The *Lowdermilk* court found that one of the factors weighing against certification was the fact "that Plaintiff's attorneys [Bailey Pinney] have pursued or are pursuing essentially the same claim they seek to pursue as a class action in this case" in three other cases, *McElmurry*, *Rivera*, and this case. *See* Exhibit 2, p. 7.

12. The time for plaintiff Lowdermilk to appeal the denial of class certification in *Lowdermilk* has not expired, and to my knowledge plaintiff's counsel, Bailey Pinney, has not declared whether they will appeal the denial.

13. Bailey Pinney filed *McElmurry and Mrazek v. U.S. Bank National Association*, Case No. 04-CV-00642, on May 11, 2004, in the U.S. District Court for the District of Oregon ("*McElmurry*"), on behalf of the named plaintiffs and those similarly situated. *See* Second Amended Complaint in McElmurry, attached hereto as Exhibit 3.

14. As amended, the *McElmurry* complaint asserted the rounding claim, the claim that Sales and Services Managers were misclassified, and a late pay claim. Exhibit 3.

15. The rounding claim that plaintiffs advocated in *McElmurry* was effectively identical to the claim pled in the Second Amended Complaint in this case, that is, in *McElmurry*, as in this case, and as in *Lowdermilk*, the plaintiffs alleged that U.S. Bank rounded "the actual time worked by each hourly employee to the next lowest tenth of an hour." The proposed class period in *McElmurry* overlapped a portion of the proposed class period in the Second Amended Complaint in this case and encompassed a portion of the employment of Plaintiff Ramos. Exhibit 3.

16. On May 21, 2004, the *McElmurry* plaintiffs filed a motion for collective action certification of the rounding claim.

3

17.   The Oregon District Court denied this motion on October 1, 2004 ("*McElmurry Order*").  *See McElmurry* order, attached hereto as Exhibit 4.

18.   On April 22, 2005, the *McElmurry* plaintiffs filed a "renewed" motion for certification of the rounding claim submitting additional evidence including declaration testimony from three proposed expert witnesses, over 400 weekly time reports from numerous employees, deposition testimony from Bank witnesses, and voluminous statistical analysis of the time reports.

19.   The District Court denied the renewed motion on October 7, 2005 ("Second *McElmurry* Order").  *See* Second *McElmurry* Order, attached hereto as Exhibit 5.

20.   The Court found that the plaintiffs did not meet the "similarly situated" threshold under the FLSA.  Exhibit 5, p. 3.

21.   Bailey Pinney filed an appeal and a writ of mandamus in the Ninth Circuit Court of Appeals, challenging this denial of collective action certification.

22.   On August 8, 2007, the Ninth Circuit denied both the appeal and the writ.  *See* Ninth Circuit *McElmurry* Order, attached hereto as Exhibit 6.

23.   On January 23, 2008, the *McElmurry* action proceeded to trial on the individual plaintiffs' claims.  Plaintiff McElmurry abandoned her rounding claim prior to trial and the district court, therefore, dismissed that claim with prejudice.

24.   Neither party appealed the final judgment in *McElmurry*.

25.   In March 2003, Bailey Pinney filed *Rivera, et al. v. U.S. Bank National Association*, Case No. 0305-05045, in Multnomah County Circuit Court in Oregon ("*Rivera*").  *See* Amended Complaint in *Rivera*, attached hereto as Exhibit 7.

26.   The *Rivera* plaintiffs assert a proposed class action against U.S. Bank relying on the same rounding theory (i.e, based on the weekly time report) as Bailey Pinney asserted in *McElmurry*, and as they assert in this case and *Lowdermilk*.  Exhibit 7, pp. 1, 10.  In the *Rivera* complaint the plaintiffs allege that U.S. Bank "rounded down the time worked by an employee to the next lower tenth of an hour. . . ."  *Id.*

27.   The *Rivera* court initially granted certification, but on August 29, 2006, after extensive discovery including the production of hundreds of thousands of weekly time reports, the

*DAVIS WRIGHT TREMAINE LLP*

4

court dismissed all of the class claims, including the rounding class claim. *See* August 29, 2006, *Rivera* ruling, attached hereto as Exhibit 8.

28. The *Rivera* court found that plaintiffs could "offer no evidence to support their theory that a 'systematic and purposeful' withholding of wages ha[d] occurred. . . ." Exhibit 8, p. 2.

29. The *Rivera* court further found that the named plaintiffs never used the time conversion chart that was at the heart of their claim and that, if they did, any resulting loss was purely de minimis. *Id.*

30. Plaintiffs' counsel has appealed Rivera to the Oregon Court of Appeals. *See Rivera* Notice of Appeal (without exhibits), attached hereto as Exhibit 9.

31. The *Rivera* appeal is still pending, in the pre-briefing stage.

32. The July 18, 2006, deposition of Tom Christon, which plaintiffs refer to and quote at paragraph 24 of their Second Amended Complaint in this case, was taken by plaintiffs' counsel in the *Rivera* case.

33. Bailey Pinney filed *Belknap et al v. U.S. Bank National Association*, Multnomah County Circuit Court Case No. 0301-00042 ("*Belknap*"), against U.S. Bank in January 2003. In *Belknap* the trial court decertified a class action seeking recovery for the alleged late payment of final wages on termination under Oregon law ("*Belknap* Order"). *See Belknap* ruling, attached hereto as Exhibit 10.

34. Plaintiffs appealed the *Belknap* case to the Oregon Court of Appeals where the case is now pending, with potential remand of a class action to Multnomah County Circuit Court. *See Belknap Notice of* Appeal (without exhibits), attached hereto as Exhibit 11.

35. Bailey Pinney filed *Thomas, et. al. v. U.S. Bank National Association*, Jackson County Circuit Court Case No. 080289 L3 ("*Thomas*") in Jackson County Circuit Court on or about January 18, 2008. *See* Complaint in *Thomas*, attached hereto as Exhibit 12.

36. In *Thomas*, Bailey Pinney is prosecuting a proposed class action for the alleged late payment of final wages on termination under Oregon law for a proposed class which would include all Bank employees "who submitted claims in the *Belknap* . . . case." Exhibit 12, p. 2.

5

1     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

    DATED this 10th day of September, 2008, at Portland, Oregon.

                                    */s/ Christopher McCracken*
                                    Christopher McCracken

DAVIS WRIGHT TREMAINE LLP

DECLARATION OF CHRISTOPHER MCCRACKEN
IN SUPPORT OF DEFENDANT'S OPPOSITION
Case No. C 07-2951 SI

DWT 11718199v3 0023784-000227