# Exh 2



CHRISTOPHER J. MARSHALL
JUDGE

CIRCUIT COURT OF THE STATE OF OREGON
FOURTH JUDICIAL DISTRICT
MULTNOMAH COUNTY COURTHOUSE
1021 SW FOURTH AVENUE
PORTLAND, OR 97204-1123

PHONE (503) 988-3274
FAX (503) 276-0691

August 4, 2008

VIA FACSIMILE and US MAIL

Mr. Dana Pinney
Mr. David A. Schuck
Bailey Pinney & Associates LLC
1498 SE Tech Center Place, Suite 290
Vancouver WA 98683

Mr. Christopher McCracken
Ms. Carol J Bernick
Davis Wright Tremaine LLP
1300 SW 5th Ave Ste 2300
Portland OR 97201

RE: Willene Lowdermilk v US Bank
    #A0603-03335

Dear Counsel:

Enclosed is a copy of this Court's Order Denying Plaintiff's Motion for Partial Class Action Certification as to Claim No. 1 and Setting Forth ORCP 32C Findings and Conclusions; and Order Denying Plaintiff's Motion to Strike Exhibits and Plaintiff's Motion to Compel.

Please contact my Judicial Assistant, Jimie Weedling, if you have any questions.

Very truly yours,

Christopher J. Marshall
Circuit Court Judge

cc: Official File

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| WILLENE LOWDERMILK, individually and on behalf of all similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION dba, U.S. Bank,<br><br>Defendant. | #A0603-03335<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL CLASS ACTION CERTIFICATION AS TO CLAIM NO. 1 AND SETTING FORTH ORCP 32C FINDINGS AND CONCLUSIONS; AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE EXHIBITS AND PLAINTIFF'S MOTION TO COMPEL |

Plaintiff's Motion for partial Class Action Certification as to Claim No. 1, U.S. Bank's Motion to Strike Exhibit 2 and Portions of the Declaration of David Schuck and Britt Halliday, and Plaintiff's Motion to Compel, came on for hearing on July 17, 2007 before the Honorable Christopher J. Marshall. David Schuck, Dana Pinney and Stephanie Brown appeared on behalf of plaintiff. Carol J. Bernick and Christopher F. McCracken appeared on behalf of U.S. Bank. The Court, having considered the Court's file in this matter including the written memoranda, evidence, affidavits, declarations and the oral argument of counsel and being fully advised, finds as follows.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

The putative class which Plaintiff seeks to have this court certify is as follows:

"For Plaintiff Lowdermilk, and all similarly situated non-exempt employees, who worked for U.S. Bank within six years prior to the filing of the complaint, and who reported their time on weekly

time reports which contain the identical truncation chart which is attached hereto as exhibit 1." See Plaintiff's proposed order on Plaintiff's Motion for Partial Certification of Class.

A. Standards for Certification of Class

Plaintiff has the burden of demonstrating: that Plaintiff meets the prerequisites of ORCP 32A for maintaining a class action; and that, when considering the factors set forth in ORCP 32B, a class action is superior to other available methods for the fair and efficient adjudication of the controversy. *Safeway, Inc. v Oregon PUB Employees Union*, 152 Or App 349, 358, 954 P2d 196 (1998).

ORCP 32A sets forth five prerequisites for maintaining a class action. ORCP 32A provides as follows:

One or more members of a class may sue or be sued as representative parties on behalf of all only if:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

(4) the representative parties will fairly and adequately protect the interests of the class; and

(5) in an action for damages, the representative parties have complied with the pre-litigation notice provisions of section H of this rule.

In addition to meeting the prerequisites of ORCP 32A, Plaintiff must show that, when considering the factors set forth in ORCP 32B, a class action is superior to other available methods for fair and efficient adjudication of the controversy. See *Shea v Chicago Pneumatic Tool Company*, 164 Or App 198, 990 P2d 912 (1999). ORCP 32 B sets forth the following eight pertinent factors for the court to consider:

I. The extent to which the prosecution of separate actions by or against individual members of the class creates a risk of:
(a) Inconsistent or varying adjudications with respect to members of the class which would establish incompatible standards of conduct for the party opposing the class; or

    (b)    Adjudications with respect to members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;

2. The extent to which the relief sought would take the form of injunctive relief or corresponding declaratory relief with respect to the class as a whole;

3. The extent to which questions of law or fact common to the members of the class predominate over any questions affecting only individual members;

4. The interest of members of the class in individually controlling the prosecution or defense of separate actions;

5. The extent and nature of any litigation concerning the controversy already commenced by or against members of the class;

6. The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

7. The difficulties likely to be encountered in the management of a class action that will be eliminated or significantly reduced if the controversy is adjudicated by other available means; and

8. Whether or not the claims of individual class members are insufficient in the amounts or interests involved, in view of the complexities of the issues and the expenses of the litigation, to afford significant relief to the members of the class.

