Exh 3

Bailey, Pinney & Associates, LLC
915 Broadway, Suite 400
Vancouver, WA 98660
Tele: (360) 567-2551
Fax: (360) 567-3331
J. Dana Pinney, OSB 75308
E-Mail: JDPinney@Wagelawyer.com
A. E. Bud Bailey, OSB 87157
E-Mail: BBailey@Wagelawyer.com
Jose Mata, OSB 80305
E-Mail: JMata@Wagelawyer.com
David Schuck, OSB 99356
E-Mail: Dschuck@Wagelawer.com
Jon M. Egan, OSB 00246
E-Mail: Jegan@Wagelawyer.com
Attorneys For Plaintiffs



A TRUE COPY
By
Attorney at Law

RECEIVED
JUN 0 2 2005
DAVIS WRIGHT TREMAINE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KERI MCELMURRY AND KAREN MRAZEK INDIVIDUALLY, and on Behalf of All Similarly Situated,<br><br>       **Plaintiffs,**<br> vs.<br><br>US BANK NATIONAL ASSOCIATION,<br><br>       **Defendant.** | No. 04-CV-00642<br><br>SECOND AMENDED CLASS ACTION ALLEGATION COMPLAINT<br><br>(FLSA Overtime, Minimum Wage, State Late Payment on Termination Claims)<br><br>JURY TRIAL DEMANDED |

PRELIMINARY STATEMENT

1.

This is an action under the Fair Labor Standards Act (FLSA) 29 U.S.C. §216(b), and

Page 1 - FLSA Class Action Allegation Complaint (Wage Claim, Overtime, Minimum Wage, Penalty Wages.)

State wage and hour laws for all present and former employees of Defendant U.S. BANK

NATIONAL ASSOCIATION, ("US BANK" or "Defendant") to recover unpaid wages,

overtime wages, liquidated damages, penalty wages, and civil penalties.

2.

US BANK classified employees in the job position Sales and Service Managers

("SSM's") as exempt employees.  In so doing, US BANK failed pay for all hours worked in

excess of 40 hours per week.

3.

US BANK required its SSM employees to work hours in excess of 40 hours per week,

for which it did not compensate its employees at the rate of 1 ½ times their earning rate.  In so

doing, US BANK violated the requirements of FLSA and State wage and hour laws that

require employees to be paid 1 ½ times their regular hourly rate for all hours worked over 40

in a workweek.

4.

US BANK also suffered, permitted and required its SSM employees to perform work

for the Defendant for which those SSM employees were not compensated.

5.

US Bank tracked hours worked by its hourly employees in minutes, but converted the

minutes to tenths of an hour for purposes of calculating that employee's wages.  US Bank's

written policy and/or practice was to truncate the actual time worked by each hourly employee

to the next lowest tenth of an hour.  (Hereafter "truncation policy").

/////

Page 2 - FLSA Class Action Allegation Complaint (Wage Claim, Overtime, Minimum Wage, Penalty Wages.)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington 98660
(360) 567-2551 • Fax (360) 567-3331

6.

This policy and/or practice consistently reduced the actual time worked by hourly employees in violation of the FLSA and resulted in the nonpayment of wages, except when an hourly employee's actual time worked was precisely divisible by 1/10 of an hour.

7.

In the alternative, this policy and/or practice consistently reduced the actual time worked by hourly employees in violation of 29 CFR 785.48(b) and resulted in the nonpayment of wages, except when an hourly employee's actual time worked was precisely divisible by 1/10 of an hour.

8.

Employees of US Bank who worked hours in excess of 40 per week, were not compensated at the rate of 1 ½ times their earning rate for all hours worked because of US BANK's truncation policy and/or practice. ("Truncation OT FLSA Class").

9.

Employees who were paid at or near the applicable State or Federal minimum wage rate were not compensated for all minimum wages due. ("Truncation MW FLSA Class").

10.

US BANK did not pay Plaintiffs and its other employees all earned wages when their employment ended, when those wages were due.

## JURISDICTION AND VENUE

11.

