Exh 7

10/2/08

10/14 BY WF
10/24

**CIRCUIT COURT OF OREGON**

**COUNTY OF MULTNOMAH**

| | |
|---|---|
| ALICIA RIVERA AND KATHERINA POTTER, Individually, and on Behalf of All Persons Similarly Situated,<br><br>                          **Plaintiff,**<br><br>    vs.<br><br>US BANK NATIONAL ASSOCIATION, dba US Bank,<br><br>                         **Defendant.** | No. 0305-05045<br><br>**CLASS ACTION ALLEGATION AMENDED COMPLAINT** (Wage Claims)<br><br>**JURY TRIAL DEMANDED**<br><br>**Not Subject to Mandatory Arbitration**<br><br>**Claims more than $10,000** |

## I.    PRELIMINARY STATEMENT

1.

This is an action to recover unpaid wages, overtime wages, minimum wages, un-provided rest and lunch periods, and penalty wages for all present and former employees of Defendant, **US BANK NATIONAL ASSOCIATION** (hereafter, "US Bank") who worked for US Bank as hourly employees within the six years prior to filing this complaint.

US Bank tracked hours worked by its employees in minutes, but converted the minutes to 1/10 if an hour for calculating wages. Defendant's written policy was to round down the actual time worked by each hourly employee to the next lowest tenth of an hour. This policy consistently reduced the actual time worked by hourly employees, and resulted in the non-payment of wages, except when an hourly employee's actual time worked was precisely divisible by 1/10 of an hour.

Page 1 -  Class Action Allegation Amended Complaint (Wage Claims)

A TRUE COPY
By _David A. Schuck_
Attorney at Law

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
8100 S.W. Nyberg Road, Suite 201 • Tualatin, Oregon  97062
(503) 692-8100 • Fax (503) 692-4817

1    Employees of US Bank who worked hours in excess of 40 per week, were not

2    compensated at the rate of 1-1/2 times their earning rate for all hours worked.  US Bank

3    violated the requirements of ORS 653.261(1), OAR 839-020-0030.

4    US Bank failed to pay its employees minimum wages as required by ORS 653.025.

5    US Bank failed to provide rest and meal periods as required ORS 653.261(1), OAR 839-020-

6    0050.  For its failure to provide appropriate rest and meal periods, each Plaintiff, and Class

7    member is entitled to penalty wages pursuant to ORS 653.055.

8    Finally, US Bank failed to pay Plaintiff and other employees whose employment has

9    ended, all earned wages when due as required by ORS 652.140.  Plaintiff and all other

10   similarly situated former employees in the class are due penalty wages pursuant to ORS

11   652.150.

12                    **II.    JURISDICTION AND VENUE**

13                                    2.

14   Defendant, at all material times herein, was doing business as "US BANK

15   NATIONAL ASSOCIATION" in the State of Oregon.

16                          **III.    PARTIES**

17                                    3.

18   At all material times, Plaintiff and all others similarly situated class members are

19   current and past employees of Defendant, who worked in the State of Oregon, and are subject

20   to Oregon's wage and hour provisions.

21                    **IV.    COMMON ALLEGATIONS**

22                                    4.

23   Common questions of fact and law exist as to all class members and predominate over

24   any questions that affect only individual class members.  The conduct at issue in this case

25   affected Plaintiff and all purported class members.  Based on information and belief, the

26   members of the class exceeds 30 persons, and that number will increase depending upon

Page 2 -  Class Action Allegation Amended Complaint (Wage Claims)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
8100 S.W. Nyberg Road, Suite 201 • Tualatin, Oregon  97062
(503)  692-8100 • Fax (503) 692-4817

1    employee turnover.

2                                    5.

3         Defendant recorded the time worked by Plaintiffs in minutes.  Defendant consistently

4    rounded down the time worked by an employee to the next lower tenth of an hour, and thus

5    systematically reduced the amount of wages paid to Plaintiffs and other similarly situated

6    class members.

