# Exh 8



RICHARD C. BALDWIN
JUDGE

**CIRCUIT COURT OF THE STATE OF OREGON**
FOURTH JUDICIAL DISTRICT
MULTNOMAH COUNTY COURTHOUSE
1021 S.W. FOURTH AVENUE
PORTLAND, OR 97204-1123

PHONE (503) 988-3052
FAX (503) 276-0983

August 29, 2006

David A. Schuck
BAILEY, PINNEY & ASSOCIATES
1498 SE Tech Center Place, Suite 290
Vancouver, WA 98683

Carol J. Bernick
DAVIS WRIGHT TREMAINE
Suite 2300
1300 SW Fifth Avenue
Portland, OR 97201

    Re:    *Rivera, Et Al v. U.S. Bank National Assoc.*
            Case 0305-05045
            Defendant's Motion For Partial Summary Judgment

Dear Counsel,

    For the reasons indicated below, this Court grants Defendant's pending Motion for Partial Summary Judgment.

LEGAL STANDARD FOR SUMMARY JUDGMENT

    The purpose of summary judgment is to eliminate trials that are unnecessary when no question of material fact exists and when the moving party is entitled to judgment as a matter of law. *Mountain Fir Lumber Co., Inc. v. Temple Distributing Co.*, 70 Or. App. 192, 198, 688 P.2d 1378, 1382 (1984); ORCP 47; *Robinson v. Lamb's Wilsonville Thriftway*, 332 Or. 453, 455, 31 P.3d 421, 422 (2001); see also *Jones v. General Motors Corp.*, 325 Or. 404, 414, 939 P.2d 608, 614 (1997) (holding that summary judgment is appropriate only if the agreed upon facts would compel a jury to return a verdict for the moving party).

    A genuine issue of fact is a triable issue of fact, and the moving party bears the burden to prove that "the uncontroverted factual posture of the case is such that the adverse party would not be entitled to a jury determination." See *Robinson*, 332 Or. at 460. The adverse party has the burden of producing evidence on any issue raised in the motion as to which the adverse party would have the burden of persuasion at trial.

Mr. Schuck and Ms. Bernick
August 29, 2006
Page 2

MOTION 1: ROUNDING CLAIMS FOR CLASS REPRESENTATIVES
( CLAIMS 1, 2, & 3)

(Plaintiff Potter)

As to Plaintiff Potter, summary judgment is granted as a preliminary matter for the reasons discussed below. Plaintiff Potter assigned her wage claims to the Oregon Bureau of Labor and Industries. Potter signed a BOLI assignment form, which included a conditional waiver of right to further legal action. The conditions of such waiver were met because BOLI settled the claim and Potter received the settlement amount. Moreover, Plaintiffs offer no evidence or argument in response to Defendant's contention that (1) Potter did not use the time conversion chart, and (2) if it was used in calculating her total work time, it was only used to round up her time. Indeed, Plaintiff's do not refer to Potter in their Opposition and have failed to meet their responsive evidentiary burden under ORCP 47 C. For these reasons, the Court grants summary judgment as to Plaintiff Potter.

(Plaintiff Rivera)

As to Plaintiff Rivera, the Court also grants summary judgment on the rounding claims. Defendant's contention, supported by deposition testimony is that (1) Rivera never used the time conversion chart, and (2) if it was used by another person in calculating her total work time, it was only used to round up her time. Plaintiff's offer evidence of one instance where Rivera was not paid for 3 minutes of work due to the use of the conversion sheet. Defendants made a Motion to Strike this evidence and dispute the authenticity of the timesheet as having "no Bates number showing U.S. Bank produced it." Assuming, arguendo, that this single timesheet is admissible, the fact remains that Plaintiff's only offer proof is a single occurrence, a 3-minute time loss, as to Rivera. Defendant argues that any time loss due to use of the conversion sheet is de minimus. Plaintiff's response is that "Defendant's theft of wages is systematic and purposeful" and that in the aggregate, use of the conversion chart would lead to large savings for the Defendant. Plaintiffs offer no evidence to support their theory that a "systematic and purposeful" withholding of wages has occurred leading to a large savings for Defendant. Plaintiff's evidence is insufficient to support an allegation that any wage loss was more than de minimus.

MOTION 2: MINIMUM WAGE ROUNDING CLAIM (CLAIM 3).

Defendant's Motion for Summary Judgment on the minimum wage claim is also granted. As to Plaintiff Potter, summary judgment is appropriate for the reasons stated below. As to Plaintiff Rivera, Plaintiff's offers no evidence to rebut Defendant's contention that Rivera has not been paid less than the minimum wage based on the record. See also *Hurger v. Hyatt Lake Resort, Inc*, 170 Or. App. 320, 13 P.3d 123 (2000).

Mr. Schuck and Ms. Bernick
August 29, 2006
Page 3

MOTION 3: NO PRIVATE RIGHT OF ACTION FOR REST AND MEAL PERIODS (CLAIMS 4 &5).

Defendant's Motion for Summary Judgment on the unpaid rest and meal periods claim are also granted. Plaintiffs allege they were made to work without being provided duty-free rest periods as required by OAR 839-020-0050. Defendant argues that even if Plaintiff was denied duty-free rest periods, "[t]he BOLI Commissioner has exclusive authority to assess against an employer a civil penalty for violations of rest period violations" and "[the] statutory and regulatory framework make BOLI an employee's exclusive forum and remedy." Plaintiff argues that "ORS 653.055(1) provides a private right of action to recover wages to which the employee is entitled under ORS 653.010 to 653.261" [and that] "rest periods must be wages." The Court concludes Defendant is entitled to summary judgment as a matter of law on this issue.

