# Exh 10



CIRCUIT COURT OF THE STATE OF OREGON
FOURTH JUDICIAL DISTRICT
MULTNOMAH COUNTY COURTHOUSE
1021 S.W. FOURTH AVENUE
PORTLAND, OR 97204-1123

RONALD E. CINNIGER
JUDGE

PHONE (503) 988-3546
FAX (503) 276-0947

September 17, 2007

Carol Bernick
Chris McCracken
Davis Wright Tremaine LLP
1300 SW 5th Ave Ste 2300
Portland OR 97201

David A. Schuck
J. Dana Pinney
Bailey Pinney & Associates, LLC
1498 SE Tech Center Place, Suite 290
Vancouver WA 98683

RE: *Brad Belknap, et al v. U.S. Bank National Association*, Case No. 0301-00042; defendant's motion to decertify class; letter opinion

Dear Counsel:

On July 12, 2007, defendant filed a "renewed" motion to decertify. The court had denied defendant's original motion. The court prohibited defendant from filing another such motion without a showing justifying a renewed motion to decertify. The defendant made a sufficient showing. On September 5, 2007, the court heard oral arguments on defendant's motion. Christopher McCracken and Carol Bernick appeared for defendant. J. Dana Pinney and David Schuck appeared for plaintiffs.

## Discussion and Findings

Defendant's renewed motion presented arguments fundamentally similar to its earlier motion, but enhanced with additional facts and benefitting from the extensive case history since the prior motion, which resulted in a more persuasive argument.

The court has a duty to continually assess whether class treatment is appropriate. These cases are complex by nature and conditions change over time. As a class action progresses it can be shown that class treatment that was once deemed appropriate is no longer appropriate. After certification much is learned about the case from discovery and the motion practice.

Defendant argues that it is now clear after document discovery, depositions, responses to notices, and motion practice that individual questions of fact predominate, making class treatment an inferior method of adjudication. Critical elements of a vast majority of the claims must be individually adjudicated. The court finds that class treatment is not a superior method of adjudicating the case in a fair and efficient manner. ORCP 32 B.

Carol Bernick
Chris McCracken
David Schuck
J. Dana Pinney
September 17, 2007
Page 2

Plaintiff has throughout claimed and assured the court that the case would essentially be resolved by the documents. While defendant's record keeping may have its problems, it appears that defendant has complied with the legal requirements of employment record keeping. The documents leave many different types of factual issues unresolved in most, if not all, of the some six hundred or more claims filed or expected to be filed. To resolve these factual issues, witnesses will have to be called and, in most if not virtually all cases, the resolution of one individual's factual issues will have no impact on resolving another's claim.

The class has been divided functionally into two sub-classes known as Group I ("knowns") and Group II ("unknowns"). The Group II claimants are a group of approximately 1,400 former employees whose employment records arguably do not indicate whether the former employee ever gave the 48 hours or greater notice of termination to the employer. Group I individuals' employment records indicate that the individuals may have given notice. In regard to Group II individuals, testimony will be required to resolve whether 48 hours notice was given--the first step in gaining class membership. This, of course, would be in addition to the other testimony regarding facts that must be proved in order to prevail.

After extensive discovery and motion practice and in the face of the reality presented by the number of individual fact determinations for a large group of individual claimants, plaintiff has offered no plan to efficiently resolve the necessary fact issues at trial. The court has asked plaintiff to articulate a trial plan. Most recently plaintiffs have continued to avoid answering the court's request, but suggested that the plaintiffs' extensive motion practice close in to the trial date will resolve many claimants cases, and that they cannot offer a plan until the results of the motion are known. Additionally, plaintiffs suggest that the court would be able to resolve damage issues without a trial. The plaintiffs have not provided sufficient details. The court has little confidence that plaintiffs will present a viable, efficient trial plan in a timely manner.

Defendants also argue that the two named plaintiffs have been shown to not be typical of the class they purport to represent. Defendant argues that depositions of the two individuals show that factual issues would be resolved in defendant's favor. The court is unpersuaded that the named plaintiffs are not typical as defined in and required by ORCP 32, allowing that they might lose their claims on the facts. The court, however, is persuaded that the two plaintiffs may be typical of the absent class members in the sense that critical factual issues exist in their cases and are likely to exist in a vast majority of the several hundred claimants.

Early on in the case, it was unknown how many class members existed and how many would make claims. If the majority of the claims could be determined by the documents, with a small percentage having factual issues needing individual testimony, that could have been

Carol Bernick
Chris McCracken
David Schuck
J. Dana Pinney
September 17, 2007
Page 3

tolerated and dealt with by an appropriate trial plan.[1] But now, clearly, that is not the case.

The court ordered mediation. The mediation was suspended at the parties' request, because they had reached an "impasse." The mediation process that did occur resolved no claims. This result also suggests that the trial of the factual issues will be protracted, complex and highly contested.

### Conclusion

In re-analyzing the case at this point in time, with the benefit of the discovery process, the results of the motion practice, and knowledge of the nature of the claims made and the defenses asserted, the court concludes that class treatment is not a superior method in resolving the controversy. In deciding this motion, the court on its own considered various schemes of partial decertification, but with each, in the final analysis, it was more an exercise in mitigating the problems than creating a process that results in class treatment being a superior method of adjudication.

The class is decertified. The trial of the named plaintiffs will proceed. Defendant will prepare the order. The defendant will also prepare a notice to the claimants that the class has been decertified and an order for its distribution. This letter will become part of the official court file.

Sincerely yours,

RONALD E. CINNIGER
Circuit Court Judge

REC:slh
cc:   court file

---

[1] This would also be true in the case if a large number had damage amounts that could be resolved by simple reference to the documents in the case.