Exh 12

FILE NO. _____
DOCKETED 3/12 ____ BY: WF
PPEARANCE: 4/6 4/7

RECEIVED AND FILED

2008 JAN 18 PM 2:20

JACKSON CIRCUIT COURT
DOCKETED BY:_____

CIRCUIT COURT OF OREGON
COUNTY OF JACKSON

No.  080289 L3

| | |
|---|---|
| TARA CRIPPEN THOMAS, SHELLY GILLASPIE, AND CARLIN HALE, individually, and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. Bank National Association, dba U.S. Bank<br><br>Defendant. | CLASS ACTION ALLEGATION COMPLAINT<br>(Wage Claim)<br><br>JURY TRIAL DEMANDED<br><br>NOT SUBJECT TO MANDATORY ARBITRATION.<br><br>THE AGGREGATE OF CLAIMS DOES NOT EXCEED 5 MILLION DOLLARS<br><br>(Claim More than $10,000) |

## I.   PRELIMINARY STATEMENT

1.

This is an action to recover unpaid penalty wages for all former employees of defendant, U.S. Bank National Association, hereafter U.S. Bank.

2.

U.S. Bank failed to pay Plaintiffs and former employees all earned wages due when required by ORS 652.140, entitling Plaintiffs and all other similarly situated former employees to penalty wages pursuant to ORS 652.150.

## II.   JURISDICTION AND VENUE

3.

The aggregate total of the claim pled herein does not exceed five million dollars.

Page 1 -  Class Action Complaint for Penalty Wages.

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

## III.  PARTIES

4.

U.S. Bank National Association at all material times herein, was doing business in the State of Oregon as U.S. Bank.

5.

Plaintiffs and all others similarly situated class members who were subject to Oregon wage and hour laws and ended their employment with U.S. Bank,

a)    between January 2, 2000, and January 2, 2003, and who provided not less than 48 hours prior notice and were due wages that were not paid all wages on their termination date when required by ORS 652.140 and submitted claims in the *Belknap v. U.S. Bank*, Multnomah County case no 0301-00042, and,

b)    within the three years prior to the date of filing of the complaint herein provided U.S. Bank with not less than 48 hours prior notice of their termination, and were due wages which were not paid on their final day of employment when required by ORS 652.140.

## IV.  COMMON ALLEGATIONS

6.

Common questions of fact and law exist as to all class members and predominate over any questions that affect only individual class members.  The conduct of U.S. Bank by failing to pay all wages when due to employees that provided not less than 48 hours prior notice of their terminations is at issue in this case and affected Plaintiffs and all purported class members.

7.

Based on information and belief, the members of the class exceeds 50 members.

8.

The case of *Belknap v. U.S. Bank* was filed on or about January 2, 2003, in Multnomah County as a class action, case no 0301-00042.

Page 2 – Class Action Complaint for Penalty Wages.

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

9.

Thereafter, the *Belknap* case was certified as a class action lawsuit on July 26, 2004, and was decertified on or after December 7, 2007.

10.

Each of the Plaintiffs herein were class members in the *Belknap* case.

## VI. CLAIM

11.
(Late Payment of Wages upon Termination)

Plaintiffs, and other former employees seek penalty wages as provided by ORS 652.150 for U.S. Bank's failure to pay all wages when required by ORS 652.140, upon termination of their employment:

    a)    For Plaintiffs and those former employees whose employment ended between January 2, 2000, through January 2, 2003, provided not less than 48 hours prior notice and were due wages that were not paid on their termination date when required by ORS 652.140 and filed claims in *Belknap v. U.S. Bank*, Multnomah County case no 0301-00042 and,

    b)    for all other former employees whose employment ended within the three years prior to the filing of this complaint, who provided U.S. Bank with not less than 48 hours notice of their termination and were due wages that were not paid wages when required by ORS 652.140.

## VII. CLASS ALLEGATION RELATING TO RULE 32 CLASS
### DEFINITION OF CLASS

12.
(Late Payment Class)

Those former employees of U.S. Bank whose employment with U.S. Bank ended either:

///
///

Page 3 – Class Action Complaint for Penalty Wages.

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

1     a)    between January 2, 2000, through January 2, 2003, and who provided not less

2  than 48 hours prior notice, were due wages that were not paid on their termination date when

3  required by ORS 652.140, and submitted claims in the *Belknap case*, or,

4     b)    within the three years prior to the filing of this complaint and who provided not

5  less than 48 hours prior notice and were due wages that were not paid on their termination

6  date when required by ORS 652.140.

