JUDITH DROZ KEYES (CA State Bar No. 66408)
STUART W. MILLER (CA State Bar No. 127766)
MICHELLE D. FIFE (CA State Bar No. 240554)
ANGELA CORRIDAN (CA State Bar No. 257076)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-6533
Telephone:    (415) 276-6500
Facsimile:     (415) 276-6599
jkeyes@dwt.com
stuartmiller@dwt.com
michellefife@dwt.com
angelacorridan@dwt.com

Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANN ROSS, MAURITA PRASAD, TAMARA BURKHART, NANETTE RENEE HOUSKEN, DENNIS RAMOS, and KELLY SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION, DBA U.S. BANK,<br><br>Defendant. | Case No. C 07-2951 SI<br><br>**[PROPOSED] ORDER DENYING PLAINTIFFS' MOTION TO PARTIALLY AND TEMPORARILY LIFT THE STAY AND SEVER AND TRANSFER THE CLAIMS OF PLAINTIFF RAMOS TO THE DISTRICT OF OREGON**<br><br>Date: October 3, 2008<br>Time: 9:00 a.m.<br>Courtroom 10<br>Hon. Susan Illston |

**ORDER**

Plaintiffs' Motion to Partially and Temporarily Lift the Stay and Sever and Transfer the Claims of Plaintiff Ramos to the District of Oregon ("Plaintiffs' Motion") came on regularly for hearing in this Court on October 3, 2008, before the Honorable Susan Illston, United States District Court Judge. Appearances of counsel are as set forth in the record.

The Court finds that, pursuant to Plaintiffs' representations in the May 23, 2008, Joint Case Management Statement, Plaintiff Ramos is not pursuing as a named plaintiff any of the claims in the Second Amended Complaint ("SAC") except the claim in the First Cause of Action involving allegedly improper rounding of time worked ("Ramos Claim").

The Court finds that lifting the stay previously ordered by this Court on the Ramos Claim would be premature. The stay will remain in place until the circuit court's denial of class certification in *Lowdermilk v. U.S. Bank National Association*, Multnomah County Oregon Circuit Court, Case No. 0603-03335 ("*Lowdermilk"*) becomes an appealable order and either the appeal period has expired or the appeal has been denied. Accordingly, the motion to lift the stay is denied without prejudice.

The Court further finds that were the stay to be lifted, severing the Ramos Claim from the other claims in the SAC would not facilitate judicial efficiency or avoid prejudice. Plaintiffs allege in the SAC that U.S. Bank has a "centralized payroll department that oversees all payroll for U.S. Bank for all of its locations," that "Plaintiffs' claims stem from the same practices or courses of conduct," that the claims are "based upon the same legal and remedial theories," and that "common questions of law or fact predominate." (SAC, ¶¶ 21, 43(B), 43(C), 46(A)). In making these assertions, Plaintiffs' counsel certified to this Court that to the best of their "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the[se] factual contentions have evidentiary support . . . ." Federal Rule of Civil Procedure ("Rule") 11(b)(3). The motion to sever the Ramos Claim is denied.

The Court further finds that transferring the Ramos Claim to the District of Oregon would not promote the interest of justice. "The 'interest of justice' factor is the most important factor a court must consider and may be decisive in a transfer motion even when all other factors point the

DAVIS WRIGHT TREMAINE LLP

1

other way." *Id.* at *12 (quoting *London & Hull Mar. Ins. Co. v. Eagle Pac. Ins. Co.,* 1996 U.S. Dist. LEXIS 22893 (N.D. Cal. 1996)) (emphasis added.); *see also Wireless Consumers Alliance v. T-Mobile USA, Inc.*, 2003 U.S. Dist. LEXIS 26802 at *4 (N.D. Cal. 2003) ("The question of which forum will better serve the interest of justice is of predominant importance on the question of transfer, and the factors involving convenience of the parties and witnesses are in fact subordinate"). Where, as here, there is evidence of forum shopping, justice requires that the forum shopper's preference of forum not be considered. *See Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).

In the SAC, Plaintiffs asserted that this Court is "convenient to the parties . . . and potential witnesses . . . ." as to all their claims, including the rounding claim. (SAC, ¶¶ 42(E), 46(B)). As with their other assertions, in making this assertion, Plaintiffs' counsel certified that to the best of their "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" this contention had evidentiary support. Rule 11(b)(3). Plaintiffs' counsel and Plaintiff Ramos clearly knew what payroll practice they were challenging, knew where the potential witnesses to that practice were located, and knew where Plaintiff Ramos was located. *See* SAC, ¶ 9. U.S. Bank does not disagree that the Northern District of California is a convenient forum for litigating the SAC.

In view of the Plaintiffs' representation to this Court that this forum is convenient, and in view of their obvious forum shopping, Plaintiffs' transfer motion is denied.

The Court having considered all papers filed in support of and in opposition to Plaintiffs' Motion and having heard the arguments of counsel, and being satisfied that good cause has been shown,

**IT IS HEREBY ORDERED THAT:**

Plaintiffs' Motion to Partially and Temporarily Lift the Stay and Sever and Transfer the Claims of Plaintiff Ramos to the District of Oregon is denied.

Dated: _____       _____
                                                    THE HONORABLE SUSAN ILLSTON
                                                    United States District Court Judge

2

1  Prepared by:

2  DAVIS WRIGHT TREMAINE LLP

3  By:  ___*/s/ Judith Droz Keyes*___
        Judith Droz Keyes
4  Attorneys for Defendant
   U.S. BANK NATIONAL ASSOCIATION

3

[PROPOSED] ORDER
Case No.:  C07-2951SI

DWT 11720924v2 0023784-000227