JOSE R. MATA, SBN 83724
E-Mail: JMata@wagelawyer.com
**BAILEY PINNEY, PC**
1498 SE Tech Center Place, Suite 290
Vancouver, WA 98683
Telephone: (360)567-2551; Fax: (360)567-3331

BONNIE MAC FARLANE, SBN 161526
E-Mail: BMacfarlane@wagelawyer.com
**BAILEY PINNEY, PC**
720 Howe Street, Suite 113
Sacramento, CA 95825
Telephone: (916)923-5537; Fax: (916)923-5587

SUSAN SIMMONS SEEMILLER SBN 150546
E-Mail: SSeemiller@wagelawyer.com
**BAILEY PINNEY, PC**
840 County Square Drive
Ventura, CA 93003
Telephone: (805) 339-9090; Fax: (805) 339-0090

KRISTOPHER P. BADAME, SBN 210349
Email: kbadame@mullenbadame.com
GRANT R. MULLEN, SBN 109686
Email: gmullen@mullenbadame.com
**MULLEN & BADAME, LLP**
25950 Acero, Suite 370
Mission Viejo, CA 92691
Telephone: (949) 462-7171; Fax (949) 462-7172

Attorneys for Plaintiffs Ross, Prasad, Smith, Housken, Burkhart and Ramos

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ann Ross, Dennis Ramos, Maurita Prasad, Tamara Burkhart, Nannette Housken and Kelly Smith, individually and on behalf of all others similarly situated,,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>US BANK NATIONAL ASSOCIATION, dba US BANK,<br>　　　　　Defendant. | Case No. C 07-02951 SI<br><br>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING THE FOURTH CAUSE OF ACTION**<br><br>Date:　　October 3, 2008<br>Time:　　9:00 a.m.<br>Ctrm:　　10<br><br>Hon. Susan Illston |

Plaintiff Kelly Smith opposes US Bank's motion regarding the Fourth Cause of Action. US Bank's motion is against the class/collective claims, not against Kelly Smith's individual claims.

## I. SUMMARY OF ARGUMENT

US Bank's motion does not rest on traditional principles of issue preclusion. Putative class representative Kelly Smith was neither a party nor an FLSA putative collective member in *McElmurry*. Further, there is only a 26 day overlap between the FLSA putative class in this case and the putative class in *McElmurry*. The current FLSA putative class was therefore not represented by the plaintiffs in *McElmurry* (except to the degree of the minimal overlap). Thus, US Bank's motion can only succeed, if at all, under the doctrine of virtual representation. However, the U.S. Supreme Court recently rejected the doctrine of virtual representation as a basis for issue preclusion. In doing so, the U.S. Supreme Court removed any persuasive force from the Seventh Circuit case upon which US Bank primarily relies. US Bank's motion also fails because the issues presented by a motion for FLSA collective certification are no longer the same due to an intervening ruling by U.S. District Judge Haggerty that US Bank recklessly adopted a blanket exemption for sales and service managers. This ruling constitutes collateral estoppel against US Bank, and under recent federal court rulings, helps Kelly Smith establish that she is similarly situated to putative collective members under the FLSA. US Bank's motion fails to meet any of the requirements for issue preclusion (same issue and same party – or privity of a party). The Court must deny US Bank's motion.

## II.    FACTUAL HISTORY

US Bank admits that the *McElmurry* action[1] was filed May 11, 2004 and that the plaintiffs in that case sought to certify an FLSA collective action for the period between May 2001 and May 2004. (Deft's Memorandum, p. 3). Plaintiff Kelly Smith worked for U.S. Bank as a sales and service manager from approximately June, 2004 to August, 2005. (Smith Declaration, ¶ 2). Kelly Smith was not a party to the *McElmurry* action, did not authorize any of the plaintiffs in *McElmurry* to act on her behalf with respect to sales and service manager claims, and is not acting on behalf of any of the

---

[1] *McElmurry and Mrazek v. US Bank National Association*, Oregon U.S. District Court case no. 04-CV-00742.

plaintiffs in McElmurry. *Id.* ¶ 3.² Indeed, if the *McElmurry* collective action had been certified, Kelly Smith would not have received any notice from the Court and would never have collected a dime from the case.

