# Exhibit A

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KERI MCELMURRY and KAREN
MRAZEK, individually, and on behalf of all
similarly situated,

        Plaintiffs,                    Civil No.  04-642-HA

        v.                            FINDINGS OF FACT AND
                                         CONCLUSIONS OF LAW

U.S. BANK NATIONAL ASSOCIATION,
dba U.S. Bank,

        Defendants.

_____

HAGGERTY, Chief Judge:

      This matter was tried before the Court on January 23–24, 2008.  Upon review of the

pleadings, the submissions by both parties, the evidence adduced at trial, and after evaluating the

credibility and weight to be given the sworn testimony of witnesses at trial, the Court makes the

following findings of fact and conclusions of law:

1  -  FINDINGS OF FACT AND CONCLUSIONS OF LAW

## I.    FINDINGS OF FACT

1.    Defendant U.S. Bank National Association ("U.S. Bank") is a bank organized under the National Banking Act with locations throughout the United States, including Oregon.

### A.    Plaintiff McElmurry

2.    Plaintiff Keri McElmurry ("McElmurry") worked as a Sales and Service Manager at the Cornelius, Oregon, branch of U.S. Bank from October 1, 2002 to January 10, 2003.

3.    Beginning on November 1, 2002, U.S. Bank paid McElmurry a fixed salary as an exempt employee.

4.    No records were kept of the actual number of hours worked by McElmurry while she was a Sales and Service Manager.

5.    U.S. Bank did not pay McElmurry for hours that she worked in excess of forty hours per week.

6.    While employed as a Sales and Service Manager, McElmurry worked an average of ten hours per day. McElmurry's hourly wage, based on her weekly salary, and presuming a forty hour work week, was $9.25 per hour. The corresponding time-and-a-half overtime wage is $13.88 per hour.

7.    McElmurry worked an average of two hours of overtime on thirty one days during the time that she was a Sales and Service Manager. This total does not include weeks where there were federal holidays. The total overtime pay due to her for this period is $860.56 (31 days x 2 hours/day x $13.88 per hour).

8.    After January 10, 2003, McElmurry continued to work for U.S. Bank in a non-exempt position until she ended her employment on November 28, 2003.

2 -  FINDINGS OF FACT AND CONCLUSIONS OF LAW

9.    McElmurry provided U.S. Bank with notice of her intent to end her employment at least
      forty eight hours before November 28, 2003.

10.    On November 26 and 28, 2003, McElmurry received payments of various wages due
       from U.S. Bank via direct deposit to her bank account. She was not paid at that time for
       any of the overtime she worked while a Sales and Service Manager.

    **B.    Plaintiff Mrazek**[1]

11.    Before August 1, 2001, plaintiff Karen Mrazek ("Mrazek") had been serving as an
       interim branch manager for the downtown Corvallis branch. On August 1, 2001, Pamela
       Williams became the branch manager for that branch, and Mrazek became a Sales and
       Service Manager.[2]

12.    In the Fall of 2002, she was transferred to the North Corvallis branch of U.S. Bank,
       where she worked in the same position until January 23, 2003.

13.    No records were kept of the actual number of hours worked by Mrazek while she was a
       Sales and Service Manager.

14.    U.S. Bank did not pay Mrazek for hours that she worked in excess of forty hours per
       week.

15.    While working as a Sales and Service Manager, Mrazek had three different hourly wages,
       based on her weekly salary, and presuming a forty hour work week. From August 1,

---

[1] Mrazek's last name is now Montoya. During trial, counsel continued to refer to her as
Mrazek; the Court also uses that name herein.

[2] Neither party offered a concrete date for the transfer. For the purposes of calculating
overtime pay, the Court will utilize an end date of October 31, 2002, for Mrazek's employment at
the downtown Corvallis branch.

3 -  FINDINGS OF FACT AND CONCLUSIONS OF LAW

2001, through December 31, 2001, she was paid $16.83 per hour. From January 1, 2002, through February 28, 2002, she was paid $17.16 per hour. From March 1, 2002, through the end of her employment, she was paid $18.27 per hour. The corresponding time-and-a-half overtime wages are $25.25, $25.74, and $27.41 per hour, respectively.

16.    For a period of eight months, there was no Teller Coordinator at the downtown branch of U.S. Bank, and Mrazek performed those duties in addition to her other work duties.

17.    While Mrazek worked at the downtown Corvallis branch of U.S. Bank as a Sales and Service Manager, her job duties consisted primarily of routine non-management tasks normally performed by non-exempt members of the bank staff. She spent less than fifty percent of her time performing management tasks.

18.    Between August 1, 2001, and October 31, 2002, Mrazek worked an average of forty-five hours per week, or one hour of overtime per work day.[3]

19.    From August 1, 2001, to December 31, 2001, Mrazek worked overtime on a total of eighty-three days. This total does not include weeks where there were federal holidays. The total overtime pay due to her for this period is $2,095.75 (83 days x 1 hour/day x $25.25 per hour).

20.    From January 1, 2002, to February 28, 2002, Mrazek worked overtime on a total of thirty days. This total does not include weeks where there were federal holidays. The total overtime page due her for this period is $772.20 (30 days x 1 hour/day x $25.74/hour).

21.    From March 1, 2002 through October 31, 2002, Mrazek worked overtime on a total of

---

[3] Mrazek also worked between five and twelve hours per month on Saturdays; she included these hours in her estimate of 45 hours per week.

4 -  FINDINGS OF FACT AND CONCLUSIONS OF LAW

one hundred and fifty-six days. This total does not include weeks where there were federal holidays. The total overtime pay due her for this period is $4275.96 (156 days x 1 hour/day x $27.41/hour).

22. Mrazek provided U.S. Bank with notice of her intent to end her employment at least forty-eight hours before January 22, 2003.

23. Mrazek ended her employment with U.S. Bank on January 22, 2003. On January 22, 2002, she received payment of wages due from U.S. Bank through January 22, 2003, via direct deposit to her bank account. She was not paid at that time for any of the overtime she worked while a Sales and Service Manager.

### C.   Defendant U.S. Bank

24. U.S. Bank promulgated a job description for the Sales and Service Manager position. However, U.S Bank was aware that the job duties performed by individual Sales and Service Managers could vary significantly from that written description.

25. U.S. Bank never formally evaluated or audited individual Sales and Service Managers to determine whether their regular job duties qualified them as exempt employees or matched the written job description.

26. U.S. Bank revised the Sales and Service Manager job description in response to changes in federal labor laws in 2004 to ensure that it still described job duties that U.S. Bank believed were consistent with those of an exempt employee.

5 -  FINDINGS OF FACT AND CONCLUSIONS OF LAW

## II.    CONCLUSIONS OF LAW

27.    Plaintiffs have made a sufficient showing of the hours that they worked during the

relevant time periods. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 687-88

(1946) (absent actual time records, plaintiffs can prove the "extent of [uncompensated]

work as a matter of just and reasonable inference"). Defendant has failed to rebut

plaintiffs' showing with specific details that demonstrate the actual hours worked.

Accordingly, the Court has estimated the hours worked for the relevant periods based on

the testimony and evidence presented at trial.

### A.    Plaintiff McElmurry

28.    The court has previously determined that McElmurry was not exempt from the overtime

provisions of the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA").

29.    McElmurry has abandoned her claim alleging truncation of hours in violation of the

FLSA. Accordingly, that claim is dismissed with prejudice.

30.    McElmurry was timely paid all wages other than overtime wages at the time she ended

her employment with U.S. Bank.

### B.    Plaintiff Mrazek

31.    During the time she worked as a Sales and Service Manager at the downtown Corvallis

branch of U.S. Bank from August 1, 2001, through October 31, 2002, Mrazek did not

meet the definitions of a bona fide executive, 29 C.F.R. § 541.1 (2002). Her primary

duty was not "management of the enterprise in which [she was] employed or of a

customarily recognized subdivision thereof." Further, to the extent that she performed

some tasks characteristic of a bona fide executive, she spent less than fifty percent of her

6 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

time on those tasks.

32.     During the time she worked as a Sales and Service Manager at the downtown Corvallis branch of U.S. Bank from August 1, 2001, through October 31, 2002, Mrazek did not meet the definitions of a bona fide administrator, 29 C.F.R. § 541.2 (2002). Her primary duty was not "office or nonmanual work directly related to management policies or general business operations of [her] employer or [her] employers customers." Further, to the extent that she performed some tasks characteristic of a bona fide administrator, she spent less than fifty percent of her time on those tasks.

33.     From August 1, 2001, through the October 31, 2002, Mrazek was not exempt from the overtime provisions of the FLSA.

34.     During the time when she worked as a Sales and Service Manager at the North Corvallis branch from November 1, 2002, through January 23, 2003, Mrazek was exempt from the overtime provisions of the FLSA as a bona fide executive. *See* 29 C.F.R. § 541.1 (2002).

35.     Mrazek was timely paid all wages other than overtime wages at the time she ended her employment with U.S. Bank.

    **C.    Defendant U.S. Bank**

36.     U.S. Bank's violation of the FLSA with respect to classification of plaintiffs as exempt was willful as defined by 29 U.S.C. § 255(a), and the applicable statute of limitations is thus three years. U.S. Bank showed reckless disregard when it applied a blanket exempt status to all Sales and Service Managers, despite knowing that the job duties of those employees varied widely from the written Sales and Service Manager job description. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) (willfulness showing

7 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

requires "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute").

37.    U.S. Bank did not act in good faith as defined by 29 U.S.C. § 259(a) when it categorized plaintiffs as exempt. While the job description used by U.S. Bank was written to comport with federal labor regulations defining exempt workers, there was no evidence that U.S. Bank made efforts to ensure that the job description matched the actual day-to-day job duties of Sales and Service Managers; this was unreasonable. *See Frank v. McQuigg*, 950 F.2d 590, 598 (9th Cir. 1991) ("[T]he employer's 'good faith' is not to be determined merely from the actual state of his mind. . . . [but] also depends upon an objective test-whether the employer, in acting or omitting to act as he did . . . acted as a reasonably prudent man would have acted under the same or similar circumstances.").

38.    U.S. Bank failed to pay plaintiffs overtime pay due to them at the time they were terminated, as required by O.R.S. § 652.140.[4] This failure was willful as defined in O.R.S. § 652.150. *See Wilson v. Smurfit Newsprint Corp.*, 107 P.3d 61, 72 (Or. App. 2004) ("An employer willfully fails to pay wages owed at termination when it knows or reasonably should know all the facts that trigger the obligation under ORS 652.150 . . . . A reasonable lack of knowledge of those historical facts immunizes the employer from penalties."). It was unreasonable for U.S. Bank to apply a blanket exempt status to its Sales and Service Managers. U.S. Bank should have know that plaintiffs were not

---

[4] Plaintiff's pleadings and the pretrial order include the FLSA overtime wages as part of the O.R.S. § 652.140 claim. *Cf. Ochoa v. Weisensee Ranch, Inc.*, 811 P.2d 147, 148-49 (Or. App. 1991) (holding that an FLSA overtime claim without an accompanying O.R.S. § 652.140 claim did not empower the court to apply the penalty provisions of O.R.S. § 652.150).

8 -  FINDINGS OF FACT AND CONCLUSIONS OF LAW

exempt, and thus its failure to pay the overtime wages at termination is deemed willful.

**D.     Remedies**

39.    McElmurry is entitled to $860.56 in overtime pay.

40.    McElmurry is entitled to $860.56 in liquidated damages under 29 U.S.C. § 216(b).

41.    McElmurry is entitled to $2,220.00 in damages under O.R.S. § 652.150.

42.    Mrazek is entitled to $7,143.91 in overtime pay.

43.    Mrazek is entitled to $7,143.91 in liquidated damages under 29 U.S.C. § 216(b).

44.    Mrazek is entitled to $4,384.80 in damages under O.R.S. § 652.150.

45.    Plaintiffs are entitled to recover reasonable attorney fees and the costs of this action.

Plaintiffs are ordered to submit a proposed judgment consistent with these findings of fact and conclusions of law.

IT IS SO ORDERED.

DATED this __11__ day of February, 2008.


                                    ___/s/ Ancer L. Haggerty____
                                       Ancer L. Haggerty
                                       United States District Judge


9 -  FINDINGS OF FACT AND CONCLUSIONS OF LAW