JOSE R. MATA, SBN 83724, OSB 80305
E-Mail: JMata@wagelawyer.com
**BAILEY PINNEY, PC**
1498 SE Tech Center Place, Suite 290
Vancouver, WA 98683
Telephone: (360)567-2551; Fax: (360)567-3331

BONNIE MAC FARLANE, SBN 161526
E-Mail:  BMacfarlane@wagelawyer.com
**BAILEY PINNEY, PC**
720 Howe Street, Suite 113
Sacramento, CA 95825
Telephone: (916)923-5537; Fax: (916)923-5587

SUSAN SIMMONS SEEMILLER SBN 150546
E-Mail: SSeemiller@wagelawyer.com
**BAILEY PINNEY, PC**
840 County Square Drive
Ventura, CA 93003
Telephone: (805) 339-9090; Fax:  (805) 339-0090

KRISTOPHER P. BADAME, SBN 210349
Email: kbadame@mullenbadame.com
GRANT R. MULLEN, SBN 109686
Email: gmullen@mullenbadame.com
**MULLEN & BADAME, LLP**
25950 Acero, Suite 370
Mission Viejo, CA  92691
Telephone: (949) 462-7171; Fax (949) 462-7172

Attorneys for Plaintiffs Ross, Prasad, Smith,
Housken, Burkhart and Ramos

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ann Ross, Dennis Ramos, Maurita Prasad, Tamara Burkhart, Nannette Housken and Kelly Smith, individually and on behalf of all others similarly situated,,<br><br>Plaintiffs,<br><br>vs.<br><br>US BANK NATIONAL ASSOCIATION, dba US BANK,<br>Defendant. | Case No. C 07-02951 SI<br><br>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT (EIGHTH CAUSE OF ACTION)**<br><br>Date:  October 3, 2008<br>Time:  9:00 a.m.<br>Ctrm:  10<br><br>Hon.  Susan Illston |

**TO DEFENDANT AND ITS ATTORNEYS OF RECORD:**

US Bank asks this Court to grant it partial summary judgment on the entirety of Plaintiffs' Eighth Cause of Action. US Bank's motion attacks both the individual Plaintiffs' claims and the class action claims. Plaintiffs ask the Court to deny US Bank's motion except as stipulated to by the parties.

### I. PLAINTIFF ROSS STIPULATION

The parties have stipulated that Plaintiff Ross does not have a "stand-alone" waiting time claim. The portion of US Bank's motion that relates to Plaintiff Ross is resolved by the parties' stipulation. (Doc No. 152). The stipulation defines a "stand-alone" waiting claim as "a claim that is based on an allegation that US Bank failed to pay the Plaintiffs' final paycheck within the time allowed by law." Doc 152, p. 3.

US Bank limits its motion to these stand-alone waiting time claims and does not seek to dismiss Plaintiffs' claims for waiting time penalties "as a measure of damages should they prevail on one or more of their other causes of action * * *." Defendant's Memo., p. 2. Plaintiffs agree that the Court and the parties can distinguish between "stand-alone" and "derivative" claims for purposes of clarity. Plaintiffs define a stand-alone wage claim as one in which the employer's final paycheck is not paid within the time allowed by California Labor Code Sections 201 to 203. Plaintiff believes, however, that the Court cannot grant US Bank's motion to dismiss the Eighth Cause of Action in its entirety. Plaintiffs, even according to US Bank's motion, still have a proper claim for waiting time penalties. The mere fact that in some instances the availability of the claim depends on success of other claims does not eliminate Plaintiffs' waiting time penalty claims.

### II. PLAINTIFFS PRASAD, BURKHART AND HOUSKEN: STATUTE OF LIMITATIONS

US Bank asks the Court to dismiss Plaintiffs Prasad, Burkhart, and Housken's waiting time claims because they were employed by US Bank more than a year before this complaint commenced. US Bank relies on *McCoy v. Superior Court*, 157 Cal. App. 4th 225, 68 Cal. Rptr. 483 (2007), which held that waiting time penalties are limited in accordance with the statute of limitations applicable to the underlying claim. Here, this issue does not depend on whether the Plaintiffs have "stand-alone" or "derivative" waiting time claims. The only issue is whether Plaintiffs' complaint seeks underlying

wages in addition to the penalty. According to *McCoy*, there is a one year statute of limitations when only a Section 203 penalty is sought, but a three year statute of limitations applies when both a Section 203 penalty and the underlying wages are sought. *McCoy* does not support Defendant's motion for two reasons. First, in this case, *McCoy's* one year statute of limitations does not apply because Plaintiffs Prasad, Burkhart and Housken also have pled wage claims. In accordance with *McCoy*, therefore, a three year statute applies. Second, the California Supreme Court would not follow *McCoy*, but instead would rule – consistent with a prior statement on this issue – that in all cases the statute of limitations for Section 203 penalties is three years.

**A.    Even under *McCoy*, a three year statute of limitations applies to the "stand-alone" Section 203 claims of Prasad, Burkhart and Housken because they pled a claim for wages.**

In *McCoy*, the employee's complaint alleged that the employer failed to timely pay his final wages. The trial court had granted the defendant's motion to strike those portions of the plaintiff's complaint alleging the waiting time penalties were due for the four-year period before the filing of the complaint. *McCoy*, 157 Cal. App. 4th at 228. The statute of limitations issue was framed based on what the plaintiff had pled.

The Court of Appeal, Fourth Appellant District, held that Code Civ. Proc. § 340(a) provided the applicable limitation period. The *McCoy* decision rested on the fact that the employee was not suing for his underlying wages. But *McCoy* observes that had Plaintiff's complaint sought waiting time penalties in conjunction with back wages the limitations period would be governed by Labor Code § 203: "We agree with plaintiff to the extent the period set out in section 203 applies to actions for waiting time penalties **sought in conjunction with back wages.**" 157 Cal. App. 4th at 229 (Emphasis added).

US Bank cannot rely on *McCoy* to support its argument that a one year statute applies to Plaintiffs Prasad, Burkhart and Housken's claims. *McCoy* does not stand for that proposition and the Court's comments suggest a contrary result. This Court should hold that Labor Code § 203 applies and that Plaintiffs' claims are subject to a three year statute because they are brought in conjunction with an

underlying wage claim.

**B.    The California Supreme Court would not adopt *McCoy*.**

Furthermore, although in dicta, the California Supreme Court has already stated that actions for late payment of wages under Section 203 are governed by a three year statute of limitations. It is well settled that when ruling on state law, this Court's ultimate responsibility is to predict how the California Supreme Court would rule. *McCoy* quoted the California Supreme Court in relevant part, as follows: "the Legislature expressly provided that a suit seeking to enforce the section 203 penalty would be subject to the same three-year statute of limitations as an action to recover wages." *McCoy* 157 Cal. App. 4th at 233 quoting, *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal.4th 1094, 1108–1109. *McCoy* refused to follow the above guidance from the California Supreme Court because its statement was dicta – which it clearly was – and because the Supreme Court was not distinguishing actions in which only a Section 203 penalty is sought from actions in which both a penalty and wages are sought.

However, *McCoy* overlooked that well-considered dicta from the California Supreme Court is normally followed by intermediate appellate courts and trial courts. "When the Supreme Court has conducted a thorough analysis of the issues and such analysis reflects compelling logic, its dictum should be followed." *Hubbard v. Superior Court*, 66 Cal. App. 4th 1163, 1169, 78 Cal. Rptr. 2d 819 (1997) following, *United Steelworkers of America v. Board of Education*, *supra*, 162 Cal. App. 3d 823, 835 (1984). There is nothing to indicate that the above statement by the California Supreme Court was anything other than well-considered dicta. This Court should follow the California Supreme Court's guidance in *Murphy* and not the *McCoy* decision.

Further, the *McCoy* opinion is not well reasoned and is fairly unique in ruling that the statute of limitations for a claim depends upon what other claims are pled along with it. Labor Code § 203 specifically states: "Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise." There is nothing ambiguous or uncertain about these words. Nothing suggests that the statute of limitations only applies if wages are sued for in the same complaint. To reach its conclusion, the *McCoy* Court found

ambiguity in a statute where no ambiguity exists and effectively inserted words into the statute. Furthermore, the statute of limitations for a claim does not customarily change depending upon whether or not additional claims are included in the complaint. Indeed, *McCoy* cites no authority for its application of a different statute of limitations based on its distinction between penalty-only claims and penalty-plus-wage claims, an interpretation of section 203 which disregards the express words contained in the statute and infers the Legislature's true meaning. Again, this Court should decline to follow *McCoy* and instead follow the California Supreme Court statement in Murphy, which is consistent with the unambiguous language of Section 203.

### III. PLAINTIFFS SMITH AND RAMOS: OREGON PLAINTIFFS

US Bank also argues that the claims of Plaintiffs Smith and Ramos do not bar summary judgment because these Oregon Plaintiffs have decided not to pursue a "stand-alone" waiting time penalty claim. Defendant's Memo., p 3. Plaintiffs agree that Plaintiffs Smith and Ramos are not seeking a "stand-alone" waiting time penalty claim. Plaintiffs Smith and Ramos are still entitled to pursue penalty wages as damages for any other wage claim.

### IV. CONCLUSION

The parties are in agreement that Plaintiffs Ross, Smith and Ramos have derivative waiting time claims and not stand-alone waiting time claims. The parties disagree about which statute of limitations applies to Plaintiffs Prasad, Burkhart and Housken's waiting time claims. The Court should hold that the applicable limitation is three years. The Court should deny US Bank's Motion to Dismiss Plaintiffs' entire Eighth Cause of Action, except to the extent of the separately filed stipulation of the parties.

Dated: September 12, 2008            Bailey Pinney, PC

                                     By _____/s/_____
                                     Jose R. Mata
                                     Attorneys for Plaintiffs Ross, Prasad,
                                     Burkhart, Housken, Smith and Ramos