JOSE R. MATA, SBN 83724, OSB 80305
E-Mail: JMata@wagelawyer.com
**BAILEY PINNEY, PC**
1498 SE Tech Center Place, Suite 290
Vancouver, WA 98683
Telephone: (360)567-2551; Fax: (360)567-3331

BONNIE MAC FARLANE, SBN 161526
E-Mail: BMacfarlane@wagelawyer.com
**BAILEY PINNEY, PC**
720 Howe Street, Suite 113
Sacramento, CA 95825
Telephone: (916)923-5537; Fax: (916)923-5587

SUSAN SIMMONS SEEMILLER SBN 150546
E-Mail: SSeemiller@wagelawyer.com
**BAILEY PINNEY, PC**
840 County Square Drive
Ventura, CA 93003
Telephone: (805) 339-9090; Fax: (805) 339-0090

KRISTOPHER P. BADAME, SBN 210349
Email: kbadame@mullenbadame.com
GRANT R. MULLEN, SBN 109686
Email: gmullen@mullenbadame.com
**MULLEN & BADAME, LLP**
25950 Acero, Suite 370
Mission Viejo, CA  92691
Telephone: (949) 462-7171; Fax (949) 462-7172

Attorneys for Plaintiffs Ross, Ramos, Prasad,
Smith, Housken, and Burkhart

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ann Ross, Dennis Ramos, Maurita Prasad, and Kelly Smith, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>US Bank National Association, dba U.S. Bank,<br><br>Defendant. | Case No. C 07-02951 SI<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO SEVER AND TRANSFER THE CLAIMS OF PLAINTIFF SMITH**<br><br>Date:     October 3, 2008<br>Time:     9:00 a.m.<br>Ctrm:     10, 19th Floor<br><br>Hon.  Susan Illston |

1  The parties agree to sever Plaintiff Smith's misclassification claim (sales and service manager claim). Defendant opposes the transfer of that claim to Oregon and opposes severing or transferring Plaintiff Smith's "lost time deduction" claim.

## I. TRANSFER

Although Defendant agrees that Plaintiff's sales and service manager misclassification claim is "wholly different from the other issues in this case," US Bank opposes the transfer of that claim because "the interest of justice compels the rejection of Plaintiff's petition [to transfer] and because this court is as convenient as Oregon." Defendant's motion p.p. 2, 4.

US Bank argues that Plaintiff Smith filed this case in California because the Oregon Court denied class certification in a similar case. US Bank's sole contention is that because Plaintiff Smith could have filed her claim in Oregon in the first place, the Court should not return her case to Oregon because it would reward Plaintiff for "forum shopping." It is difficult to understand this argument because, if Defendant is correct and Plaintiff chose California as a more receptive forum, Plaintiff Smith should desire to remain in California and, conversely, US Bank should be happy to return the case to Oregon.

US Bank's memorandum implies that Plaintiff and her counsel are pleased with Plaintiff's choice of forum in the Northern District. On the contrary Plaintiff's counsel and Defendant are more than willing to litigate this case before this Court and consider it a privilege to do. Defendant also suggests that Plaintiff's representation that this court is a convenient forum somehow limits Plaintiff's ability to ask the Court for a transfer. It does not. Plaintiff does not disagree that Northern California is a convenient forum. Rather, Plaintiff represents that Oregon is also a convenient forum. From Plaintiff's perspective, she intended to offer the Court a choice of forum so that the Court could make a decision based on judicial efficiency. Plaintiff does not oppose having her case remain in Northern California, if that is the Court's choice. Plaintiff offers the Court the option to transfer the case to Oregon if the Court decides that a transfer is the most practical solution.

///

///

## II. LOST TIME CLAIM

US Bank challenges Plaintiff Smith's request to sever her "lost time deduction" claim based on its perception that Plaintiff Smith's claim is identical under Oregon law as the same claim under California law. It is correct that Plaintiffs allege that US Bank's lost time deduction practice violates both Oregon and California law. The two statutory schemes, however, are not the same and, for that reason, litigation of this claim will be different under Oregon and California law. California law, for example, provides a penalty if the employer fails to properly provide a wage statement to the employee and the employee is damaged by this failure. Oregon does not contain this provision or this penalty. The claims are factually similar, but the applicable law and penalties are not. What could be more confusing to a jury than to decide the same facts under two different sets of jury instructions based on two different statutory schemes?

## **CONCLUSION**

This Court should sever all of Plaintiff Smith's claims. Plaintiff Smith's case should be transferred to the Oregon District Court or kept in the Northern District as the Court deems most appropriate and efficient.


Dated: September 12, 2008        Bailey Pinney, PC


By____/s/_____
Jose R. Mata
Attorneys for Plaintiffs