JOSE R. MATA, SBN 83724, OSB 80305
E-Mail: JMata@wagelawyer.com
**BAILEY PINNEY, PC**
1498 SE Tech Center Place, Suite 290
Vancouver, WA 98683
Telephone: (360)567-2551; Fax: (360)567-3331

BONNIE MAC FARLANE, SBN 161526
E-Mail: BMacfarlane@wagelawyer.com
**BAILEY PINNEY, PC**
720 Howe Street, Suite 113
Sacramento, CA 95825
Telephone: (916)923-5537; Fax: (916)923-5587

SUSAN SIMMONS SEEMILLER SBN 150546
E-Mail: SSeemiller@wagelawyer.com
**BAILEY PINNEY, PC**
840 County Square Drive
Ventura, CA 93003
Telephone: (805) 339-9090; Fax: (805) 339-0090

KRISTOPHER P. BADAME, SBN 210349
Email: kbadame@mullenbadame.com
GRANT R. MULLEN, SBN 109686
Email: gmullen@mullenbadame.com
**MULLEN & BADAME, LLP**
25950 Acero, Suite 370
Mission Viejo, CA  92691
Telephone: (949) 462-7171; Fax (949) 462-7172

Attorneys for Plaintiffs Ross, Ramos, Prasad,
Smith, Housken, and Burkhart

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ann Ross, Dennis Ramos, Maurita Prasad, and Kelly Smith, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>vs.<br><br>US Bank National Association, dba U.S. Bank,<br>  Defendant. | Case No. C 07-02951 SI<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO SEVER AND TRANSFER THE CLAIMS OF PLAINTIFF RAMOS**<br><br>Date:   October 3, 2008<br>Time:   9:00 a.m.<br>Ctrm:   10, 19th Floor<br><br>Hon.  Susan Illston |

Plaintiff Ramos asked this Court to lift its stay temporarily for the purpose of severing and

transferring his claims. In its response, US Bank ignores that Plaintiff Ramos requested that the Court lift the stay only temporarily. The Court can lift the stay to decide this motion, after which the Court can reinstate the stay.

     US Bank objects to severing the rounding claim because it challenges US Bank's payroll practices and because, according to US Bank's argument, Bailey Pinney and Plaintiff Ramos told the Court that these claims and all the claims attacking Defendant's payroll practices were properly brought in a single lawsuit. The question is not whether it was proper to bring all of the claims in a single lawsuit, but whether it makes sense to continue to litigate them together. When the Court expressed concern about the number of potential classes at the Case Management Conference, plaintiffs reviewed all of their claims that might involve different classes and found that some could be readily distinguished. For example, Plaintiff Smith's misclassification claims are distinct. In that case, Defendant agreed.

     Plaintiffs believe that Plaintiff Ramos' rounding claim should also be severed from the other claims. Defendant's argument that it must be kept as one because it involves a payroll practice is too vague. Moreover, the rounding claim, technically speaking, implicates Defendant's time keeping practices, not its payroll practices. Furthermore, not all employees used the time keeping chart that caused the alleged rounding claim injury. In fact, Plaintiffs do not know whether any of the in-store Plaintiffs have such a claim.

     Therefore, the composition of the classes would differ. Especially since the FLSA classes would include Oregon and Washington, and possibly California. The legal issues on rounding are different from other claims. The rounding claim will depend on determining what constitutes permissible rounding under the law. The lost deduction claim, by contrast, will depend on whether US Bank provided Plaintiffs proper itemized wage statements. As discovery has continued over the course of the life of this case, Plaintiffs have become aware that different practices affect different groups of employees. As a consequence, it now makes sense to segregate the rounding claim from other claims. Severing the rounding claim will assist the Court in keeping the number of classes in this action manageable.

1   With regard to transferring the claim, US Bank objects to transferring Plaintiff Ramos's claim
2  basically for the same reason that it opposed transferring Plaintiff Smith's claim. According to
3  Defendant, a transfer would reward Plaintiffs' alleged "forum shopping." Plaintiff Ramos also
4  responds, as did Plaintiff Smith, that he intended to offer the Court a choice of forums. From
5  Plaintiffs' perspective both Oregon and California are convenient forums. Plaintiff Ramos and his
6  counsel are pleased and willing to litigate in this district, if the Court determines that the case should
7  remain here.

Dated: September 15, 2008        Bailey Pinney, PC

                                 By_____/s/_____
                                 Jose R. Mata
                                 Attorneys for Plaintiffs