JUDITH DROZ KEYES (CA State Bar No. 66408)
STUART W. MILLER (CA State Bar No. 127766)
MICHELLE D. FIFE (CA State Bar No. 240554)
ANGELA CORRIDAN (CA State Bar No. 257076)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-6533
Telephone:    (415) 276-6500
Facsimile:    (415) 276-6599
jkeyes@dwt.com
stuartmiller@dwt.com
michellefife@dwt.com
angelacorridan@dwt.com

Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANN ROSS, MAURITA PRASAD, TAMARA BURKHART, NANETTE RENEE HOUSKEN, DENNIS RAMOS, and KELLY SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION, DBA U.S. BANK,<br><br>Defendant. | Case No. C 07-2951 SI<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT (FOURTH CAUSE OF ACTION—COLLECTIVE ACTION AND CLASS CLAIMS)**<br><br>Date: October 3, 2008<br>Time: 9:00 a.m.<br>Courtroom 10<br>Hon. Susan Illston |

## I.    INTRODUCTION

Simply put, Defendant U.S. Bank National Association ("U.S. Bank") rests its Motion for Partial Summary Judgment as to the Fourth Cause of Action ("Defendant's Motion") on the holding of *Bridgestone/Firestone* that a plaintiff is "issue precluded" from bringing a class claim that has already been rejected as unworkable. *In re Bridgestone/Firestone, Inc.,* 333

1

1  F.3d 763 (7th Cir. 2003). In their Opposition, Plaintiffs erroneously assert that Defendant's
2  Motion rests on the concept of "virtual representation" and, accordingly, Plaintiffs needlessly
3  explicate the holdings of California and federal cases construing virtual representation and
4  inaccurately suggest that the *Bridgestone/Firestone* holding yields to recent elucidations of
5  the virtual representation concept. In fact, the holding of *Bridgestone/Firestone* stands wholly
6  apart from (and rejects) the concept of virtual representation, and on a different basis,
7  prohibits exactly what Plaintiffs seek to do in their Fourth Cause of Action – to relitigate the
8  propriety of a class/collective action that alleges the same facts and seeks certification of the
9  same class that has already been fully litigated and rejected.

10  **II.    LEGAL ARGUMENT**

11      **A.    *Bridgestone/Firestone* Precludes Relitigating Class/Collective Action Claims that Have Already Been Denied.**
12

13  As explained in the Memorandum in support of Defendant's Motion, the court in
14  *Bridgestone/Firestone* ruled that, "Our decision that no . . . class is tenable is 'sufficiently
15  firm' for [the] purpose [of issue preclusion]." 333 F.3d at 767. The court envisioned a
16  scenario where nine out of ten judges deemed class certification inappropriate and a single
17  judge would feel differently, so a "single positive trumps all the negatives" and "plaintiffs can
18  roll the dice as many times as they please," and while "class certification sticks (because it
19  subsumes all other suits),. . . a no-certification decision has no enduring effect." *Id.* at 766-
20  767. The court reasoned that this is exactly the sort of situation basic principles of finality
21  and issue preclusion exist to prevent and, on that basis, prohibited relitigation of the issue.
22  In *McElmurry and Mrazek v. U.S. Bank National Association,* Case No. 04-CV-00642
23  (U.S. District Court, Oregon) ("*McElmurry*"), Plaintiffs were twice denied certification of a
24  collective action on the claim that U.S. Bank misclassified its Oregon and Washington Sales
25  and Service Managers ("SSMs") as exempt under the Fair Labor Standards Act ("FLSA"), 29
26  U.S.C. § 201 *et seq.* ("SSM misclassification claim"). The *McElmurry* court denied
27  certification once after fourteen months of discovery, and again after the court had re-opened
28  discovery and had granted plaintiffs leave to renew their motion after the additional

2

DAVIS WRIGHT TREMAINE LLP

1  discovery.  The *McElmurry* court addressed and rejected the very same argument Plaintiffs

2  assert here to defeat Defendant's motion.  In *McElmurry*, as in their opposition to this motion,

3  plaintiffs vigorously argued that U.S. Bank's classification of all SSMs as exempt required

4  certification.  The *McElmurry* court directly addressed this argument and expressly rejected

5  it.[1]  Plaintiffs had a full, fair, and repeated opportunity to litigate the propriety of class

6  certification in *McElmurry*.  To allow Plaintiffs another opportunity to roll the class/collective

7  action certification dice on this very issue, making the very same argument, is contrary to

8  fundamental principles of finality – of issue preclusion – and is directly contrary to the

9  holding of *Bridgestone/Firestone.  See also, Deposit Guaranty National Bank v. Roper*, 445

10  US 326, 336 (1980) (the denial of class certification stands as an adjudication of one of the

11  issues litigated); *In re Dalkon Shield Punitive Damages Litigation*, 613 F Supp 1112, 1115

12  (ED Va 1985) (earlier decertification precluded subsequent action).[2]

---

[1] Magistrate Hubel's October 3, 2006 Findings and Recommendations stated:
> To start, I reject plaintiffs' argument that the fact that defendant has classified all SSMs as exempt is sufficient to show that they are similarly situated.  Adopting plaintiffs' argument would mean that a collective action would be certified for any group of employees classified as exempt, with no further showing by the plaintiffs. This runs counter to the cases indicating that exemption misclassification claims are particularly unsuited to collective action treatment.  Ex.B to Opp'n, p. 20.

Likewise, Judge Haggerty ruled:
> The court agrees with the Findings and Recommendation that defendant's mere classification of all SSMs as exempt is insufficient to establish that the SSMs are similarly situated. . . . As the Findings and Recommendation reasons, such a broad definition of the term would transform every overtime misclassification claim into a collective action.  McCracken Decl., p. 9; Dckt. 135, Ex. 2.

[2] Plaintiffs suggest that *Bridgestone/Firestone* has not been widely adopted, citing *J.R. Clearwater v. Ashland Chem. Co.,* 93 F.3d 176 (5th Cir. 1996).  In that case, the court declined to give preclusive effect to the denial of class certification while the case was still pending because "the denial of class certification [ ] lacks sufficient finality to be entitled to preclusive effect while the underlying litigation remains pending." *Id*. at 179.  Such reasoning does not apply here, where *McElmurry* was fully litigated to final judgment.

3
DEFENDANT'S REPLY ISO MOTION FOR
PARTIAL SUMMARY JUDGMENT (FOURTH CAUSE OF ACTION)
Case No. C 07-2951 SI
DWT 11780645v4 0023784-000227

DAVIS WRIGHT TREMAINE LLP

### B. The Concept of Virtual Representation and Cases Construing that Concept Are Inapposite.

Plaintiffs obfuscate the clear directive of *Bridgestone/Firestone* by introducing *Taylor v. Sturgell,* _U.S. _, 128 S.Ct. 2161 (June 12, 2008), in which the Supreme Court declined to extend the scope of virtual representation beyond certain recognized exceptions, including one where the party to the first litigation "adequately represented" the succeeding party. *Id.* at 2172. Defendant does not avail itself of the concept of virtual representation. Defendant's Motion relies instead on the distinct holding in *Bridgestone/Firestone,* which expressly rejected the concept of virtual representation:

> 'Virtual representation,' a doctrine that we disapproved in *Tice v. American Airlines, Inc.*, 162 F.3d 966 (7th Cir. 1998), would permit the outcome of one non-class to control another if the plaintiffs are similarly situated; *Tice* holds, to the contrary, that, outside the domain of class actions, precedent rather than preclusion is the way one case influences another.

333 F.3d at 769. The *Bridgestone/Firestone* court explicitly distinguished between the disapproved virtual representation doctrine and the preclusive effect of a fully litigated class/collective action claim, as was the case there and as is the case here.

In drawing on the *Taylor* paradigm, Plaintiffs decry the absence of "special procedures to protect the absent class members," that is, notice and an opportunity to opt in or out. Opp'n at 7.[3]  *Bridgestone/Firestone* considered and rejected the notice issue as a factor in its analysis: "True, the district court did not offer unnamed class members an opportunity to opt out of the certification decision . . . . Yet no statute or rule requires notice, and an opportunity to opt out, before the certification decision is made; it is a post-certification step." *Id.* at 769. The logic is simple: absent putative class members have lost nothing when the denial of class certification is given preclusive effect – at least nothing other than the opportunity to bring a class action. They still can bring their own claims and they still can have those claims fully

---

[3] Contrary to plaintiffs' argument, *Taylor* did not hold that notice was required before preclusion could apply to a class certification decision. Instead, *Taylor* recognized class actions as an "established" exception to the general rule that a party is not bound by prior litigation unless he or she was a party in the prior case.

4

adjudicated.[4]  Hence, there is no due-process-like violation when preclusive effect is given to a denial of class certification.

Pointing to *Taylor*, Plaintiffs seek to minimize the fact that Bailey Pinney both represented the *McElmurry* plaintiffs and represents the *Ross* Plaintiffs.  Opp'n at 6.  Bailey Pinney's representation of both is relevant, however; as the *Bridgestone/Firestone* court held, a decision with respect to class certification is conclusive "only if the absent members were adequately represented by the named litigants and *class counsel*."  *Id.* at 769 (emphasis added).  Plaintiffs here would be hard pressed to argue that their counsel did not adequately represent the plaintiffs in *McElmurry*.[5]

**C.    The Relevant Issue in *McElmurry* Is Identical to the Issue Here.**

Contrary to Plaintiff's assertions, the *McElmurry* court already decided the exact same issue that Plaintiffs present here:  whether U.S. Bank's classifying its Oregon and Washington SSMs as exempt is or is not amenable to collective action treatment.  Other than temporal differences, the substantive issue, and the putative classes sought, are identical.[6]

It is undisputed that the time periods covered by the putative class in *McElmurry* and the putative class in *Ross* are different.  This fact alone means nothing under the

---

[4] There is no question that Plaintiff Smith is entitled to litigate her individual misclassification claim.  Of course she can.  Further, it is ironic that in opposing Defendant's Motion, Plaintiffs announce their intention to move to amend the Second Amended Complaint to allege that collateral estoppel binds U.S. Bank with respect to Judge Haggerty's findings.  Opp'n at. 9.  U.S. Bank will fully respond to that motion if and when it is filed.  At this point, it should suffice to point out that Plaintiffs take the inconsistent position that collateral estoppel should apply to the merits of the SSM misclassification claim, but should not apply to class certification of the SSM misclassification claim.

[5] Nor do Plaintiffs argue that the *McElmurry* plaintiffs did not adequately represent the SSM class/collective action claims.  Nor could they.  As the proposed class representative and proposed class counsel in *McElmurry,* Ms. McElmurry and Bailey Pinney had fiduciary duties to advocate on behalf of the proposed class members.  *See, e.g.,* FRCP 23 G(4) (class counsel must represent the class); *Diaz v. Trust Territory of the Pacific Islands*, 876 F2d 1401, 1408 (9th Cir 1989) (discussing fiduciary duty of class counsel and class representative in representing the class); Newberg on Class Actions, 4th Ed, § 15:3 ("attorneys and parties seeking to represent the class assume fiduciary responsibilities" to represent class members' interest).

[6] There also was no state law claim in *McElmurry*, but that does not change the analysis. See *infra*, at section II.D.

DAVIS WRIGHT TREMAINE LLP

*Bridgestone/Firestone* analysis. The issue decided by Judge Haggarty, and by Magistrate Judge Hubel, in *McElmurry* was whether there was sufficient similarity among the putative class members' situations so as to warrant collective treatment. While it is true that this examination was done in 2005, and again in 2006, Plaintiffs offer no evidence or argument that anything of significance to the issue of "sufficient similarity" changed between then and now.

Nor does Judge Haggerty's post-denial-of-certification finding that U.S. Bank acted willfully in classifying the two individual plaintiffs, Ms. McElmurry and Ms. Mzrazek, as exempt have anything to do with the issue of whether the SSM misclassification claim is amenable to class treatment. Opp'n at 9. The *relevant* issue to Defendant's Motion is *not* whether U.S. Bank did or did not misclassify its SSMs or did or did not do so in such a way as to warrant damages for "willful" conduct, but rather is *only* whether this Court should relitigate the issue of whether the misclassification claim can be decided on a class-wide basis.

### D.    Plaintiffs' Oregon State Law Claims Are Precluded.

Plaintiffs' Oregon state law class action claim is issue-precluded to the same extent as their federal law collective action claim. As stated in the Memorandum in Support of Defendant's Motion, an FLSA collective action requires that Plaintiffs show only that the individuals are similarly-situated. Plaintiffs' Oregon state law claims require comportment to Rule 23, a heightened standard in comparison to the FLSA. *Gerlach v. Wells Fargo & Co.*, 2006 WL 824652, *2 (N.D. Cal., Mar. 28, 2006). Plaintiffs take the implausibly rigid approach that the exact same standard must apply to each claim for issue preclusion purposes, failing to consider the impossibility of certifying a Rule 23 class when the same group of people is determined not to be suitable for certification under the lower FLSA collective standard.

### III.    CONCLUSION

Defendant should not be required to relitigate class/collective claims that have already been brought, fully litigated, and rejected. Plaintiff's Opposition to Defendant's Motion

attempts to obfuscate the issue by arguing that virtual representation does not apply here; Defendant never argued that it did. Plaintiff's Opposition fails to demonstrate why the *Bridgestone/Firestone* concept of issue preclusion should not apply here, and both the persuasive reasoning in that decision and the absence of any authority to the contrary compels the conclusion that it should apply. U.S. Bank therefore urges the granting of its Motion for Partial Summary Judgment as to the Fourth Cause of Action.

DATED: September 19, 2008

Respectfully submitted,
DAVIS WRIGHT TREMAINE LLP

By:     */s/ Judith Droz Keyes*
      Judith Droz Keyes

Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION