JUDITH DROZ KEYES (CA State Bar No. 66408)
STUART W. MILLER (CA State Bar No. 127766)
MICHELLE D. FIFE (CA State Bar No. 240554)
ANGELA CORRIDAN (CA State Bar No. 257076)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California  94111-6533
Telephone:   (415) 276-6500
Facsimile:   (415) 276-6599
jkeyes@dwt.com
stuartmiller@dwt.com
michellefife@dwt.com
angelacorridan@dwt.com

Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANN ROSS, MAURITA PRASAD, TAMARA BURKHART, NANETTE RENEE HOUSKEN, DENNIS RAMOS, and KELLY SMITH, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION, DBA U.S. BANK,<br><br>    Defendant. | Case No. C 07-2951 SI<br><br>**DEFENDANT'S REPLY TO OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT (EIGHTH CAUSE OF ACTION)**<br><br>Date: October 3, 2008<br>Time: 9:00 a.m.<br>Courtroom 10<br>Hon. Susan Illston |

**I.  INTRODUCTION**

Plaintiffs' Opposition to Defendant's Motion for Partial Summary Judgment (Eighth Cause of Action) ("Defendant's Motion") reveals that there is no dispute between the parties as to most of the issues.

First, the parties agree, and have stipulated, that Plaintiff Ross received her final paycheck on her last day of employment with U.S. Bank National Association ("U.S. Bank"), and that U.S. Bank is therefore entitled to summary judgment of Plaintiff Ross's claim in the Eighth Cause of

1

1  Action. (*See* Parties' Stipulation and Proposed Order Regarding Defendant's Motion for Partial
2  Summary Judgment Re the Eighth Cause of Action and Plaintiff Ross, Dckt. 152, filed Sept. 12,
3  2008).

4  Second, the parties agree that the Oregon Plaintiffs, Ramos and Smith, have decided not to
5  pursue their claims in the Eighth Cause of Action. (*See* Plaintiffs' Opposition to Defendant's
6  Motion for Partial Summary Judgment (Eighth Cause of Action), Dckt. 154, filed Sept. 12, 2008,
7  p 5).

8  Third, it is undisputed that Defendant's Motion pertains only to the stand-alone waiting
9  time penalty claim Plaintiffs make in the Eighth Cause of Action, and does not impact Plaintiffs'
10 ability to seek (and Defendant's ability to defend against) waiting time penalties as a measure of
11 damages should they prevail on one or more of their other causes of action. (*Id.*, p. 2).

12 Finally, the relevant facts are undisputed. The employment of Plaintiffs Prasad, Burkhart,
13 and Housken, ended in 2005 and Plaintiffs filed the original Complaint in this case, the forerunner
14 to the Second Amended Complaint, more than one year later, on April 6, 2007.

15 Accordingly, the only issue for the Court to decide is whether the <u>stand-alone</u> waiting time
16 penalty claims asserted by California Plaintiffs Prasad, Burkhart and Housken in the Eighth Cause
17 of Action in the Second Amended Complaint are separate claims and as such are time-barred by
18 the one-year statute of limitations in California Code of Civil Procedure section 340(a).

19 **II.    LEGAL ARGUMENT**

20     **A.    The Stand-Alone Waiting Time Penalties Claims of Plaintiffs Prasad, Burkhart and Housken Are Time-Barred.**
21

22 In *McCoy v. Superior Court*, 157 Cal. App. 4th 224 (2007), the California Court of Appeal
23 held that in contrast with actions where wages are sought and the three-year statute of limitations
24 in Labor Code section 203 applies, where only waiting time penalties are sought, the one-year
25 statute of limitations in Code of Civil Procedure section 340(a), the usual statute of limitations for
26 statutory penalties, applies. *Id.* at 229. The *McCoy* court explained that, with respect to penalty-
27 only claims, "the objective of Section 203, the legislative intent, and the common sense meaning
28 of the section's language" require that Section 340(a) govern. *Id.* at 233.

2

Plaintiffs argue that *McCoy* should be construed to apply only to cases that do not contain wage claims anywhere in the complaint. This makes no sense. The fact that a wage-related claim is brought in a separate cause of action in a complaint does not negate the *McCoy* court's reasoning or holding that the one-year statute applies to a claim that is stated separately as a stand-alone claim.

As explained throughout U.S. Bank's moving papers and as recognized by Plaintiffs in their Opposition, U.S. Bank is seeking summary judgment <u>only</u> with respect to the <u>stand-alone</u> waiting time penalty claim stated as a <u>separate</u> claim for relief in the Eighth Cause of Action in the Second Amended Complaint. U.S. Bank recognizes that when waiting time penalties are sought as a form of damages in connection with the other wage-related claims in the Second Amended Complaint, the three-year statute of limitations of Labor Code Section 340(a) applies.

The allegations in the Eighth Cause of Action – stated as a separate, independent claim for relief -- are virtually identical to the claims asserted by the plaintiff in *McCoy*. There is no wage claim in this cause of action – only a claim for waiting time penalties. That there are wage claims asserted in <u>other</u> causes of action in the Second Amended Complaint (for which plaintiffs may try to recover waiting time penalties should they prevail) is irrelevant to the propriety of applying the holding in *McCoy* to Defendant's Motion.[1]

**B.    Dicta in *Murphy v. Kenneth Cole Productions* Is Irrelevant.**

Despite the fact that Plaintiffs appear to agree that *McCoy* controls, they seek to deter the Court from following this controlling law by arguing that the Court should be persuaded by the California Supreme Court's suggestion in *Murphy v. Kenneth Cole Productions*, 40 Cal. 4th 1094, 1108-1109 (2007), that it might hold differently. The *Murphy* court did not interpret Section 203; rather, it addressed whether a payment under a different statute, Labor Code Section 226.7, was a wage or a penalty. *Id.* at 1099. As the *McCoy* court recognized, the *Murphy* court's passing

---

[1] The Court may wonder what all the fuss is about inasmuch as Plaintiffs' Opposition appears to cast the dispute as one involving form over substance. The value lies in narrowing Plaintiffs' claims – especially claims that assert putative classes -- to what they actually are, and removing claims that Plaintiffs can't, or won't, pursue. Narrowing the claims will, in turn, inform discovery and eliminate unnecessary distraction and disputes. Thus, from Defendant's perspective, there is significant value in the Court's granting its motion and eliminating the Eighth Cause of Action from further consideration.

DAVIS WRIGHT TREMAINE LLP

1  comment regarding the statute of limitations applicable to Section 203, which grew out of a survey
2  of other statutes that had considered the meanings of the words "wage" and "penalty," was plainly
3  dicta. *McCoy*, 157 Cal. App. 4th at 233. Plaintiffs acknowledged this critical fact in their
4  Opposition, but they nonetheless argue that the *Murphy* dicta provides this Court with authority to
5  reject *McCoy* and to deny Defendant's Motion. As the *McCoy* court observed, it plainly does
6  not because "the language [of *Murphy*] does not purport to distinguish between an action where
7  both wages and a waiting time penalty are sought as opposed to one for penalties only," a critical
8  distinction in both *McCoy* and this case. *Id.* at 233 (quoting *Santisas v. Goodwin*, 17 Cal. 4th 599,
9  620 (1998) ("An appellate decision is not authority for everything said in the court's opinion but
10 only 'for the points actually involved and actually decided.'")). Perhaps in recognition of the
11 limitation of *Murphy,* Plaintiffs claim that the *Murphy* dicta is persuasive because it was "well-
12 considered." (Opposition, p. 4). On the contrary, *Murphy* does not contain any analysis of this
13 issue, but rather makes a conclusory, non-specific statement. *See Murphy*, 40 Cal. 4th at 1108-
14 1109.

## III. CONCLUSION

16     Under the uncontradicted, controlling authority of *McCoy v. Superior Court*, because the
17 initial complaint in this action was filed more than one year after Plaintiffs Prasad, Burkhart and
18 Housken terminated their employment with Defendant, their <u>stand-alone</u> waiting time penalty
19 claims asserted in the Eighth Cause of Action in the Second Amended Complaint are time-barred
20 under California Code of Civil Procedure section 340(a). Accordingly, while these Plaintiffs are
21 entitled to pursue (and U.S. Bank is entitled to defend) claims for waiting-time penalties in
22 ////
23 ////
24 ////
25 ////
26 ////
27 ////
28 ////

4

DEFENDANT'S REPLY TO OPPOSITION TO MOTION FOR
PARTIAL SUMMARY JUDGMENT (EIGHTH CAUSE OF ACTION)
Case No. C 07-2951 SI

DWT 11786738v3 0023784-000227

1  connection with other claims for relief, U.S. Bank is entitled to judgment on the Eighth Cause of
2  Action in the Second Amended Complaint.
3      DATED this 19th day of September, 2008.

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By:   */s/ Judith Droz Keyes*
      Judith Droz Keyes

Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION