IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN ROSS, *et al.*, | No. C 07-2951 SI |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION TO SEVER AND TRANSFER CLAIMS OF PLAINTIFF SMITH; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON FOURTH CAUSE OF ACTION; GRANTING PLAINTIFFS' MOTION TO SEVER AND TRANSFER THE CLAIMS OF PLAINTIFF RAMOS; AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON EIGHTH CAUSE OF ACTION** |
| v. | |
| US BANK NATIONAL ASSOCIATION, *et al.*, | |
| Defendants. | |
| / | |

The parties have filed a number of motions which are scheduled for a hearing on October 3, 2008. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument and VACATES the hearing. The case management conference scheduled for 2:30 p.m. remains on calendar.

**DISCUSSION**[1]

**I.   Plaintiffs' motion to sever and transfer the claims of plaintiff Smith and defendant's motion for partial summary judgment on the fourth cause of action**

The parties have filed two competing and somewhat related motions. Plaintiffs move to sever plaintiff Smith's claims and transfer them to the District of Oregon; those claims are (1) Fourth Cause of Action, "Failure to Pay Overtime, Sales and Service Managers," which alleges that U.S. Bank

---

[1] The Court incorporates by reference the factual and procedural background set forth in earlier orders, including the discussion of the related Oregon state and federal lawsuits.

misclassified sales and service managers ("SSMs") as exempt under the FLSA and Oregon law; (2) Eighth Cause of Action, "Late Payment of Wages at the End of Employment," but only to the extent it asserts a claim for an Oregon late payment penalty arising from the misclassification of Oregon SSMs; and (3) Fifth Cause of Action, "Unauthorized Lost Time Deductions" for plaintiff Smith under Oregon law. Defendant does not oppose severance of plaintiff Smith's individual claim in the fourth cause of action (as opposed to the class/collective aspect of that claim)[2] that the SSM position was misclassified as exempt because defendant agrees that the SSM claim raises distinct factual and legal issues from the other claims in this case. However, defendant opposes transfer of plaintiff Smith's individual SSM claim primarily on the ground that it would reward plaintiffs' forum-shopping. Defendant opposes severance and transfer of plaintiff Smith's claim under the fifth cause of action, arguing that the "lost time" claim raises the same factual and legal issues as the California plaintiffs' "lost time" claim and thus should remain in this case.[3]

Defendant, in turn, has moved for summary judgment on the collective/class claim in the fourth cause of action, the SSM misclassification claim. Defendant contends that summary judgment is warranted based on the doctrine of issue preclusion because Chief Judge Haggerty denied collective action treatment of the SSM misclassification claim in *McElmurry and Mrazek v. U.S. Bank National Association*, Case No. 04-CV-00642. By order dated December 8, 2006, Judge Haggerty adopted a Magistrate Judge's Findings and Recommendations that SSMs are not similarly situated because, *inter alia*, "although each SSM has the same overall job description, the range of managerial, discretionary, and ministerial duties performed and the amount of time spent performing each particular duty varies greatly from branch to branch." McCracken Decl. Ex. 2 at 10. Judge Haggerty also held that "the administrative and executive defenses on which defendant will rely will require analysis of each SSM's

---

[2] Plaintiff Smith is the only named representative for the fourth cause of action, and the second amended complaint alleges an FLSA collective class including plaintiff Smith and all persons similarly situated who worked as SSMs in Oregon and Washington during the relevant time period. SAC ¶¶ 10, 47(b).

[3] The parties agree that plaintiff Smith's claim under the eighth cause of action for waiting time penalties is not a stand-alone claim, but only arises from the alleged misclassification of SSMs, and thus that the issues surrounding severance and transfer of the eighth cause of action should be analyzed similarly.

2

'primary duty.'" *Id.* Defendant emphasizes the fact that the *McElmurry* plaintiffs filed their class certification motion three times, and that the final motion for certification was filed after discovery was completed.

The *McElmurry* plaintiffs (represented by the same law firm as plaintiffs here) appealed the certification denial based upon collateral order appellate jurisdiction. McCracken Decl. ¶ 13. The Ninth Circuit Court of Appeals rejected the appeal on December 26, 2007. *Id.* Ex. 4. In January 2008, Judge Haggerty held a bench trial on the two plaintiffs' individual claims, and held, *inter alia*, that U.S. Bank "showed reckless disregard when it applied a blanket status to all Sales and Service Managers, despite knowing that the job duties of those employees varied widely from the written Sales and Service Manager job description." Schuck Decl. Ex. A ¶ 36. Judge Haggerty found that U.S. Bank's violation of the FLSA was willful under 29 U.S.C. § 255(a), and also that U.S. Bank's blanket exemption was not in good faith under 29 U.S.C. § 259(a). *Id*. ¶¶ 36-37. Plaintiffs state that if plaintiff Smith's claims are severed, plaintiff Smith intends to amend her complaint to allege that Judge Haggerty's ruling precludes U.S. Bank from relitigating that (1) it applied a blanket exemption to all SSMs based upon a job description; (2) acted willfully and in reckless disregard of its obligations under the FLSA in imposing the blanket exemption, and (3) did not act in good faith in imposing the blanket exemption.

Defendant contends that as a result of Judge Haggerty's denial of collective treatment of the *McElmurry* plaintiffs' SSM misclassification claim, plaintiffs in this case are precluded from seeking collective or class treatment of the same claim. As support, defendant primarily relies on the Seventh Circuit's decision in *In re Bridgestone/Firestone, Inc.*, 333 F.3d 763 (7th Cir. 2003). In an earlier appeal in that multidistrict litigation, the Seventh Circuit held that a district court abused its discretion when it certified a nationwide class of owners of multiple types of allegedly defective tires. *Id*. at 765. After that decision, lawyers representing the plaintiffs filed a number of class actions in various jurisdictions alleging the same nationwide class that the Seventh Circuit had rejected. *Id*. The defendants then sought an injunction from the district court enjoining all other class actions asserting nationwide and single state classes pursuant to the Seventh Circuit's earlier decision. The district court denied that motion, and the defendants appealed to the Seventh Circuit. The Seventh Circuit held that as a matter of issue preclusion, members of the putative national class and their lawyers were prevented from

3

seeking to certify nationwide classes with respect to the same claims. *Id*. at 769.

Although the Court is sympathetic to defendant's argument that it should not be forced to relitigate the same issues over and over again in different fora, the Court declines to apply *In re Bridgestone/Firestone* here for several reasons. As an initial matter, the Court notes that *In re Bridgestone/Firestone* is factually distinguishable in that it involved multidistrict litigation, and the subsequent class actions involved the same plaintiffs and putative class members. Here, while the same law firm represents the different sets of plaintiffs, and while the Court agrees that there are numerous indications of forum-shopping by that law firm, the named plaintiffs and putative class members are different because the class periods in this case and *McElmurry* largely do not overlap.

However, even if *In re Bridgestone/Firestone* compels the result that defendants advocate, this is a question best left to the determination of the Oregon District Court. The Court finds that it is prudent and in the interests of judicial economy and comity to sever and transfer plaintiff Smith's claims to the District Court of Oregon since those claims arise under Oregon law, and because the parties argue that different rulings in *McElmurry* should be given preclusive effect with respect to plaintiff Smith's claims. Under these circumstances, the Court finds that the best course is to allow the Oregon District Court to determine the scope and effect of *McElmurry* with regard to plaintiff Smith's SSM misclassification claims.[4] With regard to plaintiff Smith's "lost time" claim, although defendant may be correct that this claim involves the same factual issues as the California plaintiff's "lost time" claim, the claims arise under different state laws.

Finally, the Court finds that severance and transfer is appropriate because the inclusion of plaintiff Smith's claims renders this action excessively complex. As currently pled, the SAC asserts thirteen subclasses and alleges violations of California, Oregon and federal law. Severance of Smith's claims will narrow this lawsuit to California subclasses alleging violations of California and federal law.

Accordingly, the Court GRANTS plaintiffs' motion to sever and transfer the claims of plaintiff Smith to the District Court of Oregon, and the Court DENIES defendant's motion for summary

---

[4] Although the parties do not state what their expectation is upon transfer of plaintiff Smith's claims to the District of Oregon, it appears to this Court that plaintiff Smith's case might be related to the *McElmurry* action pursuant to District Court of Oregon Local Rule 42.4.

judgment on the now-transferred fourth cause of action. Defendant is free to renew its contentions regarding the preclusive effect of *McElmurry* in the transferee court.

**II.  Plaintiffs' motion to lift the stay, sever and transfer the claims of plaintiff Ramos**

Plaintiffs seek to lift the *Colorado River* stay previously imposed on plaintiff Ramos' claims, and sever and transfer those claims to the District of Oregon. In this lawsuit, the only substantive claim plaintiff Ramos is pursuing is the claim in the first cause of action that U.S. Bank improperly rounded "time worked to the next lower tenth of an hour" ("rounding claim"). SAC ¶ 54; Joint Case Management Conference Statement, App. A (Docket No. 114). This same rounding claim is pending in *Lowdermilk v. U.S. Bank National Association*, Multnomah County Oregon Circuit Court, Case No. 0603-03335, and plaintiff Ramos submitted a declaration in support of certifying that claim. McCracken Decl. ¶¶ 3-4. By order filed February 13, 2008, this Court stayed plaintiff Ramos' claims until the plaintiffs' motion for class certification in *Lowdermilk* was resolved, since Ramos' claims would be included in that action.

Defendant states that on August 4, 2008, the *Lowdermilk* court denied class certification, but that the time to appeal that decision has not lapsed, and the *Lowdermilk* plaintiffs have not stated whether or not they will appeal. *Id*. ¶ 12. Plaintiffs' papers are silent as to whether the *Lowdermilk* plaintiffs, who are also represented by Bailey Pinney, intend to appeal the denial of class certification.

The Court finds it appropriate to sever and transfer Ramos' claims at this time. If the Bailey Pinney firm in fact appeals the class certification order, defendants may seek appropriate relief, by way of stay or otherwise, from the Oregon courts.

**III.  Defendant's motion for partial summary judgment on the eighth cause of action**

In the eighth cause of action, plaintiffs seek "waiting time" penalties for alleged late payment of wages at the end of employment. Defendant moves for summary judgment on this claim.[5] Defendant

---

[5] The parties have stipulated that plaintiff Ross received her final paycheck on her last day of employment with U.S. Bank, and that U.S. Bank is entitled to summary judgment on plaintiff Ross' claim in the eighth cause of action. Docket No. 161. Plaintiffs have also agreed that the Oregon

5

states that the motion does *not* address plaintiffs' claims for waiting time penalties as a measure of damages should they prevail on one or more of their other causes of action, but rather that defendant only seeks summary judgment of the "stand-alone" claim as alleged in the eighth cause of action, both as to the individual plaintiffs and as to the class that they seek to represent.

Defendant contends that these plaintiffs' claims are time-barred by the one-year statute of limitations in California Civil Procedure Code § 340(a), while plaintiffs contend that the longer statute of limitations found in California Labor Code § 203 applies.[6] The parties' disagreement turns on their differing interpretations of *McCoy v. Superior Court*, 157 Cal. App. 4th 224 (2007). In *McCoy*, the plaintiff filed a putative class action solely seeking waiting time penalties under Labor Code § 203; the plaintiff did not seek the underlying wages. *Id.* at 227. Section 203 provides:

> If an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. . . .
>
> Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

Cal. Labor Code § 203.

The California Court of Appeal held that in an action where only penalties are sought, Civil Procedure Code § 340(a), the usual statute of limitations for statutory penalties, applies. *Id.* at 229. After examining the objective of § 203, the legislative intent, and the "common sense meaning of the section's language," the court held that Labor Code § 203 only applied to "actions for waiting time penalties sought in conjunction with back wages." *Id.* Defendant argues that under *McCoy*, the eighth cause of action is subject to the one-year statute of limitations because that claim only seeks waiting time penalties and does not also seek unpaid wages. Plaintiffs argue that under *McCoy*, because this lawsuit also seeks unpaid wages (in other causes of action), the longer statute of limitations in § 203

---

plaintiffs, Ramos and Smith, will not pursue their claims in the eighth cause of action. Docket No. 154 at 5:12-13. As a result of the parties' stipulations and agreements, what remains of plaintiffs' eighth cause of action are plaintiffs Prasad, Burkhart, and Housken's claims for stand-alone waiting time penalties under California law.

[6] The parties agree that a three-year statute of limitations applies to claims for unpaid wages under § 203.

applies to plaintiffs' claim for waiting time penalties.

The Court agrees with plaintiffs' interpretation of *McCoy*. In *McCoy*, the plaintiff only sought waiting time penalties, and the court repeatedly stated that its holding only applied to "actions" where solely waiting time penalties are sought. *See id*. at 229-30, 232. Here, plaintiffs seek both unpaid wages and waiting time penalties, and defendant does not advance any cogent argument why, under *McCoy*, this "action" would not be subject to the longer statute of limitations found in § 203. Accordingly, the Court DENIES defendant's motion for summary judgment on the eight cause of action, except to the extent stipulated by the parties.

## CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiffs' motion to sever and transfer the claims of plaintiff Smith to the District Court of Oregon, DENIES defendant's motion for summary judgment on the fourth cause of action, GRANTS plaintiffs' motion to lift the stay, sever and transfer the claims of plaintiff Ramos, and GRANTS in part and DENIES in part defendant's motion for summary judgment on the eighth cause of action. (Docket Nos. 122, 125, 133, & 137).

**IT IS SO ORDERED.**

Dated: September 30, 2008

SUSAN ILLSTON
United States District Judge