1  Kevin T. Barnes, Esq. (#138477)
   Gregg Lander, Esq. (#194018)
2  LAW OFFICES OF KEVIN T. BARNES
   5670 Wilshire Boulevard, Suite 1460
3  Los Angeles, CA 90036-5627
   Tel.: (323) 549-9100 / Fax: (323) 549-0101
4  Email: Barnes@kbarnes.com

5  Attorneys for Plaintiffs ANN ROSS, MAURITA PRASAD,
   TAMARA BURKHART and NANETTE HOUSKEN,
6  individually and on behalf of all others similarly situated

7

8                    UNITED STATES DISTRICT COURT

9             FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 ANN ROSS, MAURITA PRASAD,            )  Case No.: C 07-02951 SI
   TAMARA BURKHART and NANETTE          )  Honorable Susan Illston
11 HOUSKEN, individually and on behalf of all )  Courtroom 10
   others similarly situated,            )
12                                        )  CLASS ACTION
           Plaintiffs,                    )
13                                        )  MEMORANDUM OF POINTS AND
   vs.                                    )  AUTHORITIES IN SUPPORT OF
14                                        )  PLAINTIFFS' MOTION FOR FINAL
   US BANK NATIONAL ASSOCIATION,         )  APPROVAL OF CLASS ACTION
15 dba US Bank, and Does One through      )  SETTLEMENT, ATTORNEYS' FEES,
   Twenty-five, inclusive,                )  COSTS AND CLASS
16                                        )  REPRESENTATIVE ENHANCMENTS
           Defendant.                     )
17                                        )  Date: September 10, 2010
                                          )  Time: 9:00 a.m.
18                                        )  Room. 10
   _____)
19 ///                                       Action Filed: April 9, 2007

20 ///

21 ///

22

23

24

25

26

27

28

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

                                - i -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................... 1

II. PROCEDURAL HISTORY OF THE CASE ..................................................... 1

III. ACTUAL SETTLEMENT VALUE ................................................................ 2

    A. CLAIMANT COMPENSATION ........................................................ 2

    B. ATTORNEYS' FEES AND COSTS ................................................... 2

    C. CLASS REPRESENTATIVE ENHANCEMENT ............................... 2

    D. FAIRNESS OF SETTLEMENT ......................................................... 3

IV. PRELIMINARY APPROVAL ....................................................................... 3

V. STATUS OF CLAIMS PROCEDURE ............................................................ 3

VI. CLAIMS PARTICIPATION .......................................................................... 4

VII. FINAL SETTLEMENT APPROVAL IS APPROPRIATE ............................... 4

    A. THE SETTLEMENT IS ENTITLED TO A PRESUMPTION OF
       FAIRNESS .......................................................................................... 4

    B. THE SETTLEMENT WAS REACHED THROUGH ARM'S LENGTH
       NEGOTIATIONS ............................................................................... 5

    C. SUFFICIENT DISCOVERY AND INVESTIGATION HAS BEEN
       COMPLETED TO WARRANT SETTLEMENT ................................. 6

    D. CLASS COUNSEL IS EXPERIENCED AND ENDORSES THE
       SETTLEMENT ................................................................................... 6

    E. NO OBJECTIONS HAVE BEEN MADE TO TH E
       SETTLEMENT ................................................................................... 7

VIII. AN AWARD OF ATTORNEYS' FEES AND COSTS IS REQUESTED WHEN
     A COMMON FUND HAS BEEN CREATED FOR THE BENEFIT OF THE
     CLASS ............................................................................................................. 7

    A. CLASS COUNSEL'S FEE AWARD IS PROPERLY CALCULATED AS
       A PERCENTAGE OF THE TOTAL COMMON FUND CREATED FOR
       THE CLASS ....................................................................................... 8

        1. The Common Fund Doctrine ................................................. 8

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

2. Evolution of the Percentage Method ...................................................... 10

B. THE ATTORNEYS' FEES REQUESTED BY CLASS COUNSEL ARE WELL WITHIN THE RANGE OF FEES IN COMPARABLE CASES ................................................................................................................ 11

C. THE RISKS OF LITIGATION ......................................................... 12

IX. AN AWARD OF ATTORNEYS' FEES AS REQUESTED IS APPROPRIATE UNDER THE LODESTAR METHOD ................................................................ 13

A. COUNSELS' HOURLY RATE ......................................................... 15

B. COUNSELS' HOURS SPENT ON THE CASE ................................................. 17

X. THE COURT SHOULD APPROVE THE REQUEST FOR REIMBURSEMENT OF COSTS ........................................................................ 18

XI. THE CLASS REPRESENTATIVE ENHANCEMENT FEES ARE REASONABLE AND ARE STANDARD IN CLASS ACTIONS ..................... 18

XII. CONCLUSION ........................................................................................ 20

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

**MEMORANDUM OF POINTS AND AUTHORTIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

1

<strong><u>TABLE OF AUTHORITIES</u></strong>

2

**CALIFORNIA CASES**

3

*Apple Computer, Inc. v. Superior Court* (Cagney) (2005) 126 Cal.App.4th 1253................... 13

4

*Bihun v. AT&T Information Systems, Inc.* (1993) 13 Cal.App.4th 976................................ 15

5

*Chavez v. Netflix* (2008) 162 Cal.App.4th 43 ............................................................ 17

6

*Dunk v. Ford Motor Company* (1996) 48 Cal.App.4th 1794 .................................... 4, 5, 11

7

*Flannery v. California Highway Patrol* (1998) 61 Cal.App.4th 629 .................................... 14

8

*Ketchum v. Moses* (2001) 24 Cal.4th 1122 .............................................................. 17

9

*Lealao v. Beneficial California, Inc.* (2000) 82 Cal.App.4th 19........................................ 8, 9, 13

10

*Martino v. Denevi* (1986) 182 Cal.App.3d 553 ......................................................... 17

11

*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084 ............................................... 14

12

*Serrano v. Priest* (1977) 20 Cal.3d 25................................................................ 8, 9, 14, 17

13

*Wershba v. Apple Computer, Inc.* (2001) 91 Cal.App.4th 224 ................................... 17

14

15

**FEDERAL CASES**

16

*Behrens v. Wometco Enterprises, Inc.*, 118 F.R.D. 534 (S.D.Fla 1988) ................................ 17

17

*Boyd v. Bechtel Corp.*, 485 F.Supp. 610, 616-17 (N.D. Cal.1979).............................. 6

18

*City of Detroit v. Grinnell Corporation*, 495 F.2d 448, 470 (2d Cir. 1974) ........................... 12

19

*Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D Cal, 1980)................................ 6

20

*Fisher Bros. V. Cambridge-Lee Industries, Inc.*, 630 F.Supp. 482, 488 (E.D. Pa. 1985)............ 6

21

*In re Activision Securities Litigation*, 723 F.Supp. 1373, 1375 (9th Cir. 1989)....................... 10

22

*In re Warner Communications Sec. Litig.*, 618 F.Supp. 735, 741 (S.D.N.Y. 1985) ................. 6

23

*Kyriazi v. Western Elec. Co.*, 527 F.Supp.18 (D.N.J. 1981) ......................................... 19

24

*League of Martin v. City of Milwaukee*, 588 F.Supp. 1004 (E.D. Wis. 1984) ....................... 19

25

*Lo Re v. Chase Manhattan Corp.*, 1979 U.S. Dist. LEXIS 12210 (SDNY 1979) .................... 19

26

*Muehler v. Land O'Lakes, Inc.*, 617 F.Supp. 1370, 1375-76 (D. Minn. 1985)...................... 12

27

*Officers for Justice v. Civil Service Com.* (9th Cir. 1982) 688 F.2d 615 .............................. 4, 5

28

*Paul, Johnson, Alston & Hunt v. Gaulty*, 886 F.2d 268 (9th Cir. 1989)............................ 9, 11

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

<strong>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S<br>MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT</strong>

Rabin v. Concord Assets Group, Inc. (S.D.N.Y. 1991) Fed. Sec. L. Rep. (CCH) .................. 17

Rievman v. Burlington Northern Railroad Co. (S.D.N.Y. 1987) 118 F.R.D. 29 ................ 17-18

Vincent v. Hughes Air West, Inc., 557 F.2d 759, 769 (9th Cir. 1977)................................... 8, 9

Washington Public Power Supply Secur. Lit. v. City of Seattle,
    19 F.2d 1291 (9th Cir. 1994)........................................................................ 11

Women's Committee for Equal Employment Opportunity v. NBC,
    76 F.R.D. 173 (SDNY 1977).......................................................................... 19


**UNITED STATES SUPREME COURT CASES**

Blum v. Stenson (1984) 465 U.S. 886......................................................................10

Boeing Co. v. Van Gemert (1980) 444 U.S. 472 ........................................................8

Central Railroad & Banking Co. of Ga. V. Pettus (1885) 113 U.S. 116..........................9

New York Gaslight Club, Inc. v. Carey (1980) 447 U.S. 54 .......................................17


**FEDERAL STATUTES**

Federal Rules of Civil Procedure Rule 23 .............................................................4


**TREATISES**

Newberg on Class Actions, 3rd Ed., 1992 ............................................................ 11

R. Pearle, California Attorney Fee Awards (CEB 1993)............................................ 9

Wegner, Fairbank, and Epstein, California Practice Guide: Civil Trials and Evidence............. 8

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- v -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

# I.

## INTRODUCTION

Class Counsel has achieved an excellent result in this litigation, embodied in the Settlement Agreement. The proposed Settlement provides substantial benefits to the Class and is the product of aggressive litigation of Class Counsel to obtain the best possible result for the Class Members. **NO objections and only 1 opt outs** have been made to the settlement to date. Plaintiffs' Counsels request for attorneys' fees, reimbursement of costs, and the Class Representative Enhancements are fair, reasonable, and adequate, and in the best interest of the Class. Accordingly, final approval should be granted.

# II.

## PROCEDURAL HISTORY OF THE CASE

On April 7, 2007, the Complaint in this action was filed in the United States District Court of California as a putative class action on behalf of all hourly employees who worked at a California U.S. Bank in-store branch. Plaintiffs allege that they and other hourly paid employees have not been provided a legally compliant meal and rest period on Sundays and worked off the clock pre and post shift and during their meal breaks. On November 25, 2010, Plaintiffs' Motion For Class Certification was conditionally granted and class notice was mailed to all class members that were employed on or before December 31, 2009.

After significant discovery had been conducted leading up to class certification, and after the parties had evaluated their respective positions in this litigation, the parties arranged and participated in a voluntary mediation with the assistance of Michael Loeb, Esq. of JAMS. In preparation for that mediation, each of the Parties prepared a thorough exposure analysis. The mediation occurred on March 30, 2010 and an agreement was reached for a settlement of $3,500,000 with no residual to Defendant on behalf of all hourly employees of U.S. Bank who worked at a U.S. Bank California in-store branch from April 9, 2003 through the date of Preliminary approval of this matter or May 13, 2010.

The Class Representatives and Class Counsel have concluded, after taking into account sharply disputed factual and legal issues involved in this Litigation, the risks attending further

KEVIN T. BARNES
5670 WILSHIRE
BLVD, SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 1 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

1   prosecution, and the substantial benefits received and to be received pursuant to the compromise

2   and settlement of the Litigation, that settlement on the terms hereinafter set forth is in the best

3   interest of the Class Members.

4        After taking into account the sharply disputed factual and legal issues involved, the risks

5   attending further defense, the substantial expense and burden of protracted litigation, and their

6   desire to put the controversy to rest, U.S. Bank and its counsel have concluded that settlement on

7   the terms hereinafter set forth is in the best interests of U.S. Bank.

8                                        **III.**

9                          **ACTUAL SETTLEMENT VALUE**

10       **The settlement is for a total of $3,500,000 with no money to revert to defendant.** There

11  are approximately 3,300 Settlement Class Members eligible to participate in the settlement. The

12  settlement is all the more advantageous for the Class because it covers four (4) years of overtime

13  payments, rather than three (3); that is, the settlement was based on the four (4) year statute of

14  limitations under <u>Business & Professions Code</u> §17200, *et seq.*, rather than a three (3) year period

15  under the <u>Labor Code</u>. The total settlement is divided as follows:

16  **A.   CLAIMANT COMPENSATION**

17       Each authorized Claimant who is a member of the class and does not opt out will receive

18  approximately $12.94 per workweek worked during the class period. Payments to each claimant

19  of the settlement amount will be allocated to 33% wages and 67% penalties and interest.

20  **B.   ATTORNEYS' FEES AND COSTS**

21       Plaintiffs' Counsel requests Attorneys' Fees in the amount of $1,050,000, which is 30%

22  of the total settlement. Plaintiffs' Counsel also requests costs in the amount of $101,793.34, as

23  verified by Class Counsel.

24  **C.   CLASS REPRESENTATIVE ENHANCEMENTS**

25       In addition to the sums paid to Class Members for compensation for their Labor Code

26  violations, Plaintiff Ann Ross, Maurita Prasad, Tamara Burkhart and Nanette Housken each request

27  a litigate enhancement of $20,000.00. This enhancement takes into consideration the risk, time,

28  effort, and expenses incurred by the named Plaintiffs in coming forward to litigation this matter on

KEVIN T. BARNES
5670 WILSHIRE
BLVD., SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 2 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

behalf of all Class Members.

**D.      FAIRNESS OF SETTLEMENT**

Fairness of the settlement is further demonstrated by risks of decertification at the trial court or on appeal. Had the Class been decertified, it is extremely unlikely that the majority of the current employees in the Class could or would maintain individual actions against Defendant. There is a reluctance of current employees to vindicate their rights in actions against "the hand that feeds them." As to all employees, it would be extremely difficult for them to obtain counsel willing to take their claims on a contingency fee basis, and extremely difficult, if not impossible, for attorneys to pursue the claims without charging hourly fees that would greatly diminish or exceed the recoveries sought. The only practical chance at relief is through a class action.

**IV.**

**PRELIMINARY APPROVAL**

At the Preliminary Approval Hearing on May 7, 2010, the Court heard and ultimately granted the Motion for Preliminary Approval of this settlement, signing the Amended Order on May 13, 2010. The court approved the Notice of Pendency of Class Action and Request for Exclusions Form, appointed Class Representatives, designated Class Counsel, appointed RUST Consulting as Claims Administrator, and set time lines for the claims and settlement procedure.

**V.**

**STATUS OF CLAIMS PROCEDURE**

Pursuant to the Court's Order of May 13, 2010, Notice was sent to every Class Member via first-class mail by Claims Administrator, RUST Consulting. The name, last known address, and social security number of each Class Member was provided by Defendants through a review of its personnel files. RUST Consulting performed further searches on returned mail in an effort to locate each and every Class Member. RUST Consulting followed up with additional mailings after updating addresses as a result of returned mail.

Class Counsel have personally corresponded with RUST Consulting and defense counsel (on numerous occasions) to 1) obtain the most current claims reports, 2) confirm receipt of the Notice and forms, 3) answer questions regarding the claims procedure, 4) obtain a status of

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

**MEMORANDUM OF POINTS AND AUTHORTIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

disputed claims, and 5) resolve any and all class member issues. Class Counsel, through their own efforts, the efforts of their immediate staff, and the Claims Administrator have made every effort to ensure that each and every Class Member has received Notice and the accompanying forms via the most direct and cost effective manner possible. A true and correct copy of the Report from the Claims Administrator Jonathan Paul of RUST Consulting is marked and attached as Exhibit 1 to the Declaration of Kevin T. Barnes.

## VI.

## CLAIMS PARTICIPATION

The Notice packages were recently sent out by the claims administrator on July 6, 2010. The class members will automatically be paid unless they opt out of the settlement, as there is no claim form requirement. To date, there have been no objections and only 1 opt out (See Exhibit 1 to Declaration of Kevin T. Barnes).

## VII.

## FINAL SETTLEMENT APPROVAL IS APPROPRIATE

Pursuant to Federal Rules of Civil Procedure, "a class action shall not be dismissed or compromised without the approval of the Court, and notice of the proposed dismissal or compromise shall be given to all members of the Class in such manner as the Court directs . . . " Fed. R. Civ. P. Rule 23(e). In deciding whether to grant final approval to a proposed class action settlement under Fed. R. Civ. P. Rule 23(e), the Court's overriding concern is whether the proposed settlement is "fair, adequate, and reasonable." Dunk v. Ford Motor Company (1996) 48 Cal.App.4th 1794, 1801 (quoting Officers for Justice v. Civil Service Com. (9th Cir. 1982) 688 F.2d 615, 625, cert. Denied (1983) 459 U.S. 1217).

In practical terms, the settlement of a class action follows three parts: 1) Preliminary approval of the proposed settlement; 2) Notice to Class Members, and 3) a Final Approval hearing or "Fairness Hearing" at which evidence and argument may be heard on the fairness, adequacy and reasonableness of the settlement. The Court has given preliminary approval of the settlement, Notice has been sent to all Class Members, and the claims procedure has been completed.

///

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 4 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**A.      THE SETTLEMENT IS ENTITLED TO A PRESUMPTION OF FAIRNESS**

A presumption of fairness exists where: 1) The settlement is reached through arm's length bargaining; 2) Investigation and discovery are sufficient to allow counsel and the Court to act intelligently; 3) Counsel is experienced in similar litigation; and 4) the percentage of objectors is small. <u>Dunk v. Ford Motor Company</u> *supra,* at 1802; <u>Officers for Justice v. Civil Service Commission</u>, *supra,* at 625.

To prevent fraud, collusion or unfairness to the Class, the settlement or dismissal of a class action requires Court approval. The purpose of the requirement is the protection of those Class Members, including the named Plaintiffs, whose rights may not have been given due regard by the negotiating parties. <u>Officers for Justice v. Civil Service Com</u>, *supra*, at 624. The trial court has broad powers to determine whether a proposed settlement in a class action is fair.

At the Final Approval Hearing, the Court should consider the relevant factors, such as the strength of the Plaintiffs' case, the risk, expenses, complexity and likely duration of further litigation, the risk of maintaining class action status through trial, the amount offered in settlement, the extent of discovery completed and the stage of the proceedings, the experience and views of counsel, the presence of a governmental participant and the reaction of the Class Members to the proposed settlement. <u>Officers for Justice v. Civil Service Com.</u>, *supra*, at 624. "This list is not exhaustive and should be tailored to each case. Due regard should be given to what is otherwise a private consensual agreement between the parties." <u>Dunk v. Ford Motor Company</u>, *supra*, at 1801.

**B.      THE SETTLEMENT WAS REACHED THROUGH ARM'S LENGTH NEGOTIATIONS**

This settlement was reached through arms length negotiations as exemplified by the contentious litigation and was achieved only after the matter was certified as a class action and a formal mediation with a prominent wage and hour mediator, Michael Loeb, Esq. of JAMS.

Defendants believed and maintained that the Class should not have been certified, could be de-certified and had a good chance of defeating the claims on the merits. Furthermore, Defendants and Plaintiffs were in a legitimate dispute over various defenses available to Defendants. Defendants were faced with the prospect of lengthy and expensive litigation against experienced

**MEMORANDUM OF POINTS AND AUTHORTIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Class Counsel and no insurance coverage for the Class claims.

On the other hand, while Class Counsel was ultimately confident in the merits of its legal position, Plaintiffs were put in the position of negotiating a settlement at this juncture or face years of litigation to achieve a verdict that may not have been collectible for additional numerous years due to potential appellate issues, and years of litigation over the precise amount of damages due to each Class Member. It was determined by Class Counsel that a settlement at this juncture in the sum agreed upon was in the best interests of the Class Members.

## C.   SUFFICIENT DISCOVERY AND INVESTIGATION HAS BEEN COMPLETED TO WARRANT SETTLEMENT

The stage of the proceedings and the amount of discovery completed is an important factor which courts consider in determining the fairness, reasonableness, and adequacy of a settlement. In re Warner Communications Sec. Litig., 618 F.Supp. 735, 741 (S.D.N.Y. 1985), affid., 198 F.2d 35 (2d Cir. 1986); Ellis v. Naval Air Rework Facility, 87 F.R.D. 15, 18 (N.D Cal, 1980), affid, 661 F.2d 939 (9th Cir. 1981); Boyd v. Bechtel Corp., 485 F.Supp. 610, 616-17 (N.D. Cal.1979). Plaintiffs' Counsel conducted meaningful discovery. The litigation reached a stage where "the parties certainly have a clear view of the strengths and weaknesses of their cases." Warner Communications, 618 F.Supp. at 745; Ellis, 87 F.R.D., at 18; Boyd, 485 F.Supp. at 616-617.

Plaintiffs' counsel conducted voluminous written discovery and took several depositions of key U.S. Bank employees. Plaintiffs' counsel hired an expert to assist in the analysis of the corporate records related to the class members for class certification purposes as well as performing a damage analysis for the mediation. (See Declaration of Kevin T. Barnes and James D. Pinney).

The parties agreed to mediate this case on March 30, 2010 before Michael Loeb, Esq. of JAMS. The Mediation resulted in the settlement before this court.

## D.   CLASS COUNSEL IS EXPERIENCED AND ENDORSES THE SETTLEMENT

Experienced counsel, operating at arm's length, have weighed all of the foregoing factors and endorse the proposed settlement. As the Courts have explained, the view of the attorneys actively conducting the litigation, is "entitled to significant weight." Fisher Bros. V. Cambridge-

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 6 -

<u>Lee Industries, Inc.</u>, 630 F.Supp. 482, 488 (E.D. Pa. 1985); *see* also <u>Ellis</u>, 87 F.R.D. at 18; <u>Boyd</u>, 485 F.Supp. at 616.17.

Class Counsel has experience not only in class actions and employment litigation, but specifically in wage and hour class actions (See Declaration of Kevin T. Barnes). Class Counsel are experienced and qualified to evaluate the Class claims and viability of the defenses. <u>Id</u>. The recovery for each Class Member is substantial, given the risks inherent in litigation and the defenses asserted. This settlement is fair, adequate and reasonable and in the best interests of the Class. <u>Id</u>..

**E.      NO OBJECTIONS HAVE BEEN MADE TO THE SETTLEMENT**

Per Court Order, the Class Members have received the Notice of the pending settlement along with the Exclusion Form. As indicated above, to date there have been **zero (0) objections and only 1 opt-out** filed regarding this Settlement (See Exhibit 1 to Declaration Kevin T. Barnes). Based on the Class Members' approval of the Settlement, the goals set forth in this litigation have been achieved. Consequently, the Settlement should be given final approval.

**VIII.**

**AN AWARD OF ATTORNEYS' FEES IS REQUESTED WHEN A**

**COMMON FUND HAS BEEN CREATED FOR THE BENEFIT OF THE CLASS**

Class Counsel's application for an award of attorneys' fees in an amount of 30% of the settlement value created on behalf of the Class is reasonable and fair. The requested fee falls on the lower end of the Ninth Circuit's historical benchmark for attorneys' fees of 20% to 50% of a common fund and is fair compensation for undertaking complex, risky, expensive, and time-consuming litigation on a contingent basis. Further, the numerous retained Class Members signed contingent fee agreements allowing from a thirty-three and one-third percent (33-1/3%) to 40% of the total fund (See Declaration of Kevin T. Barnes). This is evidence of the Class Members believing that a higher attorney fee percentage is reasonable.

The requested fees are extremely reasonable and the results achieved for the Class Members are excellent. Class Counsel respectfully requests that the Court enter an Order to that effect. Plaintiffs' Counsel should be rewarded for the extensive work up of this file through class

Kevin T. Barnes
5670 Wilshire
Blvd. Suite 1460
Los Angeles, CA
90056-5614
Tel.: (323) 549-9100
Fax: (323) 549-0101

**MEMORANDUM OF POINTS AND AUTHORTIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

certification. Likewise, Class Counsel should be compensated for taking over this case just before Class Certification and successfully arguing for and obtaining class certification and thereafter guiding the case in to mediation. Class counsel was able to get another law firm who filed a similar lawsuit just before mediation stayed and ultimately dismissed, without which would have derailed the mediation in this case. It was only because of the extensive experience and reputation of Class Counsel Kevin T. Barnes that this was possible. Finally, the value of this settlement in relation to the ultimate exposure is unbelievable- 70.4% (*See* Declaration of Kevin T. Barnes in Support of Preliminary Approval Motion, ¶¶6-12) - and all class members will be paid without having to submit a claim form and no reversion will go to Defendant, all work of Class Counsel.

## A.    CLASS COUNSEL'S FEE AWARD IS PROPERLY CALCULATED AS A PERCENTAGE OF THE TOTAL COMMON FUND CREATED FOR THE CLASS

Class Counsel seeks a fee award calculated as a percentage of the total value of settlement, for the successful prosecution and resolution of this action. California state and federal courts have recognized that an appropriate method for determining award of attorneys' fees is based on a percentage of the total value of benefits to Class Members by the settlement. Serrano v. Priest (1977) 20 Cal.3d 25, 34; Boeing Co. v. Van Gemert (1980) 444 U.S. 472, 478; Vincent v. Hughes Air West, Inc., 557 F.2d 759, 769 (9th Cir. 1977). The purpose of this equitable doctrine is to avoid unjust enrichment of counsel and to "spread litigation costs proportionally among all the beneficiaries so that the active beneficiary does not bear the entire burden alone." Vincent, *supra*, at 769.

### 1.    The Common Fund Doctrine

The Common Fund Doctrine is predicated on the principle of preventing unjust enrichment. When a litigant's efforts create or preserve a fund from which others derive benefits, he may require the passive beneficiaries to compensate those who created the fund. Both California state and federal courts have embraced this doctrine. Serrano, *supra*, at 35; Vincent, *supra*, at 769.

Wegner, Fairbank, and Epstein, *California Practice Guide: Civil Trials and Evidence* (Rutter) at 17:172.3 succinctly explains the common fund doctrine as follows:

> Where the lawsuit results in the recovery of a fund or property benefiting others as well as Plaintiff (e.g., a class action), the court has inherent

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

equitable power to order Plaintiffs' attorney fees paid out of the common
fund or property. <u>Serrano</u>, *supra* at 35.

Such 'fee spreading' assures that all those benefited by the litigation pay
their fair share of obtaining the recovery. *See* <u>Lealao v. Beneficial Calif.,
Inc.</u> (2000) 82 Cal.App.4th 19, 26.

The common fund theory comes from equity. The purpose of this doctrine is to avoid

unjust enrichment and to "spread litigation costs proportionately among all the beneficiaries so that

the active beneficiary does not bear the entire burden alone . . . ." <u>Vincent v. Hughes Air West,

Inc.</u>, *supra*, at 769. "Percentage fees have traditionally been allowed in such common fund cases."

<u>Lealao</u>, *supra,* at 27.

The common fund approach appears to be the preferred method of awarding fees. Since

<u>Serrano</u>, there has been a "ground swell of support for mandating the percentage-of-the-fund

approach in common fund cases." <u>Lealao</u>, *supra,* at 27. <u>Lealao</u> discusses at length the judicial

perception of the lodestar method as unfair and arbitrary for fostering collusively low settlements

for a high fee award and for placing the trial court in the unfavorable position of determining

reasonable hours and billing rates. (*Id.* at 29-30.) According to <u>Lealao</u>, these sentiments are

"widely shared" and have stimulated a greater judicial willingness to award fees as a percentage-

of-the-fund. <u>Id</u>. at 30. As a result, the Ninth Circuit now prefers the percentage-of-the-fund

approach in common fund cases. <u>Id</u>. at 31.

Here, a common fund has been created and that the requisites supporting payment of fees

by the beneficiaries of that fund are satisfied. In <u>Paul, Johnson, Alston & Hunt v. Gaulty</u>, 886 F.2d

268 (9th Cir. 1989), the Ninth Circuit embraced the common fund principle when it stated:

Since the Supreme Court's 1885 decision in <u>Central Railroad & Banking
Co. of Ga. V. Pettus</u>, 113 U.S. 116, 5 S.Ct. 387, 28 L.Ed. 915 (1885), it is
well settled that the lawyer who creates a common fund is allowed an extra
reward, beyond that which he has arranged with his client, so that he might
share the wealth of those upon whom he has conferred a benefit. The
amount of such a reward is that which is deemed 'reasonable' under the
circumstance. (<u>Id</u>. at 271, citations omitted.)

The common fund exception is grounded in the historic power of equity to
permit the trustee of a fund or property (or a party preserving or recovering
a fund for the benefit of others, as well as himself) to cover costs, including
attorney's fees. Those costs and fees are paid out of the fund or property
itself, or directly from the other parties enjoying the benefit. R. Pearle,
<u>California Attorney Fee Awards</u> (CEB 1993) at §7.4, p. 7-5.

Kevin T. Barnes
5670 Wilshire
Blvd. Suite 1460
Los Angeles, CA
90036-5614
Tel.:(323) 549-9100
Fax:(323) 549-0101

- 9 -

**MEMORANDUM OF POINTS AND AUTHORTIES IN SUPPORT OF PLAINTIFF'S
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

For Class Counsel, the fees here were wholly contingent in nature and the case presented far more risk that the usual contingent fee case. There was the prospect of the enormous cost inherent in class action litigation, as well as a long battle with a large corporate Defendant who had retained a premier defense firm. That prospect has previously become reality, in both trial courts and the Court of Appeals in other wage and hour Class litigation. Class Counsel risked not only a great deal of time, but also a great deal of expense to ensure the successful litigation of this action on behalf of all Class Members.

## 2.   Evolution of the Percentage Method

Ever since the Common Fund Doctrine found its genesis in the late-nineteenth century, Courts have awarded fees on a percentage basis in common fund cases. In arriving at a reasonable percentage fee award, Courts considered a variety of factors but focused on the particular circumstances of the case in fixing a percentage of the common fund created. During the late 1960's and early 1970's there was a temporary turn toward the "lodestar" method, but the trend soon reverted to the percentage method. As time passed and Courts were forced to wade through voluminous and often indecipherable time records, it became evident that utilization of the lodestar method had reached a point of diminishing returns. As the Court observed in In re Activision Securities Litigation, 723 F.Supp. 1373, 1375 (9th Cir. 1989):

> The question this court is compelled to ask is, 'Is this process necessary?' Under a cost-benefit analysis, the answer would be a resounding, 'No!' Not only do the Lindy, Kerr and Johnson analyses consume an undue amount of court time with little resulting advantage to anyone, but, in fact, it may be to the detriment of the Class Members. They are forced to wait until the court has done a thorough, conscientious analysis of the attorneys' fee petition. Or, Class Members may suffer a further diminution of their fund when a special master is retained and paid from the fund. Most important, however, is the effect the process has on the litigation and the timing of settlement. Where attorneys must depend on a lodestar approach, there is little incentive to arrive at an early settlement.

Since Blum v. Stenson (1984) 465 U.S. 886, where the Supreme Court approved a 'percentage of fund' as being an appropriate fee award, Courts have increasingly rejected the lodestar approach. This trend recognizes that compensating Class Counsel in Class litigation on a percentage basis (common fund) makes sense because 1) it is consistent with the private marketplace where contingent fee attorneys are customarily compensated on such a basis; 2) it

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

aligns the interests of Class Counsel and absent Class Members in achieving the maximum possible resolution of the case; and 3) it augers for the most efficient and expeditious resolution of the litigation by providing an incentive for early, yet reasonable, settlement. Class Counsel respectfully submit that an award should be made here on a percentage basis.

**B.      THE ATTORNEYS' FEES REQUESTED BY CLASS COUNSEL ARE WELL WITHIN THE RANGE OF FEES IN COMPARABLE CASES**

> No general rule can be articulated on what is a reasonable percentage of a common fund. Usually 50% of the fund is the upper limit on a reasonable fee award from a common fund in order to assure that the fees do not consume a disproportionate part of the recovery obtained for the Class, although somewhat larger percentages are not unprecedented. <u>Newberg on Class Actions</u>, 3rd Ed., 1992, §14.03.

With regard to percentage fee awards, Newberg states:

> [A]chievement of a substantial recovery with modest hours expended should not be penalized but should be rewarded for considerations of time saved by superior services performed. <u>Id</u>. at §14.01, p. 14-10:14-11.

Attorney fee applications in California class actions based upon a percentage of a common fund as a "benchmark" now enjoys substantial support by the Ninth Circuit Court of Appeals, as well as various state courts. *See* <u>Paul, Johnson</u>, *supra*, 886 F.2d 268, <u>Washington Public Power Supply Secur. Lit. v. City of Seattle</u>, 19 F.2d 1291 (9th Cir. 1994). California state courts have also approved use of a percentage of the fund to calculate reasonable attorney fee awards. <u>Dunk v. Ford Motor Company</u>, *supra*, at 1808 [the percentage method calculates attorney fees as a reasonable percentage of the common fund and may be used where the amount of the settlement is a certain or easily calculable sum of money].) Plaintiffs' Counsel has represented the Class Members in this matter and has borne the entire risk and costs of litigation for over 3 years – all on a pure contingency basis (See Decl's of Kevin T. Barnes, James D. Pinney and Jose R. Mata).

The legal issues raised in this case were novel and difficult due to the dearth of California authority regarding California the standards for meal breaks ,waivers and other issues in this case. Discovery in the case was voluminous. The complexity of this matter was further complicated by the fact that many Class Members are current employees of Defendant, who have been reluctant to participate in Plaintiff's investigation due to perceived fear of retribution by the employer.

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 11 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

1   Further, this was a complex matter involving unique legal and factual issues and the

2   circumstances of this case warrant approval of Plaintiffs' request for attorneys' fees in the amount

3   of 30% of the total settlement value, or $1,050,000. There are numerous cases where the

4   attorneys' fees were in excess of the requested amount by Plaintiffs' Counsel herein.[1]

5   **C.       THE RISKS OF LITIGATION**

6          It is recognized that one of the primary factors justifying an enhanced attorneys' fees

7   reward is the attendant risks inherent in the litigation. As observed in <u>City of Detroit v. Grinnell</u>

8   <u>Corporation</u>, 495 F.2d 448, 470 (2d Cir. 1974):

9                  No one expects a lawyer whose compensation is contingent upon his
                   success to charge, when successful, as little as he would charge a client who
10                 had agreed to pay for his services, regardless of success. Nor, particularly in
                   complicated cases producing large recoveries, is it just to make a fee
11                 depend solely on the reasonable amount of time expended.

12         The need to fairly compensate firms who undertake unique and risky litigation was also

13  noted in <u>Muehler v. Land O'Lakes, Inc.</u>, 617 F.Supp. 1370, 1375-76 (D. Minn. 1985) where, in

14  justifying the award of less fees representing 35% of the recovery fund, the Court observed:

15                 If the Plaintiffs' bar is not adequately compensated for its risk,
                   responsibility, and effort when it is successful, then effective representation
16                 for Plaintiffs in these cases will disappear…

17         Despite the complexity of the case, Class Counsel have, through the investment of

18  substantial effort, and the resources of two (2) plaintiff law firms, been able to secure an

19  outstanding settlement on behalf of the Class Members. Defendant has vigorously contested

20  liability, the amount of claimed damages, and the propriety of Class certificate in contested

21  litigation. Plaintiffs faced substantial opposition in obtaining Class certification and would have

22  faced more in establishing Defendant's liability and damages. It is this kind of situation, involving

23  complex issues, that has been recognized as deserving of a substantial attorneys' fee award. <u>City of</u>

24  <u>Detroit</u>, *supra*, 495 F.2d at 471.

25

26  1 A small sampling is as follows: 1) <u>Abzug v. Kerkorian</u>, CA-000981 (LASC, Nov. 1990), the Honorable R.
       William Schoettler awarded a **45%** fee on a $35 million securities class action settlement; 2) <u>Haitz v. Meyer, et</u>
27     <u>al.</u>, No. 512968-3 (Alameda County Superior Court, August 20, 1990), the court awarded a **40%** fee of a $2.67
       million settlement; 3) <u>Steiner v. Whittaker Corp.</u>, CA000817 (LASC, March 23, 1989), Judge Eli Chernow
28     awarded a fee of **35%** of a $17.75 million recovery in a securities class action; 4) <u>Hess v. Dayton Hudson, et. al.</u>
       No. 777130 (OCSC, 2000), Judge William F. McDonald awarded a **33.33%** fee of a $7 million settlement.

KEVIN T. BARNES
5670 WILSHIRE
BLVD, SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

## IX.

## AN AWARD OF ATTORNEYS' FEES AS

## REQUESTED IS APPROPRIATE UNDER THE LODESTAR METHOD

Under either the common fund or lodestar theory of awarding fees, the case that should govern the court's decision is Lealao, *supra*, 82 Cal.App.4th 19. Lealao stands for the proposition that court-awarded attorneys' fees should approximate what counsel could get on the free market for the same services. Id. at 50. Specifically, Lealao holds that if the Court sets fees under a lodestar, the multiplier should consider what counsel would have earned on the free market. The free market is determined by the percentage of the common fund, not the lodestar amount. Id. Accordingly, whatever method the Court uses to set fees, the Court should look to what the free market would bear under any circumstances. In other words, no firm would have taken (or did take) this case on a contingent fee for anything else than a percentage of any recovery. Even if the Court awards fees under the lodestar method, the lodestar fees should be adjusted by a multiplier to reflect the percentage of the fund. Lealao at 19 and 50. Typically, in common fund cases, the fee award is generally based upon a percentage of the fund; while attorneys' fees under fee-shifting statues are determined under the lodestar method. Apple Computer, Inc. v. Superior Court (Cagney) (2005) 126 Cal.App.4th 1253, 1270. Nevertheless, "the ultimate goal .... is the award of a 'reasonable' fee to compensate counsel for their efforts, irrespective of the method of calculation." Id.

Here, Class Counsel earned the requested fee, as this case was heavily litigated through class Certification. Numerous issues were the subject of a motion and virtually everything but a trial on the merits occurred in this case. A total of at least 2,647.7 hours will have been expended by the firms which represented the Plaintiffs in this case. The issue in this motion is not why the court should award a fee to commensurate with 30% of the fund, but why the court should not award such a fee. The settlement comes after productive litigation, all the while when the viability of wage and hour class action continues to be reviewed by the state Supreme Court. These facts, as well as others discussed below, warrant approval of the requested fee.

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 13 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Under the lodestar method, a base fee amount is calculated from a compilation of time reasonably spent on the case and the reasonable hourly compensation of the attorney. The base amount is then adjusted in light of various factors. <u>Serrano</u>, *supra*, 20 Cal.3d at 48.

To summarize Plaintiffs' lodestar request, Plaintiffs' counsel's time summaries show that they worked at least 2,647.7 hours on this case. The following attorneys worked on the case and their hourly rate is indicated in the column below:

| Attorney Name | Attorney Hours | Attorney Rate |
|---|---|---|
| Kevin T. Barnes | 451.7 | $650 |
| Gregg Lander | 59.1 | $550 |
| James D. Pinney | 84.4 | $495 |
| A.E. Bud Bailey | 3.20 | $495 |
| Jose R. Mata | 773.60 | $480 |
| Susan Seemiller | 275.60 | $480 |
| Bonnie Mac Farlane | 166.80 | $400 |
| Katie Maynard | 235.40 | $350 |
| Angela L. Laidlaw | 193.00 | $350 |
| Shelby Clark | 57.40 | $325 |
| Lisa Sloman | 12.00 | $300 |
| Mikki Kelly | 34.50 | $300 |
| Jacqueline Koch | 32.60 | $390 |
| David A. Schuck | 10.10 | $360 |
| Karen Moore | 33.80 | $280 |
| Chey K. Powelson | 1.00 | $280 |
| Peter J. Jeffers | 11.00 | $185 |

Based upon the hours expended by all Plaintiffs' counsel, Plaintiffs' counsels' total collective lodestar will be $ 2,647.7 as I expect to spend another 100 additional hours on the case to prepare a Supplemental Declaration in Support of Final Approval Motion due August 19, 2010 pursuant to the courts order and travel/attend the final Approval hearing as well as oversee the claims distribution to occur over the next 90 days, calling class members, responding to class member

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

inquiries, dealing with class members whose have workweek issues/disputes, overseeing the timely distribution, dealing with and resolving issues concerning the claims administration and distribution of settlement shares and miscellaneous issues that generally arise after the final approval hearing. (See Declarations of Kevin T. Barnes, James D. Pinney and Jose R. Mata).  The attorneys have agreed, subject to court approval, of a fee split of 66.67% to Law Offices of Kevin T. Barnes and 33.33% to Bailey Pinney PC. Bailey Pinney PC has a total lodestar of $842,434.50 and this fee split would result in them receiving $350,000, or 41.5% of their lodestar.

## A.   COUNSELS' HOURLY RATE

Plaintiffs' counsels' hourly rate is set forth in the chart above. A reasonable hourly rate is the prevailing rate charged by attorneys of similar skill and experience in the relevant community. PLCM Group, Inc. v. Drexler (2000) 22 Cal.4th 1084, 1095. The court may consider other factors when determining a reasonable hourly rate, *e.g.*, the attorney's skill and experience, the nature of the work performed, the relevant area of expertise and the attorney's customary billing rates. Flannery v. California Highway Patrol (1998) 61 Cal.App.4th 629, 632. One difficulty in determining the hourly rate of attorneys of similar skill and experience in the relevant community is the scarcity of hourly fee paying clients in class action litigation. As a practical matter, few if any consumers pay attorneys' fees on an hourly basis for such extensive litigation, and thus retainer agreements in such cases are based on a contingency fee relationship. Although there is no customary billing rate, the nature of class action work should be strongly considered by the court. See Declaration of Kevin T. Barnes. Courts have upheld rates as high as $450[2] per hour (in 1993) in employment matters. Bihun v. AT&T Information Systems, Inc. (1993) 13 Cal.App.4th 976, *overruled on other grounds.*

A 2002 survey conducted by The National Law Journal provides a sample of billing rates for California lawyers. There, six California firms provided hourly billing rates. Of those, five regularly charge in excess of $500.00 per hour for their partners. In fact, four of the firms charge as high as $600.00, $620.00, $650.00, and up to $850.00 per hour. These firms are located in Orange County, Los

---

[2] Adjusted for inflation, $450 in 1993 equals $571.45 in 2003.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

Angeles County, San Francisco County and San Diego County (See the 2002 National Law Journal Survey attached as Exhibit 3 to Declaration of Kevin T. Barnes). These are the types of firms that Plaintiffs' counsel regularly opposes in these class action cases. The only difference is that these defense attorneys are paid on a monthly basis and do not have to advance any costs on a case.

A survey conducted by The National Law Journal for the year 2006 provides a sample of a billing rate for California lawyers. In that survey, thirteen (13) California firms provided their hourly billing rates. Of those thirteen (13) firms, nine (9) regularly charge in excess of $600.00 per hour for their partners. In fact, nine (9) of the firms charged as high as $605.00, $625.00, $650.00, $725, $750, $795, and $825.00 per hour. These firms are located in Orange County, Los Angeles County, San Francisco County and San Diego County (See 2006 National Law Journal Survey attached as Exhibit 4 to Declaration of Kevin T. Barnes).

Furthermore, in 2007, the National Law Journal ("NLJ") conducted another survey in which eight (8) California law firms have provided their Partner Billing Rate High and such rate averages $711.87 per hour (See the 2007 NLJ Survey attached as Exhibit 5 to Declaration of Kevin T. Barnes). This billing survey confirms that partners at quality large law firms regularly charge more per hour than the amount the plaintiffs seek in the case at bar. The firms listed on the NLJ survey are the same firms or similar firms to those that Plaintiffs' counsel regularly opposes in these class action cases. A major difference between the National Law Journal defense firms and plaintiffs' firms is that these defense attorneys incur no risk because they are paid on a monthly basis and earn interest on outstanding balances. This is a critical point because it highlights both a fundamental truth that workers are not remotely on an equal footing with employers like U.S. Bank in protecting their interests and rights. Further, these defense firms usually do not have to advance costs on a case for a protracted period. To the contrary, plaintiffs' counsel is only paid if they win and must advance all costs until the case is resolved. Likewise, plaintiff's counsel who handled an individual employment case that was amended $800.00 an hour in the case of <u>Clifford v. American Drug Stores, Inc</u> (not officially published) (See the <u>Clifford</u> case attached as Exhibit 6 to Declaration of Kevin T. Barnes).

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 16 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

1    All of counsels' skill and experience justify the requested rates. Many of the Plaintiffs' firms in

2    this case are very expensive, experienced in wage and hour class action litigation and brought

3    enormous benefit to this case. Collectively, the Plaintiffs' firms in this case were a formidable force for

4    U.S. Bank and their extremely competent sets of attorneys (See Declaration of Kevin T. Barnes and

5    James D. Pinney).

6    In sum, Class Counsel are attorneys who command a high rate. They have had success in

7    overtime class actions, are held in high regard by the legal community, and their practice is an unusual

8    niche area. This case was not a "fender-bender" that any lawyer could litigate but rather a highly

9    specialized area of employment and consumer law that requires skilled and experienced attorneys. To

10   obtain such an attorney on the free market, a client must pay appropriate compensation. Therefore,

11   Plaintiffs' Counsels' requested rate is fair and reasonable.

12   **B.    COUNSELS' HOURS SPENT ON THE CASE**

13   The plaintiff firms will spend at least 2,647.7 hours litigating this case and bringing it to

14   fruition. This includes what Counsel collectively expects to expend in administering the settlement

15   including preparation for and attending the final approval hearing (See Declarations of Kevin T.

16   Barnes, James D. Pinney and Jose R. Mata). Thus, counsel requests that the court find that these

17   hours were reasonable expended in this litigation.

18   The courts are quite liberal in the evidence required to prove an attorney's hours. Detailed time

19   records are *not* required. Attorney testimony alone may suffice. "Testimony of an attorney as to the

20   number of hours worked on a particular case is sufficient evidence to support an award of attorney fees,

21   even in the absence of detailed time records." <u>Martino v. Denevi</u> (1986) 182 Cal.App.3d 553, 559.

22   Reasonable hours include, in addition to time spent during litigation, the time spent before the

23   action is filed, including time spent interviewing the clients, investigating the facts and the law, and

24   preparing the initial pleadings. <u>New York Gaslight Club, Inc. v. Carey</u> (1980) 447 U.S. 54, 62. Further,

25   the fee award should include fees incurred to establish and defend the attorneys' fee claim. <u>Serrano</u>,

26   *supra*, 20 Cal.3d at 39.

27   ///

28   ///

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 17 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

1

## X.

## THE COURT SHOULD APPROVE THE
## REQUEST FOR REIMBURSEMENT OF COSTS

The request for reimbursement of costs is fair and reasonable. The Law Offices of Kevin T. Barnes has total costs in the amount of $12,473.49. The Law Offices of Bailey Pinney PChas total costs in the amount of $89,319.85. Therefore, the total litigation costs are $101,793.34. Likewise, RUST Consulting has costs in the amount of $54,560. The costs are all litigation related costs (See Declarations of Kevin T. Barnes, James D. Pinney and Jose R. Mata). The authority for the Court to award this is the parties' settlement agreement. This request should be approved.

## X1.

## THE CLASS REPRESENTATIVE ENHANCEMENT FEES
## ARE REASONABLE AND ARE STANDARD IN CLASS ACTIONS

The named Plaintiffs request an enhancement of $20,000 each. This amount is proper because of the named Plaintiffs' involvement in this litigation for over 3 years.  The Class Representatives also reviewed thousands of pages of documents produced by Defendant through litigation in this case, and in preparation for the formal Mediation before Michael Loeb, Esq. of JAMS. Likewise, the Class Representatives each had their deposition taken which lasted a full day. Furthermore, the Class Representatives personally traveled to and attended the full day Mediation in San Francisco.

The Class Representatives have been involved throughout the litigation and have been instrumental in keeping Plaintiffs' counsel advised of Defendant's policies, issues which affected the Class Members, and have been helpful in all matters regarding this case. The named Plaintiffs have been involved in this settlement process, has advised Class Counsel on circumstances relevant to settlement considerations, and has given his approval to it (See Declaration of Kevin T. Barnes).

Courts have routinely granted approval of settlements containing such enhancements. In League of Martin v. City of Milwaukee, 588 F.Supp. 1004 (E.D. Wis. 1984), the Court held that the proposal settlement properly granted the named Plaintiff individual relief. It is "not uncommon

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 18 -

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
## MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

for Class Members…to receive special treatment in settlement…[The plaintiff]…had been instrumental in prosecuting this lawsuit since the date it was filed." Id at 1024. In Kyriazi v. Western Elec. Co., 527 F.Supp.18 (D.N.J. 1981), a named Plaintiff in a Title VII class action was awarded individual relief of back-pay and interest, reinstatement, punitive damages and counsel fees. Similarly, in Women's Committee for Equal Employment Opportunity v. NBC, 76 F.R.D. 173 (SDNY 1977), the Court approved as fair a settlement that included awards to 16 named Plaintiffs of virtually all the damages they sought.

In Lo Re v. Chase Manhattan Corp., 1979 U.S. Dist. LEXIS 12210, 19 FEP Cas. (BNA) 1366 (SDNY 1979), the Court approved payment of $229,000 out of a $1,579,000 settlement fund to the named Plaintiffs for their individual claims. One of the factors considered by the Court in determining that such payments were fair was the fact that none of the absent Class Members objected to the enhancements. The Court held that this fact showed that the Class Members were not offended by these enhancements. Id. at 17. In the present case, there have also been **no objections** to this settlement so far and one can, therefore, infer that none of the Class Members have any disagreement with such individual enhancements.

Furthermore, Class Counsel have settled other class action where such enhancements were granted. Class Counsel have received approval settlements in many and hour class actions (See Declaration of Kevin T. Barnes). All of these settlements included enhancements for the named Plaintiffs. This practice is not novel and is, in fact, increasingly common in such litigation. There is significant case law supporting such awards.

Here, this litigation has resulted in a valuable benefit to thousands of Class Members who are getting paid form this settlement because of the named Plaintiffs, and the enhancements should be awarded for this commitment and dedication to the litigation. The Plaintiffs are entitled to the requested enhancement for the extensive work performed. They were unwilling to settle the class action until they felt it was in the best interests of the Class. The Plaintiffs always put the interests of the Class before their own interests (See Declaration of Kevin T. Barnes).

Additionally, the Class Representative risked a potential judgment against them if this matter was unsuccessful. Case law holds that a losing party is liable for the prevailing party's costs.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

1  Therefore, the Class Representatives would have been liable for tens to hundreds of thousands of

2  dollars if this case were unsuccessful. Few individuals are willing to take this risk, and these

3  Plaintiffs' were champions on behalf of others' cause with potential monetary risks which were

4  very significant. Finally, there has been **NO objection** to the requested enhancements to date, and

5  defense counsel agrees that the enhancement is fair and reasonable. Accordingly, the

6  enhancements are fair and reasonable.

7  **XII.**

8  **<u>CONCLUSION</u>**

9    Therefore, Plaintiffs respectfully request the Court to grant final approval of the class

10  action settlement, as the settlement provides substantial benefit to the Class Members that is fair,

11  reasonable, and adequate. Likewise, the request for attorneys' fees, costs and Class Representative

12  Enhancements are fair, reasonable and adequate. The standard for final approval has been met.

13  Dated: July 22, 2010     LAW OFFICES OF KEVIN T. BARNES

14

15             By: _____

16               Kevin T. Barnes, Esq.
             Gregg Lander, Esq.

17               Attorneys for Plaintiffs

18

19

20

21

22

23

24

25

26

27

28

KEVIN T. BARNES
5670 WILSHIRE
BLVD. SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 20 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**