IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN ROSS *et al.*, | No. C 07-02951 SI |
| Plaintiffs, | **ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND COSTS** |
| v. | |
| US BANK NATIONAL ASSOCIATION, | |
| Defendant. | |

Currently before the Court is Plaintiffs' Motion for Final Approval of the Class Action Settlement, as well as Plaintiffs' Motion for Award of Attorneys' Fees, Costs and Class Representative Enhancements. The Plaintiff Class, as defined below, and Defendant U.S. Bank National Association ("U.S. Bank" or "Defendant"), have entered into an agreement to settle this class action, subject to the Court's approval. The Settlement Agreement provides for the payment of compensation to each Participating Class Member based on his or her total workweeks in a Class position during the period of April 9, 2003, through May 7, 2010.

**1.    Final Approval of Class Action Settlement**

By Amended Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"), filed May 20, 2010, the Court granted preliminary approval of the Settlement. The Preliminary Approval Order also approved the proposed forms of notice to Class Members and the notice plan. The Court entered the Preliminary Approval Order after review and consideration of all of the pleadings and papers filed in connection therewith, and the oral presentations made by counsel at the May 7, 2010, preliminary approval hearing.

In compliance with the Preliminary Approval Order, notice was sent to all Class Members via first-class mail. Follow-up mailings were performed for returned mail and the notice program was timely completed. *See* Declaration of Jonathan Paul [Exhibit 1 to Docket No. 289-2] and Supplemental Paul Declaration [Exhibit 1 to Docket No. 290].

The Court has read, heard, and considered all the pleadings and documents submitted, and the presentations made in connection with the motions which came on for hearing on September 10, 2010.

This Court finds that the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, and does not improperly grant preferential treatment to any individuals. The Court finds that the settlement was entered into in good faith. The Court further finds that the settlement is fair, reasonable and adequate, and that Plaintiffs have satisfied the standards for final approval of a class action settlement under federal law. No class member has filed an objection to the settlement and only two of the class members have requested to be excluded from the class. *See* Supp. Paul Decl. at ¶ 12.

As such, the Court finds the settlement appropriate for final approval under Fed. R. of Civ. Proc. 23(e).

## 2. Attorneys' Fees and Costs

Plaintiffs' counsel seeks an award of 30% of the settlement fund, $1,050,000.00, as attorneys' fees. Plaintiffs estimate that the total time spent litigating this case, including time overseeing claims administration, will be approximately 2647.7 hours. Plaintiffs' counsel also represents that pursuant to the fee-split agreement between the Law Offices of Kevin T. Barnes and Bailey Pinney PC, that the Law Offices of Kevin T. Barnes will receive 66.67% and Bailey Pinney PC will receive 33.33% of the fees awarded.

The Court notes that in the Ninth Circuit in common fund cases the "benchmark" award is 25 percent of the recovery obtained, with 20-30% as the usual range. *See, e.g.*, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). As the *Vizcaino* court noted, the 25% benchmark rate is a starting point for the analysis, and the selection of the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case, including the result achieved, the

risk involved in the litigation, the skill required and quality of work by counsel, the contingent nature of the fee, awards made in similar cases, and the lodestar crosscheck. *Id.* at 1048-50. These factors are consistent with the approach followed by California courts. *See generally Lealao v. Beneficial California, Inc.*, 82 Cal. App. 4th 19 (2000).

In this case, the Court recognizes that the ultimate result, achieved through a settlement negotiated by the current plaintiffs' counsel, is very good. The Court also recognizes the not-insignificant risk involved in litigating the claims at issue. However, the Court does not find that this case presents factors that would justify an award in excess of the 25% benchmark. The case was not especially complex, after it had been narrowed through motion practice and stipulations. As such, and considering all of the relevant factors, the Court finds that an award of 25% of the settlement agreement ($875,000.00) is an appropriate award of attorneys' fees in this case.

Plaintiffs' counsel also seeks an award of costs of $101,793.34 The Court finds that the costs award requested is reasonable and supported by the record. *See* Declaration of Kevin T. Barnes, Ex. 2 & Declaration of James D. Pinney, Ex. 1.

### 3. Claims Administrator Award

Plaintiffs request an award of $54,960.00 to Rust Consulting, Inc. for the costs of sending notice and administering the notice and claims process. The Court finds that this amount is reasonable and well-substantiated by the Declarations of Jonathan Paul from Rust Consulting.

### 4. Class Representative Enhancement Awards

Plaintiffs request a class representative enhancement award of $20,000.00 for each of the four class representatives, Ann Ross, Maurita Prasad, Tamara Burkhart and Nanette Housken. Having considered the declarations submitted by the class representatives – which attest to the contributions made by the class representatives in this litigation, and their willingness to serve as representatives despite the potential stigma that might attach to them in the banking industry from taking on those roles – the Court finds that these payments are warranted. Each of the class representatives made substantial contributions to the case, including reviewing document productions, having their depositions taken,

1 and traveling to San Francisco to attend and actively participate in the mediation that led to the
2 settlement of this case. The Court also appreciates that three of the class representatives attended the
3 final approval hearing in order to answer any questions the Court may have had about their contributions
4 to the case.

6      Based on the foregoing, IT IS HEREBY ORDERED THAT:

7      1.     This Court has jurisdiction over the claims of the Participating Class Members asserted
8 in this action and over all parties to the action.

9      2.     For the reasons set forth in the Preliminary Approval Order and in the transcript of the
10 proceedings of the May 7, 2010, hearing, which are adopted and incorporated herein by reference, this
11 Court finds that the applicable requirements of Federal Rule of Civil Procedure 23 have been satisfied
12 with respect to the Participating Class Members and the proposed settlement. The Court hereby makes
13 final its earlier provisional certification of the Plaintiff Class, as set forth in the Preliminary Approval
14 Order.

15      3.     The definition of the Class is as follows: "Any and all non-exempt employees of U.S.
16 Bank who worked at a U.S. Bank California in-store branch from April 9, 2003, through May 7, 2010."
17 The definition of a Participating Class Member is as follows: "A member of the Class who did not
18 properly and timely execute a Request for Exclusion."

19      4.     The notice given to the Class Members fully and accurately informed the Class Members
20 of all material elements of the proposed settlement and of their opportunity to exclude themselves from
21 the settlement or object thereto; was the best notice practicable under the circumstances; was valid, due
22 and sufficient notice to all Class Members; and complied fully with the laws of the State of California,
23 Federal Rules of Civil Procedure, the United States Constitution, due process and other applicable law.
24 The summary notices fairly and adequately described the settlement and provided Class Members
25 adequate instructions and a variety of means to obtain additional information. A full opportunity has
26 been afforded to the Participating Class Members to participate in this hearing, and all Participating
27 Class Members and other persons wishing to be heard have been heard. Accordingly, the Court
28 determines that all Class Members who did not timely and properly execute a Request for Exclusion are

4

bound by this judgment and order.

5.  Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby grants final approval to the settlement and finds that it is fair, reasonable and adequate, and in the best interests of the Participating Class as a whole. Accordingly, the Court hereby directs that the settlement be effected in accordance with the Settlement Agreement and the following terms and conditions.

6.  With this final approval of the proposed settlement, it is hereby ordered that, as to all Participating Class Members, any and all federal, state, and local law claims against U.S. Bank from April 9, 2003, through the date the Court signs this Order, relating to: payment of wages; payment of overtime wages; payment of minimum wages; provision of meal and rest periods; payment of wages in a timely manner; reconciliation from wages resulting from the Bank's "pay current" practice; itemized wages statements; failure to timely pay all wages due at the time of termination; breach of contract, conversion, and unfair business practices related to the wage and hour claims; liquidated damages under the Fair Labor Standards Act; penalties under the California Labor Code, including PAGA penalties and waiting time penalties; and claims for costs, interest and attorneys' fees relating to any of these claims, are hereby released.

7.  A Class Representative enhancement of $20,000.00 for each of the Class Representative Plaintiffs Ann Ross, Maurita Prasad, Tamara Burkhart and Nanette Housken is found to be fair and reasonable, and it is hereby ordered that such payments be made from the Total Settlement Payment as set forth in the Settlement Agreement.

8.  For the reasons set forth above, the Court will award $875,000.00 in attorneys' fees and $101,793.34 in costs of litigation, which amounts will be paid out of the Total Settlement Payment as set forth in the Settlement Agreement.

9.  The Court approves the claims administration fee of Rust Consulting of $54,960.00.

10. Without affecting the finality of this matter, this Court will retain exclusive and continuing jurisdiction over this action and the parties, including all Participating Class Members, for purposes of supervising, administering, implementing, and enforcing, and interpreting the settlement, and the claims process thereunder.

11. The Court will sign the Judgment of Dismissal attached as Exhibit 1.

**IT IS SO ORDERED.**

Dated: September 29, 2010

SUSAN ILLSTON
United States District Judge