B. **Findings with Respect to ORCP 32A.**

<u>Numerosity - ORCP 32A(1)</u>

1. Plaintiff has not met Plaintiff's burden of establishing numerosity. Plaintiff asserts that the evidence Plaintiff has submitted shows that there is a putative class of at least 300 members. However, as set forth below, Plaintiff's shortcomings on the numerosity requirement involve some of the same shortcomings Plaintiff suffers on the commonality requirement.

2. Plaintiff's motion for class certification offered no testimony from any putative class member, including no testimony from Ms. Lowdermilk herself, that any U.S. Bank employee suffered a "systematic chopping" of time worked or loss of wages due to the conversion chart on the Weekly Time Report at issue in Claim One. Plaintiff Lowdermilk's Weekly Time Reports do not reflect a loss of wages. In fact, Plaintiff Lowdermilk's Weekly Time Reports reflect a net gain to her

advantage of 129 minutes for which she was paid but did not work. See McCracken Declaration, Exhibits 1-156, and Appendix A thereto.

3.  Plaintiff submitted 306 Weekly Time Reports from various employees other than Ms. Lowdermilk. None of these employees, however, testified they lost time or that they lost time by actually using the conversion chart that is the basis of plaintiff's Complaint. Defendant offered 435 Weekly Time Reports for these same employees reflecting more than 500 instances where these same employees appeared to round their hours and minutes worked up to their advantage. See Yamamoto Declaration Exhibits 1-110.

4.  Plaintiff's reply brief presented a few Weekly Time Reports for Mr. Dennis Ramos which plaintiff contends contained an automated formula that rounded down. The record, however, establishes that Ms. Lowdermilk never used the version of the Weekly Time Reports that allegedly automatically rounded down. Moreover, Mr. Ramos has chosen to pursue his claim as a named plaintiff in another proposed class action case which is now pending in U.S. District Court for the Northern District of California, entitled *A. Ross, D. Ramos, M. Prasad, and K. Smith v U.S. Bank Nat'l Assoc'n*, Case No. 07-02951 SI.

### Commonality – ORCP 32A(2)

5.  Plaintiff has not met her burden to establish commonality. Plaintiff claims that she and the putative class members were subject to a U.S. Bank policy that "consistently rounded the time hourly employees worked to the next lower tenth of an hour, and in no situation rounded the hours worked to the next higher tenth of an hour." Complaint ¶ 26. Plaintiff testified, however, that she did not always use the conversion chart to record her time and the undisputed evidence is that when she did, she did not "consistently round down." See Lowdermilk Dep. pp. 22-77, attached as Ex. 157 to the McCracken Declaration. Of 134 daily entries on the Weekly Time Report with the challenged conversion chart, plaintiff Lowdermilk rounded only 10 times, five times rounding up and five times rounding down. See McCracken Dec. Exs. 1, 3, 16, 27, 30, 39, 45, 47, 48. Moreover, the record

reflects: (1) that the written policy of U.S. Bank was to record stop and start times to the *nearest* one-tenth hour and to not over-report or under-report time worked (See Kakiuchi Declaration, Exs. 1 and 2); (2) that the putative class members, or possibly their managers, manually converted their time to hours and tenths (McCracken Dec., Ex. 166); and (3) that the putative class members used a wide variety of Weekly Time Reports and used a wide range of personal practices for recording their time worked. See Kakiuchi Dec, ¶ 7, Ex. 4 (samples of different time sheets); Yamamoto Dec., Exs. 16, 22, and 39; McCracken Dec., Exs. 165, 166 and 168 (deposition testimony describing three employees' different time entry practices). The record also shows that some employees were expressly instructed by their supervisors not to use the conversion chart. McCracken Dec., Ex. 168.

### Typicality - ORCP 32A(3)

6.  Plaintiff has not met her burden to establish typicality. Ms. Lowdermilk did not consistently round her time down. Ms. Lowdermilk rounded both up and down. During the time period covered by her Complaint, her rounding resulted in a net gain of approximately 129 minutes. See McCracken Dep., Appendix A., Exs. 1-156. Moreover, Ms. Lowdermilk had several unique time-keeping practices. For example, she did not enter her stop or start time precisely and she rounded her start and stop times as she recorded them to the nearest half hour or ten minute interval as she recorded those times. See Lowdermilk Dep. 151-152; 146: 8-9; 129:17-130:9; 13:1-13, attached as Exhibit 157 to McCracken Declaration. She also did not record her meal breaks, contrary to her employer's instruction and contrary to the way other putative class members recorded their time. Lowdermilk Dep. 27-28; *Compare for example*, McCracken Dec. Exs. 1-101 (Lowdermilk's time reports) with Yamamoto Dec. Exs. 1-110 (other employees' reports).

### Adequacy of Proposed Class Representative - ORCP 32A(4)

7.  Plaintiff is not an adequate class representative. The record reflects Ms. Lowdermilk rarely used the conversion chart that she complains resulted in a "systematic" loss of minutes worked and that she may have recorded a net gain to her advantage. As a proposed class representative, the

Time Reports. The record reflects that the employees filled out those reports using different methods to record their hours and minutes worked. To determine whether any employee used the conversion chart Plaintiff complains of and whether that employee lost time (or gained time) because of that conversion chart will require the finder of fact to review each Weekly Time Report for each employee and apply that employee's own time-keeping practices to determine if the employee lost time or gained time because of the conversion chart. It is not enough to allege a policy that affects an entire class; plaintiffs must establish that the policy affected class members in similar and typical ways. Put another way, because U.S. Bank's liability as to each plaintiff can only be proved through an individualized inquiry, this case is not appropriate for class certification. Furthermore, whether defendant acted willfully on any particular occasion as to any particular employee also raises individualized issues of fact weighing heavily against class certification. Furthermore, defendant's affirmative defenses present individualized factual questions.

4. The Court finds that the record contains very little information regarding the fourth factor (the interest of members of the class in individually controlling the prosecution or defense of separate actions).

5. Litigation has already been commenced concerning this controversy. This factors against class certification. ORCP 32B(5). The record reflects that Plaintiff's attorneys have pursued or are pursuing essentially the same claim they seek to pursue as a class action in this case in the following cases: (1) *Rivera et al. v U.S. Bank Nat'l Assoc'n*, Multnomah County Case No. 0305-05045; (2) *McElmurry et al. v U.S. Bank Nat'l Assoc'n*, U.S. District Court for the District of Oregon Case no. CV-04-642-HU; and (3) *A. Ross, D. Ramos, M. Prasad, and K. Smith v. U.S. Bank Nat'l Assoc'n*, U.S. District Court for the Northern District of California Case No. 07-02951 SI. The first two Courts, in *Rivera* and *McElmurry*, have already analyzed this same issue and have declined to proceed on a class action or collective action basis. McCracken Dec., Exs. 158, 159, 160, 161 and 162.

6. Plaintiffs failed to provide any factual record showing that it is desirable to concentrate this litigation in this forum.

7. The Court finds that the record contains very little information regarding the seventh factor (the difficulties likely to be encountered in the management of a class action that will be eliminated or significantly reduced if the controversy is adjudicated by other available means).

8. The Court finds that the record contains very little information regarding the eighth factor (whether or not the claims of individual purported class members are insufficient in the amounts or interests involved, in view of the complexities of the issues and expenses of the litigation, to afford significant relief to the members of the class).

Based on a balancing of all the information in the record regarding the ORCP 32B factors discussed above, the Court finds that Plaintiff has not demonstrated that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

The Court, therefore, hereby ORDERS:

1. Plaintiff's Motion for Class Certification as to Claim No. 1 is DENIED.

2. Defendant's Motion to Strike Exhibits to and Portions of the Declaration of Mr. Schuck and Mr. Halliday is DENIED.

3. Based on the record before this Court, this Court finds that Plaintiff has failed to demonstrate that the pre-certification discovery Plaintiff requests is appropriate. Therefore, Plaintiff's Motion to Compel is DENIED.

Signed August 4, 2008.

_____
Christopher J. Marshall
Circuit Court Judge