This Court has Federal question jurisdiction over the subject matter of this complaint

Page 3 -  FLSA Class Action Allegation Complaint (Wage Claim, Overtime, Minimum Wage, Penalty Wages.)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway,  Suite 400  • Vancouver, Washington  98660
(360) 567-2551 • Fax (360) 567-3331

pursuant to 28 U.S.C. §1331 since this action is authorized and instituted pursuant to Section 6 of the FLSA, 29 U.S.C. §216(b).

12.

The Court has supplementary jurisdiction over the State law claims set forth in this complaint pursuant to 28 U.S.C. §1367(a). Both the Federal and State claims alleged herein arose from a common nucleus of operative facts. The State actions are so related to the Federal claims that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding

13.

Venue is proper in the District of Oregon, as the employment practices alleged herein by Plaintiffs were committed in Oregon, Washington and California and where US BANK has offices and employees in the SSM job position, and/or where US BANK truncation policy and/or practice was in force.

PARTIES

The named plaintiffs are residents and citizens of the State of Oregon.

14.

At all material times, Plaintiffs were past and current employees of US BANK.

15.

At all material times, US BANK conducted business in multiple counties in the State of Oregon and throughout California and Washington states. US Bank is an employer as defined by, and subject to the requirements of the FLSA.

///

age 4 - FLSA Class Action Allegation Complaint (Wage Claim, Overtime, Minimum Wage, Penalty Wages.)

## COMMON ALLEGATIONS

17.

Plaintiffs were employed by US BANK throughout Oregon, Washington and California.

18.

At all relevant times, Plaintiffs and all other similarly situated US BANK employees were subject to Fair Labor Standards Act laws.

19.

At all relevant times, US BANK allowed, suffered and permitted Plaintiffs and other employees to perform work in excess of 40 hours per week for which they were not paid at an hourly rate equal to 1 ½ times their regular hourly rate.

20.

At all relevant times, US BANK allowed, suffered and permitted its SSMs to work over 40 hours per week without compensating them at 1 ½ times their regular rate of pay for all hours worked in excess of 40 per week.

21.

At all relevant times, Plaintiff McElmurry and all other similarly situated US BANK employees were subject to Federal minimum wage laws (FLSA).

22.

At all relevant times, US BANK allowed, suffered and permitted Plaintiff McElmurry and all other similarly situated employees to perform work for which they were paid at less than the applicable Federal and State minimum wage rates for each discreet time period

Page 5 - FLSA Class Action Allegation Complaint (Wage Claim, Overtime, Minimum Wage, Penalty Wages.)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington 98660
(360) 567-2551 • Fax (360) 567-3331

worked, when those wages were due. In the alternative, at all relevant times, US BANK's
truncation policy and/or practice which caused Plaintiff McElmurry not to be paid for all
hours worked was the same conduct that harmed all other similarly situated hourly employees,
with the result that US BANK allowed, suffered and permitted similarly situated employees to
perform work for which they were paid at less than the applicable Federal and State minimum
wage rates, for all time worked, when those wages were due.

23.

Plaintiffs and other US BANK employees were due wages for their final period of
employment, which wages were not paid to Plaintiffs when due.

24.

At all relevant times, and within the three years preceding the filing of this lawsuit, US
BANK allowed, suffered and permitted Plaintiffs and other employees to perform work for
which they were not compensated.

## COLLECTIVE ACTION ALLEGATIONS RELATING TO FLSA CLAIMS

25.

Plaintiffs seek certification of a collective action under 29 U.S.C. §216(b). Plaintiffs
bring these claims on their own behalf and on behalf of all employees who, in the three years
prior to the filing of the complaint, performed work without receiving compensation equal to
the minimum wage for all time periods worked and/or worked hours in excess of 40 hours per
week without being compensated at 1 ½ times their regular hourly rate for that time, and who
have filed or will file in this Court, consent to being a party Plaintiff. (Hereafter "FLSA
classes").

- age 6 - FLSA Class Action Allegation Complaint (Wage Claim, Overtime, Minimum Wage, Penalty Wages.)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington 98660
(360) 567-2551 • Fax (360) 567-3331

26.

The named Plaintiffs are similarly situated to members of the FLSA classes. US BANK acted in accordance with a uniform policy and/or practice in performing the acts alleged to violate the FLSA.

## CLASS ALLEGATION RELATING TO
## COLLECTIVE ACTION

27.

Plaintiffs seek certification of a collective action on all claims brought. Plaintiffs bring their first three claims for relief on their own behalf and on behalf of all employees who, in the three years prior to the filing of the complaint, performed work without receiving compensation equal to the minimum wage for all time periods worked, and/or 1 ½ times their regular hourly rate (not below minimum wage) for those plaintiffs worked in excess of 40 per week.

28.

Plaintiffs bring their fourth claim for relief on their own behalf and on behalf of those employees who are members of any or all of the FLSA classes, and whose employment with US BANK has ended in Oregon in the three years prior to the filing of the complaint, and who were not paid all wages when due upon the ending of their employment.

29.

Based on information and belief, the members of each and every FLSA collective action class (Truncation, SSM and Late Pay classes) exceeds 200 persons. This number may increase, depending upon the rate of employee terminations and hires.

- age 7 - FLSA Class Action Allegation Complaint (Wage Claim, Overtime, Minimum Wage, Penalty Wages.)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington 98660
(360) 567-2551 • Fax (360) 567-3331

30.

Common questions of fact and law exists as to all collective action members and predominate over any questions that affect only individual members. The conduct at issue in this case affected all current and former hourly employees, and all current and former SSM's who work or have worked for US Bank in California, Oregon and Washington. Common questions include but are not limited to:

a    Whether Plaintiffs and FLSA collective action class members are subject to the FLSA.

b    Whether US Bank had a policy and/or practice of reducing the recorded time worked by systematically truncating all time entries downward.

c    Whether US Bank suffered and permitted all Truncation OT FLSA members to perform work for more than 40 hours in a single week without compensating the employee at 1 ½ times their regular hourly rate for those hours worked.

d    Whether US Bank suffered and permitted all Truncation MW FLSA members to perform work, for which it failed to pay all minimum wages due.

e    Whether SSM's worked hours in excess of 40 hours per week.

f    Whether US Bank paid SSM's at a rate of 1 ½ times their regular hourly rate for all hours worked over 40 hours per week.

g    Whether US Bank was required under the FLSA to pay all SSM's 1 ½ times their regular hourly rate for all hours worked in excess of 40 hours per week.

h    Whether SSM's fit into any exemptions under the FLSA from overtime requirements.

- age 8 - FLSA Class Action Allegation Complaint (Wage Claim, Overtime, Minimum Wage, Penalty Wages.)

i.    Whether US Bank failed to pay Plaintiffs and similarly situated collective

action members all wages after termination of their employment in Oregon as

required law.

j.    Which remedies are available for the alleged violations.

31.

## TYPICALITY

The claims of the named Plaintiffs are typical of the claims of the members of the

wage and hour class in that:

a.    Each individual named Plaintiff's claims stem from the same practice or

course of conduct that forms the basis of the collective action claims.

b.    Plaintiff McElmurry was subject to U.S. Bank's truncation policy and/or

practice.  Plaintiff McElmurry was injured by U.S. Bank's truncation policy

and/or practice by not being compensated at the rate of 1 ½ times her earning

rate for all hours worked in excess of 40 per week.

c.    Plaintiffs McElmurry and Mrazek are both members of the collective late pay

claim.

d.    Plaintiffs McElmurry and Mrazek both held positions as a SSM, and were

affected by US Bank's failure to pay all overtime wages to SSM's.

e.    Plaintiffs' claims are based upon the same legal and remedial theories as those

of the collective class and involve similar factual circumstances.  (See

paragraph 28).

f.    There is no antagonism between the interests of the named Plaintiffs and

Page 9 -  FLSA Class Action Allegation Complaint (Wage Claim, Overtime, Minimum Wage, Penalty Wages.)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway,  Suite 400 • Vancouver, Washington  98660
(360) 567-2551 • Fax (360) 567-3331

collective class members because the claims are for wages, liquidated

damages, and statutory wages are provided to each collective class member by

statute.

g.      The injuries that Plaintiffs suffered, i.e. failure to receive all wages when due,

are similar to the injuries which the collective class members have suffered.

32.

## REPRESENTATION BY PLAINTIFFS

The named Plaintiffs will fairly and adequately represent the collective class in that:

a.      There is no conflict between Plaintiffs' claims and those of other collective

action members.

b.      Plaintiffs have retained counsel who are skilled and experienced in wage and

hour cases, in collective and class actions, and who will vigorously prosecute

this litigation.

c.      Plaintiffs' claims are typical of the claims of class members in that the claims

of Plaintiffs stem from the same practice and course of conduct which forms

the basis of the class claims.

33.

Plaintiffs are similarly situated to putative opt-in collective action members because:

a.      Common questions of law or fact predominate over questions affecting only

individual opt-in members.  Common questions of fact include, but are not

limited to:

1.      Whether US Bank had a policy and/or practice and practice of

Page 10 - FLSA Class Action Allegation Complaint (Wage Claim, Overtime, Minimum Wage, Penalty Wages.)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington 98660
(360) 567-2551 • Fax (360) 587-3331

truncating downward the time worked by its hourly employees.
(truncation policy and/or practice).

2.     Whether US Bank's truncation policy and/or practice caused it not to pay all wages due its hourly employees.

3.     Whether US Bank's truncation policy and/or practice resulted in a failure pay its employees minimum wages for all work performed.

4.     Whether US Bank's truncation policy and/or practice resulted in the non-payment of overtime wages.

5.     Whether US Bank suffered and permitted SSM's to work in excess of 40 hours per week without compensating them at 1 ½ times their regular rate for those hours.

6.     Whether US Bank failed to timely pay all wages to employees whose employment had ceased in Oregon.

b.     Common questions of law include, but are not limited to:

1.     Whether US Bank's truncation policy and/or practice violates the FLSA.

2.     Whether US Bank's truncation policy and/or practice resulted in a violation of the FLSA by failing to pay all required minimum wages and overtime wages.

3.     Whether US Bank is required to pay SSM's 1 ½ times their regular hourly rate for all hours worked in excess of 40 hours in a single workweek.

Page 11 - FLSA Class Action Allegation Complaint (Wage Claim, Overtime, Minimum Wage, Penalty Wages.)

4.    Whether Oregon State law requires US Bank to pay all wages to its
employees when due at the end of the employment relationship.

c.    The forum is convenient to the parties, collective action members, and
potential witnesses; the class is specifically identifiable to facilitate provision
of adequate notice; and there will be no significant problems managing this
case as a collective action.

d.    A collective action is superior to other available methods for the fair and
efficient adjudication of this controversy because individual collective action
class members have minimal interest in controlling the prosecution of separate
actions.

## FIRST CLAIM FOR RELIEF
(SSM Federal Overtime Wage Claim, Liquidated Damages)

34.

Plaintiffs incorporate the allegations contained in Paragraphs 1 through 33 as though
fully set forth herein.

35.

During the course of Plaintiffs' employment, US BANK allowed, suffered and
permitted Plaintiffs and members of the SSM FLSA class to work hours in excess of 40 hours
per week.

36.

Pursuant to 29 U.S.C. §207, Defendant was required to pay Plaintiffs, and members of
the SSM FLSA class 1 ½ times their regular rate of pay for those hours worked in excess of

Page 12 -FLSA Class Action Allegation Complaint (Wage Claim, Overtime, Minimum Wage, Penalty Wages.)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington 98660
(360) 567-2551 • Fax (360) 567-3331

40 hours per week when those wages were due.

37.

US BANK failed and refused to pay Plaintiffs, and members of the SSM FLSA class, 1 ½ times their regular rate of pay for those hours worked in excess of 40 hours per week.

38.

US BANK's failure to pay overtime was willful. Plaintiffs and members of the SSM FLSA class are entitled to collect three years overtime wages in an amount to be proved at trial.

39.

Because US BANK willfully violated the requirements of the FLSA, Plaintiffs and members of the SSM FLSA overtime class are entitled to an amount as liquidated damages equal to the amount of wages that were unpaid, together with attorney fees, costs and pre-judgment and post-judgment interest per 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF

(Truncation Federal Overtime Wage Claim, Liquidated Damages)

40.

Plaintiffs incorporate the allegations contained in Paragraphs 1 through 39 as though fully set forth herein.

41.

US BANK tracked all of its employees' time worked in hours and minutes on a "weekly time report."

///

Page 13 -FLSA Class Action Allegation Complaint (Wage Claim, Overtime, Minimum Wage, Penalty Wages.)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington 98660
(360) 567-2551 • Fax (360) 567-3331

42.

A version of US BANK's "weekly time report" contained the equivalent of the following chart:

| Minutes | 10ths |
|---------|-------|
| 0-5     | 0     |
| 6-11    | 0.1   |
| 12-17   | 0.2   |
| 18-23   | 0.3   |
| 24-29   | 0.4   |
| 30-35   | 0.5   |
| 36-41   | 0.6   |
| 42-47   | 0.7   |
| 48-53   | 0.8   |
| 54-59   | 0.9   |

43.

US BANK, through the above chart, instructed hourly employees to convert their minutes worked to 1/10 of an hour increments for the purpose of calculating their wages. US BANK's written policy and/or practice was to truncate down the actual time worked by each hourly employee to the next lowest tenth of an hour.

44.

This policy and/or practice consistently underreported the actual time worked by hourly employees, and resulted in the non-payment of wages, except when an hourly employee's actual time worked was precisely divisible by 1/10 of an hour in violation of the FLSA and/or 29 CFR 785.48(b).

///

Page 14 -FLSA Class Action Allegation Complaint (Wage Claim, Overtime, Minimum Wage, Penalty Wages.)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington 98660
(360) 567-2551 • Fax (360) 567-3331

45.

Any employee working approximately 40 hours or more who was affected by US BANK's truncation policy and/or practice would have worked, but not have been compensated for, all hours worked in excess of 40 hours per week. (Truncation OT FLSA class).

46.

Pursuant to 29 U.S.C. §207, Defendant were required to pay Plaintiff McElmurry and members of the Truncation OT FLSA class 1 ½ times their regular rate of pay for those hours worked in excess of 40 hours per week when those wages were due.

47.

US BANK failed and refused to pay Plaintiff McElmurry, and members of the Truncation OT FLSA class, 1 ½ times their regular rate of pay for those hours worked in excess of 40 hours per week when those wages were due.

48.

US BANK's failure to pay overtime was willful. Plaintiff McElmurry and members of the Truncation OT FLSA class are entitled to receive overtime wages due and unpaid within the three years preceding the filing of this lawsuit, in an amount to be proved at trial.

49.

Because US BANK willfully violated the requirements of the FLSA, Plaintiff McElmurry and members of the Truncation OT FLSA overtime class are entitled to liquidated damages in an amount equal to the amount of unpaid overtime wages, together with attorney fees, costs and pre-judgment and post-judgment interest per 29 U.S.C. §216(b).

Page 15 - FLSA Class Action Allegation Complaint (Wage Claim, Overtime, Minimum Wage, Penalty Wages.)

### THIRD CLAIM FOR RELIEF
(Federal Truncation Minimum Wage Claim, Liquidated Damages).

50.

Plaintiffs incorporate the allegations contained in paragraphs 1 through 49 as though fully set forth herein.

51.

Any employee working who was affected by U.S. BANK's truncation policy and/or practice would have worked, but not have been compensated for, all time worked at the then prevailing minimum wage rate. (Truncation MW FLSA class).

52.

At all times material herein, Plaintiff McElmurry and members of the Truncation MW FLSA class were employed by US BANK.

53.

US Bank tracked hours worked by its hourly employees on weekly time reports in minutes, but converted the minutes to 1/10 if an hour increments for calculating wages. US BANK's written policy and/or practice was to truncate down the actual time worked by each hourly employee to the next lowest tenth of an hour.

54.

This policy and/or practice consistently reduced the actual time worked by hourly employees, and resulted in the non-payment of wages, except when an hourly employee's actual time worked was precisely divisible by 1/10 of an hour, in violation of 29 CFR 785.48(b).

age 16 - FLSA Class Action Allegation Complaint (Wage Claim, Overtime, Minimum Wage, Penalty Wages.)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway,  Suite 400 • Vancouver, Washington  98660
(360) 567-2551 • Fax (360) 567-3331

55.

During the course of Plaintiffs' employment, US BANK allowed, suffered and permitted Plaintiff McElmurry and members of the Truncation MW FLSA class to perform work for the benefit of US BANK.

56.

Pursuant to 29 U.S.C. §207, US BANK was required to pay Plaintiff McElmurry and members of the Truncation MW FLSA class at the greater of the then prevailing Federal or appropriate State minimum wage rate for all time worked, when those wages were due.

57.

US BANK failed and refused to pay Plaintiff McElmurry and members of the Truncation MW FLSA class at the greater of the Federal or appropriate state minimum wage rate, when those wages were due.

58.

US BANK's failure to pay minimum wages when due was willful.

59.

Because US BANK willfully violated the requirements of the FLSA, Plaintiff McElmurry and members of the Truncation MW FLSA class are entitled to their unpaid minimum wages, an equal amount in liquidated damages, together with attorney fees and costs per 29 U.S.C.§ 216(b).

### FOURTH CLAIM FOR RELIEF
(Wage Claim, Late Payment Penalty Wages)
60.

Plaintiff incorporates the allegations contained in paragraphs 1 through 59, as though

age 17 -FLSA Class Action Allegation Complaint (Wage Claim, Overtime, Minimum Wage, Penalty Wages.)

fully set forth herein.

62.

Plaintiffs McElmurray and Mrazek quit their employment with US BANK after having given two weeks prior verbal notice of their intent to terminate their employment.

63.

Plaintiffs' wages were due on the day their employment terminated pursuant to ORS 652.140.

64.

US BANK paid Plaintiffs' final wages after those wages were due. In addition, if Plaintiffs prevail in proving that wages remain due, those wages have been due and unpaid for more than 30 days after those wages were due.

65.

US BANK's failure to make payment of Plaintiff's wages when due was wilful and said failure continued for a period of 30 days after Plaintiff's wages were due and payable.

66.

Because US BANK failed to timely pay all wages upon termination to Plaintiffs, they are due penalty wages under ORS 652.150. If Plaintiffs prevail in proving that wages remain due, they will be due additional penalty wages.

67.

Plaintiffs have been required to bring this action to recover wages remaining due and unpaid, and statutory penalty wages as provided by O.R.S. 652.150.

///

ge 18 - FLSA Class Action Allegation Complaint (Wage Claim, Overtime, Minimum Wage, Penalty Wages.)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
915 Broadway, Suite 400 • Vancouver, Washington 98660
(360) 567-2551 • Fax (360) 567-3331

68.

Because of US BANK's failure to pay Plaintiffs' wages within 48 hours after the same were due and payable, Plaintiffs are entitled to recover costs, disbursements, and reasonable attorney fees, pursuant to O.R.S. 652.200(2).

69.

Plaintiffs seek as damages, unpaid wages, statutory penalty wages pursuant to O.R.S. 652.150, plus costs, disbursements and attorney fees, pursuant to O.R.S. 652.200(2). Plaintiffs also seek damages, unpaid wages, statutory penalty wages, costs, disbursements and attorney fees under these provisions for all members of any of the FLSA collective action classes who were not paid their wages due when they were due upon termination in Oregon.

PRAYER FOR RELIEF

WHEREFORE; Plaintiffs' request the Court award such damages as set forth above; award Plaintiffs' attorney fees, costs and expenses of suit; order US BANK to pay pre-judgment and post-judgment interest on all amounts due to Plaintiffs as a result of this action; and order such further or alternative relief in favor of Plaintiffs as the Court deems appropriate.

DATED: May 31, 2005.

BAILEY PINNEY & ASSOCIATES, LLC

DAVID A. SCHUCK, OSB 99356
JAMES DANA PINNEY, OSB 75308
A. E. BAILEY, OSB 87157
Attorneys for Plaintiffs

Page 19 -FLSA Class Action Allegation Complaint (Wage Claim, Overtime, Minimum Wage, Penalty Wages.)