7                    V.    CATEGORIES OF CLAIMS

8                                    6.
                               (Unpaid Wages)
9
         US Bank failed to pay Plaintiff, and other similarly situated class members, all their
10
     wages earned.  As a result those wages remain due and unpaid.  Plaintiff, and other similarly
11
     situated class members seek unpaid wages for the 6 years preceding the filing of this class
12
     action lawsuit.
13

14                                  7.
                               (Overtime Claims)
15         US Bank allowed, suffered and permitted Plaintiff Rivera and overtime class members

16    to perform work in excess of 40 hours per week, for which they were not paid at 1 ½ times

17    their regular hourly rate.  As a result, Plaintiff and overtime class members, who were not

18    paid all overtime wages for the two years prior to the filing of this lawsuit, are entitled to

19    unpaid overtime wages plus 30 days of penalty wages for each pay period overtime wages

20    were not paid when due.

21                                  8.
                              (Minimum Wage Class)
22
         US Bank failed to pay Plaintiff Potter, and all similarly situated Minimum Wage class
23
     members, minimum wages for all hours worked.  As a result, Plaintiff Potter and other
24
     similarly situated Minimum Wage class members, who were not paid all minimum wages, are
25
     entitled to unpaid minimum wages, plus 30 days of penalty wages for each pay period
26

Page 3 -  Class Action Allegation Amended Complaint (Wage Claims)

1  minimum wages were not paid when due.

2                                    9.
                        (Unpaid Rest and Meal Periods)

3

4        US Bank failed to provide Plaintiffs and similarly situated class members required rest

5  and meal periods as required by ORS 653.261(1), OAR 839-020-0050.   As a result of US

6  Bank's conduct, Plaintiffs and other similarly situated class members, who did not receive rest

7  periods and/or meal periods as required, are entitled to wages for those unpaid rest and meal

8  periods for the six year period prior to the filing of this class action lawsuit, and penalty wages

9  as provided by ORS 653.055 for those violations occurring within three years prior to the

10  filing of this complaint.

                                     10.
11                  (Late Payment of Wages upon Termination)

12       Within the three years prior to the filing of this complaint, Defendant willfully failed

13  to pay all wages to Plaintiff, and other former employees, upon termination of their

14  employment, when those wages when due, as required by ORS 652.140, which entitles

15  Plaintiff, and other former employees to penalty wages as provided by  ORS 652.150.

16
              VI.    CLASS ALLEGATION RELATING TO
17                          RULE 32 CLASS

18                                   11.

19                      DEFINITION OF CLASS

20       Plaintiffs seek class certification as follows, pursuant to ORCP 32.

21                                   12.
                        (Unpaid Wages Class)
22

23       For Plaintiffs and all similarly situated class members who worked for US Bank,

     within six years prior to the filing of this complaint, and were not paid all wages earned when
24
     due.
25
     ///
26

Page 4 -  Class Action Allegation Amended Complaint (Wage Claims)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
8100 S.W. Nyberg Road, Suite 201 • Tualatin, Oregon  97062
(503) 692-8100 • Fax (503) 692-4817

1

**13.**
**(Overtime Class)**

2

3

For plaintiff Rivera, and all similarly situated class members who worked for US

4

Bank, within two years prior to the filing of this complaint, and were not paid at 1 ½ times

their regular hourly rate for all hours worked in excess of 40 hours per week.

5

**14.**
**(Minimum Wage Class)**

6

7

For Plaintiffs, and all similarly situated class members who worked for US Bank,

8

within six years prior to the filing of this complaint, and were not paid at all minimum wages

9

for all hours worked.

10

**15.**
**(Unpaid Rest Period Class)**

11

12

For Plaintiffs and all similarly situated class members who worked for US Bank

within the six years prior to the filing of this complaint, and did not receive rest periods as

13

required by ORS 653.261(1) and OAR 839-020-0050.

14

**16.**
**(Unpaid Rest Period Penalty Class)**

15

16

For Plaintiffs and all similarly situated class members who worked for US Bank,

17

within the three years prior to the filing of this complaint and did not receive rest periods as

18

required by ORS 653.261(1), OAR 839-020-0050.   (ORS 653.055 Penalty Wages)

19

**17.**
**(Unpaid Meal Period Class)**

20

21

For Plaintiffs and all similarly situated class members who worked for US Bank

within the six years prior to the filing of this complaint, and did not receive rest or meal

22

periods as required by ORS 653.261(1) and OAR 839-020-0050.

23

24

**18.**
**(Unpaid Meal Period Penalty Class)**

25

For Plaintiffs and all similarly situated class members who worked for US Bank,

26

within the three years prior to the filing of this complaint and did not receive meal periods as

Page 5 -  Class Action Allegation Amended Complaint (Wage Claims)

1  required by ORS 653.261(1), OAR 839-020-0050. (ORS 653.055 Penalty Wages)

2                                    19.
                              **(Late Payment Class)**

3

4        For Plaintiffs and all similarly situated class members whose employment with the

   Defendant ended within three years prior to the filing of this action and who did not receive

5

6  all wages when due as required by ORS 652.140.

7                                    20.

8                          **ORCP 32H NOTICE**

9        On or about February 7, 2003, Plaintiff Rivera, on behalf of herself and all current and

10 former US Bank employees, pursuant to ORCP 32H, gave a pre-litigation notice to US Bank

11 and demanded that US Bank immediately cure its failure to pay wages as required by Oregon

   law, and pay all amounts due within 30 days after notice.

12

13                                   21.

14       On or about July 11, 2003, pursuant to ORCP 32H, Plaintiff Potter, on her own behalf,

15 and on behalf of all current and former US Bank employees who were not paid their minimum

16 wages, gave pre-litigation notice to US Bank and demanded that US Bank immediately cure

17 its failure to pay minimum wages as required by Oregon law, and pay all amounts due within

   30 days after notice.

18

19                                   22.

20       Despite Plaintiffs' requests, US Bank has failed and refused to cure its unlawful

21 conduct, and has failed and refused to pay Plaintiffs and all similarly situated class members,

22 all unpaid wages and penalty wages due, and those wages and penalty wages remain due and

   unpaid.

23

24                                   23.

25                          **NUMEROSITY**

26       U.S. Bancorp (NYSE: USB), with assets in excess of $174 billion, is the 8th largest

Page 6 -  Class Action Allegation Amended Complaint (Wage Claims)

1   financial services holding company in the United States. Operating 2,133 banking offices and

2   4,680 ATMs, and provide a comprehensive line of banking, brokerage, insurance, investment,

3   mortgage, trust and payment services products to consumers, businesses and institutions. U.S.

4   Bancorp is the parent company of U.S. Bank.  US Bank lists approximately 76 branch offices

5   in the 2003 QuestDex yellow pages for Multnomah, Washington and Clackamas counties.

6   Additional branch offices are located throughout the state.  Additional hourly employees

7   would be located at branches in other counties, the main office, and other processing facilities

8   located in Oregon.  Upon information and belief, each branch office employs between

9   approximately 4 and 16 hourly employees depending upon the size of the branch office.  The

10  number of hourly employees included in the class will also increase due to employee turnover.

11  At a single branch office in Medford, five employees either quit or were terminated by

12  Defendant in a single year.

13                                        24.

14                        QUESTIONS OF LAW AND FACT

15          Common questions of fact and law exists as to all class members and predominate

16  over any questions that affect only individual class members.  The conduct at issue in this

17  case affected all current and former hourly employees of US Bank.  Common questions

18  include:

19      a    Whether Plaintiffs and class members are subject to Oregon State wage and

20           hour statutes.

21      b    Whether US Bank had a policy of reducing the recorded hours worked by

22           systematically rounding all time entries downward.

23      c    Whether US Bank suffered and permitted all overtime class members to

24           perform work for more than 40 hours in a single week without compensating

25           the employee at 1 ½ times their regular hourly rate for those hours worked.

26      d    Whether US Bank suffered and permitted all minimum wage class members to

Page 7 -  Class Action Allegation Amended Complaint (Wage Claims)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
8100 S.W. Nyberg Road, Suite 201 • Tualatin, Oregon  97062
(503)  692-8100 • Fax (503) 692-4817

1    perform work, for which it failed to pay all minimum wages due.

2    e    Whether US Bank failed to provide Plaintiffs and class members rest and meal

3    periods as required.

4    f    Whether US Bank failed to pay Plaintiffs and similarly situated class members

5    all wages after termination of their employment when those wages were due.

6    g    Which remedies are available for the violations of State wage and hour laws.

7    25.

8    **TYPICALITY**

9    The claims of the named Plaintiffs are typical of the claims of the members of the

10   wage and hour class in that:

11   a.    Plaintiffs are members of each class.  (Except plaintiff Potter who does not

12   have an overtime claim).

13   b.    Each Plaintiff's claims stem from the same practice or course of conduct that

14   forms the basis of the class claims.

15   c.    Each Plaintiff's claims are based upon the same legal and remedial theories as

16   those of the class and involve similar factual circumstances.

17   d.    There is no antagonism between the interests of the named Plaintiffs and

18   absent class members.

19   e.    The injuries which Plaintiffs suffered are similar to the injuries which class

20   members have suffered.

21   26.

22   **REPRESENTATION BY PLAINTIFFS**

23   The named Plaintiffs will fairly and adequately represent the class in that:

24   a.    There is no conflict between Plaintiffs' claims and those of other class

25   members.

26   b.    Plaintiffs have retained counsel who are skilled and experienced in wage and

Page 8 -  Class Action Allegation Amended Complaint (Wage Claims)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
8100 S.W. Nyberg Road, Suite 201 • Tualatin, Oregon  97062
(503) 692-8100 • Fax (503) 692-4817

1    hour cases and in class actions and who will vigorously prosecute this

2    litigation.

3    c.    Plaintiffs' claims are typical of the claims of class members.

4                                          27.

5    Certification of Plaintiffs' claims pursuant to ORCP 32 is appropriate because:

6    a.    Common questions of law or fact predominate over questions affecting only

7          individual members.  Common questions of fact include, but are not limited to:

8          1.    Whether US Bank had a policy and practice of rounding downward the

9                time worked by its hourly employees.

10         2.    Whether US Bank's policy and practice caused it not to pay all wage

11               due its employees.

12         3.    Whether US Bank's policy and practice caused Defendant to fail to pay

13               its employees' minimum wages for all hours worked.

14         4.    Whether US Bank's policy and practice of rounding time worked

15               downward caused the non-payment of overtime wages.

16   b.    Common questions of law include, but are not limited to:

17         1.    Whether US Bank's rounding down policy and practice violates State

18               wage and hour laws.

19         2.    Whether US Bank's rounding down policy and practice caused

20               Defendant to violate state Wage and hour laws covering the payment of

21               minimum, and overtime wages.

22         3.    Whether Defendant is required to provide rest and meal periods to its

23               employees, and what remedies are available to Plaintiffs for

24               Defendant's failure to provide rest and meal periods.

25   c.    The forum is convenient to the parties, class members, and potential witnesses;

26         the class is specifically identifiable to facilitate provision of adequate notice;

Page 9 -  Class Action Allegation Amended Complaint (Wage Claims)

1    and there will be no significant problems managing this case as a class action.

2    d.    A class action is superior to other available methods for the fair and efficient

3    adjudication of this controversy because individual class members have

4    minimal interest in controlling the prosecution of separate actions.

5    VII.    CLAIMS FOR RELIEF

6    FIRST CLAIM FOR RELIEF
    (Wage Claim; Six Year Statute of Limitations, Unpaid Wages Class)

7    28.

8
9    Plaintiffs incorporate the allegations contained in paragraphs 1- 26 as though fully set

10    forth herein.

11    29.

12    US Bank recorded time worked by its hourly employees in one minute increments,

13    then rounded the actual time worked into 1/10th of an hour increments.

14    30.

15    US Bank had a policy and practice that when an hourly employee's daily time was not

16    evenly divisible by 1/10th of an hour (six minutes), that employees actual time worked would

17    be reduced to the next lower tenth of an hour.  For example, if an hourly employee worked 5

18    hours 15 minutes.  That employees time would be reduced by US Bank to 5.2 hours, or 5

19    hours and 12 minutes.

20    31.

21    US Bank's policy and practice consistently rounded the time hourly employees worked

22    to the next lower tenth of an hour.

23    32.

24    US Bank's policy and practice systematically reduced the daily time recorded by its

25    hourly employees' from 1 to 5 minutes per day, for each day the employee's time worked was

26    not divisible by 1/10th of an hour.

Page 10 –Class Action Allegation Amended Complaint (Wage Claims)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
8100 S.W. Nyberg Road, Suite 201 • Tualatin, Oregon  97062
(503)  692-8100 • Fax (503) 692-4817

33.

By rounding down the actual hours worked by its hourly employees, US Bank failed to pay wages for all time worked.

34.

Both plaintiff Rivera and Potter were affected by Defendant's practices.  First, Defendant paid Rivera and Potter based upon the rounded time which systematically reduced the actual time worked, resulting in a failure to pay wages for time worked.  Second, Defendant failed to provide Rivera and Potter required rest and lunch periods.

35.

Those unpaid wages class members who worked and were not paid all wages when due in the past three years are also entitled to penalty wages under ORS 653.055, as calculated by ORS 652.150.

36.

Plaintiffs and similarly situated class members seek unpaid wages for the six years prior to filing of this complaint, penalty wages as provided by ORS 653.055 and ORS 652.150 for those violations that occurred in the 3 years prior to the filing of this complaint, plus Plaintiff costs disbursements and attorneys fees pursuant to ORS 652.200(2), and ORS 653.055.

**SECOND CLAIM FOR RELIEF**
(State Overtime Claim; Overtime Class; Two Year Statute of Limitations)

37.

Plaintiff Rivera incorporate the allegations contained in paragraphs 1- 38 as though fully set forth herein.

38.

During the course of Plaintiff's employment, Defendant allowed, suffered and permitted Plaintiff Rivera and overtime class members to work in excess of 40 hours per

Page 11 -Class Action Allegation Amended Complaint (Wage Claims)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
8100 S.W. Nyberg Road, Suite 201 • Tualatin, Oregon  97062
(503) 692-8100 • Fax (503) 692-4817

1  week.

2                                  39.

3       Any hourly employee of US Bank who was affected by Defendant's failure to pay all

4  wages, as set out in Claims 1, 4 and 5 herein, during a week in which that employee worked

5  approximately 40 hours within the 2 years preceding the filing of this complaint, also will not

6  have been paid for all overtime wages at 1 ½ times their regular hourly rate of pay.

7                                  40.

8       Defendant was required to pay Plaintiff Rivera and overtime class members, 1 ½ times

9  their regular hourly rate of pay for all hours worked in excess of 40 hours per week.

10                                  41.

11       Defendant's behavior in failing to pay Plaintiff Rivera and overtime class members for

12  all hours worked in excess of 40 hours per week within the two years prior to the filing of this

13  complaint was willful, and there remain due and unpaid overtime wages in amounts to be

14  determined.

15                                  42.

16       Plaintiff Rivera, on her own behalf, and on behalf of the overtime class members seek

17  as damages, overtime wages in an amount to be determined that were due within the 2 years

18  prior to the filing of this complaint, plus civil penalty wages pursuant to ORS 653.055(1)(b)

19  and ORS 652.150, plus costs, disbursements and attorney fees pursuant to ORS 653.055(4)

20  and ORS 652.200(2).

21                        **THIRD CLAIM FOR RELIEF**
       (State Minimum Wage Claim, Civil Penalty; Six YearStatute of Limitations for

22             Minimum Wages; Three Year Statute of Limitations for Penalties)
                                43.

23       Plaintiffs re-allege paragraphs 1 through 45 as though fully set forth herein.

24                                  44.

25       Defendant paid plaintiff Potter at the rate of $6.50 per hour.

26

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
8100 S.W. Nyberg Road, Suite 201 • Tualatin, Oregon 97062
(503) 692-8100 • Fax (503) 692-4817

1

45.

2    During the course of plaintiff Potter's employment, the minimum wage rate in Oregon

3    was $6.50 per hour.  ORS 653.025.

4

46.

5    Defendant allowed, suffered and permitted Plaintiff Potter and Rivera, and other

6    similarly situated employees to perform work for the benefit of the Defendant.

7

47.

8    Defendant failed to pay wages to plaintiffs Potter and Rivera, and other similarly

9    situated employees for all time worked within 6 years prior to the filing of this complaint, as

10    alleged in claims 1, 4 and 5 herein.

11

48.

12    Because Defendant failed to pay for all hours worked, it also failed to pay plaintiffs

13    Potter and Rivera, and other similarly situated employees minimum wage for each hour

14    worked, as required by ORS 653.025.

15

49.

16    Pursuant to ORS 653.025, Defendant was required to pay plaintiffs Potter and Rivera

17    and all similarly situated minimum wage class members, at the then prevailing minimum

18    wage rate for all hours worked.

19

50.

20    Defendant has failed and has refused to pay plaintiffs Rivera and Potter, and all

21    minimum wage class members, at the State of Oregon minimum wage rates for each hour

22    worked, when those wages were due within the six years prior to the filing of this complaint.

23

51.

24    Because of Defendant's failure to pay plaintiffs Rivera and Potter, and all minimum

25    wage class members, at the minimum wage rate for each hour worked, when those wages

26    were due, within 3 years prior to the filing of this complaint,  plaintiffs Rivera and Potter, and

Page 13 - Class Action Allegation Amended Complaint (Wage Claims)

1  all minimum wage class members, are due a civil penalty pursuant to ORS 653.055, as

2  computed by ORS 652.150.

3                                          52.

4      Because Defendant failed to pay all plaintiffs Potter and Rivera and other minimum

5  wage class members' wages for 48 hours, plaintiffs and other minimum wage class members

6  are entitled to recover costs, disbursements, and a reasonable sum for attorney fees, pursuant

7  to ORS 653.055 and ORS 652.200(2).

8                                          53.

9      Plaintiff Potter and other minimum wage class members seek unpaid minimum wages

10 which were due within the six years prior to the filing of this complaint, a civil penalty as

11 provided by ORS 653.055 and ORS 652.150 for those class members who have unpaid

12 minimum wages which were due in the three years prior to the filing of this complaint, plus

13 costs, disbursements and attorney fees pursuant to ORS 653.055 and ORS 652.200(2).

14                          **FOURTH CLAIM FOR RELIEF**

15 (Failure to pay Rest Periods; Unpaid Rest Period Class Six, Year Statute of Limitations;
   Unpaid Rest Period Penalty Class, Three Year Statute of Limitations)

16                                          54.

17     Plaintiffs incorporate the allegations contained in paragraphs 1- 56 as though fully set

18 forth herein.

19                                          55.

20     ORS 653.261 provides for minimum employment conditions to be established by the

21 Commissioner of the Oregon Bureau of Labor and Industries.  OAR 839-020-0050 requires

22 that employees receive a paid rest period of not less than ten (10) minutes for each period of

   four hours worked.

23                                          56.

24     Defendant failed to provide Plaintiffs and all other class members uninterrupted rest

25 periods of not less that 10 minutes when and as required all in violation of ORS 653.261,

26

Page 14 -Class Action Allegation Amended Complaint (Wage Claims)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
8100 S.W. Nyberg Road, Suite 201 • Tualatin, Oregon  97062
(503)  692-8100 • Fax (503) 692-4817

1   ORS 653.055 and OAR 839-020-0050 and failed to pay Plaintiffs and other Unpaid Rest

2   Period Class members for those rest periods not provided within six years prior to the filing of

3   this complaint.

                                      57.

5       For those Unpaid Rest Period Class members who did not receive their required rest

6   period in the past three years (violation occurred in past three years) are also due civil penalty

7   wages as provided by ORS 653.055 and ORS 652.150.

8                                     58.

9       Plaintiffs, and Unpaid Rest Period Class members seek unpaid wages for Defendant's

10  failure to provide rest periods as required within six years prior to the filing of this complaint.

11  For those employees who did not receive their rest period in the three years prior to the filing

12  of this complaint (Unpaid Rest Period Penalty Class) are also due penalty wages pursuant to

13  ORS 653.055 as calculated by ORS 652.150.

14                                    59.

15      The Unpaid Rest Period Class, and the Unpaid Rest Period Penalty Class seek unpaid

16  wages for six years prior to the filing of this complaint, and the Unpaid Rest Period Penalty

17  Class seeks a penalty wages pursuant to ORS 653.055 for all violations which occurred in the

18  three years prior to the filing of this complaint, plus costs, disbursements, and attorney fees to

19  each class pursuant to ORS 653.055(4) and ORS 652.200(2).

20                          **FIFTH CLAIM FOR RELIEF**
            (Failure to pay Meal Period; Unpaid Meal Period Class, Six Year Statute of Limitations;
21              Unpaid Meal Period Penalty Class, Three year Statute of Limitations)
                                      60.
22
        Plaintiffs incorporate the allegations contained in paragraphs 1- 63 as though fully set
23
    forth herein.
24
                                      61.
25
        ORS 653.261 provides for minimum employment conditions to be established by the
26

Page 15 - Class Action Allegation Amended Complaint (Wage Claims)

1  Commissioner of the Oregon Bureau of Labor and Industries.  OAR 839-020-0050 requires

2  that employees receive an uninterrupted meal period of not less than 30 minutes for each shift

3  of six hours or more.

62.

5        Defendant failed to provide Plaintiffs and other class members with uninterrupted

6  meal periods of not less that 30 minutes as required, and in violation of ORS 653.261, OAR

7  839-020-0050 and ORS 653.055 and failed to pay Plaintiffs and Unpaid Meal Period Class

8  members for those meal periods not provided.

63.

10       As a result of defendant's failure to provide meal periods as required, Plaintiffs and

11  meal period class members are entitled to recover wages for those meal periods that were not

12  provided within six years prior to the filing of this complaint.

64.

14       For those Unpaid Meal Period Class members who did not receive their required

15  uninterrupted Meal period in the past three years (violation occurred in past three years) are

16  also due civil penalty wages as provided by ORS 653.055 and ORS 652.150.  (Meal Period

17  Penalty Class Members).

65.

19       Plaintiffs, and members of the Unpaid Meal Period Class, seek payment of wages for

20  meal periods not provided by Defendant within six years of the filing of this complaint.  In

21  addition, Plaintiffs and Meal Period Penalty Class Members seek penalty wages pursuant to

22  ORS 653.055, and ORS 652.150 for defendant's failure to provide meal periods as required

23  by OAR 839-020-0050, for a period of three years from the filing of this action.

66.

25       The Unpaid Meal Period Class, and the Meal Period Penalty class also seek payment

26  of their costs, disbursements, and attorney fees pursuant to ORS 653.055(4) and ORS

Page 16 - Class Action Allegation Amended Complaint (Wage Claims)

1 | 652.200(2).

2 | **SIXTH CLAIM FOR RELIEF**
3 | (ORS 652.140 Late Payment, Penalty Wages)
   | 67.

4 | Plaintiffs incorporate the allegations contained in paragraphs 1- 65 as though fully set

5 | forth herein.

6 | 68.

7 | Plaintiffs, and all members of the late payment class were employed by Defendant,

8 | and their employment with Defendant ended within the three years prior to the filing of this

9 | action.

10 | 69.

11 | Defendant terminated Plaintiff Rivera's employment on or about January 6, 2003.

12 | 70.

13 | Pursuant to ORS 652.140, plaintiff Rivera's wages were due on or about January 7,

14 | 2003.

15 | 71.

16 | Defendant made partial payment of Plaintiff Rivera's wages on or about January 9,

17 | 2003, 2 days after those wages were due, leaving wages as set out in Plaintiffs' first, second,

18 | fourth and fifth claims for relief.

19 | 72.

20 | Because Defendant paid Plaintiff Rivera's wages after those wages were due, Plaintiff

21 | Rivera is due penalty wages under ORS 652.150 of not less than $146.88. If Plaintiff Rivera

22 | prevails on her first, second, fourth, or fifth claims for relief, she is due an additional 28 days

23 | of penalty wages for a total penalty amount of $2,203.20 pursuant to ORS 652.150.

24 | 73.

25 | Defendant terminated plaintiff Potter's employment on or about November 19, 2002.

26 | ///

Page 17 - Class Action Allegation Amended Complaint (Wage Claims)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
8100 S.W. Nyberg Road, Suite 201 • Tualatin, Oregon 97062
(503) 692-8100 • Fax (503) 692-4817

1          74.

2          Plaintiff Potter's wages were due on or about November 20, 2002, the day after

3    Defendant terminated plaintiff Potter's employment pursuant to ORS 652.140.

4          75.

5          Defendant made partial payment of plaintiff Potter's wages on or about February 18,

6    2003, more than 30 days after those wages were due, leaving wages due under Plaintiff

7    Potter's first, third, fourth and fifth claims for relief.

8          76.

9          Pursuant to ORS 652.150, plaintiff Potter is due 30 days of penalty wages in the

10    amount of $1,560.

11          77.

12          At the time Plaintiffs', and late pay class members whose employment ended within

13    three years of the filing of this complaint, Defendant failed to pay Plaintiffs and late pay class

14    members, all wages when due, as required by ORS 652.140.

15          78.

16          Defendant's failure to pay Plaintiffs and late pay class members' wages when due was

17    willful, and continued for a period of time to be determined after discovery is complete.

18          79.

19          Because of Defendant's willful failure to immediately make payment of Plaintiffs' and

20    late pay class members' wages when due, Plaintiffs and late pay class members are due

21    penalty wages under ORS 652.150, for the continuation of Plaintiffs' and late pay class

22    members' wages for up to 30 days, in amounts to be determined after discovery.

23          80.

24          Class members who prevail on any of the first 5 claims will be due 30 days of penalty

25    wages under ORS 652.150.

26    ///

Page 18 - Class Action Allegation Amended Complaint (Wage Claims)

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
8100 S.W. Nyberg Road, Suite 201 • Tualatin, Oregon 97062
(503) 692-8100 • Fax (503) 692-4817

81.

Plaintiffs have been required to bring this action on their behalf and on behalf of late pay class members, to recover penalty wages as provided by ORS 652.150.

82.

Because of Defendant's failure to pay Plaintiffs' and late pay class members' wages within 48 hours after those wages were due and payable, Plaintiff and late pay class members' are entitled to recover costs, disbursements, and reasonable attorneys fees, pursuant to ORS 652.200(2).

83.

Plaintiffs seek as damages for themselves and all late pay class members whose employment ended within three years prior to the filing of this action and who were not paid all wages when required by ORS 652.140, penalty wages pursuant to ORS 652.150, plus costs, disbursements and attorney fees, pursuant to ORS 652.200(2).

**PRAYER FOR RELIEF**

**WHEREFORE;** Plaintiffs and members of each class request the Court award such damages as set forth above for unpaid wages, overtime wages, rest and lunch period wages, and penalty wages. Plaintiffs further request this Court award Plaintiffs their costs, disbursements, attorney fees, and order Defendant to pay pre-judgment and post-judgment interest on all amounts due Plaintiffs as a result of this action; and order such further or alternative relief in favor of Plaintiffs and all class members as the Court deems appropriate.

DATED:  October 2, 2003.

BAILEY PINNEY & ASSOCIATES, LLC

DAVID A. SCHUCK, OSB 99356
JAMES DANA PINNEY, OSB 75308
Of Attorneys for Plaintiffs

Page 19 - Class Action Allegation Amended Complaint (Wage Claims)