Plaintiff's arguments are based on the premise that "rest periods must be wages." Plaintiff argues that the statutory definition of "wages" includes "compensation" and that "compensation" includes rest periods, because the rest periods are earned for every four hours of work. ORS 653.010(10) defines the term wages as:

> "Wages" means compensation due to an employee by reason of employment, payable in legal tender of the United States or check on banks convertible into cash on demand at full face value, subject to such deductions, charges or allowances as are permitted in ORS 653.035.

In discerning legislative intent while interpreting a statute, the court's first level of analysis is to examine both the text and context of the statute; if the legislature's intent is clear from such analysis, further inquiry is unnecessary. *PGE v. Bureau of Labor & Industries*, 317 Or. 606, 859 P.2d 1143 (1993). Plaintiff's plain language and textual argument ultimately fails. Although it may be argued, as Plaintiff asserts, that rest periods are earned for every four hours of work, rest periods are in fact mandated minimum employment regulations imposed by OAR 839-020-0050. An employee does not "earn" a rest period in the same manner as one earns "payable legal tender." Payable legal tender is exchanged for or earned by an employee "by reason of employment." An employee's right to rest periods originates from a regulatory mandate and what is due to the employee is not "payable in legal tender." An employee's receipt of a rest period is distinguishable in this legislative scheme from an employee's receipt of monetary wages.

Currently, there is no Oregon appellate decision addressing whether a private right of action exists for rest and meal period violations. Furthermore, the numerous state trial court rulings on the issue do not provide a detailed statutory analysis. *Talarico v. Hoffman Structures, Inc*, WL 1454859 (D. Or. 1999), provides the only detailed judicial analysis of the Oregon statutory scheme currently at issue in this matter. In *Talarico*, Judge Frye reasoned as follows:

"This court agrees with the conclusion of Magistrate Judge Ashmanskas that Plaintiff Talarico is not entitled to be compensated under the unpaid overtime statute for missed break periods. The regulatory scheme provides for a possible civil penalty to be assessed by the Bureau of Labor and Industries against an employer who fails to provide an employee with reasonable rest periods. ORS 653.256. Whether or not plaintiff Talarico received an "appropriate rest period" under O.A.R. 839-020-0050(3), plaintiff Talarico was paid for the hours he worked, and he is not entitled to additional compensation for missed rest periods under ORS 279.334." WL 1454859, p.2.

Plaintiffs fail to successfully distinguish the *Talarico* decision and holding. The decision holds that under "the regulatory scheme", BOLI has exclusive authority to assess against an employer a civil penalty for violations of rest period requirements. This Court finds the reasoning in *Talarico* persuasive.

MOTION 4: DISMISS ALL CLAIMS BY PLAINTIFF POTTER.

Defendant's Motion for Summary Judgment against Plaintiff Potter is granted by this Court based upon a prior claim assignment and settlement by BOLI. In January 2003, following her termination from U.S. Bank, Plaintiff Potter assigned her wage claim to the Oregon Bureau of Labor and Industries ("BOLI"). The BOLI assignment signed by Plaintiff Potter provided:

> "I hereby assign in trust to the Labor Commissioner of the State of Oregon all wages, whether penalty or otherwise, due me from my previous employer, or any other persons legally responsible for the payment of my wages. By this statement, I authorize the Labor Commissioner to equitably adjust and compromise the amount of wages, whether penalty or otherwise, due me from my previous employer or other persons legally responsible for the payment of my wages. If the Bureau settles my claim and I receive the amount settled upon, I agree to give up any right I may have to bring suit for additional wages or penalties."

Acting under and pursuant to the above assignment of claims, BOLI served upon U.S. Bank a "Notice of Wage Claim" letter. In response, U.S. Bank sent a check to BOLI for $596.08 in full final settlement of the claim. BOLI forwarded the U.S. Bank check to Plaintiff Potter, who accepted and deposited the check. The assignment signed by Plaintiff Potter included a specific conditional waiver. The waiver is conditioned upon the occurrence of two events: "If the Bureau settles my claim and I receive the amount settled upon, I agree to give up any right I may have to bring suit for additional wages or penalties." Plaintiff Potter's wages claim was (1) "settled" by BOLI, and (2) Plaintiff Potter "received the amount settled upon." The two required conditions occurred and Potter thereby "agree[d] to give up any right [she] may have to bring suit for additional wages or penalties."

Mr. Schuck and Ms. Bernick
August 29, 2006
Page 5


MOTION 5: DISMISS CLASS CLAIMS: NO ADEQUATE CLASS REPRESENTATIVE (ALL CLAIMS).

Defendant's Motion for Summary Judgment based on the contention that the named plaintiffs are not adequate class representatives is granted based on the absence of any surviving legal claims after summary judgment. Further, the class claims are dismissed on non-participation grounds. The evidence in the record indicates that the representative plaintiffs are not meaningfully participating in this litigation as required by law. Moreover, this Court will not allow for the substitution of class representatives at this stage since plaintiffs have been allowed full discovery and an extensive 3-year period in which to develop their claims. Free and liberal substitution of representative plaintiffs is not appropriate under these circumstances. Therefore, this Court grants Defendant's Motion to dismiss Plaintiff's class claims.

Defense counsel should prepare an appropriate form of Order consistent with this letter opinion.

Sincerely,

RICHARD C. BALDWIN
Circuit Court Judge