### ORCP 32H NOTICE

#### 13.

On or about November 9, 2007, Plaintiffs, on behalf of themselves and all former U.S. Bank employees who left U.S. Bank's employment within the three years prior to the filing of this action, pursuant to ORCP 32H, gave a pre-litigation notice to U.S. Bank and demanded that U.S. Bank immediately cure its failure to pay wages as required by Oregon law, and pay all amounts due within 30 days after notice.

#### 14.

On or about September 13, 2002, Brad Belknap and Lorraine Nicole Brulc, individually and on behalf of all others similarly situated gave a pre-litigation notice to U.S. Bank and demanded that U.S. Bank immediately cure its failure to pay wages as required by Oregon law, and pay all amounts due within 30 days after notice.

#### 15.

Despite Plaintiffs' request that U.S. Bank cure, U.S. Bank has failed and refused to cure its unlawful conduct, and has failed and refused to pay Plaintiffs and all similarly situated class members all penalty wages due, and those penalty wages remain due and unpaid.

### NUMEROSITY

#### 16.

Based on information and belief, the members of the Oregon State wage and hour class exceeds 50 persons.

Page 4 –  Class Action Complaint for Penalty Wages.

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

## QUESTIONS OF LAW AND FACT

### 17.

Common questions of fact and law exists as to all class and subclass members and predominate over any questions that affect only individual class members. The conduct at issue in this case affected all former U.S. Bank employees. Common questions include:

a    Whether Plaintiffs and class members are subject to Oregon State wage and hour statutes.

b    Whether U.S. Bank failed to pay Plaintiffs and similarly situated class members all wages upon termination of their employment when those wages were due.

c    Which remedies are available for the violations of Oregon State wage and hour laws.

### TYPICALITY

### 18.

The claims of the Named Plaintiffs are typical of the claims of the members of the wage and hour class in that:

a.    Plaintiffs are members of the class.

b.    Plaintiffs' claims stem from the same practice or course of conduct that forms the basis of the class.

c.    Plaintiffs' claims are based upon the same legal and remedial theories as those of the class and involve similar factual circumstances.

d.    There is no antagonism between the interests of the Named Plaintiffs and absent class members.

e.    The injuries which Plaintiffs suffered are similar to the injuries which class members have suffered.

///

Page 5 - Class Action Complaint for Penalty Wages.

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

## REPRESENTATION BY PLAINTIFFS

### 19.

The Named Plaintiffs will fairly and adequately represent the class in that:

a.   There is no conflict between their claims and those of the class members.

b.   Plaintiffs have retained counsel who are skilled and experienced in wage and hour cases and in class actions and who will vigorously prosecute this litigation.

c.   Plaintiffs' claims are typical of the claims of class members.

### 20.

Certification of Plaintiffs' claims pursuant to ORCP 32 is appropriate because:

a.   Common questions of law or fact predominate over questions affecting only individual members.

b.   The forum is convenient to the parties, class members, and potential witnesses; the class is specifically identifiable to facilitate provision of adequate notice; and there will be no significant problems managing this case as a class action.

c.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual class members have minimal interest in controlling the prosecution of separate actions.

## CLAIM FOR RELIEF
(ORS 652.140 Late Payment, Penalty Wages)

### 21.

Plaintiffs re-alleges all previous paragraphs as though fully alleged herein.

### 22.

Plaintiffs and those members of the late pay class whose employment with U.S. Bank ended:

///

Page 6 -  Class Action Complaint for Penalty Wages.

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

1    a)    between January 2, 2000, and January 2, 2003, who provided not less than 48

2    hours prior notice, were due wages that were not paid on their termination date when required

3    by ORS 652.140 and who submitted claims in the case of *Belknap v. U.S. Bank*, Multnomah

4    County case no. 0301-00042, and

5    b)    those employees whose employment ended within the three years prior to the

6    filing of this complaint and who provided not less than 48 hours prior notice and were due

7    wages and were not paid those wages on their termination date as required by ORS 652.140.

8                                   23.

9    Tara Crippen Thomas gave not less than 48 hours notice, excluding Saturday, Sunday

10    and holidays, of her intent to quit her employment with U.S. Bank.

11                                   24.

12    Tara Crippen Thomas' last day worked for U.S. Bank was November 12, 2002 and all

13    of Tara Crippen Thomas' wages were due immediately on November 12, 2002 the date Tara

14    Crippen Thomas' employment ended.

15                                   25.

16    U.S. Bank failed to make payment of all of Tara Crippen Thomas' earned wages

17    when due and when required by ORS 652.140.

18                                   26.

19    In paying Tara Crippen Thomas' final wages, U.S. Bank was a free agent.

20                                   27.

21    In paying Tara Crippen Thomas' final wages, U.S. Bank determined its own actions.

22

23                                   28.

24    In paying Tara Crippen Thomas' final wages, U.S. Bank was not responsible to, nor

25    coerced by any other person or entity or authority.

26    ///

Page 7 – Class Action Complaint for Penalty Wages.

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

29.

U.S. Bank knew Tara Crippen Thomas left U.S. Bank's employment.

30.

U.S. Bank intended to prepare the payment of Tara Crippen Thomas' final wages on November 25, 2002.

31.

U.S. Bank's failure to make payment of Tara Crippen Thomas' final wages when due continued until November 25, 2002, a period of 13 days.

32.

Because of U.S. Bank's failure to make payment of final wages when due, Tara Crippen Thomas is due statutory penalty wages of $858.00, pursuant to ORS 652.150, for the continuation of Tara Crippen Thomas' wages for 13 days, calculated at Tara Crippen Thomas's pay rate of $8.25 per hour for 8 hours for each day U.S. Bank failed to pay Tara Crippen Thomas's wages after those wages became due.

33.

On or about October 4, 2007, Tara Crippen Thomas' attorney gave written notice of Tara Crippen Thomas' wage claim to the U.S. Bank, prior to the filing of this action.

34.

Shelly Gillaspie gave not less than 48 hours notice, excluding Saturday, Sunday and holidays, of her intent to quit her employment with U.S. Bank.

35.

Shelly Gillaspie's last day worked for U.S. Bank was October 20, 2001 and all of Shelly Gillaspie's wages were due immediately on October 20, 2001 the date Shelly Gillaspie's employment ended.

///

///

Page 8 -  Class Action Complaint for Penalty Wages.

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

36.

U.S. Bank failed to make payment of all of Shelly Gillaspie's earned wages when due and when required by ORS 652.140.

37.

In paying Shelly Gillaspie's final wages, U.S. Bank was a free agent.

38.

In paying Shelly Gillaspie's final wages, U.S. Bank determined its own actions.

39.

In paying Shelly Gillaspie's final wages, U.S. Bank was not responsible to, nor coerced by any other person or entity or authority.

40.

U.S. Bank knew Shelly Gillaspie left U.S. Bank's employment.

41.

U.S. Bank intended to prepare the payment of Shelly Gillaspie's final wages on November 8, 2001.

42.

U.S. Bank's failure to make payment of Shelly Gillaspie's final wages when due continued until November 8, 2001, a period of 19 days.

43.

Because of U.S. Bank's failure to make payment of final wages when due, Shelly Gillaspie is due statutory penalty wages of $1,827.04, pursuant to ORS 652.150, for the continuation of Shelly Gillaspie's wages for 19 days, calculated at Shelly Gillaspie's pay rate of $12.02 per hour for 8 hours for each day U.S. Bank failed to pay Shelly Gillaspie's wages after those wages became due.

44.

On or about November 9, 2007, Shelly Gillaspie's attorney gave written notice of

Page 9 - Class Action Complaint for Penalty Wages.

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

1  Shelly Gillaspie's wage claim to the U.S. Bank, prior to the filing of this action.

2                                   45.

3      Carlin Hale gave not less than 48 hours notice, excluding Saturday, Sunday and

4  holidays, of her intent to quit her employment with U.S. Bank.

5                                   46.

6      Carlin Hale's last day worked for U.S. Bank was September 10, 2001 and all of

7  Carlin Hale's wages were due immediately on September 10, 2001 the date Carlin Hale's

8  employment ended.

9                                   47.

10     U.S. Bank failed to make payment of all of Carlin Hale's earned wages when due and

11  when required by ORS 652.140.

12                                  48.

13     In paying Carlin Hale's final wages, U.S. Bank was a free agent.

14                                  49.

15     In paying Carlin Hale's final wages, U.S. Bank determined its own actions.

16                                  50.

17     In paying Carlin Hale's final wages, U.S. Bank was not responsible to, nor coerced by

18  any other person or entity or authority.

19                                  51.

20     U.S. Bank knew Carlin Hale left U.S. Bank's employment.

21                                  52.

22     U.S. Bank intended to prepare the payment of Carlin Hale's final wages on September

23  28, 2001.

24                                  53.

25     U.S. Bank's failure to make payment of Carlin Hale's final wages when due continued

26  until September 28, 2001, a period of 18 days.

Page 10 - Class Action Complaint for Penalty Wages.

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

54.

Because of U.S. Bank's failure to make payment of final wages when due, Carlin Hale is due statutory penalty wages of $1,224.00, pursuant to ORS 652.150, for the continuation of Carlin Hale's wages for 18 days, calculated at Carlin Hale's pay rate of $8.50 per hour for 8 hours for each day U.S. Bank failed to pay Carlin Hale's wages after those wages became due.

55.

On or about October 4, 2007, Carlin Hale's attorney gave written notice of Carlin Hale's wage claim to the U.S. Bank, prior to the filing of this action.

56.

Each late pay class member whose employment between January 2, 2000, and January 2, 2003, submitted a claim in the case of *Belknap v. U.S. Bank*, Multnomah County case no. 0301-00042.

57.

Each late pay class member gave U.S. Bank not less than 48 hours notice, excluding Saturday, Sunday and holidays, of their intent to quit their employment with U.S. Bank.

58.

Each late pay class member's last day worked for U.S. Bank was known to U.S. Bank and each late pay class member's wages were due immediately on the date each late pay class member's employment ended.

59.

At the time late pay class members' employment ended, U.S. Bank failed to pay late pay class members, all wages when due, as required by ORS 652.140.

60.

In paying late pay late pay class members' final wages, U.S. Bank was a free agent.

61.

In paying late pay class members' final wages, U.S. Bank determined its own actions.

Page 11 -Class Action Complaint for Penalty Wages.

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

62.

1
2    In paying late pay class members' final wages, U.S. Bank was not responsible to, nor
3    coerced by any other person or entity or authority.

63.

4
5    U.S. Bank knew when each late pay class member left U.S. Bank's employment.

64.

6
7    U.S. Bank intended to prepare the payment of late pay class members' final wages on
8    the date those final payments were prepared.

65.

9
10   U.S. Bank's failure to pay late pay class members' wages when due continued for the
11   period of time between the date due and the date final payment was paid.

66.

12
13   Because of U.S. Bank's failure to immediately make payment of late pay class
14   members' wages when due, late pay class members are due penalty wages under ORS
15   652.150, for the continuation of late pay class members' wages from the date due until paid
16   for a maximum of 30 days, in amounts to be determined for each class member.

67.

17
18   Plaintiffs have been required to bring this action on their behalf and on behalf of late
19   pay class members, to recover penalty wages as provided by ORS 652.150.

68.

20
21   Because of U.S. Bank's failure to pay Plaintiffs' and late pay class members' wages
22   when those wages were due and payable, Plaintiffs and late pay class members are entitled to
23   recover costs, disbursements, and reasonable attorneys fees, pursuant to ORS 652.200(2).

24   ///
25   ///
26   ///

Page 12 - Class Action Complaint for Penalty Wages.

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 557-2551 • Fax (360) 567-3331

69.

1

2      Plaintiffs seek as damages penalty wages pursuant to ORS 652.150, plus costs,

3   disbursements and attorney fees, pursuant to ORS 652.200(2) for themselves and all late pay

4   class members whose employment ended:

5          a)     between January 2, 2000, through January 2, 2003, who provided not less than

6   48 hours prior notice, were due wages that were not paid on their termination date when

7   required by ORS 652.140 and who submitted claims in the case of *Belknap v. U.S. Bank*,

8   Multnomah County case no. 0301-00042,

9          b)     within the three years prior to the filing of this action and who were not paid

10   all wages when required by ORS 652.140 and who provided not less than 48 hours prior

11   notice and were due wages and were not paid those wages on their termination date as

12   required by ORS 652.140.

13      WHEREFORE; Plaintiffs demand judgment against U.S. Bank:

14   UPON Plaintiffs and class members claim for relief for late payment of wages:

15   1) Statutory penalty wages pursuant to ORS 652.150.

16   2) Costs and disbursements, pre- and post- judgment interest in the amount of 9% per annum,

17   and attorney fees pursuant to ORS 652.200(2).

18

19   DATED:  January 16, 2008          BAILEY PINNEY & ASSOCIATES, LLC

20

21

22                                    JAMES DANA PINNEY, OSB 75308
                                      A. E. BAILEY, OSB 87157)
23                                    Of Attorneys for Plaintiffs

24

25

26

Page 13 - Class Action Complaint for Penalty Wages.