Plaintiffs filed this action on April 6, 2007. With Judge Haggerty's finding that US Bank acted willfully, a three year statute of limitations would apply to the FLSA collective.³ The FLSA putative collective could reach back to April 6, 2004. Since *McElmurry* was filed May 11, 2004, there would only be a minimal 26 day overlap between the two putative collectives.

Thus, neither the putative collective members nor the named plaintiff were represented with respect to their FLSA misclassification claims by the plaintiffs in *McElmurry* (except for the minimal 26 day overlap). Although both Kelly Smith and the *McElmurry* plaintiffs were represented by Bailey Pinney, as discussed below in the legal argument, this fact is irrelevant to issue preclusion under U.S. Supreme Court authorities.

After the Court denied collective certification in *McElmurry*, it held a bench trial. After the trial, U.S. District Judge Ancer Haggerty ruled that, "US Bank showed reckless disregard when it applied a blanket status to all Sales and Service Managers, despite knowing that the job duties of those employees varied widely from the written Sales and Service Manager job description." (Judge Haggerty's "Findings of Fact and Conclusions of Law," ¶ 36, attached as Ex. A, Schuck Decl). In so ruling, Judge Haggerty found the US Bank's violation of the FLSA was willful under 28 U.S.C. § 255(a), entitling the plaintiffs to a three year statute of limitations. *Id.* Judge Haggerty also found that US Bank's blanket exemption was not in good faith under 29 U.S.C. § 259(a). *Id.* ¶ 37.

Once Plaintiff Smith's claims are severed, Plaintiff Smith intends to move to amend her complaint to allege that Judge Haggerty's ruling precludes US Bank from relitigating that it 1) applied

---

²Prior to being a sales and service manager, Kelly Smith was an hourly employee of US Bank. Dependent upon which weekly time sheets she used – something plaintiffs have not investigated – she could have been a member of the *McElmurry* putative class on the rounding claim. The rounding claim alleged that US Bank required employees to round down their time. Her potential membership in the *McElmurray* FLSA rounding claim putative class – which was never certified – is irrelevant to this motion, but is mentioned in the interests of thoroughness. Plaintiff's discussion therefore ignores the *McElmurry* FLSA putative collective regarding the rounding claim.

³28 U.S.C. § 255(a) imposes a two year statute of limitations in FLSA actions, except where the defendant's conduct is willful.

a blanket exemption to all sales and service managers based upon a mere job description; 2) acted willfully and in reckless disregard of its obligations under the FLSA in imposing this blanket exemption; and 3) did not act in good faith in imposing the blanket exemption.  Based on this issue preclusion and authorities cited below, FLSA collective certification is more likely than it was in *McElmurry*.  Kelly Smith therefore asserts that the issue of whether to certify a collective action will be a different issue than that presented in *McElmurry*.

### III.   LEGAL ARGUMENT

Because the *McElmurry* action involved a federal court acting on a federal cause of action, the parties agree that collateral estoppel (also called issue preclusion) is governed by federal law. *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004).  Defendant cannot obtain collateral estoppel under federal law because it cannot prove that either Plaintiff Kelly Smith or the putative collective/class members were parties or putative collective/class members in *McElmurry*. *See*: *Kendall v. VISA U.S.A.*, 518 F.3d 1042, 1050 (9th Cir. 2008) (It must be proven that, "the person against whom collateral estoppel is asserted in the present action was a party or in privity with a party in the previous action.").  Neither can US Bank prove that the issues in this action and *McElmurry* regarding FLSA collective certification would be "identical." *McQuillion*, 369 F.3d at 1096 ("[T]he issue at stake must be **identical** to the one alleged in the prior litigation.") (Emphasis added).  As the party asserting collateral estoppel, US Bank has the burden of proving that it applies. *Kendall*, 518 F.3d at 1050 - 51.

**A.   THE PARTIES ARE DIFFERENT**

    **1)   The U.S. Supreme Court has rejected "virtual representation" as a basis for issue preclusion – which makes federal law different from California law on this issue.**

Under California law, denials of class certifications are sometimes entitled to collateral estoppel effect when, after denial of class certification in a first action, another plaintiff seeks to certify the same class in a second action. *See*: *Bufil v. Dollar Financial Group, Inc.*, 162 Cal. App. 4th 1193, 1202 – 1204, 76 Cal. Rptr. 3d 804 (2008); *Alvarez v. May Dept. Stores Co.,* 143 Cal. App. 4th 1223, 1236, 49 Cal Rptr. 3d 892 (2006).  These cases rest on the doctrine of "virtual representation," which dispenses with the requirement that the party being estopped was a party or in privity with a party in

the prior litigation. *Bufil* summarizes *Alvarez* as holding that the plaintiffs who were denied class certification in the first action were the "virtual representatives" of the plaintiffs in the second action, and that collateral estoppel therefore applied to the denial of class certification. *Bufil,* 162 Cal. App. 4th at 1203. At best US Bank might hope to prevail on some expanded version of virtual representation.

As a matter of federal law, however, the U.S. Supreme Court recently rejected "virtual representation" as a basis for issue preclusion. *Taylor v. Sturgell*, __ U.S. __, 128 S.Ct. 2161, 2167 (June 12, 2008). In *Taylor*, the Supreme Court stated several exceptions to the rule that only parties to a prior action are bound. The exception relevant here is: "In a class action, if the [non-party] was adequately represented by a party who actively participated in the litigation." *Id.* The Court considered "for the first time whether there is any 'virtual representation' exception to the general rule against precluding non parties." *Id.* The Court held, "We disapprove the doctrine of preclusion by 'virtual representation.'" *Id.* In this case, US Bank would need to rely on virtual representation because there is no evidence that the plaintiffs in McElmurry ever represented or even attempted to represent anyone other than possibly the putative collective members in McElmurry – which included neither Kelly Smith nor virtually any of the FLSA putative collective in this case. Since US Bank cannot rely on virtual representation because of *Taylor*, it cannot prevail on its collateral estoppel motion.

**2)    US Bank cannot prove any of the six exceptions announced in *Taylor* to the rule against non party preclusion.**

*Taylor* announced six exceptions to "the rule against nonparty preclusion." *Taylor*, 128 S.Ct. at 2172. The only exception relevant here is "representative suits" such as "properly conducted class actions." *Id.* This exception is inapplicable because Kelly Smith was not even a putative collective member in *McElmurry*. The putative classes also do not overlap – except for a mere 26 days. There is no evidence that Smith was notified of the *McElmurry* action before the denial of certification of the collective. The *McElmurry* plaintiffs provided no representation to either Kelly Smith or the current putative class that would make the "representative suit" exception of *Taylor* applicable.

**3)    Representation of both McElmurry and Smith by Bailey Pinney is Irrelevant.**

In *Taylor*, the U.S. Court of Appeals for the DC Circuit – whose finding of preclusion was

reversed – erred by relying largely upon the fact that the plaintiff in the first suit and the plaintiff in the second suit were both represented by the same law firm. The U.S. Supreme Court summarized the DC Circuit's holding as follows:

> The court then concluded that Herrick had adequately represented Taylor even though Taylor received no notice of Herrick's suit. For this conclusion, the appeals court relied on Herrick's "strong incentive to litigate" and Taylor's later engagement of the same attorney, which indicated to the court Taylor's satisfaction with that attorney's performance in the Herrick case. *Taylor*, 128 S.Ct. at 2170.

*Taylor* rejected the idea that a party in a second case was adequately represented by another party in a first case merely because they had both hired the same attorney. *Taylor* discussed *South Central Bell Telephone Co. v. Alabama*, 526 U.S. 160 (1999), which reversed the holding of the Alabama courts that a decision upholding a tax in a first law suit by a first group of taxpayers barred a second law suit by a different taxpayer. *Taylor* 128 S.Ct. at 2174. In *South Central,* the taxpayer in the second suit had notice of the first law suit and hired the same lawyer hired by the first group of taxpayers. *Id. Taylor* explained that under the DC Circuit's reasoning, because of the notice and the hiring of the same lawyer, the second lawsuit should have been barred. "Yet *South Central Bell* held that application of res judicata in that case violated due process." *Id.* Instead, res judicata would have required at a minimum both 1) that the first suit was in a representative capacity; and 2) that there had been special procedures in place to safeguard the absentees. *Id.* In a class action, the special procedures include notice to absent class members.

Here, although *McElmurry* was filed as a representative action, the Court did not order any special procedures – such as notice – to protect persons who were neither parties nor members of the putative collective. Application of collateral estoppel merely because Kelly Smith also hired the Bailey Pinney law firm would violate due process. There is nothing in *Taylor* that even suggests that class action litigation may bind persons who are not even putative class members. The fact that the same attorneys may be hired in two class actions does not change this result.

**4)    US Bank's reliance upon the Seventh Circuit's *Bridgestone/Firestone* decision is flawed.**

1       US Bank places heavy reliance upon *In Re Bridgestone/Firestone*, 333 F3d 763 (7th Cir. 2003).
2  This Seventh Circuit decision has never been adopted by the Ninth Circuit and neither its reasoning nor
3  its holding survives *Taylor*. In the first class action (a representative action) in *Bridgestone/Firestone*,
4  notice was not provided to putative class members. 333 F.3d at 769.[4] Nevertheless,
5  *Bridgestone/Firestone* held that these putative class members were bound by the decision denying class
6  certification. However, to bind absent class members, *Taylor* requires special procedures to protect the
7  absent class members. In a class action, the required "special procedure" used to safeguard the rights of
8  absent class members is notice. "An elementary and fundamental requirement of due process in any
9  proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances,
10 to apprise interested parties of the pendency of the action and afford them an opportunity to present
11 their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).
12      Without notice, there were no special procedures protecting the interests of the absent class
13 members. Instead there was only the vigorous prosecution of the action by the original plaintiffs and
14 their attorneys – safeguards that were rejected as inadequate in *Taylor*. Therefore,
15 *Bridgestone/Firestone* does not survive *Taylor*. The lack of special procedures to protect the absent
16 class members – other than zealous putative class counsel – is fatal to the continued vitality of
17 *Bridgestone/Firestone*.
18      Nevertheless, *Bridgestone/Firestone* is readily distinguished from this case. Under
19 *Bridgestone/Firestone* a denial of class certification is only collateral estoppel as to named plaintiffs
20 and class members in the first case. The decision does not even suggest that a denial of class
21 certification is binding on a person who was not even a putative class member in the original case. The
22 only way to expand *Bridgestone/Firestone* to apply collateral estoppel to a person who was not even a
23 putative class member in the original case is through virtual representation – which the Supreme Court
24 soundly rejected in *Taylor*.
25      US Bank argues that under *Bridgestone/Firestone*, "collateral estoppel precludes a new named

---

[4] What the Seventh Circuit stays is that the trial court did not give unnamed class members the opportunity to opt out. We are infer from that – and from the fact that class certification was denied – that no notice was sent to absent putative class members.

plaintiff from pursuing a class action on behalf of a class as to which it has previously been determined class treatment is inappropriate." (Deft's Mem. p. 8). But *Bridgestone/Firestone* only discussed new named plaintiffs **who were putative class members in the original case.**

*Bridgestone/Firestone* states, "A decision with respect to the class is conclusive **only** if the absent **members** were adequately represented by the named litigants and class counsel." 333 F3d at 768 (Emphasis added). The *McElmurry* litigants did not provide any representation – let alone adequate representation – to Kelly Smith, who was not even a putative collective member in *McElmurry* with respect to her misclassification claim. The putative class members in this case were also not represented in *McElmurry* regarding the FLSA misclassification claims at issue in this case. Far from adequate representation, there was no representation at all. So even *Bridgestone/Firestone* does not support US Bank's motion.

Further, *Bridgestone/Firestone* has not been widely adopted by U.S. Courts of Appeal and not all courts agree that a denial of class certification is the type of decision that should be given collateral estoppel effect. In *J.R. Clearwater v. Ashland Chem. Co.,* 93 F.3d 176 (5th Cir. 1996), the court compared a denial of class certification to a denial of summary judgment. Moreover, even after a judgment in the original case became final, the Fifth Circuit refused to give preclusive effect to the denial of class certification. The Fifth Circuit stated, "It is our considered view that the wide discretion inherent in the decision as to whether or not to certify a class dictates that each court or at least each jurisdiction be free to make its own determination in this regard." 93 F.3d at 180.

**B.    THE ISSUES ARE DIFFERENT**

As noted above, for collateral estoppel to apply, the identical issue must be presented. Judge Haggerty's finding that US Bank recklessly relied on its job description to adopt a blanket exemption for all service and sales managers would change the FLSA certification issue substantially from that presented in *McElmurry* at the time the court decided certification. Under recent, and increasingly common case law, the existence of a blanket exemption of all employees in a position substantially increases the probability of a certification of either a Rule 23 class or an FLSA collective. It will be more difficult for US Bank to argue that individual circumstances need to be considered when it recklessly relied only on a job description in issuing a blanket exemption. Judge Haggerty's ruling after

the bench trial changes the calculus substantially.

For example, *In Wells Fargo Home Mortgage Overtime Pay Litigation*, 527 F. Supp. 2d 1053, 1065 (N.D. Cal., 2007), Judge Patel noted that common questions often are held to predominate over individual ones when an employer uniformly classifies a class of employees as exempt and then attempts to point out individual questions of fact to avoid class certification. Judge Patel cited *Wang v. Chinese Dailey News*, 231 F.R.D. 602, 613 (C.D. Cal. 2005) where the court held that the defendant "cannot, on the one hand, argue that all [putative class members] are exempt from overtime wages and, on the other hand, argue that the Court must inquire into the job duties of each [putative class member] in order to determine that individual is exempt." *Wang,* as quoted in *Wells Fargo* at 1065. In the same vein, Judge Patel also cited *In Tierno v. Rite Aid Corp.*, 2006 U.S. Dist. LEXIS 71794, 2006 WL 2535056 (N.D. Cal., 2006)(Henderson, J.); *Krzesniak v. Cendant Corp., 2007* LEXIS 47518, 2007 WL 1795703 (N.D. Cal. 2007) (Jenkins, J.). After a through analysis of the issues, Judge Patel granted certification on the misclassification claims both under Rule 23 and under the FLSA.

After Judge Haggerty's ruling that US Bank recklessly issued a blanket exemption to all sales and service managers based only on its job description, the FLSA collective action certification decision is not identical to that posed in the McElmurry case before the ruling was made. As noted, once this Court rules on severing Smith's claims, Plaintiff intends to move to amend the complaint to allege that collateral estoppel binds US Bank with respect to Judge Haggerty's findings.

Although Magistrate Judge Hubel rejected arguments made by *McElmurry* based on a blanket exemption (Hubel Findings and Rec., pp. 19-20, attached as Ex. B, Schuck Decl.), he did not have before him a final judicial finding that US Bank was willful and reckless in imposing the blanket exemption. Under the more recent authorities discussed above, a defendant who recklessly issues a blanket exemption is going to have a harder time convincing a court that it should consider supposed individual issues of fact if the employer, by definition, never considered them.

**C.    RULE 23 MOTION ON OREGON STATE LAW CLAIMS NOT PRECLUDED**

A Rule 23 motion based on Oregon law is not precluded for essentially the same reasons that the FLSA collective is not precluded. The class periods are similar to the FLSA putative class period because the Oregon statute of limitations for penalties for late payment of wages is also three years.

1  ORS 12.100(2).[5]  Defendant cannot rely on an argument that it is harder to get a Rule 23 class certified than it is to get an FLSA class certified.  Defendant has the burden of proving that the certification issue decided in *McElmurry* is **identical** to the Rule 23 class certification issue that would be decided in this case.  *McQuillion*, *supra.*, 369 F.3d at 1096.  The standards for a Rule 23 class as spelled out in FRCP Rule 23 are just different from the *similarly situated* standard for FLSA.  Therefore, the issues are not identical and issue preclusion cannot apply.

### CONCLUSION

US Bank fails to establish even one element of collateral estoppel under federal law.  The parties here are different from the parties in *McElmurry*.  Further, the FLSA collective certification issue will also be different. The Court should deny US Bank's motion for summary judgment as to Plaintiff's class and collective claims in the Fourth Cause of Action.

Dated: September 12, 2008            Bailey Pinney, PC

                                     By _____/s/_____
                                     Jose R. Mata
                                     Attorneys for Plaintiffs Ross, Prasad, Burkhart,
                                     Housken, Smith and Ramos

---

[5] An Oregon action for overtime must be commenced within two years. ORS 